# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| In the Matter of the  )<br>Federal Bureau of Prisons' Execution  )<br>Protocol Cases,  )<br>  )<br>LEAD CASE: *Roane et al. v. Barr*  )<br>  )<br>  )<br>THIS DOCUMENT RELATES TO:  )<br>  )<br>*Lee v. Barr*, 19-cv-2559  )<br>  )<br>  ) | Case No. 19-mc-0145 (TSC) |

## PLAINTIFF LEE'S MOTION TO ALLOW SUPPLEMENTAL BRIEFING IN SUPPORT OF THE PI MOTION AND EXTEND THE PAGE LIMIT FOR LEE'S REPLY BRIEF, AND POINTS AND AUTHORITIES IN SUPPORT[1]

Plaintiff Daniel Lewis Lee ("Lee") hereby moves for an order (a) allowing Lee to submit supplemental briefing to the Court on or before November 22, 2019 in support of his pending preliminary injunction motion (the "PI Motion") based on information from the November 15, 2019 deposition of a representative of the Federal Bureau of Prisons (the "BOP"); and (b) permitting Lee to file a reply brief (which is due on November 1, 2019) of 30 pages, *i.e.*, five pages in excess of the 25-page limit set forth in Local Civil Rule 7(c).

In support of this motion, Lee relies upon the points and authorities set forth below and the accompanying Declaration of Pieter Van Tol dated October 24, 2019 (the "Van Tol Declaration"). A proposed order is also attached.

---

[1] This motion will refer to the consolidated case, 19-mc-0145-TSC, as the "Consolidated Action" and *Lee v. Barr et al.*, 19-cv-02559-TSC as the "*Lee* Action."

1

Pursuant to Local Civil Rule 7(m), the undersigned has conferred with counsel for the Defendants on the relief sought in this motion. Although they have consented to Lee's request for an additional five pages for his reply, the Defendants have indicated that they are not willing to agree at this time that Lee may make a supplemental filing after the deposition of the BOP representative (the "BOP Deposition"). Instead, they proposed that Lee wait until after the BOP Deposition to seek leave from the Court for a supplemental filing.

In light of his impending execution date, Lee does not feel that he can wait. Thus, Lee seeks the requested relief now from the Court, with relevant background provided below.

## **POINTS AND AUTHORITIES**

### **Facts**

### **I.   Procedural Background**

On July 25, 2019, the U.S. Department of Justice (the "DOJ") announced the creation of a new lethal injection protocol (the "2019 Protocol") and on the same day scheduled the executions of five death row prisoners. Lee's is the first execution date, scheduled for December 9, 2019. The execution date for Plaintiff Alfred Bourgeois ("Bourgeois") is January 13, 2020.

On August 15, 2019, the Court held a conference (the "August 15 Conference") in the cases where the then-existing Plaintiffs had filed complaints challenging the previous lethal injection protocol. At the August 15 Conference, the Court and the parties addressed issues regarding the amendment of pleadings, preliminary injunction motions and discovery relating to both. The Court specifically inquired about a stay for Bourgeois and noted the need for an expedited discovery schedule because the Defendants would not agree to such a stay:

> THE COURT: All right. Regarding next steps, before hearing from the parties regarding the direction it needs from the Court, I may ask you, Ms. Clark, are defendants willing to stay Mr. Bourgeois's execution pending resolution of this case, or do the parties anticipate needing an expedited schedule?
>
> MS. CLARK: Your Honor, we do not intend to stay Mr. Bourgeois's execution date.
>
> THE COURT: So we're going to need an expedited schedule. ….

(Van Tol Decl., Ex. 1, 6:2-10.) Thus, the Court expressly ordered expedited discovery because of the impending Bourgeois execution date. Lee was not represented at the August 15 Conference (since he had not yet commenced the *Lee* Action), but he is in a similar situation to Bourgeois, except that Lee's execution date is more than one month sooner. Like Bourgeois, Lee should also have access to the expedited discovery ordered by the Court.

