# Van Tol, Pieter

| | |
|---|---|
| **From:** | Clark, Denise (USADC) <Denise.Clark@usdoj.gov> |
| **Sent:** | Wednesday, October 23, 2019 8:17 PM |
| **To:** | Van Tol, Pieter; Lin, Jean (CIV) |
| **Cc:** | Moustakas, John (USADC); mod@dcr.net; Jtoll@kslaw.com; Victor_Abreu@fd.org; Alex_Kursman@fd.org; Joseph Luby (Joseph_Luby@fd.org); Claudia_VanWyk@fd.org; Pete_Williams@fd.org; Alentz@steptoe.com; Donald.Salzman@skadden.com; Ronald.Tabak@probonolaw.com; Michael_Gonzales@fd.org; Shawn_Nolan@fd.org; Paul Enzinna (penzinna@ELLERMANENZINNA.COM); jonathan_aminoff@fd.org; Celeste_Bacchi@fd.org; Jeff Ertel (Jeff_Ertel@FD.ORG); Gerald King (Gerald_King@FD.ORG); ejosef@velaw.com; wlawler@velaw.com; rayers@steptoe.com; Kossak, Jonathan (CIV); Yamusah, Mallik N.; Beck, John D.; Victorson, David S.; Tremble, Catherine A.; marcy.widder@garesource.org |
| **Subject:** | RE: Rule 30(b)(6) Notice in Consolidated Action |

We think it is premature for us to consent to a supplemental filing regarding information to be learned during the deposition, when the deposition has yet to occur.  That said, if following the deposition you still want to make a supplemental filing, and assuming the Court has not yet ruled on your preliminary injunction motion, we can discuss an expedited briefing schedule that would allow you to make the filing, the government an opportunity to respond, and the court sufficient time to rule.

Best,

Denise

---

**From:** Van Tol, Pieter <pieter.vantol@hoganlovells.com>
**Sent:** Wednesday, October 23, 2019 5:17 PM
**To:** Clark, Denise (USADC) <DClark4@usa.doj.gov>; Lin, Jean (CIV) <JLin@civ.usdoj.gov>
**Cc:** Moustakas, John (USADC) <JMoustakas@usa.doj.gov>; mod@dcr.net; Jtoll@kslaw.com; Victor_Abreu@fd.org; Alex_Kursman@fd.org; Joseph Luby (Joseph_Luby@fd.org) <Joseph_Luby@fd.org>; Claudia_VanWyk@fd.org; Pete_Williams@fd.org; Alentz@steptoe.com; Donald.Salzman@skadden.com; Ronald.Tabak@probonolaw.com; Michael_Gonzales@fd.org; Shawn_Nolan@fd.org; Paul Enzinna (penzinna@ELLERMANENZINNA.COM) <penzinna@ellermanenzinna.com>; jonathan_aminoff@fd.org; Celeste_Bacchi@fd.org; Jeff Ertel (Jeff_Ertel@FD.ORG) <Jeff_Ertel@fd.org>; Gerald King (Gerald_King@FD.ORG) <Gerald_King@fd.org>; ejosef@velaw.com; wlawler@velaw.com; rayers@steptoe.com; Kossak, Jonathan (CIV) <jkossak@CIV.USDOJ.GOV>; Yamusah, Mallik N. <mallik.yamusah@hoganlovells.com>; Beck, John D. <john.beck@hoganlovells.com>; Victorson, David S. <david.victorson@hoganlovells.com>; Tremble, Catherine A. <Catherine.Tremble@HoganLovells.com>; marcy.widder@garesource.org
**Subject:** RE: Rule 30(b)(6) Notice in Consolidated Action

Thank you, Denise.   One other question: would you consent to Lee making use of the BOP deposition in connection with the pending PI Motion through a supplemental filing no later than November 22, 2019 that is limited to facts learned in the BOP deposition?

Regards,

Pieter

**From:** Clark, Denise (USADC) [mailto:Denise.Clark@usdoj.gov]
**Sent:** Wednesday, October 23, 2019 5:05 PM
**To:** Van Tol, Pieter; Lin, Jean (CIV)
**Cc:** Moustakas, John (USADC); mod@dcr.net; Jtoll@kslaw.com; Victor_Abreu@fd.org; Alex_Kursman@fd.org; Joseph Luby (Joseph_Luby@fd.org); Claudia_VanWyk@fd.org; Pete_Williams@fd.org; Alentz@steptoe.com; Donald.Salzman@skadden.com; Ronald.Tabak@probonolaw.com; Michael_Gonzales@fd.org; Shawn_Nolan@fd.org; Paul Enzinna (penzinna@ELLERMANENZINNA.COM); jonathan_aminoff@fd.org; Celeste_Bacchi@fd.org; Jeff Ertel (Jeff_Ertel@FD.ORG); Gerald King (Gerald_King@FD.ORG); ejosef@velaw.com; wlawler@velaw.com; rayers@steptoe.com; Kossak, Jonathan (CIV); Yamusah, Mallik N.; Beck, John D.; Victorson, David S.; Tremble, Catherine A.; marcy.widder@garesource.org
**Subject:** RE: Rule 30(b)(6) Notice in Consolidated Action

Hello, Peter –

With respect to Mr. Lee's use of the pre-amendment discovery for his preliminary injunction, our point is that the discovery is for the purpose of allowing Plaintiffs to amend their Complaints. So neither the timing of the 30(b)(6) depositions nor the topics to be covered therein should be at all affected by Mr. Lee's motion for preliminary injunction. With that said, he can make whatever incidental use of the pre-amendment discovery as appropriate under the Federal Rules of Civil Procedure.

As for the BOP's 30(b)(6) deposition, we confirm that the witness will appear on November 15 at Hogan Lovells' D.C. office.

