UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| IN THE MATTER OF THE FEDERAL BUREAU OF PRISONS' EXECUTION PROTOCOL CASES | |
| LEAD CASE: *Roane et al. v. Barr* | No. 1:19-mc-00145-TSC |
| THIS DOCUMENT RELATES TO: | |
| *Lee v. Barr, et al.*, 19-cv-2559 | |

DECLARATION OF RAUL CAMPOS

I, Raul Campos, do hereby declare and state as follows:

1. I am employed by the United States Department of Justice, Federal Bureau of Prisons ("BOP"), as Associate Warden at the Federal Medical Center at Carswell, Texas. I have held this position since October 20, 2012. I have been employed by the BOP since August 5, 1995.

2. The statements I make hereinafter are made on the basis of my review of the official files and records of the BOP, my own personal knowledge, or on the basis of information acquired by me through the performance of my official duties.

3. In furtherance of its functions detailed in 28 C.F.R. Part 26, the BOP has secured the active pharmaceutical ingredients ("API") for pentobarbital from a domestic bulk manufacturer. Additionally, BOP has secured a compounding pharmacy, which is registered with the U.S. Food & Drug Administration pursuant to Section 503B of the Food, Drug, and Cosmetics Act, to convert the API into an injectable solution. The compounding pharmacy has worked with independent laboratories on quality assurance testing. The results of such

1

testing that have been provided to the BOP are included in the Administrative Record in this case. See AR 970-1015. In conjunction with BOP's efforts to acquire pentobarbital, I have communicated with both the bulk manufacturer and the compounding pharmacy.

4. I am familiar with the allegation that the injectable pentobarbital solution produced by the compounding pharmacy purportedly has failed quality assurance testing. ECF No. 29 at 30.

5. The documentation included in the Administrative Record in this case demonstrates that an initial sample of the API, one gram of pentobarbital sodium powder, was produced by the bulk manufacture and received for testing by the laboratory on October 26, 2018. See AR at 976. The Certificate of Analysis for this test included an entry of "Fail" in the "Results" field for "Related Compounds." See AR 976–78.

6. After this initial test result, the manufacturer refined its production process and produced new API, which the relevant documentation reflects passed quality assurance testing on February 21, 2019. See AR 981–82. Specifically, 3.14 grams of pentobarbital sodium powder received by the laboratory on February 8, 2019, tested on February 21, 2019, to conform to the United States Pharmacopeia (USP) specifications. The manufacturer then produced 150 grams of the API. AR 983.

7. The compounding pharmacy then proceeded to convert the API into injectable solution. Testing on the injectable pentobarbital solution at 50 mg/ml was conducted in April 2019 and it passed the test. See AR 991. A 365-day study of the stability of the solution was also initiated in April 2019. AR 992–1015. Initial results for this study were reported to be within the applicable USP ranges. See AR at 1009, 1011.

8. I am also familiar with the allegation that the 365-day stability testing purportedly showed that the injectable solution demonstrated inadequate stability and potency at elevated

2

       temperature. ECF No. 29 at 30.

9.      While it is accurate that one of the potency/purity results was outside of the specified range, see AR at 1013, the BOP was advised that the purpose of the stability testing is to check the injectable solution under extreme conditions, including in that instance a temperature higher than room temperature. Furthermore, in this same test instance the potency/purity of the injectable solution at normal storage conditions was found to be within the acceptable USP range. See AR at 1011. In subsequent testing on August 21, 2019, the values were found to be within the acceptable USP range for both room temperature and elevated temperature. See AR at 1014 and 1015.

I declare, under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed this 12th day of November, 2019.

                                                                _____
                                                                Raul Campos
                                                                Federal Bureau of Prisons