U.S. DEPARTMENT OF JUSTICE | REQUEST FOR ADMINISTRATIVE REMEDY
Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: __Honken, Dustin L.__  __06951-029__  __SCU__  __USP Terre Haute__
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A- INMATE REQUEST**

I request that the execution method be modified to remedy the illegalities described in the attached supplement, and that the federal government's method of execution be promulgated in accordance with the Administrative Procedure Act. (see attached)

*Note: No response on BP-9 yet.*

__August 12, 2019__      __/s/ Dustin Honken__
  DATE                                                    SIGNATURE OF REQUESTER

**Part B- RESPONSE**

*[Stamp: RECEIVED USP Terre Haute AUG 19 2019 Administrative Remedy Clerk]*

_____      _____
  DATE                                                    WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE       CASE NUMBER: __981787-F1__

                                                   CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____   _____   _____   _____
         LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____      _____
  DATE                                                    RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN      **Ex. F**      BP-229(13) APRIL 1982

The method by which the federal government intends to execute prisoners violates the laws and Constitution of the United States for the reasons that follow:

1. The document entitled "Addendum to BOP Execution Protocol" (hereafter referred to as "protocol"), as well as the preceding execution method, violate the Administrative Procedure Act ("APA") because they were issued without notice-and-comment rulemaking, and the protocol was therefore enacted "without observance of procedure required by law." 7 U.S.C. § 706(2)(D); 5 U.S.C. § 553.

2. The protocol is "not in accordance with law," is "in excess of statutory jurisdiction, authority, or limitations," is "short of statutory right" and is "arbitrary, capricious, [and] an abuse of discretion" under the APA in that (a) the protocol's use, dispensing, and administration of pentobarbital – including but not limited to a compounded version of the drug – violates the Controlled Substances Act, 21 U.S.C. §§ 801, et seq. and its implementing regulations, as well as the Food Drug and Cosmetic Act, 21 U.S.C. §§ 301, et seq., and its implementing regulations; because (i) the protocol calls for the dispensing and administration of a Schedule II and III controlled substance without a valid prescription issued for a legitimate medical purpose in the usual course of a practitioner's medical practice and through a bona fide practitioner-patient relationship; and (ii) any compounded version of pentobarbital would be "essentially a copy" of an FDA-approved drug and thus an unapproved "new drug"; (b) the protocol violates Indiana law governing the dispensing of pentobarbital and similar controlled substances and compounded drugs, including but not limited to Ind. Code §§ 35-48-2-6(e), 35-48-2-8(c), 35-48-3-9, 35-48-4-2; (c) the purportedly enabling regulations codified at 28 C.F.R. §§ 26.1-26.5 lack statutory authority; (d) the protocol violates the FDPA's requirements that federal executions (i) take place within state facilities under 18 U.S.C. §§ 3596-3597, and (ii) use either the execution method employed by the state in which the sentence was imposed (only a few of which states use pentobarbital), or that of another state chosen by the sentencing court situated within a state that lacks the death penalty (most of which use an execution method different from the protocol's); (e) the protocol may be carried out against mentally incompetent or intellectually disabled persons in violation of 18 U.S.C. § 3596(c); and (f) those who are selected and scheduled for execution under the protocol are chosen in a secretive and arbitrary fashion by the Attorney General, resulting in executions based on race, religion, geography, and other arbitrary factors.

3. The protocol is likely to cause severe pain to the prisoner in violation of the Eighth Amendment, including with the protocol's use, dispensing, and administration of compounded pentobarbital, as well as the likelihood of such use, dispensing, and administration by inadequately trained and unqualified medical personnel.

4. The protocol is deliberately indifferent to the prisoner's serious medical need to be free from pain and suffering during the execution process, in violation of the Eighth Amendment as well as the prisoner's right to due process of law.

5. The protocol, and the actions of those who developed it and plan to implement it, violate the due process rights of prisoners to notice and an opportunity to be heard, to equal protection of the law, and to be free of cruel and unusual punishment, in that (a) the prisoners lack knowledge of (i) the procedures that will be used to carry out their executions, (ii) the persons or entities who will be involved in executions and the training and qualifications of such persons, (iii) the persons or entities who compound and/or manufacture the pentobarbital with which the prisoners will be executed, and (iv) the processes by which the lethal drug will be compounded or manufactured; and (b) those who are selected and scheduled for execution under the protocol are chosen in a secretive and arbitrary fashion by the Attorney General, resulting in executions based on race, religion, geography, and other arbitrary factors.

RECEIVED
USP Terre Haute
AUG 19 2019
Administrative
Remedy Clerk

Ex. F

Remedy No.: 987987-F1                                             FCC Terre Haute, IN

## PART B - RESPONSE

This is in response to your Administrative Remedy receipted August 19, 2019, in which you allege the execution method violates the law and Constitution of the United States. For relief, you request the execution method be modified to remove alleged illegalities.

A review of your request reveals 28 C.F.R. 26.3(a)(4) requires that a sentence of death be implemented by "intravenous injection of a lethal substance or substances in a quantity sufficient to cause death, such substance or substances to be determined by the Director of the Federal Bureau of Prisons and to be administered by qualified personnel selected by the Warden and acting at the direction of the Marshal." The Bureau of Prisons execution protocol complies with this, and all applicable laws and regulations.

Therefore, this response to your Request for Administrative Remedy is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Regional Director, North Central Regional Office, Federal Bureau of Prisons, 400 State Avenue, Suite 800, Kansas City, Kansas 66101. Your appeal must be received within 20 calendar days of the date of this response.

_8/22/19_                                                         _[signature]_
Date                                                              T. J. Watson, Complex Warden

**Ex. F**