U.S. Department of Justice

Federal Bureau of Prisons

# Regional Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: __Honken, Dustin L.__  __06951-029__  __SCU__  __USP Terre Haute__
      LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A - REASON FOR APPEAL**

            See Attached.

__August 29, 2019__                                 _[signature]_
DATE                                                 SIGNATURE OF REQUESTER

**Part B - RESPONSE**

     DATE                                                           REGIONAL DIRECTOR
If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.
THIRD COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE      CASE NUMBER: _____

**Part C - RECEIPT**

                                                                               CASE NUMBER: _____

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION
SUBJECT: _____

     DATE                                      SIGNATURE, RECIPIENT OF REGIONAL APPEAL

(continued from BP-10 form)

and similar controlled substances and compounded drugs, including but not limited to Ind. Code §§ 35-48-2-6(e)m 35-48-2-8(c), 35-48-3-9, 35-48-4-2, and all relevant law; (c) the purportedly enabling regulations codified at 28 C.F.R. §§ 26.1-26.5 lack statutory authority; (d) the protocol violates the FDPA's requirements that federal executions (i) take place within state facilities under 18 U.S.C. §§ 3596-3597, and (ii) use either the execution method employed by the state in which the sentence was imposed (only a few of which states us pentobarbital), or that of another state chosen by the sentencing court situated within a state that lacks the death penalty (most of which use an execution method different from the protocol's); (e) the protocol may be carried out against mentally incompetent or intellectually disabled persons in violation of 18 U.S.C. § 3596(c); and (f) those who are selected and scheduled for execution under the protocol are chosen in a secretive and arbitrary fashion by the Attorney General, resulting in executions based on race, religion, geography, and other arbitrary factors.
3) The protocol is likely to cause severe pain to the prisoner in violation of the Eighth Amendment, including with the protocol's use, dispensing, and administration of the compounded pentobarbital, as well as the likelihood of such use, dispensing, and administration by inadequately trained and unqualified medical personnel.  4) The protocol is deliberately indifferent to the prisoner's serious medical need to be free from pain and suffering during the execution process, in violation of the Eighth Amendment as well as the prisoner's right to due process of law.  5) The protocol, and the actions of those who developed it and the plan to implement it, violate the due process rights of prisoners to notice and an opportunity to be heard, to equal protection of the law, and to be free of cruel and unusual punishment, in that (a) the prisoners lack knowledge of (i) the procedures that will be used to carry out their executions, (ii) the persons or entities who will be involved in executions and the training and qualifications of such persons, (iii) the persons or entities who compound and/or manufacture the pentobarbital with which the prisoners will be executed, and (iv) the processes by which the lethal drug will be compounded or manufactured; and (b) those who are selected and scheduled for execution under the protocol are chosed in a secretive and arbitrary fashion by the Attorney General, resulting in executions based on race, religion, geography, and other arbitrary factors.

I request that the execution protocol be modified to remedy the illegalites described above, and that the federal government's method of execution be promulgated in accordance with the Administrative Procedure Act.



**U.S. Department of Justice**
Federal Bureau of Prisons

*Federal Correctional Complex*
*Terre Haute, Indiana*

☐ Institution  ☒ Region  ☐ Central

__SCU__ Unit

# Receipt of Administrative Remedy

Inmate Name: __HONKEN, Dustin__  Reg. No.: __06951-029__

Administrative Remedy No.: __987987-R1__

Received on this __19th__ day of __September__, 2019.

_____
Signature/Title of Staff

If Administrative Remedy is allowed to be resubmitted, it is due to a Unit Team staff member by _____, 2019.

Edits received by Unit Team on this _____ day of _____, 2019.

_____
Signature/Title of Staff

**Inmate Copy**

**Ex. G - Page 3**

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: SEPTEMBER 9, 2019

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTH CENTRAL REGIONAL OFFICE

TO  : DUSTIN LEE HONKEN, 06951-029
      TERRE HAUTE USP    UNT: SCU    QTR: X01-311L
      4700 BUREAU ROAD SOUTH
      TERRE HAUTE, IN 47802

FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID      : 987987-R1        REGIONAL APPEAL
DATE RECEIVED  : SEPTEMBER 9, 2019
SUBJECT 1      : OTHER LEGAL
SUBJECT 2      :
INCIDENT RPT NO:

REJECT REASON 1: SEE REMARKS.

REJECT REASON 2: YOU MAY RESUBMIT YOUR APPEAL IN PROPER FORM WITHIN
                 10 DAYS OF THE DATE OF THIS REJECTION NOTICE.

