APPEAL,CONSOL

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:19–mc–00145–TSC</u>

IN THE MATTER OF THE FEDERAL BUREAU OF
PRISONS' EXECUTION PROTOCOL CASES
Assigned to: Judge Tanya S. Chutkan
Member cases:

    1:05–cv–02337–TSC

    1:07–cv–02145–TSC

    1:12–cv–00782–TSC

    1:13–cv–00938–TSC

    1:19–cv–02559–TSC

    1:19–cv–03214–TSC

Cases:  1:05–cv–02337–TSC

        1:07–cv–02145–TSC

        1:12–cv–00782–TSC

        1:13–cv–00938–TSC

        1:19–cv–03214–TSC

Cause: 42:1981 Civil Rights

Date Filed: 08/20/2019
Jury Demand: None
Nature of Suit: 550 Prisoner Petition: Civil
Rights (Other)
Jurisdiction: U.S. Government Defendant

**<u>In Re</u>**

**IN THE MATTER OF THE
FEDERAL BUREAU OF PRISONS'
EXECUTION PROTOCOL CASES**

**<u>Plaintiff</u>**

**JAMES H. ROANE, JR.,**
*(05cv2337)*

represented by **Joshua Christopher Toll**
KING & SPALDING, LLP
1700 Pennsylvania Avenue, NW
Suite 200
Washington, DC 20002
(202) 737–8616
Email: <u>jtoll@kslaw.com</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul F. Enzinna**
ELLERMAN ENZINNA PLLC
1050 30th Street NW
Washington, DC 20007
(202) 753–5553
Fax: (617) 289–0512
Email: <u>penzinna@ellermanenzinna.com</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**RICHARD TIPTON**
*(05cv2337)*

represented by **Charles Anthony Zdebski**
ECKERT SEAMANS CHERIN &
MELLOTT, LLC
Telecommunications Law
1717 Pennsylvania Avenue, N.W.
12th Floor
Washington, DC 20005
(202) 659−6605
Fax: (202) 659−6699
Email: czdebski@eckertseamans.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Christopher Toll**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brandon David Almond**
TROUTMAN SANDERS LLP
401 9th Street, NW
Suite 1000
Washington, DC 20004
(202) 274−2864
Fax: (202) 274−2994
Email: brandon.almond@troutmansanders.com
*ATTORNEY TO BE NOTICED*

**Gerald Wesley King , Jr.**
FEDERAL DEFENDER PROGRAM,
INC.
101 Marietta Street, NW
Suite 1500
Atlanta, GA 30303
(404) 688−7530
Fax: (404) 688−0768
Email: gerald_king@fd.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**CORY JOHNSON**
*(05cv2337)*

represented by **Charles Frederick Walker**
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
1440 New York Avenue, NW
Washington, DC 20005
(202) 371−7000
Email: Charles.Walker@skadden.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Charles Anthony Zdebski**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Donald P. Salzman**
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
1440 New York Avenue, NW
Washington, DC 20005
(202) 371–7983
Fax: (202) 661–9063
Email: Donald.salzman@skadden.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Christopher Toll**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven M Albertson**
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
1440 New York Avenue, NW
Washington, DC 20005
(202) 371–7112
Email: Steven.Albertson@skadden.com
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**JULIUS ROBINSON**            represented by   **Celeste Bacchi**
*07–cv–02145–TSC*                                 OFFICE OF THE PUBLIC DEFENDER
                                                  Capital Habeas Unit
                                                  321 East 2nd Street
                                                  Los Angeles, CA 90012
                                                  (213) 894–1887
                                                  Fax: (213) 894–0310
                                                  Email: celeste_bacchi@fd.org
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

                                                  **Craig Anthony Harbaugh**
                                                  FEDERAL PUBLIC DEFENDER,
                                                  CENTRAL DISTRICT OF CALIFORNIA
                                                  321 East Second Street
                                                  Los Angeles, CA 90012
                                                  (213) 894–7865
                                                  Fax: (213) 894–0310
                                                  Email: craig_harbaugh@fd.org
                                                  *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Jonathan Charles Aminoff**
FEDERAL PUBLIC DEFENDER,
CENTRAL DISTRICT OF CALIFORNIA
321 East Second Street
Los Angeles, CA 90012
(213) 894–5374
Fax: (213) 894–0310
Email: jonathan_aminoff@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**ALFRED BOURGEOIS**                    represented by   **Alexander Louis Kursman**
*12–cv–00782–TSC*                                        OFFICE OF THE FEDERAL
                                                         COMMUNITY DEFENDER/EDPA
                                                         601 Walnut Street
                                                         Suite 545 West
                                                         Philadelphia, PA 19106
                                                         (215) 928–0520
                                                         Email: alex_kursman@fd.org
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Billy H. Nolas**
                                                         FEDERAL COMMUNITY DEFENDER
                                                         OFFICE FOR THE EDPA
                                                         601 Walnut Street
                                                         Suite 545W
                                                         Philadelphia, PA 19106
                                                         (215) 928–0520
                                                         Fax: (215) 928–0826
                                                         Email: billy_nolas@fd.org
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Plaintiff**

**DANIEL LEWIS LEE**                     represented by   **David S. Victorson**
21303–009                                                HOGAN LOVELLS US LLP
TERRE HAUTE FCI                                          555 Thirteenth Street, NW
P.O. BOX 33                                             Washington, DC 20004
TERRE HAUTE, IN 47802                                    (202) 637–2061
                                                         Email: david.victorson@hoganlovells.com
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Elizabeth Hagerty**
                                                         HOGAN LOVELLS US LLP
                                                         555 Thirteenth Street, NW
                                                         Washington, DC 20004

(202) 637–3231
Fax: (202) 637–5910
Email: elizabeth.hagerty@hoganlovells.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John D. Beck**
HOGAN LOVELLS US LLP
390 Madison Ave
New York, NY 10017
(212) 918–3000
Fax: (212) 918–3100
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Pieter Van Tol**
HOGAN LOVELLS US LLP
390 Madison Ave
New York, NY 10017
(212) 918–3000
Fax: (212) 918–3100
Email: pieter.vantol@hoganlovells.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**WESLEY IRA PURKEY**                    represented by  **Arin Hillary Smith**
WILMER CUTLER PICKERING HALE
& DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
202–663–6959
Email: arin.smith@wilmerhale.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan E. Schoenfeld**
WILMER CUTLER PICKERING HALE
& DORR, LLP
250 Greenwich Street
7 World Trade Center
New York, NY 10007
(212) 937–7294
Fax: (212) 230–8888
Email: alan.schoenfeld@wilmerhale.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ryan M. Chabot**
WILMER CUTLER PICKERING HALE
& DORR LLP
250 Greenwich Street

New York, NY 10007
(212) 295–6513
Fax: (212) 230–8888
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Intervenor Plaintiff**

| | | |
|---|---|---|
| **BRUCE WEBSTER** | represented by | **Joshua Christopher Toll** |
| *(05cv2337)* | | (See above for address) |

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kathryn B. Codd**
VINSON & ELKINS, L.L.P.
2200 Pennsylvania Avenue, NW
Suite 500–West
Washington, DC 20037
(202) 639–6536
Fax: (202) 639–8936
Email: kcodd@velaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeanne Vosberg Sourgens**
VINSON & ELKINS L.L.P
The Willard Office Building
1455 Pennsylvania Avenue, NW
Suite 600
Washington, DC 20004
(202) 639–6633
Fax: (202) 639–6604
*ATTORNEY TO BE NOTICED*

**Robert E. Waters**
KING & SPALDING, LLP
1700 Pennsylvania Avenue, NW
Suite 200
Washington, DC 20006
(202) 737–0500
Email: rwaters@velaw.com
*ATTORNEY TO BE NOTICED*

**William E. Lawler , III**
VINSON & ELKINS LLP
2200 Pennsylvania Avenue, NW
Suite 500 West
Washington, DC 20037
202–639–6676
Email: wlawler@velaw.com

*ATTORNEY TO BE NOTICED*

**Yousri H. Omar**
VINSON & ELKINS LLP
2200 Pennsylvania Avenue, NW
Suite 500 West
Washington, DC 20037
(202) 639–6500
Email: yomar@velaw.com
*ATTORNEY TO BE NOTICED*

**Intervenor Plaintiff**

**ANTHONY BATTLE**          represented by   **Joshua Christopher Toll**
*(05cv2337)*                                (See above for address)
                                            *LEAD ATTORNEY*
                                            *ATTORNEY TO BE NOTICED*

                                            **Margaret O'Donnell**
                                            P.O. Box 4815
                                            Frankfort, KY 40604–4815
                                            (502) 320–1837
                                            Fax: (502) 227–4669
                                            Email: mod@dcr.net
                                            *LEAD ATTORNEY*
                                            *ATTORNEY TO BE NOTICED*

                                            **Abigail Bortnick**
                                            KING & SPALDING LLP
                                            1700 Pennsylvania Avenue, NW
                                            Washington, DC 20006
                                            (202) 626–5502
                                            Fax: (202) 626–3737
                                            Email: abortnick@kslaw.com
                                            *ATTORNEY TO BE NOTICED*

                                            **William E. Hoffmann , Jr.**
                                            KING & SPALDING, LLP
                                            1180 Peachtree Street, NE
                                            Atlanta, GA 30309
                                            (404) 572–3383
                                            Fax: (404) 572–5136
                                            *ATTORNEY TO BE NOTICED*

**Intervenor Plaintiff**

**ORLANDO HALL**          represented by   **Amy J. Lentz**
*(05cv2337)*                               STEPTOE & JOHNSON LLP
                                           1330 Connecticut Avenue, NW
                                           Washington, DC 20036
                                           (202) 429–1320
                                           Email: alentz@steptoe.com
                                           *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Joshua Christopher Toll**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark Joseph Hulkower**
STEPTOE & JOHNSON LLP
1330 CONNECTICUT AVENUE NW
Washington, DC 20036
(202) 429–6221
Email: mhulkower@steptoe.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew John Herrington**
STEPTOE & JOHNSON, LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429–8164
Email: mherrington@steptoe.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert A. Ayers**
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429–6401
Email: rayers@steptoe.com
*ATTORNEY TO BE NOTICED*

**Intervenor Plaintiff**

**DUSTIN LEE HONKEN**                    represented by    **Amelia J. Schmidt**
KAISER DILLON, PLLC
1099 14th Street
Suite 800 West
Washington, DC 20005
202–869–1301
Email: aschmidt@KaiserDillon.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan Jeffress**
KAISER DILLON, PLLC
1099 14th Street
Suite 800 West
Washington, DC 20005
(202) 640–2850
Fax: (202) 280–1034
Email: jjeffress@kaiserdillon.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

| | |
|---|---|
| **KAREN TANDY**<br>*Administrator, Drug Enforcement*<br>*Administration (05cv2337)* | represented by **Denise M. Clark**<br>U.S. ATTORNEY'S OFFICE FOR THE<br>DISTRICT OF COLUMBIA<br>555 Fourth Street, NW<br>Washington, DC 20530<br>(202) 252–6605<br>Fax: (202) 252–2599<br>Email: denise.clark@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Paul Perkins**
U.S. DEPARTMENT OF JUSTICE
Civil Division
950 Pennsylvania Ave, NW
Washington, DC 20530
202–514–5090
Email: paul.r.perkins@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter S. Smith**
UNITED STATES ATTORNEY'S
OFFICE
Appellate Division
555 4th Street, NW
Eighth Floor
Washington, DC 20530–0001
(202) 252–6769
Fax: (202) 514–8779
Email: peter.smith@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan Burch**
U.S. ATTORNEY'S OFFICE FOR THE
DISTRICT OF COLUMBIA
555 Fourth Street, NW
Washington, DC 20530
(202) 252–2550
Email: alan.burch@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Ethan Price Davis**
U.S. DEPARTMENT OF JUSTICE

950 Pennsylvania Ave. NW
Washington, DC 20530
(202) 616–4171
Email: Ethan.davis@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Jean Lin**
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
1100 L Street, NW
Room 11532
Washington, DC 20005
(202) 514–3716
Fax: (202) 616–8470
Email: jean.lin@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Jonathan D. Kossak**
U.S. DEPARTMENT OF JUSTICE
Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
(202) 305–0612
Email: jonathan.kossak@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**HARLEY G. LAPPIN**                    represented by   **Denise M. Clark**
*Director, Federal Bureau of Prisons;*                   (See above for address)
*05cv2337;07cv02145*                                     *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Paul Perkins**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Alan Burch**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Ethan Price Davis**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Jean Lin**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Jonathan D. Kossak**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**NEWTON E. KENDIG, II**
*Medical Director, Health Services*
*Division, Federal Bureau of Prisons;*
*05cv2337;12cv782 ;13cv938*

represented by   **Denise M. Clark**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul Perkins**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter S. Smith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert J. Erickson**
U. S. DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue, NW
Room 1515
Washington, DC 20530
(202) 514–2841
Fax: (202) 305–2121
Email: robert.erickson@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan Burch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ethan Price Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jean Lin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan D. Kossak**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**MARK BEZY**
*Warden, U.S. Penitentiary Terre Haute*
*(05cv2337)*

represented by   **Denise M. Clark**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul Perkins**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter S. Smith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert J. Erickson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan Burch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ethan Price Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jean Lin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan D. Kossak**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**JOHN DOES**
*I–V, Individually and in their official
capacities 05cv2337; 12cv00782 I–X*

represented by **Denise M. Clark**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul Perkins**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan Burch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ethan Price Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jean Lin**
(See above for address)
*ATTORNEY TO BE NOTICED*

Jonathan D. Kossak
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**THOMAS WEBSTER**                    represented by   **Denise M. Clark**
*M.D.– Clinical Director;*                             (See above for address)
*05cv2337;12cv782; 13cv938*                            *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Jean Lin**
                                                       (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Paul Perkins**
                                                       (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Alan Burch**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Ethan Price Davis**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Jonathan D. Kossak**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

**Defendant**

**ERIC H. HOLDER, JR.**               represented by   **Denise M. Clark**
*Attorney General for the United States of*            (See above for address)
*America; 05cv2337; 12cv782;13cv938*                   *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Paul F. Enzinna**
                                                       (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Paul Perkins**
                                                       (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Alan Burch**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

