**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| In the Matter of the | : | |
| Federal Bureau of Prisons' | : | |
| Execution Protocol Cases | : | |
| | : | |
| LEAD CASE: *Roane et al. v. Barr* | : | |
| | : | Case Number 19-mc-145 (TSC) |
| THIS DOCUMENT RELATES TO: | : | |
| | : | |
| *Bourgeois v. U.S. Dep't of Justice, et al.*, | : | |
| 12-cv-0782 | : | |
| | : | |
| *Lee v. Barr*, 19-cv-2559 | : | |
| | : | |
| *Purkey v. Barr, et al.*, 19-cv-03214 | : | |

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY PRELIMINARY INJUNCTION PENDING APPEAL

Plaintiffs are scheduled to be executed by the federal government in a matter of weeks.

Following plenary briefing, this Court determined that Plaintiffs established likelihood of success

on the merits of their challenge to the lawfulness of the 2019 Protocol and irreparable harm

absent preliminary injunctive relief, and for that reason issued an injunction barring Plaintiffs'

executions pursuant to the Protocol.  *See* ECF No. 50 ("Op.").  Defendants now seek a stay of

that injunction, which they admit is governed by the same standard as the motion for preliminary

injunctive relief just decided against them.  Defendants' motion reprises the same unpersuasive

arguments that were raised in opposition to Plaintiffs' preliminary injunction motion and should

likewise be rejected.

### STANDARD OF REVIEW

To justify a stay of the preliminary injunction, Defendants bear the burden of succeeding

on factors substantially similar to those this Court has already considered and found to weigh in

Plaintiffs' favor:  "(1) the moving party's likelihood of success on the merits of its appeal, (2) whether the moving party will suffer irreparable injury, (3) whether issuance of the stay would substantially harm other parties in the proceeding, and (4) the public interest."  *Akiachak Native Cmty. v. Jewell*, 995 F. Supp. 2d 7, 12 (D.D.C. 2014) (citing *Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C. Cir. 1977)).  A stay pending appeal is available "only under extraordinary circumstances," and Defendants have not met their "heavy burden" to warrant a stay here.  *Ruckelshaus v. Monsanto Co.*, 463 U.S. 1315, 1316 (1983) (Blackmun, J., in chambers) (internal quotation marks omitted).

**ARGUMENT**

**I.    Defendants Are Not Likely To Succeed On The Merits Of Their Appeal**

The Court correctly held that Plaintiffs are likely to prevail on their claim that the 2019 Protocol is contrary to the requirements of the Federal Death Penalty Act ("FDPA").  Defendants are unlikely to prevail on appeal.

The FDPA does not authorize the implementation of death sentences by the Bureau of Prisons through the 2019 Protocol.  For death sentences to be carried out by the federal government, the FDPA is clear that a U.S. Marshal "shall supervise implementation of the sentence in the manner prescribed by the law of the State in which the sentence is imposed," 18 U.S.C. § 3596(a), and, as found by the Court, the statute does not permit the Bureau of Prisons "to decide procedures without reference to state policy."  Op. 7.

Defendants argue (Mot. 3) that the word "manner" refers only to whether an inmate is executed by lethal injection, hanging, or the like, and not to the substance to be injected or the safeguards taken during an execution.  The Court already rejected that argument for good reason: The "manner" of execution by definition includes the "procedure" used to carry out the

execution.  *See* Op. 8.  Defendants note that "manner" is alternately defined as "a method of action."  But there is no reason to think that definition would allow the federal government to ignore state execution procedures, particularly because "method" is defined (like "manner") as "[a] procedure for attaining an object" or "a way of doing anything."  *Method*, Oxford English Dictionary (3d ed. 2001).  Defendants' alternative definition of "manner" therefore leads to the same conclusion.

Defendants also argue (Mot. 4) that it is "inconceivable" that Congress expected the Bureau of Prisons to stock all lethal agents used by the States and follow procedures in nearly 30 distinct lethal injection protocols.  But as the Court pointed out, that is exactly what Congress intended, and the practice of following state procedure has a long history in the United States. *See* Op. 9.  Moreover, the imposition on the federal government is not nearly as burdensome as Defendants claim:  Not only is the federal government permitted to use state facilities for federal executions, but it is also permitted to use the services of appropriate state officials and employees, who presumably are well-acquainted with the States' execution protocols and can assist the U.S. Marshal in implementing them faithfully.  *See* 18 U.S.C. § 3597.

Furthermore, contrary to Defendants' argument (Mot. 5), the purpose of Section 3596 is not only to "carry out death sentences"; it is also to exhibit deference to the States' judgment about the appropriate manner of executing individuals with a connection to those States.  What is "inconceivable" is that Congress would require the U.S. Marshal to respect a State's decision that lethal injection is the most humane form of execution, but then permit the Marshal to disregard any procedural safeguards the State has erected to avoid unnecessary pain and suffering.

