UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of the Federal Bureau of Prisons' Execution Protocol Cases, | ) ) ) ) |
| LEAD CASE: *Roane et al. v. Barr* | ) ) Case No. 19-mc-145 (TSC) |
| THIS DOCUMENT RELATES TO: | ) ) |
| ALL CASES | ) ) ) |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR EXPEDITED DISCOVERY**

The United States respectfully opposes Plaintiffs' motion for expedited discovery (ECF No. 104) seeking information concerning a submission made by the Department of Justice to the Office of Information and Regulatory Affairs ("OIRA"), Office of Management and Budget, the Executive Office of the President, that is entitled "Manner of Federal Executions" ("Draft Rule"). Beyond referencing the generic title of the Draft Rule, Plaintiffs fail to explain why the Draft Rule—which represents a preliminary, deliberative step before any proposed agency rule may be issued for notice and public comment—has any bearing on the arguments raised in their motion for preliminary injunction ECF No. 102, much less why expedited discovery into the Draft Rule is necessary. Moreover, discovery of any kind under the APA is not permitted unless certain specified exceptions are applicable, which Plaintiffs' motion makes no effort to demonstrate. Tellingly, Plaintiffs fail to cite a single case ordering discovery into this type of communication between an agency and OIRA. For these reasons and others discussed below, the Court should deny their motion.

**Background**

Plaintiffs' separate motion for a preliminary injunction argues that Defendants violated the APA by failing to consider important aspect of the problems Plaintiffs allege exist in BOP's 2019 Protocol: "the risk that pentobarbital will cause flash pulmonary edema, . . . ; the risks associated with IV insertion; and the risks of obtaining pentobarbital from a compounding pharmacy." ECF No. 102 at 6. As explained in Defendants' contemporaneously filed Opposition to Plaintiffs' preliminary injunction motion, Plaintiffs have no likelihood of success on any of these points, not to mention that the Court's review is limited to the Administrative Record underlying the 2019 Protocol. Nevertheless, Plaintiffs seek expedited discovery related to the Department of Justice's recent submission to OIRA of a draft rule entitled "Manner of Executions" for regulatory review. *See* ECF No. 104 at 2 (citing Manner of Federal Executions: OIRA Conclusion of EO 12866 Regulatory Review, Exec. Office of the President (May 29, 2020), https://www.reginfo.gov/public/do/eoDetails?rrid=130616). Specifically, Plaintiffs request an order requiring Defendants to respond to the following interrogatories:

1. State the exact text of the Proposed Rule.

2. Describe the purpose of the Proposed Rule.

3. State whether the Proposed Rule amends or supplements the 2019 Protocol in any way and, if so, describe what those amendments or supplements are.

4. State the date by which the Proposed Rule will be released for public comment.

5. State the names of those persons involved in issuing, reviewing, and approving the Proposed Rule, including the names of any persons involved in making the decision to issue the Proposed Rule.

ECF No. 104 at Ex. 1. To be clear, despite Plaintiffs' repeated use of the term "proposed rule," this is not a proposed rule. A proposed rule only exists when the agency decides to notice it for public comment, which has not yet occurred.

## Argument

I. **Plaintiffs are Not Entitled to Discovery in an APA Challenge.**

   A. **Discovery in APA Cases Requires Showing of Bad Faith or Impossibility of Judicial Review, Which Plaintiffs Have Failed to Assert, Much Less Prove.**

Plaintiffs seek expedited discovery solely to help bolster one of the APA claims raised in their motion for preliminary injunction. *See* ECF No. 104 at 1-2. Yet they fail to address, let alone meet, the stringent limitations on discovery in the APA context, wherein discovery of any kind is highly disfavored in the absence of a "strong showing of bad faith or improper behavior[,] or when the record is so bare that it prevents effective judicial review.'" *Menkes v. DHS,* 637 F.3d 319, 339 (D.C. Cir. 2011). This is so because "when a party seeks review of agency action under the APA [before a district court], the district judge sits as an appellate tribunal." *Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083 (D.C. Cir. 2001). The district court's review "is based on the agency record and limited to determining whether the agency acted arbitrarily or capriciously." *Rempfer v. Sharfstein*, 583 F.3d 860, 865 (D.C. Cir. 2009) (citing 5 U.S.C. § 706).

