UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| In the Matter of the<br>Federal Bureau of Prisons' Execution<br>Protocol Cases, | )<br>)<br>)<br>)<br>) |  |
| LEAD CASE: *Roane et al. v. Barr* | )<br>) | Case No. 19-mc-145 (TSC) |
| THIS DOCUMENT RELATES TO: | )<br>)<br>) |  |
| *Nelson v. Barr, et al.*, 20-cv-577 | )<br>) |  |

## **OPPOSITION TO MOTION TO STRIKE NOTICE OF EXECUTION DATES**

The United States respectfully opposes Plaintiff's motion to strike the government's notice regarding execution dates ("Motion"). Plaintiff Keith Nelson moved to strike (ECF No. 101) the notice filed by the government (ECF No. 99) as it relates to his date of execution. Although styled as a motion to strike the government's litigation filing, the motion seeks both the striking of the document and the affirmative relief of vacating the execution date itself. Motion at 3. The Court should deny this motion as unsupported by any legal authority.

The applicable federal regulation requires that the Federal Bureau of Prisons ("BOP") notify an inmate of his execution "at least 20 days in advance." 28 C.F.R. § 26.4(a). Nelson received notice of his execution date on June 15, 2020 – 74 days before his August 28, 2020 scheduled execution. Nelson nonetheless argues that he did not receive sufficient notice because of a provision in BOP's internal Lethal Execution Protocol, which provides that an inmate will receive 90 days' notice of his execution date. Motion at 2 (quoting the memorandum). The memorandum also provides that it "explains internal government procedures and does not create any enforceable rights or obligations." (AR 1019.) Nelson cites no legal authority for the proposition that the notice provision nevertheless creates a basis to vacate his execution date.

To the contrary, the D.C. Circuit – in this very case – recently held that BOP's Protocol does not create enforceable rights. *See In re Fed. Bureau of Prisons' Execution Protocol Cases*, 955 F.3d 106, 112 (D.C. Cir. 2020) ("the 2019 protocol and addendum are rules of agency organization, procedure, or practice") (per curiam); *id*. at 125 ("The federal protocol does not alter the plaintiffs' rights or interests") (Katsas, J., concurring); *id*. at 144-45 (Rao, J., concurring); *see also id*. at 125-26 ("The federal protocol does not alter the plaintiffs' rights or interests . . . [and] explicitly permits 'deviation[s]' and 'adjustment[s]' upon a determination 'by the Director of the BOP or the Warden' that the deviation is 'required,' thus preserving a healthy measure of agency discretion") (Katsas, J., concurring). Undersigned counsel identified this case law to Nelson's counsel in the email attached as an exhibit to Nelson's motion. Nevertheless, Nelson's motion fails to address the D.C. Circuit's decision and identifies no contrary authority.

In any event, the nonbinding protocol by its terms permits "deviation or adjustment [if] required, as determined by the Director of the BOP or the Warden." AR 1019. *See also* 28 U.S.C. § 509 ("vest[ing] in the Attorney General," with exceptions not relevant here, "[a]ll functions of other officers of the Department of Justice and all functions of agencies and employees of the Department of Justice"). And as explained by BOP's Chief of Staff, the determination called for by the protocol was in fact made. Decl. of Kevin Pistro ¶ 8, attached hereto.[1] This clearly satisfies the protocol even apart from its non-binding nature.

---

[1] In particular, "at the Attorney General's direction," the Director determined that deviation was "required in light of (1) the importance of promptly scheduling the execution given the nearly 18 years that have passed since Mr. Nelson's capital conviction, and (2) the further delay that would ensue if the full 90-day period elapsed, given that there are only limited time windows to schedule executions due to staffing and contractor availability and other operational considerations." *Id*.

