**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| In the Matter of the Federal Bureau of Prisons' Execution Protocol Cases, </br></br>LEAD CASE: *Roane et al. v. Barr* </br></br>THIS DOCUMENT RELATES TO </br></br>*Lee v. Barr, et al.*, 19-cv-2559 | Case No. 19-mc-145 (TSC) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF DANIEL LEWIS LEE'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

PROCEDURAL HISTORY..................................................................................................1

ARGUMENT........................................................................................................................3

I.   LEE IS UNLIKELY TO SUCCEED ON HIS FDPA CLAIM BECAUSE THE D.C. CIRCUIT HAS ALREADY CORRECTLY DETERMINED THAT THE FDPA DOES NOT REQUIRE BOP TO FOLLOW THE ARKANSAS PROTOCOL .....3

II.  THE BALANCE OF EQUITIES AND THE PUBLIC INTEREST WEIGHS AGAINST ENJOINING LEE'S EXECUTION........................................................8

CONCLUSION....................................................................................................................9

# TABLE OF AUTHORITIES

**Cases**

*Ark. Dep't of Correction v. Williams*,
    357 S.W.3d 867 (Ark. 2009) .................................................................................... 6

*Barr v. Roane*,
    140 S. Ct. 353 (2019) ............................................................................................... 7

*Briggs v. Penn. R.R. Co.*,
    334 U.S. 304 (1948) ................................................................................................. 7

*Bucklew v. Precythe*,
    139 S. Ct. 1112 (2019) ............................................................................................. 8

*Calderon v. Thompson*,
    523 U.S. 538 (1998) ................................................................................................. 8

*Chrysler Corp. v. Brown*,
    441 U.S. 281 (1979) ................................................................................................. 7

*Dep't of Homeland Sec. v. MacLean*,
    574 U.S. 383 (2015) ................................................................................................. 7

*Gomez v. U.S. Dist. Court for N. Dist. of Cal.*,
    503 U.S. 653 (1992) ................................................................................................. 8

*Greater New Orleans Fair Hous. Action Ctr. v. United States Dep't of Hous. & Urban Dev.*,
    639 F.3d 1078 (D.C. Cir. 2011) ............................................................................... 8

*Hill v. McDonough*,
    547 U.S. 573 (2006) ................................................................................................. 8

*Hobbs v. Jones*,
    412 S.W.3d 844 (Ark. 2012) .................................................................................... 6

*Hobbs v. McGehee*,
    458 S.W.3d 707 (Ark. 2015) .................................................................................... 5

*In re BOP Execution Protocol Cases*,
    955 F.3d 106 (D.C. Cir. 2020) ........................................................................ *passim*

*Independent Petroleum Ass'n of Am. v. Babbitt*,
    235 F.3d 588 (D.C. Cir. 2001) ................................................................................. 7

*McGehee v. Hutchinson*,
 __ F. Supp. 3d __, 2020 WL 2841589 (E.D. Ark. May 31, 2020) ................................. 6

*McGehee v. Hutchinson*,
 No. 4:17-cv-170, 2017 WL 1399554 (E.D. Ark. Apr. 15, 2017) *vacated on other grounds*, 854 F.3d 488 (8th Cir. 2017) ........................................................................... 5

**<u>Statutes</u>**

18 U.S.C. § 3596 ................................................................................................................. 1

Ark. Code Ann. § 5-4-617 ............................................................................................. 5, 6

Ark. Code Ann. § 5-4-716 .................................................................................................. 7

Arkansas Administrative Procedure Act, § 25-15-201 *et seq.* .......................................... 6

Ind. Code Ann. § 35-38-6-1 ............................................................................................... 7

Mo. Rev. Stat. § 546.720 .................................................................................................... 7

Tex. Code Crim. Proc. Ann. Art. 43.14 ............................................................................. 7

**<u>Other Authorities</u>**

*Executions Scheduled for Four Federal Inmates Convicted of Murdering Children*, Dep't of Justice, Office of Public Affairs, available at https://www.justice.gov/opa/pr/executions-scheduled-four-federal-inmates-convicted-murdering-children .......................... 3

## INTRODUCTION

Daniel Lewis Lee was convicted and sentenced to death for murdering all three members of an Arkansas family, including an eight-year-old girl, by shooting them with a stun gun, duct-taping plastic bags over their heads, weighing their bodies down with rocks, and drowning them in a bayou. Now, for the second time in this case, Lee asks this Court to preliminarily enjoin his execution on the ground that the Federal Bureau of Prisons ("BOP") must follow Arkansas's lethal injection protocol in carrying out his death sentence. *See* ECF No. 103 ("Lee Mem."). But the D.C. Circuit has already decided this issue and clearly held that the FDPA does not require BOP to adhere to the Arkansas protocol. For this and other reasons explained below, Lee's separate memorandum provides no basis for a preliminary injunction, and his lawful sentence should be carried out on the scheduled date.

