# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| IN THE MATTER OF THE FEDERAL BUREAU OF PRISONS' EXECUTION PROTOCOL CASES<br><br>LEAD CASE: *Roane et al. v. Barr*<br><br>THIS DOCUMENT RELATES TO:<br><br>*Lee & Honken v. Barr, et al.*, 19-cv-2559<br>*Purkey v. Barr, et al.*, 19-cv-03214<br>*Nelson v. Barr, et al.*, 20-cv-557 | No. 1:19-mc-00145-TSC |

DECLARATION OF TOM WATSON

I, Tom Watson, do hereby declare and state as follows:

1. I am currently employed by the Bureau of Prisons (BOP) as the Complex Warden at the Federal Correctional Complex located in Terre Haute, Indiana (FCC Terre Haute), a position I have held since November 11, 2018. I have been employed by the BOP in areas of increasing responsibility since 1995.

2. The statements I make hereinafter are made on the basis of my review of the official files and records of the BOP, my own personal knowledge, or on the basis of information acquired by me through the performance of my official duties.

3. I have been advised that certain Plaintiffs in the above referenced lawsuit have raised issues regarding the impact of the COVID-19 pandemic on the availability of legal visits at USP Terre Haute.

4. On March 13, 2020, as part of its agency-wide modified operation in response to COVID-19, BOP announced that legal visits generally would be suspended to mitigate the risk of

1

exposure to COVID-19 by external visitors. *See* https://www.bop.gov/resources/news/20200313_covid-19.jsp.[1]

5. BOP acknowledges that inmates' access to legal counsel remains a paramount requirement, and accordingly allows for case-by-case accommodations of in-person legal visits.

6. Additionally, unmonitored legal calls have been allowed in order to ensure the confidentiality of inmates' communications with their counsel. In accordance with BOP Program Statement 5264.08 "Inmate Telephone Regulations," at 10-11, an inmate's properly placed call to an attorney is not monitored by staff.

7. These directives have been followed at FCC Terre Haute generally, and specifically at the Special Confinement Unit (SCU), which houses all but five federal inmates with a sentence of death, including the four Plaintiffs currently seeking an injunction (Doc. 102) in this litigation.

8. Since the BOP modified its operations on March 13, 2020, legal calls for SCU inmates have increased substantially. Staff are currently accommodating approximately between thirty-five (35) to forty (40) scheduled legal calls per week for SCU inmates. In addition to the scheduled calls, staff are routinely granting multiple emergency requests, so the actual number of accommodated calls is higher than the approximately thirty-five (35) to forty (40) scheduled calls. Prior to COVID-19, the number of SCU inmate calls accommodated in an average week was approximately in the mid –twenties.

9. During BOP's modified operations in light of COVID-19, attorneys for SCU inmates have

---

[1] While, this practice was initially scheduled to last for 30 days, it has been extended a number of times, and currently continues to June 30, 2020. *See* https://www.bop.gov/resources/news/pdfs/20200414_press_release_action_plan_6.pdf and https://www.bop.gov/resources/news/20200520_covid-19_phase_seven.jsp.

been able to request an exception to allow an in-person legal visit. Such requests would be considered on a case by case basis. However, the institution has received no such requests.[2]

10. I am also aware that access to counsel and the courts during an execution is an issue presented in this case.

11. During an execution, an inmate's attorney, or attorneys, may be present in the witness room designated for the inmate's witnesses. (AR 1024 and 1038).

12. While an inmate's attorney(s) will not be permitted to maintain their personal cell phone or other electronic devices in the witness room, if legitimate need arises (such as need to contact a court) an attorney may request the use of a phone and will have immediate access to one outside of the witness room.

I declare, under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct. Executed this 24 day of June, 2020.

T.J. Watson
Federal Bureau of Prisons

---

[2] Some attorneys for SCU inmates had legal visits calendared for after modified operations were scheduled to cease, and/or had standing legal visits scheduled outside of previous modified operations presumptive end dates, but those visits were postponed when BOP extended its modified operations.

3