**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In the Matter of the Federal Bureau of Prisons' Execution Protocol Cases, | |
| LEAD CASE: *Roane et al. v. Barr* | Case No. 19-mc-0145 (TSC) |
| THIS DOCUMENT RELATES TO: | |
| *Nelson v. Barr, et al.*, 20-cv-557 | |

**REPLY IN SUPPORT OF MOTION TO STRIKE
DEFENDANTS' NOTICE OF EXECUTION DATE OF PLAINTIFF KEITH NELSON**

Plaintiff Keith Nelson, by and through counsel, respectfully submits this Reply in further support of the Motion to Strike Defendants' Notice of Execution Date of Plaintiff Keith Nelson, dated June 19, 2020 (ECF No. 101) (the "Motion").[1]

As explained in the Motion, on June 15, 2020, T.J. Watson, Complex Warden of USP Terre Haute, informed Mr. Nelson that "the Director of the Federal Bureau of Prisons has set August 28, 2020, as the date for your execution by lethal injection" (Motion, ECF No. 101-3, Ex. C), and Defendants filed a notice regarding execution dates (ECF No. 99) which indicates that Mr. Nelson's execution has been scheduled for August 28, 2020.  Paragraph II.C. of Chapter 1 of the BOP Execution Protocol provides that "[t]he Warden of USP Terre Haute *will* notify, in writing, the inmate under sentence of death, of the date designated by the Director for execution *at least 90 days in advance*."  (Motion, ECF 101-1, Ex. A at 8) (emphasis added.)  The USP Terre Haute Warden's June 15, 2020 letter provided Mr. Nelson less than 90 days advance notice of the date of execution designated by the Director of the BOP.  Accordingly,

---

[1] Mr. Nelson adopts herein the same abbreviations and conventions used in the Motion.

Defendants' Notice Regarding Execution Dates as it relates to Mr. Nelson should be stricken, and the putative August 28, 2020 execution date referenced therein vacated.

In Defendants' Opposition to Motion to Strike Notice of Execution Dates (ECF No. 109) (the "Opposition"), Defendants concede that the BOP's Execution Protocol "provides that an inmate will receive 90 days' notice of his execution date." Opp., ECF No. 109 at 1. To justify flouting that express requirement, Defendants contend that Mr. Nelson was entitled to only 20 days-notice of his execution date in accordance with federal regulation (28 C.F.R. § 26.4(a)), that the notice requirement – indeed, the entirety of the BOP Execution Protocol – is merely "discretionary" and "non-binding," that the BOP Execution Protocol permits "deviation or adjustment [if] *required*, as determined by the Director of the BOP or the Warden" (*id.*; emphasis added), and that, in any event, the "Director determined that deviation" from the 90-day notice requirement was "required." *Id.* at n. 1. Finally, Defendants contend that the Motion should be analyzed under a preliminary injunction standard, and that Mr. Nelson cannot demonstrate irreparable harm. As explained below, each of Defendants arguments is unavailing.

***First***, Defendants' reliance on the twenty-day notice requirement of 28 C.F.R. § 26.4(a) is a red herring. As noted above, Defendants concede that the BOP Execution Protocol applies and is to be followed as "written unless deviation or adjustment is ***required***, as determined by the Director of the BOP or the Warden." Motion, ECF No. 101-1, Ex. A at 4 (emphasis added); Opp., ECF No. 109 at 2.[2] In other words, the BOP Director and the Warden may not "deviate"

---

[2] Defendants' reliance on the Circuit Court of Appeals' decision in *In re Fed. Bureau of Prisons' Execution Protocol Cases*, 955 F.3d 106, 112 (D.C. Cir. 2020) is misguided. As Defendants note, the D.C. Circuit simply identified that the BOP Execution Protocol "explicitly permits 'deviation[s]' and 'adjustment[s]' upon a determination 'by the Director of the BOP or the Warden' that the deviation is

from the BOP Execution Protocol for convenience or preference.   Any deviation must be "required," that is "needed," "essential" or "obligatory." https://ahdictionary.com/word/search.html?q=required.

Here, Defendants have failed to satisfy that important condition, and the purported "requirement" they cite to for violating the 90-day notice requirement is amorphous, unsupported, and inadequate.   According to Defendants, relying on a Declaration from Kevin Pistro, BOP Director Chief of Staff, they were somehow "required" to deviate from the 90-day notice requirement because: (1) it was important to promptly schedule Mr. Nelson's execution "given the nearly 18 years that have passed since Mr. Nelson's capital conviction"; and (2) "there are only limited time windows to schedule executions due to staffing and contractor availability and other operational considerations." Opp., ECF No. 109 at 2, n.1 (quoting Declaration of K. Pistro).

