**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

In the Matter of the Federal Bureau of Prisons' Execution Protocol Cases,

LEAD CASE: *Roane et al. v. Barr*

THIS DOCUMENT RELATES TO:

*Lee v. Barr*, No. 19-cv-2559

Case No. 19-mc-0145 (TSC)

**PLAINTIFF LEE'S REPLY IN SUPPORT OF SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR A PRELIMINARY INJUNCTION**

Contrary to the Government's claims, Lee is likely to show that, under the controlling D.C. Circuit opinion, the "law of [Arkansas]" requires execution procedures that differ from the federal Protocol. He is also likely to prevail in that both the equities and public interest particularly favor enjoining his execution. For these reasons, and those set forth in the Joint Motion (Dkt. #102), a preliminary injunction is warranted.

**I.    LEE IS LIKELY TO DEMONSTRATE THAT THE GOVERNMENT MUST COMPLY WITH THE ARKANSAS EXECUTION PROTOCOL AND METHOD OF EXECUTION ACT.**

Under Arkansas law, the State's lethal-injection protocol was "prescribed by the law of the State." The Government does not dispute this. It does not argue that this Court can or should ignore that state law. It does not contend that because the Arkansas protocol did not go through notice and comment, it cannot possibly qualify as "binding." Instead, it claims that this Court can ignore the substantial evidence provided in Lee's supplemental memorandum because the D.C. Circuit already decided this issue.

That is wrong. The D.C. Circuit held that the federal Protocol does not violate the FDPA because, although the federal Protocol must yield to conflicting state requirements that are part

1

of the "law of the State," it contains a carve-out that permits modification in such circumstances. *In re Fed. Bureau of Prisons' Execution Protocol Cases* (*In re FBOP*), 955 F.3d 106, 112-13 (D.C. Cir. 2020) (per curiam); *see id.* at 126 n.12 (Katsas, J., concurring). That carve-out is why the D.C. Circuit held the Protocol did not violate the FDPA, as even the Government has recognized. *See, e.g.*, Br. for the Resp'ts in Opp'n at 10, No. 19-1348 (U.S. June 19, 2020).

Lee is not attempting to "revive" that FDPA claim, but rather to apply the D.C. Circuit's holding. Opp'n at 5 (Dkt. #110). The crux of his argument is that Arkansas law is unique, and because the Arkansas Method of Execution Act (MEA), Ark. Code § 5-4-617 (2019), together with its execution protocol constitute the "law of Arkansas," the federal Protocol must yield in the face of their conflicting requirements. Because there is no indication the Government has used or intends to use the catch-all modification clause to direct the BOP to adhere to those requirements, the federal Protocol as currently written and the procedures to be used during Lee's execution violate the FDPA.

Contrary to the Government's claim, the D.C. Circuit did not conclusively decide whether the Arkansas protocol is "prescribed by the law of the State," and thus whether the federal Protocol must yield to its requirements. In arguing otherwise, the Government selectively quotes from Judge Katsas's opinion:

> [T]he court of appeals held that "the FDPA's reference to 'law of the State' covers only state statutes and binding regulations" and further held that "the state protocols in this case"—*i.e.* the protocols of Arkansas, Indiana, Missouri, and Texas—"cannot be deemed part of the 'law of the State'" because they are not binding in the relevant sense.

Opp'n at 4 (quoting *In re FBOP*, 955 F.3d at 124 n.10 (opinion of Katsas, J.). The full quotation is as follows (emphasis added) (internal citations omitted):

> I agree with Judge Rao that the FDPA's reference to "law of the State" covers only state statutes and binding regulations. I also agree with Judge Rao that because the state protocols in this case "*do not appear to have the binding force of*

2

> *law, they cannot be deemed part of the 'law of the State*.'" Accordingly, those propositions constitute holdings of this Court.

