IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of the Federal Bureau of Prisons' Execution Protocol Cases, <br><br>LEAD CASE: *Roane et al. v. Barr* <br><br>THIS DOCUMENT RELATES TO: <br><br>*Lee v. Barr et al.*, No. 19-cv-2559 <br><br>*Purkey v. Barr et al.*, No. 19-cv-3214 <br><br>*Nelson v. Barr et al.*, No. 20-cv-557 | Case No. 19-mc-0145 (TSC) |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION
FOR EXPEDITED HEARING WITH LIVE TESTIMONY**

Plaintiffs Dustin Honken, Daniel Lee, Keith Nelson, and Wesley Purkey (collectively "Plaintiffs") respectfully submit this reply in further support of their motion (the "Motion") for an expedited hearing (Dkt. #106), with live testimony from expert witnesses, on Plaintiffs' motion for a preliminary injunction (the "PI Motion").

**Argument**

Defendants rely on three arguments in their opposition, none of which provides any basis for the denial of the Motion.

*First*, Defendants contend that Plaintiffs' expert declarations were "improperly submitted" because this case involves only a review of agency action under the Administrative Procedure Act ("APA"). Defendants assert that any evidence post-dating the July 2019 issuance of the Protocol—including the live testimony of experts—should not be admitted. Opp. 1-2. This case, however, involves more than Plaintiffs' APA claims, and the expert testimony also relates to the claims alleging violations of the Eighth Amendment. Defendants admit as much,

1

noting that Plaintiffs have submitted expert testimony to support their Eighth Amendment claims. *Id.* at 2. Moreover, Defendants themselves rely on the expert testimony of Joseph Antognini, M.D., dated June 25, 2020, in opposition to Plaintiffs' Eighth Amendment claims. It cannot be the case that Plaintiffs' experts are barred, but Dr. Antognini's testimony on the same issue must be accepted. Finally, Defendants' argument against the admissibility of post-July 2019 evidence is further undercut by the fact that the Administrative Record contains several documents that were created *after* the Protocol was issued in July 2019, Dkt. #97. Thus, the expert testimony is appropriate and the Court should permit live witnesses.

*Second*, Defendants suggest that live testimony is unnecessary because the expert witness declarations total more than 120 pages. Opp. 2. As an initial matter, Defendants do not cite any case law to support their claim that the length of the declarations is relevant to, let alone dispositive of, whether to hold a live hearing. But if anything, the length of the declarations demonstrates the extent to which there are significant problems with the 2019 Protocol and the depth of scientific material and information that is relevant to the PI motion. Plaintiffs have the burden of proof; live testimony will allow Plaintiffs to ensure the Court has all of the necessary information to understand why Plaintiffs are likely to succeed on the merits. Moreover, because the declarations provide context and support, the live testimony will highlight only the most important aspects of the experts' opinions. Also, live testimony will give the Court the opportunity to ask any questions that it might have on any of the experts' opinions. To the extent there is any concern about the number of witnesses or the duration of the testimony, Plaintiffs anticipate calling only one or two witnesses and will present the evidence as efficiently as possible.

*Third*, Defendants maintain that a hearing is not necessary because, even crediting the experts' opinions, Plaintiffs are not likely to succeed on their APA or Eighth Amendment claims. *See* Opp. 2-3.  In other words, Defendants assert that Plaintiffs have not submitted sufficient evidence in support of their claims while simultaneously seeking to prevent Plaintiffs from supporting their case with additional information submitted via live testimony.  But the point of a hearing is to allow Plaintiffs to make a full evidentiary record on their likelihood of success.  As demonstrated in the accompanying reply in support of the PI Motion, Plaintiffs have presented ample evidence and case law in support of their claims.  A hearing with live witnesses would afford Plaintiffs an opportunity to further flesh out this evidence.  With respect to Defendants' last argument that "Plaintiffs' experts rely only on dated materials that do not speak to the precise issue," *id.*, Plaintiffs have shown in their reply brief and through the supplemental declaration of Gail Van Norman, M.D., that the expert testimony is current and goes directly to the issues before the Court.

## Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court grant an expedited hearing and allow the parties to present live testimony from expert witnesses on medical issues, including through the use of video teleconferencing in accordance with the Court's standing order of March 30, 2020.

| | |
|---|---|
| Dated: June 29, 2020 | */s/ Alan E. Schoenfeld*<br>Alan E. Schoenfeld (admitted *pro hac vice*)<br>Ryan M. Chabot (admitted *pro hac vice*)<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>7 World Trade Center<br>250 Greenwich Street<br>New York, New York 10007<br>(212) 230-8800<br>Alan.Schoenfeld@WilmerHale.com<br>Ryan.Chabot@WilmerHale.com<br><br>Andres C. Salinas (DC Bar No. 156118)<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>1875 Pennsylvania Avenue NW<br>Washington, DC 20006<br>(202) 663-6289<br>Andres.Salinas@WilmerHale.com<br><br>*Counsel for Plaintiff Wesley Purkey*<br><br>*/s/ Jon Jeffress*<br>Jon Jeffress<br>KaiserDillon PLLC<br>1099 14th Street NW<br>8th Floor West<br>Washington, DC 20005<br>(202) 640-2850<br>jjeffress@kaiserdillon.com<br><br><br>Timothy Kane, Assistant Federal Defender<br>Shawn Nolan, Chief, Capital Habeas Unit<br>Federal Community Defender Office,<br> E.D. Pa.<br>601 Walnut Street, Suite 545 West<br>Philadelphia, PA 19106<br>(215) 928-0520<br>timothy_kane@fd.org<br>shawn_nolan@fd.org<br><br>*Counsel for Plaintiff-Intervenor Dustin Lee Honken* |

4

/s/ Pieter Van Tol
Pieter Van Tol (admitted *pro hac vice*)
Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
(212) 918-3000
(212) 918-3100 (fax)
pieter.vantol@hoganlovells.com

David S. Victorson (Bar No. 1027025)
Kathryn Marshall Ali (Bar No. 994633)
Danielle Stempel* (admitted *pro hac vice*)
Hogan Lovells US LLP
555 13th Street NW
Washington, DC 20004
(202) 637-5600
(202) 637-5910 (fax)
david.victorson@hoganlovells.com
kathryn.ali@hoganlovells.com
danielle.stempel@hoganlovells.com

*Admitted only in Maryland; practice supervised by principals admitted in D.C.*

*Counsel for Plaintiff Daniel Lewis Lee*

/s/ Kathryn L. Clune
Kathryn L. Clune
Crowell & Moring LLP
1001 Pennsylvania Avenue NW
Washington D.C. 20004-2595
(202) 624-2705
kclune@crowell.com

Harry P. Cohen (*pro hac vice* pending)
Michael K. Robles (*pro hac vice* pending)
James K. Stronski (*pro hac vice* pending)
Crowell & Moring LLP
590 Madison Avenue
New York, NY 10022
(212) 223-4000
(212) 223-4134 (fax)
hcohen@crowell.com
mrobles@crowell.com
jstronski@crowell.com

Jon M. Sands
Dale A. Baich
Jennifer M. Moreno
Federal Public Defender
District of Arizona
850 West Adams Street, Suite 201
Phoenix, Arizona 85007
(602) 382-2816
(602) 889-3960 (fax)
jon_sands@fd.org
dale_baich@fd.org
jennifer_moreno@fd.org

*Counsel for Plaintiff Keith Nelson*