**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In the Matter of the Federal Bureau of Prisons' Execution Protocol Cases, | |
| LEAD CASE: *Roane et al. v. Barr* | Case No. 19-mc-0145 (TSC) |
| THIS DOCUMENT RELATES TO: | |
| *Lee & Honken v. Barr*, No. 19-cv-2559 | |
| *Purkey v. Barr*, No. 19-cv-3214 | |
| *Nelson v. Barr*, No. 20-cv-557 | |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs respectfully submit this notice to alert the Court of a declaration the Government filed today in *Harkemeyer v. Barr*, No. 2:20-cv-00336-JMS-MJD (S.D. Ind. July 12, 2020) ("Decl."), a copy of which is attached.

In the declaration, Rick Winter, Regional Counsel for the Bureau of Prisons' North Central Region, explains that BOP learned on July 8, 2020, that a staff member at FCI Terre Haute had been exposed to individuals who tested positive for COVID-19.  Decl. ¶ 4.  Despite this, BOP did not notify Plaintiffs of this development until today, after the staff member tested positive on July 11.  *See id.* ¶ 6.  Between his exposure and July 8, the employee "among other things, attended the law enforcement meeting with outside law enforcement in preparation for the scheduled executions; attended a meeting regarding the handling of demonstrators at the scheduled executions; and attended to an issue at the [Special Confinement Unit ("SCU")]."  *Id.* ¶ 5.  He was not wearing "a mask at all times during this period."  *Id.* ¶ 7.  At this time, the Government cannot confirm everyone "with whom the staff member was in contact."  *Id.* ¶ 9.

Nor does the Government confirm that the BOP's execution team has not been in contact with other employees who were exposed to the infected employee.  *See id.* ¶¶ 8-9.

The developments detailed in this declaration only confirm that Plaintiffs are entitled to a preliminary injunction.  First, the declaration starkly illustrates the burdens imposed by COVID-19 on Plaintiffs' access to counsel.  *See* PI Mem. (ECF 102) at 33-38.  The fact that an unknown number of staff members at FCI Terre Haute have been exposed to the virus in the last week draws into relief the dangers that counsel will be exposed to in order to attend the executions and provide competent assistance to Plaintiffs during the critical hours leading up to the executions.  *See id.* at 37.  Second, the fact that the infected employee "attended to an issue at the SCU," Decl. ¶ 5, where Plaintiffs are being housed, increases the likelihood that Plaintiffs have been exposed to the virus, exacerbating the already-significant risk of lung-related complications including pulmonary edema.  *See* PI Mem. (ECF 102) at 37-38.  Finally, the possibility that others involved in the execution, including law enforcement personnel and victims, may be exposed to the virus further tips the balance of the equities in Plaintiffs' favor.  *Id.* at 41-42.

DATED:      July 12, 2020                                   */s/ Pieter Van Tol*
                                                            Pieter Van Tol (admitted *pro hac vice*)
                                                            Hogan Lovells US LLP
                                                            390 Madison Avenue
                                                            New York, NY 10017
                                                            (212) 918-3000
                                                            (212) 918-3100 (fax)
                                                            pieter.vantol@hoganlovells.com

                                                            and

                                                            David S. Victorson (Bar No. 1027025)
                                                            Kathryn Marshall Ali (Bar No. 994633)
                                                            Danielle Stempel* (admitted *pro*

*hac vice*)
Hogan Lovells US LLP
555 13th Street NW
Washington, DC 20004
(202) 637-5600
(202) 637-5910 (fax)
david.victorson@hoganlovells.com
kathryn.ali@hoganlovells.com
danielle.stempel@hoganlovells.com

[*] *Admitted only in Maryland;*
*practice supervised by principals*
*admitted in D.C.*

*Counsel for Plaintiff Daniel Lewis*
*Lee*

/s/ Alan E. Schoenfeld
Alan E. Schoenfeld (admitted *pro*
*hac vice*)
Wilmer Cutler Pickering Hale and
Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
(212) 230-8800
Alan.Schoenfeld@WilmerHale.com

Andres Salinas (DC Bar No.
156118)
Wilmer Cutler Pickering Hale and
Dorr LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6289
Andres.Salinas@WilmerHale.com

*Counsel for Plaintiff Wesley Purkey*

/s/ Jon Jeffress
Jon Jeffress
KaiserDillon PLLC
1099 14th Street NW
8th Floor West
Washington, DC 20005
(202) 640-2850

3

jjeffress@kaiserdillon.com

Timothy Kane, Assistant Federal
Defender
Shawn Nolan, Chief, Capital
Habeas Unit
Federal Community Defender
Office,
 E.D. Pa.
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
timothy_kane@fd.org
shawn_nolan@fd.org

*Counsel for Plaintiff-Intervenor
Dustin Lee Honken*

*/s/ Kathryn L. Clune*
Kathryn L. Clune
Crowell & Moring LLP
1001 Pennsylvania Avenue NW
Washington D.C. 20004-2595
(202) 624-2705
kclune@crowell.com

Harry P. Cohen (*pro hac vice*
pending)
Michael K. Robles (*pro hac vice*
pending)
James K. Stronski (*pro hac vice*
pending)
Crowell & Moring LLP
590 Madison Avenue
New York, NY 10022
(212) 223-4000
(212) 223-4134 (fax)
hcohen@crowell.com
mrobles@crowell.com
jstronski@crowell.com

Jon M. Sands
Dale A. Baich
Jennifer M. Moreno
Federal Public Defender
District of Arizona

4

850 West Adams Street, Suite 201
Phoenix, Arizona 85007
(602) 382-2816
(602) 889-3960 (fax)
jon_sands@fd.org
dale_baich@fd.org
jennifer_moreno@fd.org

*Counsel for Plaintiff Keith Nelson*