APPEAL,CONSOL

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:19–mc–00145–TSC</u>

IN THE MATTER OF THE FEDERAL BUREAU OF
PRISONS' EXECUTION PROTOCOL CASES
Assigned to: Judge Tanya S. Chutkan
Member cases:

    1:19–cv–03520–TSC

   1:20–cv–00474–TSC

   1:20–cv–00557–TSC

 Cases:  1:05–cv–02337–TSC

        1:07–cv–02145–TSC

        1:12–cv–00782–TSC

        1:13–cv–00938–TSC

        1:20–cv–00557–TSC

        1:19–cv–03570–TSC

        1:20–cv–01693–TSC

        1:19–cv–03611–TSC

        1:20–cv–00474–TSC

        1:19–cv–03214–TSC

 Case in other court:  USCA, 19–05322
Cause: 42:1981 Civil Rights

Date Filed: 08/20/2019
Jury Demand: None
Nature of Suit: 550 Prisoner Petition: Civil
Rights (Other)
Jurisdiction: U.S. Government Defendant

<u>**In Re**</u>

**IN THE MATTER OF THE
FEDERAL BUREAU OF PRISONS'
EXECUTION PROTOCOL CASES**

<u>**Plaintiff**</u>

**JAMES H. ROANE, JR.,**
*(05cv2337)*

represented by **Joshua Christopher Toll**
KING & SPALDING, LLP
1700 Pennsylvania Avenue, NW
Suite 200
Washington, DC 20002
(202) 737–8616
Email: <u>jtoll@kslaw.com</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul F. Enzinna**
ELLERMAN ENZINNA PLLC
1050 30th Street NW
Washington, DC 20007
(202) 753–5553
Fax: (617) 289–0512

1

Email: penzinna@ellermanenzinna.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**RICHARD TIPTON**                    represented by   **Charles Anthony Zdebski**
*(05cv2337)*                                          ECKERT SEAMANS CHERIN &
                                                      MELLOTT, LLC
                                                      Telecommunications Law
                                                      1717 Pennsylvania Avenue, N.W.
                                                      12th Floor
                                                      Washington, DC 20005
                                                      (202) 659–6605
                                                      Fax: (202) 659–6699
                                                      Email: czdebski@eckertseamans.com
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Joshua Christopher Toll**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Brandon David Almond**
                                                      TROUTMAN SANDERS LLP
                                                      401 9th Street, NW
                                                      Suite 1000
                                                      Washington, DC 20004
                                                      (202) 274–2864
                                                      Fax: (202) 274–2994
                                                      Email: brandon.almond@troutmansanders.com
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Gerald Wesley King , Jr.**
                                                      FEDERAL DEFENDER PROGRAM,
                                                      INC.
                                                      101 Marietta Street, NW
                                                      Suite 1500
                                                      Atlanta, GA 30303
                                                      (404) 688–7530
                                                      Fax: (404) 688–0768
                                                      Email: gerald_king@fd.org
                                                      *PRO HAC VICE*
                                                      *ATTORNEY TO BE NOTICED*

**Plaintiff**

**CORY JOHNSON**                      represented by   **Charles Frederick Walker**
*(05cv2337)*                                          SKADDEN, ARPS, SLATE, MEAGHER
                                                      & FLOM LLP
                                                      1440 New York Avenue, NW
                                                      Washington, DC 20005

(202) 371−7000
Email: Charles.Walker@skadden.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Charles Anthony Zdebski**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Donald P. Salzman**
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
1440 New York Avenue, NW
Washington, DC 20005
(202) 371−7983
Fax: (202) 661−9063
Email: Donald.salzman@skadden.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Christopher Toll**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven M Albertson**
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
1440 New York Avenue, NW
Washington, DC 20005
(202) 371−7112
Email: Steven.Albertson@skadden.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**JULIUS ROBINSON**                    represented by   **Celeste Bacchi**
*07−cv−02145−TSC*                                       OFFICE OF THE PUBLIC DEFENDER
                                                        Capital Habeas Unit
                                                        321 East 2nd Street
                                                        Los Angeles, CA 90012
                                                        (213) 894−1887
                                                        Fax: (213) 894−0310
                                                        Email: celeste_bacchi@fd.org
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Craig Anthony Harbaugh**
                                                        FEDERAL PUBLIC DEFENDER,
                                                        CENTRAL DISTRICT OF CALIFORNIA
                                                        321 East Second Street
                                                        Los Angeles, CA 90012

(213) 894–7865
Fax: (213) 894–0310
Email: craig_harbaugh@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan Charles Aminoff**
FEDERAL PUBLIC DEFENDER,
CENTRAL DISTRICT OF CALIFORNIA
321 East Second Street
Los Angeles, CA 90012
(213) 894–5374
Fax: (213) 894–0310
Email: jonathan_aminoff@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**ALFRED BOURGEOIS**                      represented by   **Alexander Louis Kursman**
*12–cv–00782–TSC*                                          OFFICE OF THE FEDERAL
                                                           COMMUNITY DEFENDER/EDPA
                                                           601 Walnut Street
                                                           Suite 545 West
                                                           Philadelphia, PA 19106
                                                           (215) 928–0520
                                                           Email: alex_kursman@fd.org
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Billy H. Nolas**
                                                           FEDERAL COMMUNITY DEFENDER
                                                           OFFICE FOR THE EDPA
                                                           601 Walnut Street
                                                           Suite 545W
                                                           Philadelphia, PA 19106
                                                           (215) 928–0520
                                                           Fax: (215) 928–0826
                                                           Email: billy_nolas@fd.org
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

**Plaintiff**

**DANIEL LEWIS LEE**                      represented by   **David S. Victorson**
                                                           HOGAN LOVELLS US LLP
                                                           555 Thirteenth Street, NW
                                                           Washington, DC 20004
                                                           (202) 637–2061
                                                           Email: david.victorson@hoganlovells.com
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

**Danielle Desaulniers Stempel**
555 13th ST NW
Washington, DC 20004
202–804–7798
Email: danielle.stempel@hoganlovells.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Elizabeth Hagerty**
U.S. ATTORNEY'S OFFICE
1801 California Street
Suite 1600
Denver, CO 80202
303–454–0101
Fax: 303–454–0411
Email: elizabeth.hagerty@usdoj.gov
*TERMINATED: 01/02/2020*

**John D. Beck**
HOGAN LOVELLS US LLP
390 Madison Ave
New York, NY 10017
(212) 918–3000
Fax: (212) 918–3100
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Pieter Van Tol**
HOGAN LOVELLS US LLP
390 Madison Ave
New York, NY 10017
(212) 918–3000
Fax: (212) 918–3100
Email: pieter.vantol@hoganlovells.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**WESLEY IRA PURKEY**          represented by   **Alan E. Schoenfeld**
WILMER CUTLER PICKERING HALE
& DORR, LLP
250 Greenwich Street
7 World Trade Center
New York, NY 10007
(212) 937–7294
Fax: (212) 230–8888
Email: alan.schoenfeld@wilmerhale.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Andres C. Salinas**
WILMER CUTLER HALE AND DORR

LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
202–663–6289
Email: andres.salinas@wilmerhale.com
*ATTORNEY TO BE NOTICED*

**Arin Hillary Smith**
WILMER CUTLER PICKERING HALE
& DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
202–663–6959
Email: arin.smith@wilmerhale.com
*TERMINATED: 03/03/2020*

**Ryan M. Chabot**
WILMER CUTLER PICKERING HALE
& DORR LLP
250 Greenwich Street
New York, NY 10007
(212) 295–6513
Fax: (212) 230–8888
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **NORRIS G. HOLDER, JR.**<br>*19–cv–03520–TSC* | represented by | **Scott Wilson Braden**<br>FEDERAL PUBLIC DEFENDER<br>EASTERN DISTRICT OF ARKANSAS<br>Capital Habeas Unit<br>1401 West Capitol Street<br>1401 West Capital<br>Suite 490<br>Little Rock, AR 72201<br>501–324–6114<br>Fax: 501–324–5630<br>Email: scott_braden@fd.org<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Andrew Moshos**<br>MORRIS NICHOLS ARSHT &<br>TUNNELL LLP<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899–1347<br>302–351–9197<br>Fax: 302–425–3011<br>Email: amoshos@mnat.com<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |

6

**Jeffrey Lyons**
MORRIS NICHOLS ARSHT &
TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899−1347
302−351−9390
Fax: 302−498−6236
Email: jlyons@mnat.com
*TERMINATED: 03/27/2020*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jennifer Ying**
MORRIS NICHOLS ARSHT &
TUNNELL LLP
1201 North Market Street, P.O. Box 1347
Wilmington, DE 19899−1347
302−351−9243
Fax: 302−225−2570
Email: jying@mnat.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephen J. Kraftschik**
POLSINELLI PC
222 Delaware Avenue
Suite 1101
Wilmington, DE 19801
302−252−0926
Email: skraftschik@polsinelli.com
*TERMINATED: 02/14/2020*
*PRO HAC VICE*

**Plaintiff**

KEITH NELSON                        represented by   **Kathryn Louise Clune**
*20−cv−557*                                          CROWELL & MORING, LLP
                                                     1001 Pennsylvania Avenue, NW
                                                     Washington, DC 20004
                                                     (202) 624−2500
                                                     Fax: (202) 628−5116
                                                     Email: kclune@crowell.com
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Dale Andrew Baich**
                                                     OFFICE OF THE FEDERAL PUBLIC
                                                     DEFENDER
                                                     850 West Adams St.
                                                     Suite 201
                                                     Phoenix, AZ 85007

602–382–2816
Email: Dale_Baich@fd.org
*ATTORNEY TO BE NOTICED*

**Jennifer M. Moreno**
OFFICE OF THE PUBLIC FEDERAL
DEFENDER, DISTICT OF ARIZONA
850 West Adams Street
Suite 201
Phoenix, AZ 85007–2730
602–382–2718
Fax: 602–889–3960
Email: jennifer_moreno@fd.org
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**BRANDON BERNARD**                  represented by   **Ginger Dawn Anders**
*20–cv–00474*                                         MUNGER, TOLLES & OLSON LLP
                                                      1155 F Street, NW
                                                      7th Floor
                                                      Washington, DC 20004
                                                      (202) 220–1107
                                                      Fax: (202) 220–3200
                                                      Email: ginger.anders@mto.com
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

V.

**Intervenor Plaintiff**

**BRUCE WEBSTER**                    represented by   **Evan D. Miller**
*(05cv2337)*                                          VINSON & ELKINS LLP
                                                      2200 Pennsylvania Avenue, NW
                                                      Suite 500 West
                                                      Washington, DC 20037
                                                      (202) 639–6605
                                                      Email: emiller@velaw.com
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Joshua Christopher Toll**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Kathryn B. Codd**
                                                      VINSON & ELKINS, L.L.P.
                                                      2200 Pennsylvania Avenue, NW
                                                      Suite 500–West
                                                      Washington, DC 20037
                                                      (202) 639–6536

Fax: (202) 639–8936
Email: kcodd@velaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric Hernandez**
GREENBERG TRAURIG, P.A.
333 SE 2nd Avenue
Suite 4400
Miami, FL 33131
305–579–0570
Fax: 305–961–5727
Email: hernandezeric@gtlaw.com
*TERMINATED: 02/27/2020*

**Jeanne Vosberg Sourgens**
VINSON & ELKINS L.L.P
The Willard Office Building
1455 Pennsylvania Avenue, NW
Suite 600
Washington, DC 20004
(202) 639–6633
Fax: (202) 639–6604
*ATTORNEY TO BE NOTICED*

**Robert E. Waters**
KING & SPALDING, LLP
1700 Pennsylvania Avenue, NW
Suite 200
Washington, DC 20006
(202) 737–0500
Email: rwaters@velaw.com
*ATTORNEY TO BE NOTICED*

**William E. Lawler , III**
VINSON & ELKINS LLP
2200 Pennsylvania Avenue, NW
Suite 500 West
Washington, DC 20037
202–639–6676
Email: wlawler@velaw.com
*ATTORNEY TO BE NOTICED*

**Yousri H. Omar**
VINSON & ELKINS LLP
2200 Pennsylvania Avenue, NW
Suite 500 West
Washington, DC 20037
(202) 639–6500
Email: yomar@velaw.com
*ATTORNEY TO BE NOTICED*

**Intervenor Plaintiff**

**ANTHONY BATTLE**                         represented by   **Joshua Christopher Toll**
*(05cv2337)*                                           (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Margaret O'Donnell**
P.O. Box 4815
Frankfort, KY 40604–4815
(502) 320–1837
Fax: (502) 227–4669
Email: mod@dcr.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Abigail Bortnick**
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 626–5502
Fax: (202) 626–3737
Email: abortnick@kslaw.com
*ATTORNEY TO BE NOTICED*

**William E. Hoffmann , Jr.**
KING & SPALDING, LLP
1180 Peachtree Street, NE
Atlanta, GA 30309
(404) 572–3383
Fax: (404) 572–5136
*ATTORNEY TO BE NOTICED*

**Intervenor Plaintiff**

**ORLANDO HALL**                            represented by   **Amy J. Lentz**
*(05cv2337)*                                           STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429–1320
Email: alentz@steptoe.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Christopher Toll**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark Joseph Hulkower**
STEPTOE & JOHNSON LLP
1330 CONNECTICUT AVENUE NW
Washington, DC 20036

(202) 429–6221
Email: mhulkower@steptoe.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew John Herrington**
STEPTOE & JOHNSON, LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429–8164
Email: mherrington@steptoe.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert A. Ayers**
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429–6401
Email: rayers@steptoe.com
*ATTORNEY TO BE NOTICED*

**Intervenor Plaintiff**

**DUSTIN LEE HONKEN**                    represented by   **Amelia J. Schmidt**
KAISER DILLON, PLLC
1099 14th Street
Suite 800 West
Washington, DC 20005
202–869–1301
Email: aschmidt@KaiserDillon.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan Jeffress**
KAISER DILLON, PLLC
1099 14th Street
Suite 800 West
Washington, DC 20005
(202) 640–4430
Fax: (202) 280–1034
Email: jjeffress@kaiserdillon.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Shawn Nolan**
FEDERAL COMMUNITY DEFENDER
OFFICE, EASTERN DISTRICT OF
PENN
601 Walnut Street
Suite 545 W
Philadelphia, PA 19107
(215) 928–0528

Fax: (215) 928–0826
Email: Shawn_Nolan@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**KAREN TANDY**
*Administrator, Drug Enforcement*
*Administration (05cv2337)*

represented by **Cristen Cori Handley**
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
202–305–2677
Email: Cristen.Handley@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Denise M. Clark**
U.S. ATTORNEY'S OFFICE FOR THE
DISTRICT OF COLUMBIA
555 Fourth Street, NW
Washington, DC 20530
(202) 252–6605
Fax: (202) 252–2599
Email: denise.clark@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul R. Perkins**
U.S. DEPARTMENT OF JUSTICE
Civil Division
950 Pennsylvania Ave, NW
Washington, DC 20530
202–514–5090
Email: paul.r.perkins@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter S. Smith**
UNITED STATES ATTORNEY'S
OFFICE
Appellate Division
555 4th Street, NW
Eighth Floor
Washington, DC 20530–0001
(202) 252–6769
Fax: (202) 514–8779
Email: peter.smith@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan Burch**
U.S. ATTORNEY'S OFFICE FOR THE
DISTRICT OF COLUMBIA
555 Fourth Street, NW
Washington, DC 20530
(202) 252–2550
Email: alan.burch@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Ethan Price Davis**
U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Ave. NW
Washington, DC 20530
(202) 616–4171
Email: Ethan.davis@usdoj.gov
*TERMINATED: 07/03/2020*

**Jean Lin**
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
1100 L Street, NW
Room 11532
Washington, DC 20005
(202) 514–3716
Fax: (202) 616–8470
Email: jean.lin@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Jonathan D. Kossak**
U.S. DEPARTMENT OF JUSTICE
Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
(202) 305–0612
Email: jonathan.kossak@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**HARLEY G. LAPPIN**
*Director, Federal Bureau of Prisons;*
*05cv2337;07cv02145*

represented by   **Cristen Cori Handley**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Denise M. Clark**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul R. Perkins**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Alan Burch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ethan Price Davis**
(See above for address)
*TERMINATED: 07/03/2020*

**Jean Lin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan D. Kossak**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **NEWTON E. KENDIG, II**<br>*Medical Director, Health Services*<br>*Division, Federal Bureau of Prisons;*<br>*05cv2337;12cv782 ;13cv938* | represented by | **Cristen Cori Handley**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Denise M. Clark**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul R. Perkins**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter S. Smith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert J. Erickson**
U. S. DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue, NW
Room 1515
Washington, DC 20530
(202) 514–2841
Fax: (202) 305–2121
Email: robert.erickson@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan Burch**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Ethan Price Davis**
(See above for address)
*TERMINATED: 07/03/2020*

**Jean Lin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan D. Kossak**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

|  |  |  |
|---|---|---|
| **MARK BEZY**<br>*Warden, U.S. Penitentiary Terre Haute*<br>*(05cv2337)* | represented by | **Cristen Cori Handley**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Denise M. Clark**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul R. Perkins**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter S. Smith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert J. Erickson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan Burch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ethan Price Davis**
(See above for address)
*TERMINATED: 07/03/2020*

**Jean Lin**
(See above for address)
*ATTORNEY TO BE NOTICED*

Jonathan D. Kossak
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**JOHN DOES**                          represented by   **Cristen Cori Handley**
*I–V, Individually and in their official*              (See above for address)
*capacities 05cv2337; 12cv00782 I–X*                  *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Denise M. Clark**
                                                       (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Paul R. Perkins**
                                                       (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Alan Burch**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Ethan Price Davis**
                                                       (See above for address)
                                                       *TERMINATED: 07/03/2020*

                                                       **Jean Lin**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Jonathan D. Kossak**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

**Defendant**

**THOMAS WEBSTER**                     represented by   **Cristen Cori Handley**
*M.D.– Clinical Director;*                             (See above for address)
*05cv2337;12cv782; 13cv938*                            *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Denise M. Clark**
                                                       (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Jean Lin**
                                                       (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

16

**Paul R. Perkins**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan Burch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ethan Price Davis**
(See above for address)
*TERMINATED: 07/03/2020*

**Jonathan D. Kossak**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**ERIC H. HOLDER, JR.**                    represented by    **Cristen Cori Handley**
*Attorney General for the United States of*                  (See above for address)
*America; 05cv2337; 12cv782;13cv938*                          *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Denise M. Clark**
                                                             (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Paul F. Enzinna**
                                                             (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Paul R. Perkins**
                                                             (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Alan Burch**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Ethan Price Davis**
                                                             (See above for address)
                                                             *TERMINATED: 07/03/2020*

                                                             **Jean Lin**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Jonathan D. Kossak**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**MICHAEL B. MUKASEY**                    represented by   **Cristen Cori Handley**
*07−cv−02145−TSC*                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Denise M. Clark**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Paul R. Perkins**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Alan Burch**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Ethan Price Davis**
                                                         (See above for address)
                                                         *TERMINATED: 07/03/2020*

                                                         **Jean Lin**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Jonathan D. Kossak**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**KAREN TANDY**                           represented by   **Cristen Cori Handley**
*07−cv−02145−TSC*                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Denise M. Clark**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Paul R. Perkins**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Alan Burch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ethan Price Davis**
(See above for address)
*TERMINATED: 07/03/2020*

**Jean Lin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan D. Kossak**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**ALAN R. DOERHOFF**                    represented by   **Cristen Cori Handley**
*07−cv−02145−TSC*                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Denise M. Clark**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Paul R. Perkins**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Alan Burch**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Ethan Price Davis**
                                                        (See above for address)
                                                        *TERMINATED: 07/03/2020*

                                                        **Jean Lin**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Jonathan D. Kossak**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**JOHN DOES**                           represented by   **Cristen Cori Handley**
*I−IV, Individually and in their official*               (See above for address)

*capacities; 07−cv−02145−TSC*

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Denise M. Clark**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul R. Perkins**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan Burch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ethan Price Davis**
(See above for address)
*TERMINATED: 07/03/2020*

**Jean Lin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan D. Kossak**
(See above for address)
*ATTORNEY TO BE NOTICED*

**<u>Defendant</u>**

**MICHELE LEONHART**                    represented by    **Cristen Cori Handley**
*07−cv−02145; 12cv782; 13cv938*                            (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Denise M. Clark**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul R. Perkins**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan Burch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ethan Price Davis**
(See above for address)
*TERMINATED: 07/03/2020*

Jean Lin
(See above for address)
*ATTORNEY TO BE NOTICED*

Jonathan D. Kossak
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**CHARLES E. SAMUELS, JR.**                  represented by   **Cristen Cori Handley**
*07−cv−02145; 12−cv−00782*                                   (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Denise M. Clark**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul R. Perkins**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan Burch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ethan Price Davis**
(See above for address)
*TERMINATED: 07/03/2020*

**Jean Lin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan D. Kossak**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**JOHN F. CARAWAY**                  represented by   **Cristen Cori Handley**
*07cv2145; 13cv938*                                   (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Denise M. Clark**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul R. Perkins**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan Burch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ethan Price Davis**
(See above for address)
*TERMINATED: 07/03/2020*

**Jean Lin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan D. Kossak**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**UNITED STATES DEPARTMENT**          represented by   **Cristen Cori Handley**
**OF JUSTICE**                                        (See above for address)
*12cv782; 13cv938*                                    *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

**Denise M. Clark**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul R. Perkins**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan Burch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ethan Price Davis**
(See above for address)
*TERMINATED: 07/03/2020*

**Jean Lin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan D. Kossak**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Defendant**

**PAUL LAIRD**                           represented by   **Cristen Cori Handley**
*12−cv−00782*                                            (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Denise M. Clark**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Paul R. Perkins**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Alan Burch**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Ethan Price Davis**
                                                        (See above for address)
                                                        *TERMINATED: 07/03/2020*

                                                        **Jean Lin**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Jonathan D. Kossak**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**KERRY J. FORESTAL**                    represented by   **Cristen Cori Handley**
*12cv782;13cv938*                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Denise M. Clark**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Paul R. Perkins**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Alan Burch**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Ethan Price Davis**
(See above for address)
*TERMINATED: 07/03/2020*

**Jean Lin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan D. Kossak**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**CHARLES L. LOCKETT**
*12−cv−00782*

represented by   **Cristen Cori Handley**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Denise M. Clark**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul R. Perkins**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan Burch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ethan Price Davis**
(See above for address)
*TERMINATED: 07/03/2020*

**Jean Lin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan D. Kossak**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**CHADRICK EVAN FULKS**
*13cv938*

represented by   **Amy Gershenfeld Donnella**
FEDERAL COMMUNITY DEFENDER
OFFICE FOR THE EDPA

601 Walnut Street
Suite 545W
Philadelphia, PA 19106
(215) 928–0520
Email: amy_donnella@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Billy H. Nolas**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cristen Cori Handley**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph William Luby**
FEDERAL PUBLIC DEFENDER/EDPA
601 Walnut Street
Suite 545 West
Philadelphia, PA 19106
(215) 928–0520
Email: joseph_luby@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul R. Perkins**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Shawn Nolan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan Burch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ethan Price Davis**
(See above for address)
*TERMINATED: 07/03/2020*

**Jean Lin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan D. Kossak**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Defendant**

**WILLIAM P. BARR**                     represented by   **Cristen Cori Handley**
*19−cv−03214−TSC*                                        (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Paul R. Perkins**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Alan Burch**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**JEFFREY E. KRUEGER**                  represented by   **Cristen Cori Handley**
*19−cv−03214−TSC*                                        (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Paul R. Perkins**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Alan Burch**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**JOSEPH MCCLAIN**                      represented by   **Cristen Cori Handley**
*19−cv−03214−TSC*                                        (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Paul R. Perkins**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Alan Burch**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**RADM CHRIS A. BINA**                  represented by   **Cristen Cori Handley**
*19−cv−03214−TSC*                                        (See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul R. Perkins**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan Burch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**T. J. WATSON**                    represented by   **Cristen Cori Handley**
*19−cv−03214−TSC*                                  (See above for address)
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

                                                   **Paul R. Perkins**
                                                   (See above for address)
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

                                                   **Alan Burch**
                                                   (See above for address)
                                                   *ATTORNEY TO BE NOTICED*

**Defendant**

**UTTAM DHILLON**                   represented by   **Cristen Cori Handley**
*19cv3520; Acting Administrator, U.S.*              (See above for address)
*Drug Enforcement Administration*                  *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

**Defendant**

**NICOLE ENGLISH**                  represented by   **Cristen Cori Handley**
*19cv3520; Acting Assistant Director,*             (See above for address)
*Health Services, Federal Bureau of*               *LEAD ATTORNEY*
*Prisons*                                          *ATTORNEY TO BE NOTICED*

V.

**Debtor−in−Possess**

**WILLIAM E. WILSON**
*M.D.,; 19−cv−03214−TSC*

V.

