UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| In the Matter of the Federal Bureau of Prisons' Execution Protocol Cases, | ) ) ) ) ) | |
| LEAD CASE: *Roane et al. v. Barr* | ) ) ) ) | Case No. 19-mc-145 (TSC) |
| THIS DOCUMENT RELATES TO: | ) ) ) | |
| *Lee & Honken v. Barr, et al.*, 19-cv-2559 *Purkey v. Barr, et al.*, 19-cv-03214 <u>*Nelson v. Barr, et al.*, 20-cv-557</u> | ) ) ) | |

**DEFENDANTS' MOTION TO STAY
PRELIMINARY INJUNCTION PENDING APPEAL**

Pursuant to Federal Rule of Civil Procedure 62(c)(1) and consistent with Federal Rule of Appellate Procedure 8(a)(1), Defendants respectfully move for a stay pending appeal of this Court's Order, issued on July 13, 2020, enjoining Defendants from proceeding with the executions of Plaintiffs Daniel Lewis Lee, Wesley Purkey, Dustin Lee Honken, and Keith Nelson, scheduled for July 13, 2020, July 15, 2020, July 17, 2020, and August 28, 2020, respectively, until further order of this Court. *See* ECF Nos. 135 & 136. In support of this motion, Defendants attach the declaration of Rick Winter, which describes the harm to the Federal Bureau of Prisons ("BOP") and the stakeholders if the executions were to be postponed. In view of the fact that the first execution is scheduled to occur in a matter of hours, and the remaining dates are rapidly approaching, Defendants plan to seek relief in the Court of Appeals shortly after this filing.

Defendants recognize that this Court has determined that Plaintiffs meet the standard for issuance of a preliminary injunction, which is the same standard that applies to this motion. Federal Rule of Appellate Procedure 8(a)(1), however, counsels Defendants to first move in this Court for a stay of the injunction pending appeal before seeking a stay in the Court of Appeals. Accordingly, for the reasons stated below and in Defendants' [corrected] opposition brief to Plaintiffs' motion for a preliminary injunction, *see* ECF No. 113-1, as well as in Defendants'

[corrected] sur-reply brief, ECF No. 122-1, Defendants respectfully request that the Court stay the injunction pending appeal. 28 C.F.R. § 0.20(b); 28 U.S.C. § 2107(b).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 62(c) provides in relevant part: "When an appeal is taken from an interlocutory or final judgment granting . . . an injunction, the court in its discretion may suspend . . . an injunction" during the pendency of the appeal. District courts considering a motion for such a stay consider the same factors as those governing a motion for a preliminary injunction: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). Before seeking a stay from the Court of Appeals, a party must ordinarily move first in the District Court for an order suspending an injunction pending appeal. Fed. R. App. P. 8(a).

## ARGUMENT

### I. DEFENDANTS ARE LIKELY TO SUCCEED ON THE MERITS OF THEIR APPEAL OF THIS COURT'S INJUNCTION

Defendants are likely to succeed on the merits of their appeal of this Court's injunction. This Court held that Plaintiffs are likely to succeed on their Eighth Amendment method-of-execution challenge to BOP's Execution Protocol, which uses pentobarbital as the single lethal agent. ECF No. 135. Respectfully, Defendants disagree with this Court's conclusion for the reasons set forth in Defendants' [corrected] opposition to Plaintiffs' motion for a preliminary injunction, ECF No. 113-1 at 8-23, Defendants' [corrected] sur-reply brief, ECF No. 122-1, and the supporting declarations attached to those filings. Defendants are likely to succeed on appeal on Plaintiffs' Eighth Amendment claim because the 2019 Protocol does not pose a substantial risk of severe harm and, even if it did, Plaintiffs have failed to propose a known and available alternative method of execution that is feasible and readily implemented, and that in fact significantly reduces a substantial risk of severe pain.

## II. THE BALANCE OF HARMS WEIGHS IN FAVOR OF ENTRY OF A STAY OF THE PRELIMINARY INJUNCTION

This Court further held that the balance of harms weighs in favor of issuance of a preliminary injunction. Defendants respectfully disagree. The Supreme Court has repeatedly recognized the Government and the victims' compelling interest in the timely enforcement of a death sentence. *See Calderon v. Thompson*, 523 U.S. 538, 556 (1998); *Gomez v. U.S. Dist. Court for N. Dist. of Cal.*, 503 U.S. 653, 654 (1992); *see also Bucklew v. Precythe*, 139 S. Ct. 1112, 1134 (2019) ("The people of Missouri, the surviving victims of [the condemned inmate's] crimes, and others like them deserve better. Even the principal dissent acknowledges that the long delays that now typically occur between the time an offender is sentenced to death and his execution are excessive.") (citation omitted from parenthetical). Indeed, in this very case, Judge Katsas has found that this Court "failed to recognize the important governmental and public interest in the timely implementation of capital punishment." *In re Execution Protocol Cases*, 955 F.3d at 126 (Katsas, J., concurring). This is particularly the case where, as here, the execution dates are set and the Government has mobilized its resources to carry out the lawful sentence.

