UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of the<br>Federal Bureau of Prisons' Execution<br>Protocol Cases,<br><br>LEAD CASE: *Roane et al. v. Barr*<br><br>THIS DOCUMENT RELATES TO:<br><br>*Lee & Honken v. Barr, et al.*, 19-cv-2559<br>*Purkey v. Barr*, *et al.*, 19-cv-03214<br><u>*Nelson v. Barr, et al.*, 20-cv-557</u> | Case No. 19-mc-145 (TSC) |

**DEFENDANTS' MOTION TO STAY
<u>PRELIMINARY INJUNCTION PENDING APPEAL</u>**

Pursuant to Federal Rule of Civil Procedure 62(c)(1) and consistent with Federal Rule of Appellate Procedure 8(a)(1), Defendants respectfully move for a stay pending appeal of this Court's Order, issued on July 15, 2020, enjoining Defendants from proceeding with the executions of Plaintiffs Wesley Purkey, Dustin Lee Honken, and Keith Nelson, scheduled for July 15, 2020, July 17, 2020, and August 28, 2020, respectively, until further order of this Court.  *See* ECF Nos. 145 & 146.  In support of this motion, Defendants respectfully refer the Court to the declaration of Rick Winter (dated July 9, 2020), ("Winter Decl."), ECF No. 139-1, which describes the harm to the Federal Bureau of Prisons ("BOP") and the stakeholders if the executions were to be postponed.  In view of the fact that the execution of Purkey is scheduled to occur in a matter of hours, and Honken's execution date is also rapidly approaching, Defendants plan to seek relief in the Court of Appeals shortly after this filing.

Defendants recognize that this Court has determined that Plaintiffs meet the standard for issuance of a preliminary injunction, which is the same standard that applies to this motion. Federal Rule of Appellate Procedure 8(a)(1), however, counsels Defendants to first move in this Court for a stay of the injunction pending appeal before seeking a stay in the Court of Appeals. Accordingly, for the reasons stated below and in Defendants' [corrected] opposition brief to

Plaintiffs' motion for a preliminary injunction, *see* ECF No. 113-1, Defendants respectfully request that the Court stay the injunction pending appeal.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 62(c) provides in relevant part: "When an appeal is taken from an interlocutory or final judgment granting . . . an injunction, the court in its discretion may suspend . . . an injunction" during the pendency of the appeal. District courts considering a motion for such a stay consider the same factors as those governing a motion for a preliminary injunction: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). Before seeking a stay from the Court of Appeals, a party must ordinarily move first in the District Court for an order suspending an injunction pending appeal. Fed. R. App. P. 8(a).

## ARGUMENT
### I. DEFENDANTS ARE LIKELY TO SUCCEED ON THE MERITS OF THEIR APPEAL OF THIS COURT'S INJUNCTION

Defendants are likely to succeed on the merits of their appeal of this Court's injunction. This Court held that Plaintiffs are likely to succeed on their claim pursuant to the Food, Drug, and Cosmetic Act ("FDCA"). ECF No. 145 at 7, 12–13. Respectfully, Defendants disagree with this Court's conclusion for the reasons set forth in Defendants' [corrected] opposition to Plaintiffs' motion for a preliminary injunction, ECF No. 113-1 at 32-36. Specifically, Defendants are likely to succeed on appeal on Plaintiffs' FDCA claim because the FDCA does not govern the government's use of pentobarbital for carrying out capital punishment, as articles intended for use in executions cannot be regulated as "drugs" or "devices" under the FDCA. Moreover, this Court held that "Plaintiffs are not barred by [the FDCA] . . . from bringing a private claim." ECF No. 146 at 10. However, Plaintiffs cannot end-run the non-reviewability of the FDA's enforcement decisions by invoking the APA against BOP. *See, e.g.*, *Block v. Community Nutrition Inst.*, 467

U.S. 340, 351 (1984) (APA action implicitly precluded by federal statute intended to foreclose private party enforcement). Accordingly, Defendants are likely to succeed on the merits of their appeal.

**II.     THE BALANCE OF HARMS WEIGHS IN FAVOR OF ENTRY OF A STAY OF THE PRELIMINARY INJUNCTION**

This Court further held that the balance of harms weighs in favor of issuance of a preliminary injunction. Defendants respectfully disagree. The Supreme Court has repeatedly recognized the Government and the victims' compelling interest in the timely enforcement of a death sentence. *See Calderon v. Thompson*, 523 U.S. 538, 556 (1998); *Gomez v. U.S. Dist. Court for N. Dist. of Cal.*, 503 U.S. 653, 654 (1992); *see also Bucklew v. Precythe*, 139 S. Ct. 1112, 1134 (2019) ("The people of Missouri, the surviving victims of [the condemned inmate's] crimes, and others like them deserve better. Even the principal dissent acknowledges that the long delays that now typically occur between the time an offender is sentenced to death and his execution are excessive.") (citation omitted from parenthetical). Indeed, in this very case, Judge Katsas has found that this Court "failed to recognize the important governmental and public interest in the timely implementation of capital punishment." *In re Execution Protocol Cases*, 955 F.3d at 126 (Katsas, J., concurring). This is particularly the case where, as here, the execution dates are set and the Government has mobilized its resources to carry out the lawful sentence. As the Supreme Court explained just yesterday in this very same case, "'[l]ast-minute stays' like that issued this morning 'should be the extreme exception, not the norm.'" *Barr v. Lee*, No. 20A8, 2020 WL 3964985 (July 14, 2020) (per curiam) (quoting *Bucklew*, 587 U.S., at ___ (slip op., at 30)).

