APPEAL,CONSOL

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:19–mc–00145–TSC</u>
### *Internal Use Only*

IN THE MATTER OF THE FEDERAL BUREAU OF
PRISONS' EXECUTION PROTOCOL CASES
Assigned to: Judge Tanya S. Chutkan
Member cases:

    1:19–cv–03520–TSC

    1:20–cv–00474–TSC

    1:20–cv–00557–TSC

 Cases:  1:05–cv–02337–TSC

         1:07–cv–02145–TSC

         1:12–cv–00782–TSC

         1:13–cv–00938–TSC

         1:20–cv–00557–TSC

         1:19–cv–03570–TSC

         1:20–cv–01693–TSC

         1:19–cv–03611–TSC

         1:20–cv–00474–TSC

         1:19–cv–03214–TSC

Case in other court:  USCA, 19–05322

                 USCA, 20–05199

Cause: 42:1981 Civil Rights

**<u>In Re</u>**

**IN THE MATTER OF THE
FEDERAL BUREAU OF PRISONS'
EXECUTION PROTOCOL CASES**

Date Filed: 08/20/2019
Jury Demand: None
Nature of Suit: 550 Prisoner Petition: Civil
Rights (Other)
Jurisdiction: U.S. Government Defendant

**<u>Plaintiff</u>**

**JAMES H. ROANE, JR.,**
*(05cv2337)*

represented by  **Joshua Christopher Toll**
KING & SPALDING, LLP
1700 Pennsylvania Avenue, NW
Suite 200
Washington, DC 20002
(202) 737–8616
Email: jtoll@kslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul F. Enzinna**
ELLERMAN ENZINNA PLLC
1050 30th Street NW

1

Washington, DC 20007
(202) 753–5553
Fax: (617) 289–0512
Email: penzinna@ellermanenzinna.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**RICHARD TIPTON**                 represented by   **Charles Anthony Zdebski**
*(05cv2337)*                                        ECKERT SEAMANS CHERIN &
                                                    MELLOTT, LLC
                                                    Telecommunications Law
                                                    1717 Pennsylvania Avenue, N.W.
                                                    12th Floor
                                                    Washington, DC 20005
                                                    (202) 659–6605
                                                    Fax: (202) 659–6699
                                                    Email: czdebski@eckertseamans.com
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Joshua Christopher Toll**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Brandon David Almond**
                                                    TROUTMAN SANDERS LLP
                                                    401 9th Street, NW
                                                    Suite 1000
                                                    Washington, DC 20004
                                                    (202) 274–2864
                                                    Fax: (202) 274–2994
                                                    Email: brandon.almond@troutmansanders.com
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Gerald Wesley King , Jr.**
                                                    FEDERAL DEFENDER PROGRAM,
                                                    INC.
                                                    101 Marietta Street, NW
                                                    Suite 1500
                                                    Atlanta, GA 30303
                                                    (404) 688–7530
                                                    Fax: (404) 688–0768
                                                    Email: gerald_king@fd.org
                                                    *PRO HAC VICE*
                                                    *ATTORNEY TO BE NOTICED*

**Plaintiff**

**CORY JOHNSON**                   represented by   **Charles Frederick Walker**
*(05cv2337)*                                        SKADDEN, ARPS, SLATE, MEAGHER

& FLOM LLP
1440 New York Avenue, NW
Washington, DC 20005
(202) 371–7000
Email: Charles.Walker@skadden.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Charles Anthony Zdebski**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Donald P. Salzman**
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
1440 New York Avenue, NW
Washington, DC 20005
(202) 371–7983
Fax: (202) 661–9063
Email: Donald.salzman@skadden.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Christopher Toll**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven M Albertson**
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
1440 New York Avenue, NW
Washington, DC 20005
(202) 371–7112
Email: Steven.Albertson@skadden.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**JULIUS ROBINSON**                    represented by   **Celeste Bacchi**
*07–cv–02145–TSC*                                      OFFICE OF THE PUBLIC DEFENDER
                                                       Capital Habeas Unit
                                                       321 East 2nd Street
                                                       Los Angeles, CA 90012
                                                       (213) 894–1887
                                                       Fax: (213) 894–0310
                                                       Email: celeste_bacchi@fd.org
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Craig Anthony Harbaugh**
                                                       FEDERAL PUBLIC DEFENDER,

CENTRAL DISTRICT OF CALIFORNIA
321 East Second Street
Los Angeles, CA 90012
(213) 894−7865
Fax: (213) 894−0310
Email: craig_harbaugh@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan Charles Aminoff**
FEDERAL PUBLIC DEFENDER,
CENTRAL DISTRICT OF CALIFORNIA
321 East Second Street
Los Angeles, CA 90012
(213) 894−5374
Fax: (213) 894−0310
Email: jonathan_aminoff@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**ALFRED BOURGEOIS**            represented by   **Alexander Louis Kursman**
*12−cv−00782−TSC*                                OFFICE OF THE FEDERAL
                                                 COMMUNITY DEFENDER/EDPA
                                                 601 Walnut Street
                                                 Suite 545 West
                                                 Philadelphia, PA 19106
                                                 (215) 928−0520
                                                 Email: alex_kursman@fd.org
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*

                                                 **Billy H. Nolas**
                                                 FEDERAL COMMUNITY DEFENDER
                                                 OFFICE FOR THE EDPA
                                                 601 Walnut Street
                                                 Suite 545W
                                                 Philadelphia, PA 19106
                                                 (215) 928−0520
                                                 Fax: (215) 928−0826
                                                 Email: billy_nolas@fd.org
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*

**Plaintiff**

**DANIEL LEWIS LEE**            represented by   **David S. Victorson**
                                                 HOGAN LOVELLS US LLP
                                                 555 Thirteenth Street, NW
                                                 Washington, DC 20004
                                                 (202) 637−2061
                                                 Email: david.victorson@hoganlovells.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Danielle Desaulniers Stempel**
555 13th ST NW
Washington, DC 20004
202–804–7798
Email: danielle.stempel@hoganlovells.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Elizabeth Hagerty**
U.S. ATTORNEY'S OFFICE
1801 California Street
Suite 1600
Denver, CO 80202
303–454–0101
Fax: 303–454–0411
Email: elizabeth.hagerty@usdoj.gov
*TERMINATED: 01/02/2020*

**John D. Beck**
HOGAN LOVELLS US LLP
390 Madison Ave
New York, NY 10017
(212) 918–3000
Fax: (212) 918–3100
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Pieter Van Tol**
HOGAN LOVELLS US LLP
390 Madison Ave
New York, NY 10017
(212) 918–3000
Fax: (212) 918–3100
Email: pieter.vantol@hoganlovells.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**WESLEY IRA PURKEY**          represented by   **Alan E. Schoenfeld**
WILMER CUTLER PICKERING HALE
& DORR, LLP
250 Greenwich Street
7 World Trade Center
New York, NY 10007
(212) 937–7294
Fax: (212) 230–8888
Email: alan.schoenfeld@wilmerhale.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Andres C. Salinas**
WILMER CUTLER HALE AND DORR
LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
202–663–6289
Email: andres.salinas@wilmerhale.com
*ATTORNEY TO BE NOTICED*

**Arin Hillary Smith**
WILMER CUTLER PICKERING HALE
& DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
202–663–6959
Email: arin.smith@wilmerhale.com
*TERMINATED: 03/03/2020*

**Ryan M. Chabot**
WILMER CUTLER PICKERING HALE
& DORR LLP
250 Greenwich Street
New York, NY 10007
(212) 295–6513
Fax: (212) 230–8888
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **NORRIS G. HOLDER, JR.**<br>*19–cv–03520–TSC* | represented by | **Scott Wilson Braden**<br>FEDERAL PUBLIC DEFENDER<br>EASTERN DISTRICT OF ARKANSAS<br>Capital Habeas Unit<br>1401 West Capitol Street<br>1401 West Capital<br>Suite 490<br>Little Rock, AR 72201<br>501–324–6114<br>Fax: 501–324–5630<br>Email: scott_braden@fd.org<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Andrew Moshos**
MORRIS NICHOLS ARSHT &
TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899–1347
302–351–9197
Fax: 302–425–3011

Email: amoshos@mnat.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeffrey Lyons**
MORRIS NICHOLS ARSHT &
TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899–1347
302–351–9390
Fax: 302–498–6236
Email: jlyons@mnat.com
*TERMINATED: 03/27/2020*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jennifer Ying**
MORRIS NICHOLS ARSHT &
TUNNELL LLP
1201 North Market Street, P.O. Box 1347
Wilmington, DE 19899–1347
302–351–9243
Fax: 302–225–2570
Email: jying@mnat.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephen J. Kraftschik**
POLSINELLI PC
222 Delaware Avenue
Suite 1101
Wilmington, DE 19801
302–252–0926
Email: skraftschik@polsinelli.com
*TERMINATED: 02/14/2020*
*PRO HAC VICE*

**Plaintiff**

**KEITH NELSON**                     represented by    **Kathryn Louise Clune**
*20–cv–557*                                            CROWELL & MORING, LLP
                                                       1001 Pennsylvania Avenue, NW
                                                       Washington, DC 20004
                                                       (202) 624–2500
                                                       Fax: (202) 628–5116
                                                       Email: kclune@crowell.com
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Dale Andrew Baich**
                                                       OFFICE OF THE FEDERAL PUBLIC
                                                       DEFENDER

850 West Adams St.
Suite 201
Phoenix, AZ 85007
602−382−2816
Email: Dale_Baich@fd.org
*ATTORNEY TO BE NOTICED*

**Jennifer M. Moreno**
OFFICE OF THE PUBLIC FEDERAL
DEFENDER, DISTICT OF ARIZONA
850 West Adams Street
Suite 201
Phoenix, AZ 85007−2730
602−382−2718
Fax: 602−889−3960
Email: jennifer_moreno@fd.org
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**BRANDON BERNARD**                 represented by  **Ginger Dawn Anders**
*20−cv−00474*                                      MUNGER, TOLLES & OLSON LLP
                                                   1155 F Street, NW
                                                   7th Floor
                                                   Washington, DC 20004
                                                   (202) 220−1107
                                                   Fax: (202) 220−3200
                                                   Email: ginger.anders@mto.com
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

V.

**Intervenor Plaintiff**

**BRUCE WEBSTER**                   represented by  **Evan D. Miller**
*(05cv2337)*                                       VINSON & ELKINS LLP
                                                   2200 Pennsylvania Avenue, NW
                                                   Suite 500 West
                                                   Washington, DC 20037
                                                   (202) 639−6605
                                                   Email: emiller@velaw.com
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

                                                   **Joshua Christopher Toll**
                                                   (See above for address)
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

                                                   **Kathryn B. Codd**
                                                   VINSON & ELKINS, L.L.P.
                                                   2200 Pennsylvania Avenue, NW

Suite 500–West
Washington, DC 20037
(202) 639–6536
Fax: (202) 639–8936
Email: kcodd@velaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric Hernandez**
GREENBERG TRAURIG, P.A.
333 SE 2nd Avenue
Suite 4400
Miami, FL 33131
305–579–0570
Fax: 305–961–5727
Email: hernandezeric@gtlaw.com
*TERMINATED: 02/27/2020*

**Jeanne Vosberg Sourgens**
VINSON & ELKINS L.L.P
The Willard Office Building
1455 Pennsylvania Avenue, NW
Suite 600
Washington, DC 20004
(202) 639–6633
Fax: (202) 639–6604
*ATTORNEY TO BE NOTICED*

**Robert E. Waters**
KING & SPALDING, LLP
1700 Pennsylvania Avenue, NW
Suite 200
Washington, DC 20006
(202) 737–0500
Email: rwaters@velaw.com
*ATTORNEY TO BE NOTICED*

**William E. Lawler , III**
VINSON & ELKINS LLP
2200 Pennsylvania Avenue, NW
Suite 500 West
Washington, DC 20037
202–639–6676
Email: wlawler@velaw.com
*ATTORNEY TO BE NOTICED*

**Yousri H. Omar**
VINSON & ELKINS LLP
2200 Pennsylvania Avenue, NW
Suite 500 West
Washington, DC 20037
(202) 639–6500

Email: yomar@velaw.com
*ATTORNEY TO BE NOTICED*

**Intervenor Plaintiff**

**ANTHONY BATTLE**                                    represented by   **Joshua Christopher Toll**
*(05cv2337)*                                                          (See above for address)
                                                                     *LEAD ATTORNEY*
                                                                     *ATTORNEY TO BE NOTICED*

                                                                     **Margaret O'Donnell**
                                                                     P.O. Box 4815
                                                                     Frankfort, KY 40604–4815
                                                                     (502) 320–1837
                                                                     Fax: (502) 227–4669
                                                                     Email: mod@dcr.net
                                                                     *LEAD ATTORNEY*
                                                                     *ATTORNEY TO BE NOTICED*

                                                                     **Abigail Bortnick**
                                                                     KING & SPALDING LLP
                                                                     1700 Pennsylvania Avenue, NW
                                                                     Washington, DC 20006
                                                                     (202) 626–5502
                                                                     Fax: (202) 626–3737
                                                                     Email: abortnick@kslaw.com
                                                                     *ATTORNEY TO BE NOTICED*

                                                                     **William E. Hoffmann , Jr.**
                                                                     KING & SPALDING, LLP
                                                                     1180 Peachtree Street, NE
                                                                     Atlanta, GA 30309
                                                                     (404) 572–3383
                                                                     Fax: (404) 572–5136
                                                                     *ATTORNEY TO BE NOTICED*

**Intervenor Plaintiff**

**ORLANDO HALL**                                      represented by   **Amy J. Lentz**
*(05cv2337)*                                                          STEPTOE & JOHNSON LLP
                                                                     1330 Connecticut Avenue, NW
                                                                     Washington, DC 20036
                                                                     (202) 429–1320
                                                                     Email: alentz@steptoe.com
                                                                     *LEAD ATTORNEY*
                                                                     *ATTORNEY TO BE NOTICED*

                                                                     **Joshua Christopher Toll**
                                                                     (See above for address)
                                                                     *LEAD ATTORNEY*
                                                                     *ATTORNEY TO BE NOTICED*

                                                                     **Mark Joseph Hulkower**

STEPTOE & JOHNSON LLP
1330 CONNECTICUT AVENUE NW
Washington, DC 20036
(202) 429–6221
Email: mhulkower@steptoe.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew John Herrington**
STEPTOE & JOHNSON, LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429–8164
Email: mherrington@steptoe.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert A. Ayers**
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429–6401
Email: rayers@steptoe.com
*ATTORNEY TO BE NOTICED*

**Intervenor Plaintiff**

**DUSTIN LEE HONKEN**                    represented by    **Amelia J. Schmidt**
KAISER DILLON, PLLC
1099 14th Street
Suite 800 West
Washington, DC 20005
202–869–1301
Email: aschmidt@KaiserDillon.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan Jeffress**
KAISER DILLON, PLLC
1099 14th Street
Suite 800 West
Washington, DC 20005
(202) 640–4430
Fax: (202) 280–1034
Email: jjeffress@kaiserdillon.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Shawn Nolan**
FEDERAL COMMUNITY DEFENDER
OFFICE, EASTERN DISTRICT OF
PENN
601 Walnut Street

Suite 545 W
Philadelphia, PA 19107
(215) 928–0528
Fax: (215) 928–0826
Email: Shawn_Nolan@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**KAREN TANDY**
*Administrator, Drug Enforcement
Administration (05cv2337)*

represented by   **Cristen Cori Handley**
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
202–305–2677
Email: Cristen.Handley@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Denise M. Clark**
U.S. ATTORNEY'S OFFICE FOR THE
DISTRICT OF COLUMBIA
555 Fourth Street, NW
Washington, DC 20530
(202) 252–6605
Fax: (202) 252–2599
Email: denise.clark@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul R. Perkins**
U.S. DEPARTMENT OF JUSTICE
Civil Division
950 Pennsylvania Ave, NW
Washington, DC 20530
202–514–5090
Email: paul.r.perkins@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter S. Smith**
UNITED STATES ATTORNEY'S
OFFICE
Appellate Division
555 4th Street, NW
Eighth Floor
Washington, DC 20530–0001
(202) 252–6769
Fax: (202) 514–8779

Email: peter.smith@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan Burch**
U.S. ATTORNEY'S OFFICE FOR THE
DISTRICT OF COLUMBIA
555 Fourth Street, NW
Washington, DC 20530
(202) 252–2550
Email: alan.burch@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Ethan Price Davis**
U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Ave. NW
Washington, DC 20530
(202) 616–4171
Email: Ethan.davis@usdoj.gov
*TERMINATED: 07/03/2020*

**Jean Lin**
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
1100 L Street, NW
Room 11532
Washington, DC 20005
(202) 514–3716
Fax: (202) 616–8470
Email: jean.lin@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Jonathan D. Kossak**
U.S. DEPARTMENT OF JUSTICE
Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
(202) 305–0612
Email: jonathan.kossak@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **HARLEY G. LAPPIN**<br>*Director, Federal Bureau of Prisons;*<br>*05cv2337;07cv02145* | represented by | **Cristen Cori Handley**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Denise M. Clark**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Paul R. Perkins**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan Burch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ethan Price Davis**
(See above for address)
*TERMINATED: 07/03/2020*

**Jean Lin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan D. Kossak**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **NEWTON E. KENDIG, II**<br>*Medical Director, Health Services*<br>*Division, Federal Bureau of Prisons;*<br>*05cv2337;12cv782 ;13cv938* | represented by | **Cristen Cori Handley**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Denise M. Clark**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul R. Perkins**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter S. Smith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert J. Erickson**
U. S. DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue, NW
Room 1515
Washington, DC 20530
(202) 514–2841
Fax: (202) 305–2121
Email: robert.erickson@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan Burch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ethan Price Davis**
(See above for address)
*TERMINATED: 07/03/2020*

**Jean Lin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan D. Kossak**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **MARK BEZY**<br>*Warden, U.S. Penitentiary Terre Haute*<br>*(05cv2337)* | represented by | **Cristen Cori Handley**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Denise M. Clark**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul R. Perkins**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter S. Smith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert J. Erickson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan Burch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ethan Price Davis**
(See above for address)
*TERMINATED: 07/03/2020*

**Jean Lin**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan D. Kossak**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**JOHN DOES**
*I–V, Individually and in their official*
*capacities 05cv2337; 12cv00782 I–X*

represented by   **Cristen Cori Handley**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Denise M. Clark**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul R. Perkins**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan Burch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ethan Price Davis**
(See above for address)
*TERMINATED: 07/03/2020*

**Jean Lin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan D. Kossak**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**THOMAS WEBSTER**
*M.D.– Clinical Director;*
*05cv2337;12cv782; 13cv938*

represented by   **Cristen Cori Handley**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Denise M. Clark**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jean Lin**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul R. Perkins**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan Burch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ethan Price Davis**
(See above for address)
*TERMINATED: 07/03/2020*

**Jonathan D. Kossak**
(See above for address)
*ATTORNEY TO BE NOTICED*

## Defendant

**ERIC H. HOLDER, JR.**
*Attorney General for the United States of America; 05cv2337; 12cv782;13cv938*

represented by   **Cristen Cori Handley**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Denise M. Clark**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul F. Enzinna**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul R. Perkins**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan Burch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ethan Price Davis**
(See above for address)
*TERMINATED: 07/03/2020*

**Jean Lin**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Jonathan D. Kossak**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**MICHAEL B. MUKASEY**                 represented by   **Cristen Cori Handley**
*07−cv−02145−TSC*                                      (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Denise M. Clark**
                                                       (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Paul R. Perkins**
                                                       (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Alan Burch**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Ethan Price Davis**
                                                       (See above for address)
                                                       *TERMINATED: 07/03/2020*

                                                       **Jean Lin**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Jonathan D. Kossak**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

**Defendant**

**KAREN TANDY**                        represented by   **Cristen Cori Handley**
*07−cv−02145−TSC*                                      (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Denise M. Clark**
                                                       (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Paul R. Perkins**
                                                       (See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan Burch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ethan Price Davis**
(See above for address)
*TERMINATED: 07/03/2020*

**Jean Lin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan D. Kossak**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**ALAN R. DOERHOFF**                    represented by   **Cristen Cori Handley**
*07−cv−02145−TSC*                                        (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Denise M. Clark**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Paul R. Perkins**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Alan Burch**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Ethan Price Davis**
                                                         (See above for address)
                                                         *TERMINATED: 07/03/2020*

                                                         **Jean Lin**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Jonathan D. Kossak**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**JOHN DOES**
*I–IV, Individually and in their official capacities; 07–cv–02145–TSC*

represented by **Cristen Cori Handley**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Denise M. Clark**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul R. Perkins**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan Burch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ethan Price Davis**
(See above for address)
*TERMINATED: 07/03/2020*

**Jean Lin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan D. Kossak**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**MICHELE LEONHART**
*07–cv–02145; 12cv782; 13cv938*

represented by **Cristen Cori Handley**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Denise M. Clark**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul R. Perkins**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan Burch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ethan Price Davis**

(See above for address)
*TERMINATED: 07/03/2020*

**Jean Lin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan D. Kossak**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**CHARLES E. SAMUELS, JR.**                represented by    **Cristen Cori Handley**
*07−cv−02145; 12−cv−00782*                                  (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Denise M. Clark**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Paul R. Perkins**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Alan Burch**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Ethan Price Davis**
                                                            (See above for address)
                                                            *TERMINATED: 07/03/2020*

                                                            **Jean Lin**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Jonathan D. Kossak**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**JOHN F. CARAWAY**                        represented by    **Cristen Cori Handley**
*07cv2145; 13cv938*                                         (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Denise M. Clark**
                                                            (See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul R. Perkins**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan Burch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ethan Price Davis**
(See above for address)
*TERMINATED: 07/03/2020*

**Jean Lin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan D. Kossak**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**UNITED STATES DEPARTMENT OF JUSTICE**
*12cv782; 13cv938*

represented by   **Cristen Cori Handley**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Denise M. Clark**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul R. Perkins**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan Burch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ethan Price Davis**
(See above for address)
*TERMINATED: 07/03/2020*

**Jean Lin**
(See above for address)
*ATTORNEY TO BE NOTICED*

Jonathan D. Kossak
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**PAUL LAIRD**                    represented by    **Cristen Cori Handley**
*12−cv−00782*                                        (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Denise M. Clark**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Paul R. Perkins**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Alan Burch**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Ethan Price Davis**
                                                     (See above for address)
                                                     *TERMINATED: 07/03/2020*

                                                     **Jean Lin**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Jonathan D. Kossak**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**KERRY J. FORESTAL**            represented by    **Cristen Cori Handley**
*12cv782;13cv938*                                   (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Denise M. Clark**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Paul R. Perkins**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

**Alan Burch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ethan Price Davis**
(See above for address)
*TERMINATED: 07/03/2020*

**Jean Lin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan D. Kossak**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**CHARLES L. LOCKETT**                    represented by   **Cristen Cori Handley**
*12−cv−00782*                                             (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Denise M. Clark**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Paul R. Perkins**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Alan Burch**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Ethan Price Davis**
                                                         (See above for address)
                                                         *TERMINATED: 07/03/2020*

                                                         **Jean Lin**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Jonathan D. Kossak**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

                                          represented by

**CHADRICK EVAN FULKS**
*13cv938*

**Amy Gershenfeld Donnella**
FEDERAL COMMUNITY DEFENDER
OFFICE FOR THE EDPA
601 Walnut Street
Suite 545W
Philadelphia, PA 19106
(215) 928–0520
Email: amy_donnella@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Billy H. Nolas**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cristen Cori Handley**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph William Luby**
FEDERAL PUBLIC DEFENDER/EDPA
601 Walnut Street
Suite 545 West
Philadelphia, PA 19106
(215) 928–0520
Email: joseph_luby@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul R. Perkins**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Shawn Nolan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan Burch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ethan Price Davis**
(See above for address)
*TERMINATED: 07/03/2020*

**Jean Lin**
(See above for address)
*ATTORNEY TO BE NOTICED*

Jonathan D. Kossak
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**WILLIAM P. BARR**                    represented by    **Cristen Cori Handley**
*19−cv−03214−TSC*                                      (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Paul R. Perkins**
                                                       (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Alan Burch**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

**Defendant**

**JEFFREY E. KRUEGER**                 represented by    **Cristen Cori Handley**
*19−cv−03214−TSC*                                      (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Paul R. Perkins**
                                                       (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Alan Burch**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

**Defendant**

**JOSEPH MCCLAIN**                     represented by    **Cristen Cori Handley**
*19−cv−03214−TSC*                                      (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Paul R. Perkins**
                                                       (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Alan Burch**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

**Defendant**

**RADM CHRIS A. BINA**
*19−cv−03214−TSC*

represented by **Cristen Cori Handley**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul R. Perkins**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan Burch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**T. J. WATSON**
*19−cv−03214−TSC*

represented by **Cristen Cori Handley**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul R. Perkins**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan Burch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**UTTAM DHILLON**
*19cv3520; Acting Administrator, U.S.*
*Drug Enforcement Administration*

represented by **Cristen Cori Handley**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**NICOLE ENGLISH**
*19cv3520; Acting Assistant Director,*
*Health Services, Federal Bureau of*
*Prisons*

represented by **Cristen Cori Handley**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Debtor−in−Possess**

**WILLIAM E. WILSON**
*M.D.,; 19−cv−03214−TSC*

V.

