IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of the Federal Bureau of Prisons' Execution Protocol Cases,<br><br>LEAD CASE: *Roane et al. v. Barr*<br><br>THIS DOCUMENT RELATES TO:<br><br>*Lee*, No. 19-cv-2559 | Case No. 19-mc-0145 (TSC) |

**EMERGENCY MOTION FOR PRESERVATION OF EVIDENCE**

Counsel for Plaintiff Daniel Lee respectfully requests an emergency order from this Court directing the staff at the Vigo County Coroner's Office, and anyone acting on their behalf or on behalf of the Bureau of Prisons (BOP), to immediately preserve all physical evidence related to the body of Daniel Lee.

1. According to Federal Rule of Civil Procedure 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."

Under Federal Rule of Civil Procedure 35(a), "[t]he court where the action is pending may order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or *under its legal control*." Fed. R. Civ. P. 35(a) (emphasis added).

This Court has the authority to order autopsies under Rule 35. *E.g.*, *Belkow v. Celotex Corp.*, No. 89 C 3049, 1989 WL 56976, at *2 (N.D. Ill. May 22, 1989) ("This court concurs with

1

the analysis set forth in *In re Certain Asbestos Cases,* 112 F.R.D. 427, 432–433 (N.D. Tex. 1986), that upon proper showing Rule 35(a) permits the court to order an autopsy."); Order at 2, *McGehee v. Hutchinson*, No. 17-cv-179 (E.D. Ark. April 28, 2017). Such an order "may be made only on motion for good cause and on notice to all parties and the person to be examined," and "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2).

2. Pursuant to that authority, counsel requests that this Court order the Vigo County Coroner to do the following, if the Coroner conducts an autopsy of Lee's body: Collect evidence related to pulmonary edema and issues inserting Lee's intravenous line, including that the Coroner or Medical Examiner:

- weigh the lungs;
- perform a thorough examination and documentation of any fluid present in the large or small airways, or mouth or nose;
- identify the IV site(s), note if the catheter was placed intravascularly, and note any extravasation of fluid around the IV;
- note any signs of multiple IV attempts.

Counsel respectfully requests that the Coroner or Medical Examiner be directed to do so before 12:00 p.m. July 16, 2020. *See* AR1026 ("[t]he Warden will contact the Vigo County Coroner to coordinate the Coroner's Role" and "custody of the body of the executed individual" shall be transferred "from the Warden to the Vigo County Coroner"), 1042 ("[t]he body will be removed by the Vigo County Coroner"). The Coroner should also be directed to preserve tissues from the brain, liver, and muscle from a location other than from the leg or arm where the IV was set.

3. Good cause exists for that order. Upon information and belief, Daniel Lee remained strapped to the gurney with his IV lines in place for over four hours prior to his execution. Media accounts of his death report that Lee "remained strapped to the gurney for about four

hours" prior to his death.  Tim Evans & Holly V. Hays, *'You're killing an innocent man': Daniel Lewis Lee executed in Terre Haute federal prison*, IndyStar (July 14, 2020), https://bit.ly/3gQYeNA.  After the drug was administered, Lee "mumbled to himself" and "his chest continued to rise and fall."  Elisha Fieldstadt & The Associated Press, *First federal execution in 17 years carried out in Indiana after Supreme Court cleared way*, NBC News (July 14, 2020), https://nbcnews.to/3ftqC81.  Lee's "lips moved like he was blowing bubbles, but nothing came out."  Evans & Hays, *supra*.  He also "continued to move his hands and feet periodically" and, at one point, "raised his head and looked around."  Lisa Trigg, *U.S. executes Daniel Lewis Lee, at Terre Haute prison, first in 17 years*, Tribune-Star (July 14, 2020), https://bit.ly/3ewYsaW.  As one witness explained, he "seemed to hang onto life for a few minutes."  Time Evans, Twitter.com (July 14, 2020), https://bit.ly/30bVyU2.  Other media outlets have likewise reported that "[a]s the drug was being administered, Lee raised his head to look around, and his breathing appeared to become labored."  Jonathan Allen & Sarah N. Lynch, *U.S. carries out first execution in 17 years after overnight Supreme Court ruling*, Reuters (July 14, 2020, 8:59am), https://reut.rs/2C2Mf0N.  Soon after, "his lips turned blue and his fingers became ashy."  *Id.*

Although more information is not yet available, these and other reports suggest that Lee may have experienced flash pulmonary edema or other complications associated with his execution.

Dr. Van Norman, an expert for Plaintiffs, has explained that these samples will be highly relevant to the issues presented in this action; namely, determining whether Lee suffered flash pulmonary edema while sensate and alive.  Dr. Van Norman has previously relied on autopsy results in evaluating the likelihood that an inmate would experience flash pulmonary edema after

being executed with a single-drug pentobarbital protocol. *See* ECF # 24, App. III. These issues can be exacerbated by improper placement of the intravenous line, among other things. *Id.* at 53.

4. This emergency motion is not meant to encompass all preservation requests that should be made; it should supplement the Medical Examiner's normal practice. Plaintiffs may need to supplement this request at a later time.

Because time is of the essence of this motion the movant asks that this Court foreshorten the response time of the Defendants and rule on this motion with haste.

## CONCLUSION

For the foregoing reasons, the Court should immediately issue an emergency order for preservation of evidence.

Dated: July 15, 2020

*/s/ Pieter Van Tol*
Pieter Van Tol (admitted *pro hac vice*)
Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
(212) 918-3000
(212) 918-3100 (fax)
pieter.vantol@hoganlovells.com

David S. Victorson (Bar No. 1027025)
Kathryn Marshall Ali (Bar No. 994633)
Danielle Stempel* (admitted *pro hac vice*)
Hogan Lovells US LLP
555 13th Street NW
Washington, DC 20004
(202) 637-5600
(202) 637-5910 (fax)
david.victorson@hoganlovells.com
kathryn.ali@hoganlovells.com
danielle.stempel@hoganlovells.com

*\* Admitted only in Maryland; practice supervised by principals admitted in D.C.*

*Counsel for Plaintiff Daniel Lewis Lee*

4