# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| In the Matter of the<br>Federal Bureau of Prisons' Execution<br>Protocol Cases,<br><br>LEAD CASE: *Roane et al. v. Barr*<br><br>THIS DOCUMENT RELATES TO:<br><br>*Lee (Honken) v. Barr, et al.*, 19-cv-2559 | Case No. 19-mc-145 (TSC) |

## DEFENDANTS' OPPOSITION TO PLAINTIFF DUSTIN HONKEN'S EMERGENCY MOTION FOR STAY OF EXECUTION PENDING CROSS-APPEAL

Just two days ago, when vacating a preliminary injunction issued by this Court, the Supreme Court reiterated its admonition that last-minute stays or injunctions blocking executions are permissible only as an "extreme exception." *Barr v. Lee*, No. 20A8, 2020 WL 3964985 (July 14, 2020) (per curiam) (quoting *Bucklew*, 587 U.S., at ___ (slip op., at 30)). The Supreme Court made that point crystal clear when it again vacated yet two more preliminary injunctions issued by this Court this morning, including one in this very case. *Barr v. Purkey*, No. 20A10, 591 U.S. ___ (July 16, 2020). Plaintiff Dustin Honken now seeks to stay his execution, scheduled for 4 p.m. July 17, 2020, pending his cross-appeal of this Court's now-vacated injunction, *id.*, in which the Supreme Court determined that he is unlikely to succeed on the merits of his claim that the Federal Bureau of Prison (BOP)'s Execution Protocol is arbitrary and capricious under the Administrative Procedure Act ("APA").

A stay is unwarranted because Honken cannot make the requisite showing that he is likely to succeed on the merits, given this Court's finding as well as the Supreme Court's conclusion that Honken's closely related Eighth Amendment claim was similarly unlikely to succeed on appeal. Indeed, Honken's co-plaintiff, Wesley Purkey, briefed the APA issue at length as an alternative ground in the D.C. Circuit and the Supreme Court yesterday, but the D.C. Circuit did not discuss

the issue when denying the Government's stay motion, and the Supreme Court ultimately granted vacatur of this Court's injunction without dissent. The Supreme Court has now vacated two injunctions entered by this Court in this case when this Court found that the claim is likely to succeed on the merits. There is no basis to grant another last-minute stay on a claim that this Court itself found is *unlikely* to succeed on the merits.

The government further requests that if the Court intends to issue a ruling on Honken's motion before his execution, that the Court do so today. This Court has already made the key determination necessary to reject Honken's request by concluding that he is unlikely to succeed on the merits of his arbitrary-and-capriciousness claim. Plus, the events of the last few days—including the need for the Supreme Court to review and issue its decision in the wee hours of the morning, twice—illustrates the importance of this Court ruling as promptly as possible so as to allow the parties an opportunity to seek appellate review. Any "[l]ast-minute" injunction from this or any other court would be wholly improper at this time, both on the merits and the equities (for the reasons the government has explained at length in filings before this Court) and especially on the equities now that the execution is merely one day away. *Bucklew*, 139 S. Ct. at 1134; *see id.* (noting that last-minute impediments to scheduled executions should be an "extreme exception"). If the Court were to stay the execution at this point, the government would immediately seek relief in the D.C. Circuit and the Supreme Court, with the intent to obtain a stay or vacatur in time to carry out the execution as scheduled.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 62(c) provides in relevant part: "When an appeal is taken from an interlocutory or final judgment granting . . . an injunction, the court in its discretion may suspend . . . an injunction" during the pendency of the appeal. District courts considering a motion for such a stay consider the same factors as those governing a motion for a preliminary injunction: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public

interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).  The likelihood of success prong is most significant.  Indeed, in reviewing injunctions issued by the lower courts, the Supreme Court has recognized that summary vacatur is especially appropriate where a lower court enters a last-minute stay of execution "without finding that [the prisoner] has a significant possibility of success on the merits."  *Dunn v. McNabb*, 138 S. Ct. 369 (2017).

