UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| In the Matter of the<br>Federal Bureau of Prisons' Execution Protocol Cases,<br><br>LEAD CASE: *Roane, et al. v. Barr*<br><br>THIS DOCUMENT RELATES TO:<br><br>*Lee & Honken v. Barr, et al.*, 19-cv-2559<br><br>*Purkey v. Barr, et al.*, 19-cv-3214<br><br>*Nelson v. Barr, et al.*, 20-cv-557 | Case No. 19-mc-145 (TSC) |

## ORDER

Defendant Department of Justice plans to execute Plaintiff Dustin Lee Honken on July 17, 2020. (ECF No. 99, Defs. Notice Regarding Execution Dates.) On July 15, 2020, this court granted a motion for a preliminary injunction in favor of Honken on one claim, but found that a preliminary injunction was not warranted on numerous other claims, including Honken's claim that the protocol under which he would be executed is arbitrary and capricious under the Administrative Procedure Act (APA). (*See* ECF Nos. 145, 146.) Honken has appealed this court's ruling on his APA claim, and now moves to stay his execution pending that appeal.[1] (*See* ECF No. 164, Mot. for Stay.)

---

[1] Honken has also filed a motion for stay of execution pending appeal in the United States Court of Appeals for the District of Columbia. *See Execution Protocol* Cases, No. 20-5210 (D.C. Cir. July 16, 2020).

1

The Supreme Court set forth the requirements for such a stay in *Nken v. Holder*, 556 U.S. 418 (2009), holding that the first two "are the most critical":

> (1) Whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id.* at 434.

With respect to the first factor, Honken has not made a strong showing that he is likely to succeed on the merits. *Id.* In denying the injunction on the APA claim earlier this week, this court specifically concluded that Honken failed to demonstrate "a likelihood of success" on the merits, and that conclusion has not changed. (*See* ECF No. 145 at 10.)

The three remaining factors weigh heavily in favor of Honken. The harm of execution is irreparable, and far outweighs any logistical or financial harms to the government caused by a delay that, in comparison to the years of delay that the government created on its own, can only be described as negligible. *Wainwright v. Booker*, 473 U.S. 935, 935 n.1 (1985) (Powell, J., concurring) (finding irreparable harm "necessarily present in capital cases"). Moreover, the public interest in this case weighs in favor of a stay, because the public is not served by executing individuals before they have had a full opportunity to challenge the legality of their executions. *See Barr v. Roane*, 140 S. Ct. at 353 (Op. of Alito, J., respecting denial of stay or vacatur) (finding it preferable for plaintiffs' claims to be heard on the merits "in light of what is at stake"). *See also Purkey v. United States*, No. 19-3318, 2020 WL 3603779, at *11 (7th Cir. July 2, 2020) ("Just because the death penalty is involved is no reason to take shortcuts—indeed, it is a reason not to do so."); *Harris v. Johnson*, 323 F. Supp. 2d 797, 810 (S.D. Tex. 2004) ("Confidence in the humane application of the governing laws . . . must be in the public's interest.").

Notwithstanding the weight of these factors in Honken's favor, he has not met the *Nken* test for a stay pending appeal because he has not made a "strong showing that he is likely to succeed on the merits." *Nken v. Holder*, 556 U.S. at 434.  Accordingly, the motion is hereby DENIED.

Date:  July 16, 2020

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge