UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of the Federal Bureau of Prisons' Execution Protocol Cases,<br><br>LEAD CASE: *Roane et al. v. Barr*<br><br>THIS DOCUMENT RELATES TO:<br><br>*Roane, et al. v. Barr, et al.*, 05-2337 | Case No. 19-mc-145 (TSC) |

**DEFENDANTS' MOTION TO VACATE PRELIMINARY INJUNCTIONS
BARRING THE EXECUTIONS OF PLAINTIFFS JAMES ROANE,
RICHARD TIPTON, CORY JOHNSON, ORLANDO HALL,
BRUCE WEBSTER, ANTHONY BATTLE, AND JEFFREY PAUL**

The United States respectfully moves to vacate the preliminary injunctions entered by this Court many years ago barring the executions of Plaintiffs James Roane, Richard Tipton, Cory Johnson, Orlando Hall, Bruce Webster, Anthony Battle, and Jeffrey Paul. Those injunctions are based on legal and factual premises that have been superseded, and there is no longer any plausible foundation for the injunctions. Specifically, the injunctions were issued in response to a challenge to the three-drug protocol the federal government planned to use to execute the plaintiffs beginning in 2006. But, as this Court has thoroughly recounted, the government last year replaced that three-drug protocol with a single-drug protocol. And the Supreme Court, the D.C. Circuit, and this Court have all recently held that the government could proceed with executions under the amended protocol. Given that the Supreme Court has vacated preliminary injunctions barring executions under the *current* protocol, there is no conceivable basis to leave in place injunctions barring executions based on the *former* protocol. Leaving those injunctions in place would also be profoundly inequitable, as they bar the

execution of federal death-row inmates with some of the oldest conviction dates (as early as 1993) based on a legally and factually obsolete challenge to a now-defunct protocol. The plaintiffs are of course free to assert other challenges if appropriate under current legal and factual conditions, but these plainly no-longer-justified injunctions should be vacated in light of the "significant changes in the law or circumstances." *Salazar v. Buono*, 559 U.S. 700, 714-15 (2010) (plurality op.); *see Horne v. Flores*, 557 U.S. 433, 447 (2009) (noting that "a court abuses its discretion 'when it refuses to modify an injunction or consent decree in light of'" changed circumstances) (citation omitted)). Counsel for Plaintiffs James Roane, Richard Tipton, Cory Johnson, Orlando Hall, Bruce Webster, Anthony Battle, and Jeffrey Paul oppose this motion.

## BACKGROUND

### I. Plaintiffs' Underlying Convictions and Sentences

Plaintiffs have each been convicted of murder and numerous other federal crimes, and sentenced to death. In 1993, Roane, Tipton, and Johnson were each convicted of multiple murders in support of a drug-trafficking conspiracy. *United States v. Tipton*, 90 F.3d 861, 867-69 (4th Cir. 1996). In 1994, Hall and Webster kidnapped, repeatedly raped, beat with a shovel, and then buried alive a 16-year-old girl – all to further their drug-trafficking enterprise. *United States v. Hall*, 152 F.3d 381, 389-91 (5th Cir. 1998); *United States v. Webster*, 162 F.3d 308, 317-19 (5th Cir. 1998).[1] In 1994, Battle murdered a correctional officer by attacking him with a hammer while serving a life sentence at U.S. Penitentiary-Atlanta for sexually assaulting and

---

[1] In 2019 – 16 years after the Supreme Court denied *certiorari* review of the denial of Webster's motion for collateral relief under 28 U.S.C. § 2255 – a district court granted Webster's petition for writ of habeas corpus (28 U.S.C. § 2241), in which he asserted that his "mental retardation" barred his execution, *Webster v. Lockett*, 2019 WL 2514833 (S.D. Ind. June 18, 2019). The government appealed to the Seventh Circuit, No. 19-2683. That case is fully briefed and oral argument is scheduled for August 5, 2020.

murdering a U.S. Marine, his wife, in 1987.  *United States v. Battle*, 173 F.3d 1343, 1345 (11th Cir. 1999).  In 1995, Paul savagely beat and robbed an 82-year-old retired National Parks Service employee while the retiree walked on a nature trail, and then shot him in the head and chest, killing him.  *United States v. Paul*, 217 F.3d 989, 994-995 (8th Cir. 2000).  Each of these convictions and sentences has been upheld numerous times by numerous courts.  And for well over a decade, no plaintiff (other than Webster) has been subject to any impediment to r implementation of his capital sentence, other than the injunction issued in this case.

