### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of the Federal Bureau of Prisons' Execution Protocol Cases,<br><br>LEAD CASE: *Roane et al. v. Barr*<br><br>THIS DOCUMENT RELATES TO:<br><br>*Nelson v. Barr, et al.*, 20-cv-557 | Case No. 19-mc-0145 (TSC) |

## PLAINTIFF KEITH NELSON'S EMERGENCY MOTION TO EXPEDITE TRIAL

Plaintiff Keith Nelson, by and through counsel, hereby moves pursuant to 28 U.S.C. § 1657 and Federal Rule of Civil Procedure 57 for an expedited trial on Count II (Eighth Amendment) of his June 1, 2020 Amended Complaint (ECF No. 92).[1]  Specifically, with Mr. Nelson's execution currently scheduled for August 28, 2020 (ECF No. 99), Mr. Nelson requests that the Court schedule a trial on the merits beginning on or about August 19, 2020 or, in the alternative, on such later date convenient to the Court in the event the Court grants Mr. Nelson's *sub judice* motion to strike the execution notice and vacate the execution date (ECF No. 101) and Mr. Nelson's s execution is rescheduled.[2]

---

[1] In accordance with Local Rule Civil Rule 7(m), the undersigned have conferred with counsel for Defendants concerning whether they will agree to postpone Mr. Nelson's execution and, if not, if they oppose Mr. Nelson's request for an expedited trial.  Defendants have indicated that they will not postpone the execution and will oppose an expedited trial.

[2] Earlier today, Defendants' filed a motion *inter alia* to dismiss Count II (Eighth Amendment) of the Complaint (*See* ECF Nos. 169 and 170).  Mr. Nelson reserves the right, if necessary, to oppose Defendants' motion.  However, given the current circumstances faced by Mr. Nelson, addressing the Defendants' Eighth Amendment violations on a motion to dismiss would provide no practical or meaningful benefit to Mr. Nelson since he will have already been executed by the time that motion is decided.  The present circumstances thus aptly demonstrate why this Court should both strike the execution notice, vacate Mr. Nelson's execution date, and grant Mr. Nelson's request for an expedited trial.

## RELEVANT BACKGROUND

The facts and procedural history of this matter have been exhaustively briefed by Plaintiffs, detailed by the Court in several recent orders, and will not be repeated here at length.

By Judgment dated March 11, 2002, Mr. Nelson was sentenced to death.  On June 1, 2020, Mr. Nelson (and others) filed an Amended Complaint for injunctive and declaratory relief for *inter alia* violations and threatened violations of their right to be free from cruel and unusual punishment under the Eighth Amendment of the United States Constitution.  ECF No. 92.

By letter dated June 15, 2020, T.J. Watson, Complex Warden of United States Penitentiary Terre Haute, informed Mr. Nelson that "the Director of the Federal Bureau of Prisons has set August 28, 2020, as the date for your execution by lethal injection." ECF No. 99  That notice and the scheduling of Mr. Nelson's execution, however, was defective because it failed to satisfy and violates the express 90-day advance notice requirement set forth in Paragraph II.C. of Chapter 1 of the BOP Execution Protocol.  Accordingly, on June 19, 2020, Mr. Nelson moved to strike Defendants' notice of execution and to vacate the putative execution date referenced therein.  ECF No. 101.  That motion is currently *sub judice*.[3]

Also on June 19, 2020, Mr. Nelson (and three other Plaintiffs who had dates set for execution – Messrs. Lee, Purkey, and Honken) moved for a preliminary injunction based on several of their constitutional and statutory claims.  ECF No. 102.  By Memorandum Opinion dated July 13, 2020, this Court granted a preliminary injunction on the ground that Plaintiffs

---

[3] The BOP today purported to revise the BOP Execution Protocol to amend the required notice from 90 days to 50 days.  It is not clear whether that purported amendment is valid, and, if so, when it might become effective.  In any event, Defendants should not be allowed unilaterally and retroactively to erase their violation of the BOP Execution Protocol's notice requirement merely by changing the rules after the fact in an effort to somehow rationalize their unprincipled and unfair rush to execute Mr. Nelson.  Moreover, by purporting to amend the Execution Protocol to shorten the notice period, BOP has effectively admitted that the 90-day notice provision that is the subject of the *sub judice* motion to strike Mr. Nelson's execution date was binding and thus that that motion should be granted.

were likely to succeed on their claim that the proposed method of execution violates the Eighth Amendment, that Plaintiffs would suffer irreparable harm absent injunctive relief, and that the equitable factors favored Plaintiffs. ECF No. 136.  The United States Court of Appeals for the District of Columbia Circuit denied the government's motion to stay or vacate the preliminary injunction, and ordered expedited briefing and oral argument on the government's appeal. *Roane v. Barr*, USCA Case No. 20-5199, ECF No. 1851483 (D.C. Cir. July 13, 2020).

