**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In the Matter of the | ) |
| Federal Bureau of Prisons' Execution | ) |
| Protocol Cases, | ) |
| | ) |
| LEAD CASE: *Roane et al. v. Barr* | )        Case No. 19-mc-145 (TSC) |
| | ) |
| | ) |
| THIS DOCUMENT RELATES TO: | ) |
| | ) |
| *Nelson v. Barr et al.*, 20-cv-557 | ) |
| | ) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF KEITH NELSON'S**
**<u>EMERGENCY MOTION TO EXPEDITE TRIAL</u>**

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ......................................................................................................................... 1

BACKGROUND .......................................................................................................................... 3

ARGUMENT ............................................................................................................................... 6

I.      FEDERAL RULE OF CIVIL PROCEDURE 57 PROVIDES NO BASIS FOR AN
EXPEDITED TRIAL..................................................................................................... 6

II.     THERE IS NO GOOD CAUSE FOR AN EXPEDITED TRIAL ..................................... 6

      A.     Section 1657 Does Not Contemplate Expedition In These Circumstances ............ 6

      B.     A Trial on the Eighth Amendment Claim Is Inappropriate Because the
Plaintiffs Have Failed to State A Claim Upon Which Relief Can Be
Granted.................................................................................................................. 8

CONCLUSION .......................................................................................................................... 13

i

## TABLE OF AUTHORITIES

**Cases**

*Barr v. Lee*,
  No. 20A8, 591 U.S. ___ (2020) ...................................................................... *passim*

*Barr v. Purkey*,
  No. 20A9, 2020 WL 4006809 (July 16, 2020) ........................................................ 2

*Barr v. Purkey*,
  No. 20A10, 591 U.S. ___(July 16, 2020) ........................................................... 2, 5

*Baze v. Rees*,
  553 U.S. 50 (2008)........................................................................................ *passim*

*Bucklew v. Precythe*,
  139 S. Ct. 1112 (2019)................................................................................... *passim*

*Bucklew v. Precythe*,
  587 U.S. ____ (2019)............................................................................................ 5

*Committee on Ways and Means, U.S. House of Representatives v. U.S. Department of the Treasury*,
  19-cv-1974 (TNM), 2019 WL 4094563 (D.D.C. Aug. 29, 2019) ........................... 6, 7

*Cooey v. Strickland*,
  589 F.3d 210 (6th Cir. 2009) ................................................................................ 12

*Drinan v. Nixon*,
  364 F. Supp. 853 (D. Mass. 1973) *aff'd,* 502 F.2d 1158 (1st Cir. 1973) .................... 6

*Farmer v. Brennan*,
  511 U.S. 825 (1994)............................................................................................. 11

*Fleming v. Medicare Freedom of Information Group*,
  15-cv-1135, 2018 WL 3549791 (D.D.C. July 24, 2018) .......................................... 8

*G.Y.J.P. v. Wolf*,
  20-cv-1511 (TNM), 2020 WL 4192490 (D.D.C. July 21, 2020)................................ 7

*Gissendaner* v. *Commissioner*,
  779 F.3d 1275 (11th Cir. 2015) ............................................................................. 5

*Glossip v. Gross*,
  135 S. Ct. 2726 (2015).................................................................................. 3, 9, 10

*Hall v. Hall*,
  138 S. Ct. 1118 (2018) ................................................................................................. 1

*Hartkemeyer v. Barr*,
  No. 20A11, 2020 WL 4006836 (July 16, 2020) ......................................................... 2

*In re Fed. Bureau of Prisons' Execution Protocol Cases*,
  955 F.3d 106 (D.C. Cir. 2020) .................................................................................... 4

*In re Ohio Execution Protocol Litigation*,
  946 F.3d 287 (2019) .................................................................................................. 10

*Lee v. Watson*,
  No. 20A7, 2020 WL 3964235 (July 14, 2020) ........................................................... 2

*McGehee v. U.S. Dep't of Justice*,
  362 F. Supp. 3d 14 (D.D.C. 2019) .............................................................................. 7

*Peterson v. Barr*, No. 20A6,
  2020 WL 3964236 (July 14, 2020) .............................................................................. 2

*Purkey v. United States*,
  No. 20A12, 2020 WL 4006838 (July 16, 2020) ..................................................... 2, 5

*Storey v. Lombardi*,
  135 S. Ct. 1198 (2015) ................................................................................................ 7

*United States v. Nelson*,
  347 F.3d 701 (8th Cir. 2003) ...................................................................................... 1

*Warner v. Gross*,
  135 S. Ct. 824 (2015) .................................................................................................. 7

*Whitaker* v. *Collier*,
  862 F.3d 490 (5th Cir. 2017) ...................................................................................... 5

*Zagorski v. Parker*,
  18A376, 586 U.S. ___ (2018) .................................................................................... 8

*Zagorski v. Parker*,
  139 S. Ct. 11 (2018) .................................................................................................. 10

*Zink* v. *Lombardi*,
  783 F.3d 1089 (8th Cir. 2015) ............................................................................. 5, 11

*Zukowski v. Howard, Needles, Tammen, and Bergendoff*,
   115 F.R.D. 53 (D. Colo. 1987) ................................................................................ 7

**Statutes**

28 U.S.C. § 1657 ............................................................................................... 6, 7, 8

**Rules**

Federal Rule of Civil Procedure 57 ............................................................................ 5

