**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In the Matter of the )<br>Federal Bureau of Prisons' )<br>Execution Protocol Cases )<br>   )<br>LEAD CASE: *Roane et al. v.* )<br>*Barr* )<br>   )<br>   )<br>THIS DOCUMENT )<br>RELATES TO: )<br>   )<br>*Roane, et al. v. Barr, et al.*, )<br>05-2337 )| Case No. 19-mc-0145 (TSC) |

**PLAINTIFFS' MOTION TO DEFER BRIEFING ON DEFENDANTS' MOTION TO
VACATE PRELIMINARY INJUNCTIONS PENDING JUDGMENT ON DEFENDANTS'
DISPOSITVE MOTIONS**

Plaintiffs James Roane, Richard Tipton, Corey Johnson, Orlando Hall, Bruce Webster,
Anthony Battle, and Jeffrey Paul respectfully request that the Court defer briefing on Defendants'
motion to vacate Plaintiffs' preliminary injunctions pending judgment on Defendants' dispositive
motions. Defendants' request that the Court decide their motion to vacate by September 4, 2020
is arbitrary and unfounded. Delaying the briefing schedule until the dispositive motions are
resolved will better inform Plaintiffs' position and the Court's analysis on Defendants' pending
motion to vacate, thus fostering efficiency while also reducing Plaintiffs' burden.

Between 2006 and 2014, Defendants agreed to stay these seven Plaintiffs' executions. *See
Roane v. Gonzales, No. 05-2237* ECF Nos. 5, 27, 67, 68, 336. The agreed-upon injunctions
variously indicated that these Plaintiffs' executions would not be permitted "pending further order
of this Court", and several restricted the government from setting execution dates. *See id.* ECF
Nos. 67, 68, 336. Defendants' motion now seeks to undo those agreed-upon orders on an expedited
basis.

1

On July 31, 2020, Defendants filed two papers, seeking three forms of relief.  Their first paper, as contemplated by the Court's scheduling order (*see* ECF No. 87), sought dismissal of Plaintiffs' non-APA claims and summary judgment on Plaintiffs' APA claims.  *See* ECF No. 169. Defendants' second paper, not addressed in the prior scheduling order, was a motion to vacate the longstanding preliminary injunctions barring the executions of the seven Plaintiffs.  *See* ECF No. 173.

Under the prior, agreed-upon scheduling order, Plaintiffs would have had until September 28 to respond to Defendants' dispositive motions.  *See* ECF No. 87.  However, on August 3, the Court issued new scheduling orders governing both of Defendants' papers.  In relation to Defendants' dispositive motions, the Court ordered Plaintiffs to file any opposition by August 10, and Defendants to file any reply by August 13.  In relation to Defendants' motion to vacate the preliminary injunctions for the aforementioned Plaintiffs, the Court ordered Plaintiffs to file any opposition by August 11, and Defendants to file any reply by August 14.

It is apparent that the Court intends to rule on the dispositive motions on an expedited basis. The Court's rulings on those motions will certainly inform the parties' and the Court's analysis on the motion to vacate the preliminary injunction, which is itself premised on Defendants' contention that the 2019 Protocol leaves the seven injunction Plaintiffs without any viable legal claims.  *See* ECF No. 173 at 8-9.  A brief postponement of the motion to vacate would allow for a more orderly, efficient, and informed adjudication of it.

In addition, while Plaintiffs seek no relief with regard to the Court's accelerated timetable in relation to the dispositive motions, Plaintiffs now have one week to respond to two motions that Defendants had more than two months to draft.  Simultaneously responding to Defendants' motion to vacate the preliminary injunctions, on a consolidated basis, poses a significant challenge for the

seven legal teams.  Deferring that briefing until after the resolution of Defendants' dispositive motions would alleviate Plaintiffs' burden without delaying in any material way the resolution of Defendants' motion to vacate.

