IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of the Federal Bureau of Prisons' Execution Protocol Cases, <br><br> LEAD CASE: *Roane et al. v. Barr* <br><br> THIS DOCUMENT RELATES TO: <br><br> *Nelson v. Barr, et al.*, 20-cv-557 | Case No. 19-mc-0145 (TSC) |

**PLAINTIFF KEITH NELSON'S REPLY IN RESPONSE TO DEFENDANTS' OPPOSITION TO MR. NELSON'S EMERGENCY CROSS-MOTION FOR SUMMARY JUDGMENT ON FDCA CAUSES OF ACTION**

Plaintiff Keith Nelson, by and through counsel, respectfully submits this memorandum in further support of his cross-motion for summary judgment on Counts X and XI of the June 1, 2020 Amended Complaint (ECF No. 92, the "Am. Compl."), and Count VIII of the Amended Complaint to the extent it concerns violations of the FDCA (ECF No. 180, the "Motion").[1] As explained below, each of the arguments raised by Defendants in its Opposition to the Motion (ECF No. 187, the "Opp.") lacks merit. Defendants' motion for summary judgment on FDCA-related issues should be denied and Mr. Nelson's cross-motion should be granted.

### A.  The Supreme Court's Vacatur of this Court's Preliminary Injunction Has No Precedential or Informative Value

Defendants assert that the Supreme Court's vacatur of this Court's preliminary injunction is determinative of the "pure issues of law" presented by Mr. Nelson's FDCA-related causes of action, and that Mr. Nelson "does not identify any new record evidence that was unavailable to him in the preliminary injunction proceedings that would cast doubt on the

---

[1] Mr. Nelson adopts in this memorandum the same conventions and abbreviations used in the Motion.

vacatur." Opp. at 1-2. Defendants are incorrect on both points.

*First*, Defendants contention that the Supreme Court addressed and resolved legal issues is unsupported. The Supreme Court vacated the preliminary injunction order without any explanation of the basis of its decision. Defendants' speculation about what may have been in the mind of the Supreme Court is both presumptuous and unsupported. To the contrary, the brevity of the Supreme Court's order is significant and telling. If the Supreme Court intended to issue a ruling on the merits of what it might have viewed as a pure issue of law, it could and would have done so. *Munaf v. Geren*, 553 U.S. 674, 689-92 (2008) (in reviewing a district court's conclusion as to likelihood of success, "[t]here are occasions ... when it is appropriate [for an appellate court] to proceed further and address the merits" directly). The Supreme Court chose not to do so, and, accordingly, there is no basis to conclude that its order has significance beyond the fact that it vacated the preliminary injunction.

*Second*, Defendants themselves only recently produced new evidence which confirms that the FDCA is applicable, has been violated, and thus further supports Mr. Nelson's cross-motion for summary judgment. On Friday, August 7, 2020, Defendants produced photographs of the vials of the drugs used to execute Messrs. Purkey and Honken. The labels on the vials specifically state that the drugs contained in the vials were to be utilized by "Rx only," *i.e.*, only upon a valid medical prescription. *See*, *e.g.*, Exs. 1 (Honken) & 2 (Purkey), hereto. Here, while Defendants have refused to provide any information regarding the provenance of the execution drugs, they have repeatedly confirmed they have not obtained, and do not intend to obtain, a prescription for the pentobarbital they intend to use to execute Mr. Nelson. *See, e.g.,* Nov. 2019 Winter Dep. (ECF No. 102-2) at 315:4-6; Miller Dep. (ECF No. 102-5) at 29:18-21. The newly-produced evidence confirms that use of pentobarbital for execution is "Rx only," and

thus provides further confirmation that Defendants' violation of the FDCA warrants denying Defendants' motion for summary judgment and granting Mr. Nelson's cross-motion for summary judgment.

### B. The FDCA Applies to Lethal Injection Drugs

In arguing that the FDCA does not apply to execution drugs, Defendants once again trot out the same tired arguments that have been rejected by this Court and the D.C. Circuit.

*First*, Defendants contend that *Cook v. FDA*, 733 F.3d 1 (D.C. Cir. 2013) is inapposite, specifically, that the "FDA had conceded before the district court that the shipments [of sodium thiopental] were an unapproved new drug," and the court "had no occasion to address the antecedent question of whether FDA has jurisdiction over articles intended for use in capital punishment." Opp. at 3. Defendants' argument is patently false. As the D.C. Circuit explained, the FDA took the position in the *Cook* litigation that "thiopental is a 'drug' within the meaning of the FDCA even when it is intended for use in an execution." USCA Case No. 20-5206, Doc. No. 1851933, July 15, 2020, at 3. That statement by the FDA "was central to the [Circuit] court's affirmance of the district court's permanent injunction." *Id.* Contrary to Defendants' contention, *Cook* squarely addressed and ruled that the FDCA is applicable to drugs used for executions.

Defendants argument based on *FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000) is also recycled and has also been flatly rejected. As explained in the Motion, *Brown & Williamson* confirms that the "core" legislative purpose of the FDCA is to ensure that a "drug" is "'safe' and 'effective' for its intended use." *Brown & Williamson Tobacco Corp.*, 529 U.S. at 133. Defendants insist that they selected pentobarbital as an execution drug for the medical purpose of preventing pain, and to otherwise ensure a "humane" death. AR1, 3, 525-26, 858, 871-72, 929, 932. Having crafted a protocol to achieve a specific medical purpose, enlisted

3

scientific experts to assist in that purpose, and defended the protocol as "humane" because it allegedly achieves that purpose, Defendants must necessarily comply with the laws that have been enacted by Congress to ensure that drugs are "'safe' and 'effective' for [their] intended use." *Brown & Williamson*, 529 U.S. at 133.[2]

Moreover, as the D.C. Circuit cogently explained, the "government's argument" that *Brown v. Williamson* "prevents reading the FDCA to authorize the FDA to regulate drugs used for executions…conflicts with the necessary premise of a published precedential decision of our court," *i.e.*, *Cook*. USCA Case No. 20-5206; Doc. No. 1851933, July 15, 2020, at 3. Indeed, the D.C. Circuit noted that Defendants' argument was belied by Supreme Court precedent, "not[ing] that the Supreme Court has expressly declined to resolve this 'thorny' jurisdictional question," stating that "'we need not and do not address' whether the FDCA applies to drugs used to carry out executions." *Id*. (*citing* and *quoting Heckler v. Chaney*, 470 U.S. 821, 828 (1985)).

In short, Mr. Nelson's argument honors and applies the binding precedent of this Circuit; Defendants seek to disavow and sidestep it.

### C.     Defendants Violate the FDCA's Restrictions on Compounded Drugs

Defendants' only attempt to escape their FDCA violation based on non-compliance with important limitations on outsourcing facilities is to repeat their argument that the FDCA is inapplicable to execution drugs. As discussed above, that contention is false. The FDCA is

---

[2] Defendants falsely contend that Mr. Nelson "does not explain how a drug intended to be used to bring about death in the context of capital punishment can be made safe and effective through a prescription." Opp. at 6. As explained in the Amended Complaint, the problem with the 2019 Execution Protocol is that no medical practitioner has made a clinical judgment that the particular drug is well suited to execute an individual prisoner in light of that prisoner's medical needs. *See* Am. Compl., ¶¶ 62-67, 171-172. The 2019 Execution Protocol lacks the type of prescription that the FDCA requires: a "bona fide" order directing "the preparation and administration of a medicine, remedy, or drug for a real patient who actually needs it after some sort of examination or consultation by a licensed doctor." *United States v. Nazir*, 211 F. Supp. 2d 1372, 1375 (S.D. Fla. 2002).

applicable under the binding precedent of this Circuit, and the FDCA indisputably applies to the drugs used in lethal injections. Similarly, Defendants' reliance on this Court's statement in its July 15, 2020 Order that "Defendants' decision to [use compounded pentobarbital] was not arbitrary and capricious" (ECF No. 145 at 9; Opp. at 7) is misguided. Whether Defendants' decision was arbitrary and capricious has no bearing on whether Defendants have actually complied with the FDCA or thus have acted "otherwise not in accordance with law."

### D. The APA Provides a Private Right of Action

Defendants' contention that the FDCA precludes Mr. Nelson's claims because the statute limits enforcement actions to the federal government (Opp. at 9 (*citing* 21 U.S.C. § 337(a))) is incorrect. To the contrary, the APA provides a cause of action when agency action is "not in accordance with law," 5 U.S.C. §§ 706(2)(A), and it applies whether or not the statute that the Government is violating provides a private right of action by itself. *See Chrysler Corp.* v. *Brown*, 441 U.S. 281, 316-18 (1979) (finding no private right of action to enforce the Trade Secrets Act, but holding that any governmental disclosures that violate the Act are reviewable and "not in accordance with law" under the APA).

### E. Conclusion

For the reasons set forth in the Motion and above, Mr. Nelson respectfully requests that the Court deny Defendants' motion for summary judgment, and grant his cross-motion for summary judgment on Counts X and XI of the June 1, 2020 Amended Complaint (ECF No. 92), and Count VIII of that Amended Complaint to the extent it concerns violations of the FDCA.

Dated: August 13, 2020                    Respectfully submitted,

                                        */s/ Harry P. Cohen*
                                        Harry P. Cohen (admitted *pro hac vice*)
                                        Michael K. Robles (admitted *pro hac vice*)
                                        James K. Stronski (admitted *pro hac vice*)
                                        Brian J. O'Sullivan (admitted *pro hac vice*)

Crowell & Moring LLP
590 Madison Avenue
New York, NY 10022
(212) 223-4000
(212) 223-4134(fax)
hcohen@crowell.com
mrobles@crowell.com
jstronski@crowell.com
bosullivan@crowell.com

Kathryn L. Clune
Crowell & Moring LLP
1001 Pennsylvania Avenue, NW
Washington D.C. 20004-2595
(202) 624-2705
kclune@crowell.com

Jon M. Sands
Dale A. Baich
Jennifer M. Moreno
Federal Public Defender
District of Arizona
850 West Adams Street, Suite 201
Phoenix, Arizona 85007
602-382-2816
602-889-3960 (fax)
dale_baich@fd.org
jennifer_moreno@fd.org

*Counsel for Plaintiff Keith Nelson*