**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In the Matter of the Federal Bureau of Prisons' Execution Protocol Cases<br><br>LEAD CASE: *Roane et al. v. Barr*<br><br>THIS DOCUMENT RELATES TO:<br><br>*Roane, et al. v. Barr, et al.*, 05-2337 | Case No. 19-mc-0145 (TSC) |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO VACATE PRELIMINARY INJUNCTIONS**

## I. Introduction

Defendants abruptly seek to vacate preliminary injunctions that this Court entered more than a decade ago to prevent the Bureau of Prisons ("BOP") from executing Plaintiffs before the Court could review the legality and constitutionality of the BOP's lethal injection protocol. Defendants *agreed* to most of the injunctions they now urge the Court to lift, waited more than eight years to announce a new protocol in July 2019, and then consented to a discovery and briefing schedule they assured this Court would not prejudice any party. Now, pantomiming great urgency, Defendants seek a hasty vacatur of these injunctions, asking this Court's permission to do precisely what these injunctions were imposed to prevent: the termination of this litigation by Plaintiffs' executions, ensuring that the illegalities and constitutional violations addressed in Plaintiffs' claims will never be redressed. Neither the law nor the equities support Defendants' gambit. Since the Court entered these injunctions, there has been no significant change of fact sufficient to justify relief under Rule 60(b)—something that Defendants implicitly acknowledged by not requesting

vacatur when they announced their new protocol, or during the year that followed. Defendants also significantly overstate the scope of the appellate decisions on which they rely in claiming the "legal landscape" has changed, as the import of those decisions goes only to the Eighth Amendment claim that this Court has dismissed. In short, Defendants' motion attempts to enlist this Court in their naked attempt to evade judicial review. This Court should refuse them.

## II. Statement of Facts

The full procedural history of this case provides essential context for understanding the equitable roots of the injunctions at issue. On December 6, 2005, Plaintiffs Roane, Tipton and Johnson filed their complaint challenging the constitutionality of the BOP's lethal injection protocol. *Roane v. Gonzales*, No. 05-2337 (D.D.C.), ECF No. 1. Just two weeks later, the government set execution dates for all three plaintiffs: Tipton (May 8), Johnson (May 10), and Roane (May 12).

On February 27, 2006, this Court preliminarily enjoined those three executions and stayed the case pending the Supreme Court's decision in *Hill v. Crosby*.[1] *Roane v. Gonzalez*, No. 05-2337, ECF No. 5 at 1 (Huvelle, J.). After *Hill* was decided—and without objection from Defendants—this Court, on June 30, 2006 ordered the litigation to resume, but kept in place the preliminary injunction barring Plaintiffs' executions. *Roane*, ECF No. 7 at 1 (Roberts, J.).

On December 5, 2006, Plaintiff Bruce Webster was notified by letter that Defendants had scheduled his execution for April 16, 2007. On January 29, 2007, Webster moved to intervene and requested that the Court enjoin his execution; Defendants did not oppose either request. *Roane*, ECF No. 23. On February 14, 2007, Webster—again without opposition from Defendants—moved for a preliminary injunction barring his execution "until the Court has reviewed the legality and

[1] This case was decided on June 12, 2006, as *Hill v. McDonough*, 547 U.S. 573 (2006).

constitutionality of Defendants' lethal injection protocol." *Roane*, ECF No. 26 at 1. The following week, the Court enjoined Defendants from executing Webster, "pending further order of this Court." *Roane*, ECF No. 27 (Roberts, J.).

In April 2007, both Battle and Hall moved to intervene as Plaintiffs and to enjoin Defendants from setting execution dates and from executing them until the Court had completed its review of Defendants' lethal injection protocol to determine its legality and constitutionality. *Roane*, ECF Nos. 36, 38. Once again, Defendants did not oppose either request.

In June 2007, Defendants moved to stay discovery pending litigation of dispositive motions, for judgment on the pleadings, and to lift Plaintiffs' injunctions. *Roane*, ECF No. 59-61. Defendants' motions notwithstanding, the Court entered preliminary injunctions on June 11, 2007 barring Defendants from setting execution dates for Plaintiffs Battle and Hall. *Roane*, ECF Nos. 67-68 (Roberts, J.). Defendants did not appeal those injunctions. In July 2007, and then again in August 2008, Defendants amended the lethal injection protocol, and discovery continued. *See Roane*, ECF No. 177, Ex. 1.

On July 28, 2011, Defendants informed the Court that the BOP had yet again "decided to modify its lethal injection protocol." *Roane*, ECF No. 288 at 2. Defendants anticipated that ordinary litigation would resume thereafter: "Once the revised lethal injection protocol is available, Defendants will provide a copy to Plaintiffs' attorneys for purposes of developing a schedule for supplemental discovery on the revised protocol and a briefing schedule to be filed with the Court." *Id*.

Beginning in 2012 and continuing thereafter, Defendants periodically reported to the Court that they were revising their lethal injection protocol "due to the unavailability of sodium thiopental." *See, e.g.*, *Roane*, ECF Nos. 301, 331. Defendants continued to delay this litigation for

years while they "engaged in a review of the protocol[.]" *See, e.g.*, ECF No. 358. In the interim, on April 3, 2014, the Court issued a preliminary injunction barring Defendants from setting an execution date and from executing Plaintiff Paul. *Roane*, ECF No. 336 (Roberts, J.).[2]

On July 25, 2019, Defendants notified Plaintiffs that the government had adopted a "revised addendum to the Federal Bureau of Prisons' execution protocol" replacing the three-drug sodium thiopental procedure with a one-drug pentobarbital procedure. *Roane*, ECF No. 385.

On August 15, 2019, this Court, with the parties' agreement, authorized limited, preliminary discovery and ordered Plaintiffs to amend their complaint by March 31, 2020. *See* Minute Entry (Aug. 15, 2019). On February 19, 2020, this Court, again with the agreement of the parties, ordered Defendants to file their dispositive motions by June 1, 2020, and established a schedule for related briefing to be completed by October 5, 2020. ECF No. 81. The Court further ordered the parties to file a joint case management plan for trial within 15 days after the dispositive motions were resolved. *Id.*

On March 17, 2020, citing logistical hurdles imposed by the spreading COVID-19 pandemic, the parties filed a consent motion asking the Court to extend by sixty days the deadlines for filing the consolidated amended complaint and the papers for the dispositive motions. ECF No. 87 at 1. The parties represented to the Court that "[n]either party will be prejudiced by the additional time." *Id*. at 2.

[2] Plaintiff Paul, on October 6, 2009, moved to intervene as a plaintiff and for a preliminary injunction barring Defendants from scheduling his execution, *Roane*, ECF Nos. 228, 242. Defendants opposed Paul's request and this Court denied the motion to intervene. *See Roane*, ECF Nos. 259-60, 294. Paul appealed, and after the Court of Appeals reversed, *see Roane v. Leonhart*, 741 F.3d 147 (D.C. Cir. 2014), this Court admitted Paul to the case on March 24, 2014. *Roane*, ECF No. 333. Paul moved for a preliminary injunction the same day. *Roane*, ECF No. 334.

The Court then issued the following schedule: Plaintiffs' amended complaint due June 1, 2020; Defendants' dispositive motion due July 31, 2020; Plaintiffs' combined opposition and/or cross motion due September 28, 2020; Defendant's combined reply and/or cross opposition due November 13, 2020; Plaintiffs' cross reply due December 4, 2020. *See* Minute Order (Mar. 18, 2020). The Court directed the parties to file a joint case management plan 15 days after the resolution of the dispositive motion. *See id.*

On July 31, 2020, over one year after publishing the 2019 Protocol, and more than four months before completing the litigation schedule to which they had freely agreed, Defendants moved to vacate the seven preliminary injunctions. ECF No. 173. And despite having previously assured the Court that neither party would be prejudiced by the parties' proposed revised schedule, Defendants argued in a different pleading filed just four days later that "[Plaintiffs'] upcoming execution is not grounds for rushing to trial." ECF No. 178 at 7 (opposition to Plaintiff Nelson's emergency motion to expedite trial).

On August 15, 2020, this Court denied Plaintiff Nelson's motion for expedited trial and dismissed Plaintiffs' Eighth Amendment claim except as to Plaintiff Norris Holder. ECF No. 193. The Court did not address the status of any other claims in its order. ECF No. 193.

## III. Argument

Defendants have failed to satisfy the high bar for Rule 60(b) relief from the injunctions issued by this Court. In sum: (1) Defendants' Rule 60(b) motion is untimely; (2) Defendants' change from a three-drug protocol to the one-drug 2019 Protocol did not constitute a significant change in fact and is not an "extraordinary circumstance" justifying relief, especially in light of Defendants' dilatory conduct both before and after adopting the new protocol, as well as the continuing vitality of Plaintiffs' non-Eighth Amendment claims; and (3) the cases cited by Defendants did not constitute a significant change in the legal landscape. As the preliminary

injunctions continue to serve both their original purpose and the public interest by preventing one party from executing the other before their claims may be adjudicated on the merits, they should not be vacated.

**A. Defendants' Motion is Untimely**

Rule 60(b) motions must be made within a "reasonable time." *THEC Int'l-Hamdard Cordova Grp.-Nazari Constr. Co. v. Cohen Mohr, LLP*, 301 F. Supp. 3d 1, 8-9 (D.D.C. 2018); Fed R. Civ. P. 60(c)(1). Courts within the D.C. Circuit "almost uniformly deny Rule 60(b)(6) motions as untimely when they are filed more than three months after" the action of the court that is the focus of the motion. *See THEC Int'l*, 301 F. Supp. 3d at 9 (citation omitted). Motions not filed within that 90-day window are generally allowed to proceed only in "extreme and extenuating circumstances," *Darby v. Shulkin*, 321 F.R.D. 10, 12 (D.D.C. 2017), or where the delay is not the fault of the filing party. *See THEC Int'l*, 301 F. Supp. 3d at 9. When evaluating the timeliness of a Rule 60(b) motion, the D.C. Circuit also considers prejudice to the non-moving party. *See, e.g.*, *Salazar ex rel. Salazar v. District of Columbia*, 633 F.3d 1110, 1118 (D.C. Cir. 2011).

Defendants' motion comes far too late, more than a year after Defendants informed the Court of the 2019 Protocol. *Roane*, ECF No. 385. Although Defendants largely base their motion on their decision to shift from a three-drug protocol to a one-drug protocol, *see* ECF No. 173 at 7-8, Defendants did not seek Rule 60(b) relief upon adopting the one-drug protocol, or within three months of adopting it, or even within a year of adopting it. Instead, as litigation over Defendants' new protocol unfolded, Defendants actively sought to extend the dispositive motions schedule and represented that "[n]either party will be prejudiced by the additional time." ECF No. 87 at 1-2. Defendants have failed to identify any valid reason for their delay in filing this motion, nor have

they identified any extreme circumstances that would excuse their failure to timely seek Rule 60(b) relief.

Further, granting Defendants' motion now would be manifestly prejudicial to Plaintiffs. If Defendants' motion is granted, Plaintiffs could be subject to execution under Defendants' unlawful protocol before this Court can adjudicate the constitutional and legal claims before it. This risk is not hypothetical—during the pendency of this litigation, Defendants executed three Plaintiffs who were not protected by preliminary injunctions. Had Defendants timely moved to vacate the preliminary injunctions when they announced the 2019 Protocol, Plaintiffs would have moved for expedited discovery and would have sought a trial on the merits within the last year. Instead, Defendants now ask the Court to vacate the injunctions so that they may schedule Plaintiffs' executions and thereby prevent Plaintiffs from presenting their claims in a trial based on complete discovery. As Defendants argued to this Court at the Status Conference on August 14, 2020, the case is not in an appropriate posture for trial because there has been no discovery relating to the expert witnesses whose testimony will be a "focal point of trial." Thus, if this Court vacates the injunctions, Plaintiffs will be forced to proceed to trial without pre-trial discovery on the main issues. That prejudice weighs heavily against finding that Defendants acted in a reasonable time here. *See Salazar*, 633 F.3d at 1118 (stating that courts should consider prejudice to the non-moving party).

**B. The Change in Protocol Does Not Justify Lifting the Longstanding Injunctions, Especially in Light of Defendants' Failure to Act with Diligence in Developing the Protocol and Seeking to Use it Against These Seven Plaintiffs.**

Rule 60(b) "should only be applied in extraordinary circumstances." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988) (internal quotation marks omitted). A party seeking to vacate a preliminary injunction under Rule 60(b) must prove that "a significant change

either in factual conditions or in law" has rendered the preliminary injunction "detrimental to the public interest." *Horne v. Flores*, 557 U.S. 443, 447 (2009) (citation omitted). That significant change, moreover, must be "unanticipated" by the parties and the court. *Am. Council of the Blind v. Mnuchin*, 878 F.3d 360, 367 (D.C. Cir. 2017); *see* 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2863 (3d ed. Westlaw Apr. 2020) ("new and unforeseen conditions") (quoting *United States v. Swift & Co.*, 286 U.S. 106, 119 (1932)). The Court ultimately "must, in its discretion, decide 'whether the requested modification effectuates or thwarts the purpose behind the injunction.'" *Hudson v. Am. Fed'n of Gov't Emps.*, 281 F. Supp. 3d 11, 14 (D.D.C. 2017) (quoting *Sierra Club v. U.S. Army Corps of Eng'rs*, 732 F.2d 253, 257 (2d Cir. 1984)), *appeal dismissed*, No. 17-7177, 2018 WL 4610740 (D.C. Cir. Aug. 30, 2018).

**1. Defendants' lack of diligence proves that no "extraordinary circumstances" exist here to justify relief from judgment.**

Defendants appear to rely solely on Rules 60(b)(5) and 60(b)(6), both of which require "extraordinary circumstances" in order to justify relief from judgment. *Gonzalez v. Crosby,* 545 U.S. 524, 535 (2005); *SEC v. Bilzerian*, 815 F. Supp. 2d 324, 328 (D.D.C. 2011), *aff'd*, No. 11-5337, 2012 WL 1922465 (D.C. Cir. 2012). But Defendants' dilatory conduct shows that no such circumstances are present here. *Gonzalez* illustrates why. There, the prisoner's habeas corpus petition was held untimely under Eleventh Circuit precedent, and he sought relief from judgment after the Supreme Court read the statute of limitations more generously in *Artuz v. Bennett*, 531 U.S. 4 (2000). The Supreme Court held that its ruling in *Artuz* was not an "extraordinary circumstance" that would justify revisiting the timeliness of Gonzalez's habeas petition. *Gonzalez*, 545 U.S. at 537-38. Essential to the Court's holding was Gonzalez's persistent failure to diligently press the timeliness of his claims. *See id.* at 537 ("The change in the law worked by *Artuz* is all the less extraordinary in petitioner's case, because of his lack of diligence in pursuing review of the

statute-of-limitations issue."). Among other deficiencies, Gonzalez did not appeal or seek certiorari on the issue in order to correct the Eleventh Circuit's adverse precedent, even though other circuits had conflicting precedents that would have aided Gonzalez. *See id*.

And so it is here. The last of the preliminary injunctions at issue was entered in 2014. Defendants declined to appeal the injunction's issuance, just as Defendants had earlier declined to appeal the 2007 preliminary injunctions in favor of Plaintiffs Battle and Hall despite the arguments that Defendants had advanced in moving for judgment on the pleadings—a motion urging that the disputed three-drug protocol at issue had been upheld by the Sixth, Eighth, and Ninth Circuits. *See Roane*, ECF No. 60 at 18. All the while, Defendants stood without *any* execution protocol for the eight years that elapsed between their 2011 announcement that they were terminating the three-drug method and their 2019 unveiling of the one-drug method. This Court has repeatedly pointed to Defendants' delay as evidence cutting against their claims of sudden urgency to carry out immediate executions. *See* ECF No. 50 at 14; ECF No. 135 at 20; ECF No. 145 at 16. Indeed, of the eight years that Defendants spent developing the current protocol, they devoted the last six to "finalizing" the review's "final phases." *See Roane*, ECF No. 323. And even after *that* development, Defendants waited an additional year after issuing the new protocol before seeking to vacate the seven Plaintiffs' injunctions. Defendants' indolence disproves any "extraordinary" circumstances that would justify relief from the Court's prior issuance of the injunctions.

Defendants' conduct to date strongly contradicts their claimed equitable entitlement to schedule these seven prisoners' executions during the coming weeks or months. Defendants have consistently sat on their hands:

- After the *Hill* decision, Defendants could have attempted to dissolve the injunctions for plaintiffs Roane, Tipton, and Johnson. Instead, Defendants concurred that the case and discovery should continue. Defendants then took eight years to develop a new protocol, spending the most recent six "finalizing" it.

- After Plaintiffs Webster, Battle, Hall, and Paul intervened, Defendants did not oppose preliminary injunctions barring their executions. Defendants could have immediately appealed the Court's ruling regarding their one previous motion to lift the stays, but chose not to.

- When Defendants announced the current protocol in 2019, they did not ask the Court to lift the injunctions, but instead agreed to limited discovery and a dispositive motion schedule that they promised would not prejudice the parties.

- Defendants targeted four prisoners for execution in July 2019, purportedly because each had committed at least one murder against a child. *See, e.g.*, ECF No. 111 at 1 ("Plaintiffs . . . each were convicted of exceptionally heinous crimes of murdering children in violation of federal criminal law." (internal quotation marks omitted)). Defendants now claim a *different* criterion for deciding whom to execute, insisting it would be "profoundly inequitable" for the Court to leave in place injunctions protecting "inmates with some of the oldest conviction dates." ECF No. 173 at 1-2. If Defendants sincerely believed that "profound" equities require a first-in-first-out policy, they would have adopted such a policy when they announced the 2019 Protocol. Instead, they waited some thirteen months before offering the explanation that they were targeting those with the "oldest conviction dates."

Rather than seek relief at any of these junctures, Defendants each time made a considered decision to stand idly by. A claim of "extraordinary circumstances" requires the claimant to have acted with at least some semblance of promptness. That burden should be higher where, as here, the claimant previously freely agreed to the relief it is now asking the Court to withdraw. Nothing about Defendants' conduct supports their claim of "extraordinary circumstances."

**2. Defendants have failed to establish a "significant change" implicating Plaintiffs' non-Eighth Amendment claims.**

Defendants have failed to show a "significant change" in factual circumstances that would render the continued enforcement of Plaintiffs' injunctions "detrimental to the public interest" because (1) the change from a three-drug protocol to a one-drug protocol does not implicate several of Plaintiffs' claims; (2) that change in protocol was not unforeseen in this litigation; and (3) the preliminary injunctions continue to serve their original purpose.

Importantly, the 2019 Protocol did not moot Plaintiffs' claims. The D.C. Circuit, in holding that Plaintiff Paul was entitled to intervene, reasoned that "not all of the claims in this lawsuit are

tied to" the previous three-drug method. *Roane v. Leonhart*, 741 F.3d 147, 150 (D.C. Cir. 2014). It pointed out that the prisoners asserted a due process challenge attacking Defendants' "refusal to disclose the procedures that will be used to execute them." *Id.* The court described that challenge as "an independent claim that remains live regardless of whether the government can use the particular combination of drugs it has used in the past." *Id.* Plaintiffs continue to pursue this due process claim, and indeed, the current protocol and its implementation have only exacerbated the lack of transparency concerning precisely how and when the government will execute prisoners. Am. Compl. at 34, ECF No. 92; Opp'n to Mot. to Dismiss and for Summ. J. at 14-18, ECF No. 184.

Further, Defendants' issuance of the 2019 Protocol was neither an unforeseen nor unanticipated change in circumstances. *Cf. Am. Council of the Blind*, 878 F.3d at 367. As early as 2011—almost a decade ago—Defendants informed the Court that the BOP was revising its lethal injection protocol. *Roane*, ECF No. 288 at 2. And this Court's decision to enter a preliminary injunction covering Plaintiff Paul in 2014, *see Roane*, ECF No. 336, confirms that a shift in the protocol was both foreseen and anticipated.

The preliminary injunctions continue to serve the same purpose for which they were originally entered: allowing the orderly adjudication of a complex dispute that has urgent implications for Plaintiffs and great significance to the public at large. For that reason alone, the Court should reject Defendants' motion. *See Hudson*, 281 F. Supp. 3d at 14 (stating that the court must decide "whether the requested modification effectuates or thwarts the purpose behind the injunction" (citation omitted)). Defendants, for their part, did not oppose the entry of the injunctions they now ask this Court to vacate. Defendants' Motion seeks to short-circuit the

judicial process and thwart the injunctions' purpose by enabling Defendants to execute Plaintiffs before this litigation has run its course.

Defendants have failed to identify any reason why the continued enforcement of Plaintiffs' injunctions during the pendency of this litigation is "detrimental to the public interest." *Horne*, 557 U.S. at 447 (citation omitted). Indeed, this Court has stated that "because the public is not served by short-circuiting legitimate judicial process, and is greatly served by attempting to ensure that the most serious punishment is imposed in accordance with federal law, the court finds that it is in the public interest to issue a preliminary injunction." ECF No. 145 at 18. The Court's rationale applies with equal, if not greater, force to Plaintiffs' existing preliminary injunctions.

Further, it cannot be in the public interest to lift Plaintiff Webster's injunction against his execution because the U.S. District Court for the Southern District of Indiana vacated Webster's death sentence under 28 U.S.C. § 2241. *See Webster v. Lockett*, No. 12-cv-86, 2019 WL 2514833, at *11 (S.D. Ind. June 18, 2019). This decision is currently on appeal before the Seventh Circuit.

The cases that Defendants invoke as support for their "change in circumstances" argument are inapposite. *Doe 2 v. Shanahan* involved significant change to a policy where "[t]he government took substantial steps to cure the procedural deficiencies" that the plaintiffs had challenged. 755 F. App'x 19, 23 (D.C. Cir. 2019) (per curiam). As explained above, Plaintiffs here have claims that are independent of the protocols' substantive content, meaning the change from a three-drug protocol to a one-drug protocol has no effect on the procedural deficiencies that Plaintiffs allege. And in *Aurelius Capital Master Ltd. v. Republic of Argentina*, the defendant "made important efforts … to resolve this long-term dispute[.]" 644 F. App'x 98, 107 (2d Cir. 2016). As evidenced by the procedural deficiencies that persist after the change of protocol, Defendants have made no such efforts to resolve the long-term dispute in this case. Finally, in *Washington v. Trump*, the

court declined to extend an injunction issued against the President's first travel policy to the second travel policy because the two were different. *See* No. C17-0141JLR, 2017 WL 1045950, at *4 (W.D. Wash. Mar. 16, 2017). By contrast, Plaintiffs here are not seeking to extend their injunctions. It is instead Defendants who seek to vacate existing injunctions against Plaintiffs' execution after Defendants themselves issued a new protocol marred by many of the same defects that formed the basis of Plaintiffs' original claims. Contrary to Defendants' position, none of these cases supports a finding that circumstances here have changed sufficiently to justify vacating Plaintiffs' injunctions.

Plaintiffs' preliminary injunctions were entered with the consent of all parties to ensure that Plaintiffs would survive to see their claims adjudicated on the merits, win or lose. For the reasons above, the change in lethal injection protocol does not constitute a significant change that renders the continued enforcement of Plaintiffs' injunctions detrimental to the public interest.

### C. Alleged Changes to the "Legal Landscape" Do Not Support Vacatur of the Preliminary Injunctions

Defendants include one summary paragraph to argue that vacatur of the preliminary injunctions is "especially" warranted here because "the legal landscape has so dramatically changed." ECF No. 173 at 8. In support of this proposition, Defendants reference the Supreme Court's decisions in *Baze v. Rees*, 553 U.S. 35 (2008), *Glossip v. Gross*, 576 U.S. 863 (2015), and *Bucklew v. Precythe*, 139 S. Ct. 1112 (2019), as well as the recent procedural history of this consolidated case. But these alleged changes to the "legal landscape" are a far cry from the significant changes in law that courts have found may warrant modification or vacatur of a preliminary injunction pursuant to Rule 60(b)(5) or (6). *See Kapar v. Islamic Republic of Iran*, 105 F. Supp. 3d 99, 104-05 (D.D.C. 2015) ("[i]ntervening developments in the law by themselves rarely constitute extraordinary circumstances" under Rule 60(b)(6) (quoting *Agostini v. Felton*,

521 U.S. 203, 239 (1997))); *accord Acree v. Republic of Iraq*, No. 08-5375, 2009 WL 1953503, at 1* (D.C. Cir. Feb. 17, 2009); *see also Evans v. Fenty*, 701 F. Supp. 2d 126, 148 (D.D.C. 2010) (requiring, in relation to Rule 60(b)(5), a change in law that "make[s] legal what the decree was designed to prevent" (quoting *Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367, 388 (1992))).

In the first place, Defendants fail to acknowledge that many of Plaintiffs' claims have been left *entirely untouched* because the "intervening legal decisions" on which Defendants rely go to Plaintiffs' Eighth Amendment claim only. Indeed, intervening legal decisions—the D.C. Circuit's 2014 decision that Plaintiff Paul's due process claim remained actionable even *after* Defendants had withdrawn the three-drug protocol, and this Court's subsequent injunction preventing Defendants from scheduling or carrying out Paul's execution, to name two—have only underscored the validity of those non-Eighth-Amendment claims. *See Roane*, ECF No. 336 (order dated Apr. 3, 2014).[3] As detailed in Plaintiffs' Opposition to Defendants' Motion to Dismiss, Defendants' own, recent actions have illustrated the importance and likely merit of Plaintiffs' due process claim. *See* ECF No. 184 at 14-18.

Defendants' claim that recent decisions have worked "dramatic[]" changes to the "legal landscape" is therefore unfounded. Despite Defendants' suggestion to the contrary, only *two* of Plaintiffs' claims against the 2019 Protocol have now been addressed: Plaintiffs' claim that BOP violated the APA by promulgating the 2019 Protocol without notice-and-comment rulemaking;[4]

---

[3] Even though Defendants agreed to the injunction, the Court was still required to determine that entering it was appropriate, including on Paul's due process claim. See *Andrx Pharm., Inc. v. Biovail Corp. Int'l*, 256 F.3d 799, 814 (D.C. Cir. 2001) (stipulated preliminary injunction requires the court to consider "the public interest and the likelihood of success on the merits"); *Roane*, ECF No. 334 at 9-10.

[4] *See In re Fed. Bureau of Prisons' Execution Protocol Cases*, 955 F.3d 106 (D.C. Cir. 2020) (per curiam). The D.C. Circuit also addressed part of Plaintiffs' Federal Death Penalty Act ("FDPA") claim, but left key aspects of that claim unresolved. *See* ECF No. 184 at Sections V and VII.

and Count II of Plaintiffs' complaint, which this Court has just dismissed.[5] Numerous additional claims remain pending against the 2019 Protocol, and Plaintiffs are confident that the Court will deny the remainder of the motion to dismiss for the reasons that Plaintiffs have urged. *See* ECF No. 184 at 12-45.

Defendants also drastically overstate the impact of the Supreme Court's summary decision in *Barr v. Purkey*, No. 20A10, 2020 WL 4006821 (U.S. July 16, 2020), which vacated a preliminary injunction as to Plaintiffs' Food, Drug, and Cosmetic Act ("FDCA") claim, issued by this Court only hours before Purkey's scheduled execution. This Court granted that preliminary injunction on July 15, 2020; the Supreme Court vacated it early the following morning in a two-sentence order that says nothing about the merits of the claim. *See id.* at *1. In citing this order, Defendants fail to acknowledge or address the fact that the underlying injunction was subject to more stringent review because of its *timing*—which was the primary ground on which Defendants sought vacatur. *See* Appl. for Stay or Vacatur at 7, *Barr v. Purkey*, No. 20A10 (U.S. July 15, 2020) ("In sum, the district court's last-minute injunction today again falls well short of the 'extreme exception' necessary to warrant *stopping a lawful execution on the day it is scheduled to occur*." (emphasis added) (quoting *Barr v. Lee*, 2020 WL 3964985, at *2)). Binding precedent in this Circuit holds that the FDCA applies to the use of drugs in executions, *Cook v. FDA*, 733 F.3d 1 (D.C. Cir. 2013), and nothing about the Supreme Court's order purported to abrogate or affect this precedent. If the Supreme Court had intended to abrogate the Circuit's precedent, it would have said so.

[5] ECF No. 193. This Court dismissed Plaintiffs' Eighth Amendment claim on August 15, 2020, based upon the Supreme Court's order vacating preliminary injunctions this Court had granted for four prisoners facing imminent execution. *Barr v. Lee*, No. 20A8, 2020 WL 3964985, at *2 (U.S. July 14, 2020) (per curiam). Plaintiffs respectfully disagree with this Court's ruling and its reading of *Lee*, and reserve all rights with respect to that decision.

## IV. Conclusion

Defendants face a high burden to show entitlement to relief under Rule 60(b), and have not met it. The Court should deny Defendants' request to short-circuit the judicial process by vacating the preliminary injunctions so that they can execute Plaintiffs before Plaintiffs can fully litigate their substantial claims for relief. Leaving these long-uncontested injunctions in place, as the Court has previously concluded, "greatly serve[s]" the public interest by "attempting to ensure that the most serious punishment is imposed in accordance with federal law." ECF No. 145 at 18. This Court should accordingly leave Plaintiffs' injunctions in place until this Court has resolved all of Plaintiffs' claims.

Respectfully submitted,

Dated: August 17, 2020

*/s/ Evan Miller*
Evan Miller (DC Bar No. 219310)
Vinson & Elkins LLP
2200 Pennsylvania Avenue, NW
Suite 500 West
Washington, D.C. 20037
(202) 639-6605
(202) 478-1815 (fax)
emiller@velaw.com

*Counsel for Bruce Webster*

Joshua C. Toll
D.C. Bar No. 463073
King & Spalding LLP
1700 Pennsylvania Avenue, N.W.
Washington, DC 20006
(202) 737-8616
jtoll@kslaw.com

Margaret O'Donnell
P.O. Box 4815
Frankfort, KY 40604
(502) 320-1837
mod@dcr.net

*Counsel for Plaintiff Anthony Battle*

Amy Lentz (DC Bar No. 990095)
Steptoe & Johnson, LLP
1300 Connecticut Avenue NW
Washington, DC 20036
202.429.1320
alentz@steptoe.com

*Counsel for Plaintiff Orlando Hall*

Donald P. Salzman (D.C. Bar No. 479775)
Charles F. Walker (D.C. Bar No. 427025)
Steven M. Albertson (D.C. Bar No. 496249)
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
(202) 371-7983
donald.salzman@skadden.com

*Counsel for Plaintiff Corey Johnson*

Shawn Nolan, Chief, Capital Habeas Unit
Federal Community Defender Office, E.D. Pa.
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Telephone - 215-928-0520
Email – timothy_kane@fd.org
Email – shawn_nolan@fd.org

*Counsel for Plaintiff Jeffrey Paul*

Paul F. Enzinna
D.C. Bar No. 421819
Ellerman Enzinna PLLC
1050 30th Street, NW
Washington, DC 20007
202.753.5553
penzinna@ellermanenzinna.com

*Counsel for Plaintiff James H. Roane, Jr.*

Gerald W. King, Jr.
Ga. Bar No. 140981
Jeffrey Lyn Ertel
Ga. Bar No. 249966
FEDERAL DEFENDER PROGRAM, INC.
101 Marietta Street, Suite 1500
Atlanta, Georgia 30303
404-688-7530
(fax) 404-688-0768
Gerald_King@fd.org
Jeff_Ertel@fd.org

Stephen Northup
VSB #16547
Troutman Sanders LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1240
(fax) (804) 698-5120
steve.northup@troutmansanders.com

Frederick R. Gerson
VSB #39968
Bank Of America Center
1111 East Main Street, 16th Floor
Richmond, Virginia 23219
(804) 482-1121
fgerson@dagglaw.com

*Counsel for Richard Tipton, III*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 17, 2020, I caused a true and correct copy of the foregoing to be served on all counsel of record via the Court's CM/ECF system. Pursuant to this Court's August 20, 2019 Order, below is a list of all counsel of record, where counsel noted with (*) are apparently no longer with the identified firms.

Joshua Christopher Toll
King & Spalding LLP
(202) 737-8616
Email: jtoll@kslaw.com

Paul F. Enzinna
Ellerman Enzinna PLLC
(202) 753-5553
Email: penzinna@ellermanenzinna.com

Charles Anthony Zdebski
Eckert Seamans Cherin & Mellott, LLC
(202) 659-6605
Email: czdebski@eckertseamans.com

Brandon David Almond
Troutman Sanders LLP
(202) 274-2864
Email: brandon.almond@troutmansanders.com

Gerald Wesley King, Jr. Federal Defender Program, Inc. (404) 688-7530
Email: gerald_king@fd.org

Donald P. Salzman
Skadden, Arps, Slate, Meagher & Flom LLP
(202) 371-7983
Email: Donald.salzman@skadden.com

Charles Fredrick Walker
Skadden, Arps, Slate, Meagher & Flom LLP
(202) 371-7000
Email: Charles.Walker@skadden.com

Steven M. Albertson
Skadden, Arps, Slate, Meagher & Flom LLP
(202) 371-7112
Email: Steven.Albertson@skadden.com

Celeste Bacchi
Office Of The Public Defender
Capital Habeas Unit
(213) 894-1887
Email: celeste_bacchi@fd.org

Craig Anthony Harbaugh
Federal Public Defender, Central District Of California
(213) 894-7865
Email: craig_harbaugh@fd.org

Alexander Louis Kursman
Office Of The Federal Community Defender, EDPA
(215) 928-0520
Email: Alex_Kursman@fd.org

*Jeanne Vosberg Sourgens
Vinson & Elkins, L.L.P.
(202) 639-6633

*Robert E. Waters
Vinson & Elkins, L.L.P.
(202) 737-0500
Email: rwaters@velaw.com

*William E. Lawler, III
Vinson & Elkins, L.L.P.
(202) 639-6676
Email: wlawler@velaw.com

*Yousri H. Omar
Vinson & Elkins, L.L.P.
(202) 639-6500
Email: yomar@velaw.com

Amy J. Lentz
Steptoe & Johnson LLP
(202) 429-1320
Email: alentz@steptoe.com

Andres C. Salinas
Wilmer Cutler Pickering Hale & Dorr LLP
(202) 663-6289
Email: Andres. Salinas@wilmerhale.com

Margaret O'Donnell
(502) 320-1837
Email: mod@dcr.net

*William E. Hoffman, Jr.
King & Spalding LLP
(404) 572-3383

Abigail Bortnick
King & Spalding LLP
(202) 626-5502
Email: abortnick@kslaw.com

Mark Joseph Hulkower
Steptoe & Johnson LLP
(202) 429-6221
Email: mhulkower@steptoe.com

Matthew John Herrington
Steptoe & Johnson LLP
(202) 429-8164
Email: mherrington@steptoe.com

Robert A. Ayers
Steptoe & Johnson LLP
(202) 429-6401
Email: rayers@steptoe.com

Gary E. Proctor
Law Offices Of Gary E. Proctor, LLC
(410) 444-1500
Email: garyeproctor@gmail.com

Sean D. O'Brien
Public Interest Litigation Clinic
(816) 363-2795
Email: dplc@dplclinic.com

Scott Wilson Braden
Federal Public Defender, Eastern District Of Arkansas
(501)-324-6144
Email: Scott_Braden@fd.org

Amy Gershenfeld Donnella
Federal Community Defender Office, EDPA (215) 928-0520
Email: amy_donnella@fd.org

Shawn Nolan
Federal Community Defender Office, EDPA (215) 928-0528
Email: shawn.nolan@fd.org

Joseph William Luby
Federal Public Defender, EDPA
(215) 928-0520
Email: joseph_luby@fd.org

David Victorson
(202) 637-2061
Hogan Lovells US LLP
Email: David.Victorson@hoganlovells.com

Pieter Van Tol
Hogan Lovells US LLP
(212) 918-3000
Email: Pieter.Vantol@hoganlovells.com

John D. Beck
Hogan Lovells US LLP
(212) 918-3000
Email: john.beck@hoganlovells.com

Jonathan Jeffress
Kaiser Dillon, PLLC
(202) 640-2850
Email: Jjeffress@kaiserdillon.com

Amelia J. Schmidt
Kaiser Dillon, PLLC
(202) 869-1301
Email: Aschmidt@kaiserdillon.com

Andrew Moshos
Morris Nichols Arsht & Tunnell LLP
(302) 351-9197
Email: Amoshos@mnat.com

Jennifer Ying
Morris Nichols Arsht & Tunnell LLP
(302) 351-9243
Email: Jying@mnat.com

*Ryan M. Chabot
Wilmer Cutler Pickering Hale & Dorr LLP
(212) 295-6513

Billy H. Nolas
Federal Community Defender Office For The EDPA
(215) 928-0520
Email: Billy_Nolas@fd.org

Kathryn B. Codd
Vinson & Elkins, L.L.P. (202) 639-6536
Email: kcodd@velaw.com

Alan E. Schoenfeld
Wilmer Cutler Pickering Hale & Dorr LLP
(212) 937-7294
Email: Alan.Schoenfeld@wilmerhale.com

Kathryn L. Clune Crowell & Moring, LLP (202) 624-2500
Email: KClune@crowell.com

Ginger D. Anders
Munger, Tolles & Olson, LLP
(202) 220-3200
Email: Ginger.Anders@mto.com

Alan Burch, D.C. Bar #470655
U.S. Attorney's Office
for the District of Columbia
202-252-2550
alan.burch@usdoj.gov

Jean Lin (NY Bar 4074530)
Jonathan Kossak (D.C. Bar 991478)
Cristen C. Handley (MO Bar 69114)
Civil Division, Department of Justice
(202) 514-3716
Jean.lin@usdoj.gov
Jonathan.kossak@usdoj.gov
Cristen.handley@usdoj.gov

Jennifer M. Moreno
Office of the Public Federal Defender, District of Arizona
(602)382-2718
Email: Jennifer_Moreno@fd.org

Dale A. Baich
Office Of The Federal Public Defender (602) 382-2816
Email: Dale_Baich@fd.org

Robert L. McGlasson
Mcglasson & Associates, PC (404) 314-7664
Email:rlmcglasson@comcast.net

Jonathan Charles Aminoff
Federal Public Defender, Central District Of California
(213) 894-5374
Email: jonathan_aminoff@fd.org

Dated: August 17, 2020

*<u>/s/ Evan Miller</u>*
Evan Miller (DC Bar No. 219310)
Vinson & Elkins LLP
2200 Pennsylvania Avenue, NW
Suite 500 West
Washington, D.C. 20037
(202) 639-6605
(202) 478-1815 (fax)
emiller@velaw.com

*Counsel for Bruce Webster*