UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| In the Matter of the Federal Bureau of Prisons' Execution Protocol Cases,<br><br>LEAD CASE: *Roane, et al. v. Barr*<br><br>THIS DOCUMENT RELATES TO:<br><br>*ALL CASES* | )<br>)<br>)<br>)<br>)<br>) Case No. 19-mc-145 (TSC)<br>)<br>)<br>)<br>)<br>)<br>) |

# ORDER

Plaintiff Keith Nelson asks the court to strike notice of—and vacate—his August 28, 2020 execution date. (*See* ECF No. 101, Mot. to Strike at 1.) Nelson asserts that this relief is warranted because the Complex Warden at the United States Penitentiary in Terre Haute, Indiana ("USP Terre Haute") failed to provide him with a ninety-day notice of his execution in accordance with the Bureau of Prisons Execution Protocol (hereinafter "the BOP Execution Protocol" or "the Protocol"). (*Id.* at 2.) The government opposes Nelson's motion on the grounds that the Protocol's notice provision provides no basis to vacate a scheduled execution date. (ECF No. 109, Opp'n to Mot. to Strike at 1.) Furthermore, the government argues, Nelson's motion amounts to a request for injunctive relief which goes beyond the simple docket management contemplated by a motion to strike. (*Id.* at 3.)

By letter dated June 15, 2020, T.J. Watson, the Complex Warden at USP Terre Haute, informed Nelson that the Bureau of Prisons had scheduled his execution for August 28, 2020. (ECF No. 101-3, Notice of Execution). Thus, Nelson received notice of his execution seventy-four days before the scheduled date.

1

Nelson claims this notice flouts the "express requirement" set forth in the BOP Execution Protocol that a death row inmate be notified at least ninety days in advance of their execution date.  (ECF No. 114, Reply in Support of Mot. to Strike at 2.); (*see also* ECF No. 101-1, BOP Execution Protocol at 8 ("The Warden of USP Terre Haute will notify, in writing, the inmate under sentence of death, of the date designated by the Director for execution at least 90 days in advance.").)

The court finds no such requirement, however.  For one, the Protocol's purpose is to "explain[] internal government procedures."  (BOP Execution Protocol at 4.)  And while such procedures "should be observed and followed as written unless deviation or adjustment is required," the Protocol expressly cautions that it "does not create any legally enforceable rights or obligations."  (*Id.*)  This language therefore cannot be read to afford an inmate a basis to vacate his execution date.

The Court of Appeals for the District of Columbia Circuit reached the same conclusion in this very case.  In vacating this court's first preliminary injunction, the D.C. Circuit concluded that the BOP Execution Protocol was a "procedural rule" that "contains no rights-creating language."  *In re Fed. Bureau of Prisons' Execution Protocol Cases*, 955 F.3d 106, 125–26 (D.C. Cir. 2020) (Katsas, J., concurring); *see id.* at 145 (Rao, J., concurring) (noting that the protocol "possesses the essential features of a procedural rule"); *see also Nat'l Mining Ass'n v. McCarthy*, 758 F.3d 243, 250 (D.C. Cir. 2014) (explaining that procedural rules "do not themselves alter the rights or interests of parties").  The court is therefore bound by the Circuit's conclusion.

Moreover, Nelson does not identify any precedent or rule that allows the court to grant the relief he seeks by way of a motion to strike.  For instance, the notice of execution does not

appear in a pleading.  *See* Fed. R. Civ. P. 12(f) (addressing the court's ability to strike material from a pleading).  Nor does Nelson seek to strike the notice as an evidentiary matter.  *See* Fed. R. Evid. 103 (permitting a party to move to strike evidence it believes was admitted in error).  His request to vacate the execution, as the government notes, is a request for an injunction couched as a motion to strike.  (*See* Opp'n to Mot. to Strike at 3.)  And to the extent Nelson seeks injunctive relief, he has failed to demonstrate that he would suffer irreparable harm from receiving sixteen fewer days' notice of his impending execution.  *See League of Women Voters of U.S. v. Newby*, 838 F.3d 1, 7–8 (D.C. Cir. 2016) (citing *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006)) (characterizing irreparable harm as "certain and great, actual and not theoretical, and so imminent that there is a clear and present need for equitable relief"); *CityFed Fin. Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 747 (D.C. Cir. 1995) (quoting *Sampson v. Murray*, 415 U.S. 61, 88 (1974)) ("[T]he basis of injunctive relief in the federal courts has always been irreparable harm.").

Thus, Nelson's motion to strike notice of his execution date is hereby DENIED.

Date:  August 20, 2020

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge