UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of the Federal Bureau of Prisons' Execution Protocol Cases,<br><br>LEAD CASE: *Roane et al. v. Barr*<br><br>THIS DOCUMENT RELATES TO ALL CASES | Case No. 19-mc-145 (TSC) |

## ORDER

The court has received several Motions from two death row inmates, Bille J. Allen and Dustin J. Higgs, who seek to participate in this litigation.[1]  Leave to file the motions is hereby DENIED.  Both movants are attempting to file the motions *pro se*, even though they are admittedly represented by counsel.  Moreover, the movants are not listed as Plaintiffs of record in this case.

The movants are hereby reminded that all communications with the court and all motions shall be made through counsel.

The Clerk of the Court shall mail a copy of this order to:[2]

> Billie J. Allen
> 26901-044
> PO BOX 33
> Terrw Haute, IN 47808

---

[1]  Copies of the Motions are attached to this order.

[2]  The movants are represented by Shawn Nolan, of the Federal Community Defender Office, Eastern District of Pennsylvania, who is an attorney of record in this case.  Accordingly, Mr. Nolan will receive an email copy of this order via CM-ECF.

Dustin J. Higgs
31133-037
P.O. Box 33
Terre Haute, IN.
47808


Date:  August 22, 2020

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUBIA

Billie J. Allen
   Plaintiff,

 V.

The Justice Department,

   Defendants,

---

## Motion To Seek Leave To Proceed In Forma Pauperis

---

 I, Planitiff Billie Allen, Pro Se, seek leave to proceed in forma pauperis to file the attached motion, any Hereafter; motions, petitions, and for necessary filings without payment of costs, because of my poverty, and in the interest of injustice.

 I submit that since my arrest, I have been granted leave to to proceed in forma pauperis in "all" of my proceedings, because of my poverty, in:

 Eastern District of Missouri: Eastern Division, Pursuant to 18 U.S.C. 3006A(a)(2)(B), and 18 U.S.C. 3599(a)(2). See(E.D.MO. Case# 4: 07-CV-00027-ERW DOC # 10).

 I declare under the penalty of perjury that the foregoing is true & correct. Executed on: __7/16/20__, 2020

Billie Allen
26901-044
PO BOX 33
Terrw Haute, IN 47808

Witness
**Authorized by the Act
July 7, 1955 to Administer
Oaths (18 U.S.C. 4004)**

Case Manager

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

Dustin J. Higgs
        Petitioner,

V.

The Justice Department
        Defenants,

---

## MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

---

¶1    I, Planitiff Billie Allen, Pro Se, seek leave to proceed in, forma pauperis to file the attached motion, any Hereafter; motion, petitions, and for necessary filings without payment of costs, because of my poverty, and in the interest of injustice.

Petitioner, a death sentenced federal prisoner, is indigent.

On January 25, 2005, the United States District Court for the District of Maryland found Petitioner to be inidgent and subsequently appointed Stephen Scahs, Esq., and counsel from undersigned counsel's office to represent Petitioner in this capital & 225 proceeding.

Petitioner remains incarcerated today and there has been no change in his financial status. He is without funds to secure the services necessary to proceed in this Court (e.g., printing fees. ect.) or to pay any fees.

I submit that since my arrest, I have been granted leave to proceed in forma pauperis in "all" of my proceedings, because of my poverty, in:

I declare under the penalty of perjury that the foregoing is true and correct. Executed on: ___7/10/20_____ 2020

*[Signature]*
Dustin J. Higgs
31133-037
P.O. Box 33
Terre Haute, IN.
47808

Authorized by the Act
July 7, 1955 to Administer
Oaths (18 U.S.C. 4004)

_____
*[Signature]* Case Manager

_____
WITNESS/DATE

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

BILLIE J. ALLEN
&
DUSTIN J. HIGGS,
      Plaintiffs,

v

THE UNITED STATES JUSTICE DEPT.,

---

## MOTION FOR APPOINTMENT OF COUNSEL

    COMES NOW, Plaintiffs Billie J. Allen (Allen), and Dustin J. Higgs (Higgs), pro se, seeking this Court's aid and assistance in receiving the appointment of counsel in the after-mentioned, and/or future filings in relation to its pleadings.

## FACTS TO SUPPORT GRANTING MOTION

    Currently in this Court is the matter of Roane et al v Barr et al., No. 1:05-cv-2337-TSC; Bourgeois v United States dept. Of Justice et al., No. 1:13-cv-00782-TSC; and Fulks v United States Dept. Of Justice et al., No. 1:13-cv-00938, where on Aug. 15, 2019, this Court consolidated those three cases, along with others, since their arguments were based on the same claim; challenging the government's method of execution; and the revised and/or new execution method/new execution protocol adopted by the Bureau of Prisons.

    While both Allen and Higgs want to adopt many, if not all of the same claims that challenge the government's method of execution, and the revised and/or new method/new execution protocol adopted by the Bureau of Prisons. Allen and Higgs, in conjunction with the challenges to the lethal injection protocol and methods, want to also raise an issue that only applies to Allen, Higgs, and no more than a handful of other prisoners on Federal Death Row. Where the consolidation of Allen and Higg's claim(s) to those "specifically argued" in Roane v Barr, would prevent this Court from answering the question that is only relevant to Higgs and Allen, and not to those in Roane v Barr.

    Both Allen and Higgs are currently being represented by the Philadelphia Capital Habeas United; who also represent many of the plaintiffs in Roane v Barr, and because Allen and Higgs have an added argument that seperates theirs from the others. Both Allen and Higgs' attorney's have refused to raise their challenge as it should be; with the additional argu-

ment. Which both Allen and Higgs present in the aftermentioned motion, to show why and/or how their claim is similar to those presented in Roane v Barr. Yet different in areas that are far more crucial.

Due to both Allen and Higgs' counsel's refusing to present their claim in the manner that fits "their cases" and "their circumstances", and because the lethal injection issue is one of complexity that neither Allen nor Higgs has the legal knowledge nor the experience to adequately present the issue. "In the Interest of Justice", both Allen and Higgs ask this Court for the appointment of counsel(s) to help Allen and Higgs present their claim(s) to this Court, in the manner in which suits their case and circumstances.

Respectfully Submitted,

*Billie Allen*

Billie Allen

*Dust Higgs*

Dustin Higgs

*Billie Allen*

Billie J. Allen
26901-044
P.O. Box 33
Terre Haute, IN.
47808

*Dust Higgs*

Dustin J. Higgs
31133-037
P.O. Box 33
Terre Haute, IN.
47808

witness/date

Authorized by the Act
July 7, 1955 to Administer
Oaths (18 U.S.C. 4004)

Case Manager

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

BILLIE J. ALLEN,
&
DUSTIN J. HIGGS,
        Plaintiff,

v

THE JUSTICE DEPARTMENT,
        Defendant(s)

---

<u>MOTION CHALLENGING THE METHOD OF EXECUTION, THE REVISED/NEW EXECUTION METHOD AND PROTOCOL ADOPTED BY THE BRUEAU OF PRISONS, AND WHETHER IT'S UNCONSTITUTIONAL TO USE THOSE METHODS AND PROTOCOLS AGAINST ALLEN AND HIGGS WHEN THEIR GRAND JURY DIDN'T AUTHORIZE SUCH A PUNISHMENT, WITHOUT WHICH THE CONSTITUTION PROHIBITS</u>

    Plaintiff(s) Billie J. Allen (Allen) and Dustin J. Higgs (Higgs) are both prisoners on Federal Death Row, whose alleged crimes are seperate and arose out of different circuits; (Allen in the 8th Cir.); (Higgs in the 7th Cir.). But for this suit, both Allen and Higgs would like to consolidate their claims on the issues raised in this motion, because both Allen and Higgs share a crucial factor in their arguments that only apply to Allen and Higgs. With the possibility of one other person on Federal Death Row.

    Allen and Higgs would like to adapt, but not limited to, any past and/or future challenges to the method of execution and the revised/new execution methods and protocols adopted by the Bureau of Prisons, as challended in <u>Roane ea al v Barr et al</u>, and/or all arguments that fall within those challenges.[1]

    Next, both Allen and Higgs, alongside, and/or in conjunction with the challenges to the method of execution and protocols adopted by the Bureau of Prisons, pursuant to the Fifth Amendment's demand that "[n]o person shall be held to answer for a capital [] crime, "unless", on a presentment or an indictment of a Grand Jury", (quoting U.S. Const. amend. V), challenge whether the method, protocols, and drugs used to carry out an execution are unconstitutional and prohibited when neither Allen nor Higgs' grand jury authorized their charges, proceedings, nor their punishment(s) to be capital in

---

[1] Again, Allen and Higgs ask for the assistance of counsel to aid them to properly challenge this claim.

nature of effect. Because the government failed to charge a single statutory aggravating factor, nor capital mens rea, for imposition of death penalty charges, proceedings, or a capital punishment to be used against Allen nor Higgs.

The Fifth Amendment is clear in its demand upon both prosecutors and the courts, when demanding that "[n]o person", including Allen nor Higgs, "shall be held to answer for a capital [] crime, "unless" on a presentment or an indictment of a Grand Jury." (quoting U.S. Const. amend. V). And "'unless', on a presentment or an indictment of a Grand Jury", then "[n]o person", including Allen nor Higgs, "shall be held to answer for" charges, proceedings, nor a punishment for a "capital [] crime"; which would be lethal injection for both Allen and Higgs.

But in both Allen and Higgs cases, the government would concede that the prosecutor; the indictment's draftsman, failed to charge the mandatory statutory aggravating factors and capital mens rea; as required for imposition of death penalty charges, proceedings, and the option of the death penalty to be used against either Allen or Higgs. See <u>Allen v United States</u>, 357 F.3d 745,747 (8th Cir. 2004) (Concluding that Allen's indictment "cannot be reasonably construed to charge a [single] statutory aggravating factor, [or capital mens rea] 'as required for imposition of the death penalty', [and] it is 'constitutionally deficient to chargea capital offense.'" (emphasis added); see <u>United States v Higgs</u>, 353 F.3d 281,301-02 (4th Cir. 2003) ("Accordingly, we hold that the ""multiple killings"" aggravator cannot act as the sole statutory aggravator which rendered these murders death-eligible,"); see also <u>Higgs</u>, 353 F.3d at 304-5 (Court pointing out that "[e]ven assuming that the indictment was defective 'because it failed to allege the requisiate statutory aggravating factor or factors...'") (emphasis added).

Yet, both Allen and Higgs are being "held to answer for a capital [] crime", where the required statutory aggravating factors and capital mens rea; as required for capital charges, proceedings, and the option of capital punishment, were omitted from both Allen and Higgs' indictment. Thus, prohibited under the Fifth Amendment and the Eighth amendment.

But to excuse the error/defect in both Higgs and Allen's indictment, the government would file a Notice Of Intent To Seek The Death Penalty (Notice), where the government would present for the first time, the statutory aggravating factor and capital mens rea that were omitted from both Allen and Higgs' indictment. Yet, both Allen and Higgs would make timely objections to the Notice, (Allen E.D. Mo. Case# 4:97-cr-00141-ERW Doc. 172); (Higgs Brief for Appellant; United States Court Of Appeals (4th Cir) Record No. 01-3 pg 42 (footnote; "Higgs [objected] raised this issue in his pretrial motions, Dkt. no.

113. Motion to preclude the death penalty pg.50-51), because the statutory aggravating factors "opperat[ed] as the functional equivalent of 'an element of a greater offense,'" Ring v Arizona, 536 U.S. 584,609 (2000) (quoting Apprendi v New Jersey, 530 U.S. 466, 494 (2000) (emphasis added), which "must appear in the indictment." Jones v United States, 526 U.S. 227,243 n.6 (1999). Which clearly didn't happen in either Allen nor Higgs' case.

Both Allen and Higgs would be charged, tried, and convicted under a capital scheme that was neither approved, nor authorized by neither Allen nor Higgs' grand jury. Both Allen and Higgs would make a timely objection to the structural error and would also file the issue on direct review. See, Weaver v Massachusetts, 137 S. Ct. 1899,1910 (2017) ("Thus, in the case of a structural error where there is an objection at trial and the issue is raised on direct appeal, the defendant generally is entitled to automatic reversal regardless of the error's actual effect on the outcome.") (quoting Neder v United States, 527 U.S. 1,7 (1999). And when "a structural error 'is preserved and raised on direct appeal', the balance is in the defenadnt's favor, and 'a new trial generally will be granted as a matter of right.'" Weaver, 137 S.Ct. at 1914.

Both Allen and Higgs invoke this Court's jurisdiction pursuant 28 U.S.C. 1331, in that it arises under the Constitution and laws of the United States; under Bivens v Six Unknown Agents, 403 U.S. 388,390-97 (1971), in that it seeks to secure prospective, equitable relief directly under the Constitution, specifically the Fifth and Eighth Amendment; under 28 U.S.C. 2201(a), in that one purpose of this action is to secure declaratory relief; and under 28 U.S.C. 2202, in that one purpose of this action is to secure preliminary and permanent injunctive relief. Judicial review of the agency action at issue is authorized by the APA, 5 U.S.C. 702,704 and 706.

This Court has venue under 28 U.S.C. 1391(b)(2), in that a substantial part of the events giving rise to the claims made herein -i.e., the formulation of the BOP's procedures governing the execution of condemned inmates.

Allen and Higgs pray that this Court will exercise its jurisdiction, grant thier motion for appointment of counsel, and allow them to properly present the issues in this motion to this Court, in the interest of justice.

Respectfully submitted,

_Billie Allen_ (signature)

Billie J. Allen 26901-044
P.O. Box 33
Terre Haute, IN, 47808

_Dustin Higgs_ (signature)

Dustin J. Higgs 31133-037
P.O. Box 33
Terre Haute, IN. 47808

Billie Allen
26901-044
P.O. Box 33
Terre Haute, IN.
47808





TO: CLERK OF THE COURT
C/O: Hon. Judge Tanya Chutkan
U.S. Dist. Court of D.C.
333 Constitution Ave, N.W.
Washington, DC. 20001



RECEIVED
Mail Room

JUL 2 0 2020

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia



Legal Mail