At the August 15 Conference, the Court also asked whether Bourgeois intended to file a motion for a preliminary injunction (the "Bourgeois PI Motion"), and counsel for Bourgeois confirmed that he would be doing so very shortly. (*See id.*, 18:15-21, 20:14-21:5.) The Defendants did not contend that the discovery ordered by the Court could not be used to support the forthcoming Bourgeois PI Motion. Following the August 15 Conference, the Court issued an order (the "August 15 Order") allowing the (at the time, ten) Plaintiffs to take Rule 30(b)(6) depositions regarding the 2019 Protocol and to amend their complaints by March 31, 2020.

On August 23, 2019, Lee filed a complaint (the "Complaint") challenging the 2019 Protocol on various grounds and based on the information that was then available. After the Complaint was served (by early September 2019), counsel for the Defendants asked that the due date for their response be extended from November 11, 2019 to April 2020. Lee's counsel stated

that Lee would agree to such an extension so long as the Defendants agreed to move Lee's execution date to after April 2020. (Van Tol Decl., Ex. 2.) The Defendants declined. (*Id.*)

On August 29, 2019, the Court consolidated the *Lee* action with the ten other cases that had been consolidated previously. (*Lee* Action, Dkt. #10.) On August 30, 2019, pursuant to the August 15 Order, the Defendants filed the index for the Administrative Record (Consol. Action, Dkt. #4), and provided a copy of the Administrative Record to the Plaintiffs. Thus, Lee did not have the Administrative Record available to him at the time the Complaint was filed. Moreover, the Administrative Record raises far more questions than it provides answers. At the BOP Deposition, Lee, along with the other Plaintiffs, will ask the BOP representative questions regarding the contents of the Administrative Record and the 2019 Protocol (as the Court contemplated in the August 15 Order).

On September 27, 2019, Lee filed the PI Motion seeking to enjoin the Defendants from implementing the 2019 Protocol, and he relied on the same grounds that are set forth in the Complaint. The parties thereafter agreed to a briefing schedule for the PI Motion, which the Court ordered. (Consol. Action, Dkt. #14.) The Defendants filed their opposition to the PI Motion on October 18, 2019, and Lee's reply is due on November 1, 2019.

## II.     Discussions Among the Parties Regarding Discovery

On September 25, 2019, before Lee filed the PI Motion, counsel for Plaintiff James Roane informed counsel for the Defendants that the Plaintiffs were interested in taking the Rule 30(b)(6) deposition of a BOP representative within the next few weeks. (*See* Van Tol Decl., Ex. 3.) Counsel for the Defendants responded on October 1, 2019, and stated that:

> [W]e are more than amenable to discussing the topics and schedule for the 30(b)(6) witnesses regarding the lethal injection protocol. We are hoping that your clients would be willing to take

>  all four of the defendants' depositions in a single week. And it
>  would be great if <u>we could start discussing the week in January or
>  February that would work for all the parties involved</u>.

(*See id.* (emphasis added).)  Thus, counsel for the Defendants originally took the position that the Rule 30(b)(6) depositions should not begin until January 2020, at the earliest, which (as the Defendants are well aware) is <u>after</u> Lee's scheduled execution date.

Because it was clear following this e-mail exchange that the Defendants were seeking to delay the commencement of discovery, the Plaintiffs served a Rule 30(b)(6) notice on October 7, 2019 for the BOP Deposition. (*See* Van Tol Decl., Ex. 4, 10/7/19 e-mail, 17-18.) The topics in the notice relate to the 2019 Protocol (including how it came into being), and they directly arise out of the issues raised in the Complaint, the PI Motion, and the other Plaintiffs' complaints.[2] In the cover e-mail, counsel for Lee stated that the October 14, 2019 date listed in the notice was a place holder only and that the parties would cooperate with the BOP to set a deposition date that was before October 28. (*Id.*) The Plaintiffs sought to take the BOP Deposition <u>before</u> the November 1, 2019 deadline for Lee's reply brief on the PI Motion so that Lee could submit information from that deposition to the Court.

However, the Defendants, without explanation, refused to make the BOP witness available before the week of November 4, 2019, which they subsequently changed to the week of November 11, 2019. (*See id.*, 10/11/19 e-mail at 9:26 a.m., 14-15; 10/11/19 e-mail at 8:06 p.m., 13-14) The earliest date that the Defendants provided was November 15, 2019. (*See id.*)

---

[2] The parties are currently discussing the details of the topics in the Rule 30(b)(6) notice and attempting to work through their disagreements. This motion does not relate to those disputes because they are still under discussion.

5

In the discussions regarding the BOP Deposition, the Defendants also tried to limit the scope of the Plaintiffs' questioning. For example, in an October 11, 2019 e-mail, counsel for the Defendants stated that the discovery ordered by the Court in the August 15 Order was limited to the identification of an alternative means of execution. (*See id.*) Such a limitation is not found anywhere in the August 15 Order or the transcript of the August 15 Conference.

The Plaintiffs pushed back against the Defendants' position, but the Defendants continued to try to narrow the scope of inquiry at the BOP Deposition. In an October 18, 2019 e-mail, the Defendants' counsel asserted that: "[W]e will make BOP's 30(b)(6) witness available on November 15 for the purposes of the limited pre-amendment discovery, but Plaintiffs are not entitled to merits discovery nor are Mr. Lee or Mr. Bourgeois entitled to any discovery related to their motions for a preliminary injunction." (*Id.*, 10/18/19 e-mail, 4.)[3] After continued objections by the Plaintiffs, the Defendants recently relented on this untenable and illogical position. They finally agreed that, in connection with the PI Motion, Lee "can make whatever incidental use of the pre-amendment discovery as appropriate under the Federal Rules of Civil Procedure." (*Id.*, 10/23/19 e-mail at 5:05 p.m., 2.)

The Defendants, however, would not agree that Lee may submit supplemental briefing by November 22, 2019, contending that "it is premature for us to consent to a supplemental filing regarding information to be learned during the deposition, when the deposition has yet to occur." (*Id.*, 10/23/19 e-mail at 8:17 p.m., 1.) Instead, the Defendants proposed the following: "[I]f

---

[3] In the same e-mail, counsel for the Defendants further stated: "As Mr. Lee's complaint demonstrates, the administrative record we have provided Plaintiffs is more than sufficient for the purpose of amending the remaining Complaints." (*Id.*) The Defendants have the chronology wrong. Lee filed the Complaint a week <u>before</u> the Defendants provided the Administrative Record, so it does not reflect any of the contents of the Administrative Record. Nor does Lee agree that the material in the Administrative Record is adequate for these purposes.

\\NY - 049989/000001 - 9933942 v4

following the deposition you still want to make a supplemental filing, and assuming the Court has not yet ruled on your preliminary injunction motion, we can discuss an expedited briefing schedule that would allow you to make the filing, the government an opportunity to respond, and the court sufficient time to rule." (*Id.*)  As discussed below, particularly given the Defendants' other scheduling intentions, the Defendants' proposal to wait until after November 15, 2019 to approach the Court on the issue of supplemental submissions is, in light of his December 9 execution date, of concern to Lee. That is why he has filed this motion now.[4]

### Argument

### I. The Court Should Enter an Order Now Allowing Lee to File Supplemental Papers After the BOP Deposition

It appears to be undisputed that Lee may make use of the BOP Deposition to support the PI Motion, and the Defendants have not stated that they oppose the idea of supplemental submissions after the BOP Deposition.  The sole dispute is whether the Court should enter an order regarding the supplemental submission now or later.

There is no reason for the Court to wait until after the BOP Deposition to allow Lee to make such a submission.  The parties agree that the information obtained at the BOP Deposition is relevant to the PI Motion, and it will likely assist the Court in making the findings and conclusions in determining the motion.  Also, the Defendants have acknowledged that, in the absence of such an order, the Court could decide the PI Motion before the BOP Deposition. Given the clear relevance of the BOP Deposition and in order to allow the Court to consider

---

[4]   The Defendants have suggested the establishment of a "briefing schedule" in which Lee would make a supplemental briefing and the Defendants would then respond. (*Id.*)  Lee is concerned that such sequenced briefing would not leave adequate time for the Court to decide the PI Motion prior to Lee's execution date of December 9.  If the Defendants would like to make a supplemental filing, it also should be due on or before November 22, 2019.

7

information from that deposition, Lee respectfully requests that the Court enter an order on the supplemental briefing now rather than waiting for a request by Lee after the BOP Deposition.

## II. The Court Should Allow Lee to File a Reply Brief of No More Than 30 Pages

Lee also seeks a short, but necessary, extension of the 25-page limit for his reply brief on the PI Motion. Although Lee's original brief was double-spaced and 31 pages long (14 pages shorter than the 45 pages permitted under the Local Rules), the Defendants submitted a 45-page brief that is not double-spaced and would be far longer if the Defendants had followed the convention of double-spacing the text. The Defendants do not oppose Lee's request for an additional five pages of briefing. In order to address the Defendants' lengthy brief and given the importance of the issues presented by the PI Motion, Lee respectfully requests that the Court allow him to submit a reply on November 1, 2019 that is no longer than 30 pages.

## Conclusion

The scheduling of Lee's execution was set by the DOJ, which has the power to change it. The timing of the new protocol announcement was also the DOJ's decision. The Defendants, however, should not be permitted to use those unilateral timing decisions to deprive Lee of an opportunity to take discovery and support the PI Motion. Lee made a reasonable request to the Defendants to allow him to submit supplemental briefing after the BOP Depositions, which the Defendants agree will result in the discovery of relevant information. The Defendants refused, and their excuse that Lee's request is "premature" is illogical and unsupported by the facts.

Accordingly, Lee respectfully requests that the Court enter an order (a) allowing Lee to file a supplemental brief on or before November 22, 2019 that is based on information obtained in the BOP Deposition; and (b) allowing Lee to file a reply brief on or before November 1, 2019 that is no longer than 30 pages.

Dated: October 24, 2019

Respectfully submitted,

HOGAN LOVELLS US LLP

*/s/      Pieter Van Tol*

Pieter Van Tol (admitted *pro hac vice*)
John D. Beck (admitted *pro hac vice*)
Mallik Yamusah
390 Madison Avenue
New York, NY  10017
(212) 918-3000
(212) 918-3100 (fax)
pieter.vantol@hoganlovells.com
john.beck@hoganlovells.com
mallik.yamusah@hoganlovells.com

and

Elizabeth M. Hagerty (Bar No. 1022774)
David S. Victorson (Bar No. 1027025)
Columbia Square
555 13th Street NW
Washington, DC  20004
(202) 637-5600
(202) 637-5910 (fax)
elizabeth.hagerty@hoganlovells.com
david.victorson@hoganlovells.com

*Attorneys for Plaintiff Daniel Lewis Lee*

## CERTIFICATE OF SERVICE

I hereby certify that, on October 24, 2019, Plaintiff Lee's Motion to Allow Supplemental Briefing in Support of PI Motion and Extend Page Limit for Reply Brief, and Points and Authorities in Support was filed electronically using the Court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties that are registered users. The below parties may access this filing through the Court's CM/ECF System.

**Joshua Christopher Toll**
KING & SPALDING, LLP
(202) 737-8616
Email: jtoll@kslaw.com

**Paul F. Enzinna**
ELLERMAN ENZINNA PLLC
(202) 753-5553
Email: penzinna@ellermanenzinna.com

**Charles Anthony Zdebski**
ECKERT SEAMANS CHERIN & MELLOTT, LLC
(202) 659-6605
Email: czdebski@eckertseamans.com

**Brandon David Almond**
TROUTMAN SANDERS LLP
(202) 274-2864
Email: brandon.almond@troutmansanders.com

**Gerald Wesley King , Jr.**
FEDERAL DEFENDER PROGRAM, INC.
(404) 688-7530
Email: gerald_king@fd.org

**Celeste Bacchi**
OFFICE OF THE PUBLIC DEFENDER
Capital Habeas Unit
(213) 894-1887
Email: celeste_bacchi@fd.org

**Craig Anthony Harbaugh**
FEDERAL PUBLIC DEFENDER, CENTRAL DISTRICT OF CALIFORNIA
(213) 894-7865
Email: craig_harbaugh@fd.org

**Donald P. Salzman**
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
(202) 371-7983
Email: Donald.salzman@skadden.com

**Jonathan Charles Aminoff**
FEDERAL PUBLIC DEFENDER, CENTRAL DISTRICT OF CALIFORNIA
(213) 894-5374
Email: jonathan_aminoff@fd.org

**Alexander Louis Kursman**
OFFICE OF THE FEDERAL COMMUNITY DEFENDER/EDPA
(215) 928-0520
Email: alex_kursman@fd.org

**Billy H. Nolas**
FEDERAL COMMUNITY DEFENDER OFFICE FOR THE EDPA
(215) 928-0520

**Kathryn B. Codd**
VINSON & ELKINS, L.L.P.
(202) 639-6536
Email: kcodd@velaw.com

Email: billy_nolas@fd.org

**Jeanne Vosberg Sourgens**
VINSON & ELKINS L.L.P
(202) 639-6633

**William E. Lawler , III**
VINSON & ELKINS LLP
(202) 639-6676
Email: wlawler@velaw.com

**Margaret O'Donnell**
(502) 320-1837
Email: mod@dcr.net

**William E. Hoffmann , Jr.**
KING & SPALDING, LLP
(404) 572-3383

**Matthew John Herrington**
STEPTOE & JOHNSON, LLP
(202) 429-8164
Email: mherrington@steptoe.com

**Denise M. Clark**
U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
(202) 252-6605
Email: denise.clark@usdoj.gov

**Jean Lin**
U.S. DEPARTMENT OF JUSTICE, CIVIL DIVISION
FEDERAL PROGRAMS BRANCH
(202) 514-3716
Email: jean.lin@usdoj.gov

**Amy Gershenfeld Donnella**
FEDERAL COMMUNITY DEFENDER OFFICE FOR THE EDPA
(215) 928-0520
Email: amy_donnella@fd.org

**Robert E. Waters**
KING & SPALDING, LLP
(202) 737-0500
Email: rwaters@velaw.com

**Yousri H. Omar**
VINSON & ELKINS LLP
(202) 639-6500
Email: yomar@velaw.com

**Abigail Bortnick**
KING & SPALDING LLP
(202) 626-5502
Email: abortnick@kslaw.com

**Mark Joseph Hulkower**
STEPTOE & JOHNSON LLP
(202) 429-6221
Email: mhulkower@steptoe.com

**Robert A. Ayers**
STEPTOE & JOHNSON LLP
(202) 429-6401
Email: rayers@steptoe.com

**Peter S. Smith**
UNITED STATES ATTORNEY'S OFFICE
Appellate Division
(202) 252-6769
Email: peter.smith@usdoj.gov

**Robert J. Erickson**
U. S. DEPARTMENT OF JUSTICE
(202) 514-2841
Email: robert.erickson@usdoj.gov

**Joseph William Luby**
FEDERAL PUBLIC DEFENDER/EDPA
(215) 928-0520
Email: joseph_luby@fd.org

\\NY - 049989/000001 - 9933942 v4

| | |
|---|---|
| **Gary E. Proctor**<br>LAW OFFICES OF GARY E. PROCTOR, LLC<br>(410) 444-1500<br>Email: garyeproctor@gmail.com | **Robert L. McGlasson**<br>MCGLASSON & ASSOCIATES, PC<br>(404) 314-7664<br>Email: rlmcglasson@comcast.net |
| **Shawn Nolan**<br>FEDERAL COMMUNITY DEFENDER OFFICE, EASTERN DISTRICT OF PENN<br>(215) 928-0528<br>Email: shawn.nolan@fd.org | **Sean D. O'Brien**<br>PUBLIC INTEREST LITIGATION CLINIC<br>(816) 363-2795<br>Email: dplc@dplclinic.com |

Date:   October 24, 2019

/s/ *Pieter Van Tol*

Pieter Van Tol (admitted *pro hac vice*)
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, NY  10017
(212) 918-3000
(212) 918-3100 (fax)
pieter.vantol@hoganlovells.com

and

Elizabeth M. Hagerty (Bar No. 1022774)
David S. Victorson (Bar No. 1027025)
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, DC 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
elizabeth.hagerty@hoganlovells.com
david.victorson@hoganlovells.com

*Attorneys for Plaintiff Daniel Lewis Lee*