Best,

Denise

Denise M. Clark
Assistant United States Attorney
Civil Division
United States Attorney's Office
 for the District of Columbia
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 252-6605 (office)

---

**From:** Van Tol, Pieter <pieter.vantol@hoganlovells.com>
**Sent:** Wednesday, October 23, 2019 2:36 PM
**To:** Lin, Jean (CIV) <JLin@civ.usdoj.gov>; Clark, Denise (USADC) <DClark4@usa.doj.gov>
**Cc:** Moustakas, John (USADC) <JMoustakas@usa.doj.gov>; mod@dcr.net; Jtoll@kslaw.com; Victor_Abreu@fd.org; Alex_Kursman@fd.org; Joseph Luby (Joseph_Luby@fd.org) <Joseph_Luby@fd.org>; Claudia_VanWyk@fd.org; Pete_Williams@fd.org; Alentz@steptoe.com; Donald.Salzman@skadden.com; Ronald.Tabak@probonolaw.com; Michael_Gonzales@fd.org; Shawn_Nolan@fd.org; Paul Enzinna (penzinna@ELLERMANENZINNA.COM) <penzinna@ellermanenzinna.com>; jonathan_aminoff@fd.org; Celeste_Bacchi@fd.org; Jeff Ertel (Jeff_Ertel@FD.ORG) <Jeff_Ertel@fd.org>; Gerald King (Gerald_King@FD.ORG) <Gerald_King@fd.org>; ejosef@velaw.com; wlawler@velaw.com; rayers@steptoe.com; Kossak, Jonathan (CIV) <jkossak@CIV.USDOJ.GOV>; Yamusah, Mallik N. <mallik.yamusah@hoganlovells.com>; Beck, John D. <john.beck@hoganlovells.com>; Victorson, David S. <david.victorson@hoganlovells.com>; Tremble, Catherine A. <Catherine.Tremble@HoganLovells.com>; marcy.widder@garesource.org
**Subject:** RE: Rule 30(b)(6) Notice in Consolidated Action

Thank you for the courtesy and for getting back to me so quickly.

**From:** Lin, Jean (CIV) [mailto:Jean.Lin@usdoj.gov]
**Sent:** Wednesday, October 23, 2019 2:25 PM
**To:** Van Tol, Pieter; Clark, Denise (USADC)
**Cc:** Moustakas, John (USADC); mod@dcr.net; Jtoll@kslaw.com; Victor_Abreu@fd.org; Alex_Kursman@fd.org; Joseph Luby (Joseph_Luby@fd.org); Claudia_VanWyk@fd.org; Pete_Williams@fd.org; Alentz@steptoe.com; Donald.Salzman@skadden.com; Ronald.Tabak@probonolaw.com; Michael_Gonzales@fd.org; Shawn_Nolan@fd.org; Paul Enzinna (penzinna@ELLERMANENZINNA.COM); jonathan_aminoff@fd.org; Celeste_Bacchi@fd.org; Jeff Ertel (Jeff_Ertel@FD.ORG); Gerald King (Gerald_King@FD.ORG); ejosef@velaw.com; wlawler@velaw.com; rayers@steptoe.com; Kossak, Jonathan (CIV); Yamusah, Mallik N.; Beck, John D.; Victorson, David S.; Tremble, Catherine A.; marcy.widder@garesource.org
**Subject:** RE: Rule 30(b)(6) Notice in Consolidated Action

Pieter:  I am responding only to your question about the page-limit extension.  Denise will address the rest separately.  We consent to the 5-page extension for your reply.

Jean Lin
Special Counsel
U.S. Dep't of Justice, Civil Div.
Federal Programs Branch
jean.lin@usdoj.gov
(202) 514-3716

**From:** Van Tol, Pieter <pieter.vantol@hoganlovells.com>
**Sent:** Wednesday, October 23, 2019 1:19 PM
**To:** Clark, Denise (USADC) <DClark4@usa.doj.gov>
**Cc:** Lin, Jean (CIV) <JLin@civ.usdoj.gov>; Moustakas, John (USADC) <JMoustakas@usa.doj.gov>; mod@dcr.net; Jtoll@kslaw.com; Victor_Abreu@fd.org; Alex_Kursman@fd.org; Joseph Luby (Joseph_Luby@fd.org) <Joseph_Luby@fd.org>; Claudia_VanWyk@fd.org; Pete_Williams@fd.org; Alentz@steptoe.com; Donald.Salzman@skadden.com; Ronald.Tabak@probonolaw.com; Michael_Gonzales@fd.org; Shawn_Nolan@fd.org; Paul Enzinna (penzinna@ELLERMANENZINNA.COM) <penzinna@ellermanenzinna.com>; jonathan_aminoff@fd.org; Celeste_Bacchi@fd.org; Jeff Ertel (Jeff_Ertel@FD.ORG) <Jeff_Ertel@fd.org>; Gerald King (Gerald_King@FD.ORG) <Gerald_King@fd.org>; ejosef@velaw.com; wlawler@velaw.com; rayers@steptoe.com; Kossak, Jonathan (CIV) <jkossak@CIV.USDOJ.GOV>; Yamusah, Mallik N. <mallik.yamusah@hoganlovells.com>; Beck, John D. <john.beck@hoganlovells.com>; Victorson, David S. <david.victorson@hoganlovells.com>; Tremble, Catherine A. <Catherine.Tremble@HoganLovells.com>; marcy.widder@garesource.org
**Subject:** RE: Rule 30(b)(6) Notice in Consolidated Action
**Importance:** High

Dear Denise –

I am writing on behalf of Lee only, and we will respond collectively to any remaining issues regarding the specific topics in the Rule 30(b)(6) notice after the Plaintiffs have conferred further.  This e-mail relates solely to the other issues discussed below.

It appears that we have reached an impasse on the Government's view that Lee is not permitted to use the discovery ordered by the Court in the August 15, 2019 order in connection with the pending PI Motion.  We will need to raise this issue with the Court.

With respect to the PI Motion and the BOP deposition, I have two questions.  *First*, our reply (due on November 1, 2019) is limited to 25 pages per the Local Rules.  Are you amenable to Lee filing a brief of no more than 30 pages?  Please let us know by the end of today or first thing tomorrow whether you agree to the five-page extension because we need to ask the Court for permission either way.  *Second*, can you confirm that the BOP witness will appear at Hogan Lovells' DC

office for the deposition on the 15th? I assume that is the case since you have not objected, but we would appreciate confirmation.

Regards,

Pieter

---

**From:** Clark, Denise (USADC) [mailto:Denise.Clark@usdoj.gov]
**Sent:** Friday, October 18, 2019 1:11 PM
**To:** Van Tol, Pieter
**Cc:** Lin, Jean (CIV); Moustakas, John (USADC); mod@dcr.net; Jtoll@kslaw.com; Victor_Abreu@fd.org; Alex_Kursman@fd.org; Joseph Luby (Joseph_Luby@fd.org); Claudia_VanWyk@fd.org; Pete_Williams@fd.org; Alentz@steptoe.com; Donald.Salzman@skadden.com; Ronald.Tabak@probonolaw.com; Michael_Gonzales@fd.org; Shawn_Nolan@fd.org; Paul Enzinna (penzinna@ELLERMANENZINNA.COM); jonathan_aminoff@fd.org; Celeste_Bacchi@fd.org; Jeff Ertel (Jeff_Ertel@FD.ORG); Gerald King (Gerald_King@FD.ORG); ejosef@velaw.com; wlawler@velaw.com; rayers@steptoe.com; Kossak, Jonathan (CIV); Yamusah, Mallik N.; Beck, John D.; Victorson, David S.; Tremble, Catherine A.; marcy.widder@garesource.org
**Subject:** RE: Rule 30(b)(6) Notice in Consolidated Action

Pieter –

Thank you for your responses to our chart of objections.  We understand that this 30(b)(6) deposition is only for the purpose of allowing Plaintiffs to obtain the information necessary for the amendment of their Complaints since all of the Complaints, with the exception of Mr. Lee's, refer to the 2008 Protocol which is no longer operative.

We continue to disagree with you about the contours of the pre-amendment discovery.  As Mr. Lee's complaint demonstrates, the administrative record we have provided Plaintiffs is more than sufficient for the purpose of amending the remaining Complaints.  Nonetheless, pursuant to the agreement we made on August 15, we will make BOP's 30(b)(6) witness available on November 15 for the purposes of the limited pre-amendment discovery, but Plaintiffs are not entitled to merits discovery nor are Mr. Lee or Mr. Bourgeois entitled to any discovery related to their motions for a preliminary injunction.

Finally, we are providing you with our further responses to your proposed deposition topics below.

Best,

Denise

| No. | Topic | Y/N | Government's Rationale | Plantiffs' Response | Government's Further Response |
|---|---|---|---|---|---|
| 1 | Process for developing 2008 Protocol | N | Unnecessary for amending complaint for purposes of challenging the constitutionality of the 2019 Protocol. | Agree to withdraw so long as 2008 Protocol is wholly superseded by the 2019 Protocol, but reserve rights to inquire into the development process if not; this agreement does not foreclose an inquiry into the revisions to the 2008 Protocol | It is the Government's Position that the 2008 Protocol is no longer operative because it has been superseded in its entirety by the 2019 Protocol.  Thus, this topic is unnecessary. |

| | | | | | |
|---|---|---|---|---|---|
| 2 | Communications concerning development of 2008 Protocol | N | Unnecessary for amending complaint for purposes of challenging the constitutionality of the 2019 Protocol. | Same as topic 1 above | See response to 1. |
| 3 | Process for revising the 2008 Protocol | Y* | Only to the extent relevant to developing the 2019 Protocol. | Agree so long as 2008 Protocol is wholly superseded by the 2019 Protocol, but reserve rights to inquire into the process if not | See response to 1. |
| 4 | Communications concerning revisions to the 2008 Protocol | Y* | Only to the extent relevant to developing the 2019 Protocol. | Same as topic 3 above | See response to 1. |
| 7 | Compilation of Administrative Record | N | The Administrative Record includes the documents the agency "directly or indirectly considered" when the decision was made. Absent clear evidence to the contrary, the agency's certification is entitled to a strong presumption of regularity. | Presumption of regularity can be overcome and supplementation ordered if the moving party can show that the "documents allegedly missing from the record were 'before the actual decisionmakers' involved in the challenged agency action." *Banner Health v. Sebelius*, 945 F. Supp. 2d 1, 16-17 (D.D.C. 2013) (internal citation omitted); *see also id.* at 17 (noting that moving party "must describe 'when the documents were presented to the agency, to whom, and under what context'") (internal citation omitted).<br><br>Supplementation of the record is also appropriate "if the agency deliberately or negligently excluded documents that may have been adverse to its decision." *Id.* at 16 (quoting *City of Dania Beach v. F.A.A.*, 628 F.3d 581, 590 (D.C. Cir.2010)). Therefore, the reason for exclusion of a document is relevant.<br><br>Will forego general | Government stands by its previously stated rationale, except will allow questions about whether specific documents that were not included in the Administrative Record were before the decisionmaker as requested in (b). |

5

| | | | | | |
|---|---|---|---|---|---|
| | | | | questions about the compilation of the Administrative Record, including the guidelines and timing (subparts (c) and (d), but, in order to support allegation that the Administrative Record is incomplete and a potential request for supplementation, must be able to ask about whether specific documents that were not included in the Administrative Record were before the agency (subpart (b)) and why particular documents were omitted (subpart (a)). | |
| 8 | Selection of Jeffrey Toenges to provide certification of Administrative Record | N | See response to 7. | Questions will be limited to whether Mr. Toenges is competent, *i.e.*, whether he has the requisite knowledge to provide the certification and how | Government stands by previously stated rationale. |
| 9 | Preparation and contents of certification of Administrative Record | N | See response to 7. | Same as topic 8 above | See response 8. |
| 22 | Preparation and contents of November 27, 2017 memorandum by Mark Inch (AR 0855-061) | Y* | Excluding drafts and communications concerning drafts, which are privileged, and excluding legal interpretations requested in a, c, d. | Only agree to exclude drafts and communications to the extent they are in fact privileged and only agree to exclude "legal interpretations" to the extent testimony would reveal privilege | Government stands by its previously stated rationale. |
| 24 | Preparation and contents of July 24, 2019 memorandum by Hugh J. Hurwitz (AR 0868-0875) | Y* | Excluding drafts and communications concerning drafts, which are privileged, excluding legal interpretations, and excluding f and h which are beyond the scope and not relevant to any claim. | Only agree to exclude drafts and communications to the extent they are in fact privileged and only agree to exclude "legal interpretations" to the extent testimony would reveal privilege<br><br>As to (f) and (h), they are relevant to the irreparable | Government stands by its previously stated rationale. Further, Mr. Lee is not entitled to discovery for his motion for a preliminary injunction. |

6

| | | | | | |
|---|---|---|---|---|---|
| | | | | harm and public interest prongs of claims for injunctive relief in complaints, potential amended claims for injunctive relief and Lee PI Motion | |
| 25 | Preparation and contents of the 2004 Protocol (AR 0876-0928) | Y* (error in original) | Beyond the scope, except for the differences between the 2004 Protocol and the 2019 Protocol. | Revisions to 2004 Protocol are relevant to developing the 2019 Protocol, as noted in Government's rationale for response to 3 and 4

Otherwise agree to exclude so long as 2004 Protocol is wholly superseded; reserve rights if not | It is the Government's position that the 2004 Protocol is superseded in its entirety by the 2019 Protocol. Thus, this topic is unnecessary. |
| 26 | Preparation and contents of the 2008 Addendum | N | Beyond scope. Unnecessary for amending complaint for purposes of challenging the constitutionality of the 2019 Protocol. | Revisions to 2008 Addendum are relevant to developing the 2019 Protocol, as noted in Government's rationale for response to 3 and 4

Otherwise agree to exclude so long as 2008 Addendum is wholly superseded by the 2019 Protocol; reserve rights if not | See response to 25. |
| 30 | Communications and other information concerning the lab reports (AR 0970-1015) | Y* | This request is vague and requires clarification. Excluding information that would lead to the disclosure of the identities of the laboratories, the compounding pharmacy, and/or the manufacturer. | Requests seek information on any communications regarding the lab reports

You cite no legal basis for excluding this information. However, concerns about disclosure of identities can be covered by designation of information as confidential under protective order (for purposes of the deposition). We reserve the right to argue at a later time that there is no ground for such a designation. | Among other reasons, this information is not relevant to Plaintiffs' claims and, and in any event is protected by, among other privileges, the law enforcement privilege. |
| 31 | Review and contents of the lab reports (AR 0970-1015) | Y* (error in original) | Excluding information that would lead to the disclosure of the identities of the | Same as topic 30 above on excluding information regarding identities | See response to 30. |

7

| | | | | | |
|---|---|---|---|---|---|
| | | | laboratories, the compounding pharmacy, and/or the manufacturer. | | |
| 33 | Consideration of issues concerning source, form and quality of pentobarbital | Y* | Excluding information that would lead to the disclosure of the identities of the laboratories, the compounding pharmacy, and/or the manufacturer. | Same as topic 30 above on excluding information regarding identities | See response to 30. |
| 35 | Consideration of issues concerning qualifications, training and experience of personnel | Y* | Only as to qualification requirements generally; excluding actual qualifications of the intended/proposed IV and execution teams, and their identities | Limitation to "general" limitations makes no sense because the <u>actual</u> qualification are critical to Eighth Amendment analysis; we note the specific qualifications of the team members are important because the 2019 Addendum states that the method of venous access will be based on the training and experience of the personnel establishing it<br><br>Same as topic 30 above on excluding information regarding identities | See response to 30. |
| 37 | Consideration of safeguards | Y* | Excluding legal opinion about constitutional compliance. | Agree only to the extent "legal opinion" refers to communications or documents that meet the requirements for privilege | Government stands by its previously stated rationale. |
| 38 | Consideration of issues concerning access to counsel | Y* | Excluding legal opinion about any right to counsel. | Agree only to the extent "legal opinion" refers to communications or documents that meet the requirements for privilege | Government stands by its previously stated rationale. |
| 39 | Consideration of whether to make 2019 Protocol available for public comment | N | Beyond scope. Unnecessary for amending complaint for purposes of challenging the constitutionality of the 2019 Protocol. APA issue of notice-and-comment is a legal | Do not agree with Government's rationale, but agree to withdraw with reservation of rights to seek discovery later | |

8

| | | | question, and even if there are factual questions, they are decided on the basis of the Administrative Record. | | |
|---|---|---|---|---|---|
| 40 | Consideration of whether to consult with federal prisoners or counsel regarding 2019 Protocol | N | Same response as 39 | Relates to the Plaintiffs' Due Process claims and lack of notice | Government stands by its previously stated rationale. |
| 42 | Consideration of 18 U.S.C. § 3596 and 28 C.F.R. Part 26 | N | Legal question. | Agree only to the extent "legal question" refers to communications or documents that meet the requirements for privilege | Government stands by its previously stated rationale. |
| 44 | Notification to prisoners with currently scheduled execution dates | N | Beyond scope. Unnecessary for amending complaint for purposes of challenging the constitutionality of the 2019 Protocol | Relates to the Plaintiffs' Due Process claims and lack of notice | Government stands by its previously stated rationale. |

**From:** Van Tol, Pieter <pieter.vantol@hoganlovells.com>
**Sent:** Tuesday, October 15, 2019 7:58 PM
**To:** Clark, Denise (USADC) <DClark4@usa.doj.gov>
**Cc:** Lin, Jean (CIV) <JLin@civ.usdoj.gov>; Moustakas, John (USADC) <JMoustakas@usa.doj.gov>; mod@dcr.net; Jtoll@kslaw.com; Victor_Abreu@fd.org; Alex_Kursman@fd.org; Joseph Luby (Joseph_Luby@fd.org) <Joseph_Luby@fd.org>; Claudia_VanWyk@fd.org; Pete_Williams@fd.org; Alentz@steptoe.com; Donald.Salzman@skadden.com; Ronald.Tabak@probonolaw.com; Michael_Gonzales@fd.org; Shawn_Nolan@fd.org; Paul Enzinna (penzinna@ELLERMANENZINNA.COM) <penzinna@ellermanenzinna.com>; jonathan_aminoff@fd.org; Celeste_Bacchi@fd.org; Jeff Ertel (Jeff_Ertel@FD.ORG) <Jeff_Ertel@fd.org>; Gerald King (Gerald_King@FD.ORG) <Gerald_King@fd.org>; ejosef@velaw.com; wlawler@velaw.com; rayers@steptoe.com; Kossak, Jonathan (CIV) <jkossak@CIV.USDOJ.GOV>; Yamusah, Mallik N. <mallik.yamusah@hoganlovells.com>; Beck, John D. <john.beck@hoganlovells.com>; Victorson, David S. <david.victorson@hoganlovells.com>; Tremble, Catherine A. <Catherine.Tremble@HoganLovells.com>; marcy.widder@garesource.org
**Subject:** RE: Rule 30(b)(6) Notice in Consolidated Action
**Importance:** High

Denise –

Thank you for the chart of objections, which is helpful in narrowing the issues.   Our responses are in the chart below.   The Plaintiffs' responses are for purposes of the Rule 30(b)(6) deposition only, and we reserve the right to take broader discovery (including discovery on the topics below) at later stages in the case.  Also, please note that we have added two "Y*" designations that were omitted from your chart, apparently in error.

We strongly disagree with the statements in your cover e-mail to the effect that discovery is limited to the alternative means of execution.  No such limits were discussed at the August 15, 2019 conference nor were they imposed by the Court.  With respect to the Eighth Amendment claims, the Plaintiffs are free to inquire into any area that relates to those claims, not just the issue of alternatives.  Also, the complaints are not limited to Eighth Amendment claims and the Plaintiffs are also entitled to inquire about the other constitutional claims that they have asserted since they may want to amend their allegations relating to those claims.  Finally, the Plaintiffs are not foreclosed from amending their APA claims.  Even if there are any restrictions on inquiries relating to the Administrative Record (which are addressed below), at a minimum the Plaintiffs are permitted to amend their APA claims based on the Administrative Record already produced (and any other relevant information that comes to light).

Finally, as to the deposition dates, you had originally proposed the week of November 4 and we do not understand why you are now providing dates in the weeks of November 11 and November 18.  It is still our strong preference to have the deposition during the week of November 4 (or earlier).  However, in order to reduce the areas of disagreement between the two sides, the Plaintiffs are amenable to a deposition on November 15 so please reserve that as a date certain.  The Plaintiffs reserve their rights with regard to the need for discovery in connection with any pending motions for a preliminary injunction.

Regards,

Pieter

| No. | Topic | Y/N | Government's Rationale | Plantiffs' Response |
|---|---|---|---|---|
| 1 | Process for developing 2008 Protocol | N | Unnecessary for amending complaint for purposes of challenging the constitutionality of the 2019 Protocol. | Agree to withdraw so long as 2008 Protocol is wholly superseded by the 2019 Protocol, but reserve rights to inquire into the development process if not; this agreement does not foreclose an inquiry into the revisions to the 2008 Protocol |
| 2 | Communications concerning development of 2008 Protocol | N | Unnecessary for amending complaint for purposes of challenging the constitutionality of the 2019 Protocol. | Same as topic 1 above |
| 3 | Process for revising the 2008 Protocol | Y* | Only to the extent relevant to developing the 2019 Protocol. | Agree so long as 2008 Protocol is wholly superseded by the 2019 Protocol, but reserve rights to inquire into the process if not |
| 4 | Communications concerning revisions to the 2008 Protocol | Y* | Only to the extent relevant to developing the 2019 Protocol. | Same as topic 3 above |
| 7 | Compilation of Administrative Record | N | The Administrative Record includes the documents the agency "directly or indirectly considered" when the decision was made.  Absent clear evidence to the contrary, the | Presumption of regularity can be overcome and supplementation ordered if the moving party can show that the "documents allegedly missing from the record were 'before the actual decisionmakers' involved in the |

| | | | | |
|---|---|---|---|---|
| | | | agency's certification is entitled to a strong presumption of regularity. | challenged agency action." *Banner Health v. Sebelius*, 945 F. Supp. 2d 1, 16-17 (D.D.C. 2013) (internal citation omitted); *see also id.* at 17 (noting that moving party "must describe 'when the documents were presented to the agency, to whom, and under what context'") (internal citation omitted). |
| | | | | Supplementation of the record is also appropriate "if the agency deliberately or negligently excluded documents that may have been adverse to its decision." *Id.* at 16 (quoting *City of Dania Beach v. F.A.A.*, 628 F.3d 581, 590 (D.C. Cir.2010)). Therefore, the reason for exclusion of a document is relevant. |
| | | | | Will forego general questions about the compilation of the Administrative Record, including the guidelines and timing (subparts (c) and (d)), but, in order to support allegation that the Administrative Record is incomplete and a potential request for supplementation, must be able to ask about whether specific documents that were not included in the Administrative Record were before the agency (subpart (b)) and why particular documents were omitted (subpart (a)). |
| 8 | Selection of Jeffrey Toenges to provide certification of Administrative Record | N | See response to 7. | Questions will be limited to whether Mr. Toenges is competent, *i.e.*, whether he has the requisite knowledge to provide the certification and how |
| 9 | Preparation and contents of certification of Administrative Record | N | See response to 7. | Same as topic 8 above |
| 22 | Preparation and contents of November 27, 2017 memorandum by Mark Inch (AR 0855-061) | Y* | Excluding drafts and communications concerning drafts, which are privileged, and excluding legal interpretations requested in a, c, d. | Only agree to exclude drafts and communications to the extent they are in fact privileged and only agree to exclude "legal interpretations" to the extent testimony would reveal privilege |
| 24 | Preparation and contents of July 24, 2019 memorandum by Hugh J. Hurwitz (AR | Y* | Excluding drafts and communications concerning drafts, which are privileged, excluding legal interpretations, | Only agree to exclude drafts and communications to the extent they are in fact privileged and only agree to exclude "legal interpretations" to the |

11

| | | | | |
|---|---|---|---|---|
| | 0868-0875) | | and excluding f and h which are beyond the scope and not relevant to any claim. | extent testimony would reveal privilege<br><br>As to (f) and (h), they are relevant to the irreparable harm and public interest prongs of claims for injunctive relief in complaints, potential amended claims for injunctive relief and Lee PI Motion |
| 25 | Preparation and contents of the 2004 Protocol (AR 0876-0928) | Y* (error in original) | Beyond the scope, except for the differences between the 2004 Protocol and the 2019 Protocol. | Revisions to 2004 Protocol are relevant to developing the 2019 Protocol, as noted in Government's rationale for response to 3 and 4<br><br>Otherwise agree to exclude so long as 2004 Protocol is wholly superseded; reserve rights if not |
| 26 | Preparation and contents of the 2008 Addendum | N | Beyond scope.  Unnecessary for amending complaint for purposes of challenging the constitutionality of the 2019 Protocol. | Revisions to 2008 Addendum are relevant to developing the 2019 Protocol, as noted in Government's rationale for response to 3 and 4<br><br>Otherwise agree to exclude so long as 2008 Addendum is wholly superseded by the 2019 Protocol; reserve rights if not |
| 30 | Communications and other information concerning the lab reports (AR 0970-1015) | Y* | This request is vague and requires clarification. Excluding information that would lead to the disclosure of the identities of the laboratories, the compounding pharmacy, and/or the manufacturer. | Requests seek information on any communications regarding the lab reports<br><br>You cite no legal basis for excluding this information.  However, concerns about disclosure of identities can be covered by designation of information as confidential under protective order (for purposes of the deposition).  We reserve the right to argue at a later time that there is no ground for such a designation. |
| 31 | Review and contents of the lab reports (AR 0970-1015) | Y* (error in original) | Excluding information that would lead to the disclosure of the identities of the laboratories, the compounding pharmacy, and/or the manufacturer. | Same as topic 30 above on excluding information regarding identities |
| 33 | Consideration of issues concerning source, form and quality of pentobarbital | Y* | Excluding information that would lead to the disclosure of the identities of the laboratories, the compounding pharmacy, and/or the manufacturer. | Same as topic 30 above on excluding information regarding identities |
| 35 | Consideration of issues | Y* | Only as to qualification | Limitation to "general" limitations makes |

| | | | | |
|---|---|---|---|---|
| | concerning qualifications, training and experience of personnel | | requirements generally; excluding actual qualifications of the intended/proposed IV and execution teams, and their identities | no sense because the <u>actual</u> qualification are critical to Eighth Amendment analysis; we note the specific qualifications of the team members are important because the 2019 Addendum states that the method of venous access will be based on the training and experience of the personnel establishing it<br><br>Same as topic 30 above on excluding information regarding identities |
| 37 | Consideration of safeguards | Y* | Excluding legal opinion about constitutional compliance. | Agree only to the extent "legal opinion" refers to communications or documents that meet the requirements for privilege |
| 38 | Consideration of issues concerning access to counsel | Y* | Excluding legal opinion about any right to counsel. | Agree only to the extent "legal opinion" refers to communications or documents that meet the requirements for privilege |
| 39 | Consideration of whether to make 2019 Protocol available for public comment | N | Beyond scope. Unnecessary for amending complaint for purposes of challenging the constitutionality of the 2019 Protocol. APA issue of notice-and-comment is a legal question, and even if there are factual questions, they are decided on the basis of the Administrative Record. | Do not agree with Government's rationale, but agree to withdraw with reservation of rights to seek discovery later |
| 40 | Consideration of whether to consult with federal prisoners or counsel regarding 2019 Protocol | N | Same response as 39 | Relates to the Plaintiffs' Due Process claims and lack of notice |
| 42 | Consideration of 18 U.S.C. § 3596 and 28 C.F.R. Part 26 | N | Legal question. | Agree only to the extent "legal question" refers to communications or documents that meet the requirements for privilege |
| 44 | Notification to prisoners with currently scheduled execution dates | N | Beyond scope. Unnecessary for amending complaint for purposes of challenging the constitutionality of the 2019 Protocol | Relates to the Plaintiffs' Due Process claims and lack of notice |

---

**From:** Clark, Denise (USADC) [mailto:Denise.Clark@usdoj.gov]
**Sent:** Friday, October 11, 2019 8:06 PM
**To:** Van Tol, Pieter

**Cc:** Lin, Jean (CIV); Moustakas, John (USADC); mod@dcr.net; Jtoll@kslaw.com; Victor_Abreu@fd.org; Alex_Kursman@fd.org; Joseph Luby (Joseph_Luby@fd.org); Claudia_VanWyk@fd.org; Pete_Williams@fd.org; Alentz@steptoe.com; Donald.Salzman@skadden.com; Ronald.Tabak@probonolaw.com; Michael_Gonzales@fd.org; Shawn_Nolan@fd.org; Paul Enzinna (penzinna@ELLERMANENZINNA.COM); jonathan_aminoff@fd.org; Celeste_Bacchi@fd.org; Jeff Ertel (Jeff_Ertel@FD.ORG); Gerald King (Gerald_King@FD.ORG); ejosef@velaw.com; wlawler@velaw.com; marcy.widder@garesource.org; rayers@steptoe.com; Kossak, Jonathan (CIV); Yamusah, Mallik N.; Beck, John D.; Victorson, David S.; Tremble, Catherine A.
**Subject:** RE: Rule 30(b)(6) Notice in Consolidated Action

Counsel,

The legal standard in an Eighth Amendment method-of-execution challenge requires a prisoner facing execution to identify an alternative means of execution that is "feasible, readily implemented, and in fact significantly reduce[s] a substantial risk of severe pain." *See, e.g., Glossip v. Gross*, 135 S. Ct. 2726, (2015), citing *Baze v. Rees*, 553 U.S. 35, 52 (2008). We can therefore understand the interest in gathering some preliminary information about any alternative lethal agents the Government might have considered. However, the exhaustive list of topics included in plaintiffs' recent Fed. R. Civ. P 30(b)(6) Notice goes beyond that. Nor does it adhere to the impetus of the Court's order of discovery—which is to allow the plaintiffs to obtain information about the government's development of the 2019 lethal injection protocol. And it is inconsistent with the concept of bifurcated discovery to which the parties agreed at the August 15, 2019, status conference.

We believe that any pre-amendment discovery should be limited to what is necessary to meet the pleading standard. As such, the touchstone of "necessity," as you will see in the attached chart, informs the nature and scope of our objections.

Further, in light of what we have proposed as permissible topics, we have identified a 30(b)(6) deponent, who is available on November 15 and the week of November 18. Please let us know which date work best for you, so we can reserve it as soon as possible.

Best,

Denise

Denise M. Clark
Assistant United States Attorney
Civil Division
United States Attorney's Office
 for the District of Columbia
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 252-6605 (office)

---

**From:** Van Tol, Pieter <pieter.vantol@hoganlovells.com>
**Sent:** Friday, October 11, 2019 9:26 AM
**To:** Clark, Denise (USADC) <DClark4@usa.doj.gov>
**Cc:** Lin, Jean (CIV) <JLin@civ.usdoj.gov>; Moustakas, John (USADC) <JMoustakas@usa.doj.gov>; mod@dcr.net; Jtoll@kslaw.com; Victor_Abreu@fd.org; Alex_Kursman@fd.org; Joseph Luby (Joseph_Luby@fd.org) <Joseph_Luby@fd.org>; Claudia_VanWyk@fd.org; Pete_Williams@fd.org; Alentz@steptoe.com;

Donald.Salzman@skadden.com; Ronald.Tabak@probonolaw.com; Michael_Gonzales@fd.org; Shawn_Nolan@fd.org; Paul Enzinna (penzinna@ELLERMANENZINNA.COM) <penzinna@ellermanenzinna.com>; jonathan_aminoff@fd.org; Celeste_Bacchi@fd.org; Jeff Ertel (Jeff_Ertel@FD.ORG) <Jeff_Ertel@fd.org>; Gerald King (Gerald_King@FD.ORG) <Gerald_King@fd.org>; ejosef@velaw.com; wlawler@velaw.com; marcy.widder@garesource.org; rayers@steptoe.com; Kossak, Jonathan (CIV) <jkossak@CIV.USDOJ.GOV>; Yamusah, Mallik N. <mallik.yamusah@hoganlovells.com>; Beck, John D. <john.beck@hoganlovells.com>; Victorson, David S. <david.victorson@hoganlovells.com>; Tremble, Catherine A. <Catherine.Tremble@HoganLovells.com>
**Subject:** RE: Rule 30(b)(6) Notice in Consolidated Action
**Importance:** High

Denise –

Thanks to you and your colleagues again for yesterday's call and we look forward to receiving your comments on the Rule 30(b)(6) topics later today so we can continue the discussion.

You mentioned making a BOP representative available for a deposition during the week of November 4, 2019. Given the number of schedules that we have to coordinate, it makes sense to us to nail down a date that week. Can you provide a date (or dates) certain during the week of November 4 so we can confer on this side and determine what works?

Regards,

Pieter

---

**From:** Clark, Denise (USADC) [mailto:Denise.Clark@usdoj.gov]
**Sent:** Thursday, October 10, 2019 10:41 AM
**To:** Van Tol, Pieter
**Cc:** Lin, Jean (CIV); Moustakas, John (USADC); mod@dcr.net; Jtoll@kslaw.com; Victor_Abreu@fd.org; Alex_Kursman@fd.org; Joseph Luby (Joseph_Luby@fd.org); Claudia_VanWyk@fd.org; Pete_Williams@fd.org; Alentz@steptoe.com; Donald.Salzman@skadden.com; Ronald.Tabak@probonolaw.com; Michael_Gonzales@fd.org; Shawn_Nolan@fd.org; Paul Enzinna (penzinna@ELLERMANENZINNA.COM); jonathan_aminoff@fd.org; Celeste_Bacchi@fd.org; Jeff Ertel (Jeff_Ertel@FD.ORG); Gerald King (Gerald_King@FD.ORG); ejosef@velaw.com; wlawler@velaw.com; marcy.widder@garesource.org; rayers@steptoe.com; Kossak, Jonathan (CIV); Yamusah, Mallik N.; Beck, John D.; Victorson, David S.; Tremble, Catherine A.
**Subject:** RE: Rule 30(b)(6) Notice in Consolidated Action

Sure. Let's set it at 5 p.m.

---

**From:** Van Tol, Pieter <pieter.vantol@hoganlovells.com>
**Sent:** Thursday, October 10, 2019 9:58 AM
**To:** Clark, Denise (USADC) <DClark4@usa.doj.gov>
**Cc:** Lin, Jean (CIV) <JLin@civ.usdoj.gov>; Moustakas, John (USADC) <JMoustakas@usa.doj.gov>; mod@dcr.net; Jtoll@kslaw.com; Victor_Abreu@fd.org; Alex_Kursman@fd.org; Joseph Luby (Joseph_Luby@fd.org) <Joseph_Luby@fd.org>; Claudia_VanWyk@fd.org; Pete_Williams@fd.org; Alentz@steptoe.com; Donald.Salzman@skadden.com; Ronald.Tabak@probonolaw.com; Michael_Gonzales@fd.org; Shawn_Nolan@fd.org; Paul Enzinna (penzinna@ELLERMANENZINNA.COM) <penzinna@ellermanenzinna.com>; jonathan_aminoff@fd.org; Celeste_Bacchi@fd.org; Jeff Ertel (Jeff_Ertel@FD.ORG) <Jeff_Ertel@fd.org>; Gerald King (Gerald_King@FD.ORG) <Gerald_King@fd.org>; ejosef@velaw.com; wlawler@velaw.com; marcy.widder@garesource.org; rayers@steptoe.com; Kossak, Jonathan (CIV) <jkossak@CIV.USDOJ.GOV>; Yamusah, Mallik N. <mallik.yamusah@hoganlovells.com>; Beck, John D. <john.beck@hoganlovells.com>; Victorson, David S. <david.victorson@hoganlovells.com>; Tremble, Catherine A. <Catherine.Tremble@HoganLovells.com>
**Subject:** RE: Rule 30(b)(6) Notice in Consolidated Action
**Importance:** High

Denise –

Thank you. My availability is not great after noon, but can we provisionally say 5:00 pm today and see if that works? As the day moves along, we can confirm whether that time is still good and whoever is available on the plaintiffs' side can join. Below is the dial-in information:

| **AUDIO conference:** | |
|---|---|
| Toll Number: | +1 408 758 9858 |
| Toll Free Number: | 1 855 369 7536 |
| International Access Number: | **Click Here** |
| Participant PIN Code: | 888020661 |

Regards,

Pieter

**From:** Clark, Denise (USADC) [mailto:Denise.Clark@usdoj.gov]
**Sent:** Wednesday, October 9, 2019 7:44 PM
**To:** Van Tol, Pieter
**Cc:** Lin, Jean (CIV); Moustakas, John (USADC); mod@dcr.net; Jtoll@kslaw.com; Victor_Abreu@fd.org; Alex_Kursman@fd.org; Joseph Luby (Joseph_Luby@fd.org); Claudia_VanWyk@fd.org; Pete_Williams@fd.org; Alentz@steptoe.com; Donald.Salzman@skadden.com; Ronald.Tabak@probonolaw.com; Michael_Gonzales@fd.org; Shawn_Nolan@fd.org; Paul Enzinna (penzinna@ELLERMANENZINNA.COM); jonathan_aminoff@fd.org; Celeste_Bacchi@fd.org; Jeff Ertel (Jeff_Ertel@FD.ORG); Gerald King (Gerald_King@FD.ORG); ejosef@velaw.com; wlawler@velaw.com; marcy.widder@garesource.org; rayers@steptoe.com; Kossak, Jonathan (CIV); Yamusah, Mallik N.; Beck, John D.; Victorson, David S.; Tremble, Catherine A.
**Subject:** RE: Rule 30(b)(6) Notice in Consolidated Action

Forgive me, but I have a meeting in the morning. I need to double check with my client, but I am hoping we can chat by 5 p.m. tomorrow.

**From:** Van Tol, Pieter <pieter.vantol@hoganlovells.com>
**Sent:** Wednesday, October 9, 2019 7:27 PM
**To:** Clark, Denise (USADC) <DClark4@usa.doj.gov>
**Cc:** Lin, Jean (CIV) <JLin@civ.usdoj.gov>; Moustakas, John (USADC) <JMoustakas@usa.doj.gov>; mod@dcr.net; Jtoll@kslaw.com; Victor_Abreu@fd.org; Alex_Kursman@fd.org; Joseph Luby (Joseph_Luby@fd.org) <Joseph_Luby@fd.org>; Claudia_VanWyk@fd.org; Pete_Williams@fd.org; Alentz@steptoe.com; Donald.Salzman@skadden.com; Ronald.Tabak@probonolaw.com; Michael_Gonzales@fd.org; Shawn_Nolan@fd.org; Paul Enzinna (penzinna@ELLERMANENZINNA.COM) <penzinna@ellermanenzinna.com>; jonathan_aminoff@fd.org; Celeste_Bacchi@fd.org; Jeff Ertel (Jeff_Ertel@FD.ORG) <Jeff_Ertel@fd.org>; Gerald King (Gerald_King@FD.ORG) <Gerald_King@fd.org>; ejosef@velaw.com; wlawler@velaw.com; marcy.widder@garesource.org; rayers@steptoe.com; Kossak, Jonathan (CIV) <jkossak@CIV.USDOJ.GOV>; Yamusah, Mallik N. <mallik.yamusah@hoganlovells.com>; Beck, John D. <john.beck@hoganlovells.com>; Victorson, David S. <david.victorson@hoganlovells.com>; Tremble, Catherine A. <Catherine.Tremble@HoganLovells.com>
**Subject:** Re: Rule 30(b)(6) Notice in Consolidated Action

Thank you Denise for getting back to me. I am available tomorrow at any time before noon. If you let me know what works on your side, I will circulate a dial in number so that any available plaintiffs' counsel can join as well.

Regards,

Pieter

On Oct 9, 2019, at 7:01 PM, Clark, Denise (USADC) <Denise.Clark@usdoj.gov> wrote:

> Hello, Peter –
>
> I have not had a chance to confer with all the necessary parties yet.  So we expect to be available to meet and confer with you about 30(b)(6) deposition sometime tomorrow or Friday.  What times are you available for that conversation?
>
> Best,
>
> Denise
>
> ---
>
> **From:** Van Tol, Pieter <pieter.vantol@hoganlovells.com>
> **Sent:** Wednesday, October 9, 2019 5:59 PM
> **To:** Clark, Denise (USADC) <DClark4@usa.doj.gov>
> **Cc:** mod@dcr.net; Jtoll@kslaw.com; Victor_Abreu@fd.org; Alex_Kursman@fd.org; Joseph Luby (Joseph_Luby@fd.org) <Joseph_Luby@fd.org>; Claudia_VanWyk@fd.org; Pete_Williams@fd.org; Alentz@steptoe.com; Donald.Salzman@skadden.com; Ronald.Tabak@probonolaw.com; Michael_Gonzales@fd.org; Shawn_Nolan@fd.org; Paul Enzinna (penzinna@ELLERMANENZINNA.COM) <penzinna@ELLERMANENZINNA.COM>; jonathan_aminoff@fd.org; Celeste_Bacchi@fd.org; Jeff Ertel (Jeff_Ertel@FD.ORG) <Jeff_Ertel@FD.ORG>; Gerald King (Gerald_King@FD.ORG) <Gerald_King@FD.ORG>; ejosef@velaw.com; wlawler@velaw.com; marcy.widder@garesource.org; rayers@steptoe.com; Lin, Jean (CIV) <JLin@civ.usdoj.gov>; Kossak, Jonathan (CIV) <jkossak@CIV.USDOJ.GOV>; Moustakas, John (USADC) <JMoustakas@usa.doj.gov>; Yamusah, Mallik N. <mallik.yamusah@hoganlovells.com>; Beck, John D. <john.beck@hoganlovells.com>; Victorson, David S. <david.victorson@hoganlovells.com>; Tremble, Catherine A. <Catherine.Tremble@HoganLovells.com>
> **Subject:** RE: Rule 30(b)(6) Notice in Consolidated Action
> **Importance:** High
>
>
> Denise –
>
> Because we have not heard from you, we are going to assume that the Government will not agree to make a 30(b)(6) witness for the BOP available for a deposition prior to October 28, 2019.  We plan to seek relief from the Court to require the Government to produce such a witness by October 28.  Please let us know, by **2:00 pm tomorrow, October 10, 2019**, whether you will oppose this relief.  This e-mail is pursuant to LCvR 7(m) and constitutes our effort to "meet and confer" on this issue before approaching the Court.
>
> Regards,
>
> Pieter
>
> **From:** Van Tol, Pieter
> **Sent:** Monday, October 7, 2019 11:20 PM
> **To:** Clark, Denise (USADC) (Denise.Clark@usdoj.gov)

**Cc:** jean.lin@usdoj.gov; Kossak, Jonathan (CIV) (Jonathan.Kossak@usdoj.gov); Moustakas, John (USADC) (John.Moustakas@usdoj.gov); 'mod@dcr.net'; 'Jtoll@kslaw.com'; 'Victor_Abreu@fd.org'; 'Alex_Kursman@fd.org'; Joseph Luby (Joseph_Luby@fd.org); 'Claudia_VanWyk@fd.org'; 'Pete_Williams@fd.org'; 'ayers@steptoe.com'; 'Alentz@steptoe.com'; 'marcy.widder@garesource.com'; 'Donald.Salzman@skadden.com'; 'Ronald.Tabak@probonolaw.com'; 'Michael_Gonzales@fd.org'; 'Shawn_Nolan@fd.org'; Paul Enzinna (penzinna@ELLERMANENZINNA.COM); 'jonathan_aminoff@fd.org'; 'Celeste_Bacchi@fd.org'; Jeff Ertel (Jeff_Ertel@FD.ORG); Gerald King (Gerald_King@FD.ORG); 'ejosef@velaw.com'; 'wlawler@velaw.com'; Beck, John D.; Yamusah, Mallik N.; Victorson, David S.
**Subject:** Rule 30(b)(6) Notice in Consolidated Action
**Importance:** High

Denise –

Attached is a notice for the Rule 30(b)(6) deposition of a representative from the BOP, which is being served by all eleven plaintiffs in the consolidated action.

Please note that the October 14, 2019 date listed in the notice is a placeholder only and we will work with you (and the other plaintiffs' counsel) on an agreed-upon date.   However, as stated in the notice, we will need a deposition date that is before October 28, 2019.

This notice is being served pursuant to the Court's order and the plaintiffs fully reserve their rights to take other discovery in this action.  Also, with respect to the topics listed in the attached, we reserve the right to amend them – with appropriate notice – prior to the deposition.  We are conferring on the plaintiffs' side about which topics will be the focus of the first deposition, and we will advise you shortly on how we intend to proceed.

Finally, in light of the tight timing, please confirm by the close of business tomorrow whether you will agree to produce a BOP witness during the requested time period so we can consider our next steps.

Regards,


**Pieter Van Tol**
Partner

**Hogan Lovells US LLP**
390 Madison Avenue
New York, NY 10017
Tel:      +1 212 918 3000
Direct:  +1 212 909 0661
Fax:     +1 212 918 3100
Email:   pieter.vantol@hoganlovells.com
           www.hoganlovells.com

<image001.jpg>

**About Hogan Lovells**
Hogan Lovells is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP. For more information, see www.hoganlovells.com.

CONFIDENTIALITY. This email and any attachments are confidential, except where the email states it can be disclosed; it may also be privileged. If received in error, please do not disclose the contents to anyone, but notify the sender by return email and delete this email (and any attachments) from your system.