REMARKS        : YOU MUST STATE YOUR APPEAL AND RELIEF REQUESTED IN
                 THE PART A SECTION OF THE BP 10 FORM

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Honken, Dustin L.  06951-029  SCU  USP Terre Haute
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.  UNIT  INSTITUTION

**Part A - REASON FOR APPEAL** The method by which the federal government intends to execute prisoners violates the laws and Constitution of the United States for the following reasons: 1) The document entitled "Addendum to BOP Execution Protocol" (hereafter referred to as "protocol"), as well as the preceding execution method, violate the Administrative Procedure Act ("APA") because they were issued without notice-and-comment rulemaking, and the protocol was therefore enacted "without observance of procedure required by law." 7 U.S.C § 706(2)(D); 5 U.S.C. 553. 2) The protocol is "not in accordance with law," is "in excess of statutory jurisdiction, authority, or limitations," is "short of statutory right" and is "arbitrary, capricious, [and] an abuse of discretion" under the APA in that (a) the protocol's use, dispensing, and administration of pentobarbital -- including but not limited to a compounded version of the drug -- violates the Controlled Substances Act, 21 U.S.C. §§ 801, et seq. and its implementing regulations, as well as the Food Drug and Cosmetic Act, 21 U.S.C. §§ 301, et seq., and its implementing regulations; because (i) the protocol calls for the dispensing and administration of a Schedule II and III controlled substance without a valid prescription issued for a legitimate medical purpose in the usual course of a practitioner's medical practice and through a bona fide practitioner-patient relationship; and (ii) any compounded version of pentobarbital would be "essentially a copy" of an FDA-approved drug and thus an unapproved "new drug"; (b) the protocol violates Indiana law governing the dispensing of pentobarbital

September 19, 2019    (cont. on attachment)    *Dustin Honken*
DATE                                            SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED
SEP 24 2019
REGIONAL [illegible] OFFICE BOP
NORTH CENTRAL REGION

---

DATE                              REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                CASE NUMBER: 987987-R2

---

**Part C - RECEIPT**
                                          CASE NUMBER: _____

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

SUBJECT: _____

_____   _____
DATE              SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN                                                 BP-230(13)
                                                        JUNE 2002



(continued from BP-10 form)

and similar controlled substances and compounded drugs, including but not limited to Ind. Code §§ 35-48-2-6(e)m 35-48-2-8(c), 35-48-3-9, 35-48-4-2, and all relevant law; (c) the purportedly enabling regulations codified at 28 C.F.R. §§ 26.1-26.5 lack statutory authority; (d) the protocol violates the FDPA's requirements that federal executions (i) take place within state facilities under 18 U.S.C. §§ 3596-3597, and (ii) use either the execution method employed by the state in which the sentence was imposed (only a few of which states us pentobarbital), or that of another state chosen by the sentencing court situated within a state that lacks the death penalty (most of which use an execution method different from the protocol's); (e) the protocol may be carried out against mentally incompetent or intellectually disabled persons in violation of 18 U.S.C. § 3596(c); and (f) those who are selected and scheduled for execution under the protocol are chosen in a secretive and arbitrary fashion by the Attorney General, resulting in executions based on race, religion, geography, and other arbitrary factors. 3) The protocol is likely to cause severe pain to the prisoner in violation of the Eighth Amendment, including with the protocol's use, dispensing, and administration of the compounded pentobarbital, as well as the likelihood of such use, dispensing, and administration by inadequately trained and unqualified medical personnel.  4) The protocol is deliberately indifferent to the prisoner's serious medical need to be free from pain and suffering during the execution process, in violation of the Eighth Amendment as well as the prisoner's right to due process of law.  5) The protocol, and the actions of those who developed it and the plan to implement it, violate the due process rights of prisoners to notice and an opportunity to be heard, to equal protection of the law, and to be free of cruel and unusual punishment, in that (a) the prisoners lack knowledge of (i) the procedures that will be used to carry out their executions, (ii) the persons or entities who will be involved in executions and the training and qualifications of such persons, (iii) the persons or entities who compound and/or manufacture the pentobarbital with which the prisoners will be executed, and (iv) the processes by which the lethal drug will be compounded or manufactured; and (b) those who are selected and scheduled for execution under the protocol are chosen in a secretive and arbitrary fashion by the Attorney General, resulting in executions based on race, religion, geography, and other arbitrary factors.

I request that the execution protocol be modified to remedy the illegalites described above, and that the federal government's method of execution be promulgated in accordance with the Administrative Procedure Act.

U.S. Department of Justice
Federal Bureau of Prisons
North Central Regional Office

Regional Administrative Remedy Appeal
Part B - Response

Administrative Remedy Number: 987987-R2

This is in response to your Regional Administrative Remedy Appeal received in this office on September 24, 2019, in which you contend the method the federal government intends to execute prisoners violates several laws and the Constitution of the United States. For relief, you request the execution method be modified to remedy the alleged illegalities.

The information presented in your Regional Administrative Remedy Appeal, Request for Administrative Remedy, and the Warden's response, dated August 22, 2019, was reviewed. The Warden has accurately and adequately addressed the issues you raised. In accordance with Title 28, Code of Federal Regulations, Section 26.3(a)(4), a sentence of death in a federal case shall be implemented by intravenous injection of a lethal substance or substances in a quantity sufficient to cause death. The lethal injection procedures prescribed by the Bureau of Prisons Execution Protocol have been established in accordance with 28 C.F.R. § 26.3, and comply with all applicable laws and regulations.

Based on the above information, this response to your Regional Administrative Remedy Appeal is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

_10-15-19_
Date

J. E. Krueger, Regional Director