**Ethan Price Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jean Lin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan D. Kossak**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**MICHAEL B. MUKASEY**                    represented by   **Denise M. Clark**
*07−cv−02145−TSC*                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Paul Perkins**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Alan Burch**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Ethan Price Davis**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Jean Lin**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Jonathan D. Kossak**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**KAREN TANDY**                           represented by   **Denise M. Clark**
*07−cv−02145−TSC*                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Paul Perkins**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Alan Burch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ethan Price Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jean Lin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan D. Kossak**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**ALAN R. DOERHOFF**                     represented by   **Denise M. Clark**
*07−cv−02145−TSC*                                         (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Paul Perkins**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Alan Burch**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Ethan Price Davis**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Jean Lin**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Jonathan D. Kossak**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**JOHN DOES**                            represented by   **Denise M. Clark**
*I−IV, Individually and in their official*               (See above for address)
*capacities; 07−cv−02145−TSC*                            *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Paul Perkins**
                                                          (See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan Burch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ethan Price Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jean Lin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan D. Kossak**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**MICHELE LEONHART**                  represented by   **Denise M. Clark**
*07−cv−02145; 12cv782; 13cv938*                       (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Paul Perkins**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Alan Burch**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Ethan Price Davis**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Jean Lin**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Jonathan D. Kossak**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**CHARLES E. SAMUELS, JR.**          represented by   **Denise M. Clark**
*07−cv−02145; 12−cv−00782*                            (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

**Paul Perkins**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan Burch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ethan Price Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jean Lin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan D. Kossak**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**JOHN F. CARAWAY**                    represented by    **Denise M. Clark**
*07cv2145; 13cv938*                                      (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Paul Perkins**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Alan Burch**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Ethan Price Davis**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Jean Lin**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Jonathan D. Kossak**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

                                  represented by

**UNITED STATES DEPARTMENT
OF JUSTICE**
*12cv782; 13cv938*

**Denise M. Clark**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul Perkins**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan Burch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ethan Price Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jean Lin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan D. Kossak**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**PAUL LAIRD**                  represented by  **Denise M. Clark**
*12−cv−00782*                                   (See above for address)
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

**Paul Perkins**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan Burch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ethan Price Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jean Lin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan D. Kossak**
(See above for address)
*ATTORNEY TO BE NOTICED*

18

**Defendant**

**KERRY J. FORESTAL**                    represented by    **Denise M. Clark**
*12cv782;13cv938*                                          (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Paul Perkins**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Alan Burch**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Ethan Price Davis**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Jean Lin**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Jonathan D. Kossak**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**CHARLES L. LOCKETT**                   represented by    **Denise M. Clark**
*12−cv−00782*                                              (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Paul Perkins**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Alan Burch**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Ethan Price Davis**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Jean Lin**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Jonathan D. Kossak**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**CHADRICK EVAN FULKS**                     represented by     **Amy Gershenfeld Donnella**
*13cv938*                                                                               FEDERAL COMMUNITY DEFENDER
                                                                                              OFFICE FOR THE EDPA
                                                                                              601 Walnut Street
                                                                                              Suite 545W
                                                                                              Philadelphia, PA 19106
                                                                                              (215) 928–0520
                                                                                              Email: amy_donnella@fd.org
                                                                                              *LEAD ATTORNEY*
                                                                                              *ATTORNEY TO BE NOTICED*

                                                                                              **Billy H. Nolas**
                                                                                              (See above for address)
                                                                                              *LEAD ATTORNEY*
                                                                                              *ATTORNEY TO BE NOTICED*

                                                                                              **Joseph William Luby**
                                                                                              FEDERAL PUBLIC DEFENDER/EDPA
                                                                                              601 Walnut Street
                                                                                              Suite 545 West
                                                                                              Philadelphia, PA 19106
                                                                                              (215) 928–0520
                                                                                              Email: joseph_luby@fd.org
                                                                                              *LEAD ATTORNEY*
                                                                                              *ATTORNEY TO BE NOTICED*

                                                                                              **Paul Perkins**
                                                                                              (See above for address)
                                                                                              *LEAD ATTORNEY*
                                                                                              *ATTORNEY TO BE NOTICED*

                                                                                              **Alan Burch**
                                                                                              (See above for address)
                                                                                              *ATTORNEY TO BE NOTICED*

                                                                                              **Ethan Price Davis**
                                                                                              (See above for address)
                                                                                              *ATTORNEY TO BE NOTICED*

                                                                                              **Jean Lin**
                                                                                              (See above for address)
                                                                                              *ATTORNEY TO BE NOTICED*

                                                                                              **Jonathan D. Kossak**
                                                                                              (See above for address)
                                                                                              *ATTORNEY TO BE NOTICED*

**Defendant**

**WILLIAM P. BARR**
*19−cv−03214−TSC*

represented by **Paul Perkins**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan Burch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**JEFFREY E. KRUEGER**
*19−cv−03214−TSC*

represented by **Paul Perkins**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan Burch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**JOSEPH MCCLAIN**
*19−cv−03214−TSC*

represented by **Paul Perkins**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan Burch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**RADM CHRIS A. BINA**
*19−cv−03214−TSC*

represented by **Paul Perkins**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan Burch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**T. J. WATSON**
*19−cv−03214−TSC*

represented by **Paul Perkins**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan Burch**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Debtor−in−Possess**

**WILLIAM E. WILSON**
*M.D.,; 19−cv−03214−TSC*


V.

**Intervenor Defendant**

| | | |
|---|---|---|
| **RICHARD VEACH**<br>*Warden, U.S. Penitentiary Terre Haute*<br>*(05cv2337); 07cv02145* | represented by | **Denise M. Clark**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Intervenor**

| | | |
|---|---|---|
| **JEFFREY PAUL**<br>*(05cv2337)* | represented by | **Gary E. Proctor**<br>LAW OFFICES OF GARY E. PROCTOR,<br>LLC<br>8 E. Mulberry Street<br>Baltimore, MD 21202<br>(410) 444−1500<br>Fax: (443) 836−9162<br>Email: garyeproctor@gmail.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Robert L. McGlasson**<br>MCGLASSON & ASSOCIATES, PC<br>1024 Clairemont Avenue<br>Decatur, GA 30030<br>(404) 314−7664<br>Fax: (404) 879−0005<br>Email: rlmcglasson@comcast.net<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |
| | | **Sean D. O'Brien**<br>PUBLIC INTEREST LITIGATION<br>CLINIC<br>6155 Oak<br>Suite C<br>Kansas City, MO 64113<br>(816) 363−2795<br>Fax: (816) 363−2799<br>Email: dplc@dplclinic.com<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |
| | | **Shawn Nolan**<br>FEDERAL COMMUNITY DEFENDER |

OFFICE, EASTERN DISTRICT OF
PENN
601 Walnut Street
Suite 545 W
Philadelphia, PA 19107
(215) 928–0528
Fax: (215) 928–0826
Email: shawn.nolan@fd.org
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 08/15/2019 | | | Minute Entry: Status Conference held on 8/15/2019 before Judge Tanya S. Chutkan: Parties will adhere to the following schedule: Defendants shall file the administrative record on or before August 30, 2019; Plaintiffs shall complete the necessary 30(b)(6) depositions on or before February 28, 2020; and Plaintiffs shall file an amended complaint on or before March 31, 2020. Order forthcoming regarding consolidation of 05–2337; 07–2145; 12–782; and 13–958. (Court Reporter Bryan Wayne) (tb) Modified on 8/19/2019 (lctsc1). (Entered: 08/16/2019)– (Entry originally filed in 05cv2337 on 08/15/19.) (Entered: 08/29/2019) |
| 08/20/2019 | 1 | | ORDER: Upon consideration of the parties consent motions and the representations made by the parties at the August 15, 2019 status conference, the court hereby consolidates the four mention cases in the case caption of this order, pursuant to Federal Rule of Civil Procedure 42(a). It is therefore ORDERED that the following cases are to be consolidated into A Master Case File established for the lead case, 05–cv–2337 (TSC), as well as 07–cv–2145 (TSC), 12–cv–0782 (TSC), and 13–cv–0938 (TSC). All filings shall be made solely in the Master Case. SEE ORDER FOR DETAILS. Signed by Judge Tanya S. Chutkan on 8/20/19. (ztd) (Main Document 1 replaced on 8/29/2019) (tb). Modified on 8/29/2019 (DJS). (Entered: 08/27/2019) |
| 08/29/2019 | 2 | | MOTION for Preliminary Injunction by ALFRED BOURGEOIS (Attachments: # 1 Statement of Facts, # 2 Text of Proposed Order)(ztd); (Document originally filed in 12cv782 on 8/19/19) (Entered: 08/29/2019) |
| 08/29/2019 | 3 | | MOTION for Extension of Time to File Response/Reply by ERIC H. HOLDER, JR, NEWTON E. KENDIG, II, HARLEY G. LAPPIN, MICHAEL B. MUKASEY (Attachments: # 1 Text of Proposed Order)(ztd); (Document originally filed in 05cv2337.) (Entered: 08/29/2019) |
| 08/29/2019 | | | MINUTE ORDER: Defendants' consent motion 3 for an extension of time to file a response to Plaintiff Alfred Bourgeois' (12–cv–00782) motion 2 for a preliminary injunction barring the execution of Plaintiff Bourgeois is GRANTED. Defendants shall file their response on or before September 16, 2019. Plaintiff's reply is due within one week of Defendants' response or September 23, 2019, whichever date is earlier. Signed by Judge Tanya S. Chutkan on 8/29/2019. (lctsc1) (Entered: 08/29/2019) |
| 08/30/2019 | 4 | | NOTICE *of Filing Certification of the Administrative Record and the Index of the Administrative Record* by UNITED STATES DEPARTMENT OF JUSTICE (Attachments: # 1 Certified List of the Contents of the Administrative |

| | | |
|---|---|---|
| | | Records)Associated Cases: 1:19–mc–00145–TSC, 1:05–cv–02337–TSC, 1:07–cv–02145–TSC, 1:12–cv–00782–TSC, 1:13–cv–00938–TSC(Clark, Denise) (Entered: 08/30/2019) |
| 09/04/2019 | | Set/Reset Deadlines: Response due by 9/16/2019. Reply due by 9/23/2019. Associated Cases: 1:19–mc–00145–TSC, 1:05–cv–02337–TSC, 1:07–cv–02145–TSC, 1:12–cv–00782–TSC, 1:13–cv–00938–TSC(tb) (Entered: 09/04/2019) |
| 09/05/2019 | 5 | NOTICE of Appearance by Jean Lin on behalf of All Defendants (Lin, Jean) (Entered: 09/05/2019) |
| 09/05/2019 | 6 | Memorandum in opposition to re 2 MOTION for Preliminary Injunction *(This Document Relates to Bourgeois v. Department of Justice, No. 12–0782* filed by KERRY J. FORESTAL, ERIC H. HOLDER, JR, PAUL LAIRD, MICHELE LEONHART, CHARLES L. LOCKETT, MICHAEL B. MUKASEY, CHARLES E. SAMUELS, JR, UNITED STATES DEPARTMENT OF JUSTICE, THOMAS WEBSTER. (Lin, Jean) (Entered: 09/05/2019) |
| 09/05/2019 | 7 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Pieter Van Tol, :Firm– Hogan Lovells US LLP, :Address– 390 Madison Avenue New York, NY 10017. Phone No. – (212) 918–3000. Fax No. – (212) 918–3100 Filing fee $ 100, receipt number 0090–6360193. Fee Status: Fee Paid. by DANIEL LEWIS LEE (Attachments: # 1 Declaration of Pieter Van Tol, # 2 Text of Proposed Order, # 3 Certificate of Service)(Hagerty, Elizabeth) (Entered: 09/05/2019) |
| 09/05/2019 | 8 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– John D. Beck, :Firm– Hogan Lovells US LLP, :Address– 390 Madison Avenue New York, NY 10017. Phone No. – (212) 918–3000. Fax No. – (212) 918–3100 Filing fee $ 100, receipt number 0090–6360222. Fee Status: Fee Paid. by DANIEL LEWIS LEE (Attachments: # 1 Declaration of John D. Beck, # 2 Text of Proposed Order, # 3 Certificate of Service)(Hagerty, Elizabeth) (Entered: 09/05/2019) |
| 09/06/2019 | | MINUTE ORDER: THIS ORDER RELATES TO LEE (19cv2559). Granting 7 8 Motions for Leave to Appear Pro Hac Vice. Pieter Van Tol and John D. Beck are hereby admitted pro hac vice to appear in this matter on behalf of Plaintiff Daniel Lee. Signed by Judge Tanya S. Chutkan on 9/6/19. (DJS) (Entered: 09/06/2019) |
| 09/06/2019 | | MINUTE ORDER: THIS ORDER RELATES TO ALL CASES. The parties are hereby reminded that, pursuant to the cour's Consolidation Order (ECF No. 1 ), when a filing is made that applies solely to ONE CASE, both the document and THE ECF ENTRY must contain a notation indicating that the filing Relates to [insert case NAME and NUMBER]. Documents that do not meet the requirements in the court's order may be STRICKEN sua sponte. Signed by Judge Tanya S. Chutkan on 9/6/19. (DJS) (Entered: 09/06/2019) |
| 09/10/2019 | 9 | NOTICE of Appearance by David Solomon Victorson on behalf of DANIEL LEWIS LEE (Victorson, David) (Entered: 09/10/2019) |
| 09/11/2019 | 10 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 9/11/2019. Answer due for ALL FEDERAL DEFENDANTS by 11/10/2019. (Hagerty, Elizabeth) (Entered: 09/11/2019) |

| 09/12/2019 | 11 | REPLY to opposition to motion re (2 in 1:19–mc–00145–TSC) MOTION for Preliminary Injunction (*The filing relates to Bourgeois v. United States Department of Justice, et al., No. 12–cv–0782–TSC)* filed by ALFRED BOURGEOIS. Associated Cases: 1:19–mc–00145–TSC et al.(Kursman, Alexander) (Entered: 09/12/2019) |
|---|---|---|
| 09/13/2019 | | MINUTE ORDER: The Court's 8/15/19 Order requiring that the Defendants file the administrative "record" by 8/30/19, is hereby AMENDED to reflect that, pursuant to Local Civil Rule 7(n), Defendants were obligated to file "a certified list of the contents of the administrative record" by 8/30/19. Signed by Judge Tanya S. Chutkan on 9/13/19. (DJS) (Entered: 09/13/2019) |
| 09/13/2019 | 12 | TRANSCRIPT OF STATUS HEARING before Judge Tanya S. Chutkan held on August 15, 2019, re Consolidated Cases, CV Nos. 05–2337, 07–2145, 12–0782, 13–0938. Page Numbers: 1–22. Date of Issuance: 9/13/19. Court Reporter: Bryan A. Wayne. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 10/4/2019. Redacted Transcript Deadline set for 10/14/2019. Release of Transcript Restriction set for 12/12/2019.(Wayne, Bryan) (Entered: 09/13/2019) |
| 09/27/2019 | 13 | MOTION for Preliminary Injunction (*This filing relates to Lee v. Barr et al., Case No. 19–cv–02559–TSC)* by DANIEL LEWIS LEE (Attachments: # 1 Memorandum in Support, # 2 Declaration of Pieter Van Tol, # 3 Exhibit 1 – True and correct copy of a document entitled Addendum to BOP Execution Protocol Federal Death Sentence Implementation Procedures Effective July 25, 2019., # 4 Text of Proposed Order)(Van Tol, Pieter) (Entered: 09/27/2019) |
| 10/01/2019 | 14 | Joint MOTION for Briefing Schedule as to 13 MOTION for Preliminary Injunction (*This filing relates to Lee v. Barr et al., Case No. 19–cv–02559–TSC) (This document relates to Lee v. Barr,19–cv–2559)* by UNITED STATES DEPARTMENT OF JUSTICE (Attachments: # 1 Text of Proposed Order)(Lin, Jean) Modified event title on 10/3/2019 (znmw). (Entered: 10/01/2019) |
| 10/01/2019 | | MINUTE ORDER: The parties' joint motion 14 for an extension of time to file a response and reply to Plaintiff Daniel Lee's (19–cv–02559) motion 13 for a preliminary injunction barring implementation of the new federal lethal injunction protocol is GRANTED. Defendants shall file their response on or |

| | | |
|---|---|---|
| | | before October 18, 2019. Plaintiff's reply is due on or before November 1, 2019. Signed by Judge Tanya S. Chutkan on 10/1/2019. (lctsc1) (Entered: 10/01/2019) |
| 10/01/2019 | | Set/Reset Deadlines: Defendants' Response due by 10/18/2019. Plaintiff's Reply due by 11/1/2019. (zjd) (Entered: 10/03/2019) |
| 10/02/2019 | <u>15</u> | NOTICE of Appearance by Amy J. Lentz on behalf of ORLANDO HALL (Lentz, Amy) (Main Document 15 replaced on 10/2/2019) (ztd). (Entered: 10/02/2019) |
| 10/18/2019 | <u>16</u> | Memorandum in opposition to re <u>13</u> MOTION for Preliminary Injunction *(This filing relates to Lee v. Barr et al., Case No. 19−cv−02559−TSC) (This document relates to Lee v. Barr,19−cv−2559)* filed by MARK BEZY, JOHN F. CARAWAY, ALAN R. DOERHOFF, JOHN DOES(I−IV, Individually and in their official capacities; 07−cv−02145−TSC), JOHN DOES(I−V, Individually and in their official capacities 05cv2337; 12cv00782 I−X), KERRY J. FORESTAL, CHADRICK EVAN FULKS, ERIC H. HOLDER, JR, NEWTON E. KENDIG, II, PAUL LAIRD, HARLEY G. LAPPIN, MICHELE LEONHART, CHARLES L. LOCKETT, MICHAEL B. MUKASEY, CHARLES E. SAMUELS, JR, KAREN TANDY(Administrator, Drug Enforcement Administration (05cv2337)), UNITED STATES DEPARTMENT OF JUSTICE, THOMAS WEBSTER. (Lin, Jean) (Entered: 10/18/2019) |
| 10/24/2019 | <u>17</u> | ENTERED IN ERROR.....NOTICE *of Supplementation to the Administrative Record and Filing of Certification of the Amended Administrative Record and the Amended Index of the Administrative Record* by MARK BEZY, JOHN F. CARAWAY, ALAN R. DOERHOFF, JOHN DOES(I−IV, Individually and in their official capacities; 07−cv−02145−TSC), JOHN DOES(I−V, Individually and in their official capacities 05cv2337; 12cv00782 I−X), KERRY J. FORESTAL, CHADRICK EVAN FULKS, ERIC H. HOLDER, JR, NEWTON E. KENDIG, II, PAUL LAIRD, HARLEY G. LAPPIN, MICHELE LEONHART, CHARLES L. LOCKETT, MICHAEL B. MUKASEY, KAREN TANDY(Administrator, Drug Enforcement Administration (05cv2337)), KAREN TANDY(07−cv−02145−TSC), UNITED STATES DEPARTMENT OF JUSTICE, THOMAS WEBSTER re <u>4</u> Notice (Other), (Attachments: # <u>1</u> Certification and Amended Index to Administrative Record)(Kossak, Jonathan) Modified on 10/25/2019 (zjf). (Entered: 10/24/2019) |
| 10/24/2019 | <u>18</u> | MOTION for Leave to File *supplemental briefing in support of Daniel Lewis Lee's Motion for Preliminary Injunction* <u>13</u> *(This filing relates to Lee v. Barr et al., Case No. 19−cv−02559−TSC)*, MOTION for Leave to File Excess Pages *for a reply brief* by DANIEL LEWIS LEE (Attachments: # <u>1</u> Declaration of Pieter Van Tol, # <u>2</u> Exhibit 1 − Transcript for August 15, 2019 Hearing before Court, # <u>3</u> Exhibit 2 − E−mail exchange between P. Van Tol and counsel for Defendants, October 2, 2019, # <u>4</u> Exhibit 3 − E−mail exchange between counsel for Defendants and P. Enzinna, September 25, 2019 and October 1, 2019, # <u>5</u> Exhibit 4 − E−mail exchange between P. Van Tol and counsel for Defendants, October 7, 2019 to October 23, 2019, # <u>6</u> Text of Proposed Order)(Van Tol, Pieter) (Entered: 10/24/2019) |
| 10/25/2019 | <u>19</u> | RESPONSE re <u>18</u> MOTION for Leave to File *supplemental briefing in support of Daniel Lewis Lee's Motion for Preliminary Injunction* <u>13</u> *(This filing relates to Lee v. Barr et al., Case No. 19−cv−02559−TSC)* MOTION for Leave to File Excess Pages *for a reply brief* filed by UNITED STATES DEPARTMENT OF |

| | | | |
|---|---|---|---|
| | | | JUSTICE. (Clark, Denise) (Entered: 10/25/2019) |
| 10/25/2019 | | | NOTICE OF CORRECTED DOCKET ENTRY: Document No. re <u>17</u> Notice (Other) was entered in error at the request of counsel and will be refiled.(jf) (Entered: 10/25/2019) |
| 10/25/2019 | <u>20</u> | | NOTICE *(Corrected) of Supplementation to the Administrative Record and Filing of Certification of the Amended Administrative Record and the Amended Index of the Administrative Record (This filing relates to all cases consolidated in In the Matter of the Federal Bureau of Prisons' Execution Protocol Cases, Case No. 19−mc−145)* by MARK BEZY, JOHN F. CARAWAY, ALAN R. DOERHOFF, JOHN DOES(I–IV, Individually and in their official capacities; 07−cv−02145−TSC), JOHN DOES(I–V, Individually and in their official capacities 05cv2337; 12cv00782 I–X), KERRY J. FORESTAL, CHADRICK EVAN FULKS, ERIC H. HOLDER, JR, NEWTON E. KENDIG, II, PAUL LAIRD, HARLEY G. LAPPIN, MICHELE LEONHART, CHARLES L. LOCKETT, MICHAEL B. MUKASEY, CHARLES E. SAMUELS, JR, KAREN TANDY(Administrator, Drug Enforcement Administration (05cv2337)), KAREN TANDY(07−cv−02145−TSC), UNITED STATES DEPARTMENT OF JUSTICE, THOMAS WEBSTER re <u>4</u> Notice (Other), (Attachments: # <u>1</u> Certification and Amended Index to Administrative Record)(Kossak, Jonathan) (Entered: 10/25/2019) |
| 10/29/2019 | <u>21</u> | | NOTICE of Appearance by Jonathan D. Kossak on behalf of All Defendants (Kossak, Jonathan) (Entered: 10/29/2019) |
| 11/01/2019 | | | MINUTE ORDER granting, in part, and denying, in part, <u>18</u> Motion to Allow Supplemental Briefing and to Extend Page Limit. Granting with respect to page extension and denying without prejudice until further order of the Court with respect to supplemental briefing. Signed by Judge Tanya S. Chutkan on 11/1/19. (lcdl) (Entered: 11/01/2019) |
| 11/01/2019 | <u>22</u> | | REPLY to opposition to motion re <u>13</u> MOTION for Preliminary Injunction *(This filing relates to Lee v. Barr et al., Case No. 19−cv−02559−TSC) (This filing relates to Lee v. Barr et al., Case No. 19−cv−02559−TSC)* filed by DANIEL LEWIS LEE. (Van Tol, Pieter) (Entered: 11/01/2019) |
| 11/01/2019 | <u>23</u> | | DECLARATION of Pieter Van Tol to <u>22</u> . . . .REPLY to opposition to motion re <u>13</u> MOTION for Preliminary Injunction *(This filing relates to Lee v. Barr et al., Case No. 19−cv−02559−TSC) Reply Declaration of Pieter Van Tol (This filing relates to Lee v. Barr et al., Case No. 19−cv−02559−TSC)* filed by DANIEL LEWIS LEE. (Attachments: # <u>1</u> Exhibit A − Appellants Petition for En Banc Rehearing Death Penalty Case, May 14, 2020, # <u>2</u> Exhibit B −E−mail exchange between me and counsel for the Defendants between the period of October 7, 2019 and October 23, 2019, # <u>3</u> Exhibit C − Transcript for the conference before the Court on August 15, 2019)(Van Tol, Pieter) Modified text on 11/4/2019 (ztd). (Entered: 11/01/2019) |
| 11/01/2019 | <u>24</u> | | DECLARATION of Gail A. Van Norman, M.D. to <u>22</u> . . . . . REPLY to opposition to motion re <u>13</u> MOTION for Preliminary Injunction *(This filing relates to Lee v. Barr et al., Case No. 19−cv−02559−TSC) Expert Declaration of Gail A. Van (This filing relates to Lee v. Barr et al., Case No. 19−cv−02559−TSC) Norman, M.D.* filed by DANIEL LEWIS LEE. (Van Tol, Pieter) Modified text on 11/4/2019 (ztd). (Entered: 11/01/2019) |

| 11/01/2019 | 25 | | DECLARATION of Craig W. Stevens, Ph.D. to 22 . . . . .REPLY to opposition to motion re 13 MOTION for Preliminary Injunction *(This filing relates to Lee v. Barr et al., Case No. 19−cv−02559−TSC) Expert Declaration of Craig W. Stevens Ph.D. (This filing relates to Lee v. Barr et al., Case No. 19−cv−02559−TSC)* filed by DANIEL LEWIS LEE. (Van Tol, Pieter) Modified text on 11/4/2019 (ztd). (Entered: 11/01/2019) |
|---|---|---|---|
| 11/01/2019 | 26 | | Unopposed MOTION to Intervene by DUSTIN LEE HONKEN (Attachments: # 1 Exhibit Complaint, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit)Associated Cases: 1:19−mc−00145−TSC et al.(Schmidt, Amelia) (Entered: 11/01/2019) |
| 11/04/2019 | 27 | | MOTION for Extension of Time to *Respond to Complaint* by UNITED STATES DEPARTMENT OF JUSTICE (Clark, Denise) Modified on 11/5/2019 (ztd). (Entered: 11/04/2019) |
| 11/05/2019 | 28 | | NOTICE of Appearance by Jonathan Jeffress on behalf of DUSTIN LEE HONKEN (Jeffress, Jonathan) (Entered: 11/05/2019) |
| 11/05/2019 | 29 | | MOTION for Preliminary Injunction by DUSTIN LEE HONKEN (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit)(Jeffress, Jonathan) (Entered: 11/05/2019) |
| 11/05/2019 | | | NOTICE OF ERROR re 28 Notice of Appearance; emailed to jjeffress@kaiserdillon.com, cc'd 64 associated attorneys −− The PDF file you docketed contained errors: 1. Counsel must call Attorney Admissions, (202) 354−3110, regarding status. (ztd, ) (Entered: 11/05/2019) |
| 11/05/2019 | 30 | | RESPONSE re 27 MOTION for Extension of Time to File Response/Reply *(This filing relates to Lee v. Barr et al., Case No. 19−cv−02559−TSC)* filed by DANIEL LEWIS LEE. (Van Tol, Pieter) (Entered: 11/05/2019) |
| 11/05/2019 | 31 | | Consent MOTION for Extension of Time to *Respond to Proposed Plaintiff/Intervenor Honken's Motion for Preliminary Injunction (This filing relates to Lee v. Barr et al., Case No. 19−cv−02559−TSC)* by MARK BEZY, JOHN F. CARAWAY, ALAN R. DOERHOFF, JOHN DOES(I–IV, Individually and in their official capacities; 07−cv−02145−TSC), JOHN DOES(I–V, Individually and in their official capacities 05cv2337; 12cv00782 I–X), KERRY J. FORESTAL, CHADRICK EVAN FULKS, ERIC H. HOLDER, JR, NEWTON E. KENDIG, II, PAUL LAIRD, HARLEY G. LAPPIN, MICHELE LEONHART, CHARLES L. LOCKETT, MICHAEL B. MUKASEY, CHARLES E. SAMUELS, JR, KAREN TANDY(Administrator, Drug Enforcement Administration (05cv2337)), KAREN TANDY(07−cv−02145−TSC), UNITED STATES DEPARTMENT OF JUSTICE, THOMAS WEBSTER (Attachments: # 1 Text of Proposed Order)(Kossak, Jonathan) (Entered: 11/05/2019) |
| 11/06/2019 | 32 | | MOTION for Leave to File *the expert declarations of Gail A. Norman, M.D. and Craig W. Stevens, Ph.D. (This filing relates to Lee v. Barr et al., Case No. 19−cv−02559−TSC)* by DANIEL LEWIS LEE (Attachments: # 1 Text of Proposed Order)(Van Tol, Pieter) (Entered: 11/06/2019) |
| 11/07/2019 | 33 | | Joint MOTION for Hearing *(This filing relates to All Cases)* by DANIEL LEWIS LEE (Van Tol, Pieter) (Entered: 11/07/2019) |

| 11/07/2019 | | | MINUTE ORDER denying 33 the parties' motion for a hearing without prejudice until further order of the Court. The Court intends to issue a ruling and/or hold a hearing no later than November 20, 2019. Signed by Judge Tanya S. Chutkan on November 7, 2019. (tsclc2) (Entered: 11/07/2019) |
|---|---|---|---|
| 11/08/2019 | | | MINUTE ORDER: Granting 26 Dustin Lee Honkin's Unopposed Motion to Intervene, pursuant to Federal Rule of Civil Procedure 24(b). Denying 31 Consent Motion for Extension of Time to respond to Dustin Lee Honkin's Motion for Preliminary Judgment. Defendant shall file its response by November 12, 2019 at 5pm. Plaintiff's reply brief shall be filed by November 18, 2019 at 12 pm. The Court will view motions for extension with extreme disfavor. Granting 27 Defendant's Motion for Extension of Time to Respond to Daniel Lewis Lee's Complaint. Defendant's response to the Complaint shall be filed no later than April 30, 2020 at 12 p.m.. Signed by Judge Tanya S. Chutkan on 11/8/2019. (tsclc2) (Entered: 11/08/2019) |
| 11/08/2019 | | | Set/Reset Deadlines/Hearings: Answer due by 4/30/2020. Response due by 11/12/2019. Reply due by 11/18/2019. (tb) (Entered: 11/08/2019) |
| 11/08/2019 | 34 | | MOTION for Preliminary Injunction *Barring the Implementation of the Newly Announced Federal Lethal Injection Protocol,* by WESLEY IRA PURKEY (Attachments: # 1 Text of Proposed Order)(Smith, Arin) (Entered: 11/08/2019) |
| 11/08/2019 | 38 | | Intervenor COMPLAINT filed by DUSTIN LEE HONKEN. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14)(ztd) (Entered: 11/13/2019) |
| 11/12/2019 | 35 | | NOTICE of Appearance by Ethan Price Davis on behalf of All Defendants (Attachments: # 1 Certificate of Service)(Davis, Ethan) (Entered: 11/12/2019) |
| 11/12/2019 | 36 | | RESPONSE re 29 MOTION for Preliminary Injunction *(This document relates to Lee v. Barr, 19−cv−2559, re Intervenor Plaintiff Honken)* filed by UNITED STATES DEPARTMENT OF JUSTICE. (Attachments: # 1 Declaration of Raul Campos)(Lin, Jean) (Entered: 11/12/2019) |
| 11/12/2019 | 37 | | Memorandum in opposition to re 34 MOTION for Preliminary Injunction *Barring the Implementation of the Newly Announced Federal Lethal Injection Protocol, (This document relates to Purkey v. Barr, 19−cv−03214)* filed by UNITED STATES DEPARTMENT OF JUSTICE. (Lin, Jean) (Entered: 11/12/2019) |
| 11/12/2019 | | | MINUTE ORDER: Defendant shall file the administrative record in its entirety no later than November 14, 2019 at 5pm. Given this order, parties need not jointly prepare the appendix referred to in Local Civil Rule 7(n)(1),(2). Signed by Judge Tanya S. Chutkan on 11/12/19. (tsclc2) (Entered: 11/12/2019) |
| 11/13/2019 | | | MINUTE ORDER: This order relates to 19cv3214 (Wesley Purkey). GRANTING Motions for Admission Pro Hac Vice filed in 19cv3214−TSC at ECF Nos. 3 and 4 Alan E. Schoenfeld and Ryan M. Chabot are hereby admitted pro hac vice in this matter on behalf of Wesley Purkey. Signed by Judge Tanya S. Chutkan on 11/13/19. (DJS) Modified on 11/13/2019 (tb). Modified on 11/13/2019 (tb). (Entered: 11/13/2019) |
| 11/13/2019 | | | |

| | | | |
|---|---|---|---|
| | | | MINUTE ORDER: Counsel are hereby reminded that pursuant to Paragraph 8 of this court's Consolidation Order 1 , when a document is filed that relates to one or more, but not all consolidated cases, the relevant case name(s) and CASE NUMBER(S) must appear in the caption of the document AND on the CM/ECF ENTRY (e.g., This document relates to LEE HONKEN 19−cv−2559). Signed by Judge Tanya S. Chutkan on 11/13/19. (DJS) (Entered: 11/13/2019) |
| 11/13/2019 | 39 | | NOTICE *of Filing of the Amended Administrative Record (this filing relates to All Cases)* by UNITED STATES DEPARTMENT OF JUSTICE (Attachments: # 1 Amended Administrative Record)(Kossak, Jonathan) (Entered: 11/13/2019) |
| 11/13/2019 | 40 | | NOTICE of Appearance− Pro Bono by Charles Frederick Walker on behalf of CORY JOHNSON (Walker, Charles) (Entered: 11/13/2019) |
| 11/13/2019 | 41 | | NOTICE of Appearance− Pro Bono by Steven M Albertson on behalf of CORY JOHNSON (Albertson, Steven) (Entered: 11/13/2019) |
| 11/14/2019 | | | Set/Reset Deadlines: Administrative Record due by 11/14/2019. (tb) (Entered: 11/14/2019) |
| 11/14/2019 | 42 | | NOTICE of Appearance by Alan Burch on behalf of All Defendants (Burch, Alan) (Entered: 11/14/2019) |
| 11/14/2019 | 43 | | NOTICE of Appearance by Paul Perkins on behalf of All Defendants (Perkins, Paul) (Entered: 11/14/2019) |
| 11/18/2019 | 44 | | REPLY to opposition to motion re (29 in 1:19−mc−00145−TSC) MOTION for Preliminary Injunction filed by DUSTIN LEE HONKEN. (Attachments: # 1 Exhibit)Associated Cases: 1:19−mc−00145−TSC, 1:19−cv−02559−TSC(Jeffress, Jonathan) (Entered: 11/18/2019) |
| 11/18/2019 | 45 | | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by DUSTIN LEE HONKEN (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit Reply to Opposition, # 2 Exhibit Exhibit 1)(Jeffress, Jonathan) (Entered: 11/18/2019) |
| 11/18/2019 | 46 | | SEALED MOTION filed by WESLEY IRA PURKEY (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Text of Proposed Order)(Smith, Arin) (Entered: 11/18/2019) |
| 11/18/2019 | 47 | | REPLY to opposition to motion re 34 MOTION for Preliminary Injunction *Barring the Implementation of the Newly Announced Federal Lethal Injection Protocol,* (This document relates to Purkey v. Barr, 19−cv−03214) filed by WESLEY IRA PURKEY. (Attachments: # 1 Exhibit 1)(Smith, Arin) Modified text on 11/18/2019 at the request of counsel (ztth). (Entered: 11/18/2019) |
| 11/18/2019 | | | MINUTE ORDER: Granting DUSTIN LEE HONKEN's 45 Sealed Motion for Leave to File Document Under Seal and WESLEY IRA PURKEY's 46 Sealed Motion for leave to File Document Under Seal. SO ORDERED − by Judge Tanya S. Chutkan on 11/18/19. (tb) (Entered: 11/18/2019) |
| 11/18/2019 | 48 | | SEALED REPLY TO OPPOSITION filed by DUSTIN LEE HONKEN re 29 MOTION for Preliminary Injunction (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit)(ztd) (Entered: 11/19/2019) |

| 11/18/2019 | 49 | | SEALED REPLY TO OPPOSITION filed by WESLEY IRA PURKEY re 34 MOTION for Preliminary Injunction *Barring the Implementation of the Newly Announced Federal Lethal Injection Protocol,* (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit)(ztd) (Entered: 11/19/2019) |
| 11/20/2019 | 50 | | MEMORANDUM AND OPINION regarding Plaintiffs' motions 2 13 29 34 for preliminary injunction. Signed by Judge Tanya S. Chutkan on 11/20/2019. (tsclc) (Entered: 11/20/2019) |
| 11/20/2019 | 51 | | ORDER granting 2 Motion for Preliminary Injunction; granting 13 Motion for Preliminary Injunction; granting 29 Motion for Preliminary Injunction; granting 34 Motion for Preliminary Injunction. Defendants are hereby enjoined from executing Plaintiffs until further order of this court. See Order for additional details. Signed by Judge Tanya S. Chutkan on 11/20/2019. (tsclc) (Entered: 11/20/2019) |
| 11/21/2019 | 52 | | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 51 Order on Motion for Preliminary Injunction,,,,,,, 50 Order by UNITED STATES DEPARTMENT OF JUSTICE. Fee Status: No Fee Paid. Parties have been notified. (Attachments: # 1 November 20, 2019 Order, # 2 November 20, 2019 Memorandum Opinion)(Lin, Jean) (Entered: 11/21/2019) |
| 11/21/2019 | 53 | | MOTION to Stay *Preliminary Injunction Pending Appeal (This document relates to Bourgeois v. Dep't of Justice, 12−cv−782, Lee v. Barr, 19−cv−2559, and Purkey v. Barr, 19−cv−3214)* by UNITED STATES DEPARTMENT OF JUSTICE (Attachments: # 1 Text of Proposed Order)(Lin, Jean) (Entered: 11/21/2019) |
| 11/21/2019 | 54 | | AFFIDAVIT re 53 MOTION to Stay *Preliminary Injunction Pending Appeal (This document relates to Bourgeois v. Dep't of Justice, 12−cv−782, Lee v. Barr, 19−cv−2559, and Purkey v. Barr, 19−cv−3214) (Declaration of Rick Winter)* by UNITED STATES DEPARTMENT OF JUSTICE. (Lin, Jean) (Entered: 11/21/2019) |

**IN THE DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| ) | |
| In the Matter of the ) | |
| Federal Bureau of Prisons' Execution ) | |
| Protocol Cases, ) | |
| ) | |
| LEAD CASE: *Roane et al. v. Barr* ) | Case No. 19-mc-145 (TSC) |
| ) | |
| ) | |
| THIS DOCUMENT RELATES TO: ) | |
| ) | |
| *Bourgeois v. U.S. Dep't of Justice, et al.*, ) | |
| No. 12-cv-782 ) | |
| ) | |
| *Lee & Honken v. Barr, et al.*, No. 19-cv-2559 ) | |
| ) | |
| *Purkey v. Barr, et al.*, No. 19-cv-3214 ) | |
| ) | |

## DEFENDANTS' NOTICE OF APPEAL

Notice is hereby given this 21st day of November, 2019, that Defendants in this action

appeal to the United States Court of Appeals for the District of Columbia Circuit from the Order

of this Court entered on November 20, 2019, *see* ECF Nos. 50 (Memorandum Opinion) and 51

(Order) (both attached hereto), in which the Court granted "the Motions for Preliminary

Injunction filed by the following individuals: Alfred Bourgeois (ECF No. 2), Dustin Lee

Honken (ECF No. 29), Daniel Lewis Lee (ECF No. 13), and Wesley Ira Purkey (ECF No. 34),"

and ordered "that Defendants (along with their respective successors in office, officers, agents,

servants, employees, attorneys, and anyone acting in concert with them) are enjoined from

executing Plaintiffs until further order of this court." Order, ECF No. 51.

Dated: November 21, 2019

Respectfully submitted,

JESSIE K. LIU
United States Attorney

DANIEL F. VAN HORN
Civil Chief, U.S. Attorney's Office

ALAN BURCH
JOHN MOUSTAKAS
Assistant United States Attorney
U.S. Attorney's Office
for the District of Columbia
Washington, D.C. 20530
Alan.Burch@usdoj.gov
John.Moustakas@usdoj.gov

JOSEPH H. HUNT
Assistant Attorney General

ETHAN P. DAVIS
Principal Deputy Assistant Attorney General

JAMES M. BURNHAM
Deputy Assistant Attorney General

PAUL R. PERKINS
Special Counsel to the Assistant Attorney General

/s/ *Jean Lin*
JEAN LIN (NY Bar 4074530)
Special Counsel
JONATHAN KOSSAK (DC Bar 991478)
Trial Attorney
Civil Division
Federal Programs Branch
Civil Division, Department of Justice
1100 L Street, N.W.
Washington, D.C. 20005
(202) 514-3716
Jean.lin@usdoj.gov
Jonathan.Kossak@usdoj.gov

*Attorneys for Defendants*

I hereby certify that on November 21, 2019, I caused a true and correct copy of foregoing to be served on all counsel of record via the Court's CM/ECF system. Pursuant to this Court's August 20, 2019 Order, below is a list of all plaintiffs' counsel of record:

**Joshua Christopher Toll**
KING & SPALDING LLP
(202) 737-8616
Email: jtoll@kslaw.com

**Charles Anthony Zdebski**
ECKERT SEAMANS CHERIN &
MELLOTT, LLC
(202) 659-6605
Email: czdebski@eckertseamans.com

**Gerald Wesley King, Jr.**
FEDERAL DEFENDER PROGRAM, INC.
(404) 688-7530
Email: gerald_king@fd.org

**Celeste Bacchi**
OFFICE OF THE PUBLIC DEFENDER
Capital Habeas Unit
(213) 894-1887
Email: celestw_bacchi@fd.org

**Jonathan Charles Aminoff**
FEDERAL PUBLIC DEFENDER,
CENTRAL DISTRICT OF CALIFORNIA
(213) 894-5374
Email: jonathan_aminoff@fd.org

**\*Billy H. Nolas**
FEDERAL COMMUNITY DEFENDER
OFFICE FOR THE EDPA
(215) 928-0520
Email: Billy_Nolas@fd.org

**\*Jeanne Vosberg Sourgens**
VINSON & ELKINS, L.L.P.
(202) 639-6633

**Paul F. Enzinna**
ELLERMAN ENZINNA PLLC
(202) 753-5553
Email: penzinna@ellermanenzinna.com

**Brandon David Almond**
TROUTMAN SANDERS LLP
(202) 274-2864
Email: brandon.almond@troutmansanders.com

**Donald P. Salzman**
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
(202) 371-7983
Email: Donald.salzman@skadden.com

**Craig Anthony Harbaugh**
FEDERAL PUBLIC DEFENDER, CENTRAL
DISTRICT OF CALIFORNIA
(213) 894-7865
Email: craig_harbaugh@fd.org

**Alexander Louis Kursman**
OFFICE OF THE FEDERAL COMMUNITY
DEFENDER/EDPA
(215) 928-0520
Email: Alex_Kursman@fd.org

**\*Kathryn B. Codd**
VINSON & ELKINS, L.L.P.
(202) 639-6536
Email: kcodd@velaw.com

**Robert E. Waters**
VINSON & ELKINS, L.L.P.
(202) 737-0500
Email: rwaters@velaw.com

1

**William E. Lawler, III**
VINSON & ELKINS, L.L.P.
(202) 639-6676
Email: wlawler@velaw.com

**Margaret O'Donnell**
(502) 320-1837
Email: mod@dcr.net

**\*William E. Hoffman, Jr.**
KING & SPALDING LLP
(404) 572-3383

**Matthew John Herrington**
**S**TEPTOE & JOHNSON LLP
(202) 429-8164
Email: mherrington@steptoe.com

**Gary E. Proctor**
LAW OFFICES OF GARY E. PROCTOR,
LLC
(410) 444-1500
Email: garyeproctor@gmail.com

**Sean D. O'Brien**
PUBLIC INTERSET LITIGATION CLINIC
(816) 363-2795
Email: dplc@dplclinic.com

**Amy Gershenfeld Donnella**
FEDERAL COMMUNITY DEFENDER
OFFICE FOR THE EDPA
(215) 928-0520
Email: amy_donnella@fd.org

**Elizabeth Hagerty**
HOGAN LOVELLS US LLP
(202) 637-3231
Email: elizabeth.hagerty@hoganlovells.com

**\*Yousri H. Omar**
VINSON & ELKINS, L.L.P.
(202) 639-6500
Email: yomar@velaw.com

**Abigail Bortnick**
KING & SPALDING LLP
(202) 626-5502
Email: abortnick@kslaw.com

**\*Mark Joseph Hulkower**
**S**TEPTOE & JOHNSON LLP
(202) 429-6221
Email: mhulkower@steptoe.com

**Robert A. Ayers**
**S**TEPTOE & JOHNSON LLP
(202) 429-6401
Email: rayers@steptoe.com

**Robert L. McGlasson**
MCGLASSON & ASSOCIATES, PC
(404) 314-7664
Email: rlmcglasson@comcast.net

**Shawn Nolan**
FEDERAL COMMUNITY DEFENDER
OFFICE, EDPA
(215) 928-0528
Email: shawn_nolan@fd.org

**Joseph William Luby**
FEDERAL PUBLIC DEFENDER/EDPA
(215) 928-0520
Email: joseph_luby@fd.org

**David Victorson**
(202) 637-2061
HOGAN LOVELLS US LLP
Email: David.Victorson@hoganlovells.com

2

**John D. Beck**
HOGAN LOVELLS US LLP
(212) 918-3000
Email: john.beck@hoganlovells.com

**Amy J. Lentz**
**STEPTOE & JOHNSON**
(202) 429-1320
Email:  Alentz@steptoe.com

**Ryan M. Chabot**
**WILMER CUTLER PICKERING**
(202) 663-6939
Email: Ryan.Chabot@wilmerhale.com

**Jon Jeffress**
**KaiserDillon PLLC**
202-640-2850
Email: jjeffress@kaiserdillon.com

**Pieter Van Tol**
HOGAN LOVELLS US LLP
(212) 918-3000
Email: Pieter.Vantol@hoganlovells.com

**Arin Smith**
**WILMER CUTLER PICKERING**
(202) 663-6939
Email: Arin.Smith@wilmerhale.com

**Alan E. Schoenfeld**
**WILMER CUTLER PICKERING**
(202) 663-6939
Email: Alan.Schoenfeld@wilmerhale.com

**Timothy Kane**
**FEDERAL COMMUNITY DEFENDER**
**OFFICE, EDPA**
(215) 928-0528
Email: timothy_kane@fd.org

/s/ *Jean Lin*
JEAN LIN

* No e-mail provided on the docket or counsel no longer with the identified firms.

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| In the Matter of the )<br>Federal Bureau of Prisons' Execution )<br>Protocol Cases, )<br> )<br>LEAD CASE: *Roane et al. v. Barr* )<br> )<br>THIS DOCUMENT RELATES TO: )<br> )<br>*Bourgeois v. U.S. Dep't of Justice, et al.*, )<br>12-cv-0782 )<br> )<br>*Lee v. Barr*, 19-cv-2559 )<br> )<br>*Purkey v. Barr, et al.*, 19-cv-03214 )<br> ) | Case No. 19-mc-145 (TSC) |

## ORDER

For the reasons set forth in the accompanying Memorandum Opinion, the court hereby GRANTS the Motions for Preliminary Injunction filed by the following individuals: Alfred Bourgeois (ECF No. 2), Dustin Lee Honken (ECF No. 29), Daniel Lewis Lee (ECF No. 13), and Wesley Ira Purkey (ECF No. 34).

It is hereby ORDERED that Defendants (along with their respective successors in office, officers, agents, servants, employees, attorneys, and anyone acting in concert with them) are enjoined from executing Plaintiffs until further order of this court.

Date:  November 20, 2019

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

1

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| In the Matter of the<br>Federal Bureau of Prisons' Execution<br>Protocol Cases,<br><br>LEAD CASE: *Roane et al. v. Barr*<br><br>THIS DOCUMENT RELATES TO:<br><br>*Bourgeois v. U.S. Dep't of Justice, et al.*,<br>12-cv-0782<br><br>*Lee v. Barr*, 19-cv-2559<br><br>*Purkey v. Barr, et al.*, 19-cv-03214 | Case No. 19-mc-145 (TSC) |

## MEMORANDUM OPINION

On July 25th of this year, the U.S. Department of Justice ("DOJ") announced plans to execute five people. *See* Press Release, Dep't of Justice, Federal Government to Resume Capital Punishment After Nearly Two Decade Lapse (July 25, 2019), https://www.justice.gov/opa/pr/federal-government-resume-capital-punishment-after-nearly-two-decade-lapse. The DOJ intends to execute Daniel Lewis Lee on December 9, 2019; Lezmond Mitchell on December 11, 2019; Wesley Ira Purkey on December 13, 2019; Alfred Bourgeois on January 13, 2020; and Dustin Lee Honken on January 15, 2020. *Id.* To implement these executions, the Federal Bureau of Prisons ("BOP") adopted a new execution protocol: the "2019 Protocol." *Id;* (ECF No. 39-1 ("Administrative R.") at 1021–1075).

Four of the five individuals with execution dates[1] (collectively, "Plaintiffs"), have filed complaints against the DOJ and BOP (collectively, "Defendants"), alleging that the 2019

---

[1] Mitchell has not filed a complaint in this court.

1

Protocol is unlawful and unconstitutional on numerous grounds.[2] *See Purkey v. Barr,* 19-cv-03214 (D.D.C.), Doc. # 1 (Oct. 25, 2019); *Lee v. Barr,* 1:19-cv-02559 (D.D.C.), Doc. #1 (Aug. 23, 2019); *Bourgeois v. U.S. Dep't of Justice, et al.*, 1:12-cv-00782 (D.D.C.), Doc. # 1 (May 5, 2012); ECF. No. 38 ("Honken Compl."). The court consolidated the cases and ordered Plaintiffs to complete the necessary 30(b)(6) depositions on or before February 29, 2020 and to amend their complaints on or before March 31, 2020. (*See* ECF No. 1 ("Consolidation Order"); Min. Entry, Aug. 15, 2019.) Because Plaintiffs are scheduled to be executed before their claims can be fully litigated, they have asked this court, pursuant to Federal Rule of Civil Procedure 65 and Local Rule 65.1, to preliminarily enjoin the DOJ and BOP from executing them while they litigate their claims. (ECF No. 34 ("Purkey Mot. for Prelim. Inj."); ECF No. 29 ("Honken Mot. for Prelim. Inj."); ECF No. 13 ("Lee Mot. for Prelim. Inj."); ECF No. 2 ("Bourgeois Mot. for Prelim. Inj.")) Having reviewed the parties' filings, the record, and the relevant case law, and for the reasons set forth below, the court hereby GRANTS Plaintiffs' Motions for Preliminary Injunction.

## I. BACKGROUND

Beginning in 1937, Congress required federal executions to be conducted in the manner prescribed by the state of conviction. *See* 50 Stat. § 304 (former 18 U.S.C. 542 (1937)), recodified as 62 Stat. § 837 (former 18 U.S.C. 3566). After the Supreme Court instituted a *de*

---

[2] Bourgeois' complaint was filed in 2012 and relates to a separate execution protocol. *See Bourgeois v. U.S. Dep't of Justice, et al.*, 1:12-cv-00782 (D.D.C.), Doc. # 1 (May 5, 2012). In addition, his Motion for Preliminary Injunction (ECF. No. 2 ("Bourgeois Mot. for Prelim. Inj.")) does not articulate his bases for a preliminary injunction, but instead argues that a preliminary injunction is warranted because the plaintiffs in the *Roane* litigation were granted a preliminary injunction. Despite the shortcomings of Bourgeois' briefing, this court has determined that he meets the requirements of a preliminary injunction, as do the three other plaintiffs in the consolidated case, whose motions are fully briefed.

2

*facto* moratorium on the death penalty in *Furman v. Georgia*, 408 U.S. 238, 239–40 (1972), and then lifted it in *Gregg v. Georgia,* 428 U.S. 153, 187 (1976), Congress reinstated the death penalty for certain federal crimes but did not specify a procedure for implementation. *See* Anti-Drug Abuse Act of 1988, Pub. L. 100–690, § 7001, 102 Stat. 4181 (enacted Nov. 18, 1988). Four years later, under the direction of then-Attorney General William Barr, the DOJ published a proposed rule to establish a procedure for implementing executions. Implementation of Death Sentences in Federal Cases, 57 Fed. Reg. 56536 (proposed Nov. 30, 1992). The proposed rule noted that the repeal of the 1937 statute "left a need for procedures for obtaining and executing death orders." *Id.* The final rule, issued in 1993, provided a uniform method and place of execution. *See* 58 Fed. Reg. 4898 (1993), *codified at* 28 C.F.R. pt. 26 (setting method of execution as "intravenous injection of a lethal substance.")

But a year later, Congress reinstated the traditional approach of following state practices through passage of the Federal Death Penalty Act ("FDPA"). *See* Pub. L. No. 103–322, 108 Stat. 1796 (1994), *codified at* 18 U.S.C. §§ 3591–3599. The FDPA establishes that the U.S. Marshal "shall supervise implementation of the sentence in the manner prescribed by the law of the State in which the sentence is imposed." *Id.* § 3596(a). The FDPA provides no exceptions to this rule and does not contemplate the establishment of a separate federal execution procedure. Plaintiffs' cases are governed by the FDPA because when the death penalty portions of the ADAA were repealed in 2006, the FDPA was "effectively render[ed] . . . applicable to all federal death-eligible offenses." *United States v. Barrett*, 496 F.3d 1079, 1106 (10th Cir. 2007).

Given the conflict between the FDPA's state-by-state approach and the uniform federal approach adopted by DOJ's 1993 rule (28 C.F.R. pt. 26), the DOJ and BOP supported proposed legislation to amend the FDPA to allow them to carry out executions under their own procedures.

3

One bill, for example, would have amended § 3596(a) to provide that the death sentence "shall be implemented pursuant to regulations prescribed by the Attorney General." H.R. 2359, 104th Cong. § 1 (1995). In his written testimony supporting the bill, Assistant Attorney General Andrew Fois wrote that "H.R. 2359 would allow Federal executions to be carried out . . . pursuant to uniform Federal regulations" and that "amending 18 U.S.C. § 3596 [would] allow for the implementation of Federal death sentences pursuant to Federal regulations promulgated by the Attorney General." *Written Testimony on H.R. 2359 Before the Subcomm. on Crime of the H. Comm. on the Judiciary*, 104th Cong. 1 (1995) (Statement of Andrew Fois, Assistant Att'y Gen. of the United States). None of the proposed amendments were enacted, and the FDPA continues to require the federal government to carry out executions in the manner prescribed by the states of conviction.

In 2005, three individuals facing death sentences sued, alleging that their executions were to be administered under an unlawful and unconstitutional execution protocol. *Roane v. Gonzales*, 1:05-cv-02337 (D.D.C.), Doc. #1 ¶ 2. The court preliminarily enjoined their executions. *Roane*, Doc. #5. Three other individuals on death row intervened, and the court enjoined their executions. *See Roane*, Doc. #23, 27, 36, 38, 67, 68. A seventh individual on death row subsequently intervened and had his execution enjoined as well. *See id.* Doc. #333. During this litigation, the government produced a 50-page document ("2004 Main Protocol") outlining BOP execution procedures. *Roane*, Doc. #179–3. The 2004 Main Protocol cites 28 C.F.R. pt. 26 for authority and does not mention the FDPA. *See id.* at 1. The government then produced two three-page addenda to the 2004 Main Protocol. *See Roane*, Doc. #177-1 (Addendum to Protocol, Aug. 1, 2008) (the "2008 Addendum"); *Roane*, Doc. #177-3 (Addendum to Protocol, July 1, 2007) ("2007 Addendum"). In 2011 the DOJ announced that the

4

BOP did not have the drugs needed to implement the 2008 Addendum. *See* Letter from Office of Attorney General to National Association of Attorneys General, (Mar. 4, 2011), https://files.deathpenaltyinfo.org/legacy/documents/2011.03.04.Holder.Letter.pdf. The government told the court that the BOP "has decided to modify its lethal injection protocol but the protocol revisions have not yet been finalized." *Roane*, Doc. #288 at 2. In response, the court stayed the *Roane* litigation.

No further action was taken in the cases for seven years, until July of this year, when DOJ announced a new addendum to the execution protocol ("2019 Addendum") (Administrative R. at 870–871), that replaces the three-drug protocol of the 2008 Addendum with a single drug: pentobarbital sodium. *See id* at ¶ C. In addition to the 2019 Addendum, the BOP adopted a new protocol to replace the 2004 Main Protocol (the 2019 Main Protocol). (Administrative R. at 1021–1075.)

The court held a status conference in the *Roane* action on August 15, 2019. (*See* Min. Entry, Aug. 15, 2019). In addition to the *Roane* plaintiffs, the court heard from counsel for three other death-row inmates, including Bourgeois, all of whom cited the need for additional discovery on the new protocol. (*See* ECF No. 12 ("Status Hr'g Tr.")). The government indicated that it was unwilling to stay the executions, and the court bifurcated discovery and ordered Plaintiffs to complete 30(b)(6) depositions by February 28, 2020 and to file amended complaints by March 31, 2020. (*See* Min. Entry, Aug. 15, 2019.)

Lee filed a complaint challenging the 2019 Addendum on August 23, 2019 (*see Lee v. Barr*, 1:19-cv-02559 (D.D.C.), Doc. 1), and a motion for a preliminary injunction on September 27, 2019, (Lee Mot. for Prelim. Inj.). On August 29, 2019 Bourgeois moved to preliminarily enjoin his execution. (Bourgeois Mot. for Prelim. Inj.) Honken filed an unopposed motion to

5

intervene in *Lee v. Barr*, which was granted. (ECF No. 26. ("Honken Mot. to Intervene").) He then filed a motion for a preliminary injunction on November 5, 2019. (Honken Mot. for Prelim. Inj.) Purkey filed a complaint and a motion for preliminary injunction under a separate case number, 1:19-cv-03214, which was consolidated with *Roane*. Thus, the court now has before it four fully briefed motions to preliminarily enjoin the DOJ and BOP from executing Lee, Purkey, Bourgeois, and Honken.

## II. ANALYSIS

A preliminary injunction is an "extraordinary remedy" that is "never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 24 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008)). Courts consider four factors on a motion for a preliminary injunction: (1) the likelihood of plaintiff's success on the merits, (2) the threat of irreparable harm to the plaintiff absent an injunction, (3) the balance of equities, and (4) the public interest. *Id.* at 20 (citations omitted); *John Doe Co. v. Consumer Fin. Prot. Bureau,* 849 F.3d 1129, 1131 (D.C. Cir. 2017). The D.C. Circuit has traditionally evaluated claims for injunctive relief on a sliding scale, such that "a strong showing on one factor could make up for a weaker showing on another." *Sherley v. Sebelius,* 644 F.3d 388, 392 (D.C. Cir. 2011). It has been suggested, however, that a movant's showing regarding success on the merits "is an independent, free-standing requirement for a preliminary injunction." *Id.* at 393 (quoting *Davis v. Pension Ben. Guar. Corp.*, 571 F.3d 1288, 1296 (D.C. Cir. 2009) (Kavanaugh, J., concurring)). Here, Plaintiffs' claims independently satisfy the merits requirement.

### A. <u>Likelihood of Success on the Merits</u>

Plaintiffs allege, *inter alia*, that the 2019 Protocol exceeds statutory authority and therefore under the Administrative Procedure Act ("APA"), it must be set aside. Under the APA,

6

a reviewing court "shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be . . . in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." 5 U.S.C. § 706(2)(C). Plaintiffs argue that the 2019 Protocol exceeds statutory authority by establishing a single procedure for all federal executions rather than using the FDPA's state-prescribed procedure. (Purkey Mot. for Prelim. Inj. at 16; Honken Mot. for Prelim. Inj. at 34–35; Lee Mot. for Prelim. Inj. at 5–6, 17). Given that the FDPA expressly requires the federal government to implement executions in the manner prescribed by the state of conviction, this court finds Plaintiffs have shown a likelihood of success on the merits as to this claim.

Defendants argue that the 2019 Protocol "is not contrary to the FDPA" because the authority given to DOJ and BOP through § 3596(a) of the FDPA "necessarily includes the authority to specify . . . procedures for carrying out the death sentence." (ECF No. 16 ("Defs. Mot. in Opp. To Lee Mot. for Prelim. Inj.") at 34.) Section 3596(a) states:

> When the [death] sentence is to be implemented, the Attorney General shall release the person sentenced to death to the custody of a United States marshal, *who shall supervise implementation of the sentence in the manner prescribed by the law of the State in which the sentence is imposed.* If the law of the State does not provide for implementation of a sentence of death, the court shall designate another State, the law of which does provide for the implementation of a sentence of death, and the sentence shall be implemented in the latter State in the manner prescribed by such law.

18 U.S.C. § 3596(a) (emphasis added). Because a United States Marshal is to "supervise" the process, it does appear that at least some authority is granted to the Marshal. But it goes too far to say that such authority necessarily includes the authority to decide procedures without reference to state policy. The statute expressly provides that "the implementation of the sentence" shall be done "in the manner" prescribed by state law. *Id.* Thus, as between states and federal agencies, the FDPA gives decision-making authority regarding "implementation" to the

7

former. Accordingly, the 2019 Protocol's uniform procedure approach very likely exceeds the authority provided by the FDPA.

Defendants contest the meaning of the words "implementation" and "manner." As they interpret § 3596(a), Congress only gave the states the authority to decide the "method" of execution, e.g., whether to use lethal injection or an alternative, not the authority to decide additional procedural details such as the substance to be injected or the safeguards taken during the injection. The court finds this reading implausible. First, the statute does not refer to the "method" of execution, a word with particular meaning in the death penalty context. *See id.* Instead, it requires that the "implementation" of a death sentence be done in the "manner" prescribed by the state of conviction. *Id.* "Manner" means "a mode of procedure or way of acting." *Manner*, MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 756 (11th ed. 2014.) The statute's use of the word "manner" thus includes not just execution method but also execution *procedure.* To adopt Defendants' interpretation of "manner" would ignore its plain meaning. As one district court concluded, "the implementation of the death sentence [under the FDPA] involves a process which includes more than just the method of execution utilized." *United States v. Hammer*, 121 F. Supp. 2d 794, 798 (M.D. Pa. 2000). [3]

---

[3] Defendants cite three cases to suggest that "manner" means "method": *Higgs v. United States*, 711 F. Supp. 2d 479, 556 (D. Md. 2010); *United States v. Bourgeois,* 423 F.3d 501 (5th Cir. 2005); and *United States v. Fell*, No. 5:0-cr-12-01, 2018 WL 7270622 (D. Vt. Aug. 7 2018). *Higgs* interpreted the FDPA to require the federal government to follow a state's chosen method of execution but not to follow any other state procedure. 711 F. Supp. 2d at 556. This interpretation, however, was stated in dicta and is not supported by persuasive reasoning. *Id*. *Bourgeois* did not reach the question of what the words "implementation" and "manner" mean in 18 U.S.C. § 3596(a). 423 F.3d 501 (5th Cir. 2005). Instead, it evaluated only whether the sentence violated Texas law. *Id.* at 509. The opinion appeared to assume that § 3596(a) only requires the federal government to follow the state-prescribed method of execution, but it provided no basis for that assumption. *Id.*at 509. In *Fell*, the district court held that the creation of a federal death chamber does not violate the FDPA. *Fell,* slip op., at 4. This holding affirms the notion that the federal government has some authority in execution procedure (such as the

Moreover, legislative efforts to amend the FDPA further support this court's interpretation of the terms "manner" and "implementation." As noted above, in 1995, the year after the FDPA became law, the DOJ supported bills amending the statute to allow the DOJ and BOP to create a uniform method of execution, indicating that the FDPA as drafted did not permit federal authorities to establish a uniform procedure. The amendments were never enacted.

Defendants argue that reading the FDPA as requiring adherence to more than the state's prescribed method of execution leads to absurd results. (*See, e.g.*, Defs. Mot. in Opp. to Purkey Mot. for Prelim. Inj. at 28.) They contend that if the state's choice of drug is to be followed, the federal government would have to "stock all possible lethal agents used by the States." *Id.* But the FDPA contemplates and provides for this very situation: it permits the United States Marshal to allow the assistance of a state or local official and to use state and local facilities. 18 U.S.C. § 3596(a). Moreover, the practice of following state procedure and using state facilities has a long history in the United States. Before the modern death penalty, the relevant statute provided that the:

> manner of inflicting the punishment of death shall be the manner prescribed by the laws of the State within which the sentence is imposed. The United States marshal charged with the execution of the sentence may use available State or local facilities and the services of an appropriate State or local official . . .

50 Stat. § 304 (former 18 U.S.C. 542 (1937)), recodified as 62 Stat. § 837 (former 18 U.S.C. 3566) (1948). The federal government carried out executions in accordance with this statute for decades, including those of Julius and Ethel Rosenberg in New York's Sing Sing prison, and Victor Feguer in the Iowa State Penitentiary. *See Feguer v. United States,* 302 F.2d 214, 216

---

place of execution), but it does not conflict with the proposition that the FDPA requires the federal government to follow state procedure as to more than simply the method of execution.

(8th Cir. 1962) (noting sentence of death by hanging imposed pursuant to § 3566 and Iowa law); *Rosenberg v. Carroll,* 99 F. Supp. 630, 632 (S.D.N.Y. 1951) (applying § 3566 to uphold state law confinement prior to execution). Thus, far from creating absurd results, requiring the federal government to follow more than just the state's method of execution is consistent with other sections of the statute and with historical practices. For all these reasons, this court finds that the FDPA does not authorize the creation of a single implementation procedure for federal executions.

Defendants argue that the 2019 Protocol derives authority from 28 C.F.R. § 26.3(a), which provides that executions are to be carried out at the time and place designated by the Director of the BOP, at a federal penal or correctional institution, and by injection of a lethal substance or substances under the direction of the U.S. Marshal. (Defs. Mot. in Opp. to Lee Mot. for Prelim. Inj. at 31.) However, this argument is undercut by the fact that, as with the 2019 Protocol itself, 28 C.F.R. Pt. 26 also conflicts with the FDPA. As noted above, 28 C.F.R. Pt. 26 was promulgated in 1993 (before the FDPA was enacted) to implement the Anti-Drug Abuse Act of 1988, 21 U.S.C. § 848(e) (the "ADAA"), which does not specify how federal executions are to be carried out. 28 C.F.R. § 26.3(a) filled that gap by providing an implementation procedure. But when Congress passed its own requirements for the implementation procedure in the FDPA, those requirements conflicted with 28 C.F.R. § 26.3(a).

Defendants concede that "where a regulation contradicts a statute, the latter prevails." (Defs. Mot. in Opp. to Lee Mot. for Prelim. Inj. at 31.) They argue instead that the regulation does not conflict with the FDPA as applied to Plaintiffs because lethal injection (the method required by 28 C.F.R. § 26.3(a)(4)) is either permitted or required in the Plaintiffs' states of

conviction (Texas, Arkansas, Missouri, and Indiana[4]). (ECF No. 37 ("Defs. Mot. in Opp. to Purkey Mot. for Prelim. Inj.") at 26–27; ECF No. 36 ("Defs. Mot. in Opp. to Honken Mot. for Prelim. Inj.") at 19–20; Defs. Mot. in Opp. to Lee Mot. for Prelim. Inj at 31–32.)[5] Two of those states—Texas and Missouri—use a single dose of pentobarbital for executions. (Administrative R. at 99, 104.)

But this overlap does not, in and of itself, reconcile 28 C.F.R. pt. 26 with the FDPA. 28 C.F.R. Pt. 26 remains inconsistent with the FDPA because it establishes a single federal procedure, while the FDPA requires state-prescribed procedures. In addition, 28 C.F.R. § 26.3(a)(2) requires use of a federal facility, while the FDPA permits the use of state facilities. *Compare* 28 C.F.R. § 26.3(a)(2) *with* 18 U.S.C. § 3597. There are also inconsistencies between the FDPA's required state procedures and the 2019 Protocol. For example, states of conviction establish specific and varied safeguards on how the intravenous catheter is to be inserted.[6] The 2019 Protocol, however, provides only that the method for insertion of the IV is to be selected based on the training, experience, or recommendation of execution personnel. (Administrative R. at 872.) Thus, the fact that the states of conviction and 28 C.F.R. § 26.3(a) all prescribe lethal injection as the method of execution is not enough to establish that the regulation is valid as applied to Plaintiffs.

---

[4] Honken was convicted in Iowa, which does not have a death penalty. The FDPA requires a court to designate a death penalty state for any individual convicted in a state without the death penalty, and the court designated Indiana. (Honken Mot. for Prelim. Inj. at 37.)

[5] Defendants do not assert this argument as to Bourgeois (likely because he did not raise 28 C.F.R. Part 26 in his motions), but does include Texas' execution protocol—which requires lethal injection—in the Administrative Record. (Administrative R. at 83-91.)

[6] *See, e.g.*, Administrative R. at 90-91 (Texas); Administrative R. at 70-71 (Missouri); Honken Mot. for Prelim. Inj. Ex. 6 at 16–17 (Indiana).

11

Defendants further argue that even if 28 C.F.R. § 26.3(a) did not conflict with the FDPA by requiring lethal injection, the DOJ would still adopt lethal injection as its method of execution for these Plaintiffs. (*See e.g.,* Defs. Mot. in Opp. to Lee Mot. for Prelim. Inj at 32–33.) On this basis, they ask the court to sever section 26.3(a)(4)—which establishes lethal injection as the federal method—and affirm the rest of 28 C.F.R. § 26.3(a). *Id.* Defendants cite *Am. Petroleum Inst. V. EPA*, 862 F.3d 50 (D.C. Cir. 2017), for the proposition that the court "will sever and affirm a portion of an administrative regulation" if it can say "*without any substantial doubt* that the agency would have adopted the severed portion on its own." *Id.* at 71 (emphasis added). The court declines to take this approach for several reasons. First, it is premised on the strained reading of the FDPA that this court has already rejected. Moreover, the court cannot say "without any substantial doubt" that DOJ "would have adopted the severed portion on its own." *Id.* Even were the court to engage in such speculation, it seems plausible that if 28 C.F.R. § 26.3(a) instructed the BOP to follow state procedure, rather than to implement lethal injection, that BOP would in fact adopt whatever specific procedures were required by each state. Finally, even if the court severed the language in 28 C.F.R. § 26.3(a) that conflicts with the FDPA, another problem would arise: that is the very language that purportedly authorizes the creation of a single federal procedure. If the court severs it, then 28 C.F.R. § 26.3(a) would no longer contain the support for a single federal procedure that Defendants claim it does.

More importantly, Defendants' arguments regarding the regulation's applicability to these Plaintiffs take us far afield from the task at hand. The arguments do not control the court's inquiry of whether the 2019 Protocol exceeds statutory authority. Based on the reasoning set forth above, this court finds that insofar as the 2019 Protocol creates a single implementation procedure it is not authorized by the FDPA. This court further finds that because 28 C.F.R. §

26.3 directly conflicts with the FDPA, it does not provide the necessary authority for the 2019

Protocol's uniform procedure.  There is no statute that gives the BOP or DOJ the authority to

establish a single implementation procedure for all federal executions.  To the contrary,

Congress, through the FDPA, expressly reserved those decisions for the states of conviction.

Thus, Plaintiffs have established a likelihood of success on the merits of their claim that the 2019

Protocol exceeds statutory authority.  Given this finding, the court need not reach Plaintiffs'

other claims.

### B.  <u>Irreparable Harm</u>

To constitute irreparable harm, "the harm must be certain and great, actual and not

theoretical, and so imminent that there is a clear and present need for equitable relief to prevent

irreparable harm," and it "must be beyond remediation."  *League of Women Voters of U.S. v.

Newby,* 838 F. 3d 1, 7–8 (D.C. Cir. 2016) (citing *Chaplaincy of Full Gospel Churches v.

England*, 454 F.3d 290, 297 (D.C. Cir. 2006)) (internal quotation marks and brackets omitted).

Here, absent a preliminary injunction, Plaintiffs would be unable to pursue their claims,

including the claim that the 2019 Protocol lacks statutory authority, and would therefore be

executed under a procedure that may well be unlawful.  This harm is manifestly irreparable.

Other courts in this Circuit have found irreparable harm in similar circumstances.  *See,

e.g.*, *Damus v. Nielsen*, 313 F. Supp. 3d 317, 342 (D.D.C. 2018) (finding irreparable injury where

plaintiffs faced detention under challenged regulations); *Stellar IT Sols., Inc. v. U.S.C.I.S.*, Civ.

A. No. 18-2015 (RC), 2018 WL 6047413, at *11 (D.D.C. Nov. 19, 2018) (finding irreparable

injury where plaintiff would be forced to leave the country under challenged regulations); *FBME

Bank Ltd. v. Lew*, 125 F. Supp. 3d 109, 126–27 (D.D.C. 2015) (finding irreparable injury where

challenged regulations would threaten company's existence); *N. Mariana Islands v. United

*States*, 686 F. Supp. 2d 7, 19 (D.D.C. 2009) (finding irreparable injury when challenged regulations would limit guest workers).

Plaintiffs have clearly shown that, absent injunctive relief, they will suffer the irreparable harm of being executed under a potentially unlawful procedure before their claims can be fully adjudicated. Given this showing, the court need not reach the various other irreparable harms that Plaintiffs allege.

### C. **Balance of Equities**

Defendants assert that if the court preliminarily enjoins the 2019 Protocol they will suffer the harm of a delayed execution date. (*See, e.g.*, Def. Mot. in Opp. to Purkey Mot. for Prelim. Inj. at 43.) While the government does have a legitimate interest in the finality of criminal proceedings, the eight years that it waited to establish a new protocol undermines its arguments regarding the urgency and weight of that interest. Other courts have found "little potential for injury" as a result of a delayed execution date. *See, e.g.*, *Harris v. Johnson*, 323 F. Supp. 2d 797, 809 (S.D. Tex. 2004). This court agrees that the potential harm to the government caused by a delayed execution is not substantial.

### D. **Public Interest**

The public interest is not served by executing individuals before they have had the opportunity to avail themselves of legitimate procedures to challenge the legality of their executions. On the other hand, "[t]he public interest is served when administrative agencies comply with their obligations under the APA." *N. Mariana Islands,* 686 F. Supp. 2d at 21. Accordingly, this court finds that the public interest is served by preliminarily enjoining the execution of the four Plaintiffs because it will allow them to determine whether administrative agencies acted within their delegated authority, and to ensure that they do so in the future.

14

## III.  CONCLUSION

This court finds that at least one of Plaintiffs' claims has a likelihood of success on the merits and that absent a preliminary injunction, they will suffer irreparable harm.  It further finds that the likely harm that Plaintiffs would suffer if this court does not grant injunctive relief far outweighs any potential harm to the Defendants.  Finally, because the public is not served by short-circuiting legitimate judicial process, and is greatly served by attempting to ensure that the most serious punishment is imposed lawfully, this court finds that it is in the public interest to issue a preliminary injunction.  Accordingly, each of Plaintiffs' motions for preliminary injunctions is hereby GRANTED.

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| In the Matter of the<br>Federal Bureau of Prisons' Execution<br>Protocol Cases, | ) ) ) ) | |
| LEAD CASE: *Roane et al. v. Barr* | ) ) | Case No. 19-mc-145 (TSC) |
| THIS DOCUMENT RELATES TO: | ) ) | |
| *Bourgeois v. U.S. Dep't of Justice, et al.*,<br>12-cv-0782 | ) ) ) | |
| *Lee v. Barr*, 19-cv-2559 | ) ) | |
| *Purkey v. Barr, et al.*, 19-cv-03214 | ) ) | |

## <u>ORDER</u>

For the reasons set forth in the accompanying Memorandum Opinion, the court hereby GRANTS the Motions for Preliminary Injunction filed by the following individuals: Alfred Bourgeois (ECF No. 2), Dustin Lee Honken (ECF No. 29), Daniel Lewis Lee (ECF No. 13), and Wesley Ira Purkey (ECF No. 34).

It is hereby ORDERED that Defendants (along with their respective successors in office, officers, agents, servants, employees, attorneys, and anyone acting in concert with them) are enjoined from executing Plaintiffs until further order of this court.

Date: November 20, 2019

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

1

)
In the Matter of the )
Federal Bureau of Prisons' Execution )
Protocol Cases, )
)
LEAD CASE: *Roane et al. v. Barr*      )      Case No. 19-mc-145 (TSC)
)
THIS DOCUMENT RELATES TO: )
)
*Bourgeois v. U.S. Dep't of Justice, et al.*,      )
12-cv-0782 )
)
*Lee v. Barr*, 19-cv-2559      )
)
*Purkey v. Barr, et al.*, 19-cv-03214      )
)

## MEMORANDUM OPINION

On July 25th of this year, the U.S. Department of Justice ("DOJ") announced plans to

execute five people. *See* Press Release, Dep't of Justice, Federal Government to Resume Capital

Punishment After Nearly Two Decade Lapse (July 25, 2019), https://www.justice.gov/opa/

pr/federal-government-resume-capital-punishment-after-nearly-two-decade-lapse. The DOJ

intends to execute Daniel Lewis Lee on December 9, 2019; Lezmond Mitchell on December 11,

2019; Wesley Ira Purkey on December 13, 2019; Alfred Bourgeois on January 13, 2020; and

Dustin Lee Honken on January 15, 2020. *Id.* To implement these executions, the Federal

Bureau of Prisons ("BOP") adopted a new execution protocol: the "2019 Protocol." *Id;* (ECF No.

39-1 ("Administrative R.") at 1021–1075).

Four of the five individuals with execution dates[1] (collectively, "Plaintiffs"), have filed

complaints against the DOJ and BOP (collectively, "Defendants"), alleging that the 2019

---

[1] Mitchell has not filed a complaint in this court.

1

Protocol is unlawful and unconstitutional on numerous grounds.[2] *See Purkey v. Barr,* 19-cv-03214 (D.D.C.), Doc. # 1 (Oct. 25, 2019); *Lee v. Barr,* 1:19-cv-02559 (D.D.C.), Doc. #1 (Aug. 23, 2019); *Bourgeois v. U.S. Dep't of Justice, et al.*, 1:12-cv-00782 (D.D.C.), Doc. # 1 (May 5, 2012); ECF. No. 38 ("Honken Compl."). The court consolidated the cases and ordered Plaintiffs to complete the necessary 30(b)(6) depositions on or before February 29, 2020 and to amend their complaints on or before March 31, 2020. (*See* ECF No. 1 ("Consolidation Order"); Min. Entry, Aug. 15, 2019.) Because Plaintiffs are scheduled to be executed before their claims can be fully litigated, they have asked this court, pursuant to Federal Rule of Civil Procedure 65 and Local Rule 65.1, to preliminarily enjoin the DOJ and BOP from executing them while they litigate their claims. (ECF No. 34 ("Purkey Mot. for Prelim. Inj."); ECF No. 29 ("Honken Mot. for Prelim. Inj."); ECF No. 13 ("Lee Mot. for Prelim. Inj."); ECF No. 2 ("Bourgeois Mot. for Prelim. Inj.")) Having reviewed the parties' filings, the record, and the relevant case law, and for the reasons set forth below, the court hereby GRANTS Plaintiffs' Motions for Preliminary Injunction.

## I. BACKGROUND

Beginning in 1937, Congress required federal executions to be conducted in the manner prescribed by the state of conviction. *See* 50 Stat. § 304 (former 18 U.S.C. 542 (1937)), recodified as 62 Stat. § 837 (former 18 U.S.C. 3566). After the Supreme Court instituted a *de*

---

[2] Bourgeois' complaint was filed in 2012 and relates to a separate execution protocol. *See Bourgeois v. U.S. Dep't of Justice, et al.*, 1:12-cv-00782 (D.D.C.), Doc. # 1 (May 5, 2012). In addition, his Motion for Preliminary Injunction (ECF. No. 2 ("Bourgeois Mot. for Prelim. Inj.")) does not articulate his bases for a preliminary injunction, but instead argues that a preliminary injunction is warranted because the plaintiffs in the *Roane* litigation were granted a preliminary injunction. Despite the shortcomings of Bourgeois' briefing, this court has determined that he meets the requirements of a preliminary injunction, as do the three other plaintiffs in the consolidated case, whose motions are fully briefed.

2

*facto* moratorium on the death penalty in *Furman v. Georgia*, 408 U.S. 238, 239–40 (1972), and then lifted it in *Gregg v. Georgia,* 428 U.S. 153, 187 (1976), Congress reinstated the death penalty for certain federal crimes but did not specify a procedure for implementation.  *See* Anti-Drug Abuse Act of 1988, Pub. L. 100–690, § 7001, 102 Stat. 4181 (enacted Nov. 18, 1988). Four years later, under the direction of then-Attorney General William Barr, the DOJ published a proposed rule to establish a procedure for implementing executions.  Implementation of Death Sentences in Federal Cases, 57 Fed. Reg. 56536 (proposed Nov. 30, 1992).  The proposed rule noted that the repeal of the 1937 statute "left a need for procedures for obtaining and executing death orders." *Id.*  The final rule, issued in 1993, provided a uniform method and place of execution.  *See* 58 Fed. Reg. 4898 (1993), *codified at* 28 C.F.R. pt. 26 (setting method of execution as "intravenous injection of a lethal substance.")

But a year later, Congress reinstated the traditional approach of following state practices through passage of the Federal Death Penalty Act ("FDPA").  *See* Pub. L. No. 103–322, 108 Stat. 1796 (1994), *codified at* 18 U.S.C. §§ 3591–3599.  The FDPA establishes that the U.S. Marshal "shall supervise implementation of the sentence in the manner prescribed by the law of the State in which the sentence is imposed."  *Id.* § 3596(a).  The FDPA provides no exceptions to this rule and does not contemplate the establishment of a separate federal execution procedure. Plaintiffs' cases are governed by the FDPA because when the death penalty portions of the ADAA were repealed in 2006, the FDPA was "effectively render[ed] . . . applicable to all federal death-eligible offenses."  *United States v. Barrett*, 496 F.3d 1079, 1106 (10th Cir. 2007).

Given the conflict between the FDPA's state-by-state approach and the uniform federal approach adopted by DOJ's 1993 rule (28 C.F.R. pt. 26), the DOJ and BOP supported proposed legislation to amend the FDPA to allow them to carry out executions under their own procedures.

3

One bill, for example, would have amended § 3596(a) to provide that the death sentence "shall be implemented pursuant to regulations prescribed by the Attorney General." H.R. 2359, 104th Cong. § 1 (1995). In his written testimony supporting the bill, Assistant Attorney General Andrew Fois wrote that "H.R. 2359 would allow Federal executions to be carried out . . . pursuant to uniform Federal regulations" and that "amending 18 U.S.C. § 3596 [would] allow for the implementation of Federal death sentences pursuant to Federal regulations promulgated by the Attorney General." *Written Testimony on H.R. 2359 Before the Subcomm. on Crime of the H. Comm. on the Judiciary*, 104th Cong. 1 (1995) (Statement of Andrew Fois, Assistant Att'y Gen. of the United States). None of the proposed amendments were enacted, and the FDPA continues to require the federal government to carry out executions in the manner prescribed by the states of conviction.

In 2005, three individuals facing death sentences sued, alleging that their executions were to be administered under an unlawful and unconstitutional execution protocol. *Roane v. Gonzales*, 1:05-cv-02337 (D.D.C.), Doc. #1 ¶ 2. The court preliminarily enjoined their executions. *Roane*, Doc. #5. Three other individuals on death row intervened, and the court enjoined their executions. *See Roane*, Doc. #23, 27, 36, 38, 67, 68. A seventh individual on death row subsequently intervened and had his execution enjoined as well. *See id.* Doc. #333. During this litigation, the government produced a 50-page document ("2004 Main Protocol") outlining BOP execution procedures. *Roane*, Doc. #179–3. The 2004 Main Protocol cites 28 C.F.R. pt. 26 for authority and does not mention the FDPA. *See id.* at 1. The government then produced two three-page addenda to the 2004 Main Protocol. *See Roane*, Doc. #177-1 (Addendum to Protocol, Aug. 1, 2008) (the "2008 Addendum"); *Roane*, Doc. #177-3 (Addendum to Protocol, July 1, 2007) ("2007 Addendum"). In 2011 the DOJ announced that the

4

BOP did not have the drugs needed to implement the 2008 Addendum. *See* Letter from Office of Attorney General to National Association of Attorneys General, (Mar. 4, 2011), https://files.deathpenaltyinfo.org/legacy/documents/2011.03.04.Holder.Letter.pdf. The government told the court that the BOP "has decided to modify its lethal injection protocol but the protocol revisions have not yet been finalized." *Roane*, Doc. #288 at 2. In response, the court stayed the *Roane* litigation.

No further action was taken in the cases for seven years, until July of this year, when DOJ announced a new addendum to the execution protocol ("2019 Addendum") (Administrative R. at 870–871), that replaces the three-drug protocol of the 2008 Addendum with a single drug: pentobarbital sodium. *See id* at ¶ C. In addition to the 2019 Addendum, the BOP adopted a new protocol to replace the 2004 Main Protocol (the 2019 Main Protocol). (Administrative R. at 1021–1075.)

The court held a status conference in the *Roane* action on August 15, 2019. (*See* Min. Entry, Aug. 15, 2019). In addition to the *Roane* plaintiffs, the court heard from counsel for three other death-row inmates, including Bourgeois, all of whom cited the need for additional discovery on the new protocol. (*See* ECF No. 12 ("Status Hr'g Tr.")). The government indicated that it was unwilling to stay the executions, and the court bifurcated discovery and ordered Plaintiffs to complete 30(b)(6) depositions by February 28, 2020 and to file amended complaints by March 31, 2020. (*See* Min. Entry, Aug. 15, 2019.)

Lee filed a complaint challenging the 2019 Addendum on August 23, 2019 (*see Lee v. Barr*, 1:19-cv-02559 (D.D.C.), Doc. 1), and a motion for a preliminary injunction on September 27, 2019, (Lee Mot. for Prelim. Inj.). On August 29, 2019 Bourgeois moved to preliminarily enjoin his execution. (Bourgeois Mot. for Prelim. Inj.) Honken filed an unopposed motion to

5

intervene in *Lee v. Barr*, which was granted. (ECF No. 26. ("Honken Mot. to Intervene").) He then filed a motion for a preliminary injunction on November 5, 2019. (Honken Mot. for Prelim. Inj.) Purkey filed a complaint and a motion for preliminary injunction under a separate case number, 1:19-cv-03214, which was consolidated with *Roane*. Thus, the court now has before it four fully briefed motions to preliminarily enjoin the DOJ and BOP from executing Lee, Purkey, Bourgeois, and Honken.

## II. ANALYSIS

A preliminary injunction is an "extraordinary remedy" that is "never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 24 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008)). Courts consider four factors on a motion for a preliminary injunction: (1) the likelihood of plaintiff's success on the merits, (2) the threat of irreparable harm to the plaintiff absent an injunction, (3) the balance of equities, and (4) the public interest. *Id.* at 20 (citations omitted); *John Doe Co. v. Consumer Fin. Prot. Bureau,* 849 F.3d 1129, 1131 (D.C. Cir. 2017). The D.C. Circuit has traditionally evaluated claims for injunctive relief on a sliding scale, such that "a strong showing on one factor could make up for a weaker showing on another." *Sherley v. Sebelius,* 644 F.3d 388, 392 (D.C. Cir. 2011). It has been suggested, however, that a movant's showing regarding success on the merits "is an independent, free-standing requirement for a preliminary injunction." *Id.* at 393 (quoting *Davis v. Pension Ben. Guar. Corp.*, 571 F.3d 1288, 1296 (D.C. Cir. 2009) (Kavanaugh, J., concurring)). Here, Plaintiffs' claims independently satisfy the merits requirement.

### A. **Likelihood of Success on the Merits**

Plaintiffs allege, *inter alia*, that the 2019 Protocol exceeds statutory authority and therefore under the Administrative Procedure Act ("APA"), it must be set aside. Under the APA,

6

a reviewing court "shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be . . . in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." 5 U.S.C. § 706(2)(C). Plaintiffs argue that the 2019 Protocol exceeds statutory authority by establishing a single procedure for all federal executions rather than using the FDPA's state-prescribed procedure. (Purkey Mot. for Prelim. Inj. at 16; Honken Mot. for Prelim. Inj. at 34–35; Lee Mot. for Prelim. Inj. at 5–6, 17). Given that the FDPA expressly requires the federal government to implement executions in the manner prescribed by the state of conviction, this court finds Plaintiffs have shown a likelihood of success on the merits as to this claim.

Defendants argue that the 2019 Protocol "is not contrary to the FDPA" because the authority given to DOJ and BOP through § 3596(a) of the FDPA "necessarily includes the authority to specify . . . procedures for carrying out the death sentence." (ECF No. 16 ("Defs. Mot. in Opp. To Lee Mot. for Prelim. Inj.") at 34.) Section 3596(a) states:

> When the [death] sentence is to be implemented, the Attorney General shall release the person sentenced to death to the custody of a United States marshal, *who shall supervise implementation of the sentence in the manner prescribed by the law of the State in which the sentence is imposed.* If the law of the State does not provide for implementation of a sentence of death, the court shall designate another State, the law of which does provide for the implementation of a sentence of death, and the sentence shall be implemented in the latter State in the manner prescribed by such law.

18 U.S.C. § 3596(a) (emphasis added). Because a United States Marshal is to "supervise" the process, it does appear that at least some authority is granted to the Marshal. But it goes too far to say that such authority necessarily includes the authority to decide procedures without reference to state policy. The statute expressly provides that "the implementation of the sentence" shall be done "in the manner" prescribed by state law. *Id.* Thus, as between states and federal agencies, the FDPA gives decision-making authority regarding "implementation" to the

former. Accordingly, the 2019 Protocol's uniform procedure approach very likely exceeds the authority provided by the FDPA.

Defendants contest the meaning of the words "implementation" and "manner." As they interpret § 3596(a), Congress only gave the states the authority to decide the "method" of execution, e.g., whether to use lethal injection or an alternative, not the authority to decide additional procedural details such as the substance to be injected or the safeguards taken during the injection. The court finds this reading implausible. First, the statute does not refer to the "method" of execution, a word with particular meaning in the death penalty context. *See id.* Instead, it requires that the "implementation" of a death sentence be done in the "manner" prescribed by the state of conviction. *Id.* "Manner" means "a mode of procedure or way of acting." *Manner*, MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 756 (11th ed. 2014.) The statute's use of the word "manner" thus includes not just execution method but also execution *procedure.* To adopt Defendants' interpretation of "manner" would ignore its plain meaning. As one district court concluded, "the implementation of the death sentence [under the FDPA] involves a process which includes more than just the method of execution utilized." *United States v. Hammer*, 121 F. Supp. 2d 794, 798 (M.D. Pa. 2000). [3]

---

[3] Defendants cite three cases to suggest that "manner" means "method": *Higgs v. United States*, 711 F. Supp. 2d 479, 556 (D. Md. 2010); *United States v. Bourgeois,* 423 F.3d 501 (5th Cir. 2005); and *United States v. Fell*, No. 5:0-cr-12-01, 2018 WL 7270622 (D. Vt. Aug. 7 2018). *Higgs* interpreted the FDPA to require the federal government to follow a state's chosen method of execution but not to follow any other state procedure. 711 F. Supp. 2d at 556. This interpretation, however, was stated in dicta and is not supported by persuasive reasoning. *Id*. *Bourgeois* did not reach the question of what the words "implementation" and "manner" mean in 18 U.S.C. § 3596(a). 423 F.3d 501 (5th Cir. 2005). Instead, it evaluated only whether the sentence violated Texas law. *Id.* at 509. The opinion appeared to assume that § 3596(a) only requires the federal government to follow the state-prescribed method of execution, but it provided no basis for that assumption. *Id.*at 509. In *Fell*, the district court held that the creation of a federal death chamber does not violate the FDPA. *Fell,* slip op., at 4. This holding affirms the notion that the federal government has some authority in execution procedure (such as the

Moreover, legislative efforts to amend the FDPA further support this court's interpretation of the terms "manner" and "implementation." As noted above, in 1995, the year after the FDPA became law, the DOJ supported bills amending the statute to allow the DOJ and BOP to create a uniform method of execution, indicating that the FDPA as drafted did not permit federal authorities to establish a uniform procedure. The amendments were never enacted.

Defendants argue that reading the FDPA as requiring adherence to more than the state's prescribed method of execution leads to absurd results. (*See, e.g.*, Defs. Mot. in Opp. to Purkey Mot. for Prelim. Inj. at 28.) They contend that if the state's choice of drug is to be followed, the federal government would have to "stock all possible lethal agents used by the States." *Id.* But the FDPA contemplates and provides for this very situation: it permits the United States Marshal to allow the assistance of a state or local official and to use state and local facilities. 18 U.S.C. § 3596(a). Moreover, the practice of following state procedure and using state facilities has a long history in the United States. Before the modern death penalty, the relevant statute provided that the:

> manner of inflicting the punishment of death shall be the manner prescribed by the laws of the State within which the sentence is imposed. The United States marshal charged with the execution of the sentence may use available State or local facilities and the services of an appropriate State or local official . . .

50 Stat. § 304 (former 18 U.S.C. 542 (1937)), recodified as 62 Stat. § 837 (former 18 U.S.C. 3566) (1948). The federal government carried out executions in accordance with this statute for decades, including those of Julius and Ethel Rosenberg in New York's Sing Sing prison, and Victor Feguer in the Iowa State Penitentiary. *See Feguer v. United States,* 302 F.2d 214, 216

---

place of execution), but it does not conflict with the proposition that the FDPA requires the federal government to follow state procedure as to more than simply the method of execution.

(8th Cir. 1962) (noting sentence of death by hanging imposed pursuant to § 3566 and Iowa law); *Rosenberg v. Carroll,* 99 F. Supp. 630, 632 (S.D.N.Y. 1951) (applying § 3566 to uphold state law confinement prior to execution). Thus, far from creating absurd results, requiring the federal government to follow more than just the state's method of execution is consistent with other sections of the statute and with historical practices. For all these reasons, this court finds that the FDPA does not authorize the creation of a single implementation procedure for federal executions.

Defendants argue that the 2019 Protocol derives authority from 28 C.F.R. § 26.3(a), which provides that executions are to be carried out at the time and place designated by the Director of the BOP, at a federal penal or correctional institution, and by injection of a lethal substance or substances under the direction of the U.S. Marshal. (Defs. Mot. in Opp. to Lee Mot. for Prelim. Inj. at 31.) However, this argument is undercut by the fact that, as with the 2019 Protocol itself, 28 C.F.R. Pt. 26 also conflicts with the FDPA. As noted above, 28 C.F.R. Pt. 26 was promulgated in 1993 (before the FDPA was enacted) to implement the Anti-Drug Abuse Act of 1988, 21 U.S.C. § 848(e) (the "ADAA"), which does not specify how federal executions are to be carried out. 28 C.F.R. § 26.3(a) filled that gap by providing an implementation procedure. But when Congress passed its own requirements for the implementation procedure in the FDPA, those requirements conflicted with 28 C.F.R. § 26.3(a).

Defendants concede that "where a regulation contradicts a statute, the latter prevails." (Defs. Mot. in Opp. to Lee Mot. for Prelim. Inj. at 31.) They argue instead that the regulation does not conflict with the FDPA as applied to Plaintiffs because lethal injection (the method required by 28 C.F.R. § 26.3(a)(4)) is either permitted or required in the Plaintiffs' states of

10

conviction (Texas, Arkansas, Missouri, and Indiana[4]).  (ECF No. 37 ("Defs. Mot. in Opp. to Purkey Mot. for Prelim. Inj.") at 26–27; ECF No. 36 ("Defs. Mot. in Opp. to Honken Mot. for Prelim. Inj.") at 19–20; Defs. Mot. in Opp. to Lee Mot. for Prelim. Inj at 31–32.)[5]  Two of those states—Texas and Missouri—use a single dose of pentobarbital for executions.  (Administrative R. at 99, 104.)

But this overlap does not, in and of itself, reconcile 28 C.F.R. pt. 26 with the FDPA.  28 C.F.R. Pt. 26 remains inconsistent with the FDPA because it establishes a single federal procedure, while the FDPA requires state-prescribed procedures.  In addition, 28 C.F.R. § 26.3(a)(2) requires use of a federal facility, while the FDPA permits the use of state facilities. *Compare* 28 C.F.R. § 26.3(a)(2) *with* 18 U.S.C. § 3597.  There are also inconsistencies between the FDPA's required state procedures and the 2019 Protocol.  For example, states of conviction establish specific and varied safeguards on how the intravenous catheter is to be inserted.[6]  The 2019 Protocol, however, provides only that the method for insertion of the IV is to be selected based on the training, experience, or recommendation of execution personnel.  (Administrative R. at 872.)  Thus, the fact that the states of conviction and 28 C.F.R. § 26.3(a) all prescribe lethal injection as the method of execution is not enough to establish that the regulation is valid as applied to Plaintiffs.

---

[4] Honken was convicted in Iowa, which does not have a death penalty.  The FDPA requires a court to designate a death penalty state for any individual convicted in a state without the death penalty, and the court designated Indiana. (Honken Mot. for Prelim. Inj. at 37.)

[5] Defendants do not assert this argument as to Bourgeois (likely because he did not raise 28 C.F.R. Part 26 in his motions), but does include Texas' execution protocol—which requires lethal injection—in the Administrative Record. (Administrative R. at 83-91.)

[6] *See, e.g.*, Administrative R. at 90-91 (Texas); Administrative R. at 70-71 (Missouri); Honken Mot. for Prelim. Inj. Ex. 6 at 16–17 (Indiana).

11

Defendants further argue that even if 28 C.F.R. § 26.3(a) did not conflict with the FDPA by requiring lethal injection, the DOJ would still adopt lethal injection as its method of execution for these Plaintiffs. (*See e.g.,* Defs. Mot. in Opp. to Lee Mot. for Prelim. Inj at 32–33.) On this basis, they ask the court to sever section 26.3(a)(4)—which establishes lethal injection as the federal method—and affirm the rest of 28 C.F.R. § 26.3(a). *Id.* Defendants cite *Am. Petroleum Inst. V. EPA*, 862 F.3d 50 (D.C. Cir. 2017), for the proposition that the court "will sever and affirm a portion of an administrative regulation" if it can say "*without any substantial doubt* that the agency would have adopted the severed portion on its own." *Id.* at 71 (emphasis added). The court declines to take this approach for several reasons. First, it is premised on the strained reading of the FDPA that this court has already rejected. Moreover, the court cannot say "without any substantial doubt" that DOJ "would have adopted the severed portion on its own." *Id.* Even were the court to engage in such speculation, it seems plausible that if 28 C.F.R. § 26.3(a) instructed the BOP to follow state procedure, rather than to implement lethal injection, that BOP would in fact adopt whatever specific procedures were required by each state. Finally, even if the court severed the language in 28 C.F.R. § 26.3(a) that conflicts with the FDPA, another problem would arise: that is the very language that purportedly authorizes the creation of a single federal procedure. If the court severs it, then 28 C.F.R. § 26.3(a) would no longer contain the support for a single federal procedure that Defendants claim it does.

More importantly, Defendants' arguments regarding the regulation's applicability to these Plaintiffs take us far afield from the task at hand. The arguments do not control the court's inquiry of whether the 2019 Protocol exceeds statutory authority. Based on the reasoning set forth above, this court finds that insofar as the 2019 Protocol creates a single implementation procedure it is not authorized by the FDPA. This court further finds that because 28 C.F.R. §

12

26.3 directly conflicts with the FDPA, it does not provide the necessary authority for the 2019 Protocol's uniform procedure. There is no statute that gives the BOP or DOJ the authority to establish a single implementation procedure for all federal executions. To the contrary, Congress, through the FDPA, expressly reserved those decisions for the states of conviction. Thus, Plaintiffs have established a likelihood of success on the merits of their claim that the 2019 Protocol exceeds statutory authority. Given this finding, the court need not reach Plaintiffs' other claims.

### B. Irreparable Harm

To constitute irreparable harm, "the harm must be certain and great, actual and not theoretical, and so imminent that there is a clear and present need for equitable relief to prevent irreparable harm," and it "must be beyond remediation." *League of Women Voters of U.S. v. Newby,* 838 F. 3d 1, 7–8 (D.C. Cir. 2016) (citing *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006)) (internal quotation marks and brackets omitted). Here, absent a preliminary injunction, Plaintiffs would be unable to pursue their claims, including the claim that the 2019 Protocol lacks statutory authority, and would therefore be executed under a procedure that may well be unlawful. This harm is manifestly irreparable.

Other courts in this Circuit have found irreparable harm in similar circumstances. *See, e.g.*, *Damus v. Nielsen*, 313 F. Supp. 3d 317, 342 (D.D.C. 2018) (finding irreparable injury where plaintiffs faced detention under challenged regulations); *Stellar IT Sols., Inc. v. U.S.C.I.S.*, Civ. A. No. 18-2015 (RC), 2018 WL 6047413, at *11 (D.D.C. Nov. 19, 2018) (finding irreparable injury where plaintiff would be forced to leave the country under challenged regulations); *FBME Bank Ltd. v. Lew*, 125 F. Supp. 3d 109, 126–27 (D.D.C. 2015) (finding irreparable injury where challenged regulations would threaten company's existence); *N. Mariana Islands v. United*

13

*States*, 686 F. Supp. 2d 7, 19 (D.D.C. 2009) (finding irreparable injury when challenged regulations would limit guest workers).

Plaintiffs have clearly shown that, absent injunctive relief, they will suffer the irreparable harm of being executed under a potentially unlawful procedure before their claims can be fully adjudicated. Given this showing, the court need not reach the various other irreparable harms that Plaintiffs allege.

### C.  Balance of Equities

Defendants assert that if the court preliminarily enjoins the 2019 Protocol they will suffer the harm of a delayed execution date. (*See, e.g.*, Def. Mot. in Opp. to Purkey Mot. for Prelim. Inj. at 43.)  While the government does have a legitimate interest in the finality of criminal proceedings, the eight years that it waited to establish a new protocol undermines its arguments regarding the urgency and weight of that interest.  Other courts have found "little potential for injury" as a result of a delayed execution date.  *See, e.g.*, *Harris v. Johnson*, 323 F. Supp. 2d 797, 809 (S.D. Tex. 2004).  This court agrees that the potential harm to the government caused by a delayed execution is not substantial.

### D.  Public Interest

The public interest is not served by executing individuals before they have had the opportunity to avail themselves of legitimate procedures to challenge the legality of their executions.  On the other hand, "[t]he public interest is served when administrative agencies comply with their obligations under the APA." *N. Mariana Islands,* 686 F. Supp. 2d at 21. Accordingly, this court finds that the public interest is served by preliminarily enjoining the execution of the four Plaintiffs because it will allow them to determine whether administrative agencies acted within their delegated authority, and to ensure that they do so in the future.

14

## III.  CONCLUSION

This court finds that at least one of Plaintiffs' claims has a likelihood of success on the merits and that absent a preliminary injunction, they will suffer irreparable harm.  It further finds that the likely harm that Plaintiffs would suffer if this court does not grant injunctive relief far outweighs any potential harm to the Defendants.  Finally, because the public is not served by short-circuiting legitimate judicial process, and is greatly served by attempting to ensure that the most serious punishment is imposed lawfully, this court finds that it is in the public interest to issue a preliminary injunction.  Accordingly, each of Plaintiffs' motions for preliminary injunctions is hereby GRANTED.