Finally, as the Court explained, Department of Justice's and Bureau of Prisons' legislative efforts to amend the FDPA to permit distinct federal lethal-injection procedures support this Court's interpretation of the terms "manner" and "implementation." *See* Op. 9. Defendants have no response to this powerful contemporaneous evidence of congressional intent. Because Defendants have failed to cast doubt on this Court's interpretation of the FDPA, they are unable to demonstrate that they are likely to succeed on appeal.  If the government believes there is a problem with the FDPA, its recourse is to seek congressional approval of its own set of procedures for federal death sentences.

## II.     Defendants Will Not Be Irreparably Harmed Absent A Stay Of The Injunction

Defendants claim that, absent a stay of this Court's injunction, they will suffer the harm of a delayed execution date.  That claim cannot carry the government's heavy burden here of showing entitlement to a stay pending appeal.

Defendants assert that delaying Plaintiffs' execution will cause irreparable harm because the government has a "compelling interest in the timely enforcement of a death sentence."  Mot. 5.  However, the sentences in these cases were entered many years ago and the government has taken no steps to schedule these executions until this summer, when they endeavored to do so at an unreasonably fast pace.  This is an emergency entirely of Defendants' own making.  As this Court recognized, although "the government does have a legitimate interest in the finality of criminal proceedings, the eight years that it waited to establish a new protocol undermines its arguments regarding the urgency and weight of that interest."  Op. 14.  Defendants have no response.

Further, the government's bare "interest in carrying out lawful sentences," Mot. 5, does nothing to show that Defendants will suffer irreparable harm absent a stay of the injunction

pending appeal.  Defendants—by their own choice—waited several years to implement the 2019

Protocol and to schedule these executions.  Waiting until Plaintiffs' claims are resolved imposes

no additional marginal harm.  Certainly it does not impose harm of such magnitude to justify the

extraordinary relief of a stay pending appeal.

Defendants' case for a stay is not strengthened simply because "the execution date is set

and the Government has mobilized its resources to carry out the lawful sentence."  Mot. 5.

Defendants made no argument about these interests in its opposition to the motion for

preliminary injunctive relief; their belated submission that pushing back the execution date is

costly because of the need to mobilize resources is unpersuasive.  In any event, *Defendants*

selected these execution dates in July 2019—after a protracted delay, introducing a brand-new

protocol without notice and comment—and knowing that legal challenges would follow.  Had

Defendants selected more remote execution dates instead of announcing a new execution method

and five execution dates on the same morning, the inevitable administrative challenges to the

2019 Protocol would have been resolved prior to the scheduled executions.  Defendants should

not be able to rely on the harm that they willingly created.

**III.    Plaintiffs Will Be Harmed By A Stay Of The Injunction**

In exercising its discretion whether to grant the stay, the Court must ultimately balance

all equities.  *See McCammon v. United States*, 584 F. Supp. 2d 193, 197 (D.D.C. 2008).  Here,

the equities decisively favor Plaintiffs.  Tellingly, Defendants do not even address the

irreversible harm that Plaintiffs will suffer if a stay is granted.

As this Court found, absent preliminary injunctive relief, "Plaintiffs would be unable to

pursue their claims, including the claim that the 2019 Protocol lacks statutory authority, and

would therefore be executed under a procedure that may well be unlawful.  This harm is

manifestly irreparable."  Op. 13; *see also id.* at 14 ("[A]bsent injunctive relief, [Plaintiffs] will suffer the irreparable harm of being executed under a potentially unlawful procedure before their claims can be fully adjudicated.").

Plaintiffs will suffer the same harm if a stay is granted and the injunction lifted:  Their executions will be permitted to proceed before their claims are adjudicated.  These injuries are real and concrete, and they outweigh any harm the government would purportedly suffer by having to wait until Plaintiffs' claims are resolved to execute them.

## IV.    The Public Interest Does Not Favor A Stay Of The Injunction

Defendants do not even attempt to argue that a stay of the injunction would be in the public interest.  That is because there is *no* argument that permitting potentially unlawful executions to go forward while an appeal is pending could be in the public interest.  As this Court found, "[t]he public interest is not served by executing individuals before they have had the opportunity to avail themselves of legitimate procedures to challenge the legality of their executions."  Op. 14.

On the other hand, ensuring that agencies act in accordance with law is unambiguously in the public interest.  *See, e.g.*, *Northern Mariana Islands v. United States*, 686 F. Supp. 2d 7, 21 (D.D.C. 2009) ("The public interest is served when administrative agencies comply with their obligations under the APA.").  That interest is only heightened in the capital context.  Given that this Court has already found that the 2019 Protocol exceeds statutory authority, the public interest unequivocally lies in keeping the injunction in place and preventing executions from being implemented pursuant to that Protocol.

DATED: November 22, 2019

/s/ *Arin Smith*
Arin Smith (D.C. Bar No. 1045248)
Wilmer Cutler Pickering Hale and Dorr LLP

1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6959
Arin.Smith@wilmerhale.com

Alan E. Schoenfeld (admitted *pro hac vice*)
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
(212) 230-8800
*Counsel for Plaintiff Wesley Purkey*

*/s/ Pieter Van Tol*
Pieter Van Tol (admitted *pro hac vice*)
John D. Beck (admitted *pro hac vice*)
Mallik Yamusah
390 Madison Avenue
New York, NY 10017
(212) 918-3000
(212) 918-3100 (fax)
pieter.vantol@hoganlovells.com
john.beck@hoganlovells.com
mallik.yamusah@hoganlovells.com

and

Elizabeth M. Hagerty (Bar No. 1022774)
David S. Victorson (Bar No. 1027025)
Columbia Square
555 13th Street NW
Washington, DC 20004
(202) 637-5600
(202) 637-5910 (fax)
elizabeth.hagerty@hoganlovells.com
david.victorson@hoganlovells.com
*Counsel for Plaintiff Daniel Lewis Lee*

/s/ *Jon Jeffress*
Jon Jeffress
KaiserDillon PLLC
1099 14th Street NW
8th Floor West
Washington, DC 20005
Telephone - 202-640-2850
jjeffress@kaiserdillon.com

7

Timothy Kane, Assistant Federal Defender
Shawn Nolan, Chief, Capital Habeas Unit
Federal Community Defender Office, E.D. Pa.
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Telephone - 215-928-0520
timothy_kane@fd.org
shawn_nolan@fd.org
*Counsel for Plaintiff-Intervenor Dustin Lee Honken*

/s/ *Alex Kursman*
Alex Kursman, Assistant Federal Defender,
Pro Bono Counsel Pursuant to Local Rule 83.2(g)
Shawn Nolan, Chief, Capital Habeas Unit
Federal Community Defender Office, E.D. Pa.
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Telephone - 215-928-0520
alex_kursman@fd.org
*Counsel for Plaintiff Alfred Bourgeois*

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2019, I caused a true and correct copy of foregoing to be served on all counsel of record via the Court's CM/ECF system.  Pursuant to this Court's August 20, 2019 Order, below is a list of all counsel of record:

Joshua Christopher Toll
KING & SPALDING LLP
(202) 737-8616
Email: jtoll@kslaw.com

Paul F. Enzinna
ELLERMAN ENZINNA PLLC
(202) 753-5553
Email: penzinna@ellermanenzinna.com

Charles Anthony Zdebski
ECKERT SEAMANS CHERIN & ELLOTT, LLC
(202) 659-6605
Email: czdebski@eckertseamans.com

Brandon David Almond
TROUTMAN SANDERS LLP
(202) 274-2864
Email: Brandon.almond@troutmansanders.com

Gerald Wesley King, Jr.
FEDERAL DEFENDER PROGRAM, INC.
(404) 688-7530
Email: gerald_king@fd.org

Donald P. Salzman
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
(202) 371-7983
Email: Donald.salzman@skadden.com

Celeste Bacchi
OFFICE OF THE PUBLIC DEFENDER
Capital Habeas Unit
(213) 894-1887
Email: celestw_bacchi@fd.org

Craig Anthony Harbaugh
FEDERAL PUBLIC DEFENDER,
CENTRAL DISTRICT OF CALIFORNIA
(213) 894-7865
Email: craig_harbaugh@fd.org

Jonathan Charles Aminoff
FEDERAL PUBLIC DEFENDER,
CENTRAL DISTRICT OF CALIFORNIA
(213) 894-5374
Email: jonathan_aminoff@fd.org

Alexander Louis Kursman
OFFICE OF THE FEDERAL COMMUNITY
DEFENDER/EDPA
(215) 928-0520
Email: Alex_Kursman@fd.org

*Billy H. Nolas
FEDERAL COMMUNITY DEFENDER
OFFICE FOR THE EDPA
(215) 928-0520
Email: Billy_Nolas@fd.org

*Kathryn B. Codd
VINSON & ELKINS, L.L.P.
(202) 639-6536
Email: kcodd@velaw.com

*Jeanne Vosberg Sourgens
VINSON & ELKINS, L.L.P.
(202) 639-6633

Robert E. Waters
VINSON & ELKINS, L.L.P.
(202) 737-0500
Email: rwaters@velaw.com

William E. Lawler, III
VINSON & ELKINS, L.L.P.
(202) 639-6676
Email: wlawler@velaw.com

Margaret O'Donnell
(502) 320-1837
Email: mod@dcr.net

*William E. Hoffman, Jr.
KING & SPALDING LLP
(404) 572-3383

Matthew John Herrington
STEPTOE & JOHNSON LLP
(202) 429-8164
Email: mherrington@steptoe.com

Gary E. Proctor
LAW OFFICES OF GARY E. PROCTOR,
LLC
(410) 444-1500
Email: garyeproctor@gmail.com

Sean D. O'Brien
PUBLIC INTERSET LITIGATION CLINIC
(816) 363-2795
Email: dplc@dplclinic.com

Amy Gershenfeld Donnella
FEDERAL COMMUNITY DEFENDER
OFFICE FOR THE EDPA
(215) 928-0520
Email: amy_donnella@fd.org

Elizabeth Hagerty
HOGAN LOVELLS US LLP
(202) 637-3231
Email: elizabeth.hagerty@hoganlovells.com

*Yousri H. Omar
VINSON & ELKINS, L.L.P.
(202) 639-6500
Email: yomar@velaw.com

Abigail Bortnick
KING & SPALDING LLP
(202) 626-5502
Email: abortnick@kslaw.com

*Mark Joseph Hulkower
STEPTOE & JOHNSON LLP
(202) 429-6221
Email: mhulkower@steptoe.com

Robert A. Ayers
STEPTOE & JOHNSON LLP
(202) 429-6401
Email: rayers@steptoe.com

Robert L. McGlasson
MCGLASSON & ASSOCIATES, PC
(404) 314-7664
Email: rlmcglasson@comcast.net

Shawn Nolan
FEDERAL COMMUNITY DEFENDER
OFFICE, EDPA
(215) 928-0528
Email: shawn.nolan@fd.org

Joseph William Luby
FEDERAL PUBLIC DEFENDER/EDPA
(215) 928-0520
Email: joseph_luby@fd.org

David Victorson
HOGAN LOVELLS US LLP
(202) 637-2061
Email: David.Victorson@hoganlovells.com

John D. Beck
HOGAN LOVELLS US LLP
(212) 918-3000
Email: john.beck@hoganlovells.com

Mallik Yamusha
HOGAN LOVELLS US LLP
(212) 981-3000
Email:mallisk.yamusha@hoganlovells.com

Amy J. Lentz
STEPTOE & JOHNSON
(202) 429-1320
Email: Alentz@steptoe.com

Steven Albertson
Skadden, Arps, Slate, Meagher & Flom LLP
(202) 371-7112
Email: steven.albertson@skadden.com

Jon Jeffress
KaiserDillon PLLC
202-640-2850
Email: jjeffress@kaiserdillon.com

Jean Lin
Civil Division, Department of Justice
 (202) 514-3716
Email: Jean.lin@usdoj.gov

Alan Burch
US States Attorney's Office, Civil Division
(202) 252-2550
Email: alan.burch@usdoj.gov

Paul R. Perkins
Civil Division, Department of Justice
(202) 514-5090
Email: Paul.R.Perkins@usdoj.gov

Peter S. Smith
United States Attorney's Office
 (202) 252-6769
Email: peter.smith@usdoj.gov

Pieter Van Tol
HOGAN LOVELLS US LLP
(212) 918-3000
Email: Pieter.Vantol@hoganlovells.com

Timothy Kane
FEDERAL COMMUNITY DEFENDER
OFFICE, EDPA
(215) 928-0528
Email: timothy_kane@fd.org

Charles F. Walker
Skadden, Arps, Slate, Meagher & Flom LLP
 (202) 371-7862
Email: charles.walker@skadden.com

Jon Jeffress
KaiserDillon PLLC
202-640-2850
Email: jjeffress@kaiserdillon.com

Jonathan Kossak
Civil Division, Department of Justice
 (202) 514-3716
Email: Jonathan.kossak@usdoj.gov

Ethan P. Davis
Civil Division, U.S. Department of Justice
 (202) 514-7830
Email: Ethan.P.Davis@usdoj.gov

Denise M. Clark
U.S. Attorney's Office for the District of
Columbia
202-252-6605
Email: Denise.Clark@usdoj.gov

Robert J. Erickson
US Department of Justice
(202) 514-2841
Email: Robert.erickson@usdoj.gov

* No e-mail provided on the docket or counsel no longer with the identified firms.

                                        */s/ Arin Smith*
                                        Arin Smith