Plaintiffs here have not even attempted to make the necessary showing of bad faith or wholesale incompleteness of the Administrative Record in this case, whether in their motion for discovery or their other litigation papers supporting their motion for PI. Their only conclusory speculation is that the material they seek is somehow relevant:

> Because the 2019 Protocol, on its face, states that it relates to the "[m]anner of [f]ederal [e]xecutions," whether the DOJ is seeking to amend or supplement its current execution procedures is highly relevant to Plaintiffs' claims. In short, Plaintiffs simply want to know what the [Draft] Rule is and not what the agencies have said about the [Draft] Rule in the deliberative process.

ECF No. 104 at 3. Plaintiffs' failure to meet the standard from *Menkes* could hardly be clearer. Moreover, Plaintiffs' conclusory stab at relevance fails as well, because their motion never explains how information that post-dates the July 2019 Protocol is likely relevant to the BOP's earlier decision. This alone is a sufficient reason to deny Plaintiffs' motion.

> **B. Deliberative Materials Are Privileged and Generally Deemed Irrelevant and Not Part of the Administrative Record.**

Even if Plaintiffs had satisfied the standard for accessing discovery in support of an APA claim, their motion still should be denied because the information they seek is covered by the deliberative process privilege. This is fatal to Plaintiffs' motion. "The deliberative process privilege protects materials that are both predecisional and deliberative." *Mapother v. Dep't of Justice*, 3 F.3d 1533, 1537 (D.C. Cir. 1993). "[T]he privilege serves to protect the deliberative process itself, not merely documents containing deliberative material." *Id.* Materials covered by the deliberative process privilege are not considered relevant parts of the administrative record and are not even required to be disclosed on a privilege log accompanying an administrative record in an APA action "absent a showing of bad faith or improper behavior." *Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019) (holding that agency was not required to list on a privilege log materials covered by the deliberative process privilege in compiling the administrative record in an APA case, and explaining: "As we have held, on arbitrary and capricious review, absent a showing of bad faith or improper behavior, '[a]gency deliberations not part of the record are deemed immaterial.'").

Plaintiffs do not appear to contest this. Instead, they argue that they are "not seeking drafts of the [Draft] Rule or information that would implicate the deliberative process privilege." ECF No. 104 at 2. In this way, they attempt to avoid the black-letter law holding of cases like *Lewis v. U.S. Dep't of Treasury*, No. 17-cv-0943 (DLF), 2020 WL 1667656 (D.D.C. April 3, 2020); *Estes*

4

*v. United States*, 128 Fed. Cl. 285 (Fed. Cl. 2016), which Plaintiffs admit prohibit the disclosure of "drafts of . . . proposed rules." ECF No. 104 at 2 (emphasis omitted). Plaintiffs purported qualification of their position is ridiculous. They claim not to seek drafts of the Draft Rule, but their first interrogatory request asks for "the exact text of the 'proposed rule.'" ECF No. 104 at Ex. 1. That text is a draft. And as noted before, the exact text of a proposed rule will not exist until the agency publishes it for notice and comment. Plaintiffs also ask Defendants to describe "the purpose of the Proposed Rule," and "whether the Proposed Rule amends or supplements the 2019 Protocol in any way, and if so, describe what those amendments or supplements are." *Id*. But, of course, those questions can only be answered once a proposed rule exists, which it does not. Finally, Plaintiffs request that Defendants state "the date by which the Proposed Rule will be released for public comment" and "the names of those persons involved in issuing, reviewing, and approving the Proposed Rule, including the names of any persons involved in making the decision to issue the Proposed Rule." *Id*. This again assumes that a proposed rule will issue, which is not a foregone conclusion. And the names of government employees who worked on the Draft Rule are undoubtedly irrelevant.

Plaintiffs hedge their bets by arguing that even if the information they seek is deliberative, the privilege is qualified and can be overcome if the "'need for the documents outweighs the harm that disclosure would cause the nonmoving party.'" ECF No. 104 at 3 (quoting *Estes*, 128 Fed. Cl. at 290). However, as discussed above, in the context of an APA challenge, "[a]gency deliberations not part of the record are deemed immaterial." *Oceana*, 920 F.3d at 865. Information that is immaterial cannot outweigh the government's interest in protecting the deliberative process. *See, e.g.*, *Xcel Energy, Inc. v. United States*, 237 F.R.D. 416, 421 (D. Minn.) (holding that none of

the factors considered in determining whether the privilege can be overcome "weigh in favor of invading the privilege" when the information sought is "irrelevant").

The OIRA process is a quintessentially deliberative, predecisional process, within the Executive Branch, set up to determine whether to publish a proposed rule for notice and comment. If disclosure were compelled now, and then the ultimate proposed rule was different or never published for notice and comment, that will reveal internal Executive deliberations about the content of the proposed rule. The request undeniably strikes at the core of the deliberations occurring during the OIRA process. Among the numerous failings in Plaintiffs' motion is the lack of citation to any precedent overcoming the deliberative process privilege in the OIRA process.

For these reasons, Plaintiffs' request for expedited discovery should be denied.

## II. Plaintiffs' Request Also Fails Under the General Standard for Expedited Discovery.

In the alternative, even if the Court were to treat Plaintiffs' motion as it would in a non-APA case, the Court should still deny the request. Defendants agree that, in non-APA cases, this Court typically applies the so-called reasonableness test consisting of the five factors identified by Plaintiffs in their motion. *See, e.g.*, *Garnett v. Zeilinger*, Civ. A. No. 17-1757, 2017 WL 8944640 (D.D.C. Dec. 15, 2017). The five factors are: "(1) whether a motion for preliminary injunction is pending, (2) the discovery request's breadth, (3) the purpose for requesting expedited discovery, (4) the burden on the defendant to comply with the requested discovery, and (5) how far in advance of the typical discovery process the request is made." *Id.* at *1.

1. While the first factor is met here, it does not weigh heavily.

2. Under the second factor, Plaintiffs' request goes well beyond merely seeking the text of the Draft Rule. It also seeks an authoritative statement of its purpose, the date it will be

published for public comment, the names of the government employees who worked on it, and an explanation of what prompted the proposal. (ECF No. 104-1.) Plaintiffs argue that their request should be deemed narrow under this factor because they refer only to "a single topic" (ECF No. 104 at 5). This glosses over the breadth of the topic and totally ignores that they seek more than simply the text. Their request is considerably broader.

3. Under the third factor, case law is clear that Plaintiffs must show that the discovery will help the Court decide Plaintiffs' likelihood of success on the merits of their APA claim. *See, e.g.*, *Garnett*, 2017 WL 8944640 (assessing, under third reasonableness factor, whether "at least some of the discovery that Plaintiffs seek will bear on the merits of their preliminary injunction motion and will facilitate the Court's resolution of that motion"); *Guttenberg v. Emery*, 26 F. Supp. 3d 88, 98 (D.D.C. 2014) (similar); *Legal Tech. Group, Inc., v. Mukerjii*, Civ. A. No. 17-0631, 2017 WL 7279398 *4 (D.D.C. June 5, 2007) (similar).

Here, Plaintiffs' motion again fails to provide any relevant argumentation. Indeed, their motion for a preliminary injunction makes only a passing reference to their request for discovery (ECF No. 102 at 20) without any explanation of need or suggestion that their motion for a preliminary injunction is somehow incomplete, much less unfairly incomplete, in the absence of the requested discovery. Instead, the picture painted by Plaintiffs—"The essence of Plaintiffs' claim is that Defendants 'entirely failed to consider an important aspect of the problem' in developing the 2019 Protocol" (ECF No. 104 at 2)—is only consistent with the conclusion that they do not need the discovery to support their motion for preliminary injunction. *See N.S. v. Hughes*, --- F.R.D. ---, 2020 WL 2219441 (D.D.C. May 7, 2020) (denying as moot motion for expedited discovery and holding: "Although plaintiff will be permitted to file discovery motions in the future, plaintiff filed this specific motion seeking expedited discovery to support his request

for a preliminary injunction. Because there is sufficient evidence to grant a preliminary injunction without expedited discovery, ordering such expedited discovery would be unnecessary and improper."). Therefore, this factor heavily disfavors Plaintiffs' motion.

Moreover, even if Plaintiffs' could overcome the problems described above, it appears that their implicit theory of relevance is that the Draft Rule constitutes subsequent remedial measures. But if this is their theory, it fails because Plaintiffs' motion fails to address the application of Rule 407 of the Federal Rules of Evidence, which makes inadmissible evidence of "subsequent remedial measures" in order to prove "culpable conduct." Fed. R. Evid. 407. This rule applies to constitutional claims as well. *See, e.g.*, *Specht v. Jensen*, 863 F.2d 700, 701-02 (10th Cir. 1988) (finding that Rule 407 bars admissibility of city's press release announcing new procedures designed to prevent police officers from misreading search warrant in law suit raising claim for damages under § 1983 for unconstitutional search); *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1417 (9th Cir.1986) (upholding exclusion, based on Rule 403 and Rule 407, of a police department investigation as a subsequent remedial measure in a civil rights suit brought pursuant to 42 U.S.C. § 1983).[1] As applied here, Rule 407 thus indicates that the information sought by Plaintiffs is unlikely to be admissible in any event.

The Court should find that Plaintiffs have failed to make the necessary showing under the third factor.

4.  The fourth factor, which considers the burden on the defendant to comply with the requested discovery, is similar to the second factor, because the burden relates to the breadth of

---

[1] Plaintiffs do not argue that the changes are driven by a change in the law or superior obligation that would trigger an exception to Rule 407, as described in *Gilanian v. City of Boston*, 431 F. Supp. 2d 172, 177-78 (D. Mass. 2006).

the requests. The request for the text of the Proposed Rule is not burdensome, but responding to the additional requests would impose a significant burden—specifically, the requests for a description of the purpose of the Proposed Rule, a description of whether and how the Proposed Rule amends or supplements the BOP Protocol, and a description of what "prompted, initiated, or motived the decision to issue the Proposed Rule." *See* ECF No. 104-1 at 3.

And with respect to Plaintiffs' proposed interrogatory 5, which seeks the names of the government employees who worked on the Draft Rule, not only is this information completely irrelevant, as discussed above, but its disclosure would place unique burdens on those people whose names would be disclosed. The deliberative process privilege "rests on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news, and its object is to enhance 'the quality of agency decisions, but protecting open and frank discussion among those who make them within the Government." *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8-9 (2001) (internal quotation marks and citation omitted). The protection of deliberative communications is therefore essential to the integrity of the agency's decision-making process, just as a court's internal deliberations and communications among judges and their staff are properly excluded from review in another court. *San Luis Obispo Mothers for Peace v. NRC*, 789 F.2d 26, 45 (D.C. Cir. 1986) (en banc) ("We think the analogy to the deliberative processes of a court is an apt one. Without the assurance of secrecy, the court could not fully perform its functions."). The request for names of officials involved in the Draft Rule directly undermines Plaintiffs' blithe assertion that the disclosure of government employees' names would not have a chilling effect on the development of particular policies. ECF No. 104at 4.

9

5. The fifth factor, which concerns how far in advance of the typical discovery process the request is made, likewise does not weigh in Plaintiffs' favor. There is no typical discovery process in APA litigation—discovery is rarely allowed at any point. This case should be no exception, as Plaintiffs have not even attempted to show that the government acted in bad faith or turned over an incomplete administrative record.Accordingly, the balance of factors disfavors expedited discovery and the Court should deny the request on this basis, even if it reached the reasonableness test.

### Conclusion

For these reasons, Defendants ask the Court to deny Plaintiffs' motion for expedited discovery.

Dated: June 25, 2020                                                    Respectfully submitted,

MICHAEL R. SHERWIN                                         JOSEPH H. HUNT
Acting United States Attorney                               Assistant Attorney General

DANIEL F. VAN HORN                                          DAVID M. MORRELL
Civil Chief, U.S. Attorney's Office                         Deputy Assistant Attorney General

/s/ _Alan Burch_                                                    PAUL R. PERKINS
ALAN BURCH (D.C. Bar 470655)                            Special Counsel
Assistant United States Attorney
U.S. Attorney's Office                                           JEAN LIN (NY Bar 4074530)
for the District of Columbia                                  Special Litigation Counsel
Washington, D.C. 20530                                       JONATHAN KOSSAK (D.C. Bar 991478)
202-252-2550                                                       CRISTEN HANDLEY (MO Bar 69114)
alan.burch@usdoj.gov                                           Trial Attorneys
                                                                          Civil Division, Federal Programs Branch
                                                                          Civil Division, Department of Justice
                                                                          1100 L Street, N.W.
                                                                          Washington, D.C. 20005, (202) 514-3716
                                                                          Jean.lin@usdoj.gov
                                                                          Jonathan.kossak@usdoj.gov
                                                                          Cristen.handley@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 25, 2020, I caused a true and correct copy of foregoing to be served on all counsel of record via the Court's CM/ECF system. Pursuant to this Court's August 20, 2019 Order, below is a list of all plaintiffs' counsel of record, where counsel noted with (*) are apparently no longer with the identified firms.

Joshua Christopher Toll
King & Spalding LLP
(202) 737-8616
Email: jtoll@kslaw.com

Paul F. Enzinna
Ellerman Enzinna PLLC
(202) 753-5553
Email: penzinna@ellermanenzinna.com

Charles Anthony Zdebski
Eckert Seamans Cherin & Mellott, LLC
(202) 659-6605
Email: czdebski@eckertseamans.com

Brandon David Almond
Troutman Sanders LLP
(202) 274-2864
Email: brandon.almond@troutmansanders.com

Gerald Wesley King, Jr.
Federal Defender Program, Inc.
(404) 688-7530
Email: gerald_king@fd.org

Donald P. Salzman
Skadden, Arps, Slate, Meagher & Flom LLP
(202) 371-7983
Email: Donald.salzman@skadden.com

Charles Fredrick Walker
Skadden, Arps, Slate, Meagher & Flom LLP
(202) 371-7000
Email: Charles.Walker@skadden.com

Steven M. Albertson
Skadden, Arps, Slate, Meagher & Flom LLP
(202) 371-7112
Email: Steven.Albertson@skadden.com

Celeste Bacchi
Office Of The Public Defender
Capital Habeas Unit
(213) 894-1887
Email: celeste_bacchi@fd.org

Craig Anthony Harbaugh
Federal Public Defender, Central District Of California
(213) 894-7865
Email: craig_harbaugh@fd.org

Jonathan Charles Aminoff
Federal Public Defender, Central District Of California
(213) 894-5374
Email: jonathan_aminoff@fd.org

Alexander Louis Kursman
Office Of The Federal Community Defender/EDPA
(215) 928-0520
Email: Alex_Kursman@fd.org

Billy H. Nolas
Federal Community Defender Office For The EDPA
(215) 928-0520

Kathryn B. Codd
Vinson & Elkins, L.L.P.
(202) 639-6536
Email: kcodd@velaw.com

Email: Billy_Nolas@fd.org

*Jeanne Vosberg Sourgens
Vinson & Elkins, L.L.P.
(202) 639-6633

Robert E. Waters
Vinson & Elkins, L.L.P.
(202) 737-0500
Email: rwaters@velaw.com

William E. Lawler, III
Vinson & Elkins, L.L.P.
(202) 639-6676
Email: wlawler@velaw.com

Yousri H. Omar
Vinson & Elkins, L.L.P.
(202) 639-6500
Email: yomar@velaw.com

Evan D. Miller
Vinson & Elkins, L.L.P.
(202) 639-6605
Email: EMiller@velaw.com

Andres C. Salinas
Wilmer Cutler Pickering Hale & Dorr LLP
(202) 663-6289
Email: Andres. Salinas@wilmerhale.com

Margaret O'Donnell
(502) 320-1837
Email: mod@dcr.net

*William E. Hoffman, Jr.
King & Spalding LLP
(404) 572-3383

Abigail Bortnick
King & Spalding LLP
(202) 626-5502
Email: abortnick@kslaw.com

Mark Joseph Hulkower
Steptoe & Johnson LLP
(202) 429-6221
Email: mhulkower@steptoe.com

Matthew John Herrington
Steptoe & Johnson LLP
(202) 429-8164
Email: mherrington@steptoe.com

Robert A. Ayers
Steptoe & Johnson LLP
(202) 429-6401
Email: rayers@steptoe.com

Amy J. Lentz
Steptoe & Johnson LLP
(202) 429-1320
Email: Alentz@steptoe.com

Robert L. McGlasson
Mcglasson & Associates, PC
(404) 314-7664
Email: rlmcglasson@comcast.net

Gary E. Proctor
Law Offices Of Gary E. Proctor, LLC
(410) 444-1500
Email: garyeproctor@gmail.com

Sean D. O'Brien
Public Interset Litigation Clinic
(816) 363-2795
Email: dplc@dplclinic.com

Scott Wilson Braden
Federal Public Defender, Eastern District Of Arkansas
(501)-324-6144

Shawn Nolan
Federal Community Defender Office, EDPA
(215) 928-0528
Email: shawn.nolan@fd.org

Email: Scott_Braden@fd.org
Amy Gershenfeld Donnella
Federal Community Defender Office, EDPA
(215) 928-0520
Email: amy_donnella@fd.org

David Victorson
(202) 637-2061
Hogan Lovells US LLP
Email: David.Victorson@hoganlovells.com

John D. Beck
Hogan Lovells US LLP
(212) 918-3000
Email:  john.beck@hoganlovells.com

Amelia J. Schmidt
Kaiser Dillon, PLLC
(202) 869-1301
Email: Aschmidt@kaiserdillon.com

Jennifer Ying
Morris Nichols Arsht & Tunnell LLP
(302) 351-9243
Email: Jying@mnat.com

Alan E. Schoenfeld
Wilmer Cutler Pickering Hale & Dorr LLP
(212) 937-7294
Email: Alan.Schoenfeld@wilmerhale.com

Kathryn L. Clune
Crowell & Moring, LLP
(202) 624-2500
Email: KClune@crowell.com

Ginger D. Anders
Munger, Tolles & Olson, LLP
(202) 220-3200
Email: Ginger.Anders@mto.com

Joseph William Luby
Federal Public Defender, EDPA
(215) 928-0520
Email: joseph_luby@fd.org

Pieter Van Tol
Hogan Lovells US LLP
(212) 918-3000
Email: Pieter.Vantol@hoganlovells.com

Jonathan Jeffress
Kaiser Dillon, PLLC
(202) 640-2850
Email: Jjeffress@kaiserdillon.com

Andrew Moshos
Morris Nichols Arsht & Tunnell LLP
(302) 351-9197
Email: Amoshos@mnat.com

*Ryan M. Chabot
Wilmer Cutler Pickering Hale & Dorr LLP
(212) 295-6513

Jennifer M. Moreno
Office of the Public Federal Defender, District of Arizona
(602)382-2718
Email: Jennifer_Moreno@fd.org

Dale A. Baich
Office Of The Federal Public Defender
(602) 382-2816
Email: Dale_Baich@fd.org


/s/ *Alan Burch*
ALAN BURCH
Assistant United States Attorney

13