Furthermore, Nelson's request asks for far more than the simple management of the Court's docket; he seeks affirmative relief that would need to be justified, if at all, under the standards for injunctive relief. Nelson's Motion fails to address the standards for injunctive relief, much less satisfy them. And for good reason: in addition to the merits defects noted above, Nelson cannot plausibly demonstrate any irreparable harm from receiving 16 days less notice than suggested in the non-binding protocol *but 54 days more notice* than required in the binding regulation; by contrast, as noted above, delay will harm the government's interests in carrying out the execution in an expeditious and orderly manner. Nelson cannot evade the requirements for equitable relief merely by miscaptioning his filing as a motion to strike. This point is made all the more obvious by Plaintiffs' separate, contemporaneously filed motion for preliminary injunction (ECF No. 102). That motion – joined by Nelson – addresses the standards for injunctive relief (id. at 4). If the 90-day provision were in fact a viable basis for relief, Nelson could have addressed it in the motion for preliminary injunction, or advanced an argument in this Motion why his request satisfies the injunction standards. His failure to do so is another reason to deny this request to vacate his execution date.

Finally, to the extent that Nelson's Motion purports to ask the Court solely to strike the government's notice from the record *without* setting aside the actual execution date, such relief is not only baseless, but pointless. There is no apparent reason to shield the Court from the fact that BOP has scheduled Nelson's execution – information that Plaintiffs have separately put into the record (ECF Nos. 101, 102, 103, 104, 106). Nelson identifies no legal standard that the government might have violated by filing its notice, which again underscores that the true purpose of the motion is to seek injunctive relief while evading the standards governing such relief.

For these reasons, the Court should deny Nelson's motion to strike.

Dated: June 25, 2020

Respectfully submitted,

| | |
|---|---|
| MICHAEL R. SHERWIN<br>Acting United States Attorney | JOSEPH H. HUNT<br>Assistant Attorney General |
| DANIEL F. VAN HORN<br>Civil Chief, U.S. Attorney's Office | DAVID M. MORRELL<br>Deputy Assistant Attorney General |
| /s/ _Alan Burch_<br>ALAN BURCH, D.C. Bar #470655<br>Assistant United States Attorney<br>U.S. Attorney's Office<br>for the District of Columbia<br>Washington, D.C. 20530<br>202-252-2550<br>alan.burch@usdoj.gov | PAUL R. PERKINS<br>Special Counsel<br><br>JEAN LIN (NY Bar 4074530)<br>Special Litigation Counsel<br>JONATHAN KOSSAK (D.C. Bar 991478)<br>CRISTEN C. HANDLEY (MO Bar 69114)<br>Trial Attorneys<br>Civil Division<br>Federal Programs Branch<br>Civil Division, Department of Justice<br>1100 L Street, N.W.<br>Washington, D.C. 20005<br>(202) 514-3716<br>Jean.lin@usdoj.gov<br>Jonathan.kossak@usdoj.gov<br>Cristen.handley@usdoj.gov<br><br>*Attorneys for Defendants* |

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 25, 2020, I caused a true and correct copy of foregoing to be served on all counsel of record via the Court's CM/ECF system.  Pursuant to this Court's August 20, 2019 Order, below is a list of all plaintiffs' counsel of record, where counsel noted with (*) are apparently no longer with the identified firms.

Joshua Christopher Toll
King & Spalding LLP
(202) 737-8616
Email: jtoll@kslaw.com

Charles Anthony Zdebski
Eckert Seamans Cherin & Mellott, LLC
(202) 659-6605
Email: czdebski@eckertseamans.com

Gerald Wesley King, Jr.
Federal Defender Program, Inc.
(404) 688-7530
Email: gerald_king@fd.org

Charles Fredrick Walker
Skadden, Arps, Slate, Meagher & Flom LLP
(202) 371-7000
Email: Charles.Walker@skadden.com

Celeste Bacchi
Office Of The Public Defender
Capital Habeas Unit
(213) 894-1887
Email: celeste_bacchi@fd.org

Jonathan Charles Aminoff
Federal Public Defender, Central District Of California
(213) 894-5374
Email: jonathan_aminoff@fd.org

Billy H. Nolas
Federal Community Defender Office For The EDPA
(215) 928-0520
Email: Billy_Nolas@fd.org

*Jeanne Vosberg Sourgens

Paul F. Enzinna
Ellerman Enzinna PLLC
(202) 753-5553
Email: penzinna@ellermanenzinna.com

Brandon David Almond
Troutman Sanders LLP
(202) 274-2864
Email: brandon.almond@troutmansanders.com

Donald P. Salzman
Skadden, Arps, Slate, Meagher & Flom LLP
(202) 371-7983
Email: Donald.salzman@skadden.com

Steven M. Albertson
Skadden, Arps, Slate, Meagher & Flom LLP
(202) 371-7112
Email: Steven.Albertson@skadden.com

Craig Anthony Harbaugh
Federal Public Defender, Central District Of California
(213) 894-7865
Email: craig_harbaugh@fd.org

Alexander Louis Kursman
Office Of The Federal Community Defender/EDPA
(215) 928-0520
Email: Alex_Kursman@fd.org

Kathryn B. Codd
Vinson & Elkins, L.L.P.
(202) 639-6536
Email: kcodd@velaw.com

Robert E. Waters

Vinson & Elkins, L.L.P.  
(202) 639-6633

William E. Lawler, III  
Vinson & Elkins, L.L.P.  
(202) 639-6676  
Email: wlawler@velaw.com

Evan D. Miller  
Vinson & Elkins, L.L.P.  
(202) 639-6605  
Email: EMiller@velaw.com

Margaret O'Donnell  
(502) 320-1837  
Email: mod@dcr.net

Abigail Bortnick  
King & Spalding LLP  
(202) 626-5502  
Email: abortnick@kslaw.com

Matthew John Herrington  
Steptoe & Johnson LLP  
(202) 429-8164  
Email: mherrington@steptoe.com

Amy J. Lentz  
Steptoe & Johnson LLP  
(202) 429-1320  
Email: Alentz@steptoe.com

Gary E. Proctor  
Law Offices Of Gary E. Proctor, LLC  
(410) 444-1500  
Email: garyeproctor@gmail.com

Scott Wilson Braden  
Federal Public Defender, Eastern District Of Arkansas  
(501)-324-6144  
Email: Scott_Braden@fd.org  
Amy Gershenfeld Donnella  
Federal Community Defender Office, EDPA

Vinson & Elkins, L.L.P.  
(202) 737-0500  
Email: rwaters@velaw.com

Yousri H. Omar  
Vinson & Elkins, L.L.P.  
(202) 639-6500  
Email: yomar@velaw.com

Andres C. Salinas  
Wilmer Cutler Pickering Hale & Dorr LLP  
(202) 663-6289  
Email: Andres. Salinas@wilmerhale.com

*William E. Hoffman, Jr.  
King & Spalding LLP  
(404) 572-3383

Mark Joseph Hulkower  
Steptoe & Johnson LLP  
(202) 429-6221  
Email: mhulkower@steptoe.com

Robert A. Ayers  
Steptoe & Johnson LLP  
(202) 429-6401  
Email: rayers@steptoe.com

Robert L. McGlasson  
Mcglasson & Associates, PC  
(404) 314-7664  
Email: rlmcglasson@comcast.net

Sean D. O'Brien  
Public Interset Litigation Clinic  
(816) 363-2795  
Email: dplc@dplclinic.com

Shawn Nolan  
Federal Community Defender Office, EDPA  
(215) 928-0528  
Email: shawn.nolan@fd.org

Joseph William Luby  
Federal Public Defender, EDPA

(215) 928-0520
Email: amy_donnella@fd.org

David Victorson
(202) 637-2061
Hogan Lovells US LLP
Email: David.Victorson@hoganlovells.com

John D. Beck
Hogan Lovells US LLP
(212) 918-3000
Email: john.beck@hoganlovells.com

Amelia J. Schmidt
Kaiser Dillon, PLLC
(202) 869-1301
Email: Aschmidt@kaiserdillon.com

Jennifer Ying
Morris Nichols Arsht & Tunnell LLP
(302) 351-9243
Email: Jying@mnat.com

Alan E. Schoenfeld
Wilmer Cutler Pickering Hale & Dorr LLP
(212) 937-7294
Email: Alan.Schoenfeld@wilmerhale.com

Kathryn L. Clune
Crowell & Moring, LLP
(202) 624-2500
Email: KClune@crowell.com

Ginger D. Anders
Munger, Tolles & Olson, LLP
(202) 220-3200
Email: Ginger.Anders@mto.com

(215) 928-0520
Email: joseph_luby@fd.org

Pieter Van Tol
Hogan Lovells US LLP
(212) 918-3000
Email: Pieter.Vantol@hoganlovells.com

Jonathan Jeffress
Kaiser Dillon, PLLC
(202) 640-2850
Email: Jjeffress@kaiserdillon.com

Andrew Moshos
Morris Nichols Arsht & Tunnell LLP
(302) 351-9197
Email: Amoshos@mnat.com

*Ryan M. Chabot
Wilmer Cutler Pickering Hale & Dorr LLP
(212) 295-6513

Jennifer M. Moreno
Office of the Public Federal Defender, District of Arizona
(602)382-2718
Email: Jennifer_Moreno@fd.org

Dale A. Baich
Office Of The Federal Public Defender
(602) 382-2816
Email: Dale_Baich@fd.org

/s/ *Alan Burch*
ALAN BURCH
Assistant United States Attorney

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| IN THE MATTER OF THE FEDERAL BUREAU OF PRISONS' EXECUTION PROTOCOL CASES<br><br>LEAD CASE: *Roane et al. v. Barr*<br><br>THIS DOCUMENT RELATES TO:<br><br>*Nelson v. Barr, et al.*, 20-cv-557 | No. 1:19-mc-00145-TSC |

DECLARATION OF KEVIN PISTRO

I, Kevin Pistro, do hereby declare and state as follows:

1. I am currently employed by the Federal Bureau of Prisons (BOP) as the Chief of Staff in the Office of the Director, a position I have held since January, 2018. I have been employed by the BOP since November, 2000.

2. The statements I make hereinafter are made on the basis of my review of the official files and records of the BOP, my own personal knowledge, or on the basis of information acquired by me through the performance of my official duties.

3. I have been advised that Keith Nelson, a Plaintiff in the above referenced lawsuit, has moved to strike the notice of his execution date of August 28, 2020. *See* ECF No. 101.

4. I am aware that Mr. Nelson received the notice on June 15, 2020, seventy-four (74) days prior to his execution date. That notification was consistent with (indeed, far in excess of) the requirement in binding Department of Justice regulations that the "Warden of the designated institution shall notify the prisoner under sentence of death of the date

designated for execution at least 20 days in advance." 28 C.F.R. § 26.4(a).

5. I understand that Mr. Nelson's claim is that he nevertheless did not receive sufficient notice of his execution date. I further understand that Mr. Nelson bases his claim on a provision of the BOP's internal Execution Protocol manual ("Protocol"), a nonbinding agency document that "explains internal government procedures and does not create any enforceable rights or obligations." ECF No. 101-1 at AR 1019.

6. Specifically, I understand that Mr. Nelson relies on the nonbinding Protocol provision stating that the "Warden of USP Terre Haute will notify, in writing, the inmate under sentence of death, of the date designated by the Director for execution at least 90 days in advance." *Id.* at AR 1023 ch. 1, Sec. II.C.

7. Of note, the paragraph prior to this provision reiterates that federal regulations only require that "notice . . . be given to the defendant no later than 20 days before the execution (28 C.F.R. § 26.4(a))." *Id.* at ch. 1, Sec. II.B. The Protocol also states that "deviation or adjustment" from its procedures is permissible if "required, as determined by the Director of the BOP or the Warden." *Id.* at AR 1019.

8. I am familiar with the factors that led to the BOP Director's decision to set Mr. Nelson's execution date. The Director scheduled the execution for August 28, 2020, a date that provided Mr. Nelson with 74 days of notice—almost four times the 20-day notice required by the applicable federal regulation, 28 C.F.R. § 26.4(a). The Director determined, at the Attorney General's direction, that deviation from the nonbinding Protocol's 90-day notice provision was required in light of (1) the importance of promptly scheduling the execution given the nearly 18 years that have passed since Mr. Nelson's capital conviction, and (2) the further delay that would ensue if the full 90-day period elapsed, given that there are

only limited time windows to schedule executions due to staffing and contractor availability and other operational considerations. AR 1019.

9. To my knowledge, Mr. Nelson has not indicated that he lacks meaningful notice or that he has been prejudiced in any way by receiving 74 days of notice rather than 90 days of notice.

I declare, under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct. Executed this 24 day of June, 2020.

Kevin Pistro
Chief of Staff
Office of the Director
Federal Bureau of Prisons