## PROCEDURAL HISTORY

As this Court is familiar with the procedural history of this case, we recite only briefly the history relevant to Lee's supplemental memorandum.

In November 2019, this Court granted a preliminary injunction prohibiting the government from carrying out the scheduled executions of Plaintiffs Daniel Lewis Lee, Wesley Ira Purkey, Alfred Bourgeois, and Dustin Lee Honken, which had each been set for dates in December 2019 and January 2020. *See* ECF No. 50 ("Mem. Op."). The Court held that the inmates had demonstrated a likelihood of success on a single ground: that BOP's 2019 Protocol conflicts with the FDPA's requirement that federal executions be implemented "in the manner prescribed by the law of the State in which the sentence is imposed." 18 U.S.C. § 3596(a); *see* Mem. Op. at 7-8. The Court acknowledged that each of the relevant States in the inmates' cases "permit[s] or require[s]" execution by lethal injection, as does the BOP Protocol. *Id*. at 10. But the Court interpreted the FDPA to require BOP "to follow more than just the state's method of execution," *id*., including

1

procedural details employed by the relevant States in their executions, such as "how the intravenous catheter is to be inserted." *Id.*

Defendants appealed. On April 7, 2020, over a dissent by Judge Tatel, the D.C. Circuit vacated this Court's preliminary injunction order and directed entry of judgment for the government on the FDPA claim. *In re BOP Execution Protocol Cases*, 955 F.3d 106, 108-113 (D.C. Cir. 2020) (per curiam); *see also id.* at 145-52 (Tatel., J., dissenting).[1] Judges Katsas and Rao issued concurring opinions explaining their reasoning for reaching that result. *Id.* at 113-29 (Katsas, J, concurring), and 129-45 (Rao, J., concurring).

Judges Katsas and Rao agreed that "the district court misconstrued the FDPA" by interpreting it to require "the federal government to follow all the subsidiary details set forth in state execution protocols." *Id*. at 108 (per curiam). In Judge Katsas's view, the FDPA's directive that the federal government implement a federal death sentence "in the manner prescribed by the law of the State in which the sentence is imposed," 18 U.S.C. § 3596(a) (emphasis added), means that the federal government must "follow the *method* of execution provided by the law of the" relevant State, but "does not require federal executions to follow the 'additional procedural details' invoked by the district court," *Execution Protocol Cases*, 955 F.3d at 114 (emphasis added). Because every relevant State provides for lethal injection as a method of execution, Judge Katsas concluded that the 2019 BOP Protocol complies with the FDPA. *Id.* at 114, 124.

Judge Rao agreed that the BOP Protocol "is consistent with the FDPA" on a different rationale. *Id*. at 129. In her view, the FDPA requires the government to comply with "only those execution procedures enacted or promulgated by states as part of their binding law," *id*. at 135, but not "aspects of a state execution procedure that

---

[1] The D.C. Circuit also directed entry of judgment for the government on the Plaintiffs' APA notice-and-comment claim, which is not addressed in Lee's supplemental memorandum.

2

were not formally enacted or promulgated," including "informal procedures or protocols." *Id.* at 133. The inmates' claims failed under her reading, she explained, because "[f]ew of the procedural details" they identify as incorporated by the FDPA "carry the force of law," *id.* at 142, and, in any event, the 2019 BOP Protocol "allows departures as needed to comply with state law." *Id.* at 143.[2]

The court of appeals denied the inmates' request for rehearing en banc on May 15, 2020. *In re Execution Protocol Cases*, No. 19-5322, ECF No. 1842952. The mandate issued on June 12, 2020. Lee's execution is currently scheduled for July 13, 2020. *See* https://www.justice.gov/opa/pr/executions-scheduled-four-federal-inmates-convicted-murdering-children.

## ARGUMENT

### I. LEE IS UNLIKELY TO SUCCEED ON HIS FDPA CLAIM BECAUSE THE D.C. CIRCUIT HAS ALREADY CORRECTLY DETERMINED THAT THE FDPA DOES NOT REQUIRE BOP TO FOLLOW THE ARKANSAS PROTOCOL.

Lee contends that, in addition to the arguments set forth in the preliminary injunction motion filed by Plaintiffs Honken, Lee, Nelson, and Purkey, ECF No. 102 ("Joint Motion"), he is further entitled to a preliminary injunction because he is likely to establish that BOP must follow the procedures set forth in Arkansas's lethal injection protocol, which calls for a three-drug cocktail of midazolam, vecuronium bromide, and potassium chloride. This argument fails for several reasons.

First, contrary to Lee's assertion that his FDPA claim is an "open" question, *see* Lee Mem. at 2 n.2, the D.C. Circuit has in fact already expressly and unambiguously held—in this very case—that the FDPA does not require BOP to adhere to Arkansas's lethal

---

[2]  Judges Katsas and Rao also rejected the inmates' alternative FDPA argument for affirming this Court's injunction: "that the federal protocol and addendum reflect an unlawful transfer of authority from the United States Marshals Service to the Federal Bureau of Investigation." *Execution Protocol Cases*, 955 F.3d at 112 (per curiam). Judge Katsas "reject[ed] the claim on the merits, and Judge Rao [held] that it was forfeited." *Id*.

3

injection protocol. Specifically, the court of appeals held that "the FDPA's reference to 'law of the State' covers only state statutes and binding regulations" and further held that "the state protocols in this case"—*i.e.* the protocols of Arkansas, Indiana, Missouri, and Texas—"cannot be deemed part of the 'law of the State'" because they are not binding in the relevant sense. *See Execution Protocol Cases*, 955 F.3d at 124 n.10 (Katsas, J., concurring) (explaining his "agree[ment] with Judge Rao" on this point such that these "propositions constitute holdings of this Court"). Lee cannot evade this holding merely by pointing to the court's language that the relevant state "'protocols do not appear to have the binding force of law.'" *See* Lee Mem. at 2 n.2 (quoting 955 F.3d at 143 n.15 and citing 955 F.3d at 124 n.10). After all, it was Lee's (and the other Plaintiffs') burden to prove that the relevant protocols are binding "law" within the meaning of the FDPA. The D.C. Circuit was entitled to hold Lee's failure to do so against him, as the court plainly did in light of its holding.

Moreover, Judge Rao's concurring opinion—the more generous interpretation of the FDPA—repeatedly points to the Arkansas protocol as a key example of "informal execution policies" that decidedly are not "law of the state" as Congress intended that phrase to mean in the FDPA. *See* 955 F.3d at 143 ("[B]oth Arkansas'[s] and Missouri's protocols permit the director of the department of corrections to modify certain aspects of the execution procedures. . . . A state execution protocol that explicitly allows the department of corrections to depart from the protocol's requirements on a case-by-case basis cannot be said to be binding.") (Rao, J., concurring); *id.* at 135 (citing the Arkansas method-of-execution statute and stating, "Nothing in the FDPA suggests that the federal government must incorporate most or all procedures and practices found in a state's informal execution policies, which could raise practical, and perhaps insurmountable, difficulties to the implementation of federal death sentences. For instance, at least some state protocols are not publically available."); *cf. id.* at 142 ("The FDPA's reliance on state law leaves ample scope for DOJ to follow its federal execution procedures and protocols.

4

Few of the procedural details cited by the plaintiffs appear to carry the force of law, so the federal government need not follow them.").

Indeed, the court of appeals did not merely vacate this Court's preliminary injunction and remand for further proceedings, but rather directed entry of judgment in favor of Defendants on the FDPA claim. *See id.* at 112 (per curiam). In its per curiam opinion, the court of appeals specifically explained that "[o]n either of [Judge Katsas's or Judge Rao's] views, the plaintiffs' primary FDPA claim"—concerning "the requirement to implement federal executions in the manner provided by state law"—"is without merit," and that "[a]ccordingly, the preliminary injunction must be vacated, and judgment for the government must be entered on this claim." *Id.* Thus, it would be directly contrary to the D.C. Circuit's mandate for this Court to consider Lee's attempt to revive his FDPA claim. This alone is a sufficient basis to find that Lee is unlikely to succeed on the merits of his FDPA claim.

Second, rather than grappling with Judge Rao's controlling analysis, Lee instead devotes much of his attention to recounting parts of the history of legal challenges to Arkansas's method-of-execution statute, *see* Ark. Code Ann. § 5-4-617, in Arkansas state courts. *See* Lee Mem. at 4-5. But that history only underscores how unlikely Lee is to prevail on his FDPA claim. As Lee points out, the Arkansas General Assembly has revised the state's method-of-execution statute a handful of times in the last decade in response to (or in avoidance of) adverse state-court rulings based on the state Administrative Procedures Act ("Arkansas APA") and the state constitution's separation-of-powers provision. *See generally McGehee v. Hutchinson*, No. 4:17-cv-170, 2017 WL 1399554 at *2-3 (E.D. Ark. Apr. 15, 2017) (summarizing the state-court proceedings and statutory revisions), *vacated on other grounds*, 854 F.3d 488 (8th Cir. 2017). Although some of these revisions have provided "reasonable guidance" to the relevant state corrections officials in order to curtail their previously "unfettered discretion" to implement the statute, *see Hobbs v. McGehee*, 458 S.W.3d 707, 716-17 (Ark. 2015) (discussing revisions to the

5

MEA that "provided criteria to guide the ADC's exercise of discretion"), corrections officials retain discretion to modify certain aspects of execution procedures as they see fit in a given case. Judge Rao—to whom Arkansas legal history was readily available despite Lee's apparent failure to invoke it—agreed, finding that the Arkansas protocol "explicitly allows the department of corrections to depart from the protocol's requirements on a case-by-case basis," *see Execution Protocol Cases*, 955 F.3d at 143, and in fact the state corrections director herself recently testified in a different case that the Arkansas protocol gives her "authority to make changes except for what the [statute]" prohibits. *See McGehee v. Hutchinson*, __ F. Supp. 3d __, 2020 WL 2841589 at *25 (E.D. Ark. May 31, 2020).[3]

      Finally, even if the D.C. Circuit had not already foreclosed Lee's argument by directing the entry of judgment for the government on the FDPA claim, no basis would exist for this Court to accept Lee's erroneous position that the Arkansas protocol constitutes "law of the state" under the FDPA merely because it was promulgated pursuant to a statutory provision that (like many other states' method-of-execution statutes) delegates to state corrections officials the responsibility of developing a protocol and certain "logistical procedures necessary to carry out the sentence of death." *See* Ark. Code Ann. § 5-4-

---

[3] The remaining revisions to Arkansas's method-of-execution statute—which Lee ignores in the applicable section of his supplemental memorandum—show a trajectory of declining formality attributed to the state's lethal injection protocol. In 2009, for instance, in response to a condemned inmate's state-court action alleging that the corrections department had violated the Arkansas APA in promulgating the state's then-existing protocol, *see Ark. Dep't of Correction v. Williams*, 357 S.W.3d 867, 868 (Ark. 2009), the General Assembly added a provision expressly exempting the protocol from the Arkansas APA, *see* Ark. Code Ann. § 5-4-617(h) ("The procedures for carrying out the sentence of death and related matters are not subject to the Arkansas Administrative Procedure Act, § 25-15-201 et seq."). And in 2013, after the Arkansas Supreme Court held that the 2009 version of the method-of-execution statute improperly delegated law-making authority to the corrections department, *see Hobbs v. Jones*, 412 S.W.3d 844, 856 (Ark. 2012), the General Assembly reaffirmed that the execution protocol is not subject to the Arkansas APA and also added a provision exempting the protocol (or documents concerning the implementation thereof) from the Arkansas Freedom of Information Act and discovery requests under the Arkansas Rules of Civil Procedure, *see* Ark. Code Ann. § 5-4-617(i)(1)(C).

617(g)(1); Lee Mem. at 3-4.  Were this the case, the D.C. Circuit would have held that all four of the state execution protocols at issue in Lee's (and the other Plaintiffs') previous appeal bind BOP, as each of those states have statutes with similar delegation provisions. *See* Ark. Code Ann. § 5-4-716(g)(1); Mo. Rev. Stat. § 546.720(2); Tex. Code Crim. Proc. Ann. Art. 43.14(a); Ind. Code Ann. § 35-38-6-1 Sec. 1(d).  But, of course, the court of appeals held the opposite, and Judge Rao in fact specifically rejected the very theory Lee presses here.  Explaining that "neither the Supreme Court nor our court has ever adopted such a capacious understanding of 'law,'" Judge Rao stated, "the Supreme Court has directed that we ask whether a protocol has the 'force and effect of law,' and not everything an official does pursuant to his statutory authority carries the force of law." *See Execution Protocol Cases*, 955 F.3d at 132 n.4 (citing *Chrysler Corp. v. Brown*, 441 U.S. 281, 295-96 (1979)); *see also Dep't of Homeland Sec. v. MacLean*, 574 U.S. 383, 394 (2015) (noting the absence of "a single example of the word 'law' being used" to refer to "regulations that were promulgated pursuant to an express congressional directive") (quotation marks omitted).

Ultimately, while Lee attempts to muddy the water by delving into the history and interpretation of Arkansas law, this much is clear:  the D.C. Circuit has held in this case that BOP is not required to follow the Arkansas lethal injection protocol; that Lee's FDPA claim lacks merit; and that the government is therefore entitled to judgment on the FDPA claim.  What is more, that claim has been declined to be re-heard by the appellate court en banc, and subjected to serious doubt by Justices Alito, Gorsuch, and Kavanaugh.  *In re Execution Protocol Cases*, No. 19-5322, ECF No. 1842952; *Barr v. Roane*, 140 S. Ct. 353, 353 (2019) (Statement of Alito, J.).  The D.C. Circuit's holding, judgment, and mandate bind this Court, and Lee can no more call into question this authority than this Court can choose not to follow it.  *See Independent Petroleum Ass'n of Am. v. Babbitt*, 235 F.3d 588, 596-97 (D.C. Cir. 2001) ("Under the mandate rule," a "more powerful version of the law-of-the-case doctrine," "'an inferior court has no power or authority to deviate from the

7

mandate issued by an appellate court.'") (quoting *Briggs v. Penn. R.R. Co.*, 334 U.S. 304, 306 (1948)).

For these reasons, and for the additional reasons identified in Defendants' opposition to the Joint Motion, Lee is not entitled to a preliminary injunction.

## II. THE BALANCE OF EQUITIES AND THE PUBLIC INTEREST WEIGHS AGAINST ENJOINING LEE'S EXECUTION.

Lee also argues that, in addition to the equitable arguments presented in his Joint Motion, the equities favor enjoining Lee's execution in particular because, according to media reports cited by Lee, certain family members of Lee's victims, and the prosecutor and judge who oversaw Lee's criminal trial, evidently oppose Lee's execution. Lee Mem. at 8-9. As a threshold matter, this Court need not consider Lee's equitable arguments because, as Defendants have already explained, none of Lee's claims are likely to succeed on the merits. *See Greater New Orleans Fair Hous. Action Ctr. v. United States Dep't of Hous. & Urban Dev.*, 639 F.3d 1078, 1083 (D.C. Cir. 2011) ("In ruling on a preliminary injunction a key issue—often the dispositive one—is whether the movant has shown a substantial likelihood of success on the merits.").

Should the Court consider Lee's equitable arguments, however, a preliminary injunction as to Lee is still not warranted. Lee does not cite a single source of authority in support of his position that the *public* interest in the timely enforcement of a lawful and, in Lee's case, repeatedly affirmed sentence of death hinges solely on the *private* preferences of certain family members or others personally involved in the condemned inmate's trial. To the contrary, the Supreme Court has unambiguously acknowledged that the "powerful and legitimate interest in punishing the guilty" is one that is "shared by the [government] and the victims of crime alike." *See Calderon v. Thompson*, 523 U.S. 538, 556 (1998); *see also Bucklew v. Precythe*, 139 S. Ct. 1112, 1132 (2019) ("Both the State and the victims of the crime have an important interest in the timely enforcement of a sentence.") (quoting *Hill v. McDonough*, 547 U.S. 573, 584 (2006)); *Gomez v. U.S. Dist. Court for N. Dist. of*

8

*Cal.*, 503 U.S. 653, 654 (1992) ("Equity must take into consideration the [government's] strong interest in proceeding with [the criminal] judgment."); *Execution Protocol Cases*, 955 F.3d at 126 ("In this case, the district court failed to recognize the important governmental and public interest in the timely implementation of capital punishment.") (Katsas, J., concurring). Accordingly, Lee's emphasis on the interests of some private "stakeholders" is misplaced, and the broader public interest in finality tips the balance against enjoining Lee's execution.

## **CONCLUSION**

For these reasons, in addition to the reasons set forth in Defendants' opposition to the Joint Motion for preliminary injunction, this Court should deny Lee's request for a preliminary injunction.

Dated: June 25, 2020

Respectfully submitted,

| | |
|---|---|
| MICHAEL R. SHERWIN<br>Acting United States Attorney | JOSEPH H. HUNT<br>Assistant Attorney General |
| DANIEL F. VAN HORN<br>Civil Chief, U.S. Attorney's Office | DAVID M. MORRELL<br>Deputy Assistant Attorney General |
| ALAN BURCH (D.C. Bar 470655)<br>Assistant United States Attorney<br>U.S. Attorney's Office<br>for the District of Columbia<br>Washington, D.C. 20530<br>202-252-2550<br>Alan.burch@usdoj.gov | PAUL R. PERKINS<br>Special Counsel<br><br>/s/ *Cristen C. Handley*<br>JEAN LIN (NY Bar 4074530)<br>Special Litigation Counsel<br>JONATHAN KOSSAK (D.C. Bar 991478)<br>CRISTEN C. HANDLEY (MO Bar 69114)<br>Trial Attorneys<br>Civil Division<br>Federal Programs Branch<br>Civil Division, Department of Justice<br>1100 L Street, N.W.<br>Washington, D.C. 20005<br>(202) 305-2677<br>Jean.lin@usdoj.gov |

Jonathan.kossak@usdoj.gov
Cristen.handley@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2020, I caused a true and correct copy of foregoing to be served on all counsel of record via the Court's CM/ECF system. Pursuant to this Court's August 20, 2019 Order, below is a list of all plaintiffs' counsel of record (as most recently identified in the signature pages of the Consolidated Amended Complaint, ECF No. 92):

Alan E. Schoenfeld (admitted *pro hac vice*)
Ryan M. Chabot (admitted *pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
(212) 230-8880
Alan.Schoenfeld@WilmerHale.com
Ryan.Chabot@WilmerHale.com

Andres C. Salinas (DC Bar No. 156118)
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6289
Andres.Salinas@WilmerHale.com

*Counsel for Wesley I. Purkey*

Joshua C. Toll
D.C. Bar No. 463073 King & Spalding LLP
1700 Pennsylvania Avenue, N.W.
Washington, DC 20006
(202) 737-8616
jtoll@kslaw.com

Margaret O'Donnell
P.O. Box 4815
Frankfort, KY 40604
(502) 320-1837
mod@dcr.net

*Counsel for Plaintiff Anthony Battle*

11

Ginger D. Anders (Bar No. 494471)
Jonathan S. Meltzer (Bar No. 888166546)
Brendan Gants (Bar No. 1031419)
MUNGER, TOLLES & OLSON LLP
1155 F Street N.W., Seventh Floor
Washington, D.C. 20004-1357
(202) 220-1100

*Counsel for Plaintiff Brandon Bernard*

Alex Kursman, Assistant Federal Defender
Shawn Nolan, Chief, Capital Habeas Unit
Federal Community Defender Office, E.D. Pa.
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Telephone - 215-928-0520
Email – alex_kursman@fd.org

*Counsel for Plaintiff Alfred Bourgeois*

Joseph Luby, Assistant Federal Defender
Federal Community Defender Office, E.D. Pa.
 601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Telephone - 215-928-0520
Email – joseph_luby@fd.org

*Counsel for Plaintiff Chadrick Fulks*

Amy Lentz (DC Bar No. 990095)
Steptoe & Johnson, LLP
1300 Connecticut Avenue NW
Washington, DC 20036
202.429.1320

*Counsel for Plaintiff Orlando Hall*

Scott W. Braden
Assistant Federal Defender
Arkansas Federal Defender Office
Ark Bar Number 2007123
1401 West Capitol, Suite 490
Little Rock, Arkansas 72201
(501) 324-6114
Scott_Braden@fd.org

12

Jennifer Ying (DE #5550)
Andrew Moshos (DE #6685)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market St.
P.O. Box 1347
Wilmington, Delaware 19801
(302) 658-9300
jying@mnat.com
amoshos@mnat.com

*Counsel for Plaintiff Norris G. Holder, Jr.*

Jon Jeffress
KaiserDillon PLLC
1099 14th Street NW
8th Floor West
Washington, DC 20005
Telephone - 202-640-2850
Email - jjeffress@kaiserdillon.com

Timothy Kane, Assistant Federal Defender
Shawn Nolan, Chief, Capital Habeas Unit
Federal Community Defender Office, E.D. Pa.
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Telephone - 215-928-0520
Email – timothy_kane@fd.org
Email – shawn_nolan@fd.org

*Counsel for Plaintiff Dustin Lee Honken*

Donald P. Salzman (D.C. Bar No. 479775)
Charles F. Walker (D.C. Bar No. 427025)
Steven M. Albertson (D.C. Bar No. 496249)
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
(202) 371-7983
donald.salzman@skadden.com

*Counsel for Plaintiff Corey Johnson*

David S. Victorson
Hogan Lovells US LLP
Columbia Square
555 13th Street NW

13

Washington, DC  20004
(202) 637-5600
(202) 637-5910 (fax)
david.victorson@hoganlovells.com

Pieter Van Tol (admitted *pro hac vice*)
Hogan Lovells US LLP
390 Madison Avenue
 New York, NY 10017
(212) 918-3000
(212) 918-3100 (fax)
pieter.vantol@hoganlovells.com

*Counsel for Plaintiff Daniel Lewis Lee*

Kathryn L. Clune
Crowell & Moring LLP
1001 Pennsylvania Avenue NW
Washington D.C. 20004-2595
(202) 624-2705
kclune@crowell.com

Harry P. Cohen (pro hac vice application pending)
Michael K. Robles (pro hac vice application pending)
James Stronski (pro hac vice application pending)
Crowell & Moring LLP
590 Madison Avenue New York, NY 10022
(212) 223-4000
(212) 223-4134(fax)
hcohen@crowell.com
mrobles@crowell.com
jstronski@crowell.com

Jon M. Sands (pro hac application to be filed)
Dale A. Baich (pro hac application to be filed)
Jennifer M. Moreno
Federal Public Defender
District of Arizona
850 West Adams Street, Suite 201
Phoenix, Arizona 85007
602-382-2816
602-889-3960 (fax)
dale_baich@fd.org
jennifer_moreno@fd.org

*Counsel for Plaintiff Keith Nelson*

14

Shawn Nolan, Chief, Capital Habeas Unit
Federal Community Defender Office, E.D. Pa.
 601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Telephone - 215-928-0520
Email – timothy_kane@fd.org
Email – shawn_nolan@fd.org

*Counsel for Plaintiff Jeffrey Paul*

Paul F. Enzinna
D.C. Bar No. 421819
Ellerman Enzinna PLLC
1050 30th Street, NW
Washington, DC 20007
202.753.5553

*Counsel for Plaintiff James H. Roane, Jr.*

Amy Karlin
Interim Federal Public Defender
Celeste Bacchi
Jonathan C. Aminoff
Deputy Federal Public Defenders
321 E. Second Street
Los Angeles, CA 90012
(213) 894-2854

*Counsel for Plaintiff Julius O. Robinson*

Gerald W. King, Jr. Ga. Bar No. 140981
Jeffrey Lyn Ertel Ga. Bar No. 249966
FEDERAL DEFENDER PROGRAM, INC.
101 Marietta Street, Suite 1500
Atlanta, Georgia 30303
404-688-7530
(fax) 404-688-0768
Gerald_King@fd.org
Jeff_Ertel@fd.org

Stephen Northup
VSB #16547
Troutman Sanders LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1240
(fax) (804) 698-5120
steve.northup@troutmansanders.com

Frederick R. Gerson VSB #39968
Bank Of America Center
1111 East Main Street, 16th Floor Richmond,
Virginia 23219
(804) 482-1121
fgerson@dagglaw.com


*Counsel for Richard Tipton, III.*

Evan Miller (DC Bar # 219310)
Vinson & Elkins LLP
2200 Pennsylvania Avenue, NW
Suite 500 West
Washington, D.C. 20037
(202) 639-6605
(202) 478-1815 (fax)
emiller@velaw.com

*Counsel for Bruce Webster*