Defendants' explanation falls well short of identifying any "requirement" justifying a "deviation."   Although Defendants have expressed a clear preference for an accelerated execution date, a preference is not a requirement, and Defendants have not even attempted to explain why it is important, let alone required, to schedule the execution date before the required 90-day notice period has run.   Nor have Defendants offered any explanation why the purported "importance" associated with scheduling Mr. Nelson's execution "promptly" would not have been fully satisfied by scheduling the execution on a date that provided the full notice required by the BOP Execution Protocol.

Moreover, Defendants have failed to explain or provide any support for any of their bare

---

'*required*'."   (Katsas, J., concurring) (emphasis added).   As explained below, Defendants have not demonstrated that a deviation from the protocol was warranted.

and fuzzy assertions.  Why are there "only limited windows to schedule execution dates"?  What "staffing and contractor availability" issues do Defendants allegedly face?  What are the so-called "operational considerations"?  We don't know because Defendants have failed to provide any details to support those putative issues.  And, importantly, even giving Defendants the benefit of the doubt, the amorphous and unsupported issues they have identified seem to do little more than elevate their own administrative convenience over the protections afforded under the BOP Execution Protocol.  Again, preference and inconvenience do not rise to the level of a requirement.  At bottom, Defendants have failed to establish any "requirement" that would warrant "deviation" from applying the BOP Protocol "as written."  At best, Defendants' excuses for violating the 90-day requirement notice seem to be little more than contrived, self-serving, *post-hoc* attempts to gloss over their violation of the protocol's notice requirement.

**Second**, Defendants' contention that the BOP Execution Protocol is "non-binding" (Opp., ECF No. 109 at 2, 3) cannot be squared with the sworn deposition testimony of its 30(b)(6) witness.  As explained in the Motion, the BOP's 30(b)(6) witness, Rick Winter, confirmed that the elements of the BOP Execution Protocol are binding on and must be followed by the BOP in connection with an execution.

> Q.    …The elements of the protocol, those are things that ***need to be followed*** in connection with an execution, right?
>
> A.    Yes.
>
> Q.    That's why you have it?
>
> A.    Yes.
>
> Q.    Because it ***has to be followed***, right?
>
> A.    Yes.

*See* Motion, ECF No. 101-2, Ex. B at 90:16-91:2 (emphasis added).  In their Opposition,

Defendants simply ignore this critical testimony.  But ignoring it does not make it disappear. Defendants' own 30(b)(6) witness testimony obviously trumps the *post-hoc* arguments by Defendants' lawyers.

***Third***, Defendants' consistent course of conduct demonstrates the importance and strict adherence to the BOP Execution Protocol's 90-day notice requirement.  In every federal execution over the past twenty years where the BOP set the execution date, the condemned prisoner received at least 90 days' notice: Timothy McVeigh (120 days); Louis Jones (124 days); and, more recently, Richard Tipton, James Roane, and Corey Johnson (over 150 days).

***Fourth,*** taken to its logical conclusion, the discretion that Defendants argue they have renders any protections in the BOP Execution Protocol meaningless and illusory.  The express "purpose" of the BOP Execution Protocol is to ensure that executions are "carried out in an efficient and humane manner" (Motion, ECF No. 101-1, Ex. A at 4), and that the BOP "[f]aithfully adheres to the letter and intent of the law"; "[p]rovides sufficient contingency planning to ensure that unforeseen problems can be addressed and overcome"; and "[a]llows for stays of execution, commutations and other delays in the execution countdown." *Id.* at 5.

Defendants' position means that they retain unfettered discretion to deviate from any portion of the BOP Execution Protocol at any time (even at the last minute), and in any way, without giving notice to counsel and the courts, thus eliminating any meaningful judicial or public oversight.  In other words, the BOP has: (a) the discretion to use chemicals, combinations, and/or dosages not reflected in the written procedures; (b) the discretion to change the chemicals to be used, at any time and in any way, even after the notice of execution date has been issued, and without notice to the prisoner; (c) the discretion to use personnel that do not meet the minimum requirements set forth in the written protocol; (d) the discretion to

change any of the purported provisions that would otherwise protect the constitutional rights of condemned prisoners and the press; and (e) the discretion to obstruct the witnesses' ability to view and hear the execution at any time.

In fact, the BOP Execution Protocol provides *inter alia* "a checklist of procedures and events that should occur between the period of time prior to the establishment of an execution date and 24 hours prior to the execution."  Motion, ECF No. 101-1, Ex. A at 7.  Those procedures expressly identify the "procedures" which "should be completed between the time an execution date is set and 30 days prior to the execution," including "briefing the inmate," discussion of "inmate's choice of witnesses," "organ donation" and "disposition of the body." *Id.* at 8-9.  Defendants' position that 20 days advance notice of an execution is all that is required eviscerates these provisions.  If certain, pre-execution activity must occur 30 days prior to an execution, then 20 days-notice can never be sufficient.  Additionally, the regulations that set forth the procedures for executive clemency for death sentenced federal prisoners provide for a petition to be filed no later than 30 days after the prisoner receives notice that his execution date has been set.  28 CFR § 1.10(b).  Based on Defendants' position, it could set an execution date that conflicts with this regulation, which would also eliminate the timeframe necessary for the clemency decision-making process.

In short, Defendants' position removes any pretense that the procedures set forth in the protocols need be, or will be, adhered to.  If Defendants can alter the 90 day requirement for notice of an execution date, there is no assurance that Defendants will comply with any of the other deadlines, provisions or safeguards in the BOP Execution Protocol, thus calling into question the government's ability to carry out executions "in an efficient and humane manner."  An illusory protocol is in effect no protocol at all and it is impossible to evaluate whether the

government will carry out executions in a humane and constitutional manner.   That self-evidently makes no sense.

**Finally**, Defendants argue that Mr. Nelson's motion "need[s] to be justified, if at all, under the standards for injunctive relief," and that Mr. Nelson "cannot plausibly demonstrate any irreparable harm from receiving 16 days less notice" than reflected in the protocol, and "delay will harm the government's interests in carrying out the execution in an expeditious and orderly manner."   Opp., ECF No. 109 at 3.   Defendants do not cite any authority that Mr. Nelson's motion to strike Defendants' notice and vacate the execution date was either procedurally or substantively insufficient and/or that the standards for a preliminary injunction govern.   In any event, as explained above, Mr. Nelson is undeniably irreparably harmed by being executed in the face of Defendants' jettisoning the very standards and protocols they themselves developed to ensure that executions are conducted in a humane and constitutional manner.[3]

---

[3] Defendants' suggestion that Mr. Nelson "purports to ask the Court solely to strike the government's notice from the record *without* setting aside the actual execution date" (Opp., ECF No. 109 at 3) ignores the relief requested by the Motion.  The motion seeks to strike Defendants' Notice Regarding Execution Dates, dated June 15, 2020 (ECF No. 99), as it relates to Mr. Nelson, **and** to vacate the putative execution date of August 28, 2020 referenced therein.

In sum, for the reasons set forth above and in the Motion, Plaintiff Keith Nelson respectfully requests that this Court issue an order striking Defendants' Notice Regarding Execution Dates, dated June 15, 2020 (ECF No. 99), and vacating Mr. Nelson's purported execution date of August 28, 2020.

Dated: June 29, 2020                    Respectfully submitted,

                                        */s/ Kathryn L. Clune*
                                        Kathryn L. Clune
                                        Crowell & Moring LLP
                                        1001 Pennsylvania Avenue, NW
                                        Washington D.C. 20004-2595
                                        (202) 624-2705
                                        kclune@crowell.com

                                        Harry P. Cohen (*pro hac vice* application pending)
                                        Michael K. Robles (*pro hac vice* application pending)
                                        James K. Stronski (*pro hac vice* application pending)
                                        Crowell & Moring LLP
                                        590 Madison Avenue
                                        New York, NY 10022
                                        (212) 223-4000
                                        (212) 223-4134(fax)
                                        hcohen@crowell.com
                                        mrobles@crowell.com
                                        jstronski@crowell.com

                                        Jon M. Sands
                                        Dale A. Baich
                                        Jennifer M. Moreno
                                        Federal Public Defender
                                        District of Arizona
                                        850 West Adams Street, Suite 201
                                        Phoenix, Arizona 85007
                                        602-382-2816
                                        602-889-3960 (fax)
                                        dale_baich@fd.org
                                        jennifer_moreno@fd.org

                                        *Counsel for Plaintiff Keith Nelson*

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2020, I caused a true and correct copy of the foregoing to be served on all counsel of record via the Court's CM/ECF system.  Pursuant to this Court's August 20, 2019 Order, below is a list of all counsel of record.  The names marked with an asterisk (*) have no email provided on the docket and are no longer with the identified firms.

Alan Burch
U.S. Attorney's Office for the District of Columbia
(202) 252-2550
Email: alan.burch@usdoj.gov

Peter S. Smith
United States Attorney's Office
Appellate Division
(202) 252-6769
Email: peter.smith@usdoj.gov

Ethan P. Davis
Civil Division, U.S. Department of Justice
(202) 616-4171
Email: Ethan.Davis@usdoj.gov

Robert J. Erickson
US Department of Justice
(202) 514-2841
Email: Robert.erickson@usdoj.gov

Joshua Christopher Toll
KING & SPALDING LLP
(202) 737-8616
Email: jtoll@kslaw.com

Charles Anthony Zdebski
ECKERT SEAMANS CHERIN & MELLOTT, LLC
(202) 659-6605
Email: czdebski@eckertseamans.com

Gerald Wesley King, Jr.
FEDERAL DEFENDER PROGRAM, INC.
(404) 688-7530
Email: gerald_king@fd.org

Paul R. Perkins
Civil Division, Department of Justice
(202) 514-5090
Email: Paul.R.Perkins@usdoj.gov

Jonathan Kossak
Civil Division, Department of Justice
(202) 305-0612
Email: Jonathan.kossak@usdoj.gov

Denise M. Clark
U.S. Attorney's Office for the District of Columbia
(202) 252-6605
Email: Denise.Clark@usdoj.gov

Jean Lin
Civil Division, Department of Justice
(202) 514-3716
Jean.lin@usdoj.gov

Cristen Cori Handley
Civil Division, Department of Justice
(202) 305-2677
Cristen.Handley@usdoj.gov

Paul F. Enzinna
ELLERMAN ENZINNA PLLC
(202) 753-5553
Email: penzinna@ellermanenzinna.com

Brandon David Almond
TROUTMAN SANDERS LLP
(202) 274-2864
Email: brandon.almond@troutmansanders.com

Charles Fredrick Walker
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
(202) 371-7000
Email: Charles.Walker@skadden.com

Celeste Bacchi
OFFICE OF THE PUBLIC DEFENDER
Capital Habeas Unit
(213) 894-1887
Email: celeste_bacchi@fd.org

Jonathan Charles Aminoff
FEDERAL PUBLIC DEFENDER,
CENTRAL DISTRICT OF CALIFORNIA
(213) 894-5374
Email: jonathan_aminoff@fd.org

Billy H. Nolas
FEDERAL COMMUNITY DEFENDER
OFFICE FOR THE EDPA
(215) 928-0520
Email: Billy_Nolas@fd.org

*Jeanne Vosberg Sourgens
VINSON & ELKINS LLP
(202) 639-6633

William E. Lawler, III
VINSON & ELKINS LLP
(202) 639-6676
Email: wlawler@velaw.com

Evan D. Miller
VINSON & ELKINS LLP
(202) 639-6605
Email: EMiller@velaw.com

Margaret O'Donnell
(502) 320-1837
Email: mod@dcr.net

Abigail Bortnick
KING & SPALDING LLP
(202) 626-5502

Donald P. Salzman
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
(202) 371-7983
Email: Donald.salzman@skadden.com

Steven M. Albertson
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
(202) 371-7112
Email: Steven.Albertson@skadden.com

Craig Anthony Harbaugh
FEDERAL PUBLIC DEFENDER, CENTRAL
DISTRICT OF CALIFORNIA
(213) 894-7865
Email: craig_harbaugh@fd.org

Alexander Louis Kursman
OFFICE OF THE FEDERAL COMMUNITY
DEFENDER/EDPA
(215) 928-0520
Email: Alex_Kursman@fd.org

Kathryn B. Codd
VINSON & ELKINS LLP
(202) 639-6536
Email: kcodd@velaw.com

Robert E. Waters
KING & SPALDING LLP (202) 737-0500
Email: rwaters@velaw.com

Yousri H. Omar
VINSON & ELKINS LLP
(202) 639-6500
Email: yomar@velaw.com

*William E. Hoffman, Jr.
KING & SPALDING LLP
(404) 572-3383

Mark Joseph Hulkower
STEPTOE & JOHNSON LLP
(202) 429-6221

Email: abortnick@kslaw.com

Matthew John Herrington
STEPTOE & JOHNSON LLP
(202) 429-8164
Email: mherrington@steptoe.com

Amy J. Lentz
STEPTOE & JOHNSON LLP
(202) 429-1320
Email: Alentz@steptoe.com

Gary E. Proctor
LAW OFFICES OF GARY E. PROCTOR,
LLC
(410) 444-1500
Email: garyeproctor@gmail.com

Scott Wilson Braden
FEDERAL PUBLIC DEFENDER,
EASTERN DISTRICT OF ARKANSAS
(501) 324-6144
Email: Scott_Braden@fd.org

Amy Gershenfeld Donnella
FEDERAL COMMUNITY DEFENDER
OFFICE FOR THE EDPA
(215) 928-0520
Email: amy_donnella@fd.org

David Victorson
(202) 637-5600
HOGAN LOVELLS US LLP
Email: David.Victorson@hoganlovells.com

John D. Beck
HOGAN LOVELLS US LLP
(212) 918-3000
Email: john.beck@hoganlovells.com

Amelia J. Schmidt
KAISER DILLON, PLLC
(202) 869-1301
Email: Aschmidt@kaiserdillon.com

Email: mhulkower@steptoe.com

Robert A. Ayers
STEPTOE & JOHNSON LLP
(202) 429-6401
Email: rayers@steptoe.com

Robert L. McGlasson
MCGLASSON & ASSOCIATES, PC
(404) 314-7664
Email: rlmcglasson@comcast.net

Sean D. O'Brien
PUBLIC INTEREST LITIGATION CLINIC
(816) 363-2795
Email: dplc@dplclinic.com

Shawn Nolan
FEDERAL COMMUNITY DEFENDER
OFFICE, EDPA
(215) 928-0520
Email: shawn.nolan@fd.org

Joseph William Luby
FEDERAL PUBLIC DEFENDER/EDPA
(215) 928-0520
Email: joseph_luby@fd.org

Pieter Van Tol
HOGAN LOVELLS US LLP
(212) 918-3000
Email: Pieter.Vantol@hoganlovells.com

Jonathan Jeffress
KAISER DILLON, PLLC
(202) 640-4430
Email: Jjeffress@kaiserdillon.com

Andrew Moshos
MORRIS NICHOLS ARSHT & TUNNELL
LLP
(302) 351-9197
Email: Amoshos@mnat.com

3

Norman Anderson
KAISER DILLON PLLC
(202) 640-2850
nanderson@kaiserdillon.com

Jennifer Ying
MORRIS NICHOLS ARSHT & TUNNELL
LLP
(302) 658-9300
Email: Jying@mnat.com

Andres C. Salinas
WILMER CUTLER PICKERING HALE &
DORR LLP
(202) 663-6289
Email: Andres.Salinas@wilmerhale.com

*Ryan M. Chabot
WILMER CUTLER PICKERING HALE &
DORR LLP
(212) 295-6513

Dale Andrew Baich
OFFICE OF THE FEDERAL PUBLIC
DEFENDER
(602) 382-2816
Dale_Baich@fd.org

Alan E. Schoenfeld
WILMER CUTLER PICKERING HALE &
DORR LLP
(212) 937-7294
Email: Alan.Schoenfeld@wilmerhale.com

Kathryn Louise Clune
CROWELL & MORING LLP
(202) 624-5116
kclune@crowell.com

Jennifer M. Moreno
OFFICE OF THE PUBLIC FEDERAL
DEFENDER, DISTRICT OF ARIZONA
(602) 382-2718
Jennifer_moreno@fd.org

Ginger Dawn Anders
MUNGER, TOLLES & OLSON LLP
(202) 220-1107
Ginger.anders@mto.com

*Jonathan S. Meltzer
MUNGER, TOLLES & OLSON LLP
(202) 220-1100

*Brendan Gants
MUNGER, TOLLES & OLSON LLP
(202) 220-1100

*Timothy Kane
FEDERAL COMMUNITY DEFENDER
OFFICE, EDPA
(215) 925-0520

Dated:  June 29, 2020

/s/ April Marconi
April Marconi, Case Manager
CROWELL & MORING, LLP
1001 Pennsylvania, Ave., N.W.
Washington, D.C.  20004-2595
Tel:   (202) 508-8803
Fax:   (202) 628-5116
E-Mail:  amarconi@crowell.com