In other words, the panel held that, under its *then-current understanding*, the Arkansas protocol did not appear to constitute binding law and was therefore not part of the law of the State. But the panel did not hold that a state execution protocol, or that the Arkansas protocol itself, *could never be* part of the law of the State; in fact, the italicized language in the quotation makes clear that the panel would have reached the opposite conclusion if a prisoner had shown that the state execution protocol constituted binding state law. That is precisely what Lee did in his opening memorandum, and Defendants have no response to his substantive arguments about the status of the Arkansas protocol under that State's law.[1]

With no substantive leg to stand on, it is the Government which attempts to "muddy the water" by misrepresenting the history of the MEA. Opp'n at 7. The history of the MEA supports Lee's claim. The MEA originally lacked sufficient guidance to survive a non-delegation challenge, but was amended and has since been upheld as a lawful delegation of legislative authority. Under Arkansas law, that makes the Protocol "a legislative act"—*i.e.*, part of State law. *See Mhoon v. Arkansas*, 251 S.W.3d 244, 250 (Ark. 2007); *Arkansas v. Jones*, 3 S.W.3d 675, 677 (Ark. 1999).[2]

---

[1] It is not Lee's fault that these unique issues of Arkansas law were not presented to the panel. Both Plaintiffs and the Government had assumed that if "manner" meant more than "method," state protocols qualified as "law of the State." *See, e.g.*, Gov't C.A. Br. 27-28; Pls.' C.A. Br. 31-32. Lee would have gladly provided the D.C. Circuit with additional briefing on the distinctive aspects of Arkansas law if given the chance; he was not. Indeed, the lack of any substantive briefing on this point may explain in part why the D.C. Circuit explicitly left this issue open.

[2] The Government suggests that because the Arkansas protocol affords corrections officials some degree of discretion, it cannot be binding. Opp'n 4-6. That conflates two distinct conceptions of "binding": carrying the force of law; and mandatory. Whether a regulation is part of a State's "binding law" is different from whether it allows officials any discretion. *See In re FBOP*, 955 F.3d at 142 (Rao. J., concurring) (acknowledging that a statute affording discretion, like Ark. Code Ann. § 5-4-617, is part of "the law of the State"). Moreover, Judge Rao only considered

2. But even if the Arkansas protocol does not constitute "law of the State," as the Government (incorrectly) claims, Lee is still likely to succeed on his argument that the federal Protocol (and thus the procedures the Government intends to use in his execution) violates the FDPA because is directly contrary to, or does not account for, specific requirements set forth in the state's statute. That statute undoubtedly constitutes law of the State for purposes of the FDPA. *In re FBOP*, 955 F.3d at 124 n.10 (Katsas, J., concurring); *id.* at 129 (Rao, J., concurring). And the federal Protocol plainly does not comply with several requirements set forth in the Act; indeed, the Government does not even attempt to argue otherwise. *See* Dkt. #103 at 5. For example, Arkansas law mandates that the Arkansas State Division of Correction (ADC) "shall" select one of two options for lethal-injection, either (a) a barbiturate or (b) a three-drug protocol. Ark. Code. § 5-4-617(c). This choice plainly belongs to the ADC, and it selected a three-drug protocol. *See* Dkt. #103-1 (Ex. A at 3). But the federal government instead intends to use a one-drug protocol. That is directly contrary to the choice that agency made, which in Arkansas carries the force of law. And it is also directly contrary to the statute, which delegates this choice to an Arkansas agency. Even assuming arguendo the agency decision is not binding law, the statute—which the Government must follow—does not allow BOP this decision; it is explicitly prescribed to the State. Under the opinion of the D.C. Circuit Court of Appeals, the Government's stated plan for executing Daniel Lee therefore violates the FDPA.

## II.   THE REMAINING PRELIMINARY INJUNCTION FACTORS FAVOR LEE.

The Government cannot and does not dispute that Lee, like the other Plaintiffs, will face irreparable harm in the absence of injunctive relief. Instead, it seeks to minimize what is

---

whether the Arkansas protocol was "binding" as part of her notice-and-comment analysis. *Id.* at 143. But, in Arkansas, a regulation may carry "the force and effect of law" even when it is not mandatory, or not promulgated using notice and comment. *Id.* at 132 (internal quotation marks omitted); *see* Dkt. #103 at 2-8.

extraordinary about this case—that those most familiar with and connected to it all oppose Lee's execution—while simultaneously claiming that it is acting on their behalf. *See* Opp'n at 8; *see also* Press Release, Dep't of Justice Office of Public Affairs, *Executions Scheduled for Four Federal Inmates Convicted of Murdering Children* (June 15, 2020), https://bit.ly/2YGomEu ("We owe it to the victims of these horrific crimes, and to the families left behind, to carry forward the sentence imposed by our justice system."). This is woefully inaccurate. Indeed the family members who faithfully attended the trial have made their opposition to Lee's execution known publicly and to the Department of Justice directly. Dkt. # 103, at 9-10 & n.7. They have also made clear that an execution would not honor the actual victims of the crime. *See* Ben Miller & Daniel S. Harawa, *Why the Attorney General's Concern About Crime Victims and Their Families Rings Hollow*, The Appeal (Jan. 6, 2020), https://bit.ly/2BnphAJ (quoting Earlene Branch Peterson as saying "it would 'shame my daughter that someone has to die for her'").[3]

The Government's claim that this Court should ignore the fact that the lead prosecutor and trial judge *oppose* Lee's execution because they are merely "private citizens" blinkers reality. These individuals know this case first-hand; one sought the death penalty and the other presided over both the trial and post-conviction proceedings. That they were so concerned as to take the remarkable stop of speaking up says volumes about what is different about this case and is highly relevant to the equities here.

---

[3] The facts of the cases the Government relies on for this point could not be more different from Lee's. *Calderon v. Thompson*, for example, involved the improper recall of a mandate. 523 U.S. 538 (1998). There is no discussion anywhere in the case of widespread disagreement with the sentence or the impending execution. In any event, these cases also rely on the victims' interests as representing a significant public interest. *See, e.g.*, *Bucklew v. Precythe*, 139 S. Ct. 1112, 1133-34 (2019).

In light of these shortcomings, the Government falls back on its own interest in carrying out this sentence. But even that is questionable, as three federal judges have found infirmities in Lee's death sentence due to improper prosecutorial conduct or the reliance on junk science at the penalty phase—yet another rarity. Although each concluded that procedural obstacles precluded them from granting relief,[4] it is difficult to see in whose interest this execution truly might be.[5]

In any event, even were there an interest in executing Lee at *some* point, the Government's passing mentions of "finality" and "timely enforcement" would not justify its rush to execution *now*. Opp'n at 8-9. As this Court already recognized, "[t]he public interest is not served by executing individuals before they have had the opportunity to avail themselves of legitimate procedures to challenge the legality of their executions." Dkt. #50 at 14. Yet, the Government has once again set execution dates on an extremely expedited schedule, even though it knew legal challenges, including to the Protocol, remained pending. This rush is even more concerning in light of the potential for significant complications due to the coronavirus pandemic. *See* Dkt. #102 at 35-38 (Memo. of P. & A.). In contrast, "the potential harm to the government caused by delayed execution is not substantial," particularly because *it* "waited [eight years] to establish a new protocol," which "undermines its arguments regarding the urgency and weight of" its asserted interest in finality. Dkt. # 50 at 14. In sum, the equities are firmly on Lee's side.

---

[4] *See Lee v. Warden USP Terre Haute*, No. 2:19-cv-00468-JPH-DLP, 2020 WL 1317449, at *3 (S.D. Ind. Mar. 20, 2020); *United States v. Lee*, No. 4:97CR00243-02 JLH, 2014 WL 1093197, at *6 (E.D. Ark. Mar. 18, 2014), *aff'd*, 792 F.3d 1021 (8th Cir. 2015); *United States v. Lee*, No. 4:97-CR-00243-(2) GTE, 2008 WL 4079315, at *60 (E.D. Ark. Aug. 28, 2008), *aff'd*, 715 F.3d 215 (8th Cir. 2013).

[5] Moreover, exculpatory evidence relevant to both phases of Lee's trial has come trickling out in the last several years. Lee has asked various courts to consider it, but has been blocked by the Government's procedural and other arguments. *See, e.g.*, *Lee*, 2020 WL 1317449, at *1.

## CONCLUSION

For the foregoing reasons, Plaintiff Daniel Lewis Lee respectfully requests that the Court preliminarily enjoin Defendants from proceeding with his execution.

DATED:    June 29, 2020             */s/ Pieter Van Tol*
                                    Pieter Van Tol (admitted *pro hac vice*)
                                    390 Madison Avenue
                                    New York, NY 10017
                                    (212) 918-3000
                                    (212) 918-3100 (fax)
                                    pieter.vantol@hoganlovells.com

                                    and

                                    David S. Victorson (Bar No. 1027025)
                                    Danielle D. Stempel* (admitted *pro hac vice*)
                                    Kathryn Marshall Ali (Bar No. 994633)
                                    Columbia Square
                                    555 13th Street NW
                                    Washington, DC 20004
                                    (202) 637-5600
                                    (202) 637-5910 (fax)
                                    david.victorson@hoganlovells.com
                                    danielle.stempel@hoganlovells.com
                                    kathryn.ali@hoganlovells.com

                                    * *Admitted only in Maryland; practice supervised by principals admitted in D.C.*

                                    *Counsel for Plaintiff Daniel Lewis Lee*

# CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2020, I caused a true and correct copy of foregoing to be served on all counsel of record via the Court's CM/ECF system.  Pursuant to this Court's August 20, 2019 Order, below is a list of all counsel of record.  The names marked with an asterisk (*) have no email provided on the docket or are no longer with the identified firms.

Alan Burch
U.S. Attorney's Office for the District of Columbia
(202) 252-2550
Email: alan.burch@usdoj.gov

Peter S. Smith
United States Attorney's Office
Appellate Division
(202) 252-6769
Email: peter.smith@usdoj.gov

Ethan P. Davis
Civil Division, U.S. Department of Justice
(202) 514-7830
Email: Ethan.P.Davis@usdoj.gov

Robert J. Erickson
US Department of Justice
(202) 514-2841
Email: Robert.erickson@usdoj.gov

Joshua Christopher Toll
KING & SPALDING LLP
(202) 737-8616
Email: jtoll@kslaw.com

Charles Anthony Zdebski
ECKERT SEAMANS CHERIN & MELLOTT, LLC
(202) 659-6605
Email: czdebski@eckertseamans.com

Gerald Wesley King, Jr.
FEDERAL DEFENDER PROGRAM, INC.
(404) 688-7530
Email: gerald_king@fd.org

Paul R. Perkins
Civil Division, Department of Justice
(202) 514-5090
Email: Paul.R.Perkins@usdoj.gov

Jonathan Kossak
Civil Division, Department of Justice
(202) 305-0612
Email: Jonathan.kossak@usdoj.gov

Denise M. Clark
U.S. Attorney's Office for the District of Columbia
(202) 252-6605
Email: Denise.Clark@usdoj.gov

Jean Lin
Civil Division, Department of Justice
(202) 514-3716
Jean.lin@usdoj.gov

Cristen Cori Handley
Civil Division, Department of Justice
(202) 305-2677
Cristen.Handley@usdoj.gov

Paul F. Enzinna
ELLERMAN ENZINNA PLLC
(202) 753-5553
Email: penzinna@ellermanenzinna.com

Brandon David Almond
TROUTMAN SANDERS LLP
(202) 274-2864
Email: brandon.almond@troutmansanders.com

Charles Fredrick Walker
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
(202) 371-7000
Email: Charles.Walker@skadden.com

Celeste Bacchi
OFFICE OF THE PUBLIC DEFENDER
Capital Habeas Unit
(213) 894-1887
Email: celeste_bacchi@fd.org

Jonathan Charles Aminoff
FEDERAL PUBLIC DEFENDER, CENTRAL DISTRICT OF CALIFORNIA
(213) 894-5374
Email: jonathan_aminoff@fd.org

Billy H. Nolas
FEDERAL COMMUNITY DEFENDER OFFICE FOR THE EDPA
(215) 928-0520
Email: Billy_Nolas@fd.org

*Jeanne Vosberg Sourgens
VINSON & ELKINS LLP
(202) 639-6633

William E. Lawler, III
VINSON & ELKINS LLP
(202) 639-6676
Email: wlawler@velaw.com

Evan D. Miller
VINSON & ELKINS LLP
(202) 639-6605
Email: EMiller@velaw.com

Margaret O'Donnell
(502) 320-1837
Email: mod@dcr.net

Abigail Bortnick
KING & SPALDING LLP
(202) 626-5502
Email: abortnick@kslaw.com

Donald P. Salzman
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
(202) 371-7983
Email: Donald.salzman@skadden.com

Steven M. Albertson
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
(202) 371-7112
Email: Steven.Albertson@skadden.com

Craig Anthony Harbaugh
FEDERAL PUBLIC DEFENDER, CENTRAL DISTRICT OF CALIFORNIA
(213) 894-7865
Email: craig_harbaugh@fd.org

Alexander Louis Kursman
OFFICE OF THE FEDERAL COMMUNITY DEFENDER/EDPA
(215) 928-0520
Email: Alex_Kursman@fd.org

Kathryn B. Codd
VINSON & ELKINS LLP
(202) 639-6536
Email: kcodd@velaw.com

Robert E. Waters
VINSON & ELKINS, L.L.P.(202) 737-0500
Email: rwaters@velaw.com

Yousri H. Omar
VINSON & ELKINS LLP
(202) 639-6500
Email: yomar@velaw.com

*William E. Hoffman, Jr.
KING & SPALDING LLP
(404) 572-3383

Mark Joseph Hulkower
STEPTOE & JOHNSON LLP
(202) 429-6221
Email: mhulkower@steptoe.com

Matthew John Herrington
STEPTOE & JOHNSON LLP
(202) 429-8164
Email: mherrington@steptoe.com

Amy J. Lentz
STEPTOE & JOHNSON LLP
(202) 429-1320
Email: Alentz@steptoe.com

Gary E. Proctor
LAW OFFICES OF GARY E. PROCTOR, LLC
(410) 444-1500
Email: garyeproctor@gmail.com

Scott Wilson Braden
FEDERAL PUBLIC DEFENDER, EASTERN DISTRICT OF ARKANSAS
(501) 324-6144
Email: Scott_Braden@fd.org

Amy Gershenfeld Donnella
FEDERAL COMMUNITY DEFENDER OFFICE FOR THE EDPA
(215) 928-0520
Email: amy_donnella@fd.org

David Victorson
(202) 637-5600
HOGAN LOVELLS US LLP
Email: David.Victorson@hoganlovells.com

John D. Beck
HOGAN LOVELLS US LLP
(212) 918-3000
Email: john.beck@hoganlovells.com

Amelia J. Schmidt
KAISER DILLON, PLLC
(202) 869-1301
Email: Aschmidt@kaiserdillon.com

Robert A. Ayers
STEPTOE & JOHNSON LLP
(202) 429-6401
Email: rayers@steptoe.com

Robert L. McGlasson
MCGLASSON & ASSOCIATES, PC
(404) 314-7664
Email: rlmcglasson@comcast.net

Sean D. O'Brien
PUBLIC INTEREST LITIGATION CLINIC
(816) 363-2795
Email: dplc@dplclinic.com

Shawn Nolan
FEDERAL COMMUNITY DEFENDER OFFICE, EDPA
(215) 928-0520
Email: shawn.nolan@fd.org

Joseph William Luby
FEDERAL PUBLIC DEFENDER/EDPA
(215) 928-0520
Email: joseph_luby@fd.org

Pieter Van Tol
HOGAN LOVELLS US LLP
(212) 918-3000
Email: Pieter.Vantol@hoganlovells.com

Jonathan Jeffress
KAISER DILLON, PLLC
(202) 640-2850
Email: Jjeffress@kaiserdillon.com

Andrew Moshos
MORRIS NICHOLS ARSHT & TUNNELL LLP
(302) 351-9197
Email: Amoshos@mnat.com

Norman Anderson
KAISER DILLON PLLC
(202) 640-2850
Email: nanderson@kaiserdillon.com

Jennifer Ying
MORRIS NICHOLS ARSHT & TUNNELL LLP
(302) 658-9300
Email: Jying@mnat.com

Andres C. Salinas
WILMER CUTLER PICKERING HALE & DORR LLP
(202) 663-6289
Email: Andres.Salinas@wilmerhale.com

*Ryan M. Chabot
WILMER CUTLER PICKERING HALE & DORR LLP
(212) 295-6513
Email: Ryan.Chabot@wilmerhale.com

Dale Andrew Baich
OFFICE OF THE FEDERAL PUBLIC DEFENDER
(602) 382-2816
Email: Dale_Baich@fd.org

Harry P. Cohen
CROWELL & MORING LLP
(212) 223-4000
Email: hcohen@crowell.com

Michael K. Robles
CROWELL & MORING LLP
(212) 223-4000
Email: mrobles@crowell.com

James Stronski
CROWELL & MORING LLP
(212) 223-4000
Email: jstronski@crowell.com

Alan E. Schoenfeld
WILMER CUTLER PICKERING HALE & DORR LLP
(212) 937-7294
Email: Alan.Schoenfeld@wilmerhale.com

Kathryn Louise Clune
CROWELL & MORING LLP
(202) 624-5116
Email: kclune@crowell.com

Jennifer M. Moreno
OFFICE OF THE PUBLIC FEDERAL DEFENDER, DISTRICT OF ARIZONA
(602) 382-2718
Email: Jennifer_moreno@fd.org

Ginger Dawn Anders
MUNGER, TOLLES & OLSON LLP
(202) 220-1107
Email: Ginger.anders@mto.com

*Jonathan S. Meltzer
MUNGER, TOLLES & OLSON LLP
(202) 220-1100

*Brendan Gants
MUNGER, TOLLES & OLSON LLP
(202) 220-1100

*Timothy Kane
FEDERAL COMMUNITY DEFENDER OFFICE, EDPA
(215) 925-0520

Jeffrey Lyn Ertel
FEDERAL DEFENDER PROGRAM, INC.
(303) 688-7530
Email: Jeff_Ertel@fd.org

Stephen Northup
TROUTMAN SANDERS LLP
(804) 697-1240
Email: steve.northup@troutmansanders.com

| | |
|---|---|
| *Jon M. Sands<br>OFFICE OF THE PUBLIC FEDERAL<br>DEFENDER, DISTRICT OF ARIZONA<br>(602) 382-2816 | Danielle Desaulniers Stempel<br>HOGAN LOVELLS US LLP<br>(202) 804-7798<br>Email: danielle.stempel@hoganlovells.com |
| *Amy Karlin<br>INTERIM FEDERAL PUBLIC DEFENDER<br>(213) 894-2854 | |

>*/s/ Pieter Van Tol*
>Pieter Van Tol (admitted *pro hac vice*)