**Intervenor Defendant**

                                    represented by

**RICHARD VEACH**
*Warden, U.S. Penitentiary Terre Haute*
*(05cv2337); 07cv02145*

Denise M. Clark
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Intervenor**

**JEFFREY PAUL**
*(05cv2337)*

represented by  **Gary E. Proctor**
LAW OFFICES OF GARY E. PROCTOR, LLC
8 E. Mulberry Street
Baltimore, MD 21202
(410) 444–1500
Fax: (443) 836–9162
Email: garyeproctor@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert L. McGlasson**
MCGLASSON & ASSOCIATES, PC
1024 Clairemont Avenue
Decatur, GA 30030
(404) 314–7664
Fax: (404) 879–0005
Email: rlmcglasson@comcast.net
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sean D. O'Brien**
PUBLIC INTEREST LITIGATION CLINIC
6155 Oak
Suite C
Kansas City, MO 64113
(816) 363–2795
Fax: (816) 363–2799
Email: dplc@dplclinic.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Shawn Nolan**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 08/15/2019 | | | Minute Entry: Status Conference held on 8/15/2019 before Judge Tanya S. Chutkan: Parties will adhere to the following schedule: Defendants shall file the administrative record on or before August 30, 2019; Plaintiffs shall complete the necessary 30(b)(6) depositions on or before February 28, 2020; and Plaintiffs shall file an amended complaint on or before March 31, 2020. Order forthcoming regarding consolidation of 05–2337; 07–2145; 12–782; and |

| | | | |
|---|---|---|---|
| | | | 13–958. (Court Reporter Bryan Wayne) (tb) Modified on 8/19/2019 (lctsc1). (Entered: 08/16/2019)– (Entry originally filed in 05cv2337 on 08/15/19.) (Entered: 08/29/2019) |
| 08/20/2019 | 1 | | ORDER: Upon consideration of the parties consent motions and the representations made by the parties at the August 15, 2019 status conference, the court hereby consolidates the four mention cases in the case caption of this order, pursuant to Federal Rule of Civil Procedure 42(a). It is therefore ORDERED that the following cases are to be consolidated into A Master Case File established for the lead case, 05–cv–2337 (TSC), as well as 07–cv–2145 (TSC), 12–cv–0782 (TSC), and 13–cv–0938 (TSC). All filings shall be made solely in the Master Case. SEE ORDER FOR DETAILS. Signed by Judge Tanya S. Chutkan on 8/20/19. (ztd) (Main Document 1 replaced on 8/29/2019) (tb). Modified on 8/29/2019 (DJS). (Entered: 08/27/2019) |
| 08/29/2019 | 2 | | MOTION for Preliminary Injunction by ALFRED BOURGEOIS (Attachments: # 1 Statement of Facts, # 2 Text of Proposed Order)(ztd); (Document originally filed in 12cv782 on 8/19/19) (Entered: 08/29/2019) |
| 08/29/2019 | 3 | | MOTION for Extension of Time to File Response/Reply by ERIC H. HOLDER, JR, NEWTON E. KENDIG, II, HARLEY G. LAPPIN, MICHAEL B. MUKASEY (Attachments: # 1 Text of Proposed Order)(ztd); (Document originally filed in 05cv2337.) (Entered: 08/29/2019) |
| 08/29/2019 | | | MINUTE ORDER: Defendants' consent motion 3 for an extension of time to file a response to Plaintiff Alfred Bourgeois' (12–cv–00782) motion 2 for a preliminary injunction barring the execution of Plaintiff Bourgeois is GRANTED. Defendants shall file their response on or before September 16, 2019. Plaintiff's reply is due within one week of Defendants' response or September 23, 2019, whichever date is earlier. Signed by Judge Tanya S. Chutkan on 8/29/2019. (lctsc1) (Entered: 08/29/2019) |
| 08/30/2019 | 4 | | NOTICE *of Filing Certification of the Administrative Record and the Index of the Administrative Record* by UNITED STATES DEPARTMENT OF JUSTICE (Attachments: # 1 Certified List of the Contents of the Administrative Records)Associated Cases: 1:19–mc–00145–TSC, 1:05–cv–02337–TSC, 1:07–cv–02145–TSC, 1:12–cv–00782–TSC, 1:13–cv–00938–TSC(Clark, Denise) (Entered: 08/30/2019) |
| 09/04/2019 | | | Set/Reset Deadlines: Response due by 9/16/2019. Reply due by 9/23/2019. Associated Cases: 1:19–mc–00145–TSC, 1:05–cv–02337–TSC, 1:07–cv–02145–TSC, 1:12–cv–00782–TSC, 1:13–cv–00938–TSC(tb) (Entered: 09/04/2019) |
| 09/05/2019 | 5 | | NOTICE of Appearance by Jean Lin on behalf of All Defendants (Lin, Jean) (Entered: 09/05/2019) |
| 09/05/2019 | 6 | | Memorandum in opposition to re 2 MOTION for Preliminary Injunction *(This Document Relates to Bourgeois v. Department of Justice, No. 12–0782* filed by KERRY J. FORESTAL, ERIC H. HOLDER, JR, PAUL LAIRD, MICHELE LEONHART, CHARLES L. LOCKETT, MICHAEL B. MUKASEY, CHARLES E. SAMUELS, JR, UNITED STATES DEPARTMENT OF JUSTICE, THOMAS WEBSTER. (Lin, Jean) (Entered: 09/05/2019) |
| 09/05/2019 | 7 | | |

| | | | |
|---|---|---|---|
| | | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Pieter Van Tol, :Firm– Hogan Lovells US LLP, :Address– 390 Madison Avenue New York, NY 10017. Phone No. – (212) 918–3000. Fax No. – (212) 918–3100 Filing fee $ 100, receipt number 0090–6360193. Fee Status: Fee Paid. by DANIEL LEWIS LEE (Attachments: # 1 Declaration of Pieter Van Tol, # 2 Text of Proposed Order, # 3 Certificate of Service)(Hagerty, Elizabeth) (Entered: 09/05/2019) |
| 09/05/2019 | 8 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– John D. Beck, :Firm– Hogan Lovells US LLP, :Address– 390 Madison Avenue New York, NY 10017. Phone No. – (212) 918–3000. Fax No. – (212) 918–3100 Filing fee $ 100, receipt number 0090–6360222. Fee Status: Fee Paid. by DANIEL LEWIS LEE (Attachments: # 1 Declaration of John D. Beck, # 2 Text of Proposed Order, # 3 Certificate of Service)(Hagerty, Elizabeth) (Entered: 09/05/2019) |
| 09/06/2019 | | | MINUTE ORDER: THIS ORDER RELATES TO LEE (19cv2559). Granting 7 8 Motions for Leave to Appear Pro Hac Vice. Pieter Van Tol and John D. Beck are hereby admitted pro hac vice to appear in this matter on behalf of Plaintiff Daniel Lee. Signed by Judge Tanya S. Chutkan on 9/6/19. (DJS) (Entered: 09/06/2019) |
| 09/06/2019 | | | MINUTE ORDER: THIS ORDER RELATES TO ALL CASES. The parties are hereby reminded that, pursuant to the cour's Consolidation Order (ECF No. 1 ), when a filing is made that applies solely to ONE CASE, both the document and THE ECF ENTRY must contain a notation indicating that the filing Relates to [insert case NAME and NUMBER]. Documents that do not meet the requirements in the court's order may be STRICKEN sua sponte. Signed by Judge Tanya S. Chutkan on 9/6/19. (DJS) (Entered: 09/06/2019) |
| 09/10/2019 | 9 | | NOTICE of Appearance by David Solomon Victorson on behalf of DANIEL LEWIS LEE (Victorson, David) (Entered: 09/10/2019) |
| 09/11/2019 | 10 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 9/11/2019. Answer due for ALL FEDERAL DEFENDANTS by 11/10/2019. (Hagerty, Elizabeth) (Entered: 09/11/2019) |
| 09/12/2019 | 11 | | REPLY to opposition to motion re (2 in 1:19–mc–00145–TSC) MOTION for Preliminary Injunction *(The filing relates to Bourgeois v. United States Department of Justice, et al., No. 12–cv–0782–TSC)* filed by ALFRED BOURGEOIS. Associated Cases: 1:19–mc–00145–TSC et al.(Kursman, Alexander) (Entered: 09/12/2019) |
| 09/13/2019 | | | MINUTE ORDER: The Court's 8/15/19 Order requiring that the Defendants file the administrative "record" by 8/30/19, is hereby AMENDED to reflect that, pursuant to Local Civil Rule 7(n), Defendants were obligated to file "a certified list of the contents of the administrative record" by 8/30/19. Signed by Judge Tanya S. Chutkan on 9/13/19. (DJS) (Entered: 09/13/2019) |
| 09/13/2019 | 12 | | TRANSCRIPT OF STATUS HEARING before Judge Tanya S. Chutkan held on August 15, 2019, re Consolidated Cases, CV Nos. 05–2337, 07–2145, 12–0782, 13–0938. Page Numbers: 1–22. Date of Issuance: 9/13/19. Court Reporter: Bryan A. Wayne. Transcripts may be ordered by submitting the Transcript Order Form |

| | | | |
|---|---|---|---|
| | | | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 10/4/2019. Redacted Transcript Deadline set for 10/14/2019. Release of Transcript Restriction set for 12/12/2019.(Wayne, Bryan) (Entered: 09/13/2019) |
| 09/27/2019 | 13 | | MOTION for Preliminary Injunction *(This filing relates to Lee v. Barr et al., Case No. 19−cv−02559−TSC)* by DANIEL LEWIS LEE (Attachments: # 1 Memorandum in Support, # 2 Declaration of Pieter Van Tol, # 3 Exhibit 1 – True and correct copy of a document entitled Addendum to BOP Execution Protocol Federal Death Sentence Implementation Procedures Effective July 25, 2019., # 4 Text of Proposed Order)(Van Tol, Pieter) (Entered: 09/27/2019) |
| 10/01/2019 | 14 | | Joint MOTION for Briefing Schedule as to 13 MOTION for Preliminary Injunction *(This filing relates to Lee v. Barr et al., Case No. 19−cv−02559−TSC) (This document relates to Lee v. Barr,19−cv−2559)* by UNITED STATES DEPARTMENT OF JUSTICE (Attachments: # 1 Text of Proposed Order)(Lin, Jean) Modified event title on 10/3/2019 (znmw). (Entered: 10/01/2019) |
| 10/01/2019 | | | MINUTE ORDER: The parties' joint motion 14 for an extension of time to file a response and reply to Plaintiff Daniel Lee's (19−cv−02559) motion 13 for a preliminary injunction barring implementation of the new federal lethal injunction protocol is GRANTED. Defendants shall file their response on or before October 18, 2019. Plaintiff's reply is due on or before November 1, 2019. Signed by Judge Tanya S. Chutkan on 10/1/2019. (lctsc1) (Entered: 10/01/2019) |
| 10/01/2019 | | | Set/Reset Deadlines: Defendants' Response due by 10/18/2019. Plaintiff's Reply due by 11/1/2019. (zjd) (Entered: 10/03/2019) |
| 10/02/2019 | 15 | | NOTICE of Appearance by Amy J. Lentz on behalf of ORLANDO HALL (Lentz, Amy) (Main Document 15 replaced on 10/2/2019) (ztd). (Entered: 10/02/2019) |
| 10/18/2019 | 16 | | Memorandum in opposition to re 13 MOTION for Preliminary Injunction *(This filing relates to Lee v. Barr et al., Case No. 19−cv−02559−TSC) (This document relates to Lee v. Barr,19−cv−2559)* filed by MARK BEZY, JOHN F. CARAWAY, ALAN R. DOERHOFF, JOHN DOES(I–IV, Individually and in their official capacities; 07−cv−02145−TSC), JOHN DOES(I–V, Individually and in their official capacities 05cv2337; 12cv00782 I–X), KERRY J. FORESTAL, CHADRICK EVAN FULKS, ERIC H. HOLDER, JR, NEWTON E. KENDIG, II, PAUL LAIRD, HARLEY G. LAPPIN, MICHELE |

| | | | |
|---|---|---|---|
| | | | LEONHART, CHARLES L. LOCKETT, MICHAEL B. MUKASEY, CHARLES E. SAMUELS, JR, KAREN TANDY(Administrator, Drug Enforcement Administration (05cv2337)), UNITED STATES DEPARTMENT OF JUSTICE, THOMAS WEBSTER. (Lin, Jean) (Entered: 10/18/2019) |
| 10/24/2019 | 17 | | ENTERED IN ERROR.....NOTICE *of Supplementation to the Administrative Record and Filing of Certification of the Amended Administrative Record and the Amended Index of the Administrative Record* by MARK BEZY, JOHN F. CARAWAY, ALAN R. DOERHOFF, JOHN DOES(I–IV, Individually and in their official capacities; 07–cv–02145–TSC), JOHN DOES(I–V, Individually and in their official capacities 05cv2337; 12cv00782 I–X), KERRY J. FORESTAL, CHADRICK EVAN FULKS, ERIC H. HOLDER, JR, NEWTON E. KENDIG, II, PAUL LAIRD, HARLEY G. LAPPIN, MICHELE LEONHART, CHARLES L. LOCKETT, MICHAEL B. MUKASEY, KAREN TANDY(Administrator, Drug Enforcement Administration (05cv2337)), KAREN TANDY(07–cv–02145–TSC), UNITED STATES DEPARTMENT OF JUSTICE, THOMAS WEBSTER re 4 Notice (Other), (Attachments: # 1 Certification and Amended Index to Administrative Record)(Kossak, Jonathan) Modified on 10/25/2019 (zjf). (Entered: 10/24/2019) |
| 10/24/2019 | 18 | | MOTION for Leave to File *supplemental briefing in support of Daniel Lewis Lee's Motion for Preliminary Injunction 13 (This filing relates to Lee v. Barr et al., Case No. 19–cv–02559–TSC)*, MOTION for Leave to File Excess Pages *for a reply brief* by DANIEL LEWIS LEE (Attachments: # 1 Declaration of Pieter Van Tol, # 2 Exhibit 1 – Transcript for August 15, 2019 Hearing before Court, # 3 Exhibit 2 – E–mail exchange between P. Van Tol and counsel for Defendants, October 2, 2019, # 4 Exhibit 3 – E–mail exchange between counsel for Defendants and P. Enzinna, September 25, 2019 and October 1, 2019, # 5 Exhibit 4 – E–mail exchange between P. Van Tol and counsel for Defendants, October 7, 2019 to October 23, 2019, # 6 Text of Proposed Order)(Van Tol, Pieter) (Entered: 10/24/2019) |
| 10/25/2019 | 19 | | RESPONSE re 18 MOTION for Leave to File *supplemental briefing in support of Daniel Lewis Lee's Motion for Preliminary Injunction 13 (This filing relates to Lee v. Barr et al., Case No. 19–cv–02559–TSC)* MOTION for Leave to File Excess Pages *for a reply brief* filed by UNITED STATES DEPARTMENT OF JUSTICE. (Clark, Denise) (Entered: 10/25/2019) |
| 10/25/2019 | | | NOTICE OF CORRECTED DOCKET ENTRY: Document No. re 17 Notice (Other) was entered in error at the request of counsel and will be refiled.(jf) (Entered: 10/25/2019) |
| 10/25/2019 | 20 | | NOTICE *(Corrected) of Supplementation to the Administrative Record and Filing of Certification of the Amended Administrative Record and the Amended Index of the Administrative Record (This filing relates to all cases consolidated in In the Matter of the Federal Bureau of Prisons' Execution Protocol Cases, Case No. 19–mc–145)* by MARK BEZY, JOHN F. CARAWAY, ALAN R. DOERHOFF, JOHN DOES(I–IV, Individually and in their official capacities; 07–cv–02145–TSC), JOHN DOES(I–V, Individually and in their official capacities 05cv2337; 12cv00782 I–X), KERRY J. FORESTAL, CHADRICK EVAN FULKS, ERIC H. HOLDER, JR, NEWTON E. KENDIG, II, PAUL LAIRD, HARLEY G. LAPPIN, MICHELE LEONHART, CHARLES L. LOCKETT, MICHAEL B. MUKASEY, CHARLES E. SAMUELS, JR, |

| | | | |
|---|---|---|---|
| | | | KAREN TANDY(Administrator, Drug Enforcement Administration (05cv2337)), KAREN TANDY(07−cv−02145−TSC), UNITED STATES DEPARTMENT OF JUSTICE, THOMAS WEBSTER re 4 Notice (Other), (Attachments: # 1 Certification and Amended Index to Administrative Record)(Kossak, Jonathan) (Entered: 10/25/2019) |
| 10/29/2019 | 21 | | NOTICE of Appearance by Jonathan D. Kossak on behalf of All Defendants (Kossak, Jonathan) (Entered: 10/29/2019) |
| 11/01/2019 | | | MINUTE ORDER granting, in part, and denying, in part, 18 Motion to Allow Supplemental Briefing and to Extend Page Limit. Granting with respect to page extension and denying without prejudice until further order of the Court with respect to supplemental briefing. Signed by Judge Tanya S. Chutkan on 11/1/19. (lcdl) (Entered: 11/01/2019) |
| 11/01/2019 | 22 | | REPLY to opposition to motion re 13 MOTION for Preliminary Injunction *(This filing relates to Lee v. Barr et al., Case No. 19−cv−02559−TSC) (This filing relates to Lee v. Barr et al., Case No. 19−cv−02559−TSC)* filed by DANIEL LEWIS LEE. (Van Tol, Pieter) (Entered: 11/01/2019) |
| 11/01/2019 | 23 | | DECLARATION of Pieter Van Tol to 22 . . . .REPLY to opposition to motion re 13 MOTION for Preliminary Injunction *(This filing relates to Lee v. Barr et al., Case No. 19−cv−02559−TSC) Reply Declaration of Pieter Van Tol (This filing relates to Lee v. Barr et al., Case No. 19−cv−02559−TSC)* filed by DANIEL LEWIS LEE. (Attachments: # 1 Exhibit A − Appellants Petition for En Banc Rehearing Death Penalty Case, May 14, 2020, # 2 Exhibit B −E−mail exchange between me and counsel for the Defendants between the period of October 7, 2019 and October 23, 2019, # 3 Exhibit C − Transcript for the conference before the Court on August 15, 2019)(Van Tol, Pieter) Modified text on 11/4/2019 (ztd). (Entered: 11/01/2019) |
| 11/01/2019 | 24 | | DECLARATION of Gail A. Van Norman, M.D. to 22 . . . . . REPLY to opposition to motion re 13 MOTION for Preliminary Injunction *(This filing relates to Lee v. Barr et al., Case No. 19−cv−02559−TSC) Expert Declaration of Gail A. Van (This filing relates to Lee v. Barr et al., Case No. 19−cv−02559−TSC) Norman, M.D.* filed by DANIEL LEWIS LEE. (Van Tol, Pieter) Modified text on 11/4/2019 (ztd). (Entered: 11/01/2019) |
| 11/01/2019 | 25 | | DECLARATION of Craig W. Stevens, Ph.D. to 22 . . . . .REPLY to opposition to motion re 13 MOTION for Preliminary Injunction *(This filing relates to Lee v. Barr et al., Case No. 19−cv−02559−TSC) Expert Declaration of Craig W. Stevens Ph.D. (This filing relates to Lee v. Barr et al., Case No. 19−cv−02559−TSC)* filed by DANIEL LEWIS LEE. (Van Tol, Pieter) Modified text on 11/4/2019 (ztd). (Entered: 11/01/2019) |
| 11/01/2019 | 26 | | Unopposed MOTION to Intervene by DUSTIN LEE HONKEN (Attachments: # 1 Exhibit Complaint, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit)Associated Cases: 1:19−mc−00145−TSC et al.(Schmidt, Amelia) (Entered: 11/01/2019) |
| 11/04/2019 | 27 | | MOTION for Extension of Time to *Respond to Complaint* by UNITED STATES DEPARTMENT OF JUSTICE (Clark, Denise) Modified on 11/5/2019 (ztd). (Entered: 11/04/2019) |

| 11/05/2019 | 28 | | NOTICE of Appearance by Jonathan Jeffress on behalf of DUSTIN LEE HONKEN (Jeffress, Jonathan) (Entered: 11/05/2019) |
|---|---|---|---|
| 11/05/2019 | 29 | | MOTION for Preliminary Injunction by DUSTIN LEE HONKEN (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit)(Jeffress, Jonathan) (Entered: 11/05/2019) |
| 11/05/2019 | | | NOTICE OF ERROR re 28 Notice of Appearance; emailed to jjeffress@kaiserdillon.com, cc'd 64 associated attorneys –– The PDF file you docketed contained errors: 1. Counsel must call Attorney Admissions, (202) 354–3110, regarding status. (ztd, ) (Entered: 11/05/2019) |
| 11/05/2019 | 30 | | RESPONSE re 27 MOTION for Extension of Time to File Response/Reply *(This filing relates to Lee v. Barr et al., Case No. 19–cv–02559–TSC* filed by DANIEL LEWIS LEE. (Van Tol, Pieter) (Entered: 11/05/2019) |
| 11/05/2019 | 31 | | Consent MOTION for Extension of Time to *Respond to Proposed Plaintiff/Intervenor Honken's Motion for Preliminary Injunction (This filing relates to Lee v. Barr et al., Case No. 19–cv–02559–TSC)* by MARK BEZY, JOHN F. CARAWAY, ALAN R. DOERHOFF, JOHN DOES(I–IV, Individually and in their official capacities; 07–cv–02145–TSC), JOHN DOES(I–V, Individually and in their official capacities 05cv2337; 12cv00782 I–X), KERRY J. FORESTAL, CHADRICK EVAN FULKS, ERIC H. HOLDER, JR, NEWTON E. KENDIG, II, PAUL LAIRD, HARLEY G. LAPPIN, MICHELE LEONHART, CHARLES L. LOCKETT, MICHAEL B. MUKASEY, CHARLES E. SAMUELS, JR, KAREN TANDY(Administrator, Drug Enforcement Administration (05cv2337)), KAREN TANDY(07–cv–02145–TSC), UNITED STATES DEPARTMENT OF JUSTICE, THOMAS WEBSTER (Attachments: # 1 Text of Proposed Order)(Kossak, Jonathan) (Entered: 11/05/2019) |
| 11/06/2019 | 32 | | MOTION for Leave to File *the expert declarations of Gail A. Norman, M.D. and Craig W. Stevens, Ph.D. (This filing relates to Lee v. Barr et al., Case No. 19–cv–02559–TSC)* by DANIEL LEWIS LEE (Attachments: # 1 Text of Proposed Order)(Van Tol, Pieter) (Entered: 11/06/2019) |
| 11/07/2019 | 33 | | Joint MOTION for Hearing *(This filing relates to All Cases)* by DANIEL LEWIS LEE (Van Tol, Pieter) (Entered: 11/07/2019) |
| 11/07/2019 | | | MINUTE ORDER denying 33 the parties' motion for a hearing without prejudice until further order of the Court. The Court intends to issue a ruling and/or hold a hearing no later than November 20, 2019. Signed by Judge Tanya S. Chutkan on November 7, 2019. (tsclc2) (Entered: 11/07/2019) |
| 11/08/2019 | | | MINUTE ORDER: Granting 26 Dustin Lee Honkin's Unopposed Motion to Intervene, pursuant to Federal Rule of Civil Procedure 24(b). Denying 31 Consent Motion for Extension of Time to respond to Dustin Lee Honkin's Motion for Preliminary Judgment. Defendant shall file its response by November 12, 2019 at 5pm. Plaintiff's reply brief shall be filed by November 18, 2019 at 12 p.m. The Court will view motions for extension with extreme disfavor. Granting 27 Defendant's Motion for Extension of Time to Respond to Daniel Lewis Lee's Complaint. Defendant's response to the Complaint shall be filed no later than April 30, 2020 at 12 p.m.. Signed by Judge Tanya S. Chutkan on 11/8/2019. (tsclc2) (Entered: 11/08/2019) |

| 11/08/2019 | | | Set/Reset Deadlines/Hearings: Answer due by 4/30/2020. Response due by 11/12/2019. Reply due by 11/18/2019. (tb) (Entered: 11/08/2019) |
|---|---|---|---|
| 11/08/2019 | 34 | | MOTION for Preliminary Injunction *Barring the Implementation of the Newly Announced Federal Lethal Injection Protocol,* by WESLEY IRA PURKEY (Attachments: # 1 Text of Proposed Order)(Smith, Arin) (Entered: 11/08/2019) |
| 11/08/2019 | 38 | | Intervenor COMPLAINT filed by DUSTIN LEE HONKEN. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14)(ztd) (Entered: 11/13/2019) |
| 11/12/2019 | 35 | | NOTICE of Appearance by Ethan Price Davis on behalf of All Defendants (Attachments: # 1 Certificate of Service)(Davis, Ethan) (Entered: 11/12/2019) |
| 11/12/2019 | 36 | | RESPONSE re 29 MOTION for Preliminary Injunction *(This document relates to Lee v. Barr, 19−cv−2559, re Intervenor Plaintiff Honken)* filed by UNITED STATES DEPARTMENT OF JUSTICE. (Attachments: # 1 Declaration of Raul Campos)(Lin, Jean) (Entered: 11/12/2019) |
| 11/12/2019 | 37 | | Memorandum in opposition to re 34 MOTION for Preliminary Injunction *Barring the Implementation of the Newly Announced Federal Lethal Injection Protocol, (This document relates to Purkey v. Barr, 19−cv−03214)* filed by UNITED STATES DEPARTMENT OF JUSTICE. (Lin, Jean) (Entered: 11/12/2019) |
| 11/12/2019 | | | MINUTE ORDER: Defendant shall file the administrative record in its entirety no later than November 14, 2019 at 5pm. Given this order, parties need not jointly prepare the appendix referred to in Local Civil Rule 7(n)(1),(2). Signed by Judge Tanya S. Chutkan on 11/12/19. (tsclc2) (Entered: 11/12/2019) |
| 11/13/2019 | | | MINUTE ORDER: This order relates to 19cv3214 (Wesley Purkey). GRANTING Motions for Admission Pro Hac Vice filed in 19cv3214−TSC at ECF Nos. 3 and 4 Alan E. Schoenfeld and Ryan M. Chabot are hereby admitted pro hac vice in this matter on behalf of Wesley Purkey. Signed by Judge Tanya S. Chutkan on 11/13/19. (DJS) Modified on 11/13/2019 (tb). Modified on 11/13/2019 (tb). (Entered: 11/13/2019) |
| 11/13/2019 | | | MINUTE ORDER: Counsel are hereby reminded that pursuant to Paragraph 8 of this court's Consolidation Order 1 , when a document is filed that relates to one or more, but not all consolidated cases, the relevant case name(s) and CASE NUMBER(S) must appear in the caption of the document AND on the CM/ECF ENTRY (e.g., This document relates to LEE HONKEN 19−cv−2559). Signed by Judge Tanya S. Chutkan on 11/13/19. (DJS) (Entered: 11/13/2019) |
| 11/13/2019 | 39 | | NOTICE *of Filing of the Amended Administrative Record (this filing relates to All Cases)* by UNITED STATES DEPARTMENT OF JUSTICE (Attachments: # 1 Amended Administrative Record)(Kossak, Jonathan) (Entered: 11/13/2019) |
| 11/13/2019 | 40 | | NOTICE of Appearance− Pro Bono by Charles Frederick Walker on behalf of CORY JOHNSON (Walker, Charles) (Entered: 11/13/2019) |
| 11/13/2019 | 41 | | NOTICE of Appearance− Pro Bono by Steven M Albertson on behalf of CORY JOHNSON (Albertson, Steven) (Entered: 11/13/2019) |

| 11/14/2019 | | | Set/Reset Deadlines: Administrative Record due by 11/14/2019. (tb) (Entered: 11/14/2019) |
|---|---|---|---|
| 11/14/2019 | 42 | | NOTICE of Appearance by Alan Burch on behalf of All Defendants (Burch, Alan) (Entered: 11/14/2019) |
| 11/14/2019 | 43 | | NOTICE of Appearance by Paul Perkins on behalf of All Defendants (Perkins, Paul) (Entered: 11/14/2019) |
| 11/18/2019 | 44 | | REPLY to opposition to motion re (29 in 1:19−mc−00145−TSC) MOTION for Preliminary Injunction filed by DUSTIN LEE HONKEN. (Attachments: # 1 Exhibit)Associated Cases: 1:19−mc−00145−TSC, 1:19−cv−02559−TSC(Jeffress, Jonathan) (Entered: 11/18/2019) |
| 11/18/2019 | 45 | | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by DUSTIN LEE HONKEN (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit Reply to Opposition, # 2 Exhibit Exhibit 1)(Jeffress, Jonathan) (Entered: 11/18/2019) |
| 11/18/2019 | 46 | | SEALED MOTION filed by WESLEY IRA PURKEY (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Text of Proposed Order)(Smith, Arin) (Entered: 11/18/2019) |
| 11/18/2019 | 47 | | REPLY to opposition to motion re 34 MOTION for Preliminary Injunction *Barring the Implementation of the Newly Announced Federal Lethal Injection Protocol,* (This document relates to Purkey v. Barr, 19−cv−03214) filed by WESLEY IRA PURKEY. (Attachments: # 1 Exhibit 1)(Smith, Arin) Modified text on 11/18/2019 at the request of counsel (ztth). (Entered: 11/18/2019) |
| 11/18/2019 | | | MINUTE ORDER: Granting DUSTIN LEE HONKEN's 45 Sealed Motion for Leave to File Document Under Seal and WESLEY IRA PURKEY's 46 Sealed Motion for leave to File Document Under Seal. SO ORDERED – by Judge Tanya S. Chutkan on 11/18/19. (tb) (Entered: 11/18/2019) |
| 11/18/2019 | 48 | | SEALED REPLY TO OPPOSITION filed by DUSTIN LEE HONKEN re 29 MOTION for Preliminary Injunction (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit)(ztd) (Entered: 11/19/2019) |
| 11/18/2019 | 49 | | SEALED REPLY TO OPPOSITION filed by WESLEY IRA PURKEY re 34 MOTION for Preliminary Injunction *Barring the Implementation of the Newly Announced Federal Lethal Injection Protocol,* (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit)(ztd) (Entered: 11/19/2019) |
| 11/20/2019 | 50 | | MEMORANDUM AND OPINION regarding Plaintiffs' motions 2 13 29 34 for preliminary injunction. Signed by Judge Tanya S. Chutkan on 11/20/2019. (tsclc) (Entered: 11/20/2019) |
| 11/20/2019 | 51 | | ORDER granting 2 Motion for Preliminary Injunction; granting 13 Motion for Preliminary Injunction; granting 29 Motion for Preliminary Injunction; granting 34 Motion for Preliminary Injunction. Defendants are hereby enjoined from executing Plaintiffs until further order of this court. See Order for additional details. Signed by Judge Tanya S. Chutkan on 11/20/2019. (tsclc) (Entered: 11/20/2019) |

| | | | |
|---|---|---|---|
| 11/20/2019 | 56 | | SEALED DOCUMENT filed by WILLIAM P. BARR, MARK BEZY, RADM CHRIS A. BINA, JOHN F. CARAWAY, ALAN R. DOERHOFF, JOHN DOES(I–IV, Individually and in their official capacities; 07–cv–02145–TSC), JOHN DOES(I–V, Individually and in their official capacities 05cv2337; 12cv00782 I–X), KERRY J. FORESTAL, CHADRICK EVAN FULKS, ERIC H. HOLDER, JR, NEWTON E. KENDIG, II, JEFFREY E. KRUEGER, PAUL LAIRD, HARLEY G. LAPPIN, MICHELE LEONHART, CHARLES L. LOCKETT, JOSEPH MCCLAIN, MICHAEL B. MUKASEY, CHARLES E. SAMUELS, JR, KAREN TANDY(Administrator, Drug Enforcement Administration (05cv2337)), KAREN TANDY(07–cv–02145–TSC), UNITED STATES DEPARTMENT OF JUSTICE, T. J. WATSON, THOMAS WEBSTER. (This document is SEALED and only available to authorized persons.)(ztd) (Entered: 11/21/2019) |
| 11/21/2019 | 52 | | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 51 Order on Motion for Preliminary Injunction,,,,,,,, 50 Order by UNITED STATES DEPARTMENT OF JUSTICE. Fee Status: No Fee Paid. Parties have been notified. (Attachments: # 1 November 20, 2019 Order, # 2 November 20, 2019 Memorandum Opinion)(Lin, Jean) (Entered: 11/21/2019) |
| 11/21/2019 | 53 | | MOTION to Stay *Preliminary Injunction Pending Appeal (This document relates to Bourgeois v. Dep't of Justice, 12–cv–782, Lee v. Barr, 19–cv–2559, and Purkey v. Barr, 19–cv–3214)* by UNITED STATES DEPARTMENT OF JUSTICE (Attachments: # 1 Text of Proposed Order)(Lin, Jean) (Entered: 11/21/2019) |
| 11/21/2019 | 54 | | AFFIDAVIT re 53 MOTION to Stay *Preliminary Injunction Pending Appeal (This document relates to Bourgeois v. Dep't of Justice, 12–cv–782, Lee v. Barr, 19–cv–2559, and Purkey v. Barr, 19–cv–3214) (Declaration of Rick Winter)* by UNITED STATES DEPARTMENT OF JUSTICE. (Lin, Jean) (Entered: 11/21/2019) |
| 11/21/2019 | 55 | | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The Court of Appeals docketing fee was not paid because the appeal was filed by the government re 52 Notice of Appeal to DC Circuit Court,. (ztd) (Entered: 11/21/2019) |
| 11/22/2019 | 57 | | RESPONSE re 53 MOTION to Stay *Preliminary Injunction Pending Appeal (This document relates to Bourgeois v. Dep't of Justice, 12–cv–782, Lee v. Barr, 19–cv–2559, and Purkey v. Barr, 19–cv–3214)* filed by ALFRED BOURGEOIS, DUSTIN LEE HONKEN, DANIEL LEWIS LEE, WESLEY IRA PURKEY. (Smith, Arin) (Entered: 11/22/2019) |
| 11/22/2019 | | | MINUTE ORDER: Upon consideration of Defendants' 53 Motion to Stay, this court finds that Defendants are not likely to succeed on the merits of their appeal and that the balance of harms does not weigh in favor of a stay. Therefore, Defendants' 53 Motion to Stay is hereby DENIED. Signed by Judge Tanya S. Chutkan on 11/22/2019. (tsclc) (Entered: 11/22/2019) |
| 11/22/2019 | | | USCA Case Number 19–5322 for 52 Notice of Appeal to DC Circuit Court, filed by UNITED STATES DEPARTMENT OF JUSTICE. (zrdj) (Entered: 11/22/2019) |
| 12/03/2019 | 58 | | Supplemental Record on Appeal transmitted to US Court of Appeals re Minute Order on Motion to Stay, ; (ztd) (Entered: 12/03/2019) |

| 12/04/2019 | | | MINUTE ORDER: This order relates to Lee (19cv2559). Denying without prejudice 32 Motion for Leave to File Declarations given that the court did not rely on the declarations in ruling on the motion for preliminary injunction. Signed by Judge Tanya S. Chutkan on 12/04/19. (tsclc2) (Entered: 12/04/2019) |
| 12/04/2019 | | | MINUTE ORDER: Status Conference scheduled for February 6, 2020 at 2:00 PM in Courtroom 9 before Judge Tanya S. Chutkan to discuss discovery, filing a consolidated amended complaint, and a case management plan. Signed by Judge Tanya S. Chutkan on 12/04/19. (tsclc2) (Entered: 12/04/2019) |
| 12/05/2019 | 59 | | NOTICE of Appearance– Pro Bono by Evan D. Miller on behalf of BRUCE WEBSTER (Miller, Evan) (Entered: 12/05/2019) |
| 12/06/2019 | | | Minute Entry: Telephone Conference held on 12/6/2019 before Judge Tanya S. Chutkan. (Court Reporter Bryan Wayne) (tb) (Entered: 12/09/2019) |
| 12/10/2019 | 60 | | NOTICE of Appearance by Scott Wilson Braden on behalf of NORRIS G. HOLDER, JR (Braden, Scott) (Main Document 60 replaced on 12/10/2019) (ztd). (Entered: 12/10/2019) |
| 12/12/2019 | | | MINUTE ORDER: By 4:00 pm on 2/4/20, the parties shall file a joint status report that includes a proposal for moving forward with this case, including potentially filing consolidated pleadings and avoiding repetitious filings. The joint report shall be accompanied by a proposed order. Signed by Judge Tanya S. Chutkan on 12/12/19. (DJS) (Entered: 12/12/2019) |
| 12/13/2019 | 61 | | NOTICE of Appearance– Pro Bono by Eric Hernandez on behalf of BRUCE WEBSTER (Hernandez, Eric) (Entered: 12/13/2019) |
| 12/13/2019 | | | Set/Reset Deadlines: Joint Status Report due by 2/4/2020. (tb) (Entered: 12/13/2019) |
| 12/14/2019 | 62 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Andrew Moshos, Filing fee $ 100, receipt number ADCDC–6646229. Fee Status: Fee Paid. by NORRIS G. HOLDER, JR (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Braden, Scott) (Entered: 12/14/2019) |
| 12/14/2019 | 63 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Stephen Kraftschik, Filing fee $ 100, receipt number ADCDC–6646230. Fee Status: Fee Paid. by NORRIS G. HOLDER, JR (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Braden, Scott) (Entered: 12/14/2019) |
| 12/14/2019 | 64 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Jennifer Ying, Filing fee $ 100, receipt number ADCDC–6646233. Fee Status: Fee Paid. by NORRIS G. HOLDER, JR (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Braden, Scott) (Entered: 12/14/2019) |
| 12/23/2019 | | | MINUTE ORDER: Granting 62 63 64 Motions for Leave to Appear Pro Hac Vice. Andrew Moshos, Stephen Kraftschik and Jennifer Ying are hereby admitted pro hac vice to appear in this matter on behalf of Plaintiff Norris Holder (19–cv–3570). **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Click for instructions**; granting 63 Motion for Leave to Appear Pro Hac Vice **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Click for instructions**; granting 64 Motion for Leave to Appear Pro Hac Vice **Counsel should register for e–filing via** |

| | | |
|---|---|---|
| | | **PACER and file a notice of appearance pursuant to LCvR 83.6(a). Click for instructions**. Signed by Judge Tanya S. Chutkan on 12/23/19. (DJS) (Entered: 12/23/2019) |
| 12/26/2019 | 65 | NOTICE of Appearance by Stephen J. Kraftschik on behalf of NORRIS G. HOLDER, JR(19–cv–03520–TSC) (Kraftschik, Stephen) (Entered: 12/26/2019) |
| 12/26/2019 | 66 | NOTICE of Appearance by Jennifer Ying on behalf of NORRIS G. HOLDER, JR(19–cv–03520–TSC) (Ying, Jennifer) (Entered: 12/26/2019) |
| 12/26/2019 | 67 | NOTICE of Appearance by Andrew Moshos on behalf of NORRIS G. HOLDER, JR(19–cv–03520–TSC) (Moshos, Andrew) (Entered: 12/26/2019) |
| 01/02/2020 | 68 | NOTICE OF WITHDRAWAL OF APPEARANCE as to DANIEL LEWIS LEE. Attorney Elizabeth Hagerty terminated. (Hagerty, Elizabeth) (Entered: 01/02/2020) |
| 01/14/2020 | 69 | NOTICE *of Second Supplement to Administrative Record* by WILLIAM P. BARR, MARK BEZY, RADM CHRIS A. BINA, JOHN F. CARAWAY, UTTAM DHILLON, ALAN R. DOERHOFF, NICOLE ENGLISH, KERRY J. FORESTAL, CHADRICK EVAN FULKS, ERIC H. HOLDER, JR, NEWTON E. KENDIG, II, JEFFREY E. KRUEGER, PAUL LAIRD, HARLEY G. LAPPIN, MICHELE LEONHART, CHARLES L. LOCKETT, JOSEPH MCCLAIN, MICHAEL B. MUKASEY (Attachments: # 1 Campos Declaration and Corrected Page of Administrative Record, # 2 Certification of Second Amended Index of Administrative Record)(Burch, Alan) (Entered: 01/14/2020) |
| 01/16/2020 | | Set/Reset Hearings: Status Conference set for 02/06/2020 has been RESCHEDULED to 2/12/2020 at 11:00 AM in Courtroom 9 before Judge Tanya S. Chutkan. (tb) (Entered: 01/16/2020) |
| 01/22/2020 | 70 | NOTICE *of Filing Under Seal Video of Rule 30(b)(6) deposition of US Marshals Service* by WILLIAM P. BARR, MARK BEZY, RADM CHRIS A. BINA, JOHN F. CARAWAY, UTTAM DHILLON, ALAN R. DOERHOFF, NICOLE ENGLISH, KERRY J. FORESTAL, CHADRICK EVAN FULKS, ERIC H. HOLDER, JR, NEWTON E. KENDIG, II, JEFFREY E. KRUEGER, PAUL LAIRD, HARLEY G. LAPPIN, MICHELE LEONHART, CHARLES L. LOCKETT, JOSEPH MCCLAIN, MICHAEL B. MUKASEY, CHARLES E. SAMUELS, JR, KAREN TANDY(Administrator, Drug Enforcement Administration (05cv2337)), KAREN TANDY(07–cv–02145–TSC), UNITED STATES DEPARTMENT OF JUSTICE, T. J. WATSON, THOMAS WEBSTER (Burch, Alan) (Entered: 01/22/2020) |
| 01/30/2020 | 71 | NOTICE *of Filing Under Seal Video of Rule 30(b)(6) deposition of the Office of the Attorney General* by WILLIAM P. BARR, MARK BEZY, RADM CHRIS A. BINA, JOHN F. CARAWAY, UTTAM DHILLON, ALAN R. DOERHOFF, NICOLE ENGLISH, KERRY J. FORESTAL, CHADRICK EVAN FULKS, ERIC H. HOLDER, JR, IN THE MATTER OF THE FEDERAL BUREAU OF PRISONS' EXECUTION PROTOCOL CASES, NEWTON E. KENDIG, II, JEFFREY E. KRUEGER, PAUL LAIRD (Burch, Alan) (Entered: 01/30/2020) |
| 01/31/2020 | 72 | |

| | | | |
|---|---|---|---|
| | | | Unopposed MOTION for Extension of Time to File *Joint Status Report* by WILLIAM P. BARR, MARK BEZY, RADM CHRIS A. BINA, JOHN F. CARAWAY, UTTAM DHILLON, ALAN R. DOERHOFF, KERRY J. FORESTAL, CHADRICK EVAN FULKS, ERIC H. HOLDER, JR, NEWTON E. KENDIG, II, JEFFREY E. KRUEGER, PAUL LAIRD, HARLEY G. LAPPIN, MICHELE LEONHART, CHARLES L. LOCKETT, JOSEPH MCCLAIN, MICHAEL B. MUKASEY, CHARLES E. SAMUELS, JR, KAREN TANDY(07–cv–02145–TSC), UNITED STATES DEPARTMENT OF JUSTICE, T. J. WATSON, THOMAS WEBSTER (Burch, Alan) (Entered: 01/31/2020) |
| 01/31/2020 | 73 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Stephanie Simon, Filing fee $ 100, receipt number ADCDC–6786976. Fee Status: Fee Paid. by WESLEY IRA PURKEY (Attachments: # 1 Declaration of Stephanie Simon, # 2 Text of Proposed Order)(Smith, Arin) (Entered: 01/31/2020) |
| 02/03/2020 | | | MINUTE ORDER granting 72 Unopposed Motion for Extension. Joint Status Report is now due by February 10, 2020 at 4PM. Signed by Judge Tanya S. Chutkan on 2/3/2020. (lcdl) (Entered: 02/03/2020) |
| 02/04/2020 | 74 | | NOTICE of Appearance by Andres C. Salinas on behalf of WESLEY IRA PURKEY (Salinas, Andres) (Entered: 02/04/2020) |
| 02/04/2020 | | | Set/Reset Deadlines: Joint Status Report due by 2/10/2020. (tb) (Entered: 02/04/2020) |
| 02/05/2020 | 75 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Norman Anderson, Fee Status: No Fee Paid. by DUSTIN LEE HONKEN (Attachments: # 1 Declaration, # 2 Text of Proposed Order)Associated Cases: 1:19–mc–00145–TSC, 1:19–cv–03520–TSC(Jeffress, Jonathan) (Entered: 02/05/2020) |
| 02/07/2020 | | | MINUTE ORDER: Denying without prejudice 73 Motion for Admission Pro Hac Vice for failing to fully comply with Local Civil Rule 83.2(d)(6). Affiants with offices located outside of the District of Columbia are still required to provide sufficient information for the court to determine "whether the affiant engages in the practice of law from an office located in the District of Columbia." Signed by Judge Tanya S. Chutkan on 2/7/2020. (DJS) (Entered: 02/07/2020) |
| 02/07/2020 | | | MINUTE ORDER: Granting in part and denying in part 75 Motion for Admission Pro Hac Vice. Norman Anderson may be heard in open court on behalf of Defendant HONKEN, but may not file papers in this court. See Local Civil Rule 83.2(c)(2) ("An attorney who engages in the practice of law from an office located in the District of Columbia must be a member of the District of Columbia Bar AND the Bar of this Court to file papers in this Court."). **Counsel should register for ECF via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Click for instructions.** Signed by Judge Tanya S. Chutkan on 2/7/2020. (DJS) (Entered: 02/07/2020) |
| 02/10/2020 | 76 | | Joint STATUS REPORT by DANIEL LEWIS LEE. (Attachments: # 1 Text of Proposed Order)(Van Tol, Pieter) (Entered: 02/10/2020) |
| 02/10/2020 | 77 | | Unopposed MOTION for Leave to Appear by Telephone *at the February 12, 2020 Status Conference* by JULIUS ROBINSON (Attachments: # 1 Text of |

| | | | |
|---|---|---|---|
| | | | Proposed Order)Associated Cases: 1:19–mc–00145–TSC, 1:19–cv–03520–TSC(Aminoff, Jonathan) (Entered: 02/10/2020) |
| 02/11/2020 | | | MINUTE ORDER granting 77 Motion for Leave to Appear by Telephone. Jonathan Aminoff, counsel for Julius Robinson, may appear at the 2/2/2020 status conference via telephone. Counsel shall contact Courtroom Deputy Tim Bradley at least two hours prior to the call for dial–in instructions. Signed by Judge Tanya S. Chutkan on 2/11/2020. (DJS) (Entered: 02/11/2020) |
| 02/11/2020 | | | MINUTE ORDER: Counsel are hereby reminded to familiarize themselves with court's Consolidation order 1 , which provides that "Any pleading or paper filed relating to any of the Federal Bureau of Prisons' Execution Protocol Cases must be filed ONLY in the Master Case File," which means you MUST CHECK "NO" WHEN ASKED "Do you want to spread this docket entry?". Signed by Judge Tanya S. Chutkan on 2/11/2020. (DJS) (Entered: 02/11/2020) |
| 02/12/2020 | 78 | | NOTICE of Appearance by Shawn Nolan on behalf of DUSTIN LEE HONKEN (Nolan, Shawn) (Entered: 02/12/2020) |
| 02/12/2020 | 79 | | NOTICE of Appearance by Shawn Nolan on behalf of CHADRICK EVAN FULKS (Nolan, Shawn) (Entered: 02/12/2020) |
| 02/12/2020 | | | Minute Entry: Status Conference held on 2/12/2020 before Judge Tanya S. Chutkan: Scheduling Order forthcoming. (Court Reporter Bryan Wayne) (tb) (Entered: 02/13/2020) |
| 02/14/2020 | 80 | | NOTICE OF WITHDRAWAL OF APPEARANCE as to NORRIS G. HOLDER, JR. Attorney Stephen J. Kraftschik terminated. Associated Cases: 1:19–mc–00145–TSC, 1:19–cv–03520–TSC(Kraftschik, Stephen) (Entered: 02/14/2020) |
| 02/19/2020 | 81 | | ORDER: Having considered the parties' joint status report 76 , it is ordered that the parties shall adhere to the following deadlines: Plaintiffs' consolidated amended complaint due March 31, 2020. Defendants' dispositive motion due June 1, 2020. Plaintiffs' combined opposition/or cross motion due August 3, 2020. Defendants' combined reply /opposition due September 14, 2020. Plaintiffs' reply, if any, due October 5, 2020. The parties shall meet and confer pursuant to Federal Rule of Civil Procedure 26(f) and file a joint case management plan 15 days after resolution of the dispositive motion, if necessary. Signed by Judge Tanya S. Chutkan on 02/19/20. (lcdl) (Entered: 02/19/2020) |
| 02/19/2020 | | | Set/Reset Deadlines: Amended Pleadings due by 3/31/2020. Cross Motion/due by 8/3/2020. Response to Cross Motion due by 9/14/2020. Reply to Cross Motion due by 10/5/2020. Dispositive Motion due by 6/1/2020. Response to Dispositive Motion due by 8/3/2020. Reply to Dispositive Motion due by 9/14/2020. Associated Cases: 1:19–mc–00145–TSC, 1:19–cv–03520–TSC(tb) (Entered: 02/19/2020) |
| 02/20/2020 | 82 | | NOTICE of Filing Under Seal of Rule 30(b)(6) deposition of Drug Enforcement Administration by WILLIAM P. BARR, MARK BEZY, RADM CHRIS A. BINA, JOHN F. CARAWAY, UTTAM DHILLON, ALAN R. DOERHOFF, NICOLE ENGLISH, KERRY J. FORESTAL, CHADRICK EVAN FULKS, ERIC H. HOLDER, JR, JEFFREY E. KRUEGER, PAUL LAIRD, HARLEY G. LAPPIN, MICHELE LEONHART, CHARLES L. |

| | | | |
|---|---|---|---|
| | | | LOCKETT, JOSEPH MCCLAIN, MICHAEL B. MUKASEY, CHARLES E. SAMUELS, JR, KAREN TANDY(Administrator, Drug Enforcement Administration (05cv2337)), KAREN TANDY(07−cv−02145−TSC), UNITED STATES DEPARTMENT OF JUSTICE, T. J. WATSON, THOMAS WEBSTER (Burch, Alan) (Entered: 02/20/2020) |
| 02/21/2020 | 83 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Jeffery Lyons, Filing fee $ 100, receipt number ADCDC−6851362. Fee Status: Fee Paid. by NORRIS G. HOLDER, JR (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Braden, Scott) (Entered: 02/21/2020) |
| 02/24/2020 | | | MINUTE ORDER: Granting 83 Motion for Leave to Appear Pro Hac Vice. Jeffery Lyons is hereby admitted pro hac vice to appear in this matter on behalf Plaintiff NORRIS G. HOLDER, JR. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Click for instructions**. Signed by Judge Tanya S. Chutkan on 2/24/2020. (DJS) (Entered: 02/24/2020) |
| 02/27/2020 | 84 | | NOTICE OF WITHDRAWAL OF APPEARANCE as to BRUCE WEBSTER. Attorney Eric Hernandez terminated. Associated Cases: 1:19−mc−00145−TSC, 1:19−cv−03520−TSC(Hernandez, Eric) (Entered: 02/27/2020) |
| 03/02/2020 | 85 | | NOTICE of Appearance by Jeffrey Lyons on behalf of NORRIS G. HOLDER, JR (Lyons, Jeffrey) (Entered: 03/02/2020) |
| 03/03/2020 | 86 | | NOTICE OF WITHDRAWAL OF APPEARANCE as to WESLEY IRA PURKEY. Attorney Arin Hillary Smith terminated. (Smith, Arin) (Entered: 03/03/2020) |
| 03/17/2020 | 87 | | Consent MOTION for Extension of Time to File *Consolidated Amended Complaint and Dispositive Motion Papers* by WILLIAM P. BARR, MARK BEZY, RADM CHRIS A. BINA, JOHN F. CARAWAY, UTTAM DHILLON, ALAN R. DOERHOFF, NICOLE ENGLISH, KERRY J. FORESTAL, CHADRICK EVAN FULKS, ERIC H. HOLDER, JR, NEWTON E. KENDIG, II, JEFFREY E. KRUEGER, PAUL LAIRD, HARLEY G. LAPPIN, MICHELE LEONHART, CHARLES L. LOCKETT, JOSEPH MCCLAIN, MICHAEL B. MUKASEY, CHARLES E. SAMUELS, JR, KAREN TANDY(Administrator, Drug Enforcement Administration (05cv2337)), KAREN TANDY(07−cv−02145−TSC), UNITED STATES DEPARTMENT OF JUSTICE, T. J. WATSON, THOMAS WEBSTER (Burch, Alan) (Entered: 03/17/2020) |
| 03/18/2020 | | | MINUTE ORDER granting 87 Joint Motion to Extend Time. The schedule adopted in ECF No. 81 is hereby VACATED. The parties shall adhere to the following deadlines: Plaintiff's Consolidated Amended Complaint due June 1, 2020; Defendant's dispositive motion due July 31, 2020; Plaintiff's combined opposition and/or cross motion due September 28, 2020; Defendant's combined reply and/or cross opposition due November 13, 2020; Plaintiff's cross reply (if any) due December 4, 2020. The parties shall meet and confer pursuant to Federal Rule of Civil Procedure 26(f) and file a joint case management plan 15 days after resolution of the dispositive motion, if necessary. Signed by Judge Tanya S. Chutkan on 3/18/2020. (lcdl) (Entered: 03/18/2020) |
| 03/27/2020 | 88 | | NOTICE OF WITHDRAWAL OF APPEARANCE as to NORRIS G. HOLDER, JR. Attorney Jeffrey Lyons terminated. (Lyons, Jeffrey) (Entered: |

| | | | |
|---|---|---|---|
| | | | 03/27/2020) |
| 04/07/2020 | 89 | | NOTICE of Appearance by Jennifer M. Moreno on behalf of KEITH NELSON (Moreno, Jennifer) (Entered: 04/07/2020) |
| 05/14/2020 | 90 | | NOTICE *of Filing Under Seal Video of 30(b)(6) continuation deposition of Federal Bureau of Prisons* by WILLIAM P. BARR, MARK BEZY, RADM CHRIS A. BINA, JOHN F. CARAWAY, UTTAM DHILLON, ALAN R. DOERHOFF, NICOLE ENGLISH, KERRY J. FORESTAL, CHADRICK EVAN FULKS, ERIC H. HOLDER, JR, DUSTIN LEE HONKEN, IN THE MATTER OF THE FEDERAL BUREAU OF PRISONS' EXECUTION PROTOCOL CASES, NEWTON E. KENDIG, II, JEFFREY E. KRUEGER, PAUL LAIRD, HARLEY G. LAPPIN, MICHELE LEONHART, CHARLES L. LOCKETT, JOSEPH MCCLAIN, MICHAEL B. MUKASEY, CHARLES E. SAMUELS, JR, KAREN TANDY(Administrator, Drug Enforcement Administration (05cv2337)), KAREN TANDY(07−cv−02145−TSC), UNITED STATES DEPARTMENT OF JUSTICE, T. J. WATSON, THOMAS WEBSTER (Burch, Alan) (Entered: 05/14/2020) |
| 06/01/2020 | 91 | | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by WESLEY IRA PURKEY (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Proposed Sealed Complaint, # 2 Text of Proposed Order)(Schoenfeld, Alan) (Entered: 06/01/2020) |
| 06/01/2020 | 92 | | AMENDED COMPLAINT *(Redacted)* against WILLIAM P. BARR, MARK BEZY, RADM CHRIS A. BINA, JOHN F. CARAWAY, UTTAM DHILLON, ALAN R. DOERHOFF, JOHN DOES(I–IV, Individually and in their official capacities; 07−cv−02145−TSC), JOHN DOES(I–V, Individually and in their official capacities 05cv2337; 12cv00782 I–X), NICOLE ENGLISH, KERRY J. FORESTAL, CHADRICK EVAN FULKS, ERIC H. HOLDER, JR, NEWTON E. KENDIG, II, JEFFREY E. KRUEGER, PAUL LAIRD, HARLEY G. LAPPIN, MICHELE LEONHART, CHARLES L. LOCKETT, JOSEPH MCCLAIN, MICHAEL B. MUKASEY, CHARLES E. SAMUELS, JR, KAREN TANDY(Administrator, Drug Enforcement Administration (05cv2337)), KAREN TANDY(07−cv−02145−TSC), UNITED STATES DEPARTMENT OF JUSTICE, T. J. WATSON, THOMAS WEBSTER filed by WESLEY IRA PURKEY.(Schoenfeld, Alan) (Entered: 06/01/2020) |
| 06/01/2020 | 93 | | ENTERED IN ERROR. . . . .AMENDED COMPLAINT *Supplemental* against WILLIAM P. BARR filed by NORRIS G. HOLDER, JR. (Attachments: # 1 Exhibit Declaration of Dr. Arthur Grant)(Braden, Scott) Modified on 6/2/2020 (ztd). (Entered: 06/01/2020) |
| 06/01/2020 | 94 | | SUPPLEMENT TO 92 AMENDED COMPLAINT *Supplemental−Corrected* against WILLIAM P. BARR filed by NORRIS G. HOLDER, JR. (Attachments: # 1 Exhibit Declaration of Dr. Arthur Grant)(Braden, Scott) Modified on 6/2/2020 (ztd). (Entered: 06/01/2020) |
| 06/01/2020 | | | NOTICE OF CORRECTED DOCKET ENTRY: re 93 Amended Complaint was entered in error and counsel refiled said pleading as docket entry no. 94 . (ztd) (Entered: 06/02/2020) |
| 06/07/2020 | 95 | | NOTICE of Appearance by Cristen Cori Handley on behalf of All Defendants (Handley, Cristen) (Entered: 06/07/2020) |

| 06/08/2020 | 96 | | NOTICE of Appearance by Dale Andrew Baich on behalf of KEITH NELSON (Baich, Dale) (Entered: 06/08/2020) |
|---|---|---|---|
| 06/08/2020 | 97 | | NOTICE *of Third Supplement to Administrative Record* by WILLIAM P. BARR, MARK BEZY, RADM CHRIS A. BINA, JOHN F. CARAWAY, UTTAM DHILLON, ALAN R. DOERHOFF, NICOLE ENGLISH, KERRY J. FORESTAL, CHADRICK EVAN FULKS, NEWTON E. KENDIG, II, JEFFREY E. KRUEGER, PAUL LAIRD, HARLEY G. LAPPIN, MICHELE LEONHART, CHARLES L. LOCKETT, JOSEPH MCCLAIN, KAREN TANDY(Administrator, Drug Enforcement Administration (05cv2337)), KAREN TANDY(07–cv–02145–TSC), UNITED STATES DEPARTMENT OF JUSTICE, T. J. WATSON, THOMAS WEBSTER (Attachments: # 1 Certified Index of Administrative Record, # 2 Bates Pages 1075–85)(Burch, Alan) (Entered: 06/08/2020) |
| 06/12/2020 | 98 | | MANDATE of USCA as to 52 Notice of Appeal to DC Circuit Court, filed by UNITED STATES DEPARTMENT OF JUSTICE ; USCA Case Number 19–5322. (Attachments: # 1 USCA Judgment)(zrdj) (Entered: 06/15/2020) |
| 06/15/2020 | 99 | | NOTICE *Regarding Execution Dates* by WILLIAM P. BARR, MARK BEZY, RADM CHRIS A. BINA, JOHN F. CARAWAY, UTTAM DHILLON, ALAN R. DOERHOFF, NICOLE ENGLISH, KERRY J. FORESTAL, CHADRICK EVAN FULKS, NEWTON E. KENDIG, II, JEFFREY E. KRUEGER, PAUL LAIRD, HARLEY G. LAPPIN, MICHELE LEONHART, CHARLES L. LOCKETT, JOSEPH MCCLAIN, MICHAEL B. MUKASEY, CHARLES E. SAMUELS, JR, KAREN TANDY(Administrator, Drug Enforcement Administration (05cv2337)), KAREN TANDY(07–cv–02145–TSC), UNITED STATES DEPARTMENT OF JUSTICE, T. J. WATSON, THOMAS WEBSTER (Burch, Alan) (Entered: 06/15/2020) |
| 06/18/2020 | 100 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Danielle Desaulniers Stempel, Filing fee $ 100, receipt number ADCDC–7243866. Fee Status: Fee Paid. by DANIEL LEWIS LEE (Attachments: # 1 Declaration of Danielle Desaulniers Stempel, # 2 Text of Proposed Order, # 3 Certificate of Service)(Victorson, David) (Entered: 06/18/2020) |
| 06/19/2020 | 101 | | MOTION to Strike 99 Notice (Other),, by KEITH NELSON (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Text of Proposed Order)(Clune, Kathryn) (Entered: 06/19/2020) |
| 06/19/2020 | | | MINUTE ORDER: Granting 5 Motion for Leave to Appear Pro Hac Vice. Danielle Desaulniers Stempel is hereby admitted pro hac vice to appear in this matter on behalf of Plaintiff DANIEL LEWIS LEE. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Click for instructions**. Signed by Judge Tanya S. Chutkan on 6/19/2020. (DJS) (Entered: 06/19/2020) |
| 06/19/2020 | 102 | | MOTION for Preliminary Injunction by DUSTIN LEE HONKEN, DANIEL LEWIS LEE, KEITH NELSON, WESLEY IRA PURKEY (Attachments: # 1 Declaration of Alan E. Schoenfeld, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Text of Proposed Order)(Schoenfeld, Alan) (Entered: 06/19/2020) |
| 06/19/2020 | 103 | | SUPPLEMENTAL MEMORANDUM re 102 MOTION for Preliminary Injunction filed by DUSTIN LEE HONKEN, KEITH NELSON, WESLEY |

| | | | |
|---|---|---|---|
| | | | IRA PURKEY, DANIEL LEWIS LEE by DANIEL LEWIS LEE. (Attachments: # 1 Exhibit A−Arkansas Lethal Injection Procedure, # 2 Certificate of Service)(Van Tol, Pieter) Modified event title on 6/23/2020 (znmw). (Entered: 06/19/2020) |
| 06/19/2020 | 104 | | MOTION for Discovery *Expedited* by DUSTIN LEE HONKEN, DANIEL LEWIS LEE, KEITH NELSON, WESLEY IRA PURKEY (Attachments: # 1 Exhibit 1−Plaintiffs First Set of Interrogatories to Defendants, # 2 Exhibit 2−E−mail Correspondence, # 3 Text of Proposed Order, # 4 Certificate of Service)(Van Tol, Pieter) (Entered: 06/19/2020) |
| 06/19/2020 | 105 | | ENTERED IN ERROR. . . . .MOTION to Expedite *THIS DOCUMENT RELATES TO: Lee v. Barr, 19−cv−2559, Purkey v. Barr, 19−cv−3214, and Nelson v. Barr, 20−cv−557* by DUSTIN LEE HONKEN, DANIEL LEWIS LEE, KEITH NELSON, WESLEY IRA PURKEY (Attachments: # 1 Text of Proposed Order)(Schoenfeld, Alan) Modified on 6/22/2020 (ztd). (Entered: 06/19/2020) |
| 06/19/2020 | | | NOTICE OF CORRECTED DOCKET ENTRY: re 105 MOTION to Expedite *THIS DOCUMENT RELATES TO: Lee v. Barr, 19−cv−2559, Purkey v. Barr, 19−cv−3214, and Nelson v. Barr, 20−cv−557* was entered in error and counsel refiled said pleading as docket entry no. 106 . (ztd) (Entered: 06/22/2020) |
| 06/20/2020 | | | MINUTE ORDER: Defendants shall file any oppositions to Plaintiffs' 101 , 102 , 103 , 104 , and 105 no later than June 25, 2020. The opposition to each motion shall be filed separately, rather than as an omnibus opposition. Plaintiffs shall file any replies no later than June 29, 2020. The replies in support of each motion shall be filed separately, rather than as an omnibus reply. Signed by Judge Tanya S. Chutkan on 6/20/2020. (lcdl) (Entered: 06/20/2020) |
| 06/20/2020 | 106 | | MOTION to Expedite *(Corrected) (THIS DOCUMENT RELATES TO: Lee v. Barr, 19−cv−2559, Purkey v. Barr, 19−cv−3214, and Nelson v. Barr, 20−cv−557)* by DUSTIN LEE HONKEN, DANIEL LEWIS LEE, KEITH NELSON, WESLEY IRA PURKEY (Attachments: # 1 Text of Proposed Order)(Schoenfeld, Alan) (Entered: 06/20/2020) |
| 06/23/2020 | | | Set/Reset Deadlines: Responses due by 6/25/2020. Replies due by 6/29/2020. (tb) (Entered: 06/23/2020) |
| 06/25/2020 | 107 | | Memorandum in opposition to re 104 MOTION for Discovery *Expedited* filed by WILLIAM P. BARR, MARK BEZY, RADM CHRIS A. BINA, JOHN F. CARAWAY, UTTAM DHILLON, ALAN R. DOERHOFF, NICOLE ENGLISH, KERRY J. FORESTAL, CHADRICK EVAN FULKS, NEWTON E. KENDIG, II, JEFFREY E. KRUEGER, PAUL LAIRD, HARLEY G. LAPPIN, MICHELE LEONHART, CHARLES L. LOCKETT, JOSEPH MCCLAIN, MICHAEL B. MUKASEY, CHARLES E. SAMUELS, JR, KAREN TANDY(Administrator, Drug Enforcement Administration (05cv2337)), KAREN TANDY(07−cv−02145−TSC), UNITED STATES DEPARTMENT OF JUSTICE, T. J. WATSON, THOMAS WEBSTER. (Burch, Alan) (Entered: 06/25/2020) |
| 06/25/2020 | 108 | | Memorandum in opposition to re 106 MOTION to Expedite *(Corrected) (THIS DOCUMENT RELATES TO: Lee v. Barr, 19−cv−2559, Purkey v. Barr, 19−cv−3214, and Nelson v. Barr, 20−cv−557)* filed by WILLIAM P. BARR, |

| | | | |
|---|---|---|---|
| | | | MARK BEZY, RADM CHRIS A. BINA, JOHN F. CARAWAY, UTTAM DHILLON, ALAN R. DOERHOFF, NICOLE ENGLISH, KERRY J. FORESTAL, CHADRICK EVAN FULKS, NEWTON E. KENDIG, II, JEFFREY E. KRUEGER, PAUL LAIRD, HARLEY G. LAPPIN, MICHELE LEONHART, CHARLES L. LOCKETT, JOSEPH MCCLAIN, CHARLES E. SAMUELS, JR, KAREN TANDY(Administrator, Drug Enforcement Administration (05cv2337)), KAREN TANDY(07–cv–02145–TSC), UNITED STATES DEPARTMENT OF JUSTICE, T. J. WATSON, THOMAS WEBSTER. (Burch, Alan) (Entered: 06/25/2020) |
| 06/25/2020 | 109 | | Memorandum in opposition to re 101 MOTION to Strike 99 Notice (Other),, filed by WILLIAM P. BARR, ANTHONY BATTLE, MARK BEZY, RADM CHRIS A. BINA, JOHN F. CARAWAY, ALAN R. DOERHOFF, NICOLE ENGLISH, KERRY J. FORESTAL, CHADRICK EVAN FULKS, NEWTON E. KENDIG, II, JEFFREY E. KRUEGER, PAUL LAIRD, HARLEY G. LAPPIN, MICHELE LEONHART, CHARLES L. LOCKETT, JOSEPH MCCLAIN, CHARLES E. SAMUELS, JR, KAREN TANDY(Administrator, Drug Enforcement Administration (05cv2337)), KAREN TANDY(07–cv–02145–TSC), UNITED STATES DEPARTMENT OF JUSTICE, T. J. WATSON, THOMAS WEBSTER. (Attachments: # 1 Declaration of Kevin Pistro)(Burch, Alan) (Entered: 06/25/2020) |
| 06/25/2020 | 110 | | RESPONSE re 103 Memorandum, filed by WILLIAM P. BARR, MARK BEZY, RADM CHRIS A. BINA, JOHN F. CARAWAY, UTTAM DHILLON, ALAN R. DOERHOFF, JOHN DOES(I–IV, Individually and in their official capacities; 07–cv–02145–TSC), JOHN DOES(I–V, Individually and in their official capacities 05cv2337; 12cv00782 I–X), NICOLE ENGLISH, KERRY J. FORESTAL, CHADRICK EVAN FULKS, ERIC H. HOLDER, JR, NEWTON E. KENDIG, II, JEFFREY E. KRUEGER, PAUL LAIRD, HARLEY G. LAPPIN, MICHELE LEONHART, CHARLES L. LOCKETT, JOSEPH MCCLAIN, MICHAEL B. MUKASEY, CHARLES E. SAMUELS, JR, KAREN TANDY(Administrator, Drug Enforcement Administration (05cv2337)), KAREN TANDY(07–cv–02145–TSC), UNITED STATES DEPARTMENT OF JUSTICE, T. J. WATSON, THOMAS WEBSTER. (Handley, Cristen) (Entered: 06/25/2020) |
| 06/25/2020 | 111 | | RESPONSE re 102 MOTION for Preliminary Injunction *(this filing relates to Lee v. Barr, 19cv2559, Purkey v. Barr, 19cv3214, Nelson v. Barr, 20cv557)* filed by UNITED STATES DEPARTMENT OF JUSTICE. (Attachments: # 1 Exhibit A (book excerp), # 2 Exhibit Winter Decl. Excerp, # 3 Affidavit Declaration of Tom Watson, # 4 Affidavit Declaration of Joseph Antognini, MD)(Lin, Jean) (Entered: 06/25/2020) |
| 06/26/2020 | 112 | | NOTICE of Appearance by Danielle Desaulniers Stempel on behalf of DANIEL LEWIS LEE (Attachments: # 1 Certificate of Service)(Stempel, Danielle) (Entered: 06/26/2020) |
| 06/26/2020 | 113 | | NOTICE *of Correction (and Corrected Brief)* by UNITED STATES DEPARTMENT OF JUSTICE re 111 Response to motion, (Attachments: # 1 Errata CORRECTED Defendants' Opposition to Plaintiffs Lee, Honken, Purkery and Nelson's Motion for a Preliminary Injunction)(Lin, Jean) (Entered: 06/26/2020) |
| 06/29/2020 | 114 | | |

| | | | |
|---|---|---|---|
| | | | REPLY to opposition to motion re (101 in 1:19–mc–00145–TSC) MOTION to Strike (99) Notice (Other),, filed by KEITH NELSON. Associated Cases: 1:19–mc–00145–TSC, 1:20–cv–00557–TSC(Clune, Kathryn) (Entered: 06/29/2020) |
| 06/29/2020 | 115 | | REPLY re 102 , 103 *in Support of Supplemental Memorandum in Support of Motion for a Preliminary Injunction* filed by DANIEL LEWIS LEE. (Attachments: # 1 Certificate of Service)(Van Tol, Pieter) Modified linkage on 6/30/2020 (ztd). (Entered: 06/29/2020) |
| 06/29/2020 | 116 | | REPLY re 106 *in Further Support of Motion for Expedited Discovery* filed by DUSTIN LEE HONKEN, DANIEL LEWIS LEE, KEITH NELSON, WESLEY IRA PURKEY. (Attachments: # 1 Exhibit A – OIRA Conclusion of EO 12866 Regulatory Review, # 2 Exhibit B – Exec. Order No. 12,866, # 3 Certificate of Service)(Van Tol, Pieter) Modified linkage on 6/30/2020 (ztd). (Entered: 06/29/2020) |
| 06/29/2020 | 117 | | MOTION for Leave to File *Supplemental Expert Declaration THIS DOCUMENT RELATES TO: Lee v. Barr, 19–cv–2559, Purkey v. Barr, 19–cv–3214, and Nelson v. Barr, 20–cv–557* by DUSTIN LEE HONKEN, DANIEL LEWIS LEE, KEITH NELSON, WESLEY IRA PURKEY (Attachments: # 1 Exhibit 1 – Supplemental Expert Declaration of Gail A. Van Norman, M.D., # 2 Text of Proposed Order)(Schoenfeld, Alan) (Entered: 06/29/2020) |
| 06/29/2020 | 118 | | REPLY to opposition to motion re 102 MOTION for Preliminary Injunction *(THIS DOCUMENT RELATES TO: Lee v. Barr, 19–cv–2559, Purkey v. Barr, 19–cv–3214, and Nelson v. Barr, 20–cv–557)* filed by DUSTIN LEE HONKEN, DANIEL LEWIS LEE, KEITH NELSON, WESLEY IRA PURKEY. (Schoenfeld, Alan) (Entered: 06/29/2020) |
| 06/29/2020 | 119 | | REPLY to opposition to motion re 106 MOTION to Expedite *(Corrected) (THIS DOCUMENT RELATES TO: Lee v. Barr, 19–cv–2559, Purkey v. Barr, 19–cv–3214, and Nelson v. Barr, 20–cv–557) (THIS DOCUMENT RELATES TO: Lee v. Barr, 19–cv–2559, Purkey v. Barr, 19–cv–3214, and Nelson v. Barr, 20–cv–557)* filed by DUSTIN LEE HONKEN, DANIEL LEWIS LEE, KEITH NELSON, WESLEY IRA PURKEY. (Schoenfeld, Alan) (Entered: 06/29/2020) |
| 06/30/2020 | 120 | | RESPONSE re 117 MOTION for Leave to File *Supplemental Expert Declaration THIS DOCUMENT RELATES TO: Lee v. Barr, 19–cv–2559, Purkey v. Barr, 19–cv–3214, and Nelson v. Barr, 20–cv–557* filed by UNITED STATES DEPARTMENT OF JUSTICE. (Attachments: # 1 Exhibit A–Proposed Surreply, # 2 Declaration Supplemental Declaration of Dr. Joseh F. Antognini, # 3 Text of Proposed Order)(Lin, Jean) (Entered: 06/30/2020) |
| 06/30/2020 | 121 | | Consent MOTION for Leave to File *Surreply and Supplemental Declaration of Dr. Joseph F. Antognini, in opposition to Plaintiffs' Motion for Preliminary Injunction (This filing relates to Lee v. Barr, 19cv2559, Purkey v. Barr, 19cv3214, and Nelson v. Barr, 20cv557)* by UNITED STATES DEPARTMENT OF JUSTICE (Attachments: # 1 Exhibit A–Proposed Surreply, # 2 Exhibit A–1 Supplemental Declaration of Dr. Joseh F. Antognini, # 3 Text of Proposed Order)(Lin, Jean) (Entered: 06/30/2020) |
| 06/30/2020 | 122 | | |

| | | | |
|---|---|---|---|
| | | | NOTICE *of Correction* by UNITED STATES DEPARTMENT OF JUSTICE re 120 Response to motion, 121 Consent MOTION for Leave to File *Surreply and Supplemental Declaration of Dr. Joseph F. Antognini, in opposition to Plaintiffs' Motion for Preliminary Injunction (This filing relates to Lee v. Barr, 19cv2559, Purkey v. Barr, 19cv3214, and Nelso (Attachments: # 1 Corrected Proposed Surreply, # 2 Corrected Supplemental Declaration of Dr. Joseph F. Antognini)(Lin, Jean) (Entered: 06/30/2020)* |
| 07/01/2020 | | | MINUTE ORDER: It is hereby ORDERED that Plaintiff' 117 Motion for Leave to File is GRANTED. Plaintiffs' filing of the supplemental expert declaration of Dr. Gail A. Van Norman is deemed properly filed and, accordingly, the court may consider this declaration in connection with Plaintiff' Motion for a Preliminary Injunction. It is further ORDERED that 121 Consent Motion for Leave to File is GRANTED. The Clerk of the Court shall docket Defendants' proposed surreply and supplemental declaration, the corrected version of which Defendants attached to 122 Notice of Correction.. Signed by Judge Tanya S. Chutkan on 7/1/2020. (lcdl) (Entered: 07/01/2020) |
| 07/01/2020 | 123 | | AFFIDAVIT Supplemental Expert Declaration of Gail A. Van Norman, M.D., by DUSTIN LEE HONKEN, DANIEL LEWIS LEE, KEITH NELSON, WESLEY IRA PURKEY. (ztd) (Entered: 07/01/2020) |
| 07/01/2020 | 124 | | SURREPLY to re 117 MOTION for Leave to File *Supplemental Expert Declaration THIS DOCUMENT RELATES TO: Lee v. Barr, 19−cv−2559, Purkey v. Barr, 19−cv−3214, and Nelson v. Barr, 20−cv−557* filed by UNITED STATES DEPARTMENT OF JUSTICE. (Attachments: # 1 Declaration Supplemental Declaration of Dr. Joseh F. Antognini)(ztd) (Main Document 124 replaced on 7/1/2020) (ztd). (Attachment 1 replaced on 7/1/2020) (ztd). (Entered: 07/01/2020) |
| 07/02/2020 | 125 | | NOTICE by DUSTIN LEE HONKEN, DANIEL LEWIS LEE, KEITH NELSON, WESLEY IRA PURKEY re 116 Reply to Document, 104 MOTION for Discovery *Expedited* (Attachments: # 1 Certificate of Service)(Van Tol, Pieter) (Entered: 07/02/2020) |
| 07/03/2020 | 126 | | NOTICE *of Supplemental Authority. (THIS DOCUMENT RELATES TO: Purkey v. Barr, 19−cv−3214 )* by WESLEY IRA PURKEY (Attachments: # 1 Exhibit A)(Schoenfeld, Alan) (Entered: 07/03/2020) |
| 07/03/2020 | 127 | | NOTICE OF WITHDRAWAL OF APPEARANCE as to WILLIAM P. BARR, MARK BEZY, RADM CHRIS A. BINA, JOHN F. CARAWAY, UTTAM DHILLON, ALAN R. DOERHOFF, JOHN DOES(I–IV, Individually and in their official capacities; 07–cv–02145–TSC), JOHN DOES(I–V, Individually and in their official capacities 05cv2337; 12cv00782 I–X), NICOLE ENGLISH, KERRY J. FORESTAL, CHADRICK EVAN FULKS, ERIC H. HOLDER, JR, NEWTON E. KENDIG, II, JEFFREY E. KRUEGER, PAUL LAIRD, HARLEY G. LAPPIN, MICHELE LEONHART, CHARLES L. LOCKETT, JOSEPH MCCLAIN, MICHAEL B. MUKASEY, CHARLES E. SAMUELS, JR, KAREN TANDY(Administrator, Drug Enforcement Administration (05cv2337)), KAREN TANDY(07–cv–02145–TSC), UNITED STATES DEPARTMENT OF JUSTICE, T. J. WATSON, THOMAS WEBSTER. Attorney Ethan Price Davis terminated. (Attachments: # 1 Certificate of Service)(Davis, Ethan) (Entered: 07/03/2020) |

| 07/06/2020 | | | MINUTE ORDER: Plaintiff's Unopposed Motion 91 to File Document Under Seal is hereby GRANTED. The Clerk of the Court is requested to file under seal Plaintiffs Amended Complaint (Exhibit 1). SO ORDERED by Judge Tanya S. Chutkan on 07/06/2020. (tb) (Entered: 07/06/2020) |
|---|---|---|---|
| 07/10/2020 | 129 | | NOTICE OF SUPPLEMENTAL AUTHORITY by DANIEL LEWIS LEE (Attachments: # 1 Exhibit A – Peterson v. Barr Order Granting Pls.' Motion for Prelim. Inj., # 2 Certificate of Service)(Van Tol, Pieter) (Entered: 07/10/2020) |
| 07/10/2020 | | | MINUTE ORDER: Telephone Status Conference scheduled for July 11, 2020 at 1 PM. Signed by Judge Tanya S. Chutkan on 7/10/2020. (lcdl) (Entered: 07/10/2020) |
| 07/11/2020 | | | Set/Reset Hearings: Telephone Conference set for 7/11/2020 at 01:00 PM in Telephonic/VTC before Judge Tanya S. Chutkan. (lcdl) (Entered: 07/11/2020) |
| 07/11/2020 | | | Minute Entry: Telephone Conference held on 7/11/2020 before Judge Tanya S. Chutkan: The parties informed the Court of the posture of pending executions. (Court Reporter Bryan Wayne) (tb) (Entered: 07/11/2020) |
| 07/11/2020 | 130 | | TRANSCRIPT OF 7/11/20 TELEPHONE CONFERENCE before Judge Tanya S. Chutkan held on July 11, 2020; Page Numbers: 1–14. Date of Issuance: 7/11/2020. Court Reporter: Bryan A. Wayne. Transcripts may be ordered by submitting the Transcript Order Form at www.dcd.uscourts.gov. For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. Redaction Request due 8/1/2020. Redacted Transcript Deadline set for 8/11/2020. Release of Transcript Restriction set for 10/9/2020.(Wayne, Bryan) (Entered: 07/11/2020) |
| 07/12/2020 | 131 | | NOTICE OF SUPPLEMENTAL AUTHORITY by DUSTIN LEE HONKEN, DANIEL LEWIS LEE, KEITH NELSON, WESLEY IRA PURKEY (Attachments: # 1 Exhibit Hartkemeyer v. Barr – Declaration of Rick Winter, # 2 Certificate of Service)(Van Tol, Pieter) (Entered: 07/12/2020) |
| 07/12/2020 | 132 | | NOTICE *(Corrected) of Supplemental Authority* by DUSTIN LEE HONKEN, DANIEL LEWIS LEE, KEITH NELSON, WESLEY IRA PURKEY (Attachments: # 1 Exhibit Exhibit Hartkemeyer v. Barr – Declaration of Rick Winter, # 2 Certificate of Service)(Van Tol, Pieter) (Entered: 07/12/2020) |
| 07/12/2020 | 133 | | NOTICE by DANIEL LEWIS LEE (Attachments: # 1 Exhibit A – Peterson v. Barr Filed Opinion (No. 20–2252), # 2 Certificate of Service)(Van Tol, Pieter) (Entered: 07/12/2020) |
| 07/12/2020 | 134 | | RESPONSE re 133 Notice (Other), 132 Notice (Other), *(this filing relates to Lee v. Barr et al. (No. 19–cv–2559), Purkey v. Barr et al. (No. 19–cv–03214), and Nelson v. Barr (No. 20–cv–557))* filed by WILLIAM P. BARR, RADM |

| | | | CHRIS A. BINA, JOHN F. CARAWAY, UTTAM DHILLON, ALAN R. DOERHOFF, JOHN DOES(I–IV, Individually and in their official capacities; 07–cv–02145–TSC), JOHN DOES(I–V, Individually and in their official capacities 05cv2337; 12cv00782 I–X), NICOLE ENGLISH, KERRY J. FORESTAL, CHADRICK EVAN FULKS, ERIC H. HOLDER, JR, NEWTON E. KENDIG, II, JEFFREY E. KRUEGER, PAUL LAIRD, HARLEY G. LAPPIN, MICHELE LEONHART, CHARLES L. LOCKETT, JOSEPH MCCLAIN, MICHAEL B. MUKASEY, CHARLES E. SAMUELS, JR, KAREN TANDY(Administrator, Drug Enforcement Administration (05cv2337)), KAREN TANDY(07–cv–02145–TSC), UNITED STATES DEPARTMENT OF JUSTICE, T. J. WATSON, THOMAS WEBSTER. (Handley, Cristen) (Entered: 07/12/2020) |
|---|---|---|---|
| 07/13/2020 | 135 | | MEMORANDUM AND OPINION regarding Plaintiffs' 102 motion for preliminary injunction. Signed by Judge Tanya S. Chutkan on 7/13/2020. (lcdl) (Entered: 07/13/2020) |
| 07/13/2020 | 136 | | ORDER granting Plaintiffs' 102 Motion for Preliminary Injunction. Defendants are hereby enjoined from executing Plaintiffs until further order of this court. See Order for details. Signed by Judge Tanya S. Chutkan on 7/13/2020. (lcdl) (Entered: 07/13/2020) |
| 07/13/2020 | 137 | | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 135 Memorandum & Opinion, 136 Order on Motion for Preliminary Injunction by MICHELE LEONHART, JOHN F. CARAWAY, JEFFREY E. KRUEGER, CHADRICK EVAN FULKS, UNITED STATES DEPARTMENT OF JUSTICE, JOSEPH MCCLAIN, ERIC H. HOLDER, JR, CHARLES E. SAMUELS, JR, WILLIAM P. BARR, NEWTON E. KENDIG, II, MARK BEZY, KERRY J. FORESTAL, NICOLE ENGLISH, PAUL LAIRD, THOMAS WEBSTER, JOHN DOES(I–IV, Individually and in their official capacities; 07–cv–02145–TSC), UTTAM DHILLON, ALAN R. DOERHOFF, HARLEY G. LAPPIN, JOHN DOES(I–V, Individually and in their official capacities 05cv2337; 12cv00782 I–X), CHARLES L. LOCKETT, KAREN TANDY(Administrator, Drug Enforcement Administration (05cv2337)), MICHAEL B. MUKASEY, T. J. WATSON, KAREN TANDY(07–cv–02145–TSC), RADM CHRIS A. BINA. Fee Status: No Fee Paid. Parties have been notified. (Attachments: # 1 Exhibit District Court Opinion, # 2 Exhibit District Court Order)(Handley, Cristen) (Entered: 07/13/2020) |

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| | ) | |
| In the Matter of the | ) | |
| Federal Bureau of Prisons' Execution | ) | |
| Protocol Cases, | ) | |
| | ) | |
| LEAD CASE: *Roane et al. v. Barr* | ) | Case No. 19-mc-145 (TSC) |
| | ) | |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | |
| | ) | |
| *Lee v. Barr, et al.*, 19-cv-2559 | ) | |
| *Purkey v. Barr*, *et al.*, 19-cv-03214 | ) | |
| *Nelson v. Barr, et al.*, 20-cv-557 | ) | |

## NOTICE OF APPEAL

Notice is hereby given this 13th day of July 2020, that Defendants in this action appeal to the United States Court of Appeals for the District of Columbia Circuit from the Order of this Court entered on July 13, 2020, *see* ECF Nos. 135 (Memorandum Opinion) and 136 (Order) (both attached hereto), in which the Court granted the Motion for Preliminary Injunction filed by Dustin Lee Honken, Daniel Lewis Lee, Wesley Ira Purkey, and Keith Nelson, and ordered "that Defendants (along with their respective successors in office, officers, agents, servants, employees, attorneys, and anyone acting in concert with them) are enjoined from executing Plaintiffs Daniel Lewis Lee, Wesley Ira Purkey, Dustin Lee Honken, and Keith Dwayne Nelson until further order of this court." Order, ECF No. 136.

Dated: July 13, 2020

Respectfully submitted,

MICHAEL R. SHERWIN
Acting United States Attorney

DANIEL F. VAN HORN
Civil Chief, U.S. Attorney's Office

ALAN BURCH (D.C. Bar 470655)
Assistant United States Attorney
U.S. Attorney's Office
for the District of Columbia
Washington, D.C. 20530
202-252-2550
alan.burch@usdoj.gov

DAVID M. MORRELL
Deputy Assistant Attorney General

PAUL R. PERKINS
Special Counsel

JEAN LIN (NY Bar 4074530)
Special Litigation Counsel

/s/ *Cristen C. Handley*
CRISTEN C. HANDLEY (MO Bar 69114)
JONATHAN KOSSAK (D.C. Bar 991478)
Trial Attorneys
Civil Division
Federal Programs Branch
Civil Division, Department of Justice
1100 L Street, N.W.
Washington, D.C. 20005
(202) 514-3716
Jean.lin@usdoj.gov
Cristen.handley@usdoj.gov
Jonathan.kossak@usdoj.gov

*Attorneys for Defendants*

<h1 style="text-align: center"><u>CERTIFICATE OF SERVICE</u></h1>

I hereby certify that on July 13, 2020, I caused a true and correct copy of foregoing to be served on all counsel of record via the Court's CM/ECF system.  Pursuant to this Court's August 20, 2019 Order, below is a list of all plaintiffs' counsel of record (as most recently identified in the signature pages of the Consolidated Amended Complaint, ECF No. 92):


Alan E. Schoenfeld (admitted *pro hac vice*)
Ryan M. Chabot (admitted *pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
(212) 230-8880
Alan.Schoenfeld@WilmerHale.com
Ryan.Chabot@WilmerHale.com

Andres C. Salinas (DC Bar No. 156118)
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6289
Andres.Salinas@WilmerHale.com

*Counsel for Wesley I. Purkey*

Joshua C. Toll
D.C. Bar No. 463073 King & Spalding LLP
1700 Pennsylvania Avenue, N.W.
Washington, DC 20006
(202) 737-8616
jtoll@kslaw.com

Margaret O'Donnell
P.O. Box 4815
Frankfort, KY 40604
(502) 320-1837
mod@dcr.net

*Counsel for Plaintiff Anthony Battle*

53

Ginger D. Anders (Bar No. 494471)
Jonathan S. Meltzer (Bar No. 888166546)
Brendan Gants (Bar No. 1031419)
MUNGER, TOLLES & OLSON LLP
1155 F Street N.W., Seventh Floor
Washington, D.C. 20004-1357
(202) 220-1100

*Counsel for Plaintiff Brandon Bernard*

Alex Kursman, Assistant Federal Defender
Shawn Nolan, Chief, Capital Habeas Unit
Federal Community Defender Office, E.D. Pa.
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Telephone - 215-928-0520
Email – alex_kursman@fd.org

*Counsel for Plaintiff Alfred Bourgeois*

Joseph Luby, Assistant Federal Defender
Federal Community Defender Office, E.D. Pa.
 601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Telephone - 215-928-0520
Email – joseph_luby@fd.org

*Counsel for Plaintiff Chadrick Fulks*

Amy Lentz (DC Bar No. 990095)
Steptoe & Johnson, LLP
1300 Connecticut Avenue NW
Washington, DC 20036
202.429.1320

*Counsel for Plaintiff Orlando Hall*

Scott W. Braden
Assistant Federal Defender
Arkansas Federal Defender Office
Ark Bar Number 2007123
1401 West Capitol, Suite 490
Little Rock, Arkansas 72201
(501) 324-6114

4

Scott_Braden@fd.org

Jennifer Ying (DE #5550)
Andrew Moshos (DE #6685)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market St.
P.O. Box 1347
Wilmington, Delaware 19801
(302) 658-9300
jying@mnat.com
amoshos@mnat.com

*Counsel for Plaintiff Norris G. Holder, Jr.*

Jon Jeffress
KaiserDillon PLLC
1099 14th Street NW
8th Floor West
Washington, DC 20005
Telephone - 202-640-2850
Email - jjeffress@kaiserdillon.com

Timothy Kane, Assistant Federal Defender
Shawn Nolan, Chief, Capital Habeas Unit
Federal Community Defender Office, E.D. Pa.
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Telephone - 215-928-0520
Email – timothy_kane@fd.org
Email – shawn_nolan@fd.org

*Counsel for Plaintiff Dustin Lee Honken*

Donald P. Salzman (D.C. Bar No. 479775)
Charles F. Walker (D.C. Bar No. 427025)
Steven M. Albertson (D.C. Bar No. 496249)
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
(202) 371-7983
donald.salzman@skadden.com

*Counsel for Plaintiff Corey Johnson*

David S. Victorson
Hogan Lovells US LLP
Columbia Square

5

55

555 13th Street NW
Washington, DC  20004
(202) 637-5600
(202) 637-5910 (fax)
david.victorson@hoganlovells.com

Pieter Van Tol (admitted *pro hac vice*)

Hogan Lovells US LLP

390 Madison Avenue
 New York, NY 10017
(212) 918-3000
(212) 918-3100 (fax)
pieter.vantol@hoganlovells.com

*Counsel for Plaintiff Daniel Lewis Lee*


Kathryn L. Clune
Crowell & Moring LLP
1001 Pennsylvania Avenue NW
Washington D.C. 20004-2595
(202) 624-2705
kclune@crowell.com

Harry P. Cohen (pro hac vice application pending)
Michael K. Robles (pro hac vice application pending)
James Stronski (pro hac vice application pending)
Crowell & Moring LLP
590 Madison Avenue New York, NY 10022
(212) 223-4000
(212) 223-4134(fax)
hcohen@crowell.com
mrobles@crowell.com
jstronski@crowell.com


Jon M. Sands (pro hac application to be filed)
Dale A. Baich (pro hac application to be filed)
Jennifer M. Moreno
Federal Public Defender
District of Arizona
850 West Adams Street, Suite 201
Phoenix, Arizona 85007
602-382-2816
602-889-3960 (fax)
dale_baich@fd.org

56

jennifer_moreno@fd.org

*Counsel for Plaintiff Keith Nelson*

Shawn Nolan, Chief, Capital Habeas Unit
Federal Community Defender Office, E.D. Pa.
 601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Telephone - 215-928-0520
Email – timothy_kane@fd.org
Email – shawn_nolan@fd.org

*Counsel for Plaintiff Jeffrey Paul*

Paul F. Enzinna
D.C. Bar No. 421819
Ellerman Enzinna PLLC
1050 30th Street, NW
Washington, DC 20007
202.753.5553

*Counsel for Plaintiff James H. Roane, Jr.*

Amy Karlin
Interim Federal Public Defender
Celeste Bacchi
Jonathan C. Aminoff
Deputy Federal Public Defenders
321 E. Second Street
Los Angeles, CA 90012
(213) 894-2854

*Counsel for Plaintiff Julius O. Robinson*

Gerald W. King, Jr. Ga. Bar No. 140981
Jeffrey Lyn Ertel Ga. Bar No. 249966
FEDERAL DEFENDER PROGRAM, INC.
101 Marietta Street, Suite 1500
Atlanta, Georgia 30303
404-688-7530
(fax) 404-688-0768
Gerald_King@fd.org
Jeff_Ertel@fd.org

Stephen Northup
VSB #16547
Troutman Sanders LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1240
(fax) (804) 698-5120
steve.northup@troutmansanders.com

Frederick R. Gerson VSB #39968
Bank Of America Center
1111 East Main Street, 16th Floor Richmond,
Virginia 23219
(804) 482-1121
fgerson@dagglaw.com

*Counsel for Richard Tipton, III.*

Evan Miller (DC Bar # 219310)
Vinson & Elkins LLP
2200 Pennsylvania Avenue, NW
Suite 500 West
Washington, D.C. 20037
(202) 639-6605
(202) 478-1815 (fax)
emiller@velaw.com

*Counsel for Bruce Webster*

　　　　　*/s/ Cristen C. Handley*
　　　　　Attorney for Defendants

|  |  |  |
|---|---|---|
| In the Matter of the Federal Bureau of Prisons' Execution Protocol Cases, | ) ) ) ) | |
| LEAD CASE: *Roane, et al. v. Barr* | ) ) | Case No. 19-mc-145 (TSC) |
| THIS DOCUMENT RELATES TO: | ) ) | |
| *Lee v. Barr, et al.*, 19-cv-2559 | ) ) | |
| *Purkey v. Barr, et al.*, 19-cv-3214 | ) ) | |
| *Nelson v. Barr, et al.*, 20-cv-557 | ) ) ) | |

## MEMORANDUM OPINION

In *Callins v. Collins*, Justice Blackmun, writing in dissent, declared that he would "no longer . . . tinker with the machinery of death." 510 U.S. 1141, 1145 (1994). More than twenty-five years later, this court is tasked with doing just that, in addressing challenges to the manner in which the federal government seeks to execute inmates who have been sentenced to death under federal statutes.

After a hiatus in federal executions of more than fifteen years, on July 25, 2019, the U.S. Department of Justice (DOJ) announced plans to execute five inmates who had been sentenced to death under the federal death penalty statute.[1] *See* Press Release, Dep't of Justice, Federal Government to Resume Capital Punishment After Nearly Two Decade Lapse (July 25, 2019), https://www.justice.gov/opa/pr/federal-government-resume-capital-punishment-after-nearly-two-

---

[1] Plaintiffs Bourgeois, Mitchell, Lee, and Purkey were sentenced under the Federal Death Penalty Act, 18 U.S.C. §§ 3591–3599. Plaintiff Honken was sentenced under the Anti-Drug Abuse Act of 1988, 21 U.S.C. § 848(e).

1

decade-lapse. To implement these executions, the Federal Bureau of Prisons (BOP) adopted a new execution protocol: the 2019 Protocol. (ECF No. 39-1, Admin. R. at 1021–75.)

On November 20, 2019, the court preliminarily enjoined the executions of four inmates: Alfred Bourgeois, Daniel Lewis Lee, Dustin Lee Honken, and Wesley Ira Purkey. (ECF No. 50, Mem. Op. (2019 Order), at 15.) The court found that these four Plaintiffs had demonstrated a likelihood of success on the merits of their claims that the 2019 Protocol violates the Federal Death Penalty Act (FDPA), but the court did not rule on their other statutory and constitutional claims. (*Id.* at 13–14.) In April of this year, a divided D.C. Circuit panel vacated the preliminary injunction. *In re Fed. Bureau of Prisons' Execution Protocol Cases*, 955 F.3d 106, 113 (D.C. Cir. 2020), *cert. denied sub nom. Bourgeois v. Barr*, No. 19-1348, 2020 WL 3492763 (June 29, 2020). That Court based its ruling solely on the Plaintiffs' claims under the FDPA and the APA, and noted that "regardless of our disposition, several claims would remain open on remand." *Execution Protocol Cases*, 955 F.3d at 113 (per curiam).

On June 15, 2020, the DOJ and BOP scheduled new execution dates for three of the four Plaintiffs whose executions had been preliminarily enjoined by the 2019 Order. (ECF No. 99, Defs. Notice Regarding Execution Dates.) Defendants intend to execute Lee on July 13, 2020, Purkey on July 15, 2020, and Honken on July 17, 2020. (*Id*.) Keith Dwayne Nelson is scheduled for execution on August 28, 2020. (*Id.*)

Because these four Plaintiffs are scheduled to be executed before their claims can be fully litigated, they have asked this court, pursuant to Federal Rule of Civil Procedure 65 and Local Rule 65.1, to preliminarily enjoin Defendants from executing them while they litigate their remaining claims. (ECF No. 102, Pls. Mot. for Prelim. Inj.)

2

On July 2, 2020, the Seventh Circuit stayed Purkey's execution, and at the time of this filing, that stay remains in place.[2] *Purkey v. United States*, No. 19-3318, 2020 WL 3603779 (7th Cir. July 2, 2020). On July 10, 2020, the Southern District of Indiana preliminarily enjoined Lee's execution, *see Peterson v. Barr*, No. 2:20-cv-350 (S.D. Ind. July 10, 2020), ECF No. 21, but on July 12, 2020, the Seventh Circuit vacated the injunction. *See Peterson v. Barr*, No. 20-2252 (7th Cir. July 12, 2020).

The last-minute nature of this ruling is unfortunate, but no fault of the Plaintiffs. *Cf. Bucklew v. Precythe*, 139 S. Ct. 112, 1134 (2019) ("the last-minute nature of an application that could have been brought earlier . . . may be grounds for denial of a stay.") (internal quotations omitted). The succession of last-minute rulings is the result of the Government's decision to set short execution dates even as many claims, including those addressed here, were pending.[3] The Government is entitled to choose dates, but the court cannot take short cuts in its obligations in order to accommodate those dates. As the Seventh Circuit wrote last week, "just because the death penalty is involved is no reason to take shortcuts—indeed, it is a reason not to do so." *Purkey v. United States*, 2020 WL 3603779, at *11.

## I.    BACKGROUND

The Eighth Amendment to the Constitution provides that "excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S.

---

[2] Because the Seventh Circuit affirmed the district court's denial of Purkey's petition for writ of habeas corpus, and only temporarily stayed his execution "pending the completion of proceedings in the Seventh Circuit," this court finds it appropriate to preliminarily enjoin his execution as well as those of the other Plaintiffs. *Id.* at *11.

[3] Three Plaintiffs filed complaints shortly after the DOJ announced the 2019 Protocol, months before their initially scheduled executions, and Nelson filed his complaint before Defendants even announced his execution date.

CONST. amend. VIII.  The Supreme Court declared capital punishment constitutional in 1976, in *Gregg v. Georgia*. 428 U.S. 153, 187 (1976) (lifting a *de facto* moratorium on the death penalty).  Therefore, "there must be a constitutional means of carrying it out."  *Glossip v. Gross*, 135 S. Ct. 2726, 2732–33 (2015) (citation omitted).  Balancing the constitutional legitimacy of capital punishment with the Eighth Amendment's prohibition on cruel and unusual methods of execution has long been the subject of intense debate and litigation since the advent of hanging, electrocution, and, most recently, lethal injection.  *Baze v. Rees*, 553 U.S. 35, 41–42 (2008).

The Supreme Court first addressed the application of the Eighth Amendment to lethal injection in *Baze*, upholding Kentucky's then-practice of execution by injection with a three-drug combination: (1) sodium thiopental, a fast-acting barbiturate sedative; (2) pancuronium bromide, a paralytic agent that paralyzes the body and stops the lungs; and (3) potassium chloride, which induces cardiac arrest.  *Id.* at 44.  The plaintiffs in that case conceded that, if administered properly, the three drugs in combination eliminated any "meaningful risk" that the inmate would experience severe pain but argued that the risk of improper administration was so significant that the protocol violated the Eighth Amendment.  *Id.* at 49.

Although the Court upheld Kentucky's use of the three-drug injection in *Baze*, state methods have changed in recent years.  Many of the companies that manufacture drugs such as sodium thiopental have either ceased production or declined to sell them to states for use in executions.  *Glossip*, 135 S. Ct. at 2733.  Some states have sought to maintain their three-drug protocols while replacing sodium thiopental with sedatives such as propofol, pentobarbital sodium, and midazolam, the latter of which was upheld by the Supreme Court in *Glossip*.  *Id.* at 2731.  Other states have opted to conduct executions with a single-drug protocol consisting of a lethal dose of a single sedative.  *Bucklew v. Precythe*, 139 S. Ct. 1112, 1120 (2019).

4

The federal government has likewise changed its execution protocol. In 2005, three federal death row inmates sued, alleging that their executions were to be administered under an unlawful and unconstitutional execution protocol. *Roane v. Gonzales*, 1:05-cv-02337 (D.D.C.), ECF No. 1 ¶ 2. The court preliminarily enjoined their executions. *Roane*, ECF No. 5. Four other death row inmates intervened, and their executions were enjoined as well. *See Roane*, ECF Nos. 23, 27, 36, 38, 67, and 68. During this litigation, the government produced a 50-page document (2004 Main Protocol) outlining BOP execution procedures. *Roane*, ECF No. 179-3. The government then produced two three-page addenda to the 2004 Main Protocol. *See Roane*, ECF No. 177-3 (Addendum to Protocol, July 1, 2007) (the 2007 Addendum); ECF No. 177-1 (Addendum to Protocol, Aug. 1, 2008) (the 2008 Addendum). In 2011 the DOJ announced that the BOP did not have the drugs it needed to implement the 2008 Addendum. *See* Letter from Office of Attorney General to National Association of Attorneys General, (Mar. 4, 2011), https://files.deathpenaltyinfo.org/legacy/documents/2011.03.04.holder.letter.pdf. The government informed the court that the BOP "has decided to modify its lethal injection protocol but the protocol revisions have not yet been finalized." *Roane*, ECF No. 288 at 2. In response, the court stayed the *Roane* litigation.

No further action was taken in the cases for over seven years. On July 24, 2019, the DOJ announced a new addendum to the execution protocol, (Admin. R. at 874–78), replacing the three-drug protocol of the 2008 Addendum with a single drug: pentobarbital sodium. (*Id.* at 879–80.) The BOP also adopted a new protocol to replace the 2004 Main Protocol. (*Id.* at 1021–72.) The 2019 Protocol provides for three injections, the first two containing 2.5 grams of pentobarbital in 50 milliliters of diluent each, and the third containing 60 milliliters of a saline flush. (*Id.* at 880.) The 2019 Protocol makes no reference to the form or source of the drug, or

measures of quality control, and its description of the intravenous administration of the drug simply provides that the Director or designee "shall determine the method of venous access" and that "[i]f peripheral venous access is utilized, two separate lines shall be inserted in separate locations and determined to be patent by qualified personnel." (*Id.*)

Following this announcement, the court held a status conference in *Roane* on August 15, 2019. (*See* Minute Entry, Aug. 15, 2019.) In addition to the *Roane* plaintiffs, the court heard from counsel for three other death row inmates, all of whom cited the need for additional discovery on the new protocol. (*See* ECF No. 12, Status Hr'g Tr.) The government indicated that it was unwilling to stay the executions, and the court bifurcated discovery and ordered Plaintiffs to complete 30(b)(6) depositions by February 28, 2020, and to file amended complaints by March 31, 2020. (*See* Minute Entry, Aug. 15, 2019.)

Four inmates with scheduled execution dates filed complaints or motions to intervene in the *Roane* action challenging the 2019 Protocol, and they each subsequently moved to preliminarily enjoin their executions.[4] On November 20, 2019, the court granted the four Plaintiffs' motions for preliminary injunction, finding that they had demonstrated a likelihood of success on their claims that the 2019 Protocol exceeds statutory authority. (Mem. Op. at 13, 15.) The court did not rule on Plaintiffs' other claims, including that the 2019 Protocol is arbitrary and capricious under the Administrative Procedure Act (APA), that it violates the Food, Drug,

---

[4] Lee filed his complaint on August 23, 2019 (*see Lee v. Barr*, 1:19-cv-02559 (D.D.C.), ECF No. 1), and his motion for a preliminary injunction on September 27, 2019. (ECF No. 13, Lee Mot. for Prelim. Inj.) On August 29, 2019, Bourgeois moved to preliminarily enjoin his execution. (ECF No. 2, Bourgeois Mot. for Prelim. Inj.) Honken filed an unopposed motion to intervene in *Lee v. Barr*, which was granted. (ECF No. 26, Honken Mot. to Intervene.) He then moved for a preliminary injunction on November 5, 2019. (ECF No. 29, Honken Mot. for Prelim. Inj.) Purkey filed a complaint and a motion for a preliminary injunction under a separate case number, 1:19-cv-03214, which was consolidated with *Roane*. (ECF No. 34, Purkey Mot. for Prelim. Inj.)

6

and Cosmetic Act (FDCA) and the Controlled Substances Act (CSA), that it violates Plaintiffs' right to counsel in violation of the First, Fifth, and Sixth Amendments, and that it is cruel and unusual in violation of the Eighth Amendment. (*Id.* at 13.) Following the court's order, three additional death row inmates filed complaints under separate case numbers, which in turn were consolidated with *Roane*.[5] Defendants moved to stay the court's preliminary injunction, which the court denied. (*See* Minute Order, Nov. 22, 2019.) The D.C. Circuit likewise denied Defendants' motion to stay, *In re Fed. Bureau of Prisons' Execution Protocol Cases*, No. 19-5322 (D.C. Cir. Dec. 2, 2019), as did the United States Supreme Court on December 6, 2019. *Barr v. Roane*, 140 S. Ct. 353 (2019). However, three Justices issued a statement indicating their belief that Defendants were likely to prevail on the merits. *Id.*

Defendants also filed an interlocutory appeal of the court's 2019 Order on November 21, 2019. (*See* ECF No. 52.) On April 7, 2020, the D.C. Circuit reversed. *Execution Protocol Cases*, 955 F.3d at 108. Neither of the two judges on the panel who voted to reverse agreed on the FDPA's statutory requirements. *Id.* at 112 (per curiam). Nonetheless, they agreed that Plaintiffs were unlikely to prevail on the merits of their claims that the 2019 Protocol exceeds statutory authority. *Id.* The panel expressly declined to rule on Plaintiffs' remaining statutory and constitutional claims, as "the government did not seek immediate resolution of all the plaintiffs' claims" and the claims "were neither addressed by the district court nor fully briefed in this Court." *Id.* at 113. The Court of Appeals denied Plaintiffs' petition for rehearing en banc on May 15, 2020, and the Supreme Court denied Plaintiffs' application for a stay of the mandate and petition for a writ of certiorari on June 29, 2020. *Bourgeois*, 2020 WL 3492763.

---

[5] These plaintiffs are Norris G. Holder, Jr., 1:19-cv-3520; Brandon Bernard, 1:20-cv-474; and Keith Dwayne Nelson, 1:20-cv-557.

Meanwhile, Plaintiffs filed their Amended Complaint on June 1, 2020, (ECF No. 90, Am. Compl.), the same day Holder filed a separate supplemental complaint. (ECF No. 94, Holder Compl.)

On June 15, 2020, the DOJ announced new execution dates for Plaintiffs. (Defs. Notice Regarding Execution Dates.) Four days later, Plaintiffs filed a joint motion for a preliminary injunction on the basis of their unresolved claims. (Pls. Mot. for Prelim. Inj.) Plaintiffs thus ask the court to preliminarily enjoin Defendants from executing Lee, Purkey, Honken, and Nelson while they litigate their claims.

## II.    ANALYSIS

The court's 2019 Order sets forth the legal standard for considering a motion for a preliminary injunction, which is an "extraordinary remedy" requiring courts to assess four factors: (1) the likelihood of the plaintiff's success on the merits, (2) the threat of irreparable harm to the plaintiff absent an injunction, (3) the balance of equities, and (4) the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 24 (2008) (citations omitted); *John Doe Co. v. Consumer Fin. Prot. Bureau,* 849 F.3d 1129, 1131 (D.C. Cir. 2017). The D.C. Circuit has traditionally evaluated claims for injunctive relief on a sliding scale, such that "a strong showing on one factor could make up for a weaker showing on another." *Sherley v. Sebelius,* 644 F.3d 388, 392 (D.C. Cir. 2011). It has been suggested, however, that a movant's showing regarding success on the merits "is an independent, free-standing requirement for a preliminary injunction." *Id.* at 393 (quoting *Davis v. Pension Benefit Guar. Corp.*, 571 F.3d 1288, 1296 (D.C. Cir. 2009) (Kavanaugh, J., concurring)).

## A.    Likelihood of Success on the Merits of Plaintiffs' Eighth Amendment Claims

Plaintiffs bringing an Eighth Amendment challenge to the method of execution face a high bar.  They must demonstrate that the 2019 Protocol presents a "substantial risk of serious harm," and they must identify an alternative method of execution that will significantly reduce the risk of serious pain and that is feasible and readily implemented.  *Glossip*, 135 S. Ct. at 2737; *see also Bucklew*, 139 S. Ct. at 1129 (confirming that "anyone bringing a method of execution claim alleging the infliction of unconstitutionally cruel pain must meet the *Baze-Glossip* test.").

### 1.    Substantial Risk of Serious Harm

It is not enough for Plaintiffs to argue that Defendants' planned use of pentobarbital will potentially cause pain.  "[B]ecause some risk of pain is inherent in any method of execution, we have held that the Constitution does not require the avoidance of all risk of pain."  *Glossip*, 135 S. Ct. at 2733.  For the 2019 Protocol to constitute cruel and unusual punishment in violation of the Eighth Amendment, Plaintiffs must show that it presents a risk of severe pain that is "sure or very likely to cause serious illness and needless suffering" and gives rise to "sufficiently imminent dangers," such that prison officials cannot later plead "that they were subjectively blameless."  *Baze*, 553 U.S. at 49–50 (citations omitted).  Although the Supreme Court has cautioned against federal courts becoming "boards of inquiry charged with determining 'best practices' for executions," *id.* at 51, this question necessarily requires some weighing of scientific evidence.  *See, e.g.*, *Glossip*, 135 S. Ct. at 2739 (affirming district court's findings that midazolam was "highly likely" to render inmates unable to feel pain during execution).

The scientific evidence before the court overwhelmingly indicates that the 2019 Protocol is very likely to cause Plaintiffs extreme pain and needless suffering during their executions.  The declarations submitted by Plaintiffs' experts illustrate that the majority of inmates executed

via pentobarbital injection suffered flash pulmonary edema during the procedure.  (*See* ECF No. 26-12, Expert Decl. of Mark Edgar, ¶ 74; ECF No. 24, Expert Decl. of Gail Van Norman, Autopsy Findings, at 85.)  Pulmonary edema, which interferes with breathing, "produces sensations of drowning and asphyxiation" resulting in "extreme pain, terror and panic."  (Edgar Decl., ¶¶ 78–80.)

Eyewitness accounts of executions using pentobarbital describe inmates repeatedly gasping for breath or showing other signs of respiratory distress, and indicate that flash pulmonary edema is common and extremely painful.  (*Id.*)  Dr. Gail Van Norman concluded that it is a "virtual medical certainty that most, if not all, prisoners will experience excruciating suffering, including sensations of drowning and suffocation" during an execution conducted in accordance with the 2019 Protocol.  (Van Norman Decl. ¶ 18.)

Defendants urge the court to disregard these findings.  They first contend that the Supreme Court has already upheld similar methods of execution, and that the pain associated with pulmonary edema is not severe enough to render the 2019 Protocol unconstitutional.  (*See* ECF No. 113-1, Defs. Opp. to Pls. Mot., at 22–25.)  But the cases upon which Defendants rely are inapposite.  Neither *Baze* nor *Glossip* involved a single-drug protocol or the use of pentobarbital, and the fact that some plaintiffs in those and other cases suggested that pentobarbital would be a constitutional alternative does not invalidate the expert testimony before the court, which indicates otherwise.  *Glossip*, 135 S. Ct. at 2738; *Baze*, 553 U.S. at 56–57.  *Bucklew* did involve a challenge to pentobarbital, but one unique to that plaintiff's medical condition—he argued that vascular tumors caused by his cavernous hemangioma would prevent the pentobarbital from working as intended, and thus brought an as-applied challenge to a procedure that he conceded was "constitutional in most applications."  139 S. Ct. at 1118, 1120.

10

Plaintiffs, of course, concede no such thing, and in fact allege the opposite. (*See* Pls. Mot. for Prelim. Inj. at 34.)

Defendants also urge the court to follow the Sixth Circuit's recent decision, *In re Ohio Execution Protocol Litigation*, which rejected an Eighth Amendment claim based on the risk of pulmonary edema during execution, and which Plaintiffs claim misinterpreted *Bucklew*. 946 F.3d 287 (6th Cir. 2019), (Pls. Mot. for Prelim. Inj. at 35 n.12.) Defendants initially relied on the Sixth Circuit's holding that "neither pulmonary edema nor the symptoms associated with it qualify as the type of serious pain prohibited by the Eighth Amendment," but after the first round of briefing in this case last year, the Sixth Circuit issued an amending and superseding opinion omitting this language. *Compare* 937 F.3d 759, 762 (6th Cir. 2019), *with* 946 F.3d at 290. Although the Sixth Circuit's amended opinion does suggest that the risk of pain associated with sensations of drowning and suffocation is akin to that of hanging, it does not reach a conclusion as to whether pulmonary edema can result in pain that is so severe as to violate the Eighth Amendment. 946 F.3d at 290.

In any event, this case is factually distinct from *Ohio Execution Protocol*. That case not only involved a different execution protocol using a different drug—a three-drug protocol employing midazolam as the first drug rather than a one-drug protocol relying exclusively on pentobarbital—but it held that the plaintiff had failed to provide "evidence showing that a person deeply sedated by a 500 milligram dose of midazolam is still 'sure or very likely' to experience an unconstitutionally high level of pain." *Id.* Here, Plaintiffs have amassed an extensive factual record, and their experts have concluded that there is a "virtual medical certainty" that the 2019 Protocol will result in "excruciating suffering." (Van Norman Decl. at 7.)

11

Defendants do not contest Plaintiffs' evidence that the majority of individuals executed via pentobarbital suffer flash pulmonary edema, but they have submitted expert testimony arguing that the pulmonary edema occurs either post-mortem or after the inmate has been rendered insensate. (*See* Defs. Opp. to Pls. Mot. at 12–13; ECF No. 111-4, Expert Decl. of Joseph Antognini, ¶ 8.) Thus, the question of whether the 2019 Protocol is significantly likely to cause serious pain turns on the narrower question of whether the pentobarbital is likely to render inmates insensate or dead before they experience the symptoms of pulmonary edema.

Plaintiffs have the better of the scientific evidence on this question. Dr. Van Norman demonstrates that flash pulmonary edema can only occur in still-living subjects, and that it develops "almost instantaneously" following injection. (ECF No. 117-1, Supp. Decl. of Gail Van Norman, ¶¶ 19–24.) Defendants argue that Plaintiffs concede that pentobarbital renders patients insensate very rapidly, (Defs. Opp. to Pls. Mot. at 12), but the evidence indicates no such concession. Dr. Van Norman specifically states that barbiturates like pentobarbital render patients "unresponsive" but still conscious and capable of experiencing the severe pain associated with flash pulmonary edema. (Van Norman Supp. Decl. ¶¶ 10–13, 21.) While Dr. Antognini disputes these findings, he does not undermine them. (*See* ECF No. 122-2, Supp. Decl. of Joseph Antognini, ¶¶ 20–23.) Dr. Van Norman's conclusion is also supported by eyewitness accounts of previous executions using pentobarbital, in which inmates visibly gasped for breath, and autopsies that revealed "foam or froth" in the inmates' airways, a phenomenon that occurs when the edema fluid mixes with air while the inmate is still attempting to breathe. (*See, e.g.*, Edgar Decl. ¶¶ 78–79.)

While it is difficult to weigh competing scientific evidence at this relatively early stage, the factual record indicates that Plaintiffs are likely to succeed on the merits of their claims that

the 2019 Protocol poses a substantial risk of serious pain. They have thus met the first prong of their burden on their Eighth Amendment claims.

### 2. Known and Available Alternatives

Plaintiffs argue that several alternative methods of execution will significantly reduce the substantial risk of serious pain. (Pls. Mot. for Prelim. Inj. at 36–40.)

*Procedural safeguards*. Plaintiffs claim Defendants could implement a number of procedural safeguards, including (1) requiring the use of two functioning peripheral IV lines and placing limits on the use of a central line, (2) administering the lethal-injection protocol bedside, and (3) implementing additional procedures to respond to unexpected occurrences. (*Id.* at 37–39.)

Defendants correctly characterize these proposals as mere "failsafes" that do not render the planned method of execution unconstitutional. *Baze*, 553 U.S. at 60–61. Plaintiffs' proposal regarding the placement of IV lines is the type of "slightly or marginally safer alternative" that the Supreme Court has previously rejected. *Id.* at 51. Moreover, the vague suggestion of adding procedures to better respond to problems that may arise during the execution seems aimed at an "isolated mishap," rather than the substantial risk of serious pain from the use of pentobarbital. *See id.* at 50. The alleged benefits of bedside administration of pentobarbital are likewise aimed at reducing the risk of maladministration. (*See* Pls. Mot. for Prelim. Inj., at 38–39.) In sum, it appears likely that implementing these measures would result in a "minor reduction in risk" at best. *Bucklew*, 139 S. Ct. at 1130.

*Pre-dose of opioid pain or anti-anxiety medication*. Plaintiffs have demonstrated that a pre-dose of certain opioid pain medication drugs, such as morphine or fentanyl, will significantly reduce the risk of severe pain during the execution. (Pls. Mot. for Prelim. Inj. at 36–37; ECF No.

13

25, Expert Decl. of Craig Stevens, ¶¶ 15–16.)  Defendants argue that this proposal lacks sufficient detail, that no state currently uses analgesics in its execution procedures, and that pentobarbital alone is sufficiently painless.  (Defs. Opp. to Pls. Mot. at 32.)

This court has already found that pentobarbital alone poses an unconstitutionally significant risk of serious pain, and it finds Defendants' remaining arguments to be unavailing. While *Bucklew* emphasized that a proposed alternative method of execution must be not just "theoretically feasible but also readily implemented," this simply means that the proposal must be "sufficiently detailed to permit a finding that the State could carry it out relatively easily and reasonably quickly."  139 S. Ct. at 1129 (internal quotation marks omitted).  *See also id.* at 1128 (noting that the burden of identifying an alternative means of execution "can be overstated."). The class of medications identified by Plaintiffs, and the proposed dosage of morphine and fentanyl more specifically, meet this standard.  (Stevens Decl. ¶¶ 7–16.)

The fact that other states have not adopted Plaintiffs' proposed method of using pain medication is also not dispositive.  *See Bucklew*, 139 S. Ct. at 1136 (Kavanaugh, J., concurring) ("I write to underscore the Court's additional holding that the alternative method of execution need not be authorized under current state law. . . . Importantly, all nine Justices today agree on that point.").

Defendants argue that as in *Bucklew and Baze*, Plaintiffs' proposed alternative has "no track record of successful use," *id.* at 1130, and is "untried and untested."  *Baze*, 553 U.S. at 41. But this case presents a different scenario.  In *Bucklew*, the plaintiff proposed execution by nitrogen hypoxia, but even after "extensive discovery," he provided only a "bare-bones" proposal premised on "unsupported, if not affirmatively contradicted" assertions regarding its effectiveness.  139 S. Ct. at 1121, 1129–30.  In *Baze*, the plaintiff's proposal of a one-drug

14

protocol was offered "without any findings on [its] effectiveness" and relied heavily on comparisons to animal euthanasia. 553 U.S. at 56–58. Here, Plaintiffs' proposal is simpler, and is supported by substantial scientific evidence of its effectiveness in non-lethal human treatment. Moreover, the parties agree that Nebraska recently used a pre-dose of fentanyl for the precise purpose of reducing the risk of serious pain during an execution. In sum, Plaintiffs have not proposed a complex medical procedure, lacking in detail and possibly requiring years of further research, but a simple addition to the execution procedure that is likely to be as effective as it is easily and quickly administered. *See Bucklew*, 139 S. Ct. at 1129.

Finally, Defendants contend that the BOP already considered and rejected using fentanyl in executions, in part due to speculation that manufacturers would refuse to supply it. (Defs. Opp. to Pls. Mot. at 32.) Although Defendants do not make the same argument regarding the availability of morphine, it is true that the government cannot be faulted for failing to use a drug it has been unable to obtain through good-faith efforts. *Glossip*, 135 S. Ct. at 2738. But Defendants have provided no evidence of such efforts; they merely assert that manufacturers would "most likely" resist efforts to use fentanyl in executions. (Admin. R. at 869.) This is a far cry from showing that they are unable to procure fentanyl for Plaintiffs' executions.

*Firing squad*. Alternatively, Plaintiffs proffer execution by firing squad. (Pls. Mot. for Prelim. Inj. at 39–40.) Because that method of execution is feasible, readily implemented, and would significantly reduce the risk of severe pain, it satisfies the *Baze-Glossip* requirements for proposed alternatives. Execution by firing squad is currently legal in three states, Utah, Oklahoma, and Mississippi, and can hardly be described as "untried" or "untested" given its historical use as a "traditionally accepted method of execution." *Bucklew*, 139 S. Ct. at 1125.

Furthermore, the last execution by firing squad in the United States occurred just over a decade ago, on June 18, 2010, in Utah.

Both the historical use of firing squads in executions and more recent evidence suggest that, in comparison to the 2019 Protocol, execution by firing squad would significantly reduce the risk of severe pain. *See, e.g.*, Deborah Denno, *Is Electrocution an Unconstitutional Method of Execution? The Engineering of Death Over the Century*, 35 Wm. & Mary L. Rev. 551, 688 (1994) ("A competently performed shooting may cause nearly instant death"); Austin Sarat, *Gruesome Spectacles: Botched Executions and America's Death Penalty* 117, App. A. (2014) (calculating that, of all executions conducted since 1900, executions by firing squad had the lowest rate of "botched" executions—zero out of thirty-four—of any method).

Defendants point to several cases from other Circuits in which courts appeared skeptical of these conclusions. (Defs. Opp. to Pls. Mot. at 34–35.) Again, however, they overlook the Supreme Court's guidance in *Bucklew* that a plaintiff's burden in identifying an alternative method of execution "can be overstated" and that there is "little likelihood that an inmate facing a serious risk of pain will be unable to identify an available alternative." 139 S. Ct. at 1128–29. Indeed, members of the Court, including at least one Justice in the *Bucklew* majority, have opined that the firing squad may be an immediate and sufficiently painless method of execution. *See, e.g.*, *id.* at 1136 (Kavanaugh, J., concurring); *Arthur v. Dunn*, 137 S. Ct. 725, 734 (2017) (Sotomayor, J., dissenting from denial of cert.) ("In addition to being near instant, death by shooting may also be comparatively painless."). Moreover, given that use of the firing squad is "well established in military practice," *Baze*, 553 U.S. at 102 (Thomas, J., concurring), Defendants are, if anything, more capable than state governments of finding "trained marksmen

who are willing to participate," and who possess the skill necessary to ensure death is near-instant and comparatively painless. *McGehee v. Hutchinson*, 854 F.3d 488, 494 (8th Cir. 2017).

Defendants also argue that execution by firing squad is not a "readily available" method of execution. It is true that, compared to the relative ease with which opioids could be added to the existing execution protocol, execution by firing squad would mean a complete transformation of the government's method of execution. Therefore, Defendants argue, the court should defer to the government's "legitimate reasons" for choosing not to adopt the firing squad as a method of execution—that legitimate reason being that the firing squad is so rarely used. (Defs. Opp. to Pls. Mot. at 36.)

Defendants' logic is somewhat circular. *See, e.g.*, *Arthur*, 137 S. Ct. at 729 (Sotomayor, J., dissenting from denial of cert.) (reasoning that allowing a state to conduct an unconstitutional execution simply because it declines to authorize any alternative "cannot be right"). *See also Bucklew*, 139 S. Ct. at 1128 ("The Eighth Amendment is the supreme law of the land, and the comparative assessment it requires can't be controlled by the State's choice of which methods to authorize in its statutes."). Indeed, Defendants' argument implicitly asks the court to follow the Eleventh Circuit's holding that a proposed alternative method of execution must be authorized by law. *Arthur v. Comm'r, Ala. Dep't of Corr.*, 840 F.3d 1268, 1317–18 (11th Cir. 2016). Yet the Eleventh Circuit acknowledged last year that *Bucklew* "demonstrates our conclusion in *Arthur* was incorrect." *Price v. Comm'r, Ala. Dep't of Corr.*, 920 F.3d 1317, 1326 (11th Cir. 2019), *cert. denied sub nom. Price v. Dunn*, 139 S. Ct. 1542 (2019).

The court declines to opine on whether the firing squad would be an acceptable alternative method of execution in every case. However, it finds that Defendants could readily adopt Plaintiffs' proposal. Even if *Bucklew* is read as requiring Plaintiffs to plead a method of

17

execution that is currently authorized by at least one state, the firing squad is currently authorized by three states and was used relatively recently in one. More importantly, the federal government is uniquely capable of consulting with Utah and adopting its existing protocol. Defendants' final argument is that Plaintiffs' stated preference for execution by firing squad is insincere. (Defs. Opp. to Pls. Mot. at 37.) But the court notes that Plaintiffs have argued for it at length, and have adequately shown that it is readily implemented, available, and would significantly reduce the risk of severe pain. *Cf. Bucklew*, 139 S. Ct. at 1136 (Kavanaugh, J., concurring) (rejecting possibility of execution by firing squad where the plaintiff had chosen not to plead it as an alternative).

Plaintiffs have identified two available and readily implementable alternative methods of execution that would significantly reduce the risk of serious pain: a pre-dose of opioid pain or anti-anxiety medication, or execution by firing squad. Thus, they have established a likelihood of success on the merits of their claims that the 2019 Protocol's method of execution constitutes cruel and unusual punishment in violation of the Eighth Amendment. Given this finding, the court need not reach Plaintiffs' other remaining claims.[6]

_____

[6] The court is mindful of the prudential rule that when a case can be decided on purely statutory grounds, courts should avoid constitutional questions. *See Ashwander v. Tenn. Valley Auth.*, 297 U.S. 288, 347 (1936) (Brandeis, J., concurring). But this "is a rule of prudence, not an absolute command." *Int'l Refugee Assistance Project v. Trump*, 883 F.3d 233, 351 (4th Cir. 2018) (Harris, J., concurring) (citations omitted), *vacated on other grounds*, 138 S. Ct. 2710 (2018); *see also Trump v. Hawaii*, 138 S. Ct. 2392, 2434 (2018) (Sotomayor, J., dissenting) ("That rule of thumb is far from categorical, and it has limited application where, as here, the constitutional question proves far simpler than the statutory one."). Plaintiffs' remaining statutory claims raise novel and complex questions that, as Defendants themselves note repeatedly, could result in far-reaching and unpredictable consequences. In contrast, Plaintiffs' Eighth Amendment claims require the court to preliminarily enjoin the 2019 Protocol for the "more fundamental reason" that it creates an unconstitutionally significant risk of serious pain. *Id.*

18

## B.    Irreparable Harm

The court's analysis of irreparable harm is unchanged from its 2019 Order.  In order to prevail on a request for preliminary injunction, irreparable harm "must be certain and great, actual and not theoretical, and so imminent that there is a clear and present need for equitable relief to prevent irreparable harm," and it "must be beyond remediation." *League of Women Voters of U.S. v. Newby,* 838 F.3d 1, 7–8 (D.C. Cir. 2016) (citing *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006)) (internal quotation marks and brackets omitted).  Here, without injunctive relief, Plaintiffs would be unable to pursue their remaining claims, including the claims that the method of planned execution under the 2019 Protocol is cruel and unusual in violation of the Eighth Amendment, and would therefore be executed under a procedure likely to be unconstitutional.  This harm is manifestly irreparable.

Other courts in this Circuit have found irreparable harm in similar, but less dire circumstances.  *See, e.g.*, *Damus v. Nielsen*, 313 F. Supp. 3d 317, 342 (D.D.C. 2018) (finding irreparable injury where plaintiffs faced detention under challenged regulations); *Stellar IT Sols., Inc. v. USCIS*, No. 18-2015 (RC), 2018 WL 6047413, at *11 (D.D.C. Nov. 19, 2018) (finding irreparable injury where plaintiff would be forced to leave the country under challenged regulations); *FBME Bank Ltd. v. Lew*, 125 F. Supp. 3d 109, 126–27 (D.D.C. 2015) (finding irreparable injury where challenged regulations would threaten company's existence); *N. Mariana Islands v. United States*, 686 F. Supp. 2d 7, 19 (D.D.C. 2009) (finding irreparable injury where challenged regulations would limit guest workers).  No member of the D.C. Circuit panel on appeal challenged the court's finding in its 2019 Order that Plaintiffs would suffer irreparable harm absent preliminary relief, and Defendants do not dispute that irreparable harm is likely.

Based on the record before it, the court finds that Plaintiffs have shown that absent injunctive relief, they will suffer the irreparable harm of being executed under a likely unconstitutional procedure before their claims can be fully adjudicated.

## C.   <u>Balance of Equities</u>

Defendants argue that if the court preliminarily enjoins the 2019 Protocol, they will suffer the harm of having to delay the scheduled execution dates.  (*See* Defs. Opp. to Pls. Mot. at 57.) The government's interest in the finality of criminal proceedings, including capital cases, is compelling.  *Calderon v. Thompson*, 523 U.S. 538, 556 (1998).  On the other hand, the fact that the government waited eight years to establish a new protocol undermines its arguments regarding the urgency and weight of that interest.  The government may have had valid reasons to proceed with caution, but it can hardly now claim that any further delay would cause it substantial harm.  The court notes that while almost eight months have passed since its 2019 Order, Plaintiffs still have not been afforded sufficient opportunity to evaluate the 2019 Protocol—it was Defendants who initially declined to stay Plaintiffs' executions to allow discovery on the Protocol.  (Status Hr'g Tr. at 6, 10–11.)

Indeed, where the Supreme Court has been sympathetic to the government's need for finality in capital cases, it has generally been in cases where plaintiffs waited until the last minute to bring claims that could have been brought earlier, or engaged in a clear "attempt at manipulation" of the judicial process.  *Bucklew*, 139 S. Ct. at 1134 (quoting *Hill v. McDonough*, 547 U.S. 573, 584 (2006)).  Here, however, three of the four Plaintiffs filed their complaints shortly after the DOJ announced the 2019 Protocol, months before their initially scheduled executions, and Nelson filed his complaint before Defendants even announced his execution

date.  Plaintiffs are not raising new claims that they could have brought in their initial complaints, but rather renewing the Eighth Amendment arguments made in their initial motions.

Given this background, the court finds that the potential harm to the government caused by a delayed execution is not substantial, and is outweighed by the irreparable harm Plaintiffs would face absent an injunction.[7]

### D.  Public Interest

As noted in the court's 2019 Order, the public interest is not served by executing individuals before they have had the opportunity to avail themselves of the legal process to challenge the legality of their executions.  "Applying the law in a way that violates the Constitution is *never* in the public's interest."  *Minney v. United States Office of Pers. Mgmt.*, 130 F. Supp. 3d 225, 236 (D.D.C. 2015) (emphasis in original).  *See also Purkey v. United States*, 2020 WL 3603779, at *11 ("Just because the death penalty is involved is no reason to take shortcuts—indeed, it is a reason not to do so."); *Cooey v. Taft*, 430 F. Supp. 2d 702, 708 (S.D. Ohio 2006) ("The public interest has never been and could never be served by rushing to judgment at the expense of a condemned inmate's constitutional rights."); *Harris v. Johnson*, 323 F. Supp. 2d 797, 810 (S.D. Tex. 2004) ("Confidence in the humane application of the governing laws . . . must be in the public's interest.").  Accordingly, the court finds that the public interest is served by preliminarily enjoining Plaintiffs' executions because it will allow judicial review of whether the United States Government's planned execution protocol complies with the Eighth Amendment, and to ensure that it does so in the future.

---

[7] In his separate Opinion, Judge Katsas found that this was a case in which the balance of equities favored the government. *Execution Protocol Cases*, 955 F.3d at 126 (Katsas, J., concurring).  However, he noted that this was partly because the claims then before the Court presented no "colorable dispute that pentobarbital will cause anything but a swift and painless death."  *Id.* at 128–29.  Plaintiffs' Eighth Amendment claims now raise precisely this dispute.

21

### III.    CONCLUSION

The court finds that at least one of Plaintiffs' claims has a likelihood of success on the merits, and that absent a preliminary injunction, Plaintiffs will suffer irreparable harm.  It further finds that the likely harm that Plaintiffs would suffer if the court does not grant injunctive relief far outweighs any potential harm to Defendants.  Finally, because the public is not served by short-circuiting legitimate judicial process, and is greatly served by attempting to ensure that the most serious punishment is imposed in a manner consistent with our Constitution, the court finds that it is in the public interest to issue a preliminary injunction.  Accordingly, having reviewed the parties' filings, the record, and the relevant case law, and for the reasons set forth above, the court will GRANT Plaintiffs' Motion for a Preliminary Injunction.  A corresponding order will be issued simultaneously.


Date:  July 13, 2020


*Tanya S. Chutkan*
_____
TANYA S. CHUTKAN
United States District Judge

| | |
|---|---|
| ) | |
| In the Matter of the ) | |
| Federal Bureau of Prisons' Execution ) | |
| Protocol Cases, ) | |
| ) | |
| LEAD CASE: *Roane, et al. v. Barr* ) | Case No. 19-mc-145 (TSC) |
| ) | |
| THIS DOCUMENT RELATES TO: ) | |
| ) | |
| *Lee v. Barr, et al.*, 19-cv-2559 ) | |
| ) | |
| *Purkey v. Barr, et al.*, 19-cv-3214 ) | |
| ) | |
| *Nelson v. Barr, et al.*, 20-cv-557 ) | |
| ) | |

## ORDER

For the reasons set forth in the accompanying Memorandum Opinion, the court hereby

GRANTS Plaintiffs' Motion for a Preliminary Injunction (ECF No. 102).

It is hereby ORDERED that Defendants (along with their respective successors in office,

officers, agents, servants, employees, attorneys, and anyone acting in concert with them) are

enjoined from executing Plaintiffs Daniel Lewis Lee, Wesley Ira Purkey, Dustin Lee Honken,

and Keith Dwayne Nelson until further order of this court.


Date: July 13, 2020


*Tanya S. Chutkan*

TANYA S. CHUTKAN
United States District Judge

1

| | |
|---|---|
| In the Matter of the<br>Federal Bureau of Prisons' Execution<br>Protocol Cases,<br><br>LEAD CASE: *Roane, et al. v. Barr*<br><br>THIS DOCUMENT RELATES TO:<br><br>*Lee v. Barr, et al.*, 19-cv-2559<br><br>*Purkey v. Barr, et al.*, 19-cv-3214<br><br>*Nelson v. Barr, et al.*, 20-cv-557 | Case No. 19-mc-145 (TSC) |

## MEMORANDUM OPINION

In *Callins v. Collins*, Justice Blackmun, writing in dissent, declared that he would "no longer . . . tinker with the machinery of death." 510 U.S. 1141, 1145 (1994). More than twenty-five years later, this court is tasked with doing just that, in addressing challenges to the manner in which the federal government seeks to execute inmates who have been sentenced to death under federal statutes.

After a hiatus in federal executions of more than fifteen years, on July 25, 2019, the U.S. Department of Justice (DOJ) announced plans to execute five inmates who had been sentenced to death under the federal death penalty statute.[1] *See* Press Release, Dep't of Justice, Federal Government to Resume Capital Punishment After Nearly Two Decade Lapse (July 25, 2019), https://www.justice.gov/opa/pr/federal-government-resume-capital-punishment-after-nearly-two-

---

[1] Plaintiffs Bourgeois, Mitchell, Lee, and Purkey were sentenced under the Federal Death Penalty Act, 18 U.S.C. §§ 3591–3599. Plaintiff Honken was sentenced under the Anti-Drug Abuse Act of 1988, 21 U.S.C. § 848(e).

1

decade-lapse. To implement these executions, the Federal Bureau of Prisons (BOP) adopted a new execution protocol: the 2019 Protocol. (ECF No. 39-1, Admin. R. at 1021–75.)

On November 20, 2019, the court preliminarily enjoined the executions of four inmates: Alfred Bourgeois, Daniel Lewis Lee, Dustin Lee Honken, and Wesley Ira Purkey. (ECF No. 50, Mem. Op. (2019 Order), at 15.) The court found that these four Plaintiffs had demonstrated a likelihood of success on the merits of their claims that the 2019 Protocol violates the Federal Death Penalty Act (FDPA), but the court did not rule on their other statutory and constitutional claims. (*Id.* at 13–14.) In April of this year, a divided D.C. Circuit panel vacated the preliminary injunction. *In re Fed. Bureau of Prisons' Execution Protocol Cases*, 955 F.3d 106, 113 (D.C. Cir. 2020), *cert. denied sub nom. Bourgeois v. Barr*, No. 19-1348, 2020 WL 3492763 (June 29, 2020). That Court based its ruling solely on the Plaintiffs' claims under the FDPA and the APA, and noted that "regardless of our disposition, several claims would remain open on remand." *Execution Protocol Cases*, 955 F.3d at 113 (per curiam).

On June 15, 2020, the DOJ and BOP scheduled new execution dates for three of the four Plaintiffs whose executions had been preliminarily enjoined by the 2019 Order. (ECF No. 99, Defs. Notice Regarding Execution Dates.) Defendants intend to execute Lee on July 13, 2020, Purkey on July 15, 2020, and Honken on July 17, 2020. (*Id*.) Keith Dwayne Nelson is scheduled for execution on August 28, 2020. (*Id.*)

Because these four Plaintiffs are scheduled to be executed before their claims can be fully litigated, they have asked this court, pursuant to Federal Rule of Civil Procedure 65 and Local Rule 65.1, to preliminarily enjoin Defendants from executing them while they litigate their remaining claims. (ECF No. 102, Pls. Mot. for Prelim. Inj.)

On July 2, 2020, the Seventh Circuit stayed Purkey's execution, and at the time of this filing, that stay remains in place.[2] *Purkey v. United States*, No. 19-3318, 2020 WL 3603779 (7th Cir. July 2, 2020). On July 10, 2020, the Southern District of Indiana preliminarily enjoined Lee's execution, *see Peterson v. Barr*, No. 2:20-cv-350 (S.D. Ind. July 10, 2020), ECF No. 21, but on July 12, 2020, the Seventh Circuit vacated the injunction. *See Peterson v. Barr*, No. 20-2252 (7th Cir. July 12, 2020).

The last-minute nature of this ruling is unfortunate, but no fault of the Plaintiffs. *Cf. Bucklew v. Precythe*, 139 S. Ct. 112, 1134 (2019) ("the last-minute nature of an application that could have been brought earlier . . . may be grounds for denial of a stay.") (internal quotations omitted). The succession of last-minute rulings is the result of the Government's decision to set short execution dates even as many claims, including those addressed here, were pending.[3] The Government is entitled to choose dates, but the court cannot take short cuts in its obligations in order to accommodate those dates. As the Seventh Circuit wrote last week, "just because the death penalty is involved is no reason to take shortcuts—indeed, it is a reason not to do so." *Purkey v. United States*, 2020 WL 3603779, at *11.

## I.    BACKGROUND

The Eighth Amendment to the Constitution provides that "excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S.

---

[2] Because the Seventh Circuit affirmed the district court's denial of Purkey's petition for writ of habeas corpus, and only temporarily stayed his execution "pending the completion of proceedings in the Seventh Circuit," this court finds it appropriate to preliminarily enjoin his execution as well as those of the other Plaintiffs. *Id.* at *11.

[3] Three Plaintiffs filed complaints shortly after the DOJ announced the 2019 Protocol, months before their initially scheduled executions, and Nelson filed his complaint before Defendants even announced his execution date.

CONST. amend. VIII.  The Supreme Court declared capital punishment constitutional in 1976, in *Gregg v. Georgia*. 428 U.S. 153, 187 (1976) (lifting a *de facto* moratorium on the death penalty).  Therefore, "there must be a constitutional means of carrying it out."  *Glossip v. Gross*, 135 S. Ct. 2726, 2732–33 (2015) (citation omitted).  Balancing the constitutional legitimacy of capital punishment with the Eighth Amendment's prohibition on cruel and unusual methods of execution has long been the subject of intense debate and litigation since the advent of hanging, electrocution, and, most recently, lethal injection.  *Baze v. Rees*, 553 U.S. 35, 41–42 (2008).

The Supreme Court first addressed the application of the Eighth Amendment to lethal injection in *Baze*, upholding Kentucky's then-practice of execution by injection with a three-drug combination: (1) sodium thiopental, a fast-acting barbiturate sedative; (2) pancuronium bromide, a paralytic agent that paralyzes the body and stops the lungs; and (3) potassium chloride, which induces cardiac arrest.  *Id.* at 44.  The plaintiffs in that case conceded that, if administered properly, the three drugs in combination eliminated any "meaningful risk" that the inmate would experience severe pain but argued that the risk of improper administration was so significant that the protocol violated the Eighth Amendment.  *Id.* at 49.

Although the Court upheld Kentucky's use of the three-drug injection in *Baze*, state methods have changed in recent years.  Many of the companies that manufacture drugs such as sodium thiopental have either ceased production or declined to sell them to states for use in executions.  *Glossip*, 135 S. Ct. at 2733.  Some states have sought to maintain their three-drug protocols while replacing sodium thiopental with sedatives such as propofol, pentobarbital sodium, and midazolam, the latter of which was upheld by the Supreme Court in *Glossip*.  *Id.* at 2731.  Other states have opted to conduct executions with a single-drug protocol consisting of a lethal dose of a single sedative.  *Bucklew v. Precythe*, 139 S. Ct. 1112, 1120 (2019).

The federal government has likewise changed its execution protocol. In 2005, three federal death row inmates sued, alleging that their executions were to be administered under an unlawful and unconstitutional execution protocol. *Roane v. Gonzales*, 1:05-cv-02337 (D.D.C.), ECF No. 1 ¶ 2. The court preliminarily enjoined their executions. *Roane*, ECF No. 5. Four other death row inmates intervened, and their executions were enjoined as well. *See Roane*, ECF Nos. 23, 27, 36, 38, 67, and 68. During this litigation, the government produced a 50-page document (2004 Main Protocol) outlining BOP execution procedures. *Roane*, ECF No. 179-3. The government then produced two three-page addenda to the 2004 Main Protocol. *See Roane*, ECF No. 177-3 (Addendum to Protocol, July 1, 2007) (the 2007 Addendum); ECF No. 177-1 (Addendum to Protocol, Aug. 1, 2008) (the 2008 Addendum). In 2011 the DOJ announced that the BOP did not have the drugs it needed to implement the 2008 Addendum. *See* Letter from Office of Attorney General to National Association of Attorneys General, (Mar. 4, 2011), https://files.deathpenaltyinfo.org/legacy/documents/2011.03.04.holder.letter.pdf. The government informed the court that the BOP "has decided to modify its lethal injection protocol but the protocol revisions have not yet been finalized." *Roane*, ECF No. 288 at 2. In response, the court stayed the *Roane* litigation.

No further action was taken in the cases for over seven years. On July 24, 2019, the DOJ announced a new addendum to the execution protocol, (Admin. R. at 874–78), replacing the three-drug protocol of the 2008 Addendum with a single drug: pentobarbital sodium. (*Id.* at 879–80.) The BOP also adopted a new protocol to replace the 2004 Main Protocol. (*Id.* at 1021–72.) The 2019 Protocol provides for three injections, the first two containing 2.5 grams of pentobarbital in 50 milliliters of diluent each, and the third containing 60 milliliters of a saline flush. (*Id.* at 880.) The 2019 Protocol makes no reference to the form or source of the drug, or

measures of quality control, and its description of the intravenous administration of the drug simply provides that the Director or designee "shall determine the method of venous access" and that "[i]f peripheral venous access is utilized, two separate lines shall be inserted in separate locations and determined to be patent by qualified personnel." (*Id.*)

Following this announcement, the court held a status conference in *Roane* on August 15, 2019. (*See* Minute Entry, Aug. 15, 2019.) In addition to the *Roane* plaintiffs, the court heard from counsel for three other death row inmates, all of whom cited the need for additional discovery on the new protocol. (*See* ECF No. 12, Status Hr'g Tr.) The government indicated that it was unwilling to stay the executions, and the court bifurcated discovery and ordered Plaintiffs to complete 30(b)(6) depositions by February 28, 2020, and to file amended complaints by March 31, 2020. (*See* Minute Entry, Aug. 15, 2019.)

Four inmates with scheduled execution dates filed complaints or motions to intervene in the *Roane* action challenging the 2019 Protocol, and they each subsequently moved to preliminarily enjoin their executions.[4] On November 20, 2019, the court granted the four Plaintiffs' motions for preliminary injunction, finding that they had demonstrated a likelihood of success on their claims that the 2019 Protocol exceeds statutory authority. (Mem. Op. at 13, 15.) The court did not rule on Plaintiffs' other claims, including that the 2019 Protocol is arbitrary and capricious under the Administrative Procedure Act (APA), that it violates the Food, Drug,

---

[4] Lee filed his complaint on August 23, 2019 (*see Lee v. Barr*, 1:19-cv-02559 (D.D.C.), ECF No. 1), and his motion for a preliminary injunction on September 27, 2019. (ECF No. 13, Lee Mot. for Prelim. Inj.) On August 29, 2019, Bourgeois moved to preliminarily enjoin his execution. (ECF No. 2, Bourgeois Mot. for Prelim. Inj.) Honken filed an unopposed motion to intervene in *Lee v. Barr*, which was granted. (ECF No. 26, Honken Mot. to Intervene.) He then moved for a preliminary injunction on November 5, 2019. (ECF No. 29, Honken Mot. for Prelim. Inj.) Purkey filed a complaint and a motion for a preliminary injunction under a separate case number, 1:19-cv-03214, which was consolidated with *Roane*. (ECF No. 34, Purkey Mot. for Prelim. Inj.)

6

and Cosmetic Act (FDCA) and the Controlled Substances Act (CSA), that it violates Plaintiffs' right to counsel in violation of the First, Fifth, and Sixth Amendments, and that it is cruel and unusual in violation of the Eighth Amendment. (*Id.* at 13.) Following the court's order, three additional death row inmates filed complaints under separate case numbers, which in turn were consolidated with *Roane*.[5] Defendants moved to stay the court's preliminary injunction, which the court denied. (*See* Minute Order, Nov. 22, 2019.) The D.C. Circuit likewise denied Defendants' motion to stay, *In re Fed. Bureau of Prisons' Execution Protocol Cases*, No. 19-5322 (D.C. Cir. Dec. 2, 2019), as did the United States Supreme Court on December 6, 2019. *Barr v. Roane*, 140 S. Ct. 353 (2019). However, three Justices issued a statement indicating their belief that Defendants were likely to prevail on the merits. *Id.*

Defendants also filed an interlocutory appeal of the court's 2019 Order on November 21, 2019. (*See* ECF No. 52.) On April 7, 2020, the D.C. Circuit reversed. *Execution Protocol Cases*, 955 F.3d at 108. Neither of the two judges on the panel who voted to reverse agreed on the FDPA's statutory requirements. *Id.* at 112 (per curiam). Nonetheless, they agreed that Plaintiffs were unlikely to prevail on the merits of their claims that the 2019 Protocol exceeds statutory authority. *Id.* The panel expressly declined to rule on Plaintiffs' remaining statutory and constitutional claims, as "the government did not seek immediate resolution of all the plaintiffs' claims" and the claims "were neither addressed by the district court nor fully briefed in this Court." *Id.* at 113. The Court of Appeals denied Plaintiffs' petition for rehearing en banc on May 15, 2020, and the Supreme Court denied Plaintiffs' application for a stay of the mandate and petition for a writ of certiorari on June 29, 2020. *Bourgeois*, 2020 WL 3492763.

---

[5] These plaintiffs are Norris G. Holder, Jr., 1:19-cv-3520; Brandon Bernard, 1:20-cv-474; and Keith Dwayne Nelson, 1:20-cv-557.

Meanwhile, Plaintiffs filed their Amended Complaint on June 1, 2020, (ECF No. 90, Am. Compl.), the same day Holder filed a separate supplemental complaint. (ECF No. 94, Holder Compl.)

On June 15, 2020, the DOJ announced new execution dates for Plaintiffs. (Defs. Notice Regarding Execution Dates.) Four days later, Plaintiffs filed a joint motion for a preliminary injunction on the basis of their unresolved claims. (Pls. Mot. for Prelim. Inj.) Plaintiffs thus ask the court to preliminarily enjoin Defendants from executing Lee, Purkey, Honken, and Nelson while they litigate their claims.

## II.    ANALYSIS

The court's 2019 Order sets forth the legal standard for considering a motion for a preliminary injunction, which is an "extraordinary remedy" requiring courts to assess four factors: (1) the likelihood of the plaintiff's success on the merits, (2) the threat of irreparable harm to the plaintiff absent an injunction, (3) the balance of equities, and (4) the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 24 (2008) (citations omitted); *John Doe Co. v. Consumer Fin. Prot. Bureau,* 849 F.3d 1129, 1131 (D.C. Cir. 2017). The D.C. Circuit has traditionally evaluated claims for injunctive relief on a sliding scale, such that "a strong showing on one factor could make up for a weaker showing on another." *Sherley v. Sebelius,* 644 F.3d 388, 392 (D.C. Cir. 2011). It has been suggested, however, that a movant's showing regarding success on the merits "is an independent, free-standing requirement for a preliminary injunction." *Id.* at 393 (quoting *Davis v. Pension Benefit Guar. Corp.*, 571 F.3d 1288, 1296 (D.C. Cir. 2009) (Kavanaugh, J., concurring)).

**A.      Likelihood of Success on the Merits of Plaintiffs' Eighth Amendment Claims**

Plaintiffs bringing an Eighth Amendment challenge to the method of execution face a high bar.  They must demonstrate that the 2019 Protocol presents a "substantial risk of serious harm," and they must identify an alternative method of execution that will significantly reduce the risk of serious pain and that is feasible and readily implemented.  *Glossip*, 135 S. Ct. at 2737; *see also Bucklew*, 139 S. Ct. at 1129 (confirming that "anyone bringing a method of execution claim alleging the infliction of unconstitutionally cruel pain must meet the *Baze-Glossip* test.").

1.      Substantial Risk of Serious Harm

It is not enough for Plaintiffs to argue that Defendants' planned use of pentobarbital will potentially cause pain.  "[B]ecause some risk of pain is inherent in any method of execution, we have held that the Constitution does not require the avoidance of all risk of pain."  *Glossip*, 135 S. Ct. at 2733.  For the 2019 Protocol to constitute cruel and unusual punishment in violation of the Eighth Amendment, Plaintiffs must show that it presents a risk of severe pain that is "sure or very likely to cause serious illness and needless suffering" and gives rise to "sufficiently imminent dangers," such that prison officials cannot later plead "that they were subjectively blameless."  *Baze*, 553 U.S. at 49–50 (citations omitted).  Although the Supreme Court has cautioned against federal courts becoming "boards of inquiry charged with determining 'best practices' for executions," *id.* at 51, this question necessarily requires some weighing of scientific evidence.  *See, e.g.*, *Glossip*, 135 S. Ct. at 2739 (affirming district court's findings that midazolam was "highly likely" to render inmates unable to feel pain during execution).

The scientific evidence before the court overwhelmingly indicates that the 2019 Protocol is very likely to cause Plaintiffs extreme pain and needless suffering during their executions.  The declarations submitted by Plaintiffs' experts illustrate that the majority of inmates executed

9

via pentobarbital injection suffered flash pulmonary edema during the procedure. (*See* ECF No. 26-12, Expert Decl. of Mark Edgar, ¶ 74; ECF No. 24, Expert Decl. of Gail Van Norman, Autopsy Findings, at 85.) Pulmonary edema, which interferes with breathing, "produces sensations of drowning and asphyxiation" resulting in "extreme pain, terror and panic." (Edgar Decl., ¶¶ 78–80.)

Eyewitness accounts of executions using pentobarbital describe inmates repeatedly gasping for breath or showing other signs of respiratory distress, and indicate that flash pulmonary edema is common and extremely painful. (*Id.*) Dr. Gail Van Norman concluded that it is a "virtual medical certainty that most, if not all, prisoners will experience excruciating suffering, including sensations of drowning and suffocation" during an execution conducted in accordance with the 2019 Protocol. (Van Norman Decl. ¶ 18.)

Defendants urge the court to disregard these findings. They first contend that the Supreme Court has already upheld similar methods of execution, and that the pain associated with pulmonary edema is not severe enough to render the 2019 Protocol unconstitutional. (*See* ECF No. 113-1, Defs. Opp. to Pls. Mot., at 22–25.) But the cases upon which Defendants rely are inapposite. Neither *Baze* nor *Glossip* involved a single-drug protocol or the use of pentobarbital, and the fact that some plaintiffs in those and other cases suggested that pentobarbital would be a constitutional alternative does not invalidate the expert testimony before the court, which indicates otherwise. *Glossip*, 135 S. Ct. at 2738; *Baze*, 553 U.S. at 56–57. *Bucklew* did involve a challenge to pentobarbital, but one unique to that plaintiff's medical condition—he argued that vascular tumors caused by his cavernous hemangioma would prevent the pentobarbital from working as intended, and thus brought an as-applied challenge to a procedure that he conceded was "constitutional in most applications." 139 S. Ct. at 1118, 1120.

10

Plaintiffs, of course, concede no such thing, and in fact allege the opposite. (*See* Pls. Mot. for Prelim. Inj. at 34.)

Defendants also urge the court to follow the Sixth Circuit's recent decision, *In re Ohio Execution Protocol Litigation*, which rejected an Eighth Amendment claim based on the risk of pulmonary edema during execution, and which Plaintiffs claim misinterpreted *Bucklew*. 946 F.3d 287 (6th Cir. 2019), (Pls. Mot. for Prelim. Inj. at 35 n.12.) Defendants initially relied on the Sixth Circuit's holding that "neither pulmonary edema nor the symptoms associated with it qualify as the type of serious pain prohibited by the Eighth Amendment," but after the first round of briefing in this case last year, the Sixth Circuit issued an amending and superseding opinion omitting this language. *Compare* 937 F.3d 759, 762 (6th Cir. 2019), *with* 946 F.3d at 290. Although the Sixth Circuit's amended opinion does suggest that the risk of pain associated with sensations of drowning and suffocation is akin to that of hanging, it does not reach a conclusion as to whether pulmonary edema can result in pain that is so severe as to violate the Eighth Amendment. 946 F.3d at 290.

In any event, this case is factually distinct from *Ohio Execution Protocol*. That case not only involved a different execution protocol using a different drug—a three-drug protocol employing midazolam as the first drug rather than a one-drug protocol relying exclusively on pentobarbital—but it held that the plaintiff had failed to provide "evidence showing that a person deeply sedated by a 500 milligram dose of midazolam is still 'sure or very likely' to experience an unconstitutionally high level of pain." *Id.* Here, Plaintiffs have amassed an extensive factual record, and their experts have concluded that there is a "virtual medical certainty" that the 2019 Protocol will result in "excruciating suffering." (Van Norman Decl. at 7.)

11

Defendants do not contest Plaintiffs' evidence that the majority of individuals executed via pentobarbital suffer flash pulmonary edema, but they have submitted expert testimony arguing that the pulmonary edema occurs either post-mortem or after the inmate has been rendered insensate. (*See* Defs. Opp. to Pls. Mot. at 12–13; ECF No. 111-4, Expert Decl. of Joseph Antognini, ¶ 8.) Thus, the question of whether the 2019 Protocol is significantly likely to cause serious pain turns on the narrower question of whether the pentobarbital is likely to render inmates insensate or dead before they experience the symptoms of pulmonary edema.

Plaintiffs have the better of the scientific evidence on this question. Dr. Van Norman demonstrates that flash pulmonary edema can only occur in still-living subjects, and that it develops "almost instantaneously" following injection. (ECF No. 117-1, Supp. Decl. of Gail Van Norman, ¶¶ 19–24.) Defendants argue that Plaintiffs concede that pentobarbital renders patients insensate very rapidly, (Defs. Opp. to Pls. Mot. at 12), but the evidence indicates no such concession. Dr. Van Norman specifically states that barbiturates like pentobarbital render patients "unresponsive" but still conscious and capable of experiencing the severe pain associated with flash pulmonary edema. (Van Norman Supp. Decl. ¶¶ 10–13, 21.) While Dr. Antognini disputes these findings, he does not undermine them. (*See* ECF No. 122-2, Supp. Decl. of Joseph Antognini, ¶¶ 20–23.) Dr. Van Norman's conclusion is also supported by eyewitness accounts of previous executions using pentobarbital, in which inmates visibly gasped for breath, and autopsies that revealed "foam or froth" in the inmates' airways, a phenomenon that occurs when the edema fluid mixes with air while the inmate is still attempting to breathe. (*See, e.g.*, Edgar Decl. ¶¶ 78–79.)

While it is difficult to weigh competing scientific evidence at this relatively early stage, the factual record indicates that Plaintiffs are likely to succeed on the merits of their claims that

12

the 2019 Protocol poses a substantial risk of serious pain. They have thus met the first prong of their burden on their Eighth Amendment claims.

### 2. Known and Available Alternatives

Plaintiffs argue that several alternative methods of execution will significantly reduce the substantial risk of serious pain. (Pls. Mot. for Prelim. Inj. at 36–40.)

*Procedural safeguards*. Plaintiffs claim Defendants could implement a number of procedural safeguards, including (1) requiring the use of two functioning peripheral IV lines and placing limits on the use of a central line, (2) administering the lethal-injection protocol bedside, and (3) implementing additional procedures to respond to unexpected occurrences. (*Id.* at 37–39.)

Defendants correctly characterize these proposals as mere "failsafes" that do not render the planned method of execution unconstitutional. *Baze*, 553 U.S. at 60–61. Plaintiffs' proposal regarding the placement of IV lines is the type of "slightly or marginally safer alternative" that the Supreme Court has previously rejected. *Id.* at 51. Moreover, the vague suggestion of adding procedures to better respond to problems that may arise during the execution seems aimed at an "isolated mishap," rather than the substantial risk of serious pain from the use of pentobarbital. *See id.* at 50. The alleged benefits of bedside administration of pentobarbital are likewise aimed at reducing the risk of maladministration. (*See* Pls. Mot. for Prelim. Inj., at 38–39.) In sum, it appears likely that implementing these measures would result in a "minor reduction in risk" at best. *Bucklew*, 139 S. Ct. at 1130.

*Pre-dose of opioid pain or anti-anxiety medication*. Plaintiffs have demonstrated that a pre-dose of certain opioid pain medication drugs, such as morphine or fentanyl, will significantly reduce the risk of severe pain during the execution. (Pls. Mot. for Prelim. Inj. at 36–37; ECF No.

13

25, Expert Decl. of Craig Stevens, ¶¶ 15–16.)  Defendants argue that this proposal lacks sufficient detail, that no state currently uses analgesics in its execution procedures, and that pentobarbital alone is sufficiently painless.  (Defs. Opp. to Pls. Mot. at 32.)

This court has already found that pentobarbital alone poses an unconstitutionally significant risk of serious pain, and it finds Defendants' remaining arguments to be unavailing. While *Bucklew* emphasized that a proposed alternative method of execution must be not just "theoretically feasible but also readily implemented," this simply means that the proposal must be "sufficiently detailed to permit a finding that the State could carry it out relatively easily and reasonably quickly."  139 S. Ct. at 1129 (internal quotation marks omitted).  *See also id.* at 1128 (noting that the burden of identifying an alternative means of execution "can be overstated."). The class of medications identified by Plaintiffs, and the proposed dosage of morphine and fentanyl more specifically, meet this standard.  (Stevens Decl. ¶¶ 7–16.)

The fact that other states have not adopted Plaintiffs' proposed method of using pain medication is also not dispositive.  *See Bucklew*, 139 S. Ct. at 1136 (Kavanaugh, J., concurring) ("I write to underscore the Court's additional holding that the alternative method of execution need not be authorized under current state law. . . . Importantly, all nine Justices today agree on that point.").

Defendants argue that as in *Bucklew and Baze*, Plaintiffs' proposed alternative has "no track record of successful use," *id.* at 1130, and is "untried and untested."  *Baze*, 553 U.S. at 41. But this case presents a different scenario.  In *Bucklew*, the plaintiff proposed execution by nitrogen hypoxia, but even after "extensive discovery," he provided only a "bare-bones" proposal premised on "unsupported, if not affirmatively contradicted" assertions regarding its effectiveness.  139 S. Ct. at 1121, 1129–30.  In *Baze*, the plaintiff's proposal of a one-drug

14

protocol was offered "without any findings on [its] effectiveness" and relied heavily on comparisons to animal euthanasia. 553 U.S. at 56–58. Here, Plaintiffs' proposal is simpler, and is supported by substantial scientific evidence of its effectiveness in non-lethal human treatment. Moreover, the parties agree that Nebraska recently used a pre-dose of fentanyl for the precise purpose of reducing the risk of serious pain during an execution. In sum, Plaintiffs have not proposed a complex medical procedure, lacking in detail and possibly requiring years of further research, but a simple addition to the execution procedure that is likely to be as effective as it is easily and quickly administered. *See Bucklew*, 139 S. Ct. at 1129.

Finally, Defendants contend that the BOP already considered and rejected using fentanyl in executions, in part due to speculation that manufacturers would refuse to supply it. (Defs. Opp. to Pls. Mot. at 32.) Although Defendants do not make the same argument regarding the availability of morphine, it is true that the government cannot be faulted for failing to use a drug it has been unable to obtain through good-faith efforts. *Glossip*, 135 S. Ct. at 2738. But Defendants have provided no evidence of such efforts; they merely assert that manufacturers would "most likely" resist efforts to use fentanyl in executions. (Admin. R. at 869.) This is a far cry from showing that they are unable to procure fentanyl for Plaintiffs' executions.

*Firing squad*. Alternatively, Plaintiffs proffer execution by firing squad. (Pls. Mot. for Prelim. Inj. at 39–40.) Because that method of execution is feasible, readily implemented, and would significantly reduce the risk of severe pain, it satisfies the *Blaze-Glossip* requirements for proposed alternatives. Execution by firing squad is currently legal in three states, Utah, Oklahoma, and Mississippi, and can hardly be described as "untried" or "untested" given its historical use as a "traditionally accepted method of execution." *Bucklew*, 139 S. Ct. at 1125.

15

Furthermore, the last execution by firing squad in the United States occurred just over a decade ago, on June 18, 2010, in Utah.

Both the historical use of firing squads in executions and more recent evidence suggest that, in comparison to the 2019 Protocol, execution by firing squad would significantly reduce the risk of severe pain. *See, e.g.*, Deborah Denno, *Is Electrocution an Unconstitutional Method of Execution? The Engineering of Death Over the Century*, 35 Wm. & Mary L. Rev. 551, 688 (1994) ("A competently performed shooting may cause nearly instant death"); Austin Sarat, *Gruesome Spectacles: Botched Executions and America's Death Penalty* 117, App. A. (2014) (calculating that, of all executions conducted since 1900, executions by firing squad had the lowest rate of "botched" executions—zero out of thirty-four—of any method).

Defendants point to several cases from other Circuits in which courts appeared skeptical of these conclusions. (Defs. Opp. to Pls. Mot. at 34–35.) Again, however, they overlook the Supreme Court's guidance in *Bucklew* that a plaintiff's burden in identifying an alternative method of execution "can be overstated" and that there is "little likelihood that an inmate facing a serious risk of pain will be unable to identify an available alternative." 139 S. Ct. at 1128–29. Indeed, members of the Court, including at least one Justice in the *Bucklew* majority, have opined that the firing squad may be an immediate and sufficiently painless method of execution. *See, e.g.*, *id.* at 1136 (Kavanaugh, J., concurring); *Arthur v. Dunn*, 137 S. Ct. 725, 734 (2017) (Sotomayor, J., dissenting from denial of cert.) ("In addition to being near instant, death by shooting may also be comparatively painless."). Moreover, given that use of the firing squad is "well established in military practice," *Baze*, 553 U.S. at 102 (Thomas, J., concurring), Defendants are, if anything, more capable than state governments of finding "trained marksmen

16

who are willing to participate," and who possess the skill necessary to ensure death is near-instant and comparatively painless. *McGehee v. Hutchinson*, 854 F.3d 488, 494 (8th Cir. 2017).

Defendants also argue that execution by firing squad is not a "readily available" method of execution. It is true that, compared to the relative ease with which opioids could be added to the existing execution protocol, execution by firing squad would mean a complete transformation of the government's method of execution. Therefore, Defendants argue, the court should defer to the government's "legitimate reasons" for choosing not to adopt the firing squad as a method of execution—that legitimate reason being that the firing squad is so rarely used. (Defs. Opp. to Pls. Mot. at 36.)

Defendants' logic is somewhat circular. *See, e.g.*, *Arthur*, 137 S. Ct. at 729 (Sotomayor, J., dissenting from denial of cert.) (reasoning that allowing a state to conduct an unconstitutional execution simply because it declines to authorize any alternative "cannot be right"). *See also Bucklew*, 139 S. Ct. at 1128 ("The Eighth Amendment is the supreme law of the land, and the comparative assessment it requires can't be controlled by the State's choice of which methods to authorize in its statutes."). Indeed, Defendants' argument implicitly asks the court to follow the Eleventh Circuit's holding that a proposed alternative method of execution must be authorized by law. *Arthur v. Comm'r, Ala. Dep't of Corr.*, 840 F.3d 1268, 1317–18 (11th Cir. 2016). Yet the Eleventh Circuit acknowledged last year that *Bucklew* "demonstrates our conclusion in *Arthur* was incorrect." *Price v. Comm'r, Ala. Dep't of Corr.*, 920 F.3d 1317, 1326 (11th Cir. 2019), *cert. denied sub nom. Price v. Dunn*, 139 S. Ct. 1542 (2019).

The court declines to opine on whether the firing squad would be an acceptable alternative method of execution in every case. However, it finds that Defendants could readily adopt Plaintiffs' proposal. Even if *Bucklew* is read as requiring Plaintiffs to plead a method of

17

execution that is currently authorized by at least one state, the firing squad is currently authorized by three states and was used relatively recently in one. More importantly, the federal government is uniquely capable of consulting with Utah and adopting its existing protocol. Defendants' final argument is that Plaintiffs' stated preference for execution by firing squad is insincere. (Defs. Opp. to Pls. Mot. at 37.) But the court notes that Plaintiffs have argued for it at length, and have adequately shown that it is readily implemented, available, and would significantly reduce the risk of severe pain. *Cf. Bucklew*, 139 S. Ct. at 1136 (Kavanaugh, J., concurring) (rejecting possibility of execution by firing squad where the plaintiff had chosen not to plead it as an alternative).

Plaintiffs have identified two available and readily implementable alternative methods of execution that would significantly reduce the risk of serious pain: a pre-dose of opioid pain or anti-anxiety medication, or execution by firing squad. Thus, they have established a likelihood of success on the merits of their claims that the 2019 Protocol's method of execution constitutes cruel and unusual punishment in violation of the Eighth Amendment. Given this finding, the court need not reach Plaintiffs' other remaining claims.[6]

---

[6] The court is mindful of the prudential rule that when a case can be decided on purely statutory grounds, courts should avoid constitutional questions. *See Ashwander v. Tenn. Valley Auth.*, 297 U.S. 288, 347 (1936) (Brandeis, J., concurring). But this "is a rule of prudence, not an absolute command." *Int'l Refugee Assistance Project v. Trump*, 883 F.3d 233, 351 (4th Cir. 2018) (Harris, J., concurring) (citations omitted), *vacated on other grounds*, 138 S. Ct. 2710 (2018); *see also Trump v. Hawaii*, 138 S. Ct. 2392, 2434 (2018) (Sotomayor, J., dissenting) ("That rule of thumb is far from categorical, and it has limited application where, as here, the constitutional question proves far simpler than the statutory one."). Plaintiffs' remaining statutory claims raise novel and complex questions that, as Defendants themselves note repeatedly, could result in far-reaching and unpredictable consequences. In contrast, Plaintiffs' Eighth Amendment claims require the court to preliminarily enjoin the 2019 Protocol for the "more fundamental reason" that it creates an unconstitutionally significant risk of serious pain. *Id.*

## B.      Irreparable Harm

The court's analysis of irreparable harm is unchanged from its 2019 Order.  In order to prevail on a request for preliminary injunction, irreparable harm "must be certain and great, actual and not theoretical, and so imminent that there is a clear and present need for equitable relief to prevent irreparable harm," and it "must be beyond remediation."  *League of Women Voters of U.S. v. Newby,* 838 F.3d 1, 7–8 (D.C. Cir. 2016) (citing *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006)) (internal quotation marks and brackets omitted).  Here, without injunctive relief, Plaintiffs would be unable to pursue their remaining claims, including the claims that the method of planned execution under the 2019 Protocol is cruel and unusual in violation of the Eighth Amendment, and would therefore be executed under a procedure likely to be unconstitutional.  This harm is manifestly irreparable.

Other courts in this Circuit have found irreparable harm in similar, but less dire circumstances.  *See, e.g.*, *Damus v. Nielsen*, 313 F. Supp. 3d 317, 342 (D.D.C. 2018) (finding irreparable injury where plaintiffs faced detention under challenged regulations); *Stellar IT Sols., Inc. v. USCIS*, No. 18-2015 (RC), 2018 WL 6047413, at *11 (D.D.C. Nov. 19, 2018) (finding irreparable injury where plaintiff would be forced to leave the country under challenged regulations); *FBME Bank Ltd. v. Lew*, 125 F. Supp. 3d 109, 126–27 (D.D.C. 2015) (finding irreparable injury where challenged regulations would threaten company's existence); *N. Mariana Islands v. United States*, 686 F. Supp. 2d 7, 19 (D.D.C. 2009) (finding irreparable injury where challenged regulations would limit guest workers).  No member of the D.C. Circuit panel on appeal challenged the court's finding in its 2019 Order that Plaintiffs would suffer irreparable harm absent preliminary relief, and Defendants do not dispute that irreparable harm is likely.

Based on the record before it, the court finds that Plaintiffs have shown that absent injunctive relief, they will suffer the irreparable harm of being executed under a likely unconstitutional procedure before their claims can be fully adjudicated.

## C.    Balance of Equities

Defendants argue that if the court preliminarily enjoins the 2019 Protocol, they will suffer the harm of having to delay the scheduled execution dates.  (*See* Defs. Opp. to Pls. Mot. at 57.) The government's interest in the finality of criminal proceedings, including capital cases, is compelling.  *Calderon v. Thompson*, 523 U.S. 538, 556 (1998).  On the other hand, the fact that the government waited eight years to establish a new protocol undermines its arguments regarding the urgency and weight of that interest.  The government may have had valid reasons to proceed with caution, but it can hardly now claim that any further delay would cause it substantial harm.  The court notes that while almost eight months have passed since its 2019 Order, Plaintiffs still have not been afforded sufficient opportunity to evaluate the 2019 Protocol—it was Defendants who initially declined to stay Plaintiffs' executions to allow discovery on the Protocol.  (Status Hr'g Tr. at 6, 10–11.)

Indeed, where the Supreme Court has been sympathetic to the government's need for finality in capital cases, it has generally been in cases where plaintiffs waited until the last minute to bring claims that could have been brought earlier, or engaged in a clear "attempt at manipulation" of the judicial process.  *Bucklew*, 139 S. Ct. at 1134 (quoting *Hill v. McDonough*, 547 U.S. 573, 584 (2006)).  Here, however, three of the four Plaintiffs filed their complaints shortly after the DOJ announced the 2019 Protocol, months before their initially scheduled executions, and Nelson filed his complaint before Defendants even announced his execution

date. Plaintiffs are not raising new claims that they could have brought in their initial complaints, but rather renewing the Eighth Amendment arguments made in their initial motions.

Given this background, the court finds that the potential harm to the government caused by a delayed execution is not substantial, and is outweighed by the irreparable harm Plaintiffs would face absent an injunction.[7]

### D. Public Interest

As noted in the court's 2019 Order, the public interest is not served by executing individuals before they have had the opportunity to avail themselves of the legal process to challenge the legality of their executions. "Applying the law in a way that violates the Constitution is *never* in the public's interest." *Minney v. United States Office of Pers. Mgmt.*, 130 F. Supp. 3d 225, 236 (D.D.C. 2015) (emphasis in original). *See also Purkey v. United States*, 2020 WL 3603779, at *11 ("Just because the death penalty is involved is no reason to take shortcuts—indeed, it is a reason not to do so."); *Cooey v. Taft*, 430 F. Supp. 2d 702, 708 (S.D. Ohio 2006) ("The public interest has never been and could never be served by rushing to judgment at the expense of a condemned inmate's constitutional rights."); *Harris v. Johnson*, 323 F. Supp. 2d 797, 810 (S.D. Tex. 2004) ("Confidence in the humane application of the governing laws . . . must be in the public's interest."). Accordingly, the court finds that the public interest is served by preliminarily enjoining Plaintiffs' executions because it will allow judicial review of whether the United States Government's planned execution protocol complies with the Eighth Amendment, and to ensure that it does so in the future.

---

[7] In his separate Opinion, Judge Katsas found that this was a case in which the balance of equities favored the government. *Execution Protocol Cases*, 955 F.3d at 126 (Katsas, J., concurring). However, he noted that this was partly because the claims then before the Court presented no "colorable dispute that pentobarbital will cause anything but a swift and painless death." *Id.* at 128–29. Plaintiffs' Eighth Amendment claims now raise precisely this dispute.

21

### III.   CONCLUSION

The court finds that at least one of Plaintiffs' claims has a likelihood of success on the merits, and that absent a preliminary injunction, Plaintiffs will suffer irreparable harm.  It further finds that the likely harm that Plaintiffs would suffer if the court does not grant injunctive relief far outweighs any potential harm to Defendants.  Finally, because the public is not served by short-circuiting legitimate judicial process, and is greatly served by attempting to ensure that the most serious punishment is imposed in a manner consistent with our Constitution, the court finds that it is in the public interest to issue a preliminary injunction.  Accordingly, having reviewed the parties' filings, the record, and the relevant case law, and for the reasons set forth above, the court will GRANT Plaintiffs' Motion for a Preliminary Injunction.  A corresponding order will be issued simultaneously.

Date:  July 13, 2020

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

| | |
|---|---|
| In the Matter of the ) | |
| Federal Bureau of Prisons' Execution ) | |
| Protocol Cases, ) | |
| ) | |
| LEAD CASE: *Roane, et al. v. Barr* ) | Case No. 19-mc-145 (TSC) |
| ) | |
| THIS DOCUMENT RELATES TO: ) | |
| ) | |
| *Lee v. Barr, et al.*, 19-cv-2559 ) | |
| ) | |
| *Purkey v. Barr, et al.*, 19-cv-3214 ) | |
| ) | |
| *Nelson v. Barr, et al.*, 20-cv-557 ) | |
| ) | |

## ORDER

For the reasons set forth in the accompanying Memorandum Opinion, the court hereby

GRANTS Plaintiffs' Motion for a Preliminary Injunction (ECF No. 102).

It is hereby ORDERED that Defendants (along with their respective successors in office,

officers, agents, servants, employees, attorneys, and anyone acting in concert with them) are

enjoined from executing Plaintiffs Daniel Lewis Lee, Wesley Ira Purkey, Dustin Lee Honken,

and Keith Dwayne Nelson until further order of this court.

Date: July 13, 2020

*Tanya S. Chutkan*

TANYA S. CHUTKAN
United States District Judge

1

104