As Mr. Winter explains in his declaration, each execution requires significant advanced planning and coordination, including the "activation of the execution team, which consists of approximately 40 BOP staff members," Declaration of Rick Winter, dated July 9, 2020 ("Winter Decl.") ¶ 5; the mobilization of approximately 100 BOP staff at the Federal Correctional Complex at Terre Haute ("FCC Terre Haute") to serve as institution security and support during the execution, *id.* ¶ 8; the synchronization of the schedules of BOP contractors who must set aside their own personal and work-related matters for each execution, *id.* ¶ 6; the coordination of security measures with federal, state, and local law enforcement agencies, *id.* ¶ 7; the arrangement of travel and lodging for any victims' family members who have committed to witnessing the execution, *id.* ¶ 11; as well as the participation of approximately 50 additional BOP personnel from specialized teams, such as Special Operations Response Teams and Disturbance Control Teams, who will need to travel to FCC Terre Haute from other BOP institutions, *id.* ¶ 10. These

preparations cannot easily be undone; "[a]ny adjustment to the execution dates would require significant planning and coordination such as that which already has been undertaken by BOP to date." *Id*. ¶ 12. This is particularly the case now that we are merely hours from Lee's execution and two more inmates' executions are only a few days away. Accordingly, beyond the Government's strong interest in proceeding with the criminal judgment, operational considerations surrounding the planned executions lend further support in favor of a stay.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court stay its injunction pending Defendants' appeal of this Court's July 13, 2020 Order enjoining Defendants from proceeding with the execution of Plaintiffs.

Dated: July 13, 2020
Respectfully submitted,

| | |
|---|---|
| MICHAEL R. SHERWIN<br>Acting United States Attorney | DAVID M. MORRELL<br>Deputy Assistant Attorney General |
| DANIEL F. VAN HORN<br>Civil Chief, U.S. Attorney's Office | PAUL R. PERKINS<br>Special Counsel |
| ALAN BURCH (D.C. Bar 470655)<br>Assistant United States Attorney<br>U.S. Attorney's Office<br>for the District of Columbia<br>Washington, D.C. 20530<br>202-252-2550<br>alan.burch@usdoj.gov | JEAN LIN (NY Bar 4074530)<br>Special Litigation Counsel<br><br>*/s/Cristen C. Handley*<br>CRISTEN C. HANDLEY (MO Bar 69114)<br>JONATHAN KOSSAK (D.C. Bar 991478)<br>Trial Attorneys<br>Federal Programs Branch<br>Civil Division, Department of Justice<br>1100 L Street, N.W.<br>Washington, D.C. 20005<br>(202) 514-3716<br>Jean.lin@usdoj.gov<br>Jonathan.kossak@usdoj.gov<br>Cristen.handley@usdoj.gov<br><br>*Attorneys for Defendants* |

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2020, I caused a true and correct copy of foregoing to be served on all counsel of record via the Court's CM/ECF system. Pursuant to this Court's August 20, 2019 Order, below is a list of all plaintiffs' counsel of record (as most recently identified in the signature pages of the Consolidated Amended Complaint, ECF No. 92):

Alan E. Schoenfeld (admitted *pro hac vice*)
Ryan M. Chabot (admitted *pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
(212) 230-8880
Alan.Schoenfeld@WilmerHale.com
Ryan.Chabot@WilmerHale.com

Andres C. Salinas (DC Bar No. 156118)
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6289
Andres.Salinas@WilmerHale.com

*Counsel for Wesley I. Purkey*

Joshua C. Toll
D.C. Bar No. 463073 King & Spalding LLP
1700 Pennsylvania Avenue, N.W.
Washington, DC 20006
(202) 737-8616
jtoll@kslaw.com

Margaret O'Donnell
P.O. Box 4815
Frankfort, KY 40604
(502) 320-1837
mod@dcr.net

*Counsel for Plaintiff Anthony Battle*

Ginger D. Anders (Bar No. 494471)

Jonathan S. Meltzer (Bar No. 888166546)
Brendan Gants (Bar No. 1031419)
MUNGER, TOLLES & OLSON LLP
1155 F Street N.W., Seventh Floor
Washington, D.C. 20004-1357
(202) 220-1100

*Counsel for Plaintiff Brandon Bernard*

Alex Kursman, Assistant Federal Defender
Shawn Nolan, Chief, Capital Habeas Unit
Federal Community Defender Office, E.D. Pa.
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Telephone - 215-928-0520
Email – alex_kursman@fd.org

*Counsel for Plaintiff Alfred Bourgeois*

Joseph Luby, Assistant Federal Defender
Federal Community Defender Office, E.D. Pa.
 601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Telephone - 215-928-0520
Email – joseph_luby@fd.org

*Counsel for Plaintiff Chadrick Fulks*

Amy Lentz (DC Bar No. 990095)
Steptoe & Johnson, LLP
1300 Connecticut Avenue NW
Washington, DC 20036
202.429.1320

*Counsel for Plaintiff Orlando Hall*

Scott W. Braden
Assistant Federal Defender
Arkansas Federal Defender Office
Ark Bar Number 2007123
1401 West Capitol, Suite 490
Little Rock, Arkansas 72201
(501) 324-6114
Scott_Braden@fd.org

Jennifer Ying (DE #5550)
Andrew Moshos (DE #6685)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 N. Market St.
P.O. Box 1347
Wilmington, Delaware 19801
(302) 658-9300
jying@mnat.com
amoshos@mnat.com

*Counsel for Plaintiff Norris G. Holder, Jr.*

Jon Jeffress
KaiserDillon PLLC
1099 14th Street NW
8th Floor West
Washington, DC 20005
Telephone - 202-640-2850
Email - jjeffress@kaiserdillon.com

Timothy Kane, Assistant Federal Defender
Shawn Nolan, Chief, Capital Habeas Unit
Federal Community Defender Office, E.D. Pa.
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Telephone - 215-928-0520
Email – timothy_kane@fd.org
Email – shawn_nolan@fd.org

*Counsel for Plaintiff Dustin Lee Honken*

Donald P. Salzman (D.C. Bar No. 479775)
Charles F. Walker (D.C. Bar No. 427025)
Steven M. Albertson (D.C. Bar No. 496249)
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
(202) 371-7983
donald.salzman@skadden.com

*Counsel for Plaintiff Corey Johnson*

David S. Victorson
Hogan Lovells US LLP
Columbia Square
555 13th Street NW
Washington, DC  20004
(202) 637-5600
(202) 637-5910 (fax)
david.victorson@hoganlovells.com

3

Pieter Van Tol (admitted *pro hac vice*)
Hogan Lovells US LLP
390 Madison Avenue
 New York, NY 10017
(212) 918-3000
(212) 918-3100 (fax)
pieter.vantol@hoganlovells.com

*Counsel for Plaintiff Daniel Lewis Lee*

Kathryn L. Clune
Crowell & Moring LLP
1001 Pennsylvania Avenue NW
Washington D.C. 20004-2595
(202) 624-2705
kclune@crowell.com

Harry P. Cohen (pro hac vice application pending)
Michael K. Robles (pro hac vice application pending)
James Stronski (pro hac vice application pending)
Crowell & Moring LLP
590 Madison Avenue New York, NY 10022
(212) 223-4000
(212) 223-4134(fax)
hcohen@crowell.com
mrobles@crowell.com
jstronski@crowell.com

Jon M. Sands (pro hac application to be filed)
Dale A. Baich (pro hac application to be filed)
Jennifer M. Moreno
Federal Public Defender
District of Arizona
850 West Adams Street, Suite 201
Phoenix, Arizona 85007
602-382-2816
602-889-3960 (fax)
dale_baich@fd.org
jennifer_moreno@fd.org

*Counsel for Plaintiff Keith Nelson*

Shawn Nolan, Chief, Capital Habeas Unit
Federal Community Defender Office, E.D. Pa.
 601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Telephone - 215-928-0520
Email – timothy_kane@fd.org

Email – shawn_nolan@fd.org

*Counsel for Plaintiff Jeffrey Paul*

Paul F. Enzinna
D.C. Bar No. 421819
Ellerman Enzinna PLLC
1050 30th Street, NW
Washington, DC 20007
202.753.5553

*Counsel for Plaintiff James H. Roane, Jr.*

Amy Karlin
Interim Federal Public Defender
Celeste Bacchi
Jonathan C. Aminoff
Deputy Federal Public Defenders
321 E. Second Street
Los Angeles, CA 90012
(213) 894-2854

*Counsel for Plaintiff Julius O. Robinson*

Gerald W. King, Jr. Ga. Bar No. 140981
Jeffrey Lyn Ertel Ga. Bar No. 249966
FEDERAL DEFENDER PROGRAM, INC.
101 Marietta Street, Suite 1500
Atlanta, Georgia 30303
404-688-7530
(fax) 404-688-0768
Gerald_King@fd.org
Jeff_Ertel@fd.org

Stephen Northup
VSB #16547
Troutman Sanders LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1240
(fax) (804) 698-5120
steve.northup@troutmansanders.com

Frederick R. Gerson VSB #39968
Bank Of America Center
1111 East Main Street, 16th Floor Richmond, Virginia 23219
(804) 482-1121
fgerson@dagglaw.com

*Counsel for Richard Tipton, III.*

Evan Miller (DC Bar # 219310)
Vinson & Elkins LLP
2200 Pennsylvania Avenue, NW
Suite 500 West
Washington, D.C. 20037
(202) 639-6605
(202) 478-1815 (fax)
emiller@velaw.com

*Counsel for Bruce Webster*

                                                  */s/Cristen C. Handley*
                                                  Attorney for Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| In the Matter of the Federal Bureau of Prisons' Execution Protocol Cases, | ) ) ) ) ) | |
| LEAD CASE: *Roane et al. v. Barr* | ) ) ) | Case No. 19-mc-145 (TSC) |
| THIS DOCUMENT RELATES TO: | ) ) ) | |
| *Lee & Honken v. Barr, et al.*, 19-cv-2559 *Purkey v. Barr, et al.*, 19-cv-03214 <u>*Nelson v. Barr, et al.*, 20-cv-557</u> | ) ) ) | |

## DECLARATION OF RICK WINTER

I, Rick Winter, do hereby declare and state as follows:

1. I am employed by the United States Department of Justice, Federal Bureau of Prisons ("BOP"), as Regional Counsel for the BOP's North Central Region. I have held this position since October 2016. I have been employed by the BOP since 1994.

2. The statements I make hereinafter are made on the basis of my review of the official files and records of the BOP, my own personal knowledge, or on the basis of information acquired by me through the performance of my official duties.

3. The BOP, under the supervision of the United States Marshals Service, is responsible for implementing federal death sentences. See 18 U.S.C. § 3596(a); 28 C.F.R. Part 26. Currently, execution dates are in place for four inmates. Specifically, Daniel Lewis Lee's execution is scheduled to occur on July 13, 2020; Wesley Ira Purkey's execution is scheduled to occur on July 15, 2020; Dustin Lee Honken's execution is scheduled to occur on July 17, 2020; and Keith Dwayne Nelson's execution is scheduled to occur on August 28, 2020.

4. In advance of these dates, the BOP has been, and intends to continue, making necessary arrangements.

5. Such arrangements include the activation of the execution team, which consists of approximately 40 BOP staff members. These staff members, by necessity, have been removed from their normal duties, which include a wide range of correctional and administrative positions within the BOP. Pursuant to the current operational plan, cessation of normal duties occurs several days in advance of a scheduled execution, in order to give the team time to practice and prepare for their role in an execution. In addition to the team members, a number of BOP administrators will be present as well. They also ceased their normal duties in the days in advance of an execution. Logistical items such as travel, lodging and personal arrangements have already been completed for the three execution dates in July.

6. Additionally, the BOP plans to use contractors who have made themselves available and have made necessary arrangements for personal and work related matters based on the executions scheduled in July and August. If the current execution dates are stayed, it is likely that both contractors will need at least one month's notice in order to be able to reschedule.

7. Executions will take place at the Federal Correctional Complex at Terre Haute, Indiana (FCC Terre Haute). Accordingly, FCC Terre Haute is also mobilizing personnel in preparation of the currently scheduled executions. In preparation, FCC Terre Haute has also been coordinating with federal, state, and local law enforcement agencies, some of who plan to send personnel to FCC Terre Haute to help maintain security for the currently scheduled executions.

8. Approximately 100 BOP staff will serve as institution security and support during an

execution. With its staff pulled away from their normal duties, FCC Terre Haute will not be able to operate under normal conditions. For example, due to expected staffing issues and changes in security procedures, FCC Terre Haute will not be able to prepare inmate meals in the ordinary fashion. Instead, the institution plans to prepare food in advance for its approximately 2,500 inmates. This alteration in meal preparation comes at a greatly increased cost to BOP.

9. Additionally, FCC Terre Haute has made arrangements for specific needs related solely to an execution, for example contracting for buses which will be used to transport public demonstrators who wish to assemble.

10. Schedules for FCC Terre Haute staff members have been created, allocating staff based on current execution dates. For additional security and support, specialized BOP teams such as Special Operations Response Teams (SORT) and Disturbance Control Teams (DCT) will travel to FCC Terre Haute from other BOP institutions. These teams consists of approximately 50 individuals. Again, logistical arrangements such as travel and lodging have already begun for the current execution dates.

11. Additionally, BOP has made travel and lodging arrangements for the victims' family members to attend the July executions.

12. Any adjustment to the execution dates would require significant planning and coordination such as that has been undertaken by BOP to date.

I declare, under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed this 9th day of July, 2020.

*Rick Winter (JL)*
Rick Winter
Federal Bureau of Prisons