As Mr. Winter explains in his declaration, each execution requires significant advanced planning and coordination, including the "activation of the execution team, which consists of approximately 40 BOP staff members," Winter Decl. ¶ 5; the mobilization of approximately 100 BOP staff at the Federal Correctional Complex at Terre Haute ("FCC Terre Haute") to serve as institution security and support during the execution, *id.* ¶ 8; the synchronization of the schedules of BOP contractors who must set aside their own personal and work-related matters for each

execution, *id.* ¶ 6; the coordination of security measures with federal, state, and local law enforcement agencies, *id.* ¶ 7; the arrangement of travel and lodging for any victims' family members who have committed to witnessing the execution, *id.* ¶ 11; as well as the participation of approximately 50 additional BOP personnel from specialized teams, such as Special Operations Response Teams and Disturbance Control Teams, who will need to travel to FCC Terre Haute from other BOP institutions, *id.* ¶ 10. These preparations cannot easily be undone; "[a]ny adjustment to the execution dates would require significant planning and coordination such as that which already has been undertaken by BOP to date." *Id.* ¶ 12. This is particularly the case now that we are merely hours from Purkey's execution and Honken's execution is only two days away. Accordingly, beyond the Government's strong interest in proceeding with the criminal judgment, operational considerations surrounding the planned executions lend further support in favor of a stay.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court stay its injunction pending Defendants' appeal of this Court's July 15, 2020 Order enjoining Defendants from proceeding with the execution of Plaintiffs.


Dated: July 15, 2020
Respectfully submitted,

| | |
|---|---|
| MICHAEL R. SHERWIN<br>Acting United States Attorney | DAVID M. MORRELL<br>Deputy Assistant Attorney General |
| DANIEL F. VAN HORN<br>Civil Chief, U.S. Attorney's Office | PAUL R. PERKINS<br>Special Counsel |
| ALAN BURCH (D.C. Bar 470655)<br>Assistant United States Attorney<br>U.S. Attorney's Office<br>for the District of Columbia<br>Washington, D.C. 20530<br>202-252-2550<br>alan.burch@usdoj.gov | JEAN LIN (NY Bar 4074530)<br>Special Litigation Counsel<br><br>*/s/Cristen C. Handley*<br>CRISTEN C. HANDLEY (MO Bar 69114)<br>JONATHAN KOSSAK (D.C. Bar 991478)<br>Trial Attorneys<br>Federal Programs Branch |

4

                                              Civil Division, Department of Justice
                                              1100 L Street, N.W.
                                              Washington, D.C. 20005
                                              (202) 514-3716
                                              Jean.lin@usdoj.gov
                                              Jonathan.kossak@usdoj.gov
                                              Cristen.handley@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 15, 2020, I caused a true and correct copy of foregoing to be served on all counsel of record via the Court's CM/ECF system. Pursuant to this Court's August 20, 2019 Order, below is a list of all plaintiffs' counsel of record (as most recently identified in the signature pages of the Consolidated Amended Complaint, ECF No. 92):

Alan E. Schoenfeld (admitted *pro hac vice*)
Ryan M. Chabot (admitted *pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
(212) 230-8880
Alan.Schoenfeld@WilmerHale.com
Ryan.Chabot@WilmerHale.com

Andres C. Salinas (DC Bar No. 156118)
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6289
Andres.Salinas@WilmerHale.com

*Counsel for Wesley I. Purkey*

Joshua C. Toll
D.C. Bar No. 463073 King & Spalding LLP
1700 Pennsylvania Avenue, N.W.
Washington, DC 20006
(202) 737-8616
jtoll@kslaw.com

Margaret O'Donnell
P.O. Box 4815
Frankfort, KY 40604
(502) 320-1837
mod@dcr.net

*Counsel for Plaintiff Anthony Battle*

Ginger D. Anders (Bar No. 494471)
Jonathan S. Meltzer (Bar No. 888166546)
Brendan Gants (Bar No. 1031419)
MUNGER, TOLLES & OLSON LLP

1

1155 F Street N.W., Seventh Floor
Washington, D.C. 20004-1357
(202) 220-1100

*Counsel for Plaintiff Brandon Bernard*

Alex Kursman, Assistant Federal Defender
Shawn Nolan, Chief, Capital Habeas Unit
Federal Community Defender Office, E.D. Pa.
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Telephone - 215-928-0520
Email – alex_kursman@fd.org

*Counsel for Plaintiff Alfred Bourgeois*

Joseph Luby, Assistant Federal Defender
Federal Community Defender Office, E.D. Pa.
 601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Telephone - 215-928-0520
Email – joseph_luby@fd.org

*Counsel for Plaintiff Chadrick Fulks*

Amy Lentz (DC Bar No. 990095)
Steptoe & Johnson, LLP
1300 Connecticut Avenue NW
Washington, DC 20036
202.429.1320

*Counsel for Plaintiff Orlando Hall*

Scott W. Braden
Assistant Federal Defender
Arkansas Federal Defender Office
Ark Bar Number 2007123
1401 West Capitol, Suite 490
Little Rock, Arkansas 72201
(501) 324-6114
Scott_Braden@fd.org

Jennifer Ying (DE #5550)
Andrew Moshos (DE #6685)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market St.
P.O. Box 1347
Wilmington, Delaware 19801

(302) 658-9300
jying@mnat.com
amoshos@mnat.com

*Counsel for Plaintiff Norris G. Holder, Jr.*

Jon Jeffress
KaiserDillon PLLC
1099 14th Street NW
8th Floor West
Washington, DC 20005
Telephone - 202-640-2850
Email - jjeffress@kaiserdillon.com

Timothy Kane, Assistant Federal Defender
Shawn Nolan, Chief, Capital Habeas Unit
Federal Community Defender Office, E.D. Pa.
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Telephone - 215-928-0520
Email – timothy_kane@fd.org
Email – shawn_nolan@fd.org

*Counsel for Plaintiff Dustin Lee Honken*

Donald P. Salzman (D.C. Bar No. 479775)
Charles F. Walker (D.C. Bar No. 427025)
Steven M. Albertson (D.C. Bar No. 496249)
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
(202) 371-7983
donald.salzman@skadden.com

*Counsel for Plaintiff Corey Johnson*

David S. Victorson
Hogan Lovells US LLP
Columbia Square
555 13th Street NW
Washington, DC  20004
(202) 637-5600
(202) 637-5910 (fax)
david.victorson@hoganlovells.com

Pieter Van Tol (admitted *pro hac vice*)
Hogan Lovells US LLP
390 Madison Avenue

3

New York, NY 10017
(212) 918-3000
(212) 918-3100 (fax)
pieter.vantol@hoganlovells.com

*Counsel for Plaintiff Daniel Lewis Lee*

Kathryn L. Clune
Crowell & Moring LLP
1001 Pennsylvania Avenue NW
Washington D.C. 20004-2595
(202) 624-2705
kclune@crowell.com

Harry P. Cohen (pro hac vice application pending)
Michael K. Robles (pro hac vice application pending)
James Stronski (pro hac vice application pending)
Crowell & Moring LLP
590 Madison Avenue New York, NY 10022
(212) 223-4000
(212) 223-4134(fax)
hcohen@crowell.com
mrobles@crowell.com
jstronski@crowell.com

Jon M. Sands (pro hac application to be filed)
Dale A. Baich (pro hac application to be filed)
Jennifer M. Moreno
Federal Public Defender
District of Arizona
850 West Adams Street, Suite 201
Phoenix, Arizona 85007
602-382-2816
602-889-3960 (fax)
dale_baich@fd.org
jennifer_moreno@fd.org

*Counsel for Plaintiff Keith Nelson*

Shawn Nolan, Chief, Capital Habeas Unit
Federal Community Defender Office, E.D. Pa.
 601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Telephone - 215-928-0520
Email – timothy_kane@fd.org
Email – shawn_nolan@fd.org

*Counsel for Plaintiff Jeffrey Paul*

4

Paul F. Enzinna
D.C. Bar No. 421819
Ellerman Enzinna PLLC
1050 30th Street, NW
Washington, DC 20007
202.753.5553

*Counsel for Plaintiff James H. Roane, Jr.*

Amy Karlin
Interim Federal Public Defender
Celeste Bacchi
Jonathan C. Aminoff
Deputy Federal Public Defenders
321 E. Second Street
Los Angeles, CA 90012
(213) 894-2854

*Counsel for Plaintiff Julius O. Robinson*

Gerald W. King, Jr. Ga. Bar No. 140981
Jeffrey Lyn Ertel Ga. Bar No. 249966
FEDERAL DEFENDER PROGRAM, INC.
101 Marietta Street, Suite 1500
Atlanta, Georgia 30303
404-688-7530
(fax) 404-688-0768
Gerald_King@fd.org
Jeff_Ertel@fd.org

Stephen Northup
VSB #16547
Troutman Sanders LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1240
(fax) (804) 698-5120
steve.northup@troutmansanders.com

Frederick R. Gerson VSB #39968
Bank Of America Center
1111 East Main Street, 16th Floor Richmond,
Virginia 23219
(804) 482-1121
fgerson@dagglaw.com

5

*Counsel for Richard Tipton, III.*

Evan Miller (DC Bar # 219310)
Vinson & Elkins LLP
2200 Pennsylvania Avenue, NW
Suite 500 West
Washington, D.C. 20037
(202) 639-6605
(202) 478-1815 (fax)
emiller@velaw.com

*Counsel for Bruce Webster*

        */s/Cristen C. Handley*
        Attorney for Defendants