**Intervenor Defendant**

**RICHARD VEACH**                      represented by   **Denise M. Clark**
*Warden, U.S. Penitentiary Terre Haute*                 (See above for address)
*(05cv2337); 07cv02145*                                 *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Intervenor**

**JEFFREY PAUL**                       represented by   **Gary E. Proctor**
*(05cv2337)*                                            LAW OFFICES OF GARY E. PROCTOR,
                                                        LLC
                                                        8 E. Mulberry Street
                                                        Baltimore, MD 21202
                                                        (410) 444–1500
                                                        Fax: (443) 836–9162
                                                        Email: garyeproctor@gmail.com
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Robert L. McGlasson**
                                                        MCGLASSON & ASSOCIATES, PC
                                                        1024 Clairemont Avenue
                                                        Decatur, GA 30030
                                                        (404) 314–7664
                                                        Fax: (404) 879–0005
                                                        Email: rlmcglasson@comcast.net
                                                        *PRO HAC VICE*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Sean D. O'Brien**
                                                        PUBLIC INTEREST LITIGATION
                                                        CLINIC
                                                        6155 Oak
                                                        Suite C
                                                        Kansas City, MO 64113
                                                        (816) 363–2795
                                                        Fax: (816) 363–2799
                                                        Email: dplc@dplclinic.com
                                                        *PRO HAC VICE*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Shawn Nolan**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 08/15/2019 | | | Minute Entry: Status Conference held on 8/15/2019 before Judge Tanya S. Chutkan: Parties will adhere to the following schedule: Defendants shall file the administrative record on or before August 30, 2019; Plaintiffs shall complete the necessary 30(b)(6) depositions on or before February 28, 2020; |

| | | | |
|---|---|---|---|
| | | | and Plaintiffs shall file an amended complaint on or before March 31, 2020. Order forthcoming regarding consolidation of 05–2337; 07–2145; 12–782; and 13–958. (Court Reporter Bryan Wayne) (tb) Modified on 8/19/2019 (lctsc1). (Entered: 08/16/2019)– (Entry originally filed in 05cv2337 on 08/15/19.) (Entered: 08/29/2019) |
| 08/20/2019 | 1 | | ORDER: Upon consideration of the parties consent motions and the representations made by the parties at the August 15, 2019 status conference, the court hereby consolidates the four mention cases in the case caption of this order, pursuant to Federal Rule of Civil Procedure 42(a). It is therefore ORDERED that the following cases are to be consolidated into A Master Case File established for the lead case, 05–cv–2337 (TSC), as well as 07–cv–2145 (TSC), 12–cv–0782 (TSC), and 13–cv–0938 (TSC). All filings shall be made solely in the Master Case. SEE ORDER FOR DETAILS. Signed by Judge Tanya S. Chutkan on 8/20/19. (ztd) (Main Document 1 replaced on 8/29/2019) (tb). Modified on 8/29/2019 (DJS). (Entered: 08/27/2019) |
| 08/29/2019 | 2 | | MOTION for Preliminary Injunction by ALFRED BOURGEOIS (Attachments: # 1 Statement of Facts, # 2 Text of Proposed Order)(ztd); (Document originally filed in 12cv782 on 8/19/19) (Entered: 08/29/2019) |
| 08/29/2019 | 3 | | MOTION for Extension of Time to File Response/Reply by ERIC H. HOLDER, JR, NEWTON E. KENDIG, II, HARLEY G. LAPPIN, MICHAEL B. MUKASEY (Attachments: # 1 Text of Proposed Order)(ztd); (Document originally filed in 05cv2337.) (Entered: 08/29/2019) |
| 08/29/2019 | | | MINUTE ORDER: Defendants' consent motion 3 for an extension of time to file a response to Plaintiff Alfred Bourgeois' (12–cv–00782) motion 2 for a preliminary injunction barring the execution of Plaintiff Bourgeois is GRANTED. Defendants shall file their response on or before September 16, 2019. Plaintiff's reply is due within one week of Defendants' response or September 23, 2019, whichever date is earlier. Signed by Judge Tanya S. Chutkan on 8/29/2019. (lctsc1) (Entered: 08/29/2019) |
| 08/30/2019 | 4 | | NOTICE *of Filing Certification of the Administrative Record and the Index of the Administrative Record* by UNITED STATES DEPARTMENT OF JUSTICE (Attachments: # 1 Certified List of the Contents of the Administrative Records)Associated Cases: 1:19–mc–00145–TSC, 1:05–cv–02337–TSC, 1:07–cv–02145–TSC, 1:12–cv–00782–TSC, 1:13–cv–00938–TSC(Clark, Denise) (Entered: 08/30/2019) |
| 09/04/2019 | | | Set/Reset Deadlines: Response due by 9/16/2019. Reply due by 9/23/2019. Associated Cases: 1:19–mc–00145–TSC, 1:05–cv–02337–TSC, 1:07–cv–02145–TSC, 1:12–cv–00782–TSC, 1:13–cv–00938–TSC(tb) (Entered: 09/04/2019) |
| 09/05/2019 | 5 | | NOTICE of Appearance by Jean Lin on behalf of All Defendants (Lin, Jean) (Entered: 09/05/2019) |
| 09/05/2019 | 6 | | Memorandum in opposition to re 2 MOTION for Preliminary Injunction *(This Document Relates to Bourgeois v. Department of Justice, No. 12–0782* filed by KERRY J. FORESTAL, ERIC H. HOLDER, JR, PAUL LAIRD, MICHELE LEONHART, CHARLES L. LOCKETT, MICHAEL B. MUKASEY, CHARLES E. SAMUELS, JR, UNITED STATES DEPARTMENT OF JUSTICE, THOMAS WEBSTER. (Lin, Jean) (Entered: 09/05/2019) |

| 09/05/2019 | 7 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Pieter Van Tol, :Firm– Hogan Lovells US LLP, :Address– 390 Madison Avenue New York, NY 10017. Phone No. – (212) 918–3000. Fax No. – (212) 918–3100 Filing fee $ 100, receipt number 0090–6360193. Fee Status: Fee Paid. by DANIEL LEWIS LEE (Attachments: # 1 Declaration of Pieter Van Tol, # 2 Text of Proposed Order, # 3 Certificate of Service)(Hagerty, Elizabeth) (Entered: 09/05/2019) |
|---|---|---|---|
| 09/05/2019 | 8 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– John D. Beck, :Firm– Hogan Lovells US LLP, :Address– 390 Madison Avenue New York, NY 10017. Phone No. – (212) 918–3000. Fax No. – (212) 918–3100 Filing fee $ 100, receipt number 0090–6360222. Fee Status: Fee Paid. by DANIEL LEWIS LEE (Attachments: # 1 Declaration of John D. Beck, # 2 Text of Proposed Order, # 3 Certificate of Service)(Hagerty, Elizabeth) (Entered: 09/05/2019) |
| 09/06/2019 | | | MINUTE ORDER: THIS ORDER RELATES TO LEE (19cv2559). Granting 7 8 Motions for Leave to Appear Pro Hac Vice. Pieter Van Tol and John D. Beck are hereby admitted pro hac vice to appear in this matter on behalf of Plaintiff Daniel Lee. Signed by Judge Tanya S. Chutkan on 9/6/19. (DJS) (Entered: 09/06/2019) |
| 09/06/2019 | | | MINUTE ORDER: THIS ORDER RELATES TO ALL CASES. The parties are hereby reminded that, pursuant to the cour's Consolidation Order (ECF No. 1 ), when a filing is made that applies solely to ONE CASE, both the document and THE ECF ENTRY must contain a notation indicating that the filing Relates to [insert case NAME and NUMBER]. Documents that do not meet the requirements in the court's order may be STRICKEN sua sponte. Signed by Judge Tanya S. Chutkan on 9/6/19. (DJS) (Entered: 09/06/2019) |
| 09/10/2019 | 9 | | NOTICE of Appearance by David Solomon Victorson on behalf of DANIEL LEWIS LEE (Victorson, David) (Entered: 09/10/2019) |
| 09/11/2019 | 10 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 9/11/2019. Answer due for ALL FEDERAL DEFENDANTS by 11/10/2019. (Hagerty, Elizabeth) (Entered: 09/11/2019) |
| 09/12/2019 | 11 | | REPLY to opposition to motion re (2 in 1:19–mc–00145–TSC) MOTION for Preliminary Injunction *(The filing relates to Bourgeois v. United States Department of Justice, et al., No. 12–cv–0782–TSC)* filed by ALFRED BOURGEOIS. Associated Cases: 1:19–mc–00145–TSC et al.(Kursman, Alexander) (Entered: 09/12/2019) |
| 09/13/2019 | | | MINUTE ORDER: The Court's 8/15/19 Order requiring that the Defendants file the administrative "record" by 8/30/19, is hereby AMENDED to reflect that, pursuant to Local Civil Rule 7(n), Defendants were obligated to file "a certified list of the contents of the administrative record" by 8/30/19. Signed by Judge Tanya S. Chutkan on 9/13/19. (DJS) (Entered: 09/13/2019) |
| 09/13/2019 | 12 | | TRANSCRIPT OF STATUS HEARING before Judge Tanya S. Chutkan held on August 15, 2019, re Consolidated Cases, CV Nos. 05–2337, 07–2145, 12–0782, 13–0938. Page Numbers: 1–22. Date of Issuance: 9/13/19. Court Reporter: Bryan A. Wayne. Transcripts may be ordered by submitting the Transcript Order Form |

| | | |
|---|---|---|
| | | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 10/4/2019. Redacted Transcript Deadline set for 10/14/2019. Release of Transcript Restriction set for 12/12/2019.(Wayne, Bryan) (Entered: 09/13/2019) |
| 09/27/2019 | 13 | MOTION for Preliminary Injunction *(This filing relates to Lee v. Barr et al., Case No. 19−cv−02559−TSC)* by DANIEL LEWIS LEE (Attachments: # 1 Memorandum in Support, # 2 Declaration of Pieter Van Tol, # 3 Exhibit 1 − True and correct copy of a document entitled Addendum to BOP Execution Protocol Federal Death Sentence Implementation Procedures Effective July 25, 2019., # 4 Text of Proposed Order)(Van Tol, Pieter) (Entered: 09/27/2019) |
| 10/01/2019 | 14 | Joint MOTION for Briefing Schedule as to 13 MOTION for Preliminary Injunction *(This filing relates to Lee v. Barr et al., Case No. 19−cv−02559−TSC) (This document relates to Lee v. Barr,19−cv−2559)* by UNITED STATES DEPARTMENT OF JUSTICE (Attachments: # 1 Text of Proposed Order)(Lin, Jean) Modified event title on 10/3/2019 (znmw). (Entered: 10/01/2019) |
| 10/01/2019 | | MINUTE ORDER: The parties' joint motion 14 for an extension of time to file a response and reply to Plaintiff Daniel Lee's (19−cv−02559) motion 13 for a preliminary injunction barring implementation of the new federal lethal injunction protocol is GRANTED. Defendants shall file their response on or before October 18, 2019. Plaintiff's reply is due on or before November 1, 2019. Signed by Judge Tanya S. Chutkan on 10/1/2019. (lctsc1) (Entered: 10/01/2019) |
| 10/01/2019 | | Set/Reset Deadlines: Defendants' Response due by 10/18/2019. Plaintiff's Reply due by 11/1/2019. (zjd) (Entered: 10/03/2019) |
| 10/02/2019 | 15 | NOTICE of Appearance by Amy J. Lentz on behalf of ORLANDO HALL (Lentz, Amy) (Main Document 15 replaced on 10/2/2019) (ztd). (Entered: 10/02/2019) |
| 10/18/2019 | 16 | Memorandum in opposition to re 13 MOTION for Preliminary Injunction *(This filing relates to Lee v. Barr et al., Case No. 19−cv−02559−TSC) (This document relates to Lee v. Barr,19−cv−2559)* filed by MARK BEZY, JOHN F. CARAWAY, ALAN R. DOERHOFF, JOHN DOES(I−IV, Individually and in their official capacities; 07−cv−02145−TSC), JOHN DOES(I−V, Individually and in their official capacities 05cv2337; 12cv00782 I−X), KERRY J. FORESTAL, CHADRICK EVAN FULKS, ERIC H. HOLDER, JR, NEWTON E. KENDIG, II, PAUL LAIRD, HARLEY G. LAPPIN, MICHELE |

| | | | |
|---|---|---|---|
| | | | LEONHART, CHARLES L. LOCKETT, MICHAEL B. MUKASEY, CHARLES E. SAMUELS, JR, KAREN TANDY(Administrator, Drug Enforcement Administration (05cv2337)), UNITED STATES DEPARTMENT OF JUSTICE, THOMAS WEBSTER. (Lin, Jean) (Entered: 10/18/2019) |
| 10/24/2019 | 17 | | ENTERED IN ERROR.....NOTICE *of Supplementation to the Administrative Record and Filing of Certification of the Amended Administrative Record and the Amended Index of the Administrative Record* by MARK BEZY, JOHN F. CARAWAY, ALAN R. DOERHOFF, JOHN DOES(I–IV, Individually and in their official capacities; 07–cv–02145–TSC), JOHN DOES(I–V, Individually and in their official capacities 05cv2337; 12cv00782 I–X), KERRY J. FORESTAL, CHADRICK EVAN FULKS, ERIC H. HOLDER, JR, NEWTON E. KENDIG, II, PAUL LAIRD, HARLEY G. LAPPIN, MICHELE LEONHART, CHARLES L. LOCKETT, MICHAEL B. MUKASEY, KAREN TANDY(Administrator, Drug Enforcement Administration (05cv2337)), KAREN TANDY(07–cv–02145–TSC), UNITED STATES DEPARTMENT OF JUSTICE, THOMAS WEBSTER re 4 Notice (Other), (Attachments: # 1 Certification and Amended Index to Administrative Record)(Kossak, Jonathan) Modified on 10/25/2019 (zjf). (Entered: 10/24/2019) |
| 10/24/2019 | 18 | | MOTION for Leave to File *supplemental briefing in support of Daniel Lewis Lee's Motion for Preliminary Injunction 13 (This filing relates to Lee v. Barr et al., Case No. 19–cv–02559–TSC)*, MOTION for Leave to File Excess Pages *for a reply brief* by DANIEL LEWIS LEE (Attachments: # 1 Declaration of Pieter Van Tol, # 2 Exhibit 1 – Transcript for August 15, 2019 Hearing before Court, # 3 Exhibit 2 – E–mail exchange between P. Van Tol and counsel for Defendants, October 2, 2019, # 4 Exhibit 3 – E–mail exchange between counsel for Defendants and P. Enzinna, September 25, 2019 and October 1, 2019, # 5 Exhibit 4 – E–mail exchange between P. Van Tol and counsel for Defendants, October 7, 2019 to October 23, 2019, # 6 Text of Proposed Order)(Van Tol, Pieter) (Entered: 10/24/2019) |
| 10/25/2019 | 19 | | RESPONSE re 18 MOTION for Leave to File *supplemental briefing in support of Daniel Lewis Lee's Motion for Preliminary Injunction 13 (This filing relates to Lee v. Barr et al., Case No. 19–cv–02559–TSC)* MOTION for Leave to File Excess Pages *for a reply brief* filed by UNITED STATES DEPARTMENT OF JUSTICE. (Clark, Denise) (Entered: 10/25/2019) |
| 10/25/2019 | | | NOTICE OF CORRECTED DOCKET ENTRY: Document No. re 17 Notice (Other) was entered in error at the request of counsel and will be refiled.(jf) (Entered: 10/25/2019) |
| 10/25/2019 | 20 | | NOTICE *(Corrected) of Supplementation to the Administrative Record and Filing of Certification of the Amended Administrative Record and the Amended Index of the Administrative Record (This filing relates to all cases consolidated in In the Matter of the Federal Bureau of Prisons' Execution Protocol Cases, Case No. 19–mc–145)* by MARK BEZY, JOHN F. CARAWAY, ALAN R. DOERHOFF, JOHN DOES(I–IV, Individually and in their official capacities; 07–cv–02145–TSC), JOHN DOES(I–V, Individually and in their official capacities 05cv2337; 12cv00782 I–X), KERRY J. FORESTAL, CHADRICK EVAN FULKS, ERIC H. HOLDER, JR, NEWTON E. KENDIG, II, PAUL LAIRD, HARLEY G. LAPPIN, MICHELE LEONHART, CHARLES L. LOCKETT, MICHAEL B. MUKASEY, CHARLES E. SAMUELS, JR, |

| | | | |
|---|---|---|---|
| | | | KAREN TANDY(Administrator, Drug Enforcement Administration (05cv2337)), KAREN TANDY(07–cv–02145–TSC), UNITED STATES DEPARTMENT OF JUSTICE, THOMAS WEBSTER re 4 Notice (Other), (Attachments: # 1 Certification and Amended Index to Administrative Record)(Kossak, Jonathan) (Entered: 10/25/2019) |
| 10/29/2019 | 21 | | NOTICE of Appearance by Jonathan D. Kossak on behalf of All Defendants (Kossak, Jonathan) (Entered: 10/29/2019) |
| 11/01/2019 | | | MINUTE ORDER granting, in part, and denying, in part, 18 Motion to Allow Supplemental Briefing and to Extend Page Limit. Granting with respect to page extension and denying without prejudice until further order of the Court with respect to supplemental briefing. Signed by Judge Tanya S. Chutkan on 11/1/19. (lcdl) (Entered: 11/01/2019) |
| 11/01/2019 | 22 | | REPLY to opposition to motion re 13 MOTION for Preliminary Injunction *(This filing relates to Lee v. Barr et al., Case No. 19–cv–02559–TSC) (This filing relates to Lee v. Barr et al., Case No. 19–cv–02559–TSC)* filed by DANIEL LEWIS LEE. (Van Tol, Pieter) (Entered: 11/01/2019) |
| 11/01/2019 | 23 | | DECLARATION of Pieter Van Tol to 22 . . . .REPLY to opposition to motion re 13 MOTION for Preliminary Injunction *(This filing relates to Lee v. Barr et al., Case No. 19–cv–02559–TSC) Reply Declaration of Pieter Van Tol (This filing relates to Lee v. Barr et al., Case No. 19–cv–02559–TSC)* filed by DANIEL LEWIS LEE. (Attachments: # 1 Exhibit A – Appellants Petition for En Banc Rehearing Death Penalty Case, May 14, 2020, # 2 Exhibit B –E–mail exchange between me and counsel for the Defendants between the period of October 7, 2019 and October 23, 2019, # 3 Exhibit C – Transcript for the conference before the Court on August 15, 2019)(Van Tol, Pieter) Modified text on 11/4/2019 (ztd). (Entered: 11/01/2019) |
| 11/01/2019 | 24 | | DECLARATION of Gail A. Van Norman, M.D. to 22 . . . . . REPLY to opposition to motion re 13 MOTION for Preliminary Injunction *(This filing relates to Lee v. Barr et al., Case No. 19–cv–02559–TSC) Expert Declaration of Gail A. Van (This filing relates to Lee v. Barr et al., Case No. 19–cv–02559–TSC) Norman, M.D.* filed by DANIEL LEWIS LEE. (Van Tol, Pieter) Modified text on 11/4/2019 (ztd). (Entered: 11/01/2019) |
| 11/01/2019 | 25 | | DECLARATION of Craig W. Stevens, Ph.D. to 22 . . . . .REPLY to opposition to motion re 13 MOTION for Preliminary Injunction *(This filing relates to Lee v. Barr et al., Case No. 19–cv–02559–TSC) Expert Declaration of Craig W. Stevens Ph.D. (This filing relates to Lee v. Barr et al., Case No. 19–cv–02559–TSC)* filed by DANIEL LEWIS LEE. (Van Tol, Pieter) Modified text on 11/4/2019 (ztd). (Entered: 11/01/2019) |
| 11/01/2019 | 26 | | Unopposed MOTION to Intervene by DUSTIN LEE HONKEN (Attachments: # 1 Exhibit Complaint, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit)Associated Cases: 1:19–mc–00145–TSC et al.(Schmidt, Amelia) (Entered: 11/01/2019) |
| 11/04/2019 | 27 | | MOTION for Extension of Time to *Respond to Complaint* by UNITED STATES DEPARTMENT OF JUSTICE (Clark, Denise) Modified on 11/5/2019 (ztd). (Entered: 11/04/2019) |

| 11/05/2019 | 28 | | NOTICE of Appearance by Jonathan Jeffress on behalf of DUSTIN LEE HONKEN (Jeffress, Jonathan) (Entered: 11/05/2019) |
|---|---|---|---|
| 11/05/2019 | 29 | | MOTION for Preliminary Injunction by DUSTIN LEE HONKEN (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit)(Jeffress, Jonathan) (Entered: 11/05/2019) |
| 11/05/2019 | | | NOTICE OF ERROR re 28 Notice of Appearance; emailed to jjeffress@kaiserdillon.com, cc'd 64 associated attorneys –– The PDF file you docketed contained errors: 1. Counsel must call Attorney Admissions, (202) 354–3110, regarding status. (ztd, ) (Entered: 11/05/2019) |
| 11/05/2019 | 30 | | RESPONSE re 27 MOTION for Extension of Time to File Response/Reply *(This filing relates to Lee v. Barr et al., Case No. 19–cv–02559–TSC)* filed by DANIEL LEWIS LEE. (Van Tol, Pieter) (Entered: 11/05/2019) |
| 11/05/2019 | 31 | | Consent MOTION for Extension of Time to *Respond to Proposed Plaintiff/Intervenor Honken's Motion for Preliminary Injunction (This filing relates to Lee v. Barr et al., Case No. 19–cv–02559–TSC)* by MARK BEZY, JOHN F. CARAWAY, ALAN R. DOERHOFF, JOHN DOES(I–IV, Individually and in their official capacities; 07–cv–02145–TSC), JOHN DOES(I–V, Individually and in their official capacities 05cv2337; 12cv00782 I–X), KERRY J. FORESTAL, CHADRICK EVAN FULKS, ERIC H. HOLDER, JR, NEWTON E. KENDIG, II, PAUL LAIRD, HARLEY G. LAPPIN, MICHELE LEONHART, CHARLES L. LOCKETT, MICHAEL B. MUKASEY, CHARLES E. SAMUELS, JR, KAREN TANDY(Administrator, Drug Enforcement Administration (05cv2337)), KAREN TANDY(07–cv–02145–TSC), UNITED STATES DEPARTMENT OF JUSTICE, THOMAS WEBSTER (Attachments: # 1 Text of Proposed Order)(Kossak, Jonathan) (Entered: 11/05/2019) |
| 11/06/2019 | 32 | | MOTION for Leave to File *the expert declarations of Gail A. Norman, M.D. and Craig W. Stevens, Ph.D. (This filing relates to Lee v. Barr et al., Case No. 19–cv–02559–TSC)* by DANIEL LEWIS LEE (Attachments: # 1 Text of Proposed Order)(Van Tol, Pieter) (Entered: 11/06/2019) |
| 11/07/2019 | 33 | | Joint MOTION for Hearing *(This filing relates to All Cases)* by DANIEL LEWIS LEE (Van Tol, Pieter) (Entered: 11/07/2019) |
| 11/07/2019 | | | MINUTE ORDER denying 33 the parties' motion for a hearing without prejudice until further order of the Court. The Court intends to issue a ruling and/or hold a hearing no later than November 20, 2019. Signed by Judge Tanya S. Chutkan on November 7, 2019. (tsclc2) (Entered: 11/07/2019) |
| 11/08/2019 | | | MINUTE ORDER: Granting 26 Dustin Lee Honkin's Unopposed Motion to Intervene, pursuant to Federal Rule of Civil Procedure 24(b). Denying 31 Consent Motion for Extension of Time to respond to Dustin Lee Honkin's Motion for Preliminary Judgment. Defendant shall file its response by November 12, 2019 at 5pm. Plaintiff's reply brief shall be filed by November 18, 2019 at 12 p.m. The Court will view motions for extension with extreme disfavor. Granting 27 Defendant's Motion for Extension of Time to Respond to Daniel Lewis Lee's Complaint. Defendant's response to the Complaint shall be filed no later than April 30, 2020 at 12 p.m.. Signed by Judge Tanya S. Chutkan on 11/8/2019. (tsclc2) (Entered: 11/08/2019) |

| 11/08/2019 | | | Set/Reset Deadlines/Hearings: Answer due by 4/30/2020. Response due by 11/12/2019. Reply due by 11/18/2019. (tb) (Entered: 11/08/2019) |
|---|---|---|---|
| 11/08/2019 | 34 | | MOTION for Preliminary Injunction *Barring the Implementation of the Newly Announced Federal Lethal Injection Protocol,* by WESLEY IRA PURKEY (Attachments: # 1 Text of Proposed Order)(Smith, Arin) (Entered: 11/08/2019) |
| 11/08/2019 | 38 | | Intervenor COMPLAINT filed by DUSTIN LEE HONKEN. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14)(ztd) (Entered: 11/13/2019) |
| 11/12/2019 | 35 | | NOTICE of Appearance by Ethan Price Davis on behalf of All Defendants (Attachments: # 1 Certificate of Service)(Davis, Ethan) (Entered: 11/12/2019) |
| 11/12/2019 | 36 | | RESPONSE re 29 MOTION for Preliminary Injunction *(This document relates to Lee v. Barr,19−cv−2559, re Intervenor Plaintiff Honken)* filed by UNITED STATES DEPARTMENT OF JUSTICE. (Attachments: # 1 Declaration of Raul Campos)(Lin, Jean) (Entered: 11/12/2019) |
| 11/12/2019 | 37 | | Memorandum in opposition to re 34 MOTION for Preliminary Injunction *Barring the Implementation of the Newly Announced Federal Lethal Injection Protocol, (This document relates to Purkey v. Barr, 19−cv−03214)* filed by UNITED STATES DEPARTMENT OF JUSTICE. (Lin, Jean) (Entered: 11/12/2019) |
| 11/12/2019 | | | MINUTE ORDER: Defendant shall file the administrative record in its entirety no later than November 14, 2019 at 5pm. Given this order, parties need not jointly prepare the appendix referred to in Local Civil Rule 7(n)(1),(2). Signed by Judge Tanya S. Chutkan on 11/12/19. (tsclc2) (Entered: 11/12/2019) |
| 11/13/2019 | | | MINUTE ORDER: This order relates to 19cv3214 (Wesley Purkey). GRANTING Motions for Admission Pro Hac Vice filed in 19cv3214−TSC at ECF Nos. 3 and 4 Alan E. Schoenfeld and Ryan M. Chabot are hereby admitted pro hac vice in this matter on behalf of Wesley Purkey. Signed by Judge Tanya S. Chutkan on 11/13/19. (DJS) Modified on 11/13/2019 (tb). Modified on 11/13/2019 (tb). (Entered: 11/13/2019) |
| 11/13/2019 | | | MINUTE ORDER: Counsel are hereby reminded that pursuant to Paragraph 8 of this court's Consolidation Order 1 , when a document is filed that relates to one or more, but not all consolidated cases, the relevant case name(s) and CASE NUMBER(S) must appear in the caption of the document AND on the CM/ECF ENTRY (e.g., This document relates to LEE HONKEN 19−cv−2559). Signed by Judge Tanya S. Chutkan on 11/13/19. (DJS) (Entered: 11/13/2019) |
| 11/13/2019 | 39 | | NOTICE *of Filing of the Amended Administrative Record (this filing relates to All Cases)* by UNITED STATES DEPARTMENT OF JUSTICE (Attachments: # 1 Amended Administrative Record)(Kossak, Jonathan) (Entered: 11/13/2019) |
| 11/13/2019 | 40 | | NOTICE of Appearance− Pro Bono by Charles Frederick Walker on behalf of CORY JOHNSON (Walker, Charles) (Entered: 11/13/2019) |
| 11/13/2019 | 41 | | NOTICE of Appearance− Pro Bono by Steven M Albertson on behalf of CORY JOHNSON (Albertson, Steven) (Entered: 11/13/2019) |

| 11/14/2019 | | | Set/Reset Deadlines: Administrative Record due by 11/14/2019. (tb) (Entered: 11/14/2019) |
|---|---|---|---|
| 11/14/2019 | 42 | | NOTICE of Appearance by Alan Burch on behalf of All Defendants (Burch, Alan) (Entered: 11/14/2019) |
| 11/14/2019 | 43 | | NOTICE of Appearance by Paul Perkins on behalf of All Defendants (Perkins, Paul) (Entered: 11/14/2019) |
| 11/18/2019 | 44 | | REPLY to opposition to motion re (29 in 1:19–mc–00145–TSC) MOTION for Preliminary Injunction filed by DUSTIN LEE HONKEN. (Attachments: # 1 Exhibit)Associated Cases: 1:19–mc–00145–TSC, 1:19–cv–02559–TSC(Jeffress, Jonathan) (Entered: 11/18/2019) |
| 11/18/2019 | 45 | | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by DUSTIN LEE HONKEN (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit Reply to Opposition, # 2 Exhibit Exhibit 1)(Jeffress, Jonathan) (Entered: 11/18/2019) |
| 11/18/2019 | 46 | | SEALED MOTION filed by WESLEY IRA PURKEY (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Text of Proposed Order)(Smith, Arin) (Entered: 11/18/2019) |
| 11/18/2019 | 47 | | REPLY to opposition to motion re 34 MOTION for Preliminary Injunction *Barring the Implementation of the Newly Announced Federal Lethal Injection Protocol,* (This document relates to Purkey v. Barr, 19–cv–03214) filed by WESLEY IRA PURKEY. (Attachments: # 1 Exhibit 1)(Smith, Arin) Modified text on 11/18/2019 at the request of counsel (ztth). (Entered: 11/18/2019) |
| 11/18/2019 | | | MINUTE ORDER: Granting DUSTIN LEE HONKEN's 45 Sealed Motion for Leave to File Document Under Seal and WESLEY IRA PURKEY's 46 Sealed Motion for leave to File Document Under Seal. SO ORDERED – by Judge Tanya S. Chutkan on 11/18/19. (tb) (Entered: 11/18/2019) |
| 11/18/2019 | 48 | | SEALED REPLY TO OPPOSITION filed by DUSTIN LEE HONKEN re 29 MOTION for Preliminary Injunction (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit)(ztd) (Entered: 11/19/2019) |
| 11/18/2019 | 49 | | SEALED REPLY TO OPPOSITION filed by WESLEY IRA PURKEY re 34 MOTION for Preliminary Injunction *Barring the Implementation of the Newly Announced Federal Lethal Injection Protocol,* (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit)(ztd) (Entered: 11/19/2019) |
| 11/20/2019 | 50 | | MEMORANDUM AND OPINION regarding Plaintiffs' motions 2 13 29 34 for preliminary injunction. Signed by Judge Tanya S. Chutkan on 11/20/2019. (tsclc) (Entered: 11/20/2019) |
| 11/20/2019 | 51 | | ORDER granting 2 Motion for Preliminary Injunction; granting 13 Motion for Preliminary Injunction; granting 29 Motion for Preliminary Injunction; granting 34 Motion for Preliminary Injunction. Defendants are hereby enjoined from executing Plaintiffs until further order of this court. See Order for additional details. Signed by Judge Tanya S. Chutkan on 11/20/2019. (tsclc) (Entered: 11/20/2019) |

| 11/20/2019 | 56 | | SEALED DOCUMENT filed by WILLIAM P. BARR, MARK BEZY, RADM CHRIS A. BINA, JOHN F. CARAWAY, ALAN R. DOERHOFF, JOHN DOES(I–IV, Individually and in their official capacities; 07–cv–02145–TSC), JOHN DOES(I–V, Individually and in their official capacities 05cv2337; 12cv00782 I–X), KERRY J. FORESTAL, CHADRICK EVAN FULKS, ERIC H. HOLDER, JR, NEWTON E. KENDIG, II, JEFFREY E. KRUEGER, PAUL LAIRD, HARLEY G. LAPPIN, MICHELE LEONHART, CHARLES L. LOCKETT, JOSEPH MCCLAIN, MICHAEL B. MUKASEY, CHARLES E. SAMUELS, JR, KAREN TANDY(Administrator, Drug Enforcement Administration (05cv2337)), KAREN TANDY(07–cv–02145–TSC), UNITED STATES DEPARTMENT OF JUSTICE, T. J. WATSON, THOMAS WEBSTER. (This document is SEALED and only available to authorized persons.)(ztd) (Entered: 11/21/2019) |
| 11/21/2019 | 52 | | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 51 Order on Motion for Preliminary Injunction,,,,,,,, 50 Order by UNITED STATES DEPARTMENT OF JUSTICE. Fee Status: No Fee Paid. Parties have been notified. (Attachments: # 1 November 20, 2019 Order, # 2 November 20, 2019 Memorandum Opinion)(Lin, Jean) (Entered: 11/21/2019) |
| 11/21/2019 | 53 | | MOTION to Stay *Preliminary Injunction Pending Appeal (This document relates to Bourgeois v. Dep't of Justice, 12–cv–782, Lee v. Barr, 19–cv–2559, and Purkey v. Barr, 19–cv–3214)* by UNITED STATES DEPARTMENT OF JUSTICE (Attachments: # 1 Text of Proposed Order)(Lin, Jean) (Entered: 11/21/2019) |
| 11/21/2019 | 54 | | AFFIDAVIT re 53 MOTION to Stay *Preliminary Injunction Pending Appeal (This document relates to Bourgeois v. Dep't of Justice, 12–cv–782, Lee v. Barr, 19–cv–2559, and Purkey v. Barr, 19–cv–3214) (Declaration of Rick Winter)* by UNITED STATES DEPARTMENT OF JUSTICE. (Lin, Jean) (Entered: 11/21/2019) |
| 11/21/2019 | 55 | | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The Court of Appeals docketing fee was not paid because the appeal was filed by the government re 52 Notice of Appeal to DC Circuit Court,. (ztd) (Entered: 11/21/2019) |
| 11/22/2019 | 57 | | RESPONSE re 53 MOTION to Stay *Preliminary Injunction Pending Appeal (This document relates to Bourgeois v. Dep't of Justice, 12–cv–782, Lee v. Barr, 19–cv–2559, and Purkey v. Barr, 19–cv–3214)* filed by ALFRED BOURGEOIS, DUSTIN LEE HONKEN, DANIEL LEWIS LEE, WESLEY IRA PURKEY. (Smith, Arin) (Entered: 11/22/2019) |
| 11/22/2019 | | | MINUTE ORDER: Upon consideration of Defendants' 53 Motion to Stay, this court finds that Defendants are not likely to succeed on the merits of their appeal and that the balance of harms does not weigh in favor of a stay. Therefore, Defendants' 53 Motion to Stay is hereby DENIED. Signed by Judge Tanya S. Chutkan on 11/22/2019. (tsclc) (Entered: 11/22/2019) |
| 11/22/2019 | | | USCA Case Number 19–5322 for 52 Notice of Appeal to DC Circuit Court, filed by UNITED STATES DEPARTMENT OF JUSTICE. (zrdj) (Entered: 11/22/2019) |
| 12/03/2019 | 58 | | Supplemental Record on Appeal transmitted to US Court of Appeals re Minute Order on Motion to Stay, ; (ztd) (Entered: 12/03/2019) |

| 12/04/2019 | | | MINUTE ORDER: This order relates to Lee (19cv2559). Denying without prejudice 32 Motion for Leave to File Declarations given that the court did not rely on the declarations in ruling on the motion for preliminary injunction. Signed by Judge Tanya S. Chutkan on 12/04/19. (tsclc2) (Entered: 12/04/2019) |
| 12/04/2019 | | | MINUTE ORDER: Status Conference scheduled for February 6, 2020 at 2:00 PM in Courtroom 9 before Judge Tanya S. Chutkan to discuss discovery, filing a consolidated amended complaint, and a case management plan. Signed by Judge Tanya S. Chutkan on 12/04/19. (tsclc2) (Entered: 12/04/2019) |
| 12/05/2019 | 59 | | NOTICE of Appearance– Pro Bono by Evan D. Miller on behalf of BRUCE WEBSTER (Miller, Evan) (Entered: 12/05/2019) |
| 12/06/2019 | | | Minute Entry: Telephone Conference held on 12/6/2019 before Judge Tanya S. Chutkan. (Court Reporter Bryan Wayne) (tb) (Entered: 12/09/2019) |
| 12/10/2019 | 60 | | NOTICE of Appearance by Scott Wilson Braden on behalf of NORRIS G. HOLDER, JR (Braden, Scott) (Main Document 60 replaced on 12/10/2019) (ztd). (Entered: 12/10/2019) |
| 12/12/2019 | | | MINUTE ORDER: By 4:00 pm on 2/4/20, the parties shall file a joint status report that includes a proposal for moving forward with this case, including potentially filing consolidated pleadings and avoiding repetitious filings. The joint report shall be accompanied by a proposed order. Signed by Judge Tanya S. Chutkan on 12/12/19. (DJS) (Entered: 12/12/2019) |
| 12/13/2019 | 61 | | NOTICE of Appearance– Pro Bono by Eric Hernandez on behalf of BRUCE WEBSTER (Hernandez, Eric) (Entered: 12/13/2019) |
| 12/13/2019 | | | Set/Reset Deadlines: Joint Status Report due by 2/4/2020. (tb) (Entered: 12/13/2019) |
| 12/14/2019 | 62 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Andrew Moshos, Filing fee $ 100, receipt number ADCDC–6646229. Fee Status: Fee Paid. by NORRIS G. HOLDER, JR (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Braden, Scott) (Entered: 12/14/2019) |
| 12/14/2019 | 63 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Stephen Kraftschik, Filing fee $ 100, receipt number ADCDC–6646230. Fee Status: Fee Paid. by NORRIS G. HOLDER, JR (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Braden, Scott) (Entered: 12/14/2019) |
| 12/14/2019 | 64 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Jennifer Ying, Filing fee $ 100, receipt number ADCDC–6646233. Fee Status: Fee Paid. by NORRIS G. HOLDER, JR (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Braden, Scott) (Entered: 12/14/2019) |
| 12/23/2019 | | | MINUTE ORDER: Granting 62 63 64 Motions for Leave to Appear Pro Hac Vice. Andrew Moshos, Stephen Kraftschik and Jennifer Ying are hereby admitted pro hac vice to appear in this matter on behalf of Plaintiff Norris Holder (19–cv–3570). **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Click for instructions**; granting 63 Motion for Leave to Appear Pro Hac Vice **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Click for instructions**; granting 64 Motion for Leave to Appear Pro Hac Vice **Counsel should register for e–filing via** |

| | | |
|---|---|---|
| | | **PACER and file a notice of appearance pursuant to LCvR 83.6(a). Click for instructions**. Signed by Judge Tanya S. Chutkan on 12/23/19. (DJS) (Entered: 12/23/2019) |
| 12/26/2019 | 65 | NOTICE of Appearance by Stephen J. Kraftschik on behalf of NORRIS G. HOLDER, JR(19–cv–03520–TSC) (Kraftschik, Stephen) (Entered: 12/26/2019) |
| 12/26/2019 | 66 | NOTICE of Appearance by Jennifer Ying on behalf of NORRIS G. HOLDER, JR(19–cv–03520–TSC) (Ying, Jennifer) (Entered: 12/26/2019) |
| 12/26/2019 | 67 | NOTICE of Appearance by Andrew Moshos on behalf of NORRIS G. HOLDER, JR(19–cv–03520–TSC) (Moshos, Andrew) (Entered: 12/26/2019) |
| 01/02/2020 | 68 | NOTICE OF WITHDRAWAL OF APPEARANCE as to DANIEL LEWIS LEE. Attorney Elizabeth Hagerty terminated. (Hagerty, Elizabeth) (Entered: 01/02/2020) |
| 01/14/2020 | 69 | NOTICE *of Second Supplement to Administrative Record* by WILLIAM P. BARR, MARK BEZY, RADM CHRIS A. BINA, JOHN F. CARAWAY, UTTAM DHILLON, ALAN R. DOERHOFF, NICOLE ENGLISH, KERRY J. FORESTAL, CHADRICK EVAN FULKS, ERIC H. HOLDER, JR, NEWTON E. KENDIG, II, JEFFREY E. KRUEGER, PAUL LAIRD, HARLEY G. LAPPIN, MICHELE LEONHART, CHARLES L. LOCKETT, JOSEPH MCCLAIN, MICHAEL B. MUKASEY (Attachments: # 1 Campos Declaration and Corrected Page of Administrative Record, # 2 Certification of Second Amended Index of Administrative Record)(Burch, Alan) (Entered: 01/14/2020) |
| 01/16/2020 | | Set/Reset Hearings: Status Conference set for 02/06/2020 has been RESCHEDULED to 2/12/2020 at 11:00 AM in Courtroom 9 before Judge Tanya S. Chutkan. (tb) (Entered: 01/16/2020) |
| 01/22/2020 | 70 | NOTICE *of Filing Under Seal Video of Rule 30(b)(6) deposition of US Marshals Service* by WILLIAM P. BARR, MARK BEZY, RADM CHRIS A. BINA, JOHN F. CARAWAY, UTTAM DHILLON, ALAN R. DOERHOFF, NICOLE ENGLISH, KERRY J. FORESTAL, CHADRICK EVAN FULKS, ERIC H. HOLDER, JR, NEWTON E. KENDIG, II, JEFFREY E. KRUEGER, PAUL LAIRD, HARLEY G. LAPPIN, MICHELE LEONHART, CHARLES L. LOCKETT, JOSEPH MCCLAIN, MICHAEL B. MUKASEY, CHARLES E. SAMUELS, JR, KAREN TANDY(Administrator, Drug Enforcement Administration (05cv2337)), KAREN TANDY(07–cv–02145–TSC), UNITED STATES DEPARTMENT OF JUSTICE, T. J. WATSON, THOMAS WEBSTER (Burch, Alan) (Entered: 01/22/2020) |
| 01/30/2020 | 71 | NOTICE *of Filing Under Seal Video of Rule 30(b)(6) deposition of the Office of the Attorney General* by WILLIAM P. BARR, MARK BEZY, RADM CHRIS A. BINA, JOHN F. CARAWAY, UTTAM DHILLON, ALAN R. DOERHOFF, NICOLE ENGLISH, KERRY J. FORESTAL, CHADRICK EVAN FULKS, ERIC H. HOLDER, JR, IN THE MATTER OF THE FEDERAL BUREAU OF PRISONS' EXECUTION PROTOCOL CASES, NEWTON E. KENDIG, II, JEFFREY E. KRUEGER, PAUL LAIRD (Burch, Alan) (Entered: 01/30/2020) |
| 01/31/2020 | 72 | |

| | | | |
|---|---|---|---|
| | | | Unopposed MOTION for Extension of Time to File *Joint Status Report* by WILLIAM P. BARR, MARK BEZY, RADM CHRIS A. BINA, JOHN F. CARAWAY, UTTAM DHILLON, ALAN R. DOERHOFF, KERRY J. FORESTAL, CHADRICK EVAN FULKS, ERIC H. HOLDER, JR, NEWTON E. KENDIG, II, JEFFREY E. KRUEGER, PAUL LAIRD, HARLEY G. LAPPIN, MICHELE LEONHART, CHARLES L. LOCKETT, JOSEPH MCCLAIN, MICHAEL B. MUKASEY, CHARLES E. SAMUELS, JR, KAREN TANDY(07–cv–02145–TSC), UNITED STATES DEPARTMENT OF JUSTICE, T. J. WATSON, THOMAS WEBSTER (Burch, Alan) (Entered: 01/31/2020) |
| 01/31/2020 | 73 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Stephanie Simon, Filing fee $ 100, receipt number ADCDC–6786976. Fee Status: Fee Paid. by WESLEY IRA PURKEY (Attachments: # 1 Declaration of Stephanie Simon, # 2 Text of Proposed Order)(Smith, Arin) (Entered: 01/31/2020) |
| 02/03/2020 | | | MINUTE ORDER granting 72 Unopposed Motion for Extension. Joint Status Report is now due by February 10, 2020 at 4PM. Signed by Judge Tanya S. Chutkan on 2/3/2020. (lcdl) (Entered: 02/03/2020) |
| 02/04/2020 | 74 | | NOTICE of Appearance by Andres C. Salinas on behalf of WESLEY IRA PURKEY (Salinas, Andres) (Entered: 02/04/2020) |
| 02/04/2020 | | | Set/Reset Deadlines: Joint Status Report due by 2/10/2020. (tb) (Entered: 02/04/2020) |
| 02/05/2020 | 75 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Norman Anderson, Fee Status: No Fee Paid. by DUSTIN LEE HONKEN (Attachments: # 1 Declaration, # 2 Text of Proposed Order)Associated Cases: 1:19–mc–00145–TSC, 1:19–cv–03520–TSC(Jeffress, Jonathan) (Entered: 02/05/2020) |
| 02/07/2020 | | | MINUTE ORDER: Denying without prejudice 73 Motion for Admission Pro Hac Vice for failing to fully comply with Local Civil Rule 83.2(d)(6). Affiants with offices located outside of the District of Columbia are still required to provide sufficient information for the court to determine "whether the affiant engages in the practice of law from an office located in the District of Columbia." Signed by Judge Tanya S. Chutkan on 2/7/2020. (DJS) (Entered: 02/07/2020) |
| 02/07/2020 | | | MINUTE ORDER: Granting in part and denying in part 75 Motion for Admission Pro Hac Vice. Norman Anderson may be heard in open court on behalf of Defendant HONKEN, but may not file papers in this court. See Local Civil Rule 83.2(c)(2) ("An attorney who engages in the practice of law from an office located in the District of Columbia must be a member of the District of Columbia Bar AND the Bar of this Court to file papers in this Court."). **Counsel should register for ECF via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Click for instructions.** Signed by Judge Tanya S. Chutkan on 2/7/2020. (DJS) (Entered: 02/07/2020) |
| 02/10/2020 | 76 | | Joint STATUS REPORT by DANIEL LEWIS LEE. (Attachments: # 1 Text of Proposed Order)(Van Tol, Pieter) (Entered: 02/10/2020) |
| 02/10/2020 | 77 | | Unopposed MOTION for Leave to Appear by Telephone *at the February 12, 2020 Status Conference* by JULIUS ROBINSON (Attachments: # 1 Text of |

| | | | |
|---|---|---|---|
| | | | Proposed Order)Associated Cases: 1:19–mc–00145–TSC, 1:19–cv–03520–TSC(Aminoff, Jonathan) (Entered: 02/10/2020) |
| 02/11/2020 | | | MINUTE ORDER granting 77 Motion for Leave to Appear by Telephone. Jonathan Aminoff, counsel for Julius Robinson, may appear at the 2/2/2020 status conference via telephone. Counsel shall contact Courtroom Deputy Tim Bradley at least two hours prior to the call for dial–in instructions. Signed by Judge Tanya S. Chutkan on 2/11/2020. (DJS) (Entered: 02/11/2020) |
| 02/11/2020 | | | MINUTE ORDER: Counsel are hereby reminded to familiarize themselves with court's Consolidation order 1 , which provides that "Any pleading or paper filed relating to any of the Federal Bureau of Prisons' Execution Protocol Cases must be filed ONLY in the Master Case File," which means you MUST CHECK "NO" WHEN ASKED "Do you want to spread this docket entry?". Signed by Judge Tanya S. Chutkan on 2/11/2020. (DJS) (Entered: 02/11/2020) |
| 02/12/2020 | 78 | | NOTICE of Appearance by Shawn Nolan on behalf of DUSTIN LEE HONKEN (Nolan, Shawn) (Entered: 02/12/2020) |
| 02/12/2020 | 79 | | NOTICE of Appearance by Shawn Nolan on behalf of CHADRICK EVAN FULKS (Nolan, Shawn) (Entered: 02/12/2020) |
| 02/12/2020 | | | Minute Entry: Status Conference held on 2/12/2020 before Judge Tanya S. Chutkan: Scheduling Order forthcoming. (Court Reporter Bryan Wayne) (tb) (Entered: 02/13/2020) |
| 02/14/2020 | 80 | | NOTICE OF WITHDRAWAL OF APPEARANCE as to NORRIS G. HOLDER, JR. Attorney Stephen J. Kraftschik terminated. Associated Cases: 1:19–mc–00145–TSC, 1:19–cv–03520–TSC(Kraftschik, Stephen) (Entered: 02/14/2020) |
| 02/19/2020 | 81 | | ORDER: Having considered the parties' joint status report 76 , it is ordered that the parties shall adhere to the following deadlines: Plaintiffs' consolidated amended complaint due March 31, 2020. Defendants' dispositive motion due June 1, 2020. Plaintiffs' combined opposition/or cross motion due August 3, 2020. Defendants' combined reply /opposition due September 14, 2020. Plaintiffs' reply, if any, due October 5, 2020. The parties shall meet and confer pursuant to Federal Rule of Civil Procedure 26(f) and file a joint case management plan 15 days after resolution of the dispositive motion, if necessary. Signed by Judge Tanya S. Chutkan on 02/19/20. (lcdl) (Entered: 02/19/2020) |
| 02/19/2020 | | | Set/Reset Deadlines: Amended Pleadings due by 3/31/2020. Cross Motion/due by 8/3/2020. Response to Cross Motion due by 9/14/2020. Reply to Cross Motion due by 10/5/2020. Dispositive Motion due by 6/1/2020. Response to Dispositive Motion due by 8/3/2020. Reply to Dispositive Motion due by 9/14/2020. Associated Cases: 1:19–mc–00145–TSC, 1:19–cv–03520–TSC(tb) (Entered: 02/19/2020) |
| 02/20/2020 | 82 | | NOTICE of Filing Under Seal of Rule 30(b)(6) deposition of Drug Enforcement Administration by WILLIAM P. BARR, MARK BEZY, RADM CHRIS A. BINA, JOHN F. CARAWAY, UTTAM DHILLON, ALAN R. DOERHOFF, NICOLE ENGLISH, KERRY J. FORESTAL, CHADRICK EVAN FULKS, ERIC H. HOLDER, JR, JEFFREY E. KRUEGER, PAUL LAIRD, HARLEY G. LAPPIN, MICHELE LEONHART, CHARLES L. |

| | | | |
|---|---|---|---|
| | | | LOCKETT, JOSEPH MCCLAIN, MICHAEL B. MUKASEY, CHARLES E. SAMUELS, JR, KAREN TANDY(Administrator, Drug Enforcement Administration (05cv2337)), KAREN TANDY(07–cv–02145–TSC), UNITED STATES DEPARTMENT OF JUSTICE, T. J. WATSON, THOMAS WEBSTER (Burch, Alan) (Entered: 02/20/2020) |
| 02/21/2020 | 83 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Jeffery Lyons, Filing fee $ 100, receipt number ADCDC–6851362. Fee Status: Fee Paid. by NORRIS G. HOLDER, JR (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Braden, Scott) (Entered: 02/21/2020) |
| 02/24/2020 | | | MINUTE ORDER: Granting 83 Motion for Leave to Appear Pro Hac Vice. Jeffery Lyons is hereby admitted pro hac vice to appear in this matter on behalf Plaintiff NORRIS G. HOLDER, JR. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Click for instructions**. Signed by Judge Tanya S. Chutkan on 2/24/2020. (DJS) (Entered: 02/24/2020) |
| 02/27/2020 | 84 | | NOTICE OF WITHDRAWAL OF APPEARANCE as to BRUCE WEBSTER. Attorney Eric Hernandez terminated. Associated Cases: 1:19–mc–00145–TSC, 1:19–cv–03520–TSC(Hernandez, Eric) (Entered: 02/27/2020) |
| 03/02/2020 | 85 | | NOTICE of Appearance by Jeffrey Lyons on behalf of NORRIS G. HOLDER, JR (Lyons, Jeffrey) (Entered: 03/02/2020) |
| 03/03/2020 | 86 | | NOTICE OF WITHDRAWAL OF APPEARANCE as to WESLEY IRA PURKEY. Attorney Arin Hillary Smith terminated. (Smith, Arin) (Entered: 03/03/2020) |
| 03/17/2020 | 87 | | Consent MOTION for Extension of Time to File *Consolidated Amended Complaint and Dispositive Motion Papers* by WILLIAM P. BARR, MARK BEZY, RADM CHRIS A. BINA, JOHN F. CARAWAY, UTTAM DHILLON, ALAN R. DOERHOFF, NICOLE ENGLISH, KERRY J. FORESTAL, CHADRICK EVAN FULKS, ERIC H. HOLDER, JR, NEWTON E. KENDIG, II, JEFFREY E. KRUEGER, PAUL LAIRD, HARLEY G. LAPPIN, MICHELE LEONHART, CHARLES L. LOCKETT, JOSEPH MCCLAIN, MICHAEL B. MUKASEY, CHARLES E. SAMUELS, JR, KAREN TANDY(Administrator, Drug Enforcement Administration (05cv2337)), KAREN TANDY(07–cv–02145–TSC), UNITED STATES DEPARTMENT OF JUSTICE, T. J. WATSON, THOMAS WEBSTER (Burch, Alan) (Entered: 03/17/2020) |
| 03/18/2020 | | | MINUTE ORDER granting 87 Joint Motion to Extend Time. The schedule adopted in ECF No. 81 is hereby VACATED. The parties shall adhere to the following deadlines: Plaintiff's Consolidated Amended Complaint due June 1, 2020; Defendant's dispositive motion due July 31, 2020; Plaintiff's combined opposition and/or cross motion due September 28, 2020; Defendant's combined reply and/or cross opposition due November 13, 2020; Plaintiff's cross reply (if any) due December 4, 2020. The parties shall meet and confer pursuant to Federal Rule of Civil Procedure 26(f) and file a joint case management plan 15 days after resolution of the dispositive motion, if necessary. Signed by Judge Tanya S. Chutkan on 3/18/2020. (lcdl) (Entered: 03/18/2020) |
| 03/27/2020 | 88 | | NOTICE OF WITHDRAWAL OF APPEARANCE as to NORRIS G. HOLDER, JR. Attorney Jeffrey Lyons terminated. (Lyons, Jeffrey) (Entered: |

| | | | |
|---|---|---|---|
| | | | 03/27/2020) |
| 04/07/2020 | 89 | | NOTICE of Appearance by Jennifer M. Moreno on behalf of KEITH NELSON (Moreno, Jennifer) (Entered: 04/07/2020) |
| 05/14/2020 | 90 | | NOTICE *of Filing Under Seal Video of 30(b)(6) continuation deposition of Federal Bureau of Prisons* by WILLIAM P. BARR, MARK BEZY, RADM CHRIS A. BINA, JOHN F. CARAWAY, UTTAM DHILLON, ALAN R. DOERHOFF, NICOLE ENGLISH, KERRY J. FORESTAL, CHADRICK EVAN FULKS, ERIC H. HOLDER, JR, DUSTIN LEE HONKEN, IN THE MATTER OF THE FEDERAL BUREAU OF PRISONS' EXECUTION PROTOCOL CASES, NEWTON E. KENDIG, II, JEFFREY E. KRUEGER, PAUL LAIRD, HARLEY G. LAPPIN, MICHELE LEONHART, CHARLES L. LOCKETT, JOSEPH MCCLAIN, MICHAEL B. MUKASEY, CHARLES E. SAMUELS, JR, KAREN TANDY(Administrator, Drug Enforcement Administration (05cv2337)), KAREN TANDY(07−cv−02145−TSC), UNITED STATES DEPARTMENT OF JUSTICE, T. J. WATSON, THOMAS WEBSTER (Burch, Alan) (Entered: 05/14/2020) |
| 06/01/2020 | 91 | | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by WESLEY IRA PURKEY (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Proposed Sealed Complaint, # 2 Text of Proposed Order)(Schoenfeld, Alan) (Entered: 06/01/2020) |
| 06/01/2020 | 92 | | AMENDED COMPLAINT *(Redacted)* against WILLIAM P. BARR, MARK BEZY, RADM CHRIS A. BINA, JOHN F. CARAWAY, UTTAM DHILLON, ALAN R. DOERHOFF, JOHN DOES(I–IV, Individually and in their official capacities; 07−cv−02145−TSC), JOHN DOES(I–V, Individually and in their official capacities 05cv2337; 12cv00782 I–X), NICOLE ENGLISH, KERRY J. FORESTAL, CHADRICK EVAN FULKS, ERIC H. HOLDER, JR, NEWTON E. KENDIG, II, JEFFREY E. KRUEGER, PAUL LAIRD, HARLEY G. LAPPIN, MICHELE LEONHART, CHARLES L. LOCKETT, JOSEPH MCCLAIN, MICHAEL B. MUKASEY, CHARLES E. SAMUELS, JR, KAREN TANDY(Administrator, Drug Enforcement Administration (05cv2337)), KAREN TANDY(07−cv−02145−TSC), UNITED STATES DEPARTMENT OF JUSTICE, T. J. WATSON, THOMAS WEBSTER filed by WESLEY IRA PURKEY.(Schoenfeld, Alan) (Entered: 06/01/2020) |
| 06/01/2020 | 93 | | ENTERED IN ERROR. . . . .AMENDED COMPLAINT *Supplemental* against WILLIAM P. BARR filed by NORRIS G. HOLDER, JR. (Attachments: # 1 Exhibit Declaration of Dr. Arthur Grant)(Braden, Scott) Modified on 6/2/2020 (ztd). (Entered: 06/01/2020) |
| 06/01/2020 | 94 | | SUPPLEMENT TO 92 AMENDED COMPLAINT *Supplemental−Corrected* against WILLIAM P. BARR filed by NORRIS G. HOLDER, JR. (Attachments: # 1 Exhibit Declaration of Dr. Arthur Grant)(Braden, Scott) Modified on 6/2/2020 (ztd). (Entered: 06/01/2020) |
| 06/01/2020 | | | NOTICE OF CORRECTED DOCKET ENTRY: re 93 Amended Complaint was entered in error and counsel refiled said pleading as docket entry no. 94 . (ztd) (Entered: 06/02/2020) |
| 06/07/2020 | 95 | | NOTICE of Appearance by Cristen Cori Handley on behalf of All Defendants (Handley, Cristen) (Entered: 06/07/2020) |

| 06/08/2020 | 96 | | NOTICE of Appearance by Dale Andrew Baich on behalf of KEITH NELSON (Baich, Dale) (Entered: 06/08/2020) |
|---|---|---|---|
| 06/08/2020 | 97 | | NOTICE *of Third Supplement to Administrative Record* by WILLIAM P. BARR, MARK BEZY, RADM CHRIS A. BINA, JOHN F. CARAWAY, UTTAM DHILLON, ALAN R. DOERHOFF, NICOLE ENGLISH, KERRY J. FORESTAL, CHADRICK EVAN FULKS, NEWTON E. KENDIG, II, JEFFREY E. KRUEGER, PAUL LAIRD, HARLEY G. LAPPIN, MICHELE LEONHART, CHARLES L. LOCKETT, JOSEPH MCCLAIN, KAREN TANDY(Administrator, Drug Enforcement Administration (05cv2337)), KAREN TANDY(07–cv–02145–TSC), UNITED STATES DEPARTMENT OF JUSTICE, T. J. WATSON, THOMAS WEBSTER (Attachments: # 1 Certified Index of Administrative Record, # 2 Bates Pages 1075–85)(Burch, Alan) (Entered: 06/08/2020) |
| 06/12/2020 | 98 | | MANDATE of USCA as to 52 Notice of Appeal to DC Circuit Court, filed by UNITED STATES DEPARTMENT OF JUSTICE ; USCA Case Number 19–5322. (Attachments: # 1 USCA Judgment)(zrdj) (Entered: 06/15/2020) |
| 06/15/2020 | 99 | | NOTICE *Regarding Execution Dates* by WILLIAM P. BARR, MARK BEZY, RADM CHRIS A. BINA, JOHN F. CARAWAY, UTTAM DHILLON, ALAN R. DOERHOFF, NICOLE ENGLISH, KERRY J. FORESTAL, CHADRICK EVAN FULKS, NEWTON E. KENDIG, II, JEFFREY E. KRUEGER, PAUL LAIRD, HARLEY G. LAPPIN, MICHELE LEONHART, CHARLES L. LOCKETT, JOSEPH MCCLAIN, MICHAEL B. MUKASEY, CHARLES E. SAMUELS, JR, KAREN TANDY(Administrator, Drug Enforcement Administration (05cv2337)), KAREN TANDY(07–cv–02145–TSC), UNITED STATES DEPARTMENT OF JUSTICE, T. J. WATSON, THOMAS WEBSTER (Burch, Alan) (Entered: 06/15/2020) |
| 06/18/2020 | 100 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Danielle Desaulniers Stempel, Filing fee $ 100, receipt number ADCDC–7243866. Fee Status: Fee Paid. by DANIEL LEWIS LEE (Attachments: # 1 Declaration of Danielle Desaulniers Stempel, # 2 Text of Proposed Order, # 3 Certificate of Service)(Victorson, David) (Entered: 06/18/2020) |
| 06/19/2020 | 101 | | MOTION to Strike 99 Notice (Other),, by KEITH NELSON (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Text of Proposed Order)(Clune, Kathryn) (Entered: 06/19/2020) |
| 06/19/2020 | | | MINUTE ORDER: Granting 5 Motion for Leave to Appear Pro Hac Vice. Danielle Desaulniers Stempel is hereby admitted pro hac vice to appear in this matter on behalf of Plaintiff DANIEL LEWIS LEE. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Click for instructions**. Signed by Judge Tanya S. Chutkan on 6/19/2020. (DJS) (Entered: 06/19/2020) |
| 06/19/2020 | 102 | | MOTION for Preliminary Injunction by DUSTIN LEE HONKEN, DANIEL LEWIS LEE, KEITH NELSON, WESLEY IRA PURKEY (Attachments: # 1 Declaration of Alan E. Schoenfeld, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Text of Proposed Order)(Schoenfeld, Alan) (Entered: 06/19/2020) |
| 06/19/2020 | 103 | | SUPPLEMENTAL MEMORANDUM re 102 MOTION for Preliminary Injunction filed by DUSTIN LEE HONKEN, KEITH NELSON, WESLEY |

| | | | |
|---|---|---|---|
| | | | IRA PURKEY, DANIEL LEWIS LEE by DANIEL LEWIS LEE. (Attachments: # 1 Exhibit A–Arkansas Lethal Injection Procedure, # 2 Certificate of Service)(Van Tol, Pieter) Modified event title on 6/23/2020 (znmw). (Entered: 06/19/2020) |
| 06/19/2020 | 104 | | MOTION for Discovery *Expedited* by DUSTIN LEE HONKEN, DANIEL LEWIS LEE, KEITH NELSON, WESLEY IRA PURKEY (Attachments: # 1 Exhibit 1–Plaintiffs First Set of Interrogatories to Defendants, # 2 Exhibit 2–E–mail Correspondence, # 3 Text of Proposed Order, # 4 Certificate of Service)(Van Tol, Pieter) (Entered: 06/19/2020) |
| 06/19/2020 | 105 | | ENTERED IN ERROR. . . . .MOTION to Expedite *THIS DOCUMENT RELATES TO: Lee v. Barr, 19–cv–2559, Purkey v. Barr, 19–cv–3214, and Nelson v. Barr, 20–cv–557* by DUSTIN LEE HONKEN, DANIEL LEWIS LEE, KEITH NELSON, WESLEY IRA PURKEY (Attachments: # 1 Text of Proposed Order)(Schoenfeld, Alan) Modified on 6/22/2020 (ztd). (Entered: 06/19/2020) |
| 06/19/2020 | | | NOTICE OF CORRECTED DOCKET ENTRY: re 105 MOTION to Expedite *THIS DOCUMENT RELATES TO: Lee v. Barr, 19–cv–2559, Purkey v. Barr, 19–cv–3214, and Nelson v. Barr, 20–cv–557* was entered in error and counsel refiled said pleading as docket entry no. 106 . (ztd) (Entered: 06/22/2020) |
| 06/20/2020 | | | MINUTE ORDER: Defendants shall file any oppositions to Plaintiffs' 101 , 102 , 103 , 104 , and 105 no later than June 25, 2020. The opposition to each motion shall be filed separately, rather than as an omnibus opposition. Plaintiffs shall file any replies no later than June 29, 2020. The replies in support of each motion shall be filed separately, rather than as an omnibus reply. Signed by Judge Tanya S. Chutkan on 6/20/2020. (lcdl) (Entered: 06/20/2020) |
| 06/20/2020 | 106 | | MOTION to Expedite *(Corrected) (THIS DOCUMENT RELATES TO: Lee v. Barr, 19–cv–2559, Purkey v. Barr, 19–cv–3214, and Nelson v. Barr, 20–cv–557)* by DUSTIN LEE HONKEN, DANIEL LEWIS LEE, KEITH NELSON, WESLEY IRA PURKEY (Attachments: # 1 Text of Proposed Order)(Schoenfeld, Alan) (Entered: 06/20/2020) |
| 06/23/2020 | | | Set/Reset Deadlines: Responses due by 6/25/2020. Replies due by 6/29/2020. (tb) (Entered: 06/23/2020) |
| 06/25/2020 | 107 | | Memorandum in opposition to re 104 MOTION for Discovery *Expedited* filed by WILLIAM P. BARR, MARK BEZY, RADM CHRIS A. BINA, JOHN F. CARAWAY, UTTAM DHILLON, ALAN R. DOERHOFF, NICOLE ENGLISH, KERRY J. FORESTAL, CHADRICK EVAN FULKS, NEWTON E. KENDIG, II, JEFFREY E. KRUEGER, PAUL LAIRD, HARLEY G. LAPPIN, MICHELE LEONHART, CHARLES L. LOCKETT, JOSEPH MCCLAIN, MICHAEL B. MUKASEY, CHARLES E. SAMUELS, JR, KAREN TANDY(Administrator, Drug Enforcement Administration (05cv2337)), KAREN TANDY(07–cv–02145–TSC), UNITED STATES DEPARTMENT OF JUSTICE, T. J. WATSON, THOMAS WEBSTER. (Burch, Alan) (Entered: 06/25/2020) |
| 06/25/2020 | 108 | | Memorandum in opposition to re 106 MOTION to Expedite *(Corrected) (THIS DOCUMENT RELATES TO: Lee v. Barr, 19–cv–2559, Purkey v. Barr, 19–cv–3214, and Nelson v. Barr, 20–cv–557)* filed by WILLIAM P. BARR, |

| | | | |
|---|---|---|---|
| | | | MARK BEZY, RADM CHRIS A. BINA, JOHN F. CARAWAY, UTTAM DHILLON, ALAN R. DOERHOFF, NICOLE ENGLISH, KERRY J. FORESTAL, CHADRICK EVAN FULKS, NEWTON E. KENDIG, II, JEFFREY E. KRUEGER, PAUL LAIRD, HARLEY G. LAPPIN, MICHELE LEONHART, CHARLES L. LOCKETT, JOSEPH MCCLAIN, CHARLES E. SAMUELS, JR, KAREN TANDY(Administrator, Drug Enforcement Administration (05cv2337)), KAREN TANDY(07−cv−02145−TSC), UNITED STATES DEPARTMENT OF JUSTICE, T. J. WATSON, THOMAS WEBSTER. (Burch, Alan) (Entered: 06/25/2020) |
| 06/25/2020 | 109 | | Memorandum in opposition to re 101 MOTION to Strike 99 Notice (Other),, filed by WILLIAM P. BARR, ANTHONY BATTLE, MARK BEZY, RADM CHRIS A. BINA, JOHN F. CARAWAY, ALAN R. DOERHOFF, NICOLE ENGLISH, KERRY J. FORESTAL, CHADRICK EVAN FULKS, NEWTON E. KENDIG, II, JEFFREY E. KRUEGER, PAUL LAIRD, HARLEY G. LAPPIN, MICHELE LEONHART, CHARLES L. LOCKETT, JOSEPH MCCLAIN, CHARLES E. SAMUELS, JR, KAREN TANDY(Administrator, Drug Enforcement Administration (05cv2337)), KAREN TANDY(07−cv−02145−TSC), UNITED STATES DEPARTMENT OF JUSTICE, T. J. WATSON, THOMAS WEBSTER. (Attachments: # 1 Declaration of Kevin Pistro)(Burch, Alan) (Entered: 06/25/2020) |
| 06/25/2020 | 110 | | RESPONSE re 103 Memorandum, filed by WILLIAM P. BARR, MARK BEZY, RADM CHRIS A. BINA, JOHN F. CARAWAY, UTTAM DHILLON, ALAN R. DOERHOFF, JOHN DOES(I–IV, Individually and in their official capacities; 07−cv−02145−TSC), JOHN DOES(I–V, Individually and in their official capacities 05cv2337; 12cv00782 I–X), NICOLE ENGLISH, KERRY J. FORESTAL, CHADRICK EVAN FULKS, ERIC H. HOLDER, JR, NEWTON E. KENDIG, II, JEFFREY E. KRUEGER, PAUL LAIRD, HARLEY G. LAPPIN, MICHELE LEONHART, CHARLES L. LOCKETT, JOSEPH MCCLAIN, MICHAEL B. MUKASEY, CHARLES E. SAMUELS, JR, KAREN TANDY(Administrator, Drug Enforcement Administration (05cv2337)), KAREN TANDY(07−cv−02145−TSC), UNITED STATES DEPARTMENT OF JUSTICE, T. J. WATSON, THOMAS WEBSTER. (Handley, Cristen) (Entered: 06/25/2020) |
| 06/25/2020 | 111 | | RESPONSE re 102 MOTION for Preliminary Injunction *(this filing relates to Lee v. Barr, 19cv2559, Purkey v. Barr, 19cv3214, Nelson v. Barr, 20cv557)* filed by UNITED STATES DEPARTMENT OF JUSTICE. (Attachments: # 1 Exhibit A (book excerp), # 2 Exhibit Winter Decl. Excerp, # 3 Affidavit Declaration of Tom Watson, # 4 Affidavit Declaration of Joseph Antognini, MD)(Lin, Jean) (Entered: 06/25/2020) |
| 06/26/2020 | 112 | | NOTICE of Appearance by Danielle Desaulniers Stempel on behalf of DANIEL LEWIS LEE (Attachments: # 1 Certificate of Service)(Stempel, Danielle) (Entered: 06/26/2020) |
| 06/26/2020 | 113 | | NOTICE *of Correction (and Corrected Brief)* by UNITED STATES DEPARTMENT OF JUSTICE re 111 Response to motion, (Attachments: # 1 Errata CORRECTED Defendants' Opposition to Plaintiffs Lee, Honken, Purkery and Nelson's Motion for a Preliminary Injunction)(Lin, Jean) (Entered: 06/26/2020) |
| 06/29/2020 | 114 | | |

| | | | |
|---|---|---|---|
| | | | REPLY to opposition to motion re (101 in 1:19–mc–00145–TSC) MOTION to Strike (99) Notice (Other),, filed by KEITH NELSON. Associated Cases: 1:19–mc–00145–TSC, 1:20–cv–00557–TSC(Clune, Kathryn) (Entered: 06/29/2020) |
| 06/29/2020 | 115 | | REPLY re 102 , 103 *in Support of Supplemental Memorandum in Support of Motion for a Preliminary Injunction* filed by DANIEL LEWIS LEE. (Attachments: # 1 Certificate of Service)(Van Tol, Pieter) Modified linkage on 6/30/2020 (ztd). (Entered: 06/29/2020) |
| 06/29/2020 | 116 | | REPLY re 106 *in Further Support of Motion for Expedited Discovery* filed by DUSTIN LEE HONKEN, DANIEL LEWIS LEE, KEITH NELSON, WESLEY IRA PURKEY. (Attachments: # 1 Exhibit A – OIRA Conclusion of EO 12866 Regulatory Review, # 2 Exhibit B – Exec. Order No. 12,866, # 3 Certificate of Service)(Van Tol, Pieter) Modified linkage on 6/30/2020 (ztd). (Entered: 06/29/2020) |
| 06/29/2020 | 117 | | MOTION for Leave to File *Supplemental Expert Declaration THIS DOCUMENT RELATES TO: Lee v. Barr, 19–cv–2559, Purkey v. Barr, 19–cv–3214, and Nelson v. Barr, 20–cv–557* by DUSTIN LEE HONKEN, DANIEL LEWIS LEE, KEITH NELSON, WESLEY IRA PURKEY (Attachments: # 1 Exhibit 1 – Supplemental Expert Declaration of Gail A. Van Norman, M.D., # 2 Text of Proposed Order)(Schoenfeld, Alan) (Entered: 06/29/2020) |
| 06/29/2020 | 118 | | REPLY to opposition to motion re 102 MOTION for Preliminary Injunction *(THIS DOCUMENT RELATES TO: Lee v. Barr, 19–cv–2559, Purkey v. Barr, 19–cv–3214, and Nelson v. Barr, 20–cv–557)* filed by DUSTIN LEE HONKEN, DANIEL LEWIS LEE, KEITH NELSON, WESLEY IRA PURKEY. (Schoenfeld, Alan) (Entered: 06/29/2020) |
| 06/29/2020 | 119 | | REPLY to opposition to motion re 106 MOTION to Expedite *(Corrected) (THIS DOCUMENT RELATES TO: Lee v. Barr, 19–cv–2559, Purkey v. Barr, 19–cv–3214, and Nelson v. Barr, 20–cv–557) (THIS DOCUMENT RELATES TO: Lee v. Barr, 19–cv–2559, Purkey v. Barr, 19–cv–3214, and Nelson v. Barr, 20–cv–557)* filed by DUSTIN LEE HONKEN, DANIEL LEWIS LEE, KEITH NELSON, WESLEY IRA PURKEY. (Schoenfeld, Alan) (Entered: 06/29/2020) |
| 06/30/2020 | 120 | | RESPONSE re 117 MOTION for Leave to File *Supplemental Expert Declaration THIS DOCUMENT RELATES TO: Lee v. Barr, 19–cv–2559, Purkey v. Barr, 19–cv–3214, and Nelson v. Barr, 20–cv–557* filed by UNITED STATES DEPARTMENT OF JUSTICE. (Attachments: # 1 Exhibit A–Proposed Surreply, # 2 Declaration Supplemental Declaration of Dr. Joseh F. Antognini, # 3 Text of Proposed Order)(Lin, Jean) (Entered: 06/30/2020) |
| 06/30/2020 | 121 | | Consent MOTION for Leave to File *Surreply and Supplemental Declaration of Dr. Joseph F. Antognini, in opposition to Plaintiffs' Motion for Preliminary Injunction (This filing relates to Lee v. Barr, 19cv2559, Purkey v. Barr, 19cv3214, and Nelson v. Barr, 20cv557)* by UNITED STATES DEPARTMENT OF JUSTICE (Attachments: # 1 Exhibit A–Proposed Surreply, # 2 Exhibit A–1 Supplemental Declaration of Dr. Joseh F. Antognini, # 3 Text of Proposed Order)(Lin, Jean) (Entered: 06/30/2020) |
| 06/30/2020 | 122 | | |

| | | | |
|---|---|---|---|
| | | | NOTICE *of Correction* by UNITED STATES DEPARTMENT OF JUSTICE re 120 Response to motion, 121 Consent MOTION for Leave to File *Surreply and Supplemental Declaration of Dr. Joseph F. Antognini, in opposition to Plaintiffs' Motion for Preliminary Injunction (This filing relates to Lee v. Barr, 19cv2559, Purkey v. Barr, 19cv3214, and Nelso (Attachments: # 1 Corrected Proposed Surreply, # 2 Corrected Supplemental Declaration of Dr. Joseph F. Antognini)(Lin, Jean) (Entered: 06/30/2020)* |
| 07/01/2020 | | | MINUTE ORDER: It is hereby ORDERED that Plaintiff' 117 Motion for Leave to File is GRANTED. Plaintiffs' filing of the supplemental expert declaration of Dr. Gail A. Van Norman is deemed properly filed and, accordingly, the court may consider this declaration in connection with Plaintiff' Motion for a Preliminary Injunction. It is further ORDERED that 121 Consent Motion for Leave to File is GRANTED. The Clerk of the Court shall docket Defendants' proposed surreply and supplemental declaration, the corrected version of which Defendants attached to 122 Notice of Correction.. Signed by Judge Tanya S. Chutkan on 7/1/2020. (lcdl) (Entered: 07/01/2020) |
| 07/01/2020 | 123 | | AFFIDAVIT Supplemental Expert Declaration of Gail A. Van Norman, M.D., by DUSTIN LEE HONKEN, DANIEL LEWIS LEE, KEITH NELSON, WESLEY IRA PURKEY. (ztd) (Entered: 07/01/2020) |
| 07/01/2020 | 124 | | SURREPLY to re 117 MOTION for Leave to File *Supplemental Expert Declaration THIS DOCUMENT RELATES TO: Lee v. Barr, 19−cv−2559, Purkey v. Barr, 19−cv−3214, and Nelson v. Barr, 20−cv−557* filed by UNITED STATES DEPARTMENT OF JUSTICE. (Attachments: # 1 Declaration Supplemental Declaration of Dr. Joseh F. Antognini)(ztd) (Main Document 124 replaced on 7/1/2020) (ztd). (Attachment 1 replaced on 7/1/2020) (ztd). (Entered: 07/01/2020) |
| 07/02/2020 | 125 | | NOTICE by DUSTIN LEE HONKEN, DANIEL LEWIS LEE, KEITH NELSON, WESLEY IRA PURKEY re 116 Reply to Document, 104 MOTION for Discovery *Expedited* (Attachments: # 1 Certificate of Service)(Van Tol, Pieter) (Entered: 07/02/2020) |
| 07/03/2020 | 126 | | NOTICE *of Supplemental Authority. (THIS DOCUMENT RELATES TO: Purkey v. Barr, 19−cv−3214 )* by WESLEY IRA PURKEY (Attachments: # 1 Exhibit A)(Schoenfeld, Alan) (Entered: 07/03/2020) |
| 07/03/2020 | 127 | | NOTICE OF WITHDRAWAL OF APPEARANCE as to WILLIAM P. BARR, MARK BEZY, RADM CHRIS A. BINA, JOHN F. CARAWAY, UTTAM DHILLON, ALAN R. DOERHOFF, JOHN DOES(I–IV, Individually and in their official capacities; 07–cv–02145–TSC), JOHN DOES(I–V, Individually and in their official capacities 05cv2337; 12cv00782 I–X), NICOLE ENGLISH, KERRY J. FORESTAL, CHADRICK EVAN FULKS, ERIC H. HOLDER, JR, NEWTON E. KENDIG, II, JEFFREY E. KRUEGER, PAUL LAIRD, HARLEY G. LAPPIN, MICHELE LEONHART, CHARLES L. LOCKETT, JOSEPH MCCLAIN, MICHAEL B. MUKASEY, CHARLES E. SAMUELS, JR, KAREN TANDY(Administrator, Drug Enforcement Administration (05cv2337)), KAREN TANDY(07–cv–02145–TSC), UNITED STATES DEPARTMENT OF JUSTICE, T. J. WATSON, THOMAS WEBSTER. Attorney Ethan Price Davis terminated. (Attachments: # 1 Certificate of Service)(Davis, Ethan) (Entered: 07/03/2020) |

| 07/06/2020 | | | MINUTE ORDER: Plaintiff's Unopposed Motion 91 to File Document Under Seal is hereby GRANTED. The Clerk of the Court is requested to file under seal Plaintiffs Amended Complaint (Exhibit 1). SO ORDERED by Judge Tanya S. Chutkan on 07/06/2020. (tb) (Entered: 07/06/2020) |
| --- | --- | --- | --- |
| 07/06/2020 | 128 | | *SEALED* AMENDED COMPLAINT against WILLIAM P. BARR, MARK BEZY, RADM CHRIS A. BINA, JOHN F. CARAWAY, UTTAM DHILLON, ALAN R. DOERHOFF, JOHN DOES(I–IV, Individually and in their official capacities; 07–cv–02145–TSC), JOHN DOES(I–V, Individually and in their official capacities 05cv2337; 12cv00782 I–X), NICOLE ENGLISH, KERRY J. FORESTAL, CHADRICK EVAN FULKS, ERIC H. HOLDER, JR, NEWTON E. KENDIG, II, JEFFREY E. KRUEGER, PAUL LAIRD, HARLEY G. LAPPIN, MICHELE LEONHART, CHARLES L. LOCKETT, JOSEPH MCCLAIN, MICHAEL B. MUKASEY, CHARLES E. SAMUELS, JR, KAREN TANDY(Administrator, Drug Enforcement Administration (05cv2337)), KAREN TANDY(07–cv–02145–TSC), UNITED STATES DEPARTMENT OF JUSTICE, T. J. WATSON, THOMAS WEBSTER filed by WESLEY IRA PURKEY.(ztd) (Entered: 07/07/2020) |
| 07/10/2020 | 129 | | NOTICE OF SUPPLEMENTAL AUTHORITY by DANIEL LEWIS LEE (Attachments: # 1 Exhibit A – Peterson v. Barr Order Granting Pls.' Motion for Prelim. Inj., # 2 Certificate of Service)(Van Tol, Pieter) (Entered: 07/10/2020) |
| 07/10/2020 | | | MINUTE ORDER: Telephone Status Conference scheduled for July 11, 2020 at 1 PM. Signed by Judge Tanya S. Chutkan on 7/10/2020. (lcdl) (Entered: 07/10/2020) |
| 07/11/2020 | | | Set/Reset Hearings: Telephone Conference set for 7/11/2020 at 01:00 PM in Telephonic/VTC before Judge Tanya S. Chutkan. (lcdl) (Entered: 07/11/2020) |
| 07/11/2020 | | | Minute Entry: Telephone Conference held on 7/11/2020 before Judge Tanya S. Chutkan: The parties informed the Court of the posture of pending executions. (Court Reporter Bryan Wayne) (tb) (Entered: 07/11/2020) |
| 07/11/2020 | 130 | | TRANSCRIPT OF 7/11/20 TELEPHONE CONFERENCE before Judge Tanya S. Chutkan held on July 11, 2020; Page Numbers: 1–14. Date of Issuance: 7/11/2020. Court Reporter: Bryan A. Wayne. Transcripts may be ordered by submitting the Transcript Order Form at www.dcd.uscourts.gov. For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.NOTICE RE REDACTION OF TRANSCRIPTS: The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. Redaction Request due 8/1/2020. Redacted Transcript Deadline set for 8/11/2020. Release of Transcript Restriction set for 10/9/2020.(Wayne, Bryan) (Entered: 07/11/2020) |
| 07/12/2020 | 131 | | NOTICE OF SUPPLEMENTAL AUTHORITY by DUSTIN LEE HONKEN, DANIEL LEWIS LEE, KEITH NELSON, WESLEY IRA PURKEY |

| | | | |
|---|---|---|---|
| | | | (Attachments: # 1 Exhibit Hartkemeyer v. Barr – Declaration of Rick Winter, # 2 Certificate of Service)(Van Tol, Pieter) (Entered: 07/12/2020) |
| 07/12/2020 | 132 | | NOTICE *(Corrected) of Supplemental Authority* by DUSTIN LEE HONKEN, DANIEL LEWIS LEE, KEITH NELSON, WESLEY IRA PURKEY (Attachments: # 1 Exhibit Exhibit Hartkemeyer v. Barr – Declaration of Rick Winter, # 2 Certificate of Service)(Van Tol, Pieter) (Entered: 07/12/2020) |
| 07/12/2020 | 133 | | NOTICE by DANIEL LEWIS LEE (Attachments: # 1 Exhibit A – Peterson v. Barr Filed Opinion (No. 20–2252), # 2 Certificate of Service)(Van Tol, Pieter) (Entered: 07/12/2020) |
| 07/12/2020 | 134 | | RESPONSE re 133 Notice (Other), 132 Notice (Other), *(this filing relates to Lee v. Barr et al. (No. 19–cv–2559), Purkey v. Barr et al. (No. 19–cv–03214), and Nelson v. Barr (No. 20–cv–557))* filed by WILLIAM P. BARR, RADM CHRIS A. BINA, JOHN F. CARAWAY, UTTAM DHILLON, ALAN R. DOERHOFF, JOHN DOES(I–IV, Individually and in their official capacities; 07–cv–02145–TSC), JOHN DOES(I–V, Individually and in their official capacities 05cv2337; 12cv00782 I–X), NICOLE ENGLISH, KERRY J. FORESTAL, CHADRICK EVAN FULKS, ERIC H. HOLDER, JR, NEWTON E. KENDIG, II, JEFFREY E. KRUEGER, PAUL LAIRD, HARLEY G. LAPPIN, MICHELE LEONHART, CHARLES L. LOCKETT, JOSEPH MCCLAIN, MICHAEL B. MUKASEY, CHARLES E. SAMUELS, JR, KAREN TANDY(Administrator, Drug Enforcement Administration (05cv2337)), KAREN TANDY(07–cv–02145–TSC), UNITED STATES DEPARTMENT OF JUSTICE, T. J. WATSON, THOMAS WEBSTER. (Handley, Cristen) (Entered: 07/12/2020) |
| 07/13/2020 | 135 | | MEMORANDUM AND OPINION regarding Plaintiffs' 102 motion for preliminary injunction. Signed by Judge Tanya S. Chutkan on 7/13/2020. (lcdl) (Entered: 07/13/2020) |
| 07/13/2020 | 136 | | ORDER granting Plaintiffs' 102 Motion for Preliminary Injunction. Defendants are hereby enjoined from executing Plaintiffs until further order of this court. See Order for details. Signed by Judge Tanya S. Chutkan on 7/13/2020. (lcdl) (Entered: 07/13/2020) |
| 07/13/2020 | 137 | | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 135 Memorandum & Opinion, 136 Order on Motion for Preliminary Injunction by MICHELE LEONHART, JOHN F. CARAWAY, JEFFREY E. KRUEGER, CHADRICK EVAN FULKS, UNITED STATES DEPARTMENT OF JUSTICE, JOSEPH MCCLAIN, ERIC H. HOLDER, JR, CHARLES E. SAMUELS, JR, WILLIAM P. BARR, NEWTON E. KENDIG, II, MARK BEZY, KERRY J. FORESTAL, NICOLE ENGLISH, PAUL LAIRD, THOMAS WEBSTER, JOHN DOES(I–IV, Individually and in their official capacities; 07–cv–02145–TSC), UTTAM DHILLON, ALAN R. DOERHOFF, HARLEY G. LAPPIN, JOHN DOES(I–V, Individually and in their official capacities 05cv2337; 12cv00782 I–X), CHARLES L. LOCKETT, KAREN TANDY(Administrator, Drug Enforcement Administration (05cv2337)), MICHAEL B. MUKASEY, T. J. WATSON, KAREN TANDY(07–cv–02145–TSC), RADM CHRIS A. BINA. Fee Status: No Fee Paid. Parties have been notified. (Attachments: # 1 Exhibit District Court Opinion, # 2 Exhibit District Court Order)(Handley, Cristen) (Entered: 07/13/2020) |

| 07/13/2020 | 138 | | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The Court of Appeals docketing fee was not paid because the appeal was filed by the government re 137 Notice of Appeal to DC Circuit Court,,,. (ztd) (Entered: 07/13/2020) |
|---|---|---|---|
| 07/13/2020 | 139 | | MOTION to Stay re 136 Order on Motion for Preliminary Injunction, 135 Memorandum & Opinion *(this filing relates to Lee v. Barr et al. (No. 19−cv−2559), Purkey v. Barr et al. (No. 19−cv−03214), and Nelson v. Barr (No. 20−cv−557))* by WILLIAM P. BARR, MARK BEZY, RADM CHRIS A. BINA, JOHN F. CARAWAY, UTTAM DHILLON, ALAN R. DOERHOFF, JOHN DOES(I–IV, Individually and in their official capacities; 07–cv–02145–TSC), JOHN DOES(I–V, Individually and in their official capacities 05cv2337; 12cv00782 I–X), NICOLE ENGLISH, KERRY J. FORESTAL, CHADRICK EVAN FULKS, ERIC H. HOLDER, JR, NEWTON E. KENDIG, II, JEFFREY E. KRUEGER, PAUL LAIRD, HARLEY G. LAPPIN, MICHELE LEONHART, CHARLES L. LOCKETT, JOSEPH MCCLAIN, MICHAEL B. MUKASEY, CHARLES E. SAMUELS, JR, KAREN TANDY(Administrator, Drug Enforcement Administration (05cv2337)), KAREN TANDY(07–cv–02145–TSC), UNITED STATES DEPARTMENT OF JUSTICE, T. J. WATSON, THOMAS WEBSTER (Attachments: # 1 Declaration Declaration of Rick Winter)(Handley, Cristen) (Entered: 07/13/2020) |
| 07/13/2020 | 140 | | Memorandum in opposition to re 139 MOTION to Stay re 136 Order on Motion for Preliminary Injunction, 135 Memorandum & Opinion *(this filing relates to Lee v. Barr et al. (No. 19−cv−2559), Purkey v. Barr et al. (No. 19−cv−03214), and Nelson v. Barr (No. 20−cv−557))* filed by DUSTIN LEE HONKEN, DANIEL LEWIS LEE, KEITH NELSON, WESLEY IRA PURKEY. (Attachments: # 1 Certificate of Service)(Van Tol, Pieter) (Entered: 07/13/2020) |
| 07/13/2020 | | | MINUTE ORDER: Upon consideration of Defendants' 139 Motion to Stay, this court finds that Defendants are not likely to succeed on the merits of their appeal and that the balance of harms does not weigh in favor of a stay. Therefore, Defendants' 139 Motion to Stay is hereby DENIED. Signed by Judge Tanya S. Chutkan on 7/13/2020. (lcdl) (Entered: 07/13/2020) |
| 07/13/2020 | | | USCA Case Number 20–5199 for 137 Notice of Appeal to DC Circuit Court,,, filed by MICHAEL B. MUKASEY, CHARLES L. LOCKETT, JOHN DOES, T. J. WATSON, KERRY J. FORESTAL, THOMAS WEBSTER, ERIC H. HOLDER, JR., MARK BEZY, CHADRICK EVAN FULKS, NICOLE ENGLISH, CHARLES E. SAMUELS, JR., MICHELE LEONHART, RADM CHRIS A. BINA, KAREN TANDY, UNITED STATES DEPARTMENT OF JUSTICE, NEWTON E. KENDIG, II, JOHN F. CARAWAY, PAUL LAIRD, JOSEPH MCCLAIN, JEFFREY E. KRUEGER, WILLIAM P. BARR, ALAN R. DOERHOFF, UTTAM DHILLON, HARLEY G. LAPPIN. (zrdj) (Entered: 07/13/2020) |
| 07/13/2020 | 141 | | NOTICE by DUSTIN LEE HONKEN, DANIEL LEWIS LEE, KEITH NELSON, WESLEY IRA PURKEY (Attachments: # 1 Exhibit A – No. 20–5199 Order, # 2 Certificate of Service)(Van Tol, Pieter) (Entered: 07/13/2020) |
| 07/13/2020 | 142 | | |

| | | | |
|---|---|---|---|
| | | | NOTICE by DANIEL LEWIS LEE (Attachments: # 1 Exhibit A – Letter from Counsel Pieter Van Tol, # 2 Certificate of Service)(Van Tol, Pieter) (Entered: 07/13/2020) |
| 07/14/2020 | 143 | | Emergency MOTION for Order *on Pending Claim and Motion* by DANIEL LEWIS LEE (Attachments: # 1 Certificate of Service)(Van Tol, Pieter) (Entered: 07/14/2020) |
| 07/14/2020 | 144 | | MOTION for Order *(Emergency Notice Requesting Ruling on Pending Motion), re 102 , [THIS DOCUMENT RELATES TO: Lee v. Barr, 19−cv−2559, Purkey v. Barr, 19−cv−3214, and Nelson v. Barr, 20−cv−557]* by DUSTIN LEE HONKEN, KEITH NELSON, WESLEY IRA PURKEY (Schoenfeld, Alan) Modified event and text on 7/14/2020 (ztd). (Entered: 07/14/2020) |
| 07/15/2020 | 145 | | MEMORANDUM AND OPINION regarding Plaintiffs' 102 motion for preliminary injunction and Plaintiffs' 144 Motion for Order. Signed by Judge Tanya S. Chutkan on 7/15/2020. (lcdl) (Entered: 07/15/2020) |
| 07/15/2020 | 146 | | ORDER granting Plaintiffs' 102 Motion for Preliminary Injunction and granting Plaintiffs' 144 Motion for Order. Defendants are HEREBY ENJOINED from executing Plaintiffs until further order of this court. See Order for details. Signed by Judge Tanya S. Chutkan on 7/15/2020. (lcdl) (Entered: 07/15/2020) |
| 07/15/2020 | 147 | | NOTICE OF APPEAL TO DC CIRCUIT COURT by MICHELE LEONHART, JOHN F. CARAWAY, JEFFREY E. KRUEGER, CHADRICK EVAN FULKS, UNITED STATES DEPARTMENT OF JUSTICE, JOSEPH MCCLAIN, ERIC H. HOLDER, JR, CHARLES E. SAMUELS, JR, WILLIAM P. BARR, NEWTON E. KENDIG, II, MARK BEZY, KERRY J. FORESTAL, NICOLE ENGLISH, PAUL LAIRD, THOMAS WEBSTER, JOHN DOES(I–IV, Individually and in their official capacities; 07−cv−02145−TSC), UTTAM DHILLON, ALAN R. DOERHOFF, HARLEY G. LAPPIN, JOHN DOES(I–V, Individually and in their official capacities 05cv2337; 12cv00782 I–X), CHARLES L. LOCKETT, KAREN TANDY(Administrator, Drug Enforcement Administration (05cv2337)), MICHAEL B. MUKASEY, T. J. WATSON, KAREN TANDY(07−cv−02145−TSC), RADM CHRIS A. BINA. Fee Status: No Fee Paid. Parties have been notified. (Attachments: # 1 Exhibit District Court Opinion, # 2 Exhibit District Court Order)(Handley, Cristen) (Entered: 07/15/2020) |
| 07/15/2020 | 148 | | MOTION to Stay *(this filing relates to Lee v. Barr et al. (No. 19−cv−2559), Purkey v. Barr et al. (No. 19−cv−03214), and Nelson v. Barr (No. 20−cv−557))* by WILLIAM P. BARR, MARK BEZY, RADM CHRIS A. BINA, JOHN F. CARAWAY, UTTAM DHILLON, ALAN R. DOERHOFF, JOHN DOES(I–IV, Individually and in their official capacities; 07−cv−02145−TSC), JOHN DOES(I–V, Individually and in their official capacities 05cv2337; 12cv00782 I–X), NICOLE ENGLISH, KERRY J. FORESTAL, CHADRICK EVAN FULKS, ERIC H. HOLDER, JR, NEWTON E. KENDIG, II, JEFFREY E. KRUEGER, PAUL LAIRD, HARLEY G. LAPPIN, MICHELE LEONHART, CHARLES L. LOCKETT, JOSEPH MCCLAIN, MICHAEL B. MUKASEY, CHARLES E. SAMUELS, JR, KAREN TANDY(Administrator, Drug Enforcement Administration |

| | | | (05cv2337)), UNITED STATES DEPARTMENT OF JUSTICE, T. J. WATSON, THOMAS WEBSTER (Handley, Cristen) (Entered: 07/15/2020) |

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| In the Matter of the<br>Federal Bureau of Prisons' Execution<br>Protocol Cases,<br><br>LEAD CASE: *Roane et al. v. Barr*<br><br><br>THIS DOCUMENT RELATES TO:<br><br>*Lee v. Barr, et al.*, 19-cv-2559<br>*Purkey v. Barr, et al.*, 19-cv-03214<br>*Nelson v. Barr, et al.*, 20-cv-557 | )<br>)<br>)<br>)<br>)<br>)   Case No. 19-mc-145 (TSC)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF APPEAL

Notice is hereby given this 15th day of July 2020, that Defendants in this action appeal to the United States Court of Appeals for the District of Columbia Circuit from the Order of this Court entered on July 15, 2020, *see* ECF Nos. 145 (Memorandum Opinion) and 146 (Order) (both attached hereto), in which the Court granted the Motion for Preliminary Injunction filed by Dustin Lee Honken, Wesley Ira Purkey, and Keith Nelson, and ordered "that Defendants (along with their respective successors in office, officers, agents, servants, employees, attorneys, and anyone acting in concert with them) are enjoined from executing Plaintiffs Wesley Ira Purkey, Dustin Lee Honken, and Keith Dwayne Nelson until further order of this court." Order, ECF No. 146.

Dated: July 15, 2020

Respectfully submitted,

MICHAEL R. SHERWIN
Acting United States Attorney

DANIEL F. VAN HORN
Civil Chief, U.S. Attorney's Office

ALAN BURCH (D.C. Bar 470655)
Assistant United States Attorney
U.S. Attorney's Office
for the District of Columbia
Washington, D.C. 20530
202-252-2550
alan.burch@usdoj.gov

DAVID M. MORRELL
Deputy Assistant Attorney General

PAUL R. PERKINS
Special Counsel

JEAN LIN (NY Bar 4074530)
Special Litigation Counsel

/s/ *Cristen C. Handley*
CRISTEN C. HANDLEY (MO Bar 69114)
JONATHAN KOSSAK (D.C. Bar 991478)
Trial Attorneys
Civil Division
Federal Programs Branch
Civil Division, Department of Justice
1100 L Street, N.W.
Washington, D.C. 20005
(202) 514-3716
Jean.lin@usdoj.gov
Cristen.handley@usdoj.gov
Jonathan.kossak@usdoj.gov

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 15, 2020, I caused a true and correct copy of foregoing to be served on all counsel of record via the Court's CM/ECF system.  Pursuant to this Court's August 20, 2019 Order, below is a list of all plaintiffs' counsel of record (as most recently identified in the signature pages of the Consolidated Amended Complaint, ECF No. 92):

Alan E. Schoenfeld (admitted *pro hac vice*)
Ryan M. Chabot (admitted *pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
(212) 230-8880
Alan.Schoenfeld@WilmerHale.com
Ryan.Chabot@WilmerHale.com

Andres C. Salinas (DC Bar No. 156118)
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6289
Andres.Salinas@WilmerHale.com

*Counsel for Wesley I. Purkey*

Joshua C. Toll
D.C. Bar No. 463073 King & Spalding LLP
1700 Pennsylvania Avenue, N.W.
Washington, DC 20006
(202) 737-8616
jtoll@kslaw.com

Margaret O'Donnell
P.O. Box 4815
Frankfort, KY 40604
(502) 320-1837
mod@dcr.net

*Counsel for Plaintiff Anthony Battle*

Ginger D. Anders (Bar No. 494471)
Jonathan S. Meltzer (Bar No. 888166546)
Brendan Gants (Bar No. 1031419)
MUNGER, TOLLES & OLSON LLP
1155 F Street N.W., Seventh Floor
Washington, D.C. 20004-1357
(202) 220-1100

*Counsel for Plaintiff Brandon Bernard*


Alex Kursman, Assistant Federal Defender
Shawn Nolan, Chief, Capital Habeas Unit
Federal Community Defender Office, E.D. Pa.
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Telephone - 215-928-0520
Email – alex_kursman@fd.org

*Counsel for Plaintiff Alfred Bourgeois*


Joseph Luby, Assistant Federal Defender
Federal Community Defender Office, E.D. Pa.
 601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Telephone - 215-928-0520
Email – joseph_luby@fd.org

*Counsel for Plaintiff Chadrick Fulks*


Amy Lentz (DC Bar No. 990095)
Steptoe & Johnson, LLP
1300 Connecticut Avenue NW
Washington, DC 20036
202.429.1320

*Counsel for Plaintiff Orlando Hall*


Scott W. Braden
Assistant Federal Defender
Arkansas Federal Defender Office
Ark Bar Number 2007123
1401 West Capitol, Suite 490
Little Rock, Arkansas 72201
(501) 324-6114

4

Scott_Braden@fd.org

Jennifer Ying (DE #5550)
Andrew Moshos (DE #6685)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market St.
P.O. Box 1347
Wilmington, Delaware 19801
(302) 658-9300
jying@mnat.com
amoshos@mnat.com

*Counsel for Plaintiff Norris G. Holder, Jr.*

Jon Jeffress
KaiserDillon PLLC
1099 14th Street NW
8th Floor West
Washington, DC 20005
Telephone - 202-640-2850
Email - jjeffress@kaiserdillon.com

Timothy Kane, Assistant Federal Defender
Shawn Nolan, Chief, Capital Habeas Unit
Federal Community Defender Office, E.D. Pa.
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Telephone - 215-928-0520
Email – timothy_kane@fd.org
Email – shawn_nolan@fd.org

*Counsel for Plaintiff Dustin Lee Honken*

Donald P. Salzman (D.C. Bar No. 479775)
Charles F. Walker (D.C. Bar No. 427025)
Steven M. Albertson (D.C. Bar No. 496249)
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
(202) 371-7983
donald.salzman@skadden.com

*Counsel for Plaintiff Corey Johnson*

David S. Victorson
Hogan Lovells US LLP
Columbia Square

555 13th Street NW
Washington, DC 20004
(202) 637-5600
(202) 637-5910 (fax)
david.victorson@hoganlovells.com

Pieter Van Tol (admitted *pro hac vice*)

Hogan Lovells US LLP

390 Madison Avenue
 New York, NY 10017
(212) 918-3000
(212) 918-3100 (fax)
pieter.vantol@hoganlovells.com

*Counsel for Plaintiff Daniel Lewis Lee*

Kathryn L. Clune
Crowell & Moring LLP
1001 Pennsylvania Avenue NW
Washington D.C. 20004-2595
(202) 624-2705
kclune@crowell.com

Harry P. Cohen (pro hac vice application pending)
Michael K. Robles (pro hac vice application pending)
James Stronski (pro hac vice application pending)
Crowell & Moring LLP
590 Madison Avenue New York, NY 10022
(212) 223-4000
(212) 223-4134(fax)
hcohen@crowell.com
mrobles@crowell.com
jstronski@crowell.com

Jon M. Sands (pro hac application to be filed)
Dale A. Baich (pro hac application to be filed)
Jennifer M. Moreno
Federal Public Defender
District of Arizona
850 West Adams Street, Suite 201
Phoenix, Arizona 85007
602-382-2816
602-889-3960 (fax)
dale_baich@fd.org

6

jennifer_moreno@fd.org

*Counsel for Plaintiff Keith Nelson*

Shawn Nolan, Chief, Capital Habeas Unit
Federal Community Defender Office, E.D. Pa.
 601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Telephone - 215-928-0520
Email – timothy_kane@fd.org
Email – shawn_nolan@fd.org

*Counsel for Plaintiff Jeffrey Paul*

Paul F. Enzinna
D.C. Bar No. 421819
Ellerman Enzinna PLLC
1050 30th Street, NW
Washington, DC 20007
202.753.5553

*Counsel for Plaintiff James H. Roane, Jr.*

Amy Karlin
Interim Federal Public Defender
Celeste Bacchi
Jonathan C. Aminoff
Deputy Federal Public Defenders
321 E. Second Street
Los Angeles, CA 90012
(213) 894-2854

*Counsel for Plaintiff Julius O. Robinson*

Gerald W. King, Jr. Ga. Bar No. 140981
Jeffrey Lyn Ertel Ga. Bar No. 249966
FEDERAL DEFENDER PROGRAM, INC.
101 Marietta Street, Suite 1500
Atlanta, Georgia 30303
404-688-7530
(fax) 404-688-0768
Gerald_King@fd.org
Jeff_Ertel@fd.org

Stephen Northup
VSB #16547
Troutman Sanders LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1240
(fax) (804) 698-5120
steve.northup@troutmansanders.com

Frederick R. Gerson VSB #39968
Bank Of America Center
1111 East Main Street, 16th Floor Richmond,
Virginia 23219
(804) 482-1121
fgerson@dagglaw.com


*Counsel for Richard Tipton, III.*


Evan Miller (DC Bar # 219310)
Vinson & Elkins LLP
2200 Pennsylvania Avenue, NW
Suite 500 West
Washington, D.C. 20037
(202) 639-6605
(202) 478-1815 (fax)
emiller@velaw.com

*Counsel for Bruce Webster*




*/s/  Cristen C. Handley*
Attorney for Defendants

8

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| In the Matter of the | ) | |
| Federal Bureau of Prisons' Execution | ) | |
| Protocol Cases, | ) | |
| | ) | |
| LEAD CASE: *Roane, et al. v. Barr* | ) | Case No. 19-mc-145 (TSC) |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | |
| | ) | |
| *Lee v. Barr, et al.*, 19-cv-2559 | ) | |
| | ) | |
| *Purkey v. Barr, et al.*, 19-cv-3214 | ) | |
| | ) | |
| *Nelson v. Barr, et al.*, 20-cv-557 | ) | |
| | ) | |

## <u>MEMORANDUM OPINION</u>

After a hiatus in federal executions of over fifteen years, on July 25, 2019, the U.S.

Department of Justice (DOJ) announced plans to execute five inmates who had been sentenced to

death under the federal death penalty statute.[1]  *See* Press Release, Dep't of Justice, Federal

Government to Resume Capital Punishment After Nearly Two Decade Lapse (July 25, 2019),

https://www.justice.gov/opa/pr/federal-government-resume-capital-punishment-after-nearly-two-

decade-lapse.  To implement these executions, the Federal Bureau of Prisons (BOP) adopted a

new execution protocol: the 2019 Protocol.  (ECF No. 39-1, Admin. R. at 1021–75.)

On November 20, 2019, the court preliminarily enjoined the executions of four inmates:

Alfred Bourgeois, Daniel Lewis Lee, Dustin Lee Honken, and Wesley Ira Purkey.  (ECF No. 50,

Mem. Op. (2019 Order), at 15.)  The court found that these four Plaintiffs had demonstrated a

---

[1] Plaintiffs Bourgeois, Mitchell, Lee, and Purkey were sentenced under the Federal Death
Penalty Act, 18 U.S.C. §§ 3591–3599.  Plaintiff Honken was sentenced under the Anti-Drug
Abuse Act of 1988, 21 U.S.C. § 848(e).

1

likelihood of success on the merits of their claims that the 2019 Protocol violates the Federal Death Penalty Act (FDPA), but the court did not rule on their other statutory and constitutional claims. (*Id.* at 13–14.)  In April of this year, a divided D.C. Circuit panel vacated the preliminary injunction. *In re Fed. Bureau of Prisons' Execution Protocol Cases*, 955 F.3d 106, 113 (D.C. Cir. 2020), *cert. denied sub nom. Bourgeois v. Barr*, No. 19-1348, 2020 WL 3492763 (June 29, 2020).  That Court based its ruling solely on the Plaintiffs' claims under the FDPA and the APA, and noted that "regardless of our disposition, several claims would remain open on remand." *Execution Protocol Cases*, 955 F.3d at 113 (per curiam).

On June 15, 2020, the DOJ and BOP scheduled new execution dates for three of the four Plaintiffs whose executions had been preliminarily enjoined by the 2019 Order: Lee on July 13, 2020, Purkey on July 15, 2020, Honken on July 17, 2020, and Keith Dwayne Nelson on August 28, 2020.  (ECF No. 99, Defs. Notice Regarding Execution Dates.)

On July 13, 2020, the court preliminarily enjoined the executions of Lee, Purkey, Honken, and Nelson.  (ECF No. 135, Mem. Op. (2020 Order) at 22.)  The court found that these four Plaintiffs had demonstrated a likelihood of success on the merits of their claims that the 2019 Protocol is cruel and unusual in violation of the Eighth Amendment, but once again did not rule on their other statutory and constitutional claims.  (*Id.* at 18.)  The D.C. Circuit declined to stay or vacate the court's injunction, *see In re Fed. Bureau of Prisons' Execution Protocol Cases*, No. 20-5199 (D.C. Cir. July 13, 2020), but the Supreme Court vacated the injunction early in the morning of July 14, 2020.  *Barr v. Lee*, No. 20A8, 2020 WL 3964985 (July 14, 2020) (per curiam).  Four justices dissented.  *Id.* at *2–3.  Hours later, Defendants executed Daniel Lewis Lee.

2

Two more Plaintiffs are scheduled to be executed this week, and a third next month. Because these Plaintiffs are scheduled to be executed before their claims can be fully litigated, they have asked this court, pursuant to Federal Rule of Civil Procedure 65 and Local Rule 65.1, to preliminarily enjoin Defendants from executing them while they litigate their remaining claims.[2]  (ECF No. 102, Pls. Mot. for Prelim. Inj.; *see also* ECF No. 144, Emergency Notice Requesting Ruling on Pending Mot.)

## I.  BACKGROUND

In 2005, three federal death row inmates sued, alleging that their executions were to be administered under an unlawful and unconstitutional execution protocol.  *Roane v. Gonzales*, 1:05-cv-02337 (D.D.C.), ECF No. 1 ¶ 2.  The court preliminarily enjoined their executions. *Roane*, ECF No. 5.  Four other death row inmates intervened, and their executions were enjoined as well.  *See Roane*, ECF Nos. 23, 27, 36, 38, 67, and 68.  During this litigation, the government produced a 50-page document (2004 Main Protocol) outlining BOP execution procedures. *Roane*, ECF No. 179-3.  The government then produced two three-page addenda to the 2004 Main Protocol.  *See Roane*, ECF No. 177-3 (Addendum to Protocol, July 1, 2007) (the 2007 Addendum); ECF No. 177-1 (Addendum to Protocol, Aug. 1, 2008) (the 2008 Addendum).  In 2011 the DOJ announced that the BOP did not have the drugs it needed to implement the 2008 Addendum.  *See* Letter from Office of Attorney General to National Association of Attorneys General, (Mar. 4, 2011), https://files.deathpenaltyinfo.org/legacy/documents/2011.03.04.holder.

---

[2] On July 2, 2020, the Seventh Circuit temporarily stayed Purkey's execution.  *Purkey v. United States*, No. 19-3318, 2020 WL 3603779 (7th Cir. July 2, 2020).  As of this filing, that stay is still in place.  Because the Seventh Circuit affirmed the district court's denial of Purkey's petition for writ of habeas corpus, and only temporarily stayed his execution "pending the completion of proceedings in the Seventh Circuit," however, this court finds it appropriate to preliminarily enjoin his execution as well as those of the other Plaintiffs.  *Id.* at *11.

letter.pdf. The government informed the court that the BOP "has decided to modify its lethal injection protocol but the protocol revisions have not yet been finalized." *Roane*, ECF No. 288 at 2. In response, the court stayed the *Roane* litigation.

No further action was taken in the cases for over seven years. On July 24, 2019, the DOJ announced a new addendum to the execution protocol, (Admin. R. at 874–78), replacing the three-drug protocol of the 2008 Addendum with a single drug: pentobarbital sodium. (*Id.* at 879–80.) The BOP also adopted a new protocol to replace the 2004 Main Protocol. (*Id.* at 1021–72.) The 2019 Protocol provides for three injections, the first two containing 2.5 grams of pentobarbital in 50 milliliters of diluent each, and the third containing 60 milliliters of a saline flush. (*Id.* at 880.) The 2019 Protocol makes no reference to the form or source of the drug, or measures of quality control, and its description of the intravenous administration of the drug simply provides that the Director or designee "shall determine the method of venous access" and that "[i]f peripheral venous access is utilized, two separate lines shall be inserted in separate locations and determined to be patent by qualified personnel." (*Id.*)

Following this announcement, the court held a status conference in *Roane* on August 15, 2019. (*See* Minute Entry, Aug. 15, 2019.) In addition to the *Roane* plaintiffs, the court heard from counsel for three other federal death row inmates, all of whom cited the need for additional discovery on the new protocol. (*See* ECF No. 12, Status Hr'g Tr.) The government indicated that it was unwilling to stay the executions, and the court bifurcated discovery and ordered Plaintiffs to complete 30(b)(6) depositions by February 28, 2020, and to file amended complaints by March 31, 2020. (*See* Minute Entry, Aug. 15, 2019.)

Four inmates with scheduled execution dates filed complaints or motions to intervene in the *Roane* action challenging the 2019 Protocol, and each subsequently moved to preliminarily

4

enjoin their executions.[3]  On November 20, 2019, the court granted the four Plaintiffs' motions

for preliminary injunction, finding that they had demonstrated a likelihood of success on their

claims that the 2019 Protocol exceeds statutory authority.  (2019 Order at 13, 15.)  The court did

not rule on Plaintiffs' other claims, including that the 2019 Protocol is arbitrary and capricious

under the Administrative Procedure Act (APA), that it violates the Food, Drug, and Cosmetic

Act (FDCA) and the Controlled Substances Act (CSA), that it violates Plaintiffs' right to counsel

in violation of the First, Fifth, and Sixth Amendments, and that it is cruel and unusual in

violation of the Eighth Amendment.  (*Id.* at 13.)  Following the court's order, three additional

death row inmates filed complaints under separate case numbers, which in turn were

consolidated with *Roane*.[4]  Defendants moved to stay the court's preliminary injunction, which

the court denied.  (*See* Minute Order, Nov. 22, 2019.)  The D.C. Circuit likewise denied

Defendants' motion to stay, *In re Fed. Bureau of Prisons' Execution Protocol Cases*, No. 19-

5322 (D.C. Cir. Dec. 2, 2019), as did the United States Supreme Court on December 6, 2019.

*Barr v. Roane*, 140 S. Ct. 353 (2019).  However, three Justices issued a statement indicating their

belief that Defendants were likely to prevail on the merits.  *Id.*

Defendants also filed an interlocutory appeal of the court's 2019 Order on November 21,

2019.  (*See* ECF No. 52.)  On April 7, 2020, the D.C. Circuit reversed.  *Execution Protocol*

---

[3] Lee filed his complaint on August 23, 2019 (*see Lee v. Barr*, 1:19-cv-02559 (D.D.C.), ECF No.
1), and his motion for a preliminary injunction on September 27, 2019.  (ECF No. 13, Lee Mot.
for Prelim. Inj.)  On August 29, 2019, Bourgeois moved to preliminarily enjoin his execution.
(ECF No. 2, Bourgeois Mot. for Prelim. Inj.)  Honken filed an unopposed motion to intervene in
*Lee v. Barr*, which was granted.  (ECF No. 26, Honken Mot. to Intervene.)  He then moved for a
preliminary injunction on November 5, 2019.  (ECF No. 29, Honken Mot. for Prelim. Inj.)
Purkey filed a complaint and a motion for a preliminary injunction under a separate case number,
1:19-cv-03214, which was consolidated with *Roane*.  (ECF No. 34, Purkey Mot. for Prelim. Inj.)

[4] These plaintiffs are Norris G. Holder, Jr., 1:19-cv-3520; Brandon Bernard, 1:20-cv-474; and
Keith Dwayne Nelson, 1:20-cv-557.

*Cases*, 955 F.3d at 108.  Neither of the two Judges on the panel who voted to reverse agreed on the FDPA's statutory requirements but they nonetheless agreed that Plaintiffs were unlikely to prevail on the merits of their claims that the 2019 Protocol exceeds statutory authority.  *Id.* at 112 (per curiam).  The panel expressly declined to rule on Plaintiffs' remaining statutory and constitutional claims, as "the government did not seek immediate resolution of all the plaintiffs' claims" and the claims "were neither addressed by the district court nor fully briefed in this Court."  *Id.* at 113.  The Court of Appeals denied Plaintiffs' petition for rehearing en banc on May 15, 2020, and the Supreme Court denied Plaintiffs' application for a stay of the mandate and petition for a writ of certiorari on June 29, 2020.  *Bourgeois*, 2020 WL 3492763.  Meanwhile, Plaintiffs filed their Amended Complaint on June 1, 2020, (ECF No. 92, Am. Compl.), the same day Holder filed a separate supplemental complaint.  (ECF No. 94, Holder Compl.)

Now, after the intervening litigation described above, *see*, *supra*, at 2, two Plaintiffs—Purkey and Honken—are scheduled to be executed this week, and the third, Nelson, next month. Plaintiffs request that the court rule on their remaining statutory and constitutional claims prior to those dates.  (Emergency Notice Requesting Ruling on Pending Mot.)

## II.    ANALYSIS

The court's 2019 and 2020 Orders set forth the legal standard for considering a motion for a preliminary injunction, an "extraordinary remedy" requiring courts to assess four factors: (1) the likelihood of the plaintiff's success on the merits, (2) the threat of irreparable harm to the plaintiff absent an injunction, (3) the balance of equities, and (4) the public interest.  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 24 (2008) (citations omitted); *John Doe Co. v. Consumer Fin. Prot. Bureau,* 849 F.3d 1129, 1131 (D.C. Cir. 2017).  The D.C. Circuit has

6

traditionally evaluated claims for injunctive relief on a sliding scale, such that "a strong showing on one factor could make up for a weaker showing on another." *Sherley v. Sebelius,* 644 F.3d 388, 392 (D.C. Cir. 2011). It has been suggested, however, that a movant's showing regarding success on the merits "is an independent, free-standing requirement for a preliminary injunction." *Id.* at 393 (quoting *Davis v. Pension Benefit Guar. Corp.*, 571 F.3d 1288, 1296 (D.C. Cir. 2009) (Kavanaugh, J., concurring)).

### A.    Likelihood of Success on the Merits

Plaintiffs contend that the 2019 Protocol (1) is arbitrary and capricious under the APA; (2) violates the CSA and FDCA; and (3) deprives Plaintiffs of their right to access the courts and counsel under the First, Fifth, and Sixth Amendments. (Pls. Mot. for Prelim. Inj. at 1.) The court addresses Plaintiffs' likelihood of success on the merits on each of these claims in turn. Although most of their claims are without merit, the court finds that Plaintiffs' have demonstrated a likelihood of success on their FDCA claims.

### 1.    Arbitrary and Capricious

As a preliminary matter, the court agrees with Plaintiffs that review of the 2019 Protocol is not cabined by the D.C. Circuit's holding that the Protocol is a procedural rule. Regardless of whether the APA's notice-and-comment provisions apply, the arbitrary and capricious standard is "among the most notable" constraints on agency decisionmaking, and the court must consider it. *Perez v. Mortg. Bankers Ass'n*, 575 U.S. 92, 106 (2015). Likewise, the court must be able to consider evidence outside the administrative record in order to determine whether the agency considered all relevant factors. *Level the Playing Field v. FEC*, 381 F. Supp. 3d 78, 89 (D.D.C. 2019), *aff'd*, 961 F.3d 462 (D.C. Cir. 2020).

7

On the other hand, in reviewing an agency action under the arbitrary and capricious standard, the court must not "substitute its own judgment for that of the agency." *Mayo v. Reynolds*, 875 F.3d 11, 19–20 (D.C. Cir. 2017) (citation omitted). Its task is to ensure, after considering the relevant factors, that Defendants acted "within the bounds of reasoned decisionmaking." *Balt. Gas and Elec. Co. v. Nat. Res. Def. Council, Inc.*, 462 U.S. 87, 104 (1983). In other words, the court must decide whether there has been clear error by the agency. *See id.* at 96; *Marsh v. Oregon Nat. Res. Council*, 490 U.S. 360, (1989) ("[I]n making the factual inquiry concerning whether an agency decision was 'arbitrary or capricious,' the reviewing court 'must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment.") (quoting *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416 (1971).)

Plaintiffs argue that Defendants failed to consider three relevant factors before finalizing the 2019 Protocol: (1) the risk of flash pulmonary edema during the execution process, (2) the risk of faulty IV insertion during the execution process, and (3) the risks associated with compounding pharmacies in acquiring pentobarbital. None of these rises to the level of arbitrariness or capriciousness for an APA violation.

Plaintiffs convincingly show that, in developing the 2019 Protocol, Defendants did not consider the risk of flash pulmonary edema. (*See* ECF No. 118, Pls. Reply at 5.) This court has previously outlined the "excruciating suffering" associated with pulmonary edema. (*See* 2020 Order at 9–12.) However, the court is bound by the Supreme Court's holding that, given Defendants' contention that pulmonary edema occurs post-mortem or after the inmate has been rendered insensate, this risk does not justify last-minute judicial intervention. *Barr v. Lee*, 2020 WL 3964985, at *2.

8

Plaintiffs next argue that Defendants failed to consider the risk of faulty IV placement. The evidence before the court suggests that Defendants did consider the risks of faulty IV placement, at least enough to survive the arbitrary and capricious standard.  Defendants studied the "after action report" of the botched execution of Clayton Lockett in Oklahoma, in 2014, where faulty IV placement caused Lockett to regain consciousness.  (Admin. R. at 931.) Defendants also considered the risks in their consultation with experts (Admin. R. at 442–43), and in their review of the case law.  (*See* Admin. R. at 108–400.)  The court is sympathetic to Plaintiffs' dissatisfaction with the guidance provided by the 2019 Protocol, particularly given the botched executions of Lockett and others, and the additional difficulties associated with the ongoing COVID-19 crisis.  But, based on the record before it, the court finds that Defendants adequately considered the risks of faulty IV placement in designing the 2019 Protocol.

Finally, while the record points to a number of concerns with the 2019 Protocol's use of a compounded form of pentobarbital, these concerns do not rise to the level of an APA violation. Defendants' reliance on what they concede is a non-binding memorandum to assure the court that it will use a compounding pharmacy that complies with the FDA's Current Good Manufacturing Practice requirements is troubling.  (*See* ECF No. 113, Defs. Opp. at 31.) Defendants' use of compounding pharmacies, however, must be viewed in light of the Supreme Court's recognition that the government "can't be faulted for failing to use lethal injection drugs that it's unable to procure through good-faith efforts."  *Bucklew v. Precythe*, 139 S. Ct. 1112, 1125 (2019) (citing *Glossip v. Gross*, 135 S. Ct. 2726, 2737–38 (2015).  While Plaintiffs are correct to highlight the risks of using compounding pharmacies, the Supreme Court has approved the use of a compounded form of pentobarbital where domestic supplies were unavailable, and Defendants' decision to do so was not arbitrary or capricious.

9

Plaintiffs have thus failed to demonstrate a likelihood of success on the merits of their claims that the 2019 Protocol is arbitrary and capricious under the APA.

2.     CSA and FDCA

Plaintiffs' CSA and FDCA claims are similar, as both contend that the 2019 Protocol is in violation of both statutes because the Protocol does not provide for Defendants to obtain a valid written prescription for the pentobarbital it will use to execute Plaintiffs. *See* 21 U.S.C. § 829(a) (requiring valid prescription, issued for a legitimate medical purpose, in dispensing any controlled substance to an "ultimate user"); 21 U.S.C. § 353(b)(1) (requiring valid written or oral prescription in dispensing any controlled substance). *See also* 21 C.F.R. § 1308.12 (listing pentobarbital as a Schedule II controlled substance).

Plaintiffs are not barred by either statute from bringing a private claim. Defendants are correct that the CSA and FDCA are primarily criminal statutes, the enforcement of which is the "nearly exclusive" authority of the United States. *POM Wonderful LLC v. Coca-Cola Co.*, 573 U.S. 102, 109 (2014). Plaintiffs convincingly counter, however, that they do not seek to supplant the government as the enforcer of these statutes against a third party, but rather simply seek to require the government to comply with the statutes' prescription dispensation requirements. (Pls. Reply at 17–18.) In other words, while they allege that Defendants failed to comply with the CSA and FDCA, it would be more accurate to describe their claims as being brought under the APA for agency action that is "not in accordance with law"—a violation for which the APA does provide a private right of action. 5 U.S.C. §§ 702, 706(2)(A). *See also Chrysler Corp. v. Brown*, 441 U.S. 281, 316–18 (1979) (finding government violations of Trade Secrets Act reviewable even where Act contained no private right of action).

10

i.     *CSA*

A plain reading of the statute indicates that Plaintiffs are correct that the CSA applies to the government's lethal injection procedures.  Defendants contend that the CSA does not apply because Plaintiffs are not being "dispensed" pentobarbital, and Plaintiffs are not "patients." (Defs. Opp. at 32–33.)  Plaintiffs, however, have amassed a factual record indicating that the Drug Enforcement Agency (DEA) previously advised state officials that the lethal injection process *was* considered "dispensing" the lethal drug, and that licensed professionals *were* required to "prescribe, administer, and dispense" said drugs.  (*See* ECF No. 102-6, Decl. of Alan Schoenfeld Ex. 5; ECF No. 102-7, Schoenfeld Decl. Ex. 6.)  Defendants' rebuttal that these documents are insufficiently authenticated is not a reason to rush Plaintiffs' executions, but rather a reason to halt them to permit Defendants to challenge their veracity.

However, Defendants also point to *Gonzales v. Oregon*, which, they contend, clearly establishes that the CSA does not apply in the lethal injection context.  546 U.S. 243, 272–74 (2006).  In that case the Supreme Court held that the CSA is primarily "a statute combating recreational drug use," and must be read in light of that statutory purpose.  *Id.* at 272.  Thus, "the prescription requirement is better understood as a provision that ensures patients use controlled substances under the supervision of a doctor so as to prevent addiction and recreational abuse. . . . To read prescriptions for assisted suicide as constituting 'drug abuse' under the CSA is discordant with the phrase's consistent use throughout the statute."  *Id.* at 274.  Given this holding, dispensation of lethal injection drugs to an inmate would not be covered by the Act. Indeed, Plaintiffs' reply brief does not address *Gonzales*, and they have failed to demonstrate a likelihood of success on the merits on this claim.

11

ii.    *FDCA*

The court's analysis of Plaintiffs' FDCA claims is similar to that of their CSA claims, but here, Plaintiffs are on firmer footing.  It is true that the Office of Legal Counsel has previously opined that the FDCA does not apply in the lethal-injection context.  *See Whether the Food & Drug Admin. Has Jurisdiction over Articles Intended for Use in Lawful Executions*, 2019 WL 2235666, at *1 (May 3, 2019).  This Circuit, however, has found otherwise.  In *Beaty v. FDA*, the Court held that lethal injection drugs are "drugs" under the FDCA, and that death-sentenced individuals are permitted to assert violations of the FDCA.  853 F. Supp. 2d 30, 34, 37–42 (D.D.C. 2012), *aff'd in relevant part sub nom. Cook v. FDA*, 733 F.3d 1 (D.C. Cir. 2013).

Defendants elsewhere argue that, because lethal injection drugs are intended to kill, they could not possibly be regulated by laws intended to ensure that a drug is "safe and effective for its intended use."  *FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000).  Because violations of the FDCA carry "the risk that the drug[s] will not function as intended," however, the statute must apply in the lethal-injection context, because a lethal injection drug that does not function as intended may "result in conscious suffocation, pain, and cardiac arrest."  *Beaty*, 853 F. Supp. 2d at 37.  This is especially so where, as here, Defendants have justified the 2019 Protocol on the grounds that pentobarbital will render inmates insensate during the execution process.  Where the government argues that a lethal injection drug is legally and constitutionally permissible because it will ensure a "humane" death, it cannot then disclaim a responsibility to comply with federal statutes that exist in order to ensure that the drugs operate humanely.

Defendants also raise a rather convoluted argument regarding the FDCA's restrictions on "outsourcing facilities."  Essentially, they contend that because the FDCA allows certain

outsourcing facilities to compound pentobarbital in large quantities as "office stock" without obtaining a valid prescription for an identified patient, Defendants are similarly allowed to use outsourcing facilities, because they are not compounding large quantities for office stock, nor are inmates "patients." *See Athenex Inc. v. Azar*, 397 F. Supp. 3d 56, 59 (D.D.C. 2019). For the same reasons stated in its analysis of Plaintiffs' CSA claims, the court finds that Plaintiffs are "patients" for purposes of the FDCA. Moreover, the "office stock" language comes from the *Athenex* opinion, not the statute itself, which clearly states that the FDCA regulations apply to all outsourcing facilities, even those that are not responsible for obtaining the required prescriptions. 21 U.S.C. § 353(b)(d)(4). The court therefore declines to so drastically expand *Athenex*'s holding.

The D.C. Circuit's binding precedent, combined with Plaintiffs' plain reading of the statute, establishes that the 2019 Protocol is likely in violation of the FDCA. Plaintiffs have thus demonstrated a likelihood of success on the merits of their FDCA claims.

3.   Access to the Courts and Right to Counsel

Finally, Plaintiffs argue that the 2019 Protocol violates their right to counsel. At its core, Plaintiffs' claim is that, because Plaintiffs have a constitutional right to counsel in order to assert violations of their fundamental rights, they also have the right to have their counsel supervise the execution for possible maladministration in violation of the Eighth Amendment. (*See* Pls. Reply at 18.) The proper question, however, is whether the 2019 Protocol burdens this right.

The 2019 Protocol permits up to two defense attorneys to be present as witnesses during the execution (Admin. R. at 1024), and while it does not permit witnesses to bring their cell phones into the witness room, an attorney "may request" the use of their phone if "legitimate

13

need arises," and "will have immediate access to [a phone] outside of the witness room." (ECF No. 111-3, Decl. of Tom Watson, at 3.)

Plaintiffs contend that the 2019 Protocol impermissibly prohibits counsel from viewing the setting of the IVs, from communicating with Plaintiffs during the execution, and from having a quick and easy means of communicating with the court. (Pls. Mot. for Prelim. Inj. at 35.) While these are all serious concerns, Plaintiffs fail to demonstrate a likelihood of success on the merits of showing that these requests are constitutionally mandated. As Defendants note, the cases on which Plaintiffs rely are both out-of-circuit and factually distinct. *See, e.g.*, *Cooey v. Strickland*, No. 04-cv-1156, 2011 WL 320166, at *6 (S.D. Ohio Jan. 28, 2011) (declining to decide whether the Constitution mandated a right for counsel to be present at the execution where Ohio law already permitted counsel to be present). Plaintiffs' suggestion that the court adopt Justice Thomas' concurrence in *Lewis v. Casey*, in which he wrote that the Due Process Clause requires a right to access the courts to assert violations of fundamental rights, is compelling. 518 U.S. 343, 380–82 (1996) (Thomas, J., concurring). But the court cannot find that Plaintiffs have demonstrated a likelihood of success on the merits of a claim that relies on the concurrence of a single Justice.

Finally, Plaintiffs raise a number of arguments regarding the impact of the COVID-19 crisis on Plaintiffs' access to counsel prior to and during the execution process. These are very serious concerns. However, Defendants correctly note that these problems are not the result of the 2019 Protocol, or indeed any of Defendants' actions, but of the pandemic itself. (Defs. Opp. at 42.) Plaintiffs' objections are understandable, but closely resemble the pandemic-related claims brought by spiritual advisors and family members in separate litigation—claims which have thus far been rejected by the courts. *See Hartkemeyer v. Barr*, No. 20-cv-336 (S.D. Ind.

14

75

July 14, 2020), ECF No. 84 (denying preliminary injunction based on APA and Religious

Freedom Restoration Act claims), *appeal filed*, No. 20-2262 (7th Cir. July 14, 2020); *Peterson v.*

*Barr*, No. 20-2252, 2020 WL 3955951 (7th Cir. July 12, 2020) (vacating preliminary injunction

based on APA claims).  Given these and other recent developments, the likelihood of success on

Plaintiffs' constitutional claims "seems vanishingly small."  *Hartkemeyer*, No. 20-cv-336, ECF

No. 84 at 5.

### B.   Irreparable Harm

The court's analysis of irreparable harm is unchanged from its 2019 and 2020 Orders.  In

order to prevail on a request for preliminary injunction, irreparable harm "must be certain and

great, actual and not theoretical, and so imminent that there is a clear and present need for

equitable relief to prevent irreparable harm," and it "must be beyond remediation."  *League of*

*Women Voters of U.S. v. Newby,* 838 F.3d 1, 7–8 (D.C. Cir. 2016) (citing *Chaplaincy of Full*

*Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006)) (internal quotation marks and

brackets omitted).  Here, without injunctive relief, Plaintiffs would be unable to pursue their

remaining claims, including the claims that the method of planned execution under the 2019

Protocol is cruel and unusual in violation of the Eighth Amendment, and would therefore be

executed under a procedure likely to be unconstitutional.  This harm is manifestly irreparable.

*See also Wainwright v. Booker*, 473 U.S. 935, 935n.1 (1985) (Powell, J., concurring) (finding

irreparable harm "necessarily present in capital cases").

At no point in this litigation have Defendants disputed that Plaintiffs will suffer

irreparable harm if they are executed before their claims can be fully adjudicated.  Nor has the

D.C. Circuit on appeal, and nor has the Supreme Court, even as it vacated the court's 2020 Order

on the basis that Plaintiffs had not demonstrated a likelihood of success on the merits of their

Eighth Amendment claims.  Based on the record before it, the court finds that Plaintiffs have shown that absent injunctive relief, they will suffer the irreparable harm of being executed before their claims can be fully adjudicated.

### C.    Balance of Equities

Defendants argue that if the court preliminarily enjoins the 2019 Protocol, they will suffer the harm of having to delay the scheduled execution dates.  (*See* Defs. Opp. at 57.)  Defendants' interest in the finality of criminal proceedings, especially at the last minute, is compelling. *Calderon v. Thompson*, 523 U.S. 538, 556 (1998).  The court once again notes, however, that Defendants waited eight years to establish a new protocol for federal executions.  This delay undermines their arguments regarding the urgency and weight of that interest.

Indeed, where the Supreme Court has been sympathetic to the government's need for finality in capital cases, it has generally been in cases where plaintiffs waited until the last minute to bring claims that could have been brought earlier, or engaged in a clear "attempt at manipulation" of the judicial process.  *Bucklew*, 139 S. Ct. at 1134 (quoting *Hill v. McDonough*, 547 U.S. 573, 584 (2006)).  Here, however, two of the three Plaintiffs filed their complaints shortly after the DOJ announced the 2019 Protocol, months before their initially scheduled executions, and Nelson filed his complaint before Defendants even announced his execution date.  Plaintiffs are not raising new claims that they could have brought in their initial complaints, but rather renewing the Eighth Amendment arguments made in their initial motions.

That this order comes at the last minute is unfortunate, but it is no fault of Plaintiffs. Defendants chose to schedule Plaintiffs' executions knowing that their remaining claims were still pending.  Defendants further chose to schedule three federal executions, the first in over fifteen years, for the same week, knowing that Plaintiffs' claims raised a number of "novel and

16

difficult" questions, both in this and other actions. *See Execution Protocol Cases*, No. 20-5199 (D.C. Cir. July 13, 2020). Furthermore, once the Supreme Court vacated this court's preliminary injunction, Defendants chose to execute Lee, beginning the process before dawn, knowing that Lee had pending claims before the court that could not possibly be resolved prior to his execution, including a claim that this court now finds is likely to succeed on the merits. This court agrees that "last-minute stays should be the extreme exception," *Bucklew*, 139 S. Ct. at 1134, but here, it is Defendants' rush to execute Plaintiffs that has led to this extreme exception.

Given this background, the court finds that the potential harm to the government caused by a delayed execution is not substantial, and is far outweighed by the irreparable harm Plaintiffs would face absent an injunction.

### D. Public Interest

As noted in the court's 2019 and 2020 Orders, the public interest is not served by executing individuals before they have had the opportunity to avail themselves of the legal process to challenge the legality of their executions. *See Barr v. Roane*, 140 S. Ct. at 353 (Op. of Alito, J., respecting denial of stay or vacatur) (finding it preferable for plaintiffs' claims to be heard on the merits "in light of what is at stake"). *See also Purkey v. United States*, No. 19-3318, 2020 WL 3603779, at *11 (7th Cir. July 2, 2020) ("Just because the death penalty is involved is no reason to take shortcuts—indeed, it is a reason not to do so."); *Harris v. Johnson*, 323 F. Supp. 2d 797, 810 (S.D. Tex. 2004) ("Confidence in the humane application of the governing laws . . . must be in the public's interest."). Accordingly, the court finds that the public interest is served by preliminarily enjoining Plaintiffs' executions because it will allow judicial review of whether the United States Government's planned execution protocol complies with federal law, and to ensure that it does so in the future.

17

## III. CONCLUSION

The court finds that at least one of Plaintiffs' claims has a likelihood of success on the merits, and that absent a preliminary injunction, Plaintiffs will suffer irreparable harm. It further finds that the likely harm that Plaintiffs would suffer if the court does not grant injunctive relief far outweighs any potential harm to Defendants. Finally, because the public is not served by short-circuiting legitimate judicial process, and is greatly served by attempting to ensure that the most serious punishment is imposed in accordance with federal law, the court finds that it is in the public interest to issue a preliminary injunction. Accordingly, having reviewed the parties' filings, the record, and the relevant case law, and for the reasons set forth above, the court will GRANT Plaintiffs' Motion for a Preliminary Injunction. A corresponding order will be issued simultaneously.

Date: July 15, 2020

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| In the Matter of the Federal Bureau of Prisons' Execution Protocol Cases, | ) ) ) ) ) | |
| LEAD CASE: *Roane, et al. v. Barr* | ) ) | Case No. 19-mc-145 (TSC) |
| THIS DOCUMENT RELATES TO: | ) ) | |
| *Lee v. Barr, et al.*, 19-cv-2559 | ) ) | |
| *Purkey v. Barr, et al.*, 19-cv-3214 | ) ) | |
| *Nelson v. Barr, et al.*, 20-cv-557 | ) ) | |

## <u>ORDER</u>

For the reasons set forth in the accompanying Memorandum Opinion, the court hereby GRANTS Plaintiffs' Motion for a Preliminary Injunction (ECF No. 102).

It is hereby ORDERED that Defendants (along with their respective successors in office, officers, agents, servants, employees, attorneys, and anyone acting in concert with them) are enjoined from executing Plaintiffs Wesley Ira Purkey, Dustin Lee Honken, and Keith Dwayne Nelson until further order of this court.

Date:  July 15, 2020

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

1

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| In the Matter of the Federal Bureau of Prisons' Execution Protocol Cases, | ) ) ) ) | |
| LEAD CASE: *Roane, et al. v. Barr* | ) ) | Case No. 19-mc-145 (TSC) |
| THIS DOCUMENT RELATES TO: | ) ) | |
| *Lee v. Barr, et al.*, 19-cv-2559 | ) ) | |
| *Purkey v. Barr, et al.*, 19-cv-3214 | ) ) | |
| *Nelson v. Barr, et al.*, 20-cv-557 | ) ) | |

## ORDER

For the reasons set forth in the accompanying Memorandum Opinion, the court hereby GRANTS Plaintiffs' Motion for a Preliminary Injunction (ECF No. 102).

It is hereby ORDERED that Defendants (along with their respective successors in office, officers, agents, servants, employees, attorneys, and anyone acting in concert with them) are enjoined from executing Plaintiffs Wesley Ira Purkey, Dustin Lee Honken, and Keith Dwayne Nelson until further order of this court.

Date: July 15, 2020

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

1

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| In the Matter of the<br>Federal Bureau of Prisons' Execution<br>Protocol Cases, | ) ) ) ) | |
|  | ) | |
| LEAD CASE: *Roane, et al. v. Barr* | ) | Case No. 19-mc-145 (TSC) |
|  | ) | |
| THIS DOCUMENT RELATES TO: | ) | |
|  | ) | |
| *Lee v. Barr, et al.*, 19-cv-2559 | ) | |
|  | ) | |
| *Purkey v. Barr, et al.*, 19-cv-3214 | ) | |
|  | ) | |
| *Nelson v. Barr, et al.*, 20-cv-557 | ) | |
|  | ) | |

## MEMORANDUM OPINION

After a hiatus in federal executions of over fifteen years, on July 25, 2019, the U.S.

Department of Justice (DOJ) announced plans to execute five inmates who had been sentenced to

death under the federal death penalty statute.[1]  *See* Press Release, Dep't of Justice, Federal

Government to Resume Capital Punishment After Nearly Two Decade Lapse (July 25, 2019),

https://www.justice.gov/opa/pr/federal-government-resume-capital-punishment-after-nearly-two-

decade-lapse.  To implement these executions, the Federal Bureau of Prisons (BOP) adopted a

new execution protocol: the 2019 Protocol.  (ECF No. 39-1, Admin. R. at 1021–75.)

On November 20, 2019, the court preliminarily enjoined the executions of four inmates:

Alfred Bourgeois, Daniel Lewis Lee, Dustin Lee Honken, and Wesley Ira Purkey.  (ECF No. 50,

Mem. Op. (2019 Order), at 15.)  The court found that these four Plaintiffs had demonstrated a

---

[1] Plaintiffs Bourgeois, Mitchell, Lee, and Purkey were sentenced under the Federal Death
Penalty Act, 18 U.S.C. §§ 3591–3599.  Plaintiff Honken was sentenced under the Anti-Drug
Abuse Act of 1988, 21 U.S.C. § 848(e).

1

likelihood of success on the merits of their claims that the 2019 Protocol violates the Federal Death Penalty Act (FDPA), but the court did not rule on their other statutory and constitutional claims.  (*Id.* at 13–14.)  In April of this year, a divided D.C. Circuit panel vacated the preliminary injunction.  *In re Fed. Bureau of Prisons' Execution Protocol Cases*, 955 F.3d 106, 113 (D.C. Cir. 2020), *cert. denied sub nom. Bourgeois v. Barr*, No. 19-1348, 2020 WL 3492763 (June 29, 2020).  That Court based its ruling solely on the Plaintiffs' claims under the FDPA and the APA, and noted that "regardless of our disposition, several claims would remain open on remand." *Execution Protocol Cases*, 955 F.3d at 113 (per curiam).

On June 15, 2020, the DOJ and BOP scheduled new execution dates for three of the four Plaintiffs whose executions had been preliminarily enjoined by the 2019 Order: Lee on July 13, 2020, Purkey on July 15, 2020, Honken on July 17, 2020, and Keith Dwayne Nelson on August 28, 2020.  (ECF No. 99, Defs. Notice Regarding Execution Dates.)

On July 13, 2020, the court preliminarily enjoined the executions of Lee, Purkey, Honken, and Nelson.  (ECF No. 135, Mem. Op. (2020 Order) at 22.)  The court found that these four Plaintiffs had demonstrated a likelihood of success on the merits of their claims that the 2019 Protocol is cruel and unusual in violation of the Eighth Amendment, but once again did not rule on their other statutory and constitutional claims.  (*Id.* at 18.)  The D.C. Circuit declined to stay or vacate the court's injunction, *see In re Fed. Bureau of Prisons' Execution Protocol Cases*, No. 20-5199 (D.C. Cir. July 13, 2020), but the Supreme Court vacated the injunction early in the morning of July 14, 2020.  *Barr v. Lee*, No. 20A8, 2020 WL 3964985 (July 14, 2020) (per curiam).  Four justices dissented.  *Id.* at *2–3.  Hours later, Defendants executed Daniel Lewis Lee.

Two more Plaintiffs are scheduled to be executed this week, and a third next month. Because these Plaintiffs are scheduled to be executed before their claims can be fully litigated, they have asked this court, pursuant to Federal Rule of Civil Procedure 65 and Local Rule 65.1, to preliminarily enjoin Defendants from executing them while they litigate their remaining claims.[2]  (ECF No. 102, Pls. Mot. for Prelim. Inj.; *see also* ECF No. 144, Emergency Notice Requesting Ruling on Pending Mot.)

## I.   BACKGROUND

In 2005, three federal death row inmates sued, alleging that their executions were to be administered under an unlawful and unconstitutional execution protocol.  *Roane v. Gonzales*, 1:05-cv-02337 (D.D.C.), ECF No. 1 ¶ 2.  The court preliminarily enjoined their executions. *Roane*, ECF No. 5.  Four other death row inmates intervened, and their executions were enjoined as well.  *See Roane*, ECF Nos. 23, 27, 36, 38, 67, and 68.  During this litigation, the government produced a 50-page document (2004 Main Protocol) outlining BOP execution procedures. *Roane*, ECF No. 179-3.  The government then produced two three-page addenda to the 2004 Main Protocol.  *See Roane*, ECF No. 177-3 (Addendum to Protocol, July 1, 2007) (the 2007 Addendum); ECF No. 177-1 (Addendum to Protocol, Aug. 1, 2008) (the 2008 Addendum).  In 2011 the DOJ announced that the BOP did not have the drugs it needed to implement the 2008 Addendum.  *See* Letter from Office of Attorney General to National Association of Attorneys General, (Mar. 4, 2011), https://files.deathpenaltyinfo.org/legacy/documents/2011.03.04.holder.

---

[2] On July 2, 2020, the Seventh Circuit temporarily stayed Purkey's execution.  *Purkey v. United States*, No. 19-3318, 2020 WL 3603779 (7th Cir. July 2, 2020).  As of this filing, that stay is still in place.  Because the Seventh Circuit affirmed the district court's denial of Purkey's petition for writ of habeas corpus, and only temporarily stayed his execution "pending the completion of proceedings in the Seventh Circuit," however, this court finds it appropriate to preliminarily enjoin his execution as well as those of the other Plaintiffs.  *Id.* at *11.

3

letter.pdf. The government informed the court that the BOP "has decided to modify its lethal injection protocol but the protocol revisions have not yet been finalized." *Roane*, ECF No. 288 at 2. In response, the court stayed the *Roane* litigation.

No further action was taken in the cases for over seven years. On July 24, 2019, the DOJ announced a new addendum to the execution protocol, (Admin. R. at 874–78), replacing the three-drug protocol of the 2008 Addendum with a single drug: pentobarbital sodium. (*Id.* at 879–80.) The BOP also adopted a new protocol to replace the 2004 Main Protocol. (*Id.* at 1021–72.) The 2019 Protocol provides for three injections, the first two containing 2.5 grams of pentobarbital in 50 milliliters of diluent each, and the third containing 60 milliliters of a saline flush. (*Id.* at 880.) The 2019 Protocol makes no reference to the form or source of the drug, or measures of quality control, and its description of the intravenous administration of the drug simply provides that the Director or designee "shall determine the method of venous access" and that "[i]f peripheral venous access is utilized, two separate lines shall be inserted in separate locations and determined to be patent by qualified personnel." (*Id.*)

Following this announcement, the court held a status conference in *Roane* on August 15, 2019. (*See* Minute Entry, Aug. 15, 2019.) In addition to the *Roane* plaintiffs, the court heard from counsel for three other federal death row inmates, all of whom cited the need for additional discovery on the new protocol. (*See* ECF No. 12, Status Hr'g Tr.) The government indicated that it was unwilling to stay the executions, and the court bifurcated discovery and ordered Plaintiffs to complete 30(b)(6) depositions by February 28, 2020, and to file amended complaints by March 31, 2020. (*See* Minute Entry, Aug. 15, 2019.)

Four inmates with scheduled execution dates filed complaints or motions to intervene in the *Roane* action challenging the 2019 Protocol, and each subsequently moved to preliminarily

enjoin their executions.[3]  On November 20, 2019, the court granted the four Plaintiffs' motions

for preliminary injunction, finding that they had demonstrated a likelihood of success on their

claims that the 2019 Protocol exceeds statutory authority.  (2019 Order at 13, 15.)  The court did

not rule on Plaintiffs' other claims, including that the 2019 Protocol is arbitrary and capricious

under the Administrative Procedure Act (APA), that it violates the Food, Drug, and Cosmetic

Act (FDCA) and the Controlled Substances Act (CSA), that it violates Plaintiffs' right to counsel

in violation of the First, Fifth, and Sixth Amendments, and that it is cruel and unusual in

violation of the Eighth Amendment.  (*Id.* at 13.)  Following the court's order, three additional

death row inmates filed complaints under separate case numbers, which in turn were

consolidated with *Roane*.[4]  Defendants moved to stay the court's preliminary injunction, which

the court denied.  (*See* Minute Order, Nov. 22, 2019.)  The D.C. Circuit likewise denied

Defendants' motion to stay, *In re Fed. Bureau of Prisons' Execution Protocol Cases*, No. 19-

5322 (D.C. Cir. Dec. 2, 2019), as did the United States Supreme Court on December 6, 2019.

*Barr v. Roane*, 140 S. Ct. 353 (2019).  However, three Justices issued a statement indicating their

belief that Defendants were likely to prevail on the merits.  *Id.*

Defendants also filed an interlocutory appeal of the court's 2019 Order on November 21,

2019.  (*See* ECF No. 52.)  On April 7, 2020, the D.C. Circuit reversed.  *Execution Protocol*

---

[3] Lee filed his complaint on August 23, 2019 (*see Lee v. Barr*, 1:19-cv-02559 (D.D.C.), ECF No. 1), and his motion for a preliminary injunction on September 27, 2019.  (ECF No. 13, Lee Mot. for Prelim. Inj.)  On August 29, 2019, Bourgeois moved to preliminarily enjoin his execution. (ECF No. 2, Bourgeois Mot. for Prelim. Inj.)  Honken filed an unopposed motion to intervene in *Lee v. Barr*, which was granted.  (ECF No. 26, Honken Mot. to Intervene.)  He then moved for a preliminary injunction on November 5, 2019.  (ECF No. 29, Honken Mot. for Prelim. Inj.) Purkey filed a complaint and a motion for a preliminary injunction under a separate case number, 1:19-cv-03214, which was consolidated with *Roane*.  (ECF No. 34, Purkey Mot. for Prelim. Inj.)

[4] These plaintiffs are Norris G. Holder, Jr., 1:19-cv-3520; Brandon Bernard, 1:20-cv-474; and Keith Dwayne Nelson, 1:20-cv-557.

*Cases*, 955 F.3d at 108.  Neither of the two Judges on the panel who voted to reverse agreed on

the FDPA's statutory requirements but they nonetheless agreed that Plaintiffs were unlikely to

prevail on the merits of their claims that the 2019 Protocol exceeds statutory authority.  *Id.* at 112

(per curiam).  The panel expressly declined to rule on Plaintiffs' remaining statutory and

constitutional claims, as "the government did not seek immediate resolution of all the plaintiffs'

claims" and the claims "were neither addressed by the district court nor fully briefed in this

Court."  *Id.* at 113.  The Court of Appeals denied Plaintiffs' petition for rehearing en banc on

May 15, 2020, and the Supreme Court denied Plaintiffs' application for a stay of the mandate

and petition for a writ of certiorari on June 29, 2020.  *Bourgeois*, 2020 WL 3492763.

Meanwhile, Plaintiffs filed their Amended Complaint on June 1, 2020, (ECF No. 92, Am.

Compl.), the same day Holder filed a separate supplemental complaint.  (ECF No. 94, Holder

Compl.)

Now, after the intervening litigation described above, *see*, *supra*, at 2, two Plaintiffs—

Purkey and Honken—are scheduled to be executed this week, and the third, Nelson, next month.

Plaintiffs request that the court rule on their remaining statutory and constitutional claims prior to

those dates.  (Emergency Notice Requesting Ruling on Pending Mot.)

## II.    ANALYSIS

The court's 2019 and 2020 Orders set forth the legal standard for considering a motion

for a preliminary injunction, an "extraordinary remedy" requiring courts to assess four factors:

(1) the likelihood of the plaintiff's success on the merits, (2) the threat of irreparable harm to the

plaintiff absent an injunction, (3) the balance of equities, and (4) the public interest.  *Winter v.*

*Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 24 (2008) (citations omitted); *John Doe Co. v.*

*Consumer Fin. Prot. Bureau,* 849 F.3d 1129, 1131 (D.C. Cir. 2017).  The D.C. Circuit has

traditionally evaluated claims for injunctive relief on a sliding scale, such that "a strong showing on one factor could make up for a weaker showing on another." *Sherley v. Sebelius,* 644 F.3d 388, 392 (D.C. Cir. 2011). It has been suggested, however, that a movant's showing regarding success on the merits "is an independent, free-standing requirement for a preliminary injunction." *Id.* at 393 (quoting *Davis v. Pension Benefit Guar. Corp.*, 571 F.3d 1288, 1296 (D.C. Cir. 2009) (Kavanaugh, J., concurring)).

### A.   Likelihood of Success on the Merits

Plaintiffs contend that the 2019 Protocol (1) is arbitrary and capricious under the APA; (2) violates the CSA and FDCA; and (3) deprives Plaintiffs of their right to access the courts and counsel under the First, Fifth, and Sixth Amendments. (Pls. Mot. for Prelim. Inj. at 1.) The court addresses Plaintiffs' likelihood of success on the merits on each of these claims in turn. Although most of their claims are without merit, the court finds that Plaintiffs' have demonstrated a likelihood of success on their FDCA claims.

### 1.   Arbitrary and Capricious

As a preliminary matter, the court agrees with Plaintiffs that review of the 2019 Protocol is not cabined by the D.C. Circuit's holding that the Protocol is a procedural rule. Regardless of whether the APA's notice-and-comment provisions apply, the arbitrary and capricious standard is "among the most notable" constraints on agency decisionmaking, and the court must consider it. *Perez v. Mortg. Bankers Ass'n*, 575 U.S. 92, 106 (2015). Likewise, the court must be able to consider evidence outside the administrative record in order to determine whether the agency considered all relevant factors. *Level the Playing Field v. FEC*, 381 F. Supp. 3d 78, 89 (D.D.C. 2019), *aff'd*, 961 F.3d 462 (D.C. Cir. 2020).

On the other hand, in reviewing an agency action under the arbitrary and capricious standard, the court must not "substitute its own judgment for that of the agency." *Mayo v. Reynolds*, 875 F.3d 11, 19–20 (D.C. Cir. 2017) (citation omitted). Its task is to ensure, after considering the relevant factors, that Defendants acted "within the bounds of reasoned decisionmaking." *Balt. Gas and Elec. Co. v. Nat. Res. Def. Council, Inc.*, 462 U.S. 87, 104 (1983). In other words, the court must decide whether there has been clear error by the agency. *See id.* at 96; *Marsh v. Oregon Nat. Res. Council*, 490 U.S. 360, (1989) ("[I]n making the factual inquiry concerning whether an agency decision was 'arbitrary or capricious,' the reviewing court 'must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment.'") (quoting *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416 (1971).)

Plaintiffs argue that Defendants failed to consider three relevant factors before finalizing the 2019 Protocol: (1) the risk of flash pulmonary edema during the execution process, (2) the risk of faulty IV insertion during the execution process, and (3) the risks associated with compounding pharmacies in acquiring pentobarbital. None of these rises to the level of arbitrariness or capriciousness for an APA violation.

Plaintiffs convincingly show that, in developing the 2019 Protocol, Defendants did not consider the risk of flash pulmonary edema. (*See* ECF No. 118, Pls. Reply at 5.) This court has previously outlined the "excruciating suffering" associated with pulmonary edema. (*See* 2020 Order at 9–12.) However, the court is bound by the Supreme Court's holding that, given Defendants' contention that pulmonary edema occurs post-mortem or after the inmate has been rendered insensate, this risk does not justify last-minute judicial intervention. *Barr v. Lee*, 2020 WL 3964985, at *2.

Plaintiffs next argue that Defendants failed to consider the risk of faulty IV placement. The evidence before the court suggests that Defendants did consider the risks of faulty IV placement, at least enough to survive the arbitrary and capricious standard.  Defendants studied the "after action report" of the botched execution of Clayton Lockett in Oklahoma, in 2014, where faulty IV placement caused Lockett to regain consciousness.  (Admin. R. at 931.) Defendants also considered the risks in their consultation with experts (Admin. R. at 442–43), and in their review of the case law.  (*See* Admin. R. at 108–400.)  The court is sympathetic to Plaintiffs' dissatisfaction with the guidance provided by the 2019 Protocol, particularly given the botched executions of Lockett and others, and the additional difficulties associated with the ongoing COVID-19 crisis.  But, based on the record before it, the court finds that Defendants adequately considered the risks of faulty IV placement in designing the 2019 Protocol.

Finally, while the record points to a number of concerns with the 2019 Protocol's use of a compounded form of pentobarbital, these concerns do not rise to the level of an APA violation. Defendants' reliance on what they concede is a non-binding memorandum to assure the court that it will use a compounding pharmacy that complies with the FDA's Current Good Manufacturing Practice requirements is troubling.  (*See* ECF No. 113, Defs. Opp. at 31.) Defendants' use of compounding pharmacies, however, must be viewed in light of the Supreme Court's recognition that the government "can't be faulted for failing to use lethal injection drugs that it's unable to procure through good-faith efforts."  *Bucklew v. Precythe*, 139 S. Ct. 1112, 1125 (2019) (citing *Glossip v. Gross*, 135 S. Ct. 2726, 2737–38 (2015).  While Plaintiffs are correct to highlight the risks of using compounding pharmacies, the Supreme Court has approved the use of a compounded form of pentobarbital where domestic supplies were unavailable, and Defendants' decision to do so was not arbitrary or capricious.

9

Plaintiffs have thus failed to demonstrate a likelihood of success on the merits of their claims that the 2019 Protocol is arbitrary and capricious under the APA.

        2.    <u>CSA and FDCA</u>

Plaintiffs' CSA and FDCA claims are similar, as both contend that the 2019 Protocol is in violation of both statutes because the Protocol does not provide for Defendants to obtain a valid written prescription for the pentobarbital it will use to execute Plaintiffs. *See* 21 U.S.C. § 829(a) (requiring valid prescription, issued for a legitimate medical purpose, in dispensing any controlled substance to an "ultimate user"); 21 U.S.C. § 353(b)(1) (requiring valid written or oral prescription in dispensing any controlled substance). *See also* 21 C.F.R. § 1308.12 (listing pentobarbital as a Schedule II controlled substance).

Plaintiffs are not barred by either statute from bringing a private claim. Defendants are correct that the CSA and FDCA are primarily criminal statutes, the enforcement of which is the "nearly exclusive" authority of the United States. *POM Wonderful LLC v. Coca-Cola Co.*, 573 U.S. 102, 109 (2014). Plaintiffs convincingly counter, however, that they do not seek to supplant the government as the enforcer of these statutes against a third party, but rather simply seek to require the government to comply with the statutes' prescription dispensation requirements. (Pls. Reply at 17–18.) In other words, while they allege that Defendants failed to comply with the CSA and FDCA, it would be more accurate to describe their claims as being brought under the APA for agency action that is "not in accordance with law"—a violation for which the APA does provide a private right of action. 5 U.S.C. §§ 702, 706(2)(A). *See also Chrysler Corp. v. Brown*, 441 U.S. 281, 316–18 (1979) (finding government violations of Trade Secrets Act reviewable even where Act contained no private right of action).

    i.     *CSA*

A plain reading of the statute indicates that Plaintiffs are correct that the CSA applies to the government's lethal injection procedures.  Defendants contend that the CSA does not apply because Plaintiffs are not being "dispensed" pentobarbital, and Plaintiffs are not "patients." (Defs. Opp. at 32–33.)  Plaintiffs, however, have amassed a factual record indicating that the Drug Enforcement Agency (DEA) previously advised state officials that the lethal injection process *was* considered "dispensing" the lethal drug, and that licensed professionals *were* required to "prescribe, administer, and dispense" said drugs.  (*See* ECF No. 102-6, Decl. of Alan Schoenfeld Ex. 5; ECF No. 102-7, Schoenfeld Decl. Ex. 6.)  Defendants' rebuttal that these documents are insufficiently authenticated is not a reason to rush Plaintiffs' executions, but rather a reason to halt them to permit Defendants to challenge their veracity.

However, Defendants also point to *Gonzales v. Oregon*, which, they contend, clearly establishes that the CSA does not apply in the lethal injection context.  546 U.S. 243, 272–74 (2006).  In that case the Supreme Court held that the CSA is primarily "a statute combating recreational drug use," and must be read in light of that statutory purpose.  *Id.* at 272.  Thus, "the prescription requirement is better understood as a provision that ensures patients use controlled substances under the supervision of a doctor so as to prevent addiction and recreational abuse. . . . To read prescriptions for assisted suicide as constituting 'drug abuse' under the CSA is discordant with the phrase's consistent use throughout the statute."  *Id.* at 274.  Given this holding, dispensation of lethal injection drugs to an inmate would not be covered by the Act. Indeed, Plaintiffs' reply brief does not address *Gonzales*, and they have failed to demonstrate a likelihood of success on the merits on this claim.

ii.     *FDCA*

The court's analysis of Plaintiffs' FDCA claims is similar to that of their CSA claims, but here, Plaintiffs are on firmer footing.  It is true that the Office of Legal Counsel has previously opined that the FDCA does not apply in the lethal-injection context.  *See Whether the Food & Drug Admin. Has Jurisdiction over Articles Intended for Use in Lawful Executions*, 2019 WL 2235666, at *1 (May 3, 2019).  This Circuit, however, has found otherwise.  In *Beaty v. FDA*, the Court held that lethal injection drugs are "drugs" under the FDCA, and that death-sentenced individuals are permitted to assert violations of the FDCA.  853 F. Supp. 2d 30, 34, 37–42 (D.D.C. 2012), *aff'd in relevant part sub nom. Cook v. FDA*, 733 F.3d 1 (D.C. Cir. 2013).

Defendants elsewhere argue that, because lethal injection drugs are intended to kill, they could not possibly be regulated by laws intended to ensure that a drug is "safe and effective for its intended use."  *FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000).  Because violations of the FDCA carry "the risk that the drug[s] will not function as intended," however, the statute must apply in the lethal-injection context, because a lethal injection drug that does not function as intended may "result in conscious suffocation, pain, and cardiac arrest."  *Beaty*, 853 F. Supp. 2d at 37.  This is especially so where, as here, Defendants have justified the 2019 Protocol on the grounds that pentobarbital will render inmates insensate during the execution process.  Where the government argues that a lethal injection drug is legally and constitutionally permissible because it will ensure a "humane" death, it cannot then disclaim a responsibility to comply with federal statutes that exist in order to ensure that the drugs operate humanely.

Defendants also raise a rather convoluted argument regarding the FDCA's restrictions on "outsourcing facilities."  Essentially, they contend that because the FDCA allows certain

12

outsourcing facilities to compound pentobarbital in large quantities as "office stock" without obtaining a valid prescription for an identified patient, Defendants are similarly allowed to use outsourcing facilities, because they are not compounding large quantities for office stock, nor are inmates "patients." *See Athenex Inc. v. Azar*, 397 F. Supp. 3d 56, 59 (D.D.C. 2019). For the same reasons stated in its analysis of Plaintiffs' CSA claims, the court finds that Plaintiffs are "patients" for purposes of the FDCA. Moreover, the "office stock" language comes from the *Athenex* opinion, not the statute itself, which clearly states that the FDCA regulations apply to all outsourcing facilities, even those that are not responsible for obtaining the required prescriptions. 21 U.S.C. § 353(b)(d)(4). The court therefore declines to so drastically expand *Athenex*'s holding.

The D.C. Circuit's binding precedent, combined with Plaintiffs' plain reading of the statute, establishes that the 2019 Protocol is likely in violation of the FDCA. Plaintiffs have thus demonstrated a likelihood of success on the merits of their FDCA claims.

3.     Access to the Courts and Right to Counsel

Finally, Plaintiffs argue that the 2019 Protocol violates their right to counsel. At its core, Plaintiffs' claim is that, because Plaintiffs have a constitutional right to counsel in order to assert violations of their fundamental rights, they also have the right to have their counsel supervise the execution for possible maladministration in violation of the Eighth Amendment. (*See* Pls. Reply at 18.) The proper question, however, is whether the 2019 Protocol burdens this right.

The 2019 Protocol permits up to two defense attorneys to be present as witnesses during the execution (Admin. R. at 1024), and while it does not permit witnesses to bring their cell phones into the witness room, an attorney "may request" the use of their phone if "legitimate

13

need arises," and "will have immediate access to [a phone] outside of the witness room."  (ECF No. 111-3, Decl. of Tom Watson, at 3.)

Plaintiffs contend that the 2019 Protocol impermissibly prohibits counsel from viewing the setting of the IVs, from communicating with Plaintiffs during the execution, and from having a quick and easy means of communicating with the court.  (Pls. Mot. for Prelim. Inj. at 35.) While these are all serious concerns, Plaintiffs fail to demonstrate a likelihood of success on the merits of showing that these requests are constitutionally mandated.  As Defendants note, the cases on which Plaintiffs rely are both out-of-circuit and factually distinct.  *See, e.g.*, *Cooey v. Strickland*, No. 04-cv-1156, 2011 WL 320166, at *6 (S.D. Ohio Jan. 28, 2011) (declining to decide whether the Constitution mandated a right for counsel to be present at the execution where Ohio law already permitted counsel to be present).  Plaintiffs' suggestion that the court adopt Justice Thomas' concurrence in *Lewis v. Casey*, in which he wrote that the Due Process Clause requires a right to access the courts to assert violations of fundamental rights, is compelling.  518 U.S. 343, 380–82 (1996) (Thomas, J., concurring).  But the court cannot find that Plaintiffs have demonstrated a likelihood of success on the merits of a claim that relies on the concurrence of a single Justice.

Finally, Plaintiffs raise a number of arguments regarding the impact of the COVID-19 crisis on Plaintiffs' access to counsel prior to and during the execution process.  These are very serious concerns.  However, Defendants correctly note that these problems are not the result of the 2019 Protocol, or indeed any of Defendants' actions, but of the pandemic itself.  (Defs. Opp. at 42.)  Plaintiffs' objections are understandable, but closely resemble the pandemic-related claims brought by spiritual advisors and family members in separate litigation—claims which have thus far been rejected by the courts.  *See Hartkemeyer v. Barr*, No. 20-cv-336 (S.D. Ind.

14

July 14, 2020), ECF No. 84 (denying preliminary injunction based on APA and Religious

Freedom Restoration Act claims), *appeal filed*, No. 20-2262 (7th Cir. July 14, 2020); *Peterson v.*

*Barr*, No. 20-2252, 2020 WL 3955951 (7th Cir. July 12, 2020) (vacating preliminary injunction

based on APA claims).  Given these and other recent developments, the likelihood of success on

Plaintiffs' constitutional claims "seems vanishingly small."  *Hartkemeyer*, No. 20-cv-336, ECF

No. 84 at 5.

   B.   **Irreparable Harm**

   The court's analysis of irreparable harm is unchanged from its 2019 and 2020 Orders.  In

order to prevail on a request for preliminary injunction, irreparable harm "must be certain and

great, actual and not theoretical, and so imminent that there is a clear and present need for

equitable relief to prevent irreparable harm," and it "must be beyond remediation."  *League of*

*Women Voters of U.S. v. Newby,* 838 F.3d 1, 7–8 (D.C. Cir. 2016) (citing *Chaplaincy of Full*

*Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006)) (internal quotation marks and

brackets omitted).  Here, without injunctive relief, Plaintiffs would be unable to pursue their

remaining claims, including the claims that the method of planned execution under the 2019

Protocol is cruel and unusual in violation of the Eighth Amendment, and would therefore be

executed under a procedure likely to be unconstitutional.  This harm is manifestly irreparable.

*See also Wainwright v. Booker*, 473 U.S. 935, 935n.1 (1985) (Powell, J., concurring) (finding

irreparable harm "necessarily present in capital cases").

   At no point in this litigation have Defendants disputed that Plaintiffs will suffer

irreparable harm if they are executed before their claims can be fully adjudicated.  Nor has the

D.C. Circuit on appeal, and nor has the Supreme Court, even as it vacated the court's 2020 Order

on the basis that Plaintiffs had not demonstrated a likelihood of success on the merits of their

Eighth Amendment claims.  Based on the record before it, the court finds that Plaintiffs have shown that absent injunctive relief, they will suffer the irreparable harm of being executed before their claims can be fully adjudicated.

###    C.    Balance of Equities

Defendants argue that if the court preliminarily enjoins the 2019 Protocol, they will suffer the harm of having to delay the scheduled execution dates.  (*See* Defs. Opp. at 57.)  Defendants' interest in the finality of criminal proceedings, especially at the last minute, is compelling. *Calderon v. Thompson*, 523 U.S. 538, 556 (1998).  The court once again notes, however, that Defendants waited eight years to establish a new protocol for federal executions.  This delay undermines their arguments regarding the urgency and weight of that interest.

Indeed, where the Supreme Court has been sympathetic to the government's need for finality in capital cases, it has generally been in cases where plaintiffs waited until the last minute to bring claims that could have been brought earlier, or engaged in a clear "attempt at manipulation" of the judicial process.  *Bucklew*, 139 S. Ct. at 1134 (quoting *Hill v. McDonough*, 547 U.S. 573, 584 (2006)).  Here, however, two of the three Plaintiffs filed their complaints shortly after the DOJ announced the 2019 Protocol, months before their initially scheduled executions, and Nelson filed his complaint before Defendants even announced his execution date.  Plaintiffs are not raising new claims that they could have brought in their initial complaints, but rather renewing the Eighth Amendment arguments made in their initial motions.

That this order comes at the last minute is unfortunate, but it is no fault of Plaintiffs. Defendants chose to schedule Plaintiffs' executions knowing that their remaining claims were still pending.  Defendants further chose to schedule three federal executions, the first in over fifteen years, for the same week, knowing that Plaintiffs' claims raised a number of "novel and

difficult" questions, both in this and other actions.  *See Execution Protocol Cases*, No. 20-5199

(D.C. Cir. July 13, 2020).  Furthermore, once the Supreme Court vacated this court's preliminary

injunction, Defendants chose to execute Lee, beginning the process before dawn, knowing that

Lee had pending claims before the court that could not possibly be resolved prior to his

execution, including a claim that this court now finds is likely to succeed on the merits.  This

court agrees that "last-minute stays should be the extreme exception," *Bucklew*, 139 S. Ct. at

1134, but here, it is Defendants' rush to execute Plaintiffs that has led to this extreme exception.

Given this background, the court finds that the potential harm to the government caused

by a delayed execution is not substantial, and is far outweighed by the irreparable harm Plaintiffs

would face absent an injunction.

### D.        Public Interest

As noted in the court's 2019 and 2020 Orders, the public interest is not served by

executing individuals before they have had the opportunity to avail themselves of the legal

process to challenge the legality of their executions.  *See Barr v. Roane*, 140 S. Ct. at 353 (Op. of

Alito, J., respecting denial of stay or vacatur) (finding it preferable for plaintiffs' claims to be

heard on the merits "in light of what is at stake").  *See also Purkey v. United States*, No. 19-3318,

2020 WL 3603779, at *11 (7th Cir. July 2, 2020) ("Just because the death penalty is involved is

no reason to take shortcuts—indeed, it is a reason not to do so."); *Harris v. Johnson*, 323 F.

Supp. 2d 797, 810 (S.D. Tex. 2004) ("Confidence in the humane application of the governing

laws . . . must be in the public's interest.").  Accordingly, the court finds that the public interest

is served by preliminarily enjoining Plaintiffs' executions because it will allow judicial review of

whether the United States Government's planned execution protocol complies with federal law,

and to ensure that it does so in the future.

### III.   CONCLUSION

The court finds that at least one of Plaintiffs' claims has a likelihood of success on the merits, and that absent a preliminary injunction, Plaintiffs will suffer irreparable harm.  It further finds that the likely harm that Plaintiffs would suffer if the court does not grant injunctive relief far outweighs any potential harm to Defendants.  Finally, because the public is not served by short-circuiting legitimate judicial process, and is greatly served by attempting to ensure that the most serious punishment is imposed in accordance with federal law, the court finds that it is in the public interest to issue a preliminary injunction.  Accordingly, having reviewed the parties' filings, the record, and the relevant case law, and for the reasons set forth above, the court will GRANT Plaintiffs' Motion for a Preliminary Injunction.  A corresponding order will be issued simultaneously.


Date:  July 15, 2020


*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

18