## ARGUMENT

### I.  THIS COURT HAS ALREADY CONCLUDED THAT HONKEN IS UNLIKELY TO SUCCEED ON THE MERITS OF HIS APA CLAIM

Honken asks this Court to stay his execution on a ground that this Court has specifically found unlikely to succeed on the merits—that the government's adoption of a widely used, Supreme-Court-approved lethal-injection protocol was arbitrary and capricious.  Emergency Mot. at 3, ECF No. 164.  As an initial matter, Honken's assertion cannot be squared with the Supreme Court's order two days ago vacating an injunction against the protocol that was based on the Eighth Amendment.  *Barr v. Lee*, No. 20A8 at 3, 591 U.S. ___ (2020).  There, the Supreme Court offered the following facts about BOP's pentobarbital protocol, which "has become a mainstay of state executions."  *Id.* at 2.  The Court explained that pentobarbital:

- Has been adopted by five of the small number of States that currently implement the death penalty.

- Has been used to carry out over 100 executions, without incident.

- Has been repeatedly invoked by prisoners as a less painful and risky alternative to the lethal injection protocols of other jurisdictions.

- Was upheld by this Court last year, as applied to a prisoner with a unique medical condition that could only have increased any baseline risk of pain associated with pentobarbital as a general matter (citing *Bucklew*, 139 S. Ct. at 1112).

- Has been upheld by numerous Courts of Appeals against Eighth Amendment challenges similar to the one presented here.  *See, e.g., Whitaker v. Collier*, 862 F. 3d

3

490 (CA5 2017); *Zink v. Lombardi*, 783 F. 3d 1089 (CA8 2015); *Gissendaner v. Commissioner*, 779 F. 3d 1275 (CA11 2015).

No. 20A8, at 2. Honken's claim that the government acted arbitrarily and capriciously in adopting this well-vetted, humane protocol blinks reality.

Honken (and his co-plaintiffs) have cast various aspects their Eighth Amendment arguments as an arbitrary-and-capricious claim, contending that BOP failed to consider their particularized grievances, and that this failure renders the protocol unlawful. *Compare* ECF No. 102, at 21-27 (plaintiffs' motion for a preliminary injunction, arguing that the protocol violates the Eighth Amendment because of the possibilities that pentobarbital will cause pain due to pulmonary edema, that complications with IV lines will arise, and that compounded pharmacies will prove unreliable), with Emergency Mot. at 3 (contending that BOP unlawfully failed to consider the possibilities that pentobarbital will cause pain due to pulmonary edema, that complications with IV lines will arise, and that compounded pharmacies will prove unreliable). As this Court correctly recognized, none of these alleged failure-to-consider arguments "rises to the level of arbitrariness or capriciousness for an APA violation." ECF No. 145 at 8. BOP more than satisfied the APA's deferential standard of review by "articulat[ing]" multiple "satisfactory explanation[s] for its action" in adopting the federal protocol. *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co*., 463 U.S. 29, 43 (1983). Because "[n]o federal execution ha[d] occurred since 2003," A.R. 869, the agency began by "[b]enchmarking" against state protocols, A.R. 930, a touchstone that Honken and the other plaintiffs themselves have urged should guide the federal government, *see Bourgeois v. Barr*, No. 19-1348 (June 5, 2020). Next, BOP considered the protocol's legality and confirmed that "pentobarbital is litigation tested." A.R. 932. Further, BOP consulted with medical professionals and reviewed publicly available expert testimony concerning pentobarbital and other lethal agents. *See* A.R. 401-524, 527-761, 931. And finally, before completing its selection, BOP confirmed the availability of a reliable supply of pentobarbital. *See*

A.R. 871-872 (noting that BOP "disfavored" a three-drug protocol "because of the complications inherent in obtaining multiple drugs").

Despite all this, Honken has contended that BOP's decision falls below the APA's floor of reasoned decision-making, arguing that BOP failed to consider several issues in developing the protocol, all of which pertain to his allegations regarding the risk of unnecessary pain. As noted, that is a topic the agency assuredly did consider, looking to judicial acceptance of similar protocols, soliciting medical expert opinions, and surveying States' widespread use of similar protocols without incident. BOP did not "entirely fail[] to consider an important aspect of the problem," *State Farm*, 463 U.S. at 43, merely because Honken and the other plaintiffs disagree with BOP's balancing of the need to avoid pain during an execution with the many other considerations before it—such as the feasibility of obtaining various lethal agents, *see* A.R. 870-872; the need to "minimize[] * * * negative impact[s] on the safety, security, and operational integrity of the correctional institution in which [executions] occur[]," A.R. 1020; and the "privacy interests of those persons for whom the law and BOP policy requires such privacy," A.R. 1020. To the contrary, the fact that BOP struck the same balance as the States that conduct the most executions strongly indicates that BOP acted entirely rationally. *See* No. 20A8, at 2.

Unable to demonstrate that BOP did not consider the humaneness of the execution protocol or risk of needless pain thereunder, Honken and the other plaintiffs have focused on their more granular pain-related complaints about the protocol that they claim the agency did not consider with sufficient specificity—namely, (1) the risk of flash pulmonary edema, (2) the risk of faulty IV insertion, and (3) the risks associated with using compounding pharmacies to obtain pentobarbital. But a party unhappy with an agency's choice may not invalidate it simply by identifying narrower subtopics on a matter the agency considered in making a rational choice. On the contrary, even in a proceeding in which the public has a right to participate—unlike the adoption of the procedural rule here—"[t]he agency need only state the main reasons for its decision and indicate that it has considered the most important objections." *Simpson v. Young*, 854 F.2d 1429, 1434-35 (D.C. Cir. 1988) (emphasis added); *cf. Public Citizen, Inc. v. FAA*, 988

5

F.2d 186, 197 (D.C. Cir. 1993) (explaining that during notice-and-comment rulemaking, "the agency's response to public comments need only enable us to see what major issues of policy were ventilated * * * and why the agency reacted to them as it did") (citation omitted).  Procedural rules governing only the agency's own "internal house-keeping measures" such as the federal protocol, 955 F.3d 106, 145, certainly require no greater level of specificity.

Honken and other plaintiffs' proposed level of scrutiny would be particularly anomalous as applied to agency action exempt from notice-and-comment requirements.  In such situations, the public does not provide the agency with ex ante notice of the issues it thinks should be considered in making a decision—rather, the agency must identify and address issues sua sponte.  It is thus unsurprising that courts give agencies considerable deference in determining which issues to explicitly take into account.  *See Pension Ben. Guar. Corp. v. LTV Corp.*, 496 U.S. 633, 645-646 (1990) (rejecting courts of appeals' conclusion that an agency's decision in an informal adjudication was arbitrary and capricious because the "record did not reflect thorough and explicit consideration" of three arguably relevant "bodies of law").  Litigants unhappy with the agency's choices will always be able to raise after-the-fact, subsidiary issues the agency did not expressly address in the administrative record.  If such objections sufficed to render an agency's decision arbitrary and capricious, it could become virtually impossible to proceed through any form of rulemaking outside the APA's notice-and-comment procedures, contrary to Congress's express authorization, *see, e.g.*, 5 U.S.C. 553(b).  *See LTV Corp.*, 496 U.S. at 646 ("If agency action may be disturbed whenever a reviewing court is able to point to an arguably relevant statutory policy that was not explicitly considered, then a very large number of agency decisions might be open to judicial invalidation.").  Indeed, Congress made the notice-and-comment requirements inapplicable in certain circumstances precisely because it recognized a need for the agency to be able to act quickly and nimbly with respect to the exempted types of rules.  *See Batterton v. Marshall*, 648 F.2d 694, 707 (D.C. Cir. 1980) (explaining that the procedural-rule "exception was provided to ensure that agencies retain latitude in organizing their internal operations"); *Guardian Federal Sav. and Loan Ass'n v. Federal Sav. and Loan Ins. Corp.*, 589 F.2d 658, 662 (D.C. Cir.

6

1978).  Honken and the other plaintiffs' expansive failure-to-consider theory, permitting invalidation by virtue of post hoc identification of narrow issues, defies this congressional design.

Instances where courts have deemed agency action arbitrary and capricious for failure to consider an aspect of a problem involve wholesale failure to consider a highly generalized issue at all.  *See State Farm*, 463 U.S. at 51.  Such decisions provide no support for Honken's suggestion that courts can invalidate agency choices by demanding that the agency consider ever more specific subtopics—a rule that would provide a ready-made route to force delay and reconsideration of virtually any agency action.

## II.   THE BALANCE OF HARMS WEIGHS IN FAVOR OF DENYING A STAY OF HONKEN'S EXECUTION

The equities weigh heavily against Honken.  The Supreme Court has repeatedly recognized the Government's and the victims' compelling interest in the timely enforcement of a death sentence.  *See Calderon v. Thompson*, 523 U.S. 538, 556 (1998); *Gomez v. U.S. Dist. Court for N. Dist. of Cal.*, 503 U.S. 653, 654 (1992); *see also Bucklew v. Precythe*, 139 S. Ct. 1112, 1134 (2019) ("The people of Missouri, the surviving victims of [the condemned inmate's] crimes, and others like them deserve better.  Even the principal dissent in *Barr v. Purkey* , 591 U.S. __, 2020 WL, 1–2, acknowledges that the long delays that now typically occur between the time an offender is sentenced to death and his execution are excessive.") (citation omitted from parenthetical).  Indeed, in this very case, Judge Katsas has found that this Court "failed to recognize the important governmental and public interest in the timely implementation of capital punishment."  *In re Execution Protocol Cases*, 955 F.3d at 126 (Katsas, J., concurring).  This is particularly the case where, as here, the execution date is merely one day away and the government has mobilized its resources to carry out the lawful sentence, as discussed in detail in the Declaration of Rick Winter (dated July 8) ECF No. 139-1.  Again, as the Supreme Court explained just two days ago in this very same case, "'[l]ast-minute stays' like that issued this morning 'should be the extreme exception, not the norm.'"  *Barr v. Lee*, No. 20A8, 2020 WL 3964985 (July 14, 2020) (per curiam) (quoting *Bucklew*, 587 U.S., at ___ (slip op., at 30)).

7

"Reasonable people of good faith disagree on the morality and efficacy of capital punishment, and for many who oppose it, no method of execution would ever be acceptable." *Baze v. Rees*, 553 U.S. 35, 61 (2008) (plurality opinion).  But the people of the United States, acting through Congress, have authorized the death penalty for serious federal offenses since President Washington signed the Crimes Act of 1790.  *See Bucklew*, 139 S. Ct. at 1122.  Honken was convicted by a federal court in Iowa for the murder of two prospective federal witnesses, along with one of their girlfriends and her two young daughters.  He was found guilty of the charged offenses and worthy of the ultimate punishment by juries of his peers.  He has fully exercised his rights to appeal and seek collateral relief up and down the federal judicial system for years.  After searching review by many appellate judges, his convictions and sentences have been upheld as lawful.  BOP has already executed two plaintiffs in this case, Daniel Lewis Lee and Wesley Ira Purkey, and is prepared to perform the remaining scheduled executions using a lethal-injection protocol chosen precisely for its humanity and its constitutionality under this Court's most recent precedent.  *See id.* at 1118-1119.  This Court's issuing yet another execution impediment—requested the day before Honken's execution date on a rationale that this Court has already found unlikely to succeed—would not come close to tipping the equities toward Honken or justifying further delay.  At some point, "no more delay is warranted," and the "execution must come." *United States v. Lee*, No. 97-cr-24 (E.D. Ark. July 10, 2020), slip op. 9, 10.  That point has been reached in this case.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court deny Honken's emergency motion to stay his execution pending his cross-appeal.


Dated:  July 16, 2020
Respectfully submitted,

| | |
|---|---|
| MICHAEL R. SHERWIN | DAVID M. MORRELL |
| Acting United States Attorney | Deputy Assistant Attorney General |

| | |
|---|---|
| DANIEL F. VAN HORN<br>Civil Chief, U.S. Attorney's Office | PAUL R. PERKINS<br>Special Counsel |
| ALAN BURCH (D.C. Bar 470655)<br>Assistant United States Attorney<br>U.S. Attorney's Office<br>for the District of Columbia<br>Washington, D.C. 20530<br>202-252-2550<br>alan.burch@usdoj.gov | JEAN LIN (NY Bar 4074530)<br>Special Litigation Counsel<br><br>*/s/Cristen C. Handley*<br>CRISTEN C. HANDLEY (MO Bar 69114)<br>JONATHAN KOSSAK (D.C. Bar 991478)<br>Trial Attorneys<br>Federal Programs Branch<br>Civil Division, Department of Justice<br>1100 L Street, N.W.<br>Washington, D.C. 20005<br>(202) 514-3716<br>Jean.lin@usdoj.gov<br>Jonathan.kossak@usdoj.gov<br>Cristen.handley@usdoj.gov<br><br>*Attorneys for Defendants* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 16, 2020, I caused a true and correct copy of foregoing to be served on all counsel of record via the Court's CM/ECF system. Pursuant to this Court's August 20, 2019 Order, below is a list of all plaintiffs' counsel of record (as most recently identified in the signature pages of the Consolidated Amended Complaint, ECF No. 92):

Alan E. Schoenfeld (admitted *pro hac vice*)
Ryan M. Chabot (admitted *pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
(212) 230-8880
Alan.Schoenfeld@WilmerHale.com
Ryan.Chabot@WilmerHale.com

Andres C. Salinas (DC Bar No. 156118)
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6289
Andres.Salinas@WilmerHale.com

*Counsel for Wesley I. Purkey*

Joshua C. Toll
D.C. Bar No. 463073 King & Spalding LLP
1700 Pennsylvania Avenue, N.W.
Washington, DC 20006
(202) 737-8616
jtoll@kslaw.com

Margaret O'Donnell
P.O. Box 4815
Frankfort, KY 40604
(502) 320-1837
mod@dcr.net

*Counsel for Plaintiff Anthony Battle*

Ginger D. Anders (Bar No. 494471)
Jonathan S. Meltzer (Bar No. 888166546)
Brendan Gants (Bar No. 1031419)
MUNGER, TOLLES & OLSON LLP
1155 F Street N.W., Seventh Floor
Washington, D.C. 20004-1357
(202) 220-1100

*Counsel for Plaintiff Brandon Bernard*

Alex Kursman, Assistant Federal Defender
Shawn Nolan, Chief, Capital Habeas Unit
Federal Community Defender Office, E.D. Pa.
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Telephone - 215-928-0520
Email – alex_kursman@fd.org

*Counsel for Plaintiff Alfred Bourgeois*

Joseph Luby, Assistant Federal Defender
Federal Community Defender Office, E.D. Pa.
 601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Telephone - 215-928-0520
Email – joseph_luby@fd.org

*Counsel for Plaintiff Chadrick Fulks*

Amy Lentz (DC Bar No. 990095)
Steptoe & Johnson, LLP
1300 Connecticut Avenue NW
Washington, DC 20036
202.429.1320

*Counsel for Plaintiff Orlando Hall*

Scott W. Braden
Assistant Federal Defender
Arkansas Federal Defender Office
Ark Bar Number 2007123
1401 West Capitol, Suite 490
Little Rock, Arkansas 72201
(501) 324-6114
Scott_Braden@fd.org

Jennifer Ying (DE #5550)

Andrew Moshos (DE #6685)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market St.
P.O. Box 1347
Wilmington, Delaware 19801
(302) 658-9300
jying@mnat.com
amoshos@mnat.com

*Counsel for Plaintiff Norris G. Holder, Jr.*

Jon Jeffress
KaiserDillon PLLC
1099 14th Street NW
8th Floor West
Washington, DC 20005
Telephone - 202-640-2850
Email - jjeffress@kaiserdillon.com

Timothy Kane, Assistant Federal Defender
Shawn Nolan, Chief, Capital Habeas Unit
Federal Community Defender Office, E.D. Pa.
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Telephone - 215-928-0520
Email – timothy_kane@fd.org
Email – shawn_nolan@fd.org

*Counsel for Plaintiff Dustin Lee Honken*

Donald P. Salzman (D.C. Bar No. 479775)
Charles F. Walker (D.C. Bar No. 427025)
Steven M. Albertson (D.C. Bar No. 496249)
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
(202) 371-7983
donald.salzman@skadden.com

*Counsel for Plaintiff Corey Johnson*

David S. Victorson
Hogan Lovells US LLP
Columbia Square
555 13th Street NW
Washington, DC  20004
(202) 637-5600
(202) 637-5910 (fax)

3

david.victorson@hoganlovells.com

Pieter Van Tol (admitted *pro hac vice*)
Hogan Lovells US LLP
390 Madison Avenue
 New York, NY 10017
(212) 918-3000
(212) 918-3100 (fax)
pieter.vantol@hoganlovells.com

*Counsel for Plaintiff Daniel Lewis Lee*

Kathryn L. Clune
Crowell & Moring LLP
1001 Pennsylvania Avenue NW
Washington D.C. 20004-2595
(202) 624-2705
kclune@crowell.com

Harry P. Cohen (pro hac vice application pending)
Michael K. Robles (pro hac vice application pending)
James Stronski (pro hac vice application pending)
Crowell & Moring LLP
590 Madison Avenue New York, NY 10022
(212) 223-4000
(212) 223-4134(fax)
hcohen@crowell.com
mrobles@crowell.com
jstronski@crowell.com

Jon M. Sands (pro hac application to be filed)
Dale A. Baich (pro hac application to be filed)
Jennifer M. Moreno
Federal Public Defender
District of Arizona
850 West Adams Street, Suite 201
Phoenix, Arizona 85007
602-382-2816
602-889-3960 (fax)
dale_baich@fd.org
jennifer_moreno@fd.org

*Counsel for Plaintiff Keith Nelson*

Shawn Nolan, Chief, Capital Habeas Unit
Federal Community Defender Office, E.D. Pa.
 601 Walnut Street, Suite 545 West
Philadelphia, PA 19106

Telephone - 215-928-0520
Email – timothy_kane@fd.org
Email – shawn_nolan@fd.org

*Counsel for Plaintiff Jeffrey Paul*


Paul F. Enzinna
D.C. Bar No. 421819
Ellerman Enzinna PLLC
1050 30th Street, NW
Washington, DC 20007
202.753.5553

*Counsel for Plaintiff James H. Roane, Jr.*

Amy Karlin
Interim Federal Public Defender
Celeste Bacchi
Jonathan C. Aminoff
Deputy Federal Public Defenders
321 E. Second Street
Los Angeles, CA 90012
(213) 894-2854

*Counsel for Plaintiff Julius O. Robinson*

Gerald W. King, Jr. Ga. Bar No. 140981
Jeffrey Lyn Ertel Ga. Bar No. 249966
FEDERAL DEFENDER PROGRAM, INC.
101 Marietta Street, Suite 1500
Atlanta, Georgia 30303
404-688-7530
(fax) 404-688-0768
Gerald_King@fd.org
Jeff_Ertel@fd.org

Stephen Northup
VSB #16547
Troutman Sanders LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1240
(fax) (804) 698-5120
steve.northup@troutmansanders.com

Frederick R. Gerson VSB #39968
Bank Of America Center
1111 East Main Street, 16th Floor Richmond,
Virginia 23219
(804) 482-1121
fgerson@dagglaw.com

*Counsel for Richard Tipton, III.*

Evan Miller (DC Bar # 219310)
Vinson & Elkins LLP
2200 Pennsylvania Avenue, NW
Suite 500 West
Washington, D.C. 20037
(202) 639-6605
(202) 478-1815 (fax)
emiller@velaw.com

*Counsel for Bruce Webster*

                                              */s/Cristen C. Handley*
                                              Attorney for Defendants