**II.     Plaintiffs' Challenge to BOP's Three-Drug Protocol and This Court's Preliminary Injunctions Barring Their Executions**

In December 2005, Plaintiffs Roane, Tipton, and Johnson filed suit challenging the three-drug lethal injection protocol then employed by BOP on Eighth Amendment and other grounds.  *Roane v. Barr*, No. 05-2237 ECF No. 1 (Complaint).[2]  Shortly thereafter, they sought a preliminary injunction barring their executions, which were scheduled to occur in May 2006, "until the United States Supreme Court has decided *Hill v. Crosby*, No. 05-8794, 2006 WL 171583 (U.S. Jan. 25, 2006)," ECF No. 2 (Feb. 2, 2006) (Plaintiffs' Motion).  The government consented to the entry of a preliminary injunction pending the disposition of *Hill*, which concerned whether a method-of-execution challenge should proceed under habeas or 42 U.S.C. § 1983.  *See* ECF No. 4.  This Court, under Judge Huvelle, accordingly stayed the proceedings pending *Hill* and temporarily enjoined the executions of Roane, Tipton, and Johnson.  *See* ECF No. 5 (Feb. 27, 2006).

The preliminary injunction remained, however, after the Supreme Court decided *Hill*, which held that the inmate's challenge should be brought under § 1983, *see Hill* v. *McDonough*,

---

[2] Unless otherwise noted, ECF docket citations are to *Roane*, No. 05-2337.

3

547 U.S. 573 (2006). ECF No. 7 (June 30, 2006); *see also* ECF No. 177 at 14 (July 18, 2008). The following year, Plaintiffs Webster, Battle, and Hall intervened in this action and filed unopposed motions for preliminary injunctions, which this Court, under Judge Roberts, granted. *See* ECF No. 27 (Feb. 16, 2007) (Webster); ECF No. 67 (June 11, 2007) (Battle); and ECF No. 68 (June 11, 2007) (Hall). In stipulating to the preliminary injunctions, the government did "not waive any objections or arguments on the merits of the issues in this litigation and d[id] not admit the veracity of any of the allegations of any of the operative pleadings in this case." ECF No. 39. Indeed, the government thereafter sought to dissolve the preliminary injunctions on multiple occasions, both before and after the Supreme Court's decision in *Baze v. Rees*, 553 U.S. 35 (2008). *See* ECF No. 60-61 (Motions for Judgment on the Pleadings and to Lift the Stays); ECF No. 160 at 7-8, 15-18 (renewed Motions for Judgment on the Pleadings and to Lift the Stays); ECF No. 177 at 17-19 (Reply in Support of renewed Motions for Judgment on the Pleadings and to Lift the Stays). Litigation over the scope of discovery led the Court to avoid issuing a decision on the motion to lift the stay. *See* ECF No. 209 (ordering further briefing "before the defendants' motion to lift the stays currently in place should be considered").

On October 6, 2009, Plaintiff Paul sought to intervene and to obtain a preliminary injunction, *see* ECF No. 228, which the government opposed, *see* ECF No. 242. While that litigation continued throughout 2010, in December of that year, BOP announced plans to schedule Paul's execution date. *See* ECF No. 273. Then in July 2011, after BOP determined it could no longer obtain one of the drugs in its protocol, the government informed the Court that BOP had "decided to modify its lethal injection protocol," and would "submit a monthly status report to the Court on the status of finalizing the protocol revisions." ECF No. 288.

Three years later, after litigation over Paul's right to intervene concluded, Paul again moved for a preliminary injunction, this time without opposition, which the Court granted. *See* ECF No. 336.

### III. BOP's Adoption of a Single-Drug Protocol and the Three Preliminary Injunctions Issued by this Court That Were Vacated by the D.C. Circuit or the Supreme Court

For a number of reasons articulated at length in the government's other briefing in this litigation, BOP decided to replace its three-drug protocol with a protocol that provides for the use of a single drug, pentobarbital sodium, as the lethal agent. *See, e.g.*, *In re. Federal Bureau of Prisons' Execution Protocol Cases*, No. 1:19-mc-145 (D.D.C.), ECF No. 113-1, Defs.' Opp. to PI Motion at 5-7 (June 26, 2020). The government notified this Court of its adoption of the new, single-drug protocol on July 25, 2019. ECF No. 385. On the same day, BOP set execution dates for five death-sentenced inmates who each had exhausted appellate and post-conviction remedies – Daniel Lewis Lee, Wesley Ira Purkey, Dustin Lee Honken, Lezmond Mitchell, and Alfred Bourgeois. Lee, Purkey, and Honken each filed suit and sought a preliminary injunction, while Bourgeois, who already had a pending suit, similarly sought a preliminary injunction. Mitchell is not a plaintiff in this case. *Robinson v. Mukasey*, No. 1:07-cv-2145, ECF No. 20 (D.D.C.). This Court consolidated all four actions into the present case, and has since consolidated additional actions filed by other death-row inmates, including those filed by Plaintiff Keith Dwayne Nelson and Brandon Bernard.

This Court has issued three preliminary injunctions based on motions filed by inmates scheduled for execution challenging BOP's single-drug protocol, and each of those preliminary injunctions has been vacated by either the D.C. Circuit or the Supreme Court. *See In re Federal Bureau of Prisons' Execution Protocol Cases*, 955 F.3d 106 (D.C. Cir. 2020); *Barr v. Lee*, No.

20A8 at 1, 591 U.S. __ (2020) (per curiam); *Barr v. Purkey*, No. 20A10, 2020 WL 4006809 at *1 (July 16, 2020). This Court also found several additional claims against the single-drug protocol were unlikely to succeed on the merits, and the D.C. Circuit declined a request to stay executions based on the argument that those claims were in fact likely to succeed. *See* ECF No. 145; *In the Matter of the Fed. Bur. of Prisons Execution Protocol Cases*, No. 20-5206 (D.C. Cir. July 17, 2020). The death sentences of Lee, Purkey, and Honken were accordingly carried out on July 14, 16, and 17, 2020. Mitchell and Nelson's executions are scheduled to occur on August 26 and 28, respectively.

## Legal Standards for Vacating a Preliminary Injunction

Federal Rule of Civil Procedure 60(b) permits a court to "relieve a party . . . from a[n] . . . order" when "applying it prospectively is no longer equitable" or upon a showing of "any . . . reason that justifies relief." *Hudson v. AFGE*, 281 F. Supp. 3d 11, 13-14 (D.D.C. 2017) (quoting Rule 60(b)(5) and (6)). A court may, accordingly, modify an injunction pursuant to that rule in its "equitable discretion." *Trump v. Int'l Refugee Assistance Project*, 137 S. Ct. 2080, 2087 (2017). "The party seeking modification 'bears the burden of establishing that a significant change in circumstances warrants [its] revisions.'" *Gov't of Province of Manitoba v. Zinke*, 849 F.3d 1111, 1117 (D.C. Cir. 2017).

"Because injunctive relief is drafted in light of what the court believes will be the future course of events, a court must never ignore significant changes in the law or circumstances underlying an injunction lest the decree be turned into an instrument of wrong." *Salazar v. Buono*, 559 U.S. 700, 714–15 (2010) (plurality op.). Accordingly, courts regularly vacate preliminary injunctions when changed circumstances undermine the basis for the interlocutory relief. *See, e.g.*, *CTIA-The Wireless Ass'n v. City of Berkeley*, 854 F.3d 1105, 1111 (9th Cir.

2017) (discussing dissolution of injunction in response to amendment of challenged law).  A party seeking to vacate an injunction has the burden of showing "a significant change either in factual conditions or in law" such that continued enforcement of the injunction would be "detrimental to the public interest."  *Horne v. Flores*, 557 U.S. 433, 447 (2009).  Ordinarily, "dissolution should depend on the same considerations that guide a judge in deciding whether to grant or deny a preliminary injunction in the first place"—*i.e.*, "[t]he familiar quartet" of "likelihood of success, the threat of irreparable injury to the party seeking interim relief, the equities and the public interest."  *Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp.*, 15 F.3d 1222, 1225 (1st Cir. 1994).

## Argument

This Court should vacate the preliminary injunctions barring the executions of Plaintiffs Roane, Tipton, Johnson, Hall, Webster, Battle, and Paul, because the legal and factual premises underlying the injunctions have fundamentally and indisputably changed.  Most importantly, the three-drug protocol that Plaintiffs challenged—and that was the basis for the injunctions—is no longer in use.  That alone justifies dissolution of the preliminary injunctions.  Plaintiffs themselves have recognized their prior complaints were moot.  In August 2019, after the government notified the Court of BOP's adoption of the single-drug protocol, the Court held a hearing at which Plaintiffs' counsel acknowledged that "the facts that were alleged in the original complaint had to do with the three-drug protocol which is now inoperative and moot."  Ex. A, Tr. 8:15-18 (Aug. 15, 2019).  It follows that the preliminary injunctions issued based on those complaints can no longer stand.  Indeed, after conducting limited discovery, in June 2020, Plaintiffs filed a consolidated amended complaint challenging the new protocol.  That is now the operative complaint, underscoring that the injunctions at issue here are based on a challenge that

7

is entirely obsolete. *See Nat'l City Mortg. Co. v. Navarro*, 220 F.R.D. 102, 106 (D.D.C. 2004) ("Because the plaintiff's amended complaint supersedes the original complaint, the amended complaint is now the operative complaint.") (citing *Washer v. Bullitt County*, 110 U.S. 558, 562 (1884)).

These developments constitute precisely the sort of changed circumstances that counsel in favor of dissolution of the preliminary injunctions entered many years ago based on now-superseded complaints. *Cf. Doe 2 v. Shanahan*, 755 F. App'x 19, 23 (D.C. Cir. 2019) (reversing as clear error the district court's refusal to vacate a preliminary injunction on the grounds that new government policy was not a "significant change" from a previously enjoined policy; "[t]he government took substantial steps to cure the procedural deficiencies the court identified in the enjoined [policy]"); *Aurelius Capital Master, Ltd. v. Republic of Argentina*, 644 F. App'x 98, 106 (2d Cir. 2016) (affirming vacatur of injunction based on "changed circumstances," including repeal of relevant policies); *Washington v. Trump*, No. C17-0141JLR, 2017 WL 1045950, at *3–4 (W.D. Wash. Mar. 16, 2017) (injunction against President's first travel order did not extend to his second order because the latter contained exceptions for lawful permanent residents and certain foreign nationals and a clarification that individuals could seek asylum).

Vacatur is especially warranted here, where the legal landscape has so dramatically changed. Not only did the Supreme Court issue its trilogy of method-of-execution decisions, *see Baze*, *Glossip v. Gross*, 135 S. Ct. 2726 (2015), and *Bucklew v. Precythe*, 139 S. Ct. 1112 (2019), but the D.C. Circuit and the Supreme Court recently vacated three preliminary injunctions barring BOP from using its single-drug protocol, and this Court itself rejected additional arguments against the protocol, thus permitting three executions to be carried out. *Supra*, p.5. And of particular relevance here, the Supreme Court squarely held that the Eighth Amendment

8

claim asserted in Plaintiffs' amended complaint is meritless. *Barr v. Lee*, No. 20A8 at 1-3, 591 U.S. __ (2020) (per curiam). In light of these intervening legal decisions, Plaintiffs cannot establish they are entitled to a preliminary injunction on the basis of their new amended complaint, let alone the superseded complaints.

Finally, the public interest weighs strongly in favor of dissolving the preliminary injunctions. In vacating one of this Court's preliminary injunctions, the Supreme Court instructed that, "'method-of-execution challenges to lawfully issued sentences are [to be] resolved fairly and expeditiously,' so that 'the question of capital punishment' can remain with 'the people and their representatives, not the courts, to resolve.'" *Lee*, No. 20A8 at 3 (quoting *Bucklew*, 587 U. S., at ___ (slip op., at 30)). Indeed, the Supreme Court has repeatedly emphasized the public's "powerful and legitimate interest in punishing the guilty," *Calderon v. Thompson*, 523 U.S. 538, 556 (1998) (citation omitted), by "carrying out a sentence of death in a timely manner," *Baze*, 553 U.S. at 61.

Plaintiffs each were convicted of murder more than two decades ago. Over the following years, each conviction and sentence has been upheld numerous times by numerous courts. And for more than a decade, each Plaintiff (other than Webster) has been eligible for execution, except for the injunctions at issue here. The government is now prepared to carry out these capital sentences under the protocol that the Supreme Court, the D.C. Circuit, and this Court have allowed it to use in recent executions. No legal or equitable basis supports leaving in place an injunction against the execution of federal death-row inmates with some of the oldest conviction dates, simply because they filed a challenge to a now-obsolete protocol more than a decade ago. The government therefore respectfully asks this Court to vacate its earlier preliminary injunctions barring those executions. Given the straightforward nature of the legal

issue here and the "dispatch" expected in this case by the Supreme Court, *Barr v. Roane*, 140 S. Ct. 353, 353 (2019), the government respectfully requests a decision within five weeks—*i.e.*, by September 4, 2020.

## Conclusion

For these reasons, Defendants respectfully request that the Court vacate the preliminary injunctions barring the executions of Plaintiffs Roane, Tipton, Johnson, Hall, Webster, Battle, and Paul. A proposed order is attached.

Dated: July 31, 2020                                       Respectfully submitted,

| | |
|---|---|
| MICHAEL R. SHERWIN<br>Acting United States Attorney | DAVID M. MORRELL<br>Deputy Assistant Attorney General |
| DANIEL F. VAN HORN<br>Civil Chief, U.S. Attorney's Office | PAUL R. PERKINS<br>Special Counsel |
| */s/ Alan Burch*<br>ALAN BURCH, D.C. Bar #470655<br>Assistant United States Attorney<br>U.S. Attorney's Office<br>for the District of Columbia<br>Washington, D.C. 20530<br>202-252-2550<br>alan.burch@usdoj.gov | JEAN LIN (NY Bar 4074530)<br>Special Litigation Counsel<br>JONATHAN KOSSAK (D.C. Bar 991478)<br>CRISTEN C. HANDLEY (MO Bar 69114)<br>Trial Attorneys<br>Civil Division<br>Federal Programs Branch<br>Civil Division, Department of Justice<br>1100 L Street, N.W.<br>Washington, D.C. 20005<br>(202) 514-3716<br>Jean.lin@usdoj.gov<br>Jonathan.kossak@usdoj.gov<br>Cristen.handley@usdoj.gov |
| | *Attorneys for Defendants* |

# CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2020, I caused a true and correct copy of foregoing to be served on all counsel of record via the Court's CM/ECF system. Pursuant to this Court's August 20, 2019 Order, below is a list of all plaintiffs' counsel of record, where counsel noted with (*) are apparently no longer with the identified firms.

Joshua Christopher Toll
King & Spalding LLP
(202) 737-8616
Email: jtoll@kslaw.com

Charles Anthony Zdebski
Eckert Seamans Cherin & Mellott, LLC
(202) 659-6605
Email: czdebski@eckertseamans.com

Gerald Wesley King, Jr.
Federal Defender Program, Inc.
(404) 688-7530
Email: gerald_king@fd.org

Charles Fredrick Walker
Skadden, Arps, Slate, Meagher & Flom LLP
(202) 371-7000
Email: Charles.Walker@skadden.com

Celeste Bacchi
Office Of The Public Defender
Capital Habeas Unit
(213) 894-1887
Email: celeste_bacchi@fd.org

Jonathan Charles Aminoff
Federal Public Defender, Central District Of California
(213) 894-5374
Email: jonathan_aminoff@fd.org

Billy H. Nolas
Federal Community Defender Office For The EDPA
(215) 928-0520
Email: Billy_Nolas@fd.org

Paul F. Enzinna
Ellerman Enzinna PLLC
(202) 753-5553
Email: penzinna@ellermanenzinna.com

Brandon David Almond
Troutman Sanders LLP
(202) 274-2864
Email: brandon.almond@troutmansanders.com

Donald P. Salzman
Skadden, Arps, Slate, Meagher & Flom LLP
(202) 371-7983
Email: Donald.salzman@skadden.com

Steven M. Albertson
Skadden, Arps, Slate, Meagher & Flom LLP
(202) 371-7112
Email: Steven.Albertson@skadden.com

Craig Anthony Harbaugh
Federal Public Defender, Central District Of California
(213) 894-7865
Email: craig_harbaugh@fd.org

Alexander Louis Kursman
Office Of The Federal Community Defender, EDPA
(215) 928-0520
Email: Alex_Kursman@fd.org

Kathryn B. Codd
Vinson & Elkins, L.L.P.
(202) 639-6536
Email: kcodd@velaw.com

11

*Jeanne Vosberg Sourgens  
Vinson & Elkins, L.L.P.  
(202) 639-6633  

William E. Lawler, III  
Vinson & Elkins, L.L.P.  
(202) 639-6676  
Email: wlawler@velaw.com  

Evan D. Miller  
Vinson & Elkins, L.L.P.  
(202) 639-6605  
Email: EMiller@velaw.com  

Margaret O'Donnell  
(502) 320-1837  
Email: mod@dcr.net  

Abigail Bortnick  
King & Spalding LLP  
(202) 626-5502  
Email: abortnick@kslaw.com  

Matthew John Herrington  
Steptoe & Johnson LLP  
(202) 429-8164  
Email: mherrington@steptoe.com  

Amy J. Lentz  
Steptoe & Johnson LLP  
(202) 429-1320  
Email: Alentz@steptoe.com  

Gary E. Proctor  
Law Offices Of Gary E. Proctor, LLC  
(410) 444-1500  
Email: garyeproctor@gmail.com  

Scott Wilson Braden  
Federal Public Defender, Eastern District Of Arkansas  
(501)-324-6144  
Email: Scott_Braden@fd.org

Robert E. Waters  
Vinson & Elkins, L.L.P.  
(202) 737-0500  
Email: rwaters@velaw.com  

Yousri H. Omar  
Vinson & Elkins, L.L.P.  
(202) 639-6500  
Email: yomar@velaw.com  

Andres C. Salinas  
Wilmer Cutler Pickering Hale & Dorr LLP  
(202) 663-6289  
Email: Andres. Salinas@wilmerhale.com  

*William E. Hoffman, Jr.  
King & Spalding LLP  
(404) 572-3383  

Mark Joseph Hulkower  
Steptoe & Johnson LLP  
(202) 429-6221  
Email: mhulkower@steptoe.com  

Robert A. Ayers  
Steptoe & Johnson LLP  
(202) 429-6401  
Email: rayers@steptoe.com  

Robert L. McGlasson  
Mcglasson & Associates, PC  
(404) 314-7664  
Email: rlmcglasson@comcast.net  

Sean D. O'Brien  
Public Interset Litigation Clinic  
(816) 363-2795  
Email: dplc@dplclinic.com  

Shawn Nolan  
Federal Community Defender Office, EDPA  
(215) 928-0528  
Email: shawn.nolan@fd.org

| | |
|---|---|
| Amy Gershenfeld Donnella<br>Federal Community Defender Office, EDPA<br>(215) 928-0520<br>Email: amy_donnella@fd.org | Joseph William Luby<br>Federal Public Defender, EDPA<br>(215) 928-0520<br>Email: joseph_luby@fd.org |
| David Victorson<br>(202) 637-2061<br>Hogan Lovells US LLP<br>Email: David.Victorson@hoganlovells.com | Pieter Van Tol<br>Hogan Lovells US LLP<br>(212) 918-3000<br>Email: Pieter.Vantol@hoganlovells.com |
| John D. Beck<br>Hogan Lovells US LLP<br>(212) 918-3000<br>Email: john.beck@hoganlovells.com | Jonathan Jeffress<br>Kaiser Dillon, PLLC<br>(202) 640-2850<br>Email: Jjeffress@kaiserdillon.com |
| Amelia J. Schmidt<br>Kaiser Dillon, PLLC<br>(202) 869-1301<br>Email: Aschmidt@kaiserdillon.com | Andrew Moshos<br>Morris Nichols Arsht & Tunnell LLP<br>(302) 351-9197<br>Email: Amoshos@mnat.com |
| Jennifer Ying<br>Morris Nichols Arsht & Tunnell LLP<br>(302) 351-9243<br>Email: Jying@mnat.com | *Ryan M. Chabot<br>Wilmer Cutler Pickering Hale & Dorr LLP<br>(212) 295-6513 |
| Alan E. Schoenfeld<br>Wilmer Cutler Pickering Hale & Dorr LLP<br>(212) 937-7294<br>Email: Alan.Schoenfeld@wilmerhale.com | Jennifer M. Moreno<br>Office of the Public Federal Defender, District of Arizona<br>(602)382-2718<br>Email: Jennifer_Moreno@fd.org |
| Kathryn L. Clune<br>Crowell & Moring, LLP<br>(202) 624-2500<br>Email: KClune@crowell.com | Dale A. Baich<br>Office Of The Federal Public Defender<br>(602) 382-2816<br>Email: Dale_Baich@fd.org |
| Ginger D. Anders<br>Munger, Tolles & Olson, LLP<br>(202) 220-3200<br>Email: Ginger.Anders@mto.com | |

/s/ *Alan Burch*
ALAN BURCH
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of the<br>Federal Bureau of Prisons' Execution Protocol Cases,<br><br>LEAD CASE: *Roane et al. v. Barr*<br><br>THIS DOCUMENT RELATES TO:<br><br>*Roane, et al. v. Barr, et al.*, 05-2337 | Case No. 19-mc-145 (TSC) |

## [PROPOSED] ORDER VACATING PRELIMINARY INJUNCTIONS

Upon consideration of the government's motion to vacate preliminary injunctions, any opposition thereto, and the entire record herein, it is hereby

ORDERED that the motion is GRANTED and it is further

ORDERED that the following preliminary injunctions in *Roane v. Barr*, No. 05-2337, are hereby VACATED:

- ECF No. 5, issued Feb. 24, 2006 (affecting Plaintiffs Roane, Tipton, and Johnson)
- ECF No. 68, issued June 11, 2007 (Hall)
- ECF No. 27, issued February 16, 2007 (Webster)
- ECF No. 67, issued June 11, 2007 (Battle)
- ECF no. 336, issued April 3, 2014 (Paul)

So ordered this _____ day of _____ 2020.

_____
TANYA S. CHUTKAN
United States District Judge