On July 14, 2020, the United States Supreme Court vacated this Court's preliminary injunction in a 5-4 decision, holding that the prisoners were not likely to succeed on the merits of their Eighth Amendment claim.  *See Barr v. Lee*, No. 20A8, 2020 WL 3964985, *4 (U.S. July 14, 2020) (per curiam).  In dissent, Justice Sotomayor (for herself and Justice Kagan) noted that this "outcome is hard to square with th[e] Court's denial of a similar request by the Government seven months ago in this very litigation," explaining that "because of the Court's rush to dispose of this litigation in an emergency posture, there will be no meaningful judicial review of the grave, fact-heavy challenges respondents bring to the way in which the Government plans to execute them."  *Id.* at *3-4 (Sotomayor, J., dissenting).

On July 15, 2020, this Court again enjoined the executions of Messrs. Lee, Purkey, Honken, and Nelson on the ground that Plaintiffs were likely to succeed on their claim that the BOP Execution Protocol violates the FDCA.  ECF No. 145.  The Court rejected Defendants' argument that "because lethal injection drugs are intended to kill, they could not possibly be regulated by laws intended to ensure that a drug is 'safe and effective for its intended use,'" explaining that "the statute must apply in the lethal-injection context, because a lethal injection drug that does not function as intended may 'result in conscious suffocation, pain, and cardiac arrest.'"  *Id.* at 12.  This Court further noted that the D.C. Circuit Court of Appeals in *Cook* had already affirmed "that lethal injection drugs are 'drugs' under the FDCA, and that death-

sentenced individuals are permitted to assert violations of the FDCA." *Id.* Finally, although the Court agreed with Plaintiffs that their Amended Complaint alleged "serious concerns" with access to counsel during the execution process, the Court found that Plaintiffs "fail[ed] to demonstrate a likelihood of success on the merits of showing that [its] requests are constitutionally mandated." *Id.* at 14. That same day (July 15, 2020), the D.C. Circuit denied the government's emergency motion to stay or vacate the preliminary injunction. *Roane v. Barr*, USCA Case # 20-5206, Doc. No. 1851933 (D.C. Cir. July 15, 2020). The D.C. Circuit, pointing to its prior statement in *Cook v. FDA* "that thiopental is a 'drug' within the meaning of the FDCA even when it is intended for use in an execution," held that the "government's argument conflicts with the necessary premise of a published precedential decision of our court." *Id.* at 3. On July 16, 2020, the Supreme Court vacated this Court's preliminary injunction in a 5-4 decision. *See Barr v. Purkey*, (U.S. July 16, 2020) (per curiam).

Defendants executed Messrs. Lee, Purkey, and Honken on July 14, 16 and 17, respectively. In doing so, the government demonstrated its unbridled obsession to proceed with executions on extremely accelerated schedules with no meaningful notice to prisoners' counsel. *See, e.g., Rushed Federal Executions Show Contempt, Not Respect, For the Rule of Law*, Robert Dunham, July 24, 2020, available at www.newsweek.com/federal-executions-disrespect-rule-law-1520220 ("The government then put two prisoners to death in the early morning hours, after the originally selected execution dates had passed, while other appeals remained pending. They gave literal lip service of notice to the prisoners that their executions had been immediately rescheduled, and provided defense counsel no notice at all or any chance to respond….").

Plaintiffs believe it would be preferable to proceed to trial in the ordinary course. Defendants, however, intend to proceed with Mr. Nelson's execution on August 28, 2020, and

have refused to postpone the execution in order to allow additional time to more fully adjudicate this case. Accordingly, Mr. Nelson has been left with no choice but to ask this Court to schedule an expedited trial to afford Mr. Nelson the opportunity to demonstrate the merits of his claims.

## ARGUMENT

> [T]he public interest is not served by executing individuals before they have had the opportunity to avail themselves of the legal process to challenge the legality of their executions.

J. Chutkan, July 13, 2020 Memorandum and Opinion, at 21 (ECF No. 135). Executing Mr. Nelson on August 28th as currently scheduled will indisputably deprive Mr. Nelson of the legal process to challenge the legality of his execution because he will (absent intervention from this Court) be executed prior to a trial on the merits of his claims.

Significantly, Congress has provided a mechanism to ensure that Mr. Nelson is afforded his day in court. Federal courts "**shall** expedite the consideration of…any action for temporary or preliminary injunctive relief, or any other action if good cause therefor is shown." 28 U.S.C. § 1657(a) (emphasis added). An expedited trial is thus required if the Plaintiff can demonstrate "good cause," defined to mean "if a right under the Constitution of the United States …would be maintained in a factual context that indicates that a request for expedited consideration has merit." *Id.*

Similarly, claims for declaratory and injunctive relief (as sought here) warrant an expedited trial. Fed. R. Civ. P. 57 expressly provides that courts "may order a speedy hearing of a declaratory-judgment action." In addition, if an injunction is denied, "a quick disposition of the merits shortens the period in which plaintiff may be threatened by irreparable harm." Fed. Prac. & Proc. Civ. § 2950 (emphasis added); *accord Digital Ally Inc. v. Corum*, No. 17-cv-02026, 2017 WL 1545671, *12 (D. Kan. April 28, 2017) (denying preliminary injunction

because plaintiff had failed to demonstrate likelihood of success, but noting that "[w]hen it denies relief of that nature, the court recognizes that it should do its part to provide access— consistent with the parties' substantive rights—to an expedited trial on the merits"). Accordingly, courts routinely order expedited trials where a preliminary injunction is denied, but the "nature of the claims" requires and expedited resolution. *Two Kids from Queens, Inc. v. J&S Kidswear, Inc.*, Civil Action No. 09-3690, 2009 WL 5214497, *4 (E.D.N.Y. Dec. 30, 2009) (denying preliminary injunction, but "given the nature of the claims" ordering "an expedited trial on the merits" for 95 days later); *Business Assoc. of University City v. Landrieu*, 660 F.2d 867, 877-78 (3d Cir. 1981) (finding that "[i]n light of the fact that the City was operating under a 21 million dollar federal freeze until low income housing was built, it was not error for the district court to expedite the final hearing" and schedule trial for 20 days after the denial of preliminary injunction).

Here, the circumstances indisputably warrant an expedited trial on the merits for several independent reasons.

***First***, the stakes could not be higher.  Defendants intend to execute Mr. Nelson on August 28 despite the presence of serious questions concerning the constitutionality of the method and manner of execution.  Every possible effort should be undertaken to ensure that, prior to the government conducting another execution, Mr. Nelson is afforded the opportunity to prove that his claims are meritorious.  If a freeze of federal funds was sufficient to justify scheduling a merits trial less than three weeks after denial of a request for preliminary injunction (*Landrieu*, 660 F.2d at 877-78), there can be no legitimate debate that scheduling an expedited trial prior to a scheduled execution is also justified, indeed necessary.

***Second***, the facts indicate that an expedited trial is warranted to protect Mr. Nelson's constitutional rights.  Mr. Nelson is indisputably entitled to an execution free of cruel and

unusual punishment.  As this Court itself recognized, "[t]he scientific evidence" proffered by Plaintiffs by declaration on the motion for preliminary injunction "overwhelmingly indicates that the 2019 Protocol is very likely to cause Plaintiffs extreme pain and needless suffering during their executions."  ECF No. 135 at 9.  Specifically, "[t]he declarations submitted by Plaintiffs' experts illustrate that the majority of inmates executed via pentobarbital injection suffered flash pulmonary edema during the procedure," which "interferes with breathing, produces sensations of drowning and asphyxiation resulting in extreme pain, terror, and panic." *Id.* at 9-10 (internal citations omitted).  Moreover, this Court found that Plaintiffs had "demonstrated that a pre-dose of certain opioid medication drugs, such as morphine or fentanyl, will significantly reduce the risk of severe pain during the execution" and/or execution by firing squad would significantly reduce the risk of severe pain and satisfy the "*Baze-Glossip* requirements for proposed alternatives."  *Id.* at 13-15.

While the Supreme Court on appeal noted that "the Government has produced competing expert testimony of its own" (591 U.S. at 3), a trial on the merits will enable the Court to conduct an appropriate evaluation of the credibility of the parties' experts and fact witnesses and make a final, factual determination of whether Mr. Nelson has established an Eighth Amendment violation arising from the use of pentobarbital.  That final determination on the merits may very well mean the difference between whether Mr. Nelson (and others) are executed in a manner that violates their constitutional rights.  Moreover, it is crystal clear that in accordance with 28 U.S.C. § 1657(a), Mr. Nelson's right "under the Constitution of the United States" to be executed free from cruel and unusual punishment "would be maintained in a factual context" if afforded the opportunity, and that Defendants' rush to execute Mr. Nelson before a trial on the merits "indicates that a request for expedited consideration has merit," *i.e.*, that good cause exists warranting an expedited trial.

*Finally*, this litigation is well-positioned for an expedited trial on the merits.  As noted above, Mr. Nelson requests a trial only with respect to Count II of the Amended Complaint. That cause of action is discrete, and requires limited testimony.   Mr. Nelson currently anticipates calling only a limited number of witnesses, including the three experts relied on in connection with the preliminary injunction briefing (Mark A. Edgar, M.D.; Gail A. Van Norman, M.D.; and Craig W. Stevens, PH.D), and a handful of fact witnesses to address the recent executions, including testimony from a pathologist who conducted the autopsy of Mr. Purkey.  Defendants are intimately familiar with the opinions of Messrs. Edgar and Stevens and Ms. Van Norman, as they have been in possession of their reports since November 2019, and retained their own expert, Dr. Antognini, to opine on some of the same subjects.  Either way, a merits trial would be limited in scope and duration and likely could be completed in a few days.

With Mr. Nelson's execution scheduled for August 28, time is of the essence. Accordingly, Mr. Nelson respectfully requests that a trial be scheduled beginning on or about August 19, 2020 to ensure that the trial is completed and the Court has an opportunity to rule prior to the scheduled execution date.  Alternatively, as noted above, Mr. Nelson's motion to strike the notice of execution and vacate the execution date (ECF No. 101) is *sub judice*.  In the event the Court grants that motion, Defendants would need to issue a new notice of execution and the 90-day clock would start over, affording an additional three months of time within which to find a convenient trial date.

**WHEREFORE**, for all the foregoing reasons, Plaintiff Keith Nelson respectfully requests that this Court issue an order granting Mr. Nelson's request for an expedited trial on Count II of the Amended Complaint and scheduling a trial on the merits beginning on or about August 19, 2020 or, in the alternative, on such later date convenient to the Court in the event the Court grants Mr. Nelson's *sub judice* motion to strike the execution notice and vacate the

execution date (ECF No. 101) and Mr. Nelson's execution is rescheduled.

Dated: July 31, 2020                    Respectfully submitted,

                                        */s/ Harry P. Cohen*
                                        Harry P. Cohen (admitted *pro hac vice*)
                                        Michael K. Robles (admitted *pro hac vice*)
                                        James K. Stronski (*pro hac vice* application pending)
                                        Crowell & Moring LLP
                                        590 Madison Avenue
                                        New York, NY 10022
                                        (212) 223-4000
                                        (212) 223-4134(fax)
                                        hcohen@crowell.com
                                        mrobles@crowell.com
                                        jstronski@crowell.com

                                        Kathryn L. Clune
                                        Crowell & Moring LLP
                                        1001 Pennsylvania Avenue, NW
                                        Washington D.C. 20004-2595
                                        (202) 624-2705
                                        kclune@crowell.com

                                        Jon M. Sands
                                        Dale A. Baich
                                        Jennifer M. Moreno
                                        Federal Public Defender
                                        District of Arizona
                                        850 West Adams Street, Suite 201
                                        Phoenix, Arizona 85007
                                        602-382-2816
                                        602-889-3960 (fax)
                                        dale_baich@fd.org
                                        jennifer_moreno@fd.org

                                        *Counsel for Plaintiff Keith Nelson*

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2020, I caused a true and correct copy of the foregoing to be served on all counsel of record via the Court's CM/ECF system.  Pursuant to this Court's August 20, 2019 Order, below is a list of all counsel of record.  The names marked with an asterisk (*) have no email provided on the docket and are no longer with the identified firms.

Alan Burch
U.S. Attorney's Office for the District of
Columbia
(202) 252-2550
Email: alan.burch@usdoj.gov

Peter S. Smith
United States Attorney's Office
Appellate Division
(202) 252-6769
Email: peter.smith@usdoj.gov

Ethan P. Davis
Civil Division, U.S. Department of Justice
(202) 616-4171
Email: Ethan.Davis@usdoj.gov

Robert J. Erickson
US Department of Justice
(202) 514-2841
Email: Robert.erickson@usdoj.gov

Joshua Christopher Toll
KING & SPALDING LLP
(202) 737-8616
Email: jtoll@kslaw.com

Charles Anthony Zdebski
ECKERT SEAMANS CHERIN &
MELLOTT, LLC
(202) 659-6605
Email: czdebski@eckertseamans.com

Gerald Wesley King, Jr.
FEDERAL DEFENDER PROGRAM, INC.
(404) 688-7530
Email: gerald_king@fd.org

Paul R. Perkins
Civil Division, Department of Justice
(202) 514-5090
Email: Paul.R.Perkins@usdoj.gov

Jonathan Kossak
Civil Division, Department of Justice
(202) 305-0612
Email: Jonathan.kossak@usdoj.gov

Denise M. Clark
U.S. Attorney's Office for the District of
Columbia
(202) 252-6605
Email: Denise.Clark@usdoj.gov

Jean Lin
Civil Division, Department of Justice
(202) 514-3716
Jean.lin@usdoj.gov

Cristen Cori Handley
Civil Division, Department of Justice
(202) 305-2677
Cristen.Handley@usdoj.gov

Paul F. Enzinna
ELLERMAN ENZINNA PLLC
(202) 753-5553
Email: penzinna@ellermanenzinna.com

Brandon David Almond
TROUTMAN SANDERS LLP
(202) 274-2864
Email: brandon.almond@troutmansanders.com

Charles Fredrick Walker
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
(202) 371-7000
Email: Charles.Walker@skadden.com

Celeste Bacchi
OFFICE OF THE PUBLIC DEFENDER
Capital Habeas Unit
(213) 894-1887
Email: celeste_bacchi@fd.org

Jonathan Charles Aminoff
FEDERAL PUBLIC DEFENDER,
CENTRAL DISTRICT OF CALIFORNIA
(213) 894-5374
Email: jonathan_aminoff@fd.org

Billy H. Nolas
FEDERAL COMMUNITY DEFENDER
OFFICE FOR THE EDPA
(215) 928-0520
Email: Billy_Nolas@fd.org

*Jeanne Vosberg Sourgens
VINSON & ELKINS LLP
(202) 639-6633

William E. Lawler, III
VINSON & ELKINS LLP
(202) 639-6676
Email: wlawler@velaw.com

Evan D. Miller
VINSON & ELKINS LLP
(202) 639-6605
Email: EMiller@velaw.com

Margaret O'Donnell
(502) 320-1837
Email: mod@dcr.net

Abigail Bortnick
KING & SPALDING LLP
(202) 626-5502

Donald P. Salzman
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
(202) 371-7983
Email: Donald.salzman@skadden.com

Steven M. Albertson
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
(202) 371-7112
Email: Steven.Albertson@skadden.com

Craig Anthony Harbaugh
FEDERAL PUBLIC DEFENDER, CENTRAL
DISTRICT OF CALIFORNIA
(213) 894-7865
Email: craig_harbaugh@fd.org

Alexander Louis Kursman
OFFICE OF THE FEDERAL COMMUNITY
DEFENDER/EDPA
(215) 928-0520
Email: Alex_Kursman@fd.org

Kathryn B. Codd
VINSON & ELKINS LLP
(202) 639-6536
Email: kcodd@velaw.com

Robert E. Waters
KING & SPALDING LLP (202) 737-0500
Email: rwaters@velaw.com

Yousri H. Omar
VINSON & ELKINS LLP
(202) 639-6500
Email: yomar@velaw.com

*William E. Hoffman, Jr.
KING & SPALDING LLP
(404) 572-3383

Mark Joseph Hulkower
STEPTOE & JOHNSON LLP
(202) 429-6221

2

Email: abortnick@kslaw.com

Matthew John Herrington
STEPTOE & JOHNSON LLP
(202) 429-8164
Email: mherrington@steptoe.com

Amy J. Lentz
STEPTOE & JOHNSON LLP
(202) 429-1320
Email: Alentz@steptoe.com

Gary E. Proctor
LAW OFFICES OF GARY E. PROCTOR,
LLC
(410) 444-1500
Email: garyeproctor@gmail.com

Scott Wilson Braden
FEDERAL PUBLIC DEFENDER,
EASTERN DISTRICT OF ARKANSAS
(501) 324-6144
Email: Scott_Braden@fd.org

Amy Gershenfeld Donnella
FEDERAL COMMUNITY DEFENDER
OFFICE FOR THE EDPA
(215) 928-0520
Email: amy_donnella@fd.org

David Victorson
(202) 637-5600
HOGAN LOVELLS US LLP
Email: David.Victorson@hoganlovells.com

John D. Beck
HOGAN LOVELLS US LLP
(212) 918-3000
Email: john.beck@hoganlovells.com

Amelia J. Schmidt
KAISER DILLON, PLLC
(202) 869-1301
Email: Aschmidt@kaiserdillon.com

Email: mhulkower@steptoe.com

Robert A. Ayers
STEPTOE & JOHNSON LLP
(202) 429-6401
Email: rayers@steptoe.com

Robert L. McGlasson
MCGLASSON & ASSOCIATES, PC
(404) 314-7664
Email: rlmcglasson@comcast.net

Sean D. O'Brien
PUBLIC INTEREST LITIGATION CLINIC
(816) 363-2795
Email: dplc@dplclinic.com

Shawn Nolan
FEDERAL COMMUNITY DEFENDER
OFFICE, EDPA
(215) 928-0520
Email: shawn.nolan@fd.org

Joseph William Luby
FEDERAL PUBLIC DEFENDER/EDPA
(215) 928-0520
Email: joseph_luby@fd.org

Pieter Van Tol
HOGAN LOVELLS US LLP
(212) 918-3000
Email: Pieter.Vantol@hoganlovells.com

Jonathan Jeffress
KAISER DILLON, PLLC
(202) 640-4430
Email: Jjeffress@kaiserdillon.com

Andrew Moshos
MORRIS NICHOLS ARSHT & TUNNELL
LLP
(302) 351-9197
Email: Amoshos@mnat.com

Norman Anderson
KAISER DILLON PLLC
(202) 640-2850
nanderson@kaiserdillon.com

Jennifer Ying
MORRIS NICHOLS ARSHT & TUNNELL
LLP
(302) 658-9300
Email: Jying@mnat.com

Andres C. Salinas
WILMER CUTLER PICKERING HALE &
DORR LLP
(202) 663-6289
Email: Andres.Salinas@wilmerhale.com

*Ryan M. Chabot
WILMER CUTLER PICKERING HALE &
DORR LLP
(212) 295-6513

Dale Andrew Baich
OFFICE OF THE FEDERAL PUBLIC
DEFENDER
(602) 382-2816
Dale_Baich@fd.org

Alan E. Schoenfeld
WILMER CUTLER PICKERING HALE &
DORR LLP
(212) 937-7294
Email: Alan.Schoenfeld@wilmerhale.com

Jennifer M. Moreno
OFFICE OF THE PUBLIC FEDERAL
DEFENDER, DISTRICT OF ARIZONA
(602) 382-2718
Jennifer_moreno@fd.org

Ginger Dawn Anders
MUNGER, TOLLES & OLSON LLP (202)
220-1107
Ginger.anders@mto.com

*Jonathan S. Meltzer
MUNGER, TOLLES & OLSON LLP (202)
220-1100

*Brendan Gants
MUNGER, TOLLES & OLSON LLP (202)
220-1100

*Timothy Kane
FEDERAL COMMUNITY DEFENDER
OFFICE, EDPA
(215) 925-0520

Dated:  July 31, 2020

/s/ April Marconi
April Marconi, Case Manager
CROWELL & MORING, LLP
1001 Pennsylvania, Ave., N.W.
Washington, D.C.  20004-2595
Tel:   (202) 508-8803
Fax:   (202) 628-5116
E-Mail:  amarconi@crowell.com