**Other Authorities**

9 Fed. Prac. & Pro. § 2351 (3d ed.) .......................................................................... 7

10B Fed. Prac. & Proc. Civ. § 2768 (4th ed.) .......................................................... 6

Hailey Fuchs, For Third Time This Week, the Federal Government Carries Out an Execution, N.Y.
   Times (July 17, 2020), https://www.nytimes.com/2020/07/17/us/dustin-honken-federal-
   execution.html ................................................................................................... 12

Hailey Fuchs, Government Carries Out First Federal Execution in 17 Years, N.Y. Times
   (July 14, 2020), https://www.nytimes.com/2020/07/14/us/politics/daniel-lewis-lee-execution-
   crime.html ........................................................................................................ 12

Mark Berman, Justice Dept. Carries Out Second Federal Execution After Another Late-Night,
   Divided Supreme Court Ruling, Wash. Post (July 16, 2020),
   https://www.washingtonpost.com/national/wesley-purkey-execution-terre-haute-supreme-
   court/2020/07/16/e074dbca-c75f-11ea-b037-f9711f89ee46_story.htm ........................................ 12

## INTRODUCTION

Defendants oppose Plaintiff Keith Nelson's emergency motion for a trial on Count II of the Amended Complaint challenging the Federal Bureau of Prisons' ("BOP") single-drug pentobarbital protocol on Eighth Amendment grounds. ECF No. 174.[1]  In 2001, Nelson pled guilty before a federal district court in Missouri to the kidnap, rape, and murder of a ten-year-old girl who was rollerblading in the street near her home.  *United States v. Nelson*, 347 F.3d 701, 705 (8th Cir. 2003).  A jury of his peers returned a verdict that death should be imposed, and he was sentenced to death.  *Id.* at 706.  In the intervening years, he exhausted all appellate and post-conviction relief.  His guilt or innocence is not at issue in this litigation.  Nor is the lawfulness of his capital sentence.  Instead, he challenges BOP's intended use of pentobarbital in his execution, a lethal agent that is "a mainstay of state executions" and has been upheld by both the Supreme Court and courts of appeals across the country.  *Barr v. Lee*, No. 20A8 at 2, 591 U.S. ___ (July 14, 2020).  The Supreme Court accordingly has allowed the executions of three former plaintiffs in this case—Daniel Lee, Wesley Purkey, and Dustin Honken—to proceed using the challenged pentobarbital protocol, and those death sentences were implemented without any pentobarbital-related complications.

There is no good cause for an expedited trial on the Eighth Amendment claim.  The last-minute nature of Nelson's request alone requires denial of his motion.  The Supreme Court vacated the preliminary injunction issued by this Court on this very claim three weeks ago on July 14, 2020.  Yet Nelson waited until now to request a trial to begin on August 19, 2020, a mere 9 days before his scheduled execution date of August 28, 2020, in the hope of obtaining a last-minute ruling from this Court enjoining his execution.  But in vacating all three last-minute preliminary

---

[1] Nelson gave no indication that other plaintiffs in this consolidated action join in this motion. While consolidated cases "retain their separate identities at least to the extent that a final decision in one is immediately appealable by the losing party," *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018), a final judgment on Count II of the Amended Complaint would bind all plaintiffs in this action. Nelson's motion is thus defective insofar as it fails to provide the position of the other plaintiffs.

injunctions issued by this Court and in further denying requests to intercede in the implementation of the three former inmates' death sentences, the Supreme Court made clear that last-minute injunctions are improper. *See Lee*, No. 20A8 at 3; *Lee v. Watson*, No. 20A7, 2020 WL 3964235, at *1 (July 14, 2020); *Peterson v. Barr*, No. 20A6, 2020 WL 3964236, at *1 (July 14, 2020); *Barr v. Purkey*, No. 20A9, 2020 WL 4006809 at *1 (July 16, 2020); *Purkey v. United States*, No. 20A12, 2020 WL 4006838, at *1 (July 16, 2020); *Hartkemeyer v. Barr*, No. 20A11, 2020 WL 4006836, at *1 (July 16, 2020); *see also Bucklew v. Precythe*, 139 S. Ct. 1112, 1134 (2019) ("Last-minute stays should be the extreme exception.").[2]

Not only should this Court "police carefully against attempts to use [method-of-execution] challenges as tools to interpose unjustified delay," *Bucklew*, 139 S. Ct. at 1134, but a trial on the Eighth Amendment claim is inappropriate because the Amended Complaint fails to state a claim upon which relief can be granted under the Supreme Court's method-of-execution jurisprudence. "[I]t is difficult to regard a practice," such as the use of pentobarbital, "as objectively intolerable when it is in fact widely tolerated." *Baze v. Rees*, 553 U.S. 35, 53 (2008) (plurality opinion) (quotation marks omitted). As established by the Government's pending motion to dismiss, *see* ECF No. 169 at 10-21, "in the end" the plaintiffs' challenge "amounts to little more than an attack on settled precedent . . . on not just one but many essential legal elements set forth in the [Supreme Court's] case law and required by the Constitution's original meaning." *Bucklew*, 139 S. Ct. at 1134.

Finally, there are no material issues of fact to be resolved that would warrant a trial. The Supreme Court expressly concluded that "plaintiffs have not established that they are likely to succeed on the merits of their Eighth Amendment claim" and vacated this Court's preliminary injunction despite recognizing the "competing expert testimony" on whether inmates injected with

---

[2] Nelson inaccurately states that the Supreme Court vacated this Court's preliminary injunction as to the Federal Food, Drug, and Cosmetic Act ("FDCA") claim in a 5-4 decision. *See* ECF No. 174 at 4. That injunction was in fact vacated by the Supreme Court without a noted dissent. *See Barr v. Purkey*, No. 20A10 (vacating this Court's preliminary injunction based on the FDCA issue).

a lethal dose of pentobarbital would feel the pain associated with "flash pulmonary edema" prior to becoming insensate. *Lee*, No. 20A8 at 1-3. The Supreme Court did so because in identifying the widespread use of pentobarbital by states and other indicia that the use of pentobarbital is humane, *see id.* at 2, the Court strongly indicated that BOP's pentobarbital protocol does not pose "an objectively intolerable risk of harm," *Glossip v. Gross*, 135 S. Ct. 2726, 2736 (2015) (citation omitted). The vacatur of this Court's preliminary injunction on the Eighth Amendment claim leaves no doubt that this Court may not serve as a board of inquiry to referee a battle of the experts because doing so in these circumstances would simply "intrude on the role of [the government] in implementing [its] execution procedures." *Baze*, 553 U.S. at 51.

## BACKGROUND

This consolidated action has its origins in method-of-execution challenges brought in 2005 and 2006 by several of the plaintiffs that remain in this suit. *See* Mem. Op. at 4, ECF No. 50 (recounting the history of this litigation, starting with *Roane v. Gonzales*, 1:05-cv-02337 (D.D.C.)). By 2011, when this litigation was paused while BOP considered revisions to its then three-drug lethal injection protocol, seven individuals on federal death row were challenging BOP's method of execution. *Id.* at 4-5. Once BOP adopted its revised protocol in July 2019, this Court held a status conference at which it heard from three more death row inmates who sought to challenge BOP's protocol. *Id.* at 5. At that hearing, the Court consolidated all pending actions, "bifurcated discovery and ordered Plaintiffs to complete 30(b)(6) depositions by February 28, 2020 and to file amended complaints by March 31, 2020." *Id.* The Government made it clear at that hearing "that it was unwilling to stay the executions." *Id.*

Thereafter, Lee and Purkey as well as two other federal death row inmates each filed suit (and Honken intervened in Lee's suit), challenging the new protocol. This Court consolidated those suits into this action. *See* ECF Nos. 10, 13, 26. Although nothing prohibited Nelson from filing suit many months if not years earlier, he did so only on February 25, 2020. *See Nelson v. Barr et al.*, No. 20-cv-557 (D.D.C.). By that time, some of the plaintiffs had been scheduled for execution and the Court had entered the first of its preliminary injunctions in this case and issued

3

another scheduling order, providing for dispositive motion briefing to conclude on October 5, 2020.  *See* ECF No. 81.  Throughout the process, the Government continued to insist that it would not agree to postpone any executions pending the resolution of any dispositive motions.  *See* ECF No. 87.  Nelson's case was consolidated into this case on April 2, 2020.  *See* 20-cv-557, ECF No. 17.  He did not at that time move to expedite the briefing schedule, let alone move to expedite the trial.  Instead, he and the other plaintiffs filed a consolidated Amended Complaint on June 1, 2020.  *See* ECF No. 92.

Following the rescheduling of the executions of Lee, Honken, and Purkey, and the scheduling of Nelson's execution, the four plaintiffs jointly moved for a preliminary injunction, which the Court granted on July 13, 2020, on the ground that the plaintiffs were likely to succeed on their Eighth Amendment claim.  *See* Mem. Op. at 9-18, ECF No. 135.[3]  The Court found that the BOP Protocol "is very likely to cause Plaintiffs extreme pain and needless suffering during their executions."  *Id.* at 9.  Although the Court rejected the contention that additional procedural safeguards constitute alternative methods of execution, *id*. at 13, it concluded that the plaintiffs had likely identified two alternative methods of execution—(1) adding a pre-dose of opioid pain medication to the single-drug protocol and (2) the firing squad.  *Id*. at 13-18.

The Supreme Court vacated this Court's preliminary injunction on July 14, 2020, explaining that "plaintiffs have not established that they are likely to succeed on the merits of their

---

[3] The Court has not yet ruled on Nelson's motion to strike the notice of his execution date.  *See* ECF No. 101.  For the reasons stated in the Government's opposition to that motion, *see* ECF No. 109, Nelson's motion to strike is meritless, as is his attempt to characterize the BOP's July 31 revision of its protocol as an admission that the motion to strike is somehow meritorious.  *See* ECF No. 174 at 2 n.3.  BOP's protocol does not create enforceable rights, *see In re Fed. Bureau of Prisons' Execution Protocol Cases*, 955 F.3d 106, 112 (D.C. Cir. 2020) ("the 2019 protocol and addendum are rules of agency organization, procedure, or practice") (per curiam), and by its terms permits "deviation or adjustment [if] required, as determined by the Director of the BOP or the Warden."  AR 1019.  *See generally* ECF No. 109.  Given that this motion has been fully briefed since June 29, 2020, the government respectfully requests that the Court render a decision no later than next Friday, August 14, so that either party will have an opportunity to pursue any appropriate appellate review with ample time before the scheduled execution.

Eighth Amendment claim." *Lee*, No. 20A8 at 1-2.  Specifically, the Court noted that pentobarbital "has become a mainstay of state executions" and that BOP's adoption of its pentobarbital protocol followed the States' trend of moving towards "less painful and more humane methods" of execution.  *Id.* at 2.  The Court further noted that pentobarbital:

- Has been adopted by five of the small number of States that currently implement the death penalty.

- Has been used to carry out over 100 executions, without incident.

- Has been repeatedly invoked by prisoners as a *less* painful and risky alternative to the lethal injection protocols of other jurisdictions.

- Was upheld by this Court last year, as applied to a prisoner with a unique medical condition that could only have increased any baseline risk of pain associated with pentobarbital as a general matter.  *See Bucklew*, 587 U.S. ___.

- Has been upheld by numerous Courts of Appeals against Eighth Amendment challenges similar to the one presented here. *See, e.g.*, *Whitaker* v. *Collier*, 862 F.3d 490 (CA5 2017); *Zink* v. *Lombardi*, 783 F.3d 1089 (CA8 2015); *Gissendaner* v. *Commissioner*, 779 F.3d 1275 (CA11 2015).

*Lee*, No. 20A8 at 2.   "Against th[at] backdrop," the Supreme Court vacated this Court's preliminary injunction "so that plaintiffs' execution may proceed as planned."  *Id.* at 3.  Lee was executed several hours later on July 14, 2020, and the executions of Purkey and Honken followed on July 16 and 17, respectively, after the Supreme Court vacated yet two more last-minute injunctions issued by this Court.  *Barr v. Purkey*, No. 20A10; *Purkey v. United States*, No. 20A12.

It was not until July 31, 2020 that Nelson filed the instant emergency motion to expedite trial, seeking to have the Court conduct a trial beginning on August 19—a mere nine days before his scheduled execution—on the very same Eighth Amendment claim that the Supreme Court has already found insufficient to delay his execution, along with the executions of Lee, Purkey, and Honken.  As explained below, Nelson has failed to establish good cause for holding such a trial.

## ARGUMENT

### I. FEDERAL RULE OF CIVIL PROCEDURE 57 PROVIDES NO BASIS FOR AN EXPEDITED TRIAL

Nelson cites Rule 57 to justify his request for an expedited trial. Rule 57 governs declaratory judgments and provides that the court "may order a speedy hearing of a declaratory-judgment action." Fed. R. Civ. P. 57. But this case is not the type of "declaratory-judgment action" contemplated by Rule 57 because the plaintiffs' primary relief is an injunction to enjoin BOP from using the pentobarbital protocol to implement their death sentences. *See* Am. Compl. at 47. Simply because the plaintiffs' prayer for relief includes a request that the protocol be declared unconstitutional and illegal by no means transforms this action into a declaratory-judgment action. Rule 57 thus provides no basis for an expedited trial. *See Drinan v. Nixon*, 364 F. Supp. 853, 854 (D. Mass. 1973) (assuming that prior to an order for a speedy hearing the matter in issue "will have been joined by the filing of a responsive pleading"), *aff'd*, 502 F.2d 1158 (1st Cir. 1973). Indeed, Nelson has cited no case, and the Government is aware of none, that would support his request. *See* 10B Fed. Prac. & Proc. Civ. § 2768 (4th ed.) (noting the "dearth" of case law on Rule 57).

### II. THERE IS NO GOOD CAUSE FOR AN EXPEDITED TRIAL

Nelson also argues that 28 U.S.C. § 1657(a) requires this Court to grant his request for an expedited trial. He is wrong.

#### A. Section 1657 Does Not Contemplate Expedition In These Circumstances

Section 1657(a) provides:

> Notwithstanding any other provision of law, each court of the United States shall determine the order in which civil actions are heard and determined, except that the court shall expedite the consideration of any action brought under chapter 153 or section 1826 of this title, any action for temporary or preliminary injunctive relief, or any other action if good cause therefor is shown. For purposes of this subsection, "good cause" is shown if a right under the Constitution of the United States or a Federal Statute (including rights under section 552 of title 5) would be maintained

in a factual context that indicates that a request for expedited consideration has merit.

The provision thus identifies "only a narrow set of cases that must skip to the front of the line." *Comm. on Ways and Means, U.S. House of Representatives v. U.S. Dep't of the Treasury*, 19-cv-1974 (TNM), 2019 WL 4094563 at *1 (D.D.C. Aug. 29, 2019). This set of cases includes an "action for temporary or preliminary injunctive relief," but Nelson has already litigated the Eighth Amendment claim through a preliminary injunction motion on an expedited basis.

As for the catch-all "good cause" provision, it is merely intended to give district courts "more control over their crowded dockets and to give cases involving federal questions priority in court calendars." 9 Fed. Prac. & Pro. § 2351 (3d ed.); *see also Zukowski v. Howard, Needles, Tammen, and Bergendoff*, 115 F.R.D. 53, 55 (D. Colo. 1987) ("It is abundantly clear that Congress intended to give preference on crowded court dockets to federal questions."); *cf. McGehee v. U.S. Dep't of Justice*, 362 F. Supp. 3d 14, 18 (D.D.C. 2019) ("District courts enjoy broad discretion when deciding case management and scheduling matters."). It does not allow plaintiffs such as Nelson to circumvent the traditional sequence of civil litigation by holding a trial before Defendants have even answered the Amended Complaint, on a claim for which the Supreme Court has already vacated a preliminary injunction and for which there is currently a pending motion to dismiss in which Defendants argue that Nelson has not even stated an Eighth Amendment claim upon which relief can be granted. *See G.Y.J.P. v. Wolf*, 20-cv-1511 (TNM), 2020 WL 4192490 at *2 (D.D.C. July 21, 2020) (denying a motion to expedite under 28 U.S.C. § 1657(a) and instead "adher[ing] to the traditional civil litigation sequence" following the filing of a complaint); *Comm. on Ways & Means*, 2019 WL 4094563 at *2 (denying motion to expedite for similar reasons).

Nelson's upcoming execution is not grounds for rushing to trial. The Supreme Court routinely denies stay-of-execution applications by state inmates while their challenges to the relevant state's method-of-execution challenges are pending. *See, e.g.*, *Storey v. Lombardi*, 135 S. Ct. 1198 (2015) (challenge to Missouri's execution protocol); *Warner v. Gross*, 135 S. Ct. 824 (2015) (challenge to Oklahoma's execution protocol). "[T]he appropriate procedure" to address

7

any alleged "imminent harm" is for a plaintiff "to move for a preliminary injunction."  *See*

*G.Y.J.P.*, 2020 WL 4192490 at *2.  Nelson already took advantage of that expedited process, which

culminated in the Supreme Court's vacatur of the preliminary injunction issued by this Court.

Moreover, Nelson has known since at least June 15, 2020 (when he was notified of his execution

date) that the briefing schedule, in place since March 2020, would not yield a decision before his

August 28, 2020 execution.  *See* ECF No. 76.  And, although the Court revised that briefing

schedule yesterday and ordered briefing to conclude by August 13, Nelson himself—who bears

the burden of establishing good cause to expedite a trial—took no steps to expedite the schedule

or to seek an expedited trial either before or immediately after the Supreme Court vacated this

Court's July 13 Order.  Nelson's motion is but another last-minute request of the sort that the

Supreme Court has expressly admonished, and it does not constitute good cause for expedition

under Section 1657.

### B.  A Trial on the Eighth Amendment Claim Is Inappropriate Because the Plaintiffs Have Failed to State A Claim Upon Which Relief Can Be Granted

Nelson's motion should be denied also because the plaintiffs' Eighth Amendment claim

has no merit.  *See Fleming v. Medicare Freedom of Info. Grp.*, 15-cv-1135, 2018 WL 3549791 at

*3 (D.D.C. July 24, 2018) (finding no good cause to expedite under 28 U.S.C. § 1657 and noting

that "all of Plaintiff's proposed motions are both meritless and duplicative of those that have been

denied by the Court in the past").

The Supreme Court has already considered the same expert opinions that Nelson says

warrant a trial to reconsider, and the Court has expressly determined that he is unlikely to succeed.

*See Lee*, No. 20A8 at 1-3.  Its vacatur of this Court's preliminary injunction confirms that an inmate

cannot satisfy the "exceedingly high bar" of a method-of-execution challenge merely by prevailing

on a battle of expert opinions, especially when the Government's chosen method has all the

objective indicia of being humane.  As the Supreme Court noted, pentobarbital "'is widely

conceded to be able to render a person fully insensate' and 'does not carry the risks' of pain that

some have associated with other lethal injection protocols."  *Id.* at 1 (quoting *Zagorski v. Parker*,

18A376, 586 U.S. ___, ___ (2018) (Sotomayor, J., dissenting from denial of certiorari and denial of a stay) (slip op., at 2)).  Not only has the Supreme Court "'yet to hold that a State's method of execution qualifies as cruel and unusual,'" *id.* at 2 (quoting *Bucklew*, 139 S. Ct. at 1124), but BOP's selection of the single-drug pentobarbital protocol—"a mainstay of state executions"— followed the states' trend of "developing new methods, such as lethal injection, thought to be less painful and more humane than traditional methods, like hanging, that have been uniformly regarded as constitutional for centuries," *id.* (quoting *Bucklew*, 139 S. Ct. at 1124).  What is more, pentobarbital "has been used to carry out over 100 executions, without incident," has been upheld "by numerous Courts of Appeals against Eighth Amendment challenges similar to the one presented here," and "was upheld by [the Supreme] Court last year" in *Bucklew*.  *Id.*; *see also* Defs.' Mot. to Dismiss at 12-13, ECF No. 169.[4]  Pentobarbital's ubiquity is strongly probative of its constitutionality, since "it is difficult to regard a practice as objectively intolerable when it is in fact widely tolerated."  *Baze*, 553 U.S. at 53 (plurality opinion) (quotation marks omitted).

Against this background, this Court erred in crediting the statements of the plaintiffs' expert, Dr. Gail Van Norman, who asserted that pentobarbital could cause flash pulmonary edema resulting in extreme pain and needless suffering.  Mem. Op. at 9-13, ECF No. 135.  Conducting a trial for the same plaintiffs' experts to reiterate their opinions would serve no purpose.  The question before a court in a method-of-execution challenge is not which side has more convincing experts—an inquiry that "would embroil the courts in ongoing scientific controversies beyond their expertise, and would substantially intrude on the role of [government officials] in implementing their execution procedures."  *Baze*, 553 U.S. at 51 (plurality opinion); *see id.* ("Permitting an Eighth Amendment violation to be established on such a showing would threaten

---

[4] This Court had distinguished *Bucklew* on the ground that it involved a challenge "unique to [the] medical condition" of the inmate in that case.  Mem. Op. at 10, ECF No. 135.  But as the Supreme Court found, *Bucklew*'s holding applies with even greater force here because none of the plaintiffs have alleged similar health sensitivities.  *See Lee*, 20A8 at 2 (noting that the *Bucklew* inmate's unique medical condition "could only have increased any baseline risk of pain associated with pentobarbital as a general matter").

to transform courts into boards of inquiry charged with determining 'best practices' for executions, with each ruling supplanted by another round of litigation touting a new and improved methodology."). Rather, the question is whether, given the appropriate "measure of deference to a [government's] choice of execution procedures," *id*. at 51 n.2, the inmates have established an "objectively intolerable risk of harm that prevents prison officials from pleading that they were subjectively blameless for purposes of the Eighth Amendment." *Glossip*, 135 S. Ct. at 2737 (citation omitted). Here, the allegation that the government and the leading death-penalty States have, in attempting to make executions more humane, selected an execution method that "cruelly superadds pain to the death sentence" is untenable. *See Bucklew*, 139 S. Ct. at 1125. The plaintiffs have failed to adequately allege a scientific consensus to the contrary. Their reliance on the opinion of a single physician—Dr. Gail Van Norman—is not sufficient to satisfy their pleading burden. Although Nelson also seeks to introduce at trial the testimony of a pathologist who conducted an autopsy of Purkey, Mot. at 8, ECF No. 174, such testimony would at most be cumulative of Dr. Van Norman's testimony, which is already based in part on autopsies of inmates executed with pentobarbital, *see* Mem. Op. at 12, ECF No. 135.

Moreover, even if the plaintiffs' allegations regarding pulmonary edema are credited, they do not allege an Eighth Amendment violation. "Simply because an execution method may result in pain, either by accident or as an inescapable consequence of death, does not establish the sort of 'objectively intolerable risk of harm' that qualifies as cruel and unusual." *Baze*, 553 U.S. at 50 (plurality opinion); *see also Bucklew*, 139 S. Ct. at 1131 (upholding Missouri's pentobarbital protocol and acknowledging the possibility that inmate could experience feelings of "suffocation and excruciating pain" for as long as 20 to 30 seconds). Indeed, the Sixth Circuit recently recognized that the risk of pulmonary edema during an Ohio lethal injection was not the type of "constitutionally cognizable," "severe" pain that could support an Eighth Amendment claim. *In re Ohio Execution Protocol Litigation*, 946 F.3d 287, 290 (6th Cir. 2019) (explaining that an inmate's claim of pain related to pulmonary edema "pales in comparison to the pain associated with hanging," which has long "been considered constitutional").

This Court's prior dismissal of the Sixth Circuit's conclusion on the basis that Ohio's "three-drug protocol employ[s] midazolam," Mem. Op. at 11, ECF No. 135, was flawed. The Sixth Circuit was analyzing the medical issue of pulmonary edema, and did not confine its reasoning to the particular drug compound that produces that medical effect. In any event, midazolam has long been identified as more likely to cause pain than pentobarbital. *See Zagorski v. Parker*, 139 S. Ct. 11, 11–12 (2018) (Sotomayor, J., dissenting from denial of certiorari and denial of a stay). To the extent this Court relied on differences between the record in the Sixth Circuit and here regarding evidence of pain connected with pulmonary edema, *see* Mem. Op. at 11-12, ECF No. 135, that reliance misapplied the relevant Eighth Amendment standard. The Supreme Court has made clear that an inmate must establish that a challenged execution method "is 'sure or very likely to cause serious illness and needless suffering,' and give rise to 'sufficiently imminent dangers.'" *Glossip*, 135 S. Ct. at 2737 (citation omitted). The plaintiffs here fall short of that high bar. At bottom, plaintiffs' position would mean that more than one hundred State executions over the past decade (along with the three federal executions last month) were conducted using a protocol that inflicts unconstitutional pain—the modern-day equivalent of punishments like drawing and quartering or burning at the stake, even though it was chosen for just the opposite reason. *See id.* at 2746. That is simply implausible.

Furthermore, a battle-of-the-experts-trial is not warranted because the plaintiffs have not alleged an alternative method of execution that is feasible, readily implemented, and would significantly reduce a substantial risk of severe harm. This Court has already held that one of the proposed alternatives—adding certain procedural safeguards to avoid possible maladministration—is not constitutionally required. *See* Mem. Op. at 13, ECF No. 135. Despite this Court's preliminary ruling to the contrary, the plaintiffs' second alternative—adding a pre-dose of a pain-relieving, anesthetic drug, such as fentanyl to the pentobarbital protocol—is similarly unavailing. The plaintiffs have failed to allege that any State has used fentanyl in combination with pentobarbital. Under Supreme Court precedent, "choosing not to be the first [State] to experiment with a new method of execution is a legitimate reason to reject it." *Bucklew*, 139 S. Ct. at 1130. As for the plaintiffs'

suggestion to use the firing squad, the Constitution does not mandate that the federal government use an execution method that has "given way to more humane methods, culminating in today's consensus on lethal injection." *Baze*, 553 U.S. at 62 (plurality opinion). Given the "consensus" among the States that lethal injection is more dignified than the firing squad, *id.*, BOP was entitled to reach the same conclusion.

Finally, to the extent Nelson seeks a trial about the circumstances of the executions of Lee, Purkey, and Honken, he would merely be pursuing a maladministration challenge, which is insufficient to state a method-of-execution claim. An "isolated mishap alone does not give rise to an Eighth Amendment violation, precisely because such an event, while regrettable, does not suggest cruelty, or that the procedure at issue gives rise to a 'substantial risk of serious harm.'" *Id.* at 50 (quoting *Farmer v. Brennan*, 511 U.S. 825, 842 (1994)). Again, "what [the Eighth] Amendment prohibits is *wanton exposure* to objectively intolerable risk . . . not simply the possibility of pain." *Id.* at 61-62 (citation omitted) (emphasis added). Following *Baze*, appellate courts have routinely rejected maladministration allegations of the type Nelson appears to be hoping to prove at trial. *See, e.g.*, *Zink*, 783 F.3d at 1101 ("[Even] if any of the hypothetical situations the prisoners identify came to pass," isolated mishaps "would not result in an Eighth Amendment violation"); *Cooey v. Strickland*, 589 F.3d 210, 225 (6th Cir. 2009) (same). In any event, Nelson fails to identify in his motion any incidents of maladministration in the executions of Lee, Purkey, and Honken that would support the Amended Complaint's speculative allegations. In fact, public reports of the executions indicate that no such incidents occurred.[5]

---

[5] *See* Hailey Fuchs, Government Carries Out First Federal Execution in 17 Years, N.Y. Times (July 14, 2020), *available at* https://www.nytimes.com/2020/07/14/us/politics/daniel-lewis-lee-execution-crime.html (describing Lee's execution, in which "just a few short moments [after the drug was administered], his chest remained still"); Mark Berman, Justice Dept. Carries Out Second Federal Execution After Another Late-Night, Divided Supreme Court Ruling, Wash. Post (July 16, 2020), *available at* https://www.washingtonpost.com/national/wesley-purkey-execution-terre-haute-supreme-court/2020/07/16/e074dbca-c75f-11ea-b037-f9711f89ee46_story.html (reporting that after the lethal drug was injected, "Purkey took several deep breaths," and "eventually stopped and remained motionless for several minutes before his time of death was announced"); Hailey Fuchs, For Third Time This Week, the Federal Government Carries Out an Execution, N.Y. Times (July 17, 2020),

**CONCLUSION**

For these reasons, this Court should deny Nelson's emergency motion to expedite trial on his Eighth Amendment claim.

Dated:  August 4, 2020

Respectfully submitted,

MICHAEL R. SHERWIN
Acting United States Attorney

DANIEL F. VAN HORN
Civil Chief, U.S. Attorney's Office

ALAN BURCH (D.C. Bar 470655)
Assistant United States Attorney
U.S. Attorney's Office
for the District of Columbia
Washington, D.C. 20530
202-252-2550
alan.burch@usdoj.gov

DAVID M. MORRELL
Deputy Assistant Attorney General

PAUL R. PERKINS
Special Counsel

JEAN LIN (NY Bar 4074530)
Special Litigation Counsel

 _/s/_*Cristen C. Handley*
CRISTEN C. HANDLEY (MO Bar 69114)
JONATHAN KOSSAK (D.C. Bar 991478)
Trial Attorneys
Civil Division
Federal Programs Branch
Civil Division, Department of Justice
1100 L Street, N.W.
Washington, D.C. 20005
(202) 305-2677
Jean.lin@usdoj.gov
Jonathan.kossak@usdoj.gov
Cristen.handley@usdoj.gov

*Attorneys for Defendants*

---

*available      at*      https://www.nytimes.com/2020/07/17/us/dustin-honken-federal-execution.html (identifying no issues with the execution).

13

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 4, 2020, I caused a true and correct copy of foregoing to be served on all counsel of record via the Court's CM/ECF system.  Pursuant to this Court's August 20, 2019 Order, below is a list of all plaintiffs' counsel of record (as most recently identified in the signature pages of the Consolidated Amended Complaint, ECF No. 92):

Alan E. Schoenfeld (admitted *pro hac vice*)
Ryan M. Chabot (admitted *pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
(212) 230-8880
Alan.Schoenfeld@WilmerHale.com
Ryan.Chabot@WilmerHale.com

Andres C. Salinas (DC Bar No. 156118)
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6289
Andres.Salinas@WilmerHale.com

*Counsel for Wesley I. Purkey*

Joshua C. Toll
D.C. Bar No. 463073 King & Spalding LLP
1700 Pennsylvania Avenue, N.W.
Washington, DC 20006
(202) 737-8616
jtoll@kslaw.com

Margaret O'Donnell
P.O. Box 4815
Frankfort, KY 40604
(502) 320-1837
mod@dcr.net

*Counsel for Plaintiff Anthony Battle*

Ginger D. Anders (Bar No. 494471)
Jonathan S. Meltzer (Bar No. 888166546)
Brendan Gants (Bar No. 1031419)
MUNGER, TOLLES & OLSON LLP

1

1155 F Street N.W., Seventh Floor
Washington, D.C. 20004-1357
(202) 220-1100

*Counsel for Plaintiff Brandon Bernard*

Alex Kursman, Assistant Federal Defender
Shawn Nolan, Chief, Capital Habeas Unit
Federal Community Defender Office, E.D. Pa.
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Telephone - 215-928-0520
Email – alex_kursman@fd.org

*Counsel for Plaintiff Alfred Bourgeois*

Joseph Luby, Assistant Federal Defender
Federal Community Defender Office, E.D. Pa.
 601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Telephone - 215-928-0520
Email – joseph_luby@fd.org

*Counsel for Plaintiff Chadrick Fulks*

Amy Lentz (DC Bar No. 990095)
Steptoe & Johnson, LLP
1300 Connecticut Avenue NW
Washington, DC 20036
202.429.1320

*Counsel for Plaintiff Orlando Hall*

Scott W. Braden
Assistant Federal Defender
Arkansas Federal Defender Office
Ark Bar Number 2007123
1401 West Capitol, Suite 490
Little Rock, Arkansas 72201
(501) 324-6114
Scott_Braden@fd.org

Jennifer Ying (DE #5550)
Andrew Moshos (DE #6685)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market St.
P.O. Box 1347
Wilmington, Delaware 19801

(302) 658-9300
jying@mnat.com
amoshos@mnat.com

*Counsel for Plaintiff Norris G. Holder, Jr.*

Jon Jeffress
KaiserDillon PLLC
1099 14th Street NW
8th Floor West
Washington, DC 20005
Telephone - 202-640-2850
Email - jjeffress@kaiserdillon.com

Timothy Kane, Assistant Federal Defender
Shawn Nolan, Chief, Capital Habeas Unit
Federal Community Defender Office, E.D. Pa.
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Telephone - 215-928-0520
Email – timothy_kane@fd.org
Email – shawn_nolan@fd.org

*Counsel for Plaintiff Dustin Lee Honken*

Donald P. Salzman (D.C. Bar No. 479775)
Charles F. Walker (D.C. Bar No. 427025)
Steven M. Albertson (D.C. Bar No. 496249)
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
(202) 371-7983
donald.salzman@skadden.com

*Counsel for Plaintiff Corey Johnson*

David S. Victorson
Hogan Lovells US LLP
Columbia Square
555 13th Street NW
Washington, DC  20004
(202) 637-5600
(202) 637-5910 (fax)
david.victorson@hoganlovells.com

Pieter Van Tol (admitted *pro hac vice*)
Hogan Lovells US LLP
390 Madison Avenue

3

New York, NY 10017
(212) 918-3000
(212) 918-3100 (fax)
pieter.vantol@hoganlovells.com

*Counsel for Plaintiff Daniel Lewis Lee*

Kathryn L. Clune
Crowell & Moring LLP
1001 Pennsylvania Avenue NW
Washington D.C. 20004-2595
(202) 624-2705
kclune@crowell.com

Harry P. Cohen (pro hac vice application pending)
Michael K. Robles (pro hac vice application pending)
James Stronski (pro hac vice application pending)
Crowell & Moring LLP
590 Madison Avenue New York, NY 10022
(212) 223-4000
(212) 223-4134(fax)
hcohen@crowell.com
mrobles@crowell.com
jstronski@crowell.com

Jon M. Sands (pro hac application to be filed)
Dale A. Baich (pro hac application to be filed)
Jennifer M. Moreno
Federal Public Defender
District of Arizona
850 West Adams Street, Suite 201
Phoenix, Arizona 85007
602-382-2816
602-889-3960 (fax)
dale_baich@fd.org
jennifer_moreno@fd.org

*Counsel for Plaintiff Keith Nelson*

Shawn Nolan, Chief, Capital Habeas Unit
Federal Community Defender Office, E.D. Pa.
 601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Telephone - 215-928-0520
Email – timothy_kane@fd.org
Email – shawn_nolan@fd.org

*Counsel for Plaintiff Jeffrey Paul*

4

Paul F. Enzinna
D.C. Bar No. 421819
Ellerman Enzinna PLLC
1050 30th Street, NW
Washington, DC 20007
202.753.5553

*Counsel for Plaintiff James H. Roane, Jr.*

Amy Karlin
Interim Federal Public Defender
Celeste Bacchi
Jonathan C. Aminoff
Deputy Federal Public Defenders
321 E. Second Street
Los Angeles, CA 90012
(213) 894-2854

*Counsel for Plaintiff Julius O. Robinson*

Gerald W. King, Jr. Ga. Bar No. 140981
Jeffrey Lyn Ertel Ga. Bar No. 249966
FEDERAL DEFENDER PROGRAM, INC.
101 Marietta Street, Suite 1500
Atlanta, Georgia 30303
404-688-7530
(fax) 404-688-0768
Gerald_King@fd.org
Jeff_Ertel@fd.org

Stephen Northup
VSB #16547
Troutman Sanders LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1240
(fax) (804) 698-5120
steve.northup@troutmansanders.com

Frederick R. Gerson VSB #39968
Bank Of America Center
1111 East Main Street, 16th Floor Richmond,
Virginia 23219
(804) 482-1121
fgerson@dagglaw.com

*Counsel for Richard Tipton, III.*

Evan Miller (DC Bar # 219310)
Vinson & Elkins LLP
2200 Pennsylvania Avenue, NW
Suite 500 West
Washington, D.C. 20037
(202) 639-6605
(202) 478-1815 (fax)
emiller@velaw.com

*Counsel for Bruce Webster*


                        _/s/Cristen C. Handley__
                        Attorney for Defendants