Defendants nevertheless object to this motion, contending that the Court should decide their motion to vacate by September 4, 2020.[1]  Defendants' own actions in this litigation, however, belie any claim of urgency.  Defendants emphasize in their motion to vacate that the preliminary injunctions were entered "many years ago", but fail to acknowledge that it was Defendants that took *eight years* to come up with a new protocol – as the Court itself has recognized several times. (*See* ECF No. 50 at 14; ECF No. 135 at 20; ECF No. 145 at 16).  On July 25, 2019, after eight years of review – including six years of "finalizing" the review's "final phases" (*see Roane v. Gonzales, No. 05-2237* ECF No. 323) – Defendants informed this Court of the shift from a three-drug to a single-drug protocol.  *See id.* ECF No. 385.  Defendants then waited *an additional year* before seeking to vacate the preliminary injunctions based on this purported "significant change in circumstances".  During that time, Defendants agreed to the discovery schedule they now seek to rush, suddenly urging the Court to vacate the injunctions before the case can be resolved.

Defendants' claim that the Court must decide their motion to vacate in the next five weeks so that they can execute Plaintiffs more quickly – and attempt to moot the litigation – rings hollow. Despite urging the Court to vacate the injunctions immediately, Defendants argue, in a pleading filed today, that "[Plaintiffs'] upcoming execution is not grounds for rushing to trial."  ECF No. 178 at 12.  These inconsistent positions make clear Defendants' intentions: despite agreeing to a

---

[1] Defendants indicated that they would consent to a request to push Plaintiffs' opposition deadline to August 17, and Defendants' reply to August 20, but only if Plaintiffs joined Defendants' request that the Court rule on the motion to vacate by September 4.  Plaintiffs rejected this proposal, because it is inconsistent with the efficiency goals outlined above.

scheduling order long ago, Defendants now seek to render it impossible for Plaintiffs to resolve

their claims before they are executed.

## Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court defer briefing on

Defendants' motion to vacate Plaintiffs' preliminary injunctions pending decision on Defendants'

dispositive motions.  A proposed order is attached.


Respectfully submitted,

Dated:  August 4, 2020

*/s/ Amy Lentz*
Amy Lentz (DC Bar No. 990095)
Steptoe & Johnson, LLP
1300 Connecticut Avenue NW
Washington, DC 20036
202.429.1320
alentz@steptoe.com

*Counsel for Plaintiff Orlando Hall*

Joshua C. Toll                                      Evan Miller (DC Bar # 219310)
D.C. Bar No. 463073                                 Vinson & Elkins LLP
King & Spalding LLP                                 2200 Pennsylvania Avenue, NW
1700 Pennsylvania Avenue, N.W.                      Suite 500 West
Washington, DC 20006                                Washington, D.C. 20037
(202) 737-8616                                      (202) 639-6605
jtoll@kslaw.com                                     (202) 478-1815 (fax)
                                                    emiller@velaw.com
Margaret O'Donnell
P.O. Box 4815                                       *Counsel for Bruce Webster*
Frankfort, KY 40604
(502) 320-1837
 mod@dcr.net

*Counsel for Plaintiff Anthony Battle*

Donald P. Salzman (D.C. Bar No. 479775)
Charles F. Walker (D.C. Bar No. 427025)
Steven M. Albertson (D.C. Bar No. 496249)
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
(202) 371-7983
donald.salzman@skadden.com

*Counsel for Plaintiff Corey Johnson*

Shawn Nolan, Chief, Capital Habeas Unit
Federal Community Defender Office, E.D.
Pa.
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Telephone - 215-928-0520
Email – timothy_kane@fd.org
Email – shawn_nolan@fd.org

*Counsel for Plaintiff Jeffrey Paul*

Paul F. Enzinna
D.C. Bar No. 421819
Ellerman Enzinna PLLC
1050 30th Street, NW
Washington, DC 20007
202.753.5553
penzinna@ellermanenzinna.com

*Counsel for Plaintiff James H. Roane, Jr.*

Gerald W. King, Jr.
Ga. Bar No. 140981
Jeffrey Lyn Ertel
Ga. Bar No. 249966
FEDERAL DEFENDER PROGRAM, INC.
101 Marietta Street, Suite 1500
Atlanta, Georgia 30303
404-688-7530
(fax) 404-688-0768
Gerald_King@fd.org
Jeff_Ertel@fd.org

Stephen Northup
VSB #16547
Troutman Sanders LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1240
(fax) (804) 698-5120
steve.northup@troutmansanders.com

Frederick R. Gerson
VSB #39968
Bank Of America Center
1111 East Main Street, 16th Floor
Richmond, Virginia 23219
(804) 482-1121
fgerson@dagglaw.com

*Counsel for Richard Tipton, III*

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2020, I caused a true and correct copy of the foregoing to be served on all counsel of record via the Court's CM/ECF system. Pursuant to this Court's August 20, 2019 Order, below is a list of all counsel of record, where counsel noted with (*) are apparently no longer with the identified firms.

Joshua Christopher Toll
King & Spalding LLP
(202) 737-8616
Email: jtoll@kslaw.com

Paul F. Enzinna
Ellerman Enzinna PLLC
(202) 753-5553
Email: penzinna@ellermanenzinna.com

Charles Anthony Zdebski
Eckert Seamans Cherin & Mellott, LLC
(202) 659-6605
Email: czdebski@eckertseamans.com

Brandon David Almond
Troutman Sanders LLP
(202) 274-2864
Email: brandon.almond@troutmansanders.com

Gerald Wesley King, Jr.
Federal Defender Program, Inc.
(404) 688-7530
Email: gerald_king@fd.org

Donald P. Salzman
Skadden, Arps, Slate, Meagher & Flom LLP
(202) 371-7983
Email: Donald.salzman@skadden.com

Charles Fredrick Walker
Skadden, Arps, Slate, Meagher & Flom LLP
(202) 371-7000
Email: Charles.Walker@skadden.com

Steven M. Albertson
Skadden, Arps, Slate, Meagher & Flom LLP
(202) 371-7112
Email: Steven.Albertson@skadden.com

Celeste Bacchi
Office Of The Public Defender
Capital Habeas Unit
(213) 894-1887
Email: celeste_bacchi@fd.org

Craig Anthony Harbaugh
Federal Public Defender, Central District Of California
(213) 894-7865
Email: craig_harbaugh@fd.org

6

Alexander Louis Kursman
Office Of The Federal Community Defender, EDPA
(215) 928-0520
Email: Alex_Kursman@fd.org


*Jeanne Vosberg Sourgens
Vinson & Elkins, L.L.P.
(202) 639-6633

Robert E. Waters
Vinson & Elkins, L.L.P.
(202) 737-0500
Email: rwaters@velaw.com


William E. Lawler, III
Vinson & Elkins, L.L.P.
(202) 639-6676
Email: wlawler@velaw.com

Yousri H. Omar
Vinson & Elkins, L.L.P.
(202) 639-6500
Email: yomar@velaw.com


Evan D. Miller
Vinson & Elkins, L.L.P.
(202) 639-6605
Email: EMiller@velaw.com

Andres C. Salinas
Wilmer Cutler Pickering Hale & Dorr LLP
(202) 663-6289
Email: Andres. Salinas@wilmerhale.com


Margaret O'Donnell
(502) 320-1837
Email: mod@dcr.net

*William E. Hoffman, Jr.
King & Spalding LLP
(404) 572-3383


Abigail Bortnick
King & Spalding LLP
(202) 626-5502
Email: abortnick@kslaw.com

Mark Joseph Hulkower
Steptoe & Johnson LLP
(202) 429-6221
Email: mhulkower@steptoe.com


Matthew John Herrington
Steptoe & Johnson LLP
(202) 429-8164
Email: mherrington@steptoe.com

Robert A. Ayers
Steptoe & Johnson LLP
(202) 429-6401
Email: rayers@steptoe.com


Gary E. Proctor
Law Offices Of Gary E. Proctor, LLC
(410) 444-1500
Email: garyeproctor@gmail.com

Sean D. O'Brien
Public Interest Litigation Clinic
(816) 363-2795
Email: dplc@dplclinic.com

Scott Wilson Braden
Federal Public Defender, Eastern District Of
Arkansas
(501)-324-6144
Email: Scott_Braden@fd.org

Shawn Nolan
Federal Community Defender Office,
EDPA (215) 928-0528
Email: shawn.nolan@fd.org

David Victorson
(202) 637-2061
Hogan Lovells US LLP
Email: David.Victorson@hoganlovells.com

John D. Beck
Hogan Lovells US LLP
(212) 918-3000
Email: john.beck@hoganlovells.com

Amelia J. Schmidt
Kaiser Dillon, PLLC
(202) 869-1301
Email: Aschmidt@kaiserdillon.com

Jennifer Ying
Morris Nichols Arsht & Tunnell LLP
(302) 351-9243
Email: Jying@mnat.com

Billy H. Nolas
Federal Community Defender Office For
The EDPA
(215) 928-0520
Email: Billy_Nolas@fd.org

Alan E. Schoenfeld
Wilmer Cutler Pickering Hale & Dorr
LLP (212) 937-7294
Email: Alan.Schoenfeld@wilmerhale.com

Amy Gershenfeld Donnella
Federal Community Defender Office, EDPA
(215) 928-0520
Email: amy_donnella@fd.org

Joseph William Luby
Federal Public Defender, EDPA
(215) 928-0520
Email: joseph_luby@fd.org

Pieter Van Tol
Hogan Lovells US LLP
(212) 918-3000
Email: Pieter.Vantol@hoganlovells.com

Jonathan Jeffress
Kaiser Dillon, PLLC
(202) 640-2850
Email: Jjeffress@kaiserdillon.com

Andrew Moshos
Morris Nichols Arsht & Tunnell LLP
(302) 351-9197
Email: Amoshos@mnat.com

*Ryan M. Chabot
Wilmer Cutler Pickering Hale & Dorr LLP
(212) 295-6513

Kathryn B. Codd
Vinson & Elkins, L.L.P.
(202) 639-6536
Email: kcodd@velaw.com

Kathryn L. Clune Crowell &
Moring, LLP (202) 624-
2500
Email: KClune@crowell.com

8

Ginger D. Anders
Munger, Tolles & Olson,
LLP (202) 220-3200
Email: Ginger.Anders@mto.com

Alan Burch, D.C. Bar #470655
U.S. Attorney's Office
for the District of Columbia
202-252-2550
alan.burch@usdoj.gov

Jean Lin (NY Bar 4074530)
Jonathan Kossak (D.C. Bar 991478)
Cristen C. Handley (MO Bar 69114)
Civil Division, Department of Justice
(202) 514-3716
Jean.lin@usdoj.gov
Jonathan.kossak@usdoj.gov
Cristen.handley@usdoj.gov

Jennifer M. Moreno
Office of the Public Federal Defender,
District of Arizona
(602)382-2718
Email: Jennifer_Moreno@fd.org

Dale A. Baich
Office Of The Federal Public
Defender (602) 382-2816
Email: Dale_Baich@fd.org

Robert L. McGlasson
Mcglasson & Associates, PC
(404) 314-7664
Email:rlmcglasson@comcast.net

Jonathan Charles Aminoff
Federal Public Defender, Central District Of
California
(213) 894-5374
Email: jonathan_aminoff@fd.org

Dated:  August 4, 2020

*/s/ Amy Lentz*
Amy Lentz (DC Bar No. 990095)
Steptoe & Johnson, LLP
1300 Connecticut Avenue NW
Washington, DC 20036
202.429.1320
alentz@steptoe.com

*Counsel for Plaintiff Orlando Hall*

9

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| In the Matter of the Federal Bureau of Prisons' Execution Protocol Cases  LEAD CASE: *Roane et al. v. Barr*   THIS DOCUMENT RELATES TO:  *Roane, et al. v. Barr, et al.*, 05-2337 | Case No. 19-mc-0145 (TSC) |

### ORDER ON PLAINTIFFS' MOTION TO DEFER BRIEFING ON DEFENDANTS' MOTION TO VACATE PRELIMINARY INJUNCTIONS PENDING JUDGMENT ON DEFENDANTS' DISPOSITVE MOTIONS

Upon consideration of Plaintiffs' Motion to Defer Briefing on Defendants' Motion to Vacate Preliminary Injunctions Pending Judgment on Defendants' Dispositive Motions, and for good cause shown, it is hereby **ORDERED** that said motion be **GRANTED**.

It is **FURTHER ORDERED** that the due dates for Plaintiffs' Response to Defendants' Motion to Vacate Preliminary Injunction (ECF No. 173) and Defendants' Reply be **VACATED**, to be reset upon the resolution of Defendants' dispositive motions (ECF No. 169).

It is **SO ORDERED**.


Dated: _____          _____
                                    The Hon. Tanya S. Chutkan
                                    United States District Judge