# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| In the Matter of the Federal Bureau of Prisons' Execution Protocol Cases, | ) ) ) ) ) | |
| LEAD CASE: *Roane et al. v. Barr* | ) ) ) | Case No. 19-mc-145 (TSC) |
| THIS DOCUMENT RELATES TO: | ) ) ) ) | |
| *Nelson v. Barr, et al.*, 20-cv-557 | ) ) | |

## DEFENDANTS' MOTION TO STAY OR VACATE INJUNCTION PENDING APPEAL

Pursuant to Federal Rule of Civil Procedure 62(c)(1), and consistent with Federal Rule of Appellate Procedure 8(a)(1), Defendants respectfully move for a stay pending appeal or vacatur of this Court's Memorandum Opinion and Order, issued on August 27, 2020, ECF Nos. 213 and 214, enjoining Defendants from proceeding with the execution of Keith Nelson, scheduled for August 28, 2020, "until the government can comply with the requirements of the [Food, Drug and Cosmetic Act (FDCA)]." ECF No. 213. Because Nelson's execution is scheduled to occur tomorrow, Defendants will seek relief from the United States Court of Appeals for the District of Columbia Circuit imminently.

Defendants recognize that this Court concluded only today that Nelson is entitled to judgment on Count XI of the Amended Complaint. However, Federal Rule of Appellate Procedure 8(a)(1) counsels that Defendants should first move in this Court for a stay of the injunction pending appeal before seeking a stay in the court of appeals. Accordingly, for the reasons stated below, in Defendants' motion for summary judgment as to Count XI, *see* ECF No. 170 at 38–43, and in opposition to Nelson's cross-motion for summary judgment on the same count, *see* ECF No. 187, Defendants respectfully ask the Court to stay or vacate its injunction pending appeal. 28 C.F.R. § 0.20(b); 28 U.S.C. § 2107(b).

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 62(d) provides in relevant part: "When an appeal is pending from an interlocutory or final judgment that grants . . . an injunction, the court may suspend . . . an injunction" during the pendency of the appeal." When considering such a motion, district courts should look to the same factors as those governing a motion for a preliminary injunction: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). Before seeking a stay from the court of appeals, a party must ordinarily move first in the district court for an order suspending an injunction pending appeal. Fed. R. App. P. 8(a).

**ARGUMENT**

**I.   DEFENDANTS ARE LIKELY TO SUCCEED ON THE MERITS OF THEIR APPEAL OF THIS COURT'S INJUNCTION**

Defendants are likely to succeed on the merits of their appeal of this Court's injunctive order in favor of Nelson on Count XI. For the reasons set forth in their motion for summary judgment as to Count XI, *see* ECF No. 170 at 38–43, and in opposition to Nelson's cross-motion for summary judgment on the same count, *see* ECF No. 187, Defendants respectfully disagree with the Court's conclusion that their alleged "failure to acquire a prescription for the use of pentobarbital in Nelson's execution is contrary to law and thereby violates the APA." ECF No. 213 at 6–7. Contrary to the Court's conclusions, Defendants are likely to succeed on appeal on Plaintiffs' FDCA claim because that statute does not regulate the government's use of pentobarbital for carrying out capital punishment, as articles intended for use in executions cannot be regulated as "drugs" or devices" under the FDCA. The Court's rationale for granting injunctive relief as to Nelson is no different than the rationale upon which the Court based its preliminary injunction on the same claim. *Cf.* ECF No. 145. Importantly, the Supreme Court vacated the Court's FDCA-based preliminary injunction without a noted dissent—even though the D.C.

Circuit had refused Defendants' request for a stay of that preliminary injunction. Nevertheless, the Court, in entering a permanent injunction in favor of Nelson, declined to "interpret the Supreme Court's vacatur as an indication of how this court should resolve the dispute on the merits." ECF No. 213 at 8. The fact that the Court's decision is based on the same grounds that it identified in granting the prior preliminary injunction alone suggests that Defendants are likely to succeed on the merits of their appeal of this Court's injunction.

## II.   THE BALANCE OF HARMS WEIGHS IN FAVOR OF A STAY OR VACATUR OF THE INJUNCTION

This Court entered the injunction at issue after concluding that "allowing an execution to proceed under the challenged protocol in light of the government's failure to abide by its own statutory obligations would not comport with any basic notion of fairness." ECF No. 213 at 13. Defendants respectfully disagree. The only purported basis for the injunction is that Nelson should not be executed under the federal protocol unless the Federal Bureau of Prisons (BOP) obtains a prescription for the lethal agent. But the Court has not held that executions conducted without a prescription for pentobarbital would, in fact, violate the Eighth Amendment, or any other alleged substantive right. Thus, Plaintiffs' asserted harm amounts exclusively to the technical violation of the FDCA, not to any real-world harm, and, accordingly, that alleged harm cannot support an injunction—particularly at this late date. *Cf. Winter v. NRDC*, 555 U.S. 7, 32–33 (2008) (vacating injunction in part because, while respondents alleged harm to marine life, their "ultimate legal claim" required only preparation of an environmental impact statement, not cessation of the allegedly harmful conduct); *In re Federal Bureau of Prisons' Execution Protocol Cases*, 955 F.3d 106, 126–29 (D.C. Cir. 2020) (*Execution Protocol Cases*) (Katsas, J., concurring) (concluding that the first injunction in this case should have been vacated on equitable considerations even apart from the merits).

The Supreme Court has repeatedly warned against the issuance of eleventh hour injunctions such as this, including in this very case. *See Lee v. Barr*, 20A8 at 3, 591 U.S. __ (2020). It has recognized the government and the victims' compelling interest in the timely

3

enforcement of a death sentence.  *See Calderon v. Thompson*, 523 U.S. 538, 556 (1998); *Gomez v. U.S. Dist. Court for N. Dist. of Cal.*, 503 U.S. 653, 654 (1992); *see also Bucklew v. Precythe*, 139 S. Ct. 1112, 1134 (2019) ("The people of Missouri, the surviving victims of [the condemned inmate's] crimes, and others like them deserve better.  Even the principal dissent acknowledges that the long delays that now typically occur between the time an offender is sentenced to death and his execution are excessive.") (citation omitted from parenthetical).  Indeed—and in this case—Judge Katsas found that this Court "failed to recognize the important governmental and public interest in the timely implementation of capital punishment."  *Execution Protocol Cases*, 955 F.3d at 126 (Katsas, J., concurring).  The Supreme Court's and Judge Katsas's conclusion is particularly true where, as here, Nelson's execution date is set and the government has mobilized its resources to carry out the lawful sentence.

As Rick Winter explained in his July 9, 2020 declaration, each execution requires significant advanced planning and coordination, including the "activation of the execution team, which consists of approximately 40 BOP staff members," *see* ECF No. 139-1 ¶ 5; the mobilization of approximately 100 BOP staff at the Federal Correctional Complex at Terre Haute ("FCC Terre Haute") to serve as institution security and support during the execution, *id.* ¶ 8; the synchronization of the schedules of BOP contractors who must set aside their own personal and work-related matters for each execution, *id.* ¶ 6; the coordination of security measures with federal, state, and local law enforcement agencies, *id.* ¶ 7; the arrangement of travel and lodging for any victims' family members who have committed to witnessing the execution, *id.* ¶ 11; as well as the participation of approximately 50 additional BOP personnel from specialized teams, such as Special Operations Response Teams and Disturbance Control Teams, who will need to travel to FCC Terre Haute from other BOP institutions, *id.* ¶ 10.  These preparations cannot be undone easily; "[a]ny adjustment to the execution dates would require significant planning and coordination such as that which already has been undertaken by BOP to date."  *Id.* ¶ 12.  This is particularly the case now that all of those efforts have already been mobilized and employed to execute Lezmond Mitchell on August 26.  Nelson's execution is scheduled to take place tomorrow.

Accordingly, beyond the government's strong interest in proceeding with the criminal judgment, operational considerations surrounding the planned executions lend further support in favor of a stay or vacatur.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court stay pending appeal or vacate the August 27, 2020 Memorandum Opinion and Order enjoining the execution of Keith Nelson.

Dated: August 27, 2020

Respectfully submitted,

| | |
|---|---|
| MICHAEL R. SHERWIN<br>Acting United States Attorney | DAVID M. MORRELL<br>Deputy Assistant Attorney General |
| DANIEL F. VAN HORN<br>Civil Chief, U.S. Attorney's Office | PAUL R. PERKINS<br>Special Counsel |
| ALAN BURCH (D.C. Bar 470655)<br>Assistant United States Attorney<br>U.S. Attorney's Office<br>for the District of Columbia<br>Washington, D.C. 20530<br>202-252-2550<br>alan.burch@usdoj.gov | JEAN LIN<br>Special Litigation Counsel<br><br> */s/ Bradley P. Humphreys*<br>BRADLEY P. HUMPHREYS (D.C. Bar 988057)<br>JONATHAN KOSSAK (D.C. Bar 991478)<br>CRISTEN C. HANDLEY (MO Bar 69114)<br>Trial Attorneys<br>Federal Programs Branch<br>Civil Division, Department of Justice<br>1100 L Street, N.W.<br>Washington, D.C. 20005<br>(202) 514-3716<br>Jean.lin@usdoj.gov<br>Jonathan.kossak@usdoj.gov<br>Cristen.handley@usdoj.gov<br>Bradley.humphreys@usdoj.gov<br><br>*Attorneys for Defendants* |

**CERTIFICATE OF SERVICE**

I hereby certify that on August 27, 2020, I caused a true and correct copy of foregoing to be served on all counsel of record via the Court's CM/ECF system. Pursuant to this Court's August 20, 2019 Order, below is a list of all plaintiffs' counsel of record (as most recently identified in the signature pages of the Consolidated Amended Complaint, ECF No. 92):

Alan E. Schoenfeld (admitted *pro hac vice*)
Ryan M. Chabot (admitted *pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
(212) 230-8880
Alan.Schoenfeld@WilmerHale.com
Ryan.Chabot@WilmerHale.com

Andres C. Salinas (DC Bar No. 156118)
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6289
Andres.Salinas@WilmerHale.com

*Counsel for Wesley I. Purkey*

Joshua C. Toll
D.C. Bar No. 463073 King & Spalding LLP
1700 Pennsylvania Avenue, N.W.
Washington, DC 20006
(202) 737-8616
jtoll@kslaw.com

Margaret O'Donnell
P.O. Box 4815
Frankfort, KY 40604
(502) 320-1837
mod@dcr.net

*Counsel for Plaintiff Anthony Battle*

Ginger D. Anders (Bar No. 494471)
Jonathan S. Meltzer (Bar No. 888166546)
Brendan Gants (Bar No. 1031419)
MUNGER, TOLLES & OLSON LLP

1

1155 F Street N.W., Seventh Floor
Washington, D.C. 20004-1357
(202) 220-1100

*Counsel for Plaintiff Brandon Bernard*

Alex Kursman, Assistant Federal Defender
Shawn Nolan, Chief, Capital Habeas Unit
Federal Community Defender Office, E.D. Pa.
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Telephone - 215-928-0520
Email – alex_kursman@fd.org

*Counsel for Plaintiff Alfred Bourgeois*

Joseph Luby, Assistant Federal Defender
Federal Community Defender Office, E.D. Pa.
 601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Telephone - 215-928-0520
Email – joseph_luby@fd.org

*Counsel for Plaintiff Chadrick Fulks*

Amy Lentz (DC Bar No. 990095)
Steptoe & Johnson, LLP
1300 Connecticut Avenue NW
Washington, DC 20036
202.429.1320

*Counsel for Plaintiff Orlando Hall*

Scott W. Braden
Assistant Federal Defender
Arkansas Federal Defender Office
Ark Bar Number 2007123
1401 West Capitol, Suite 490
Little Rock, Arkansas 72201
(501) 324-6114
Scott_Braden@fd.org

Jennifer Ying (DE #5550)
Andrew Moshos (DE #6685)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market St.
P.O. Box 1347
Wilmington, Delaware 19801

(302) 658-9300
jying@mnat.com
amoshos@mnat.com

*Counsel for Plaintiff Norris G. Holder, Jr.*

Jon Jeffress
KaiserDillon PLLC
1099 14th Street NW
8th Floor West
Washington, DC 20005
Telephone - 202-640-2850
Email - jjeffress@kaiserdillon.com

Timothy Kane, Assistant Federal Defender
Shawn Nolan, Chief, Capital Habeas Unit
Federal Community Defender Office, E.D. Pa.
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Telephone - 215-928-0520
Email – timothy_kane@fd.org
Email – shawn_nolan@fd.org

*Counsel for Plaintiff Dustin Lee Honken*

Donald P. Salzman (D.C. Bar No. 479775)
Charles F. Walker (D.C. Bar No. 427025)
Steven M. Albertson (D.C. Bar No. 496249)
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
(202) 371-7983
donald.salzman@skadden.com

*Counsel for Plaintiff Corey Johnson*

David S. Victorson
Hogan Lovells US LLP
Columbia Square
555 13th Street NW
Washington, DC  20004
(202) 637-5600
(202) 637-5910 (fax)
david.victorson@hoganlovells.com

Pieter Van Tol (admitted *pro hac vice*)
Hogan Lovells US LLP
390 Madison Avenue

3

New York, NY 10017
(212) 918-3000
(212) 918-3100 (fax)
pieter.vantol@hoganlovells.com

*Counsel for Plaintiff Daniel Lewis Lee*

Kathryn L. Clune
Crowell & Moring LLP
1001 Pennsylvania Avenue NW
Washington D.C. 20004-2595
(202) 624-2705
kclune@crowell.com

Harry P. Cohen (pro hac vice application pending)
Michael K. Robles (pro hac vice application pending)
James Stronski (pro hac vice application pending)
Crowell & Moring LLP
590 Madison Avenue New York, NY 10022
(212) 223-4000
(212) 223-4134(fax)
hcohen@crowell.com
mrobles@crowell.com
jstronski@crowell.com

Jon M. Sands (pro hac application to be filed)
Dale A. Baich (pro hac application to be filed)
Jennifer M. Moreno
Federal Public Defender
District of Arizona
850 West Adams Street, Suite 201
Phoenix, Arizona 85007
602-382-2816
602-889-3960 (fax)
dale_baich@fd.org
jennifer_moreno@fd.org

*Counsel for Plaintiff Keith Nelson*

Shawn Nolan, Chief, Capital Habeas Unit
Federal Community Defender Office, E.D. Pa.
 601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Telephone - 215-928-0520
Email – timothy_kane@fd.org
Email – shawn_nolan@fd.org

*Counsel for Plaintiff Jeffrey Paul*

4

Paul F. Enzinna
D.C. Bar No. 421819
Ellerman Enzinna PLLC
1050 30th Street, NW
Washington, DC 20007
202.753.5553

*Counsel for Plaintiff James H. Roane, Jr.*

Amy Karlin
Interim Federal Public Defender
Celeste Bacchi
Jonathan C. Aminoff
Deputy Federal Public Defenders
321 E. Second Street
Los Angeles, CA 90012
(213) 894-2854

*Counsel for Plaintiff Julius O. Robinson*

Gerald W. King, Jr. Ga. Bar No. 140981
Jeffrey Lyn Ertel Ga. Bar No. 249966
FEDERAL DEFENDER PROGRAM, INC.
101 Marietta Street, Suite 1500
Atlanta, Georgia 30303
404-688-7530
(fax) 404-688-0768
Gerald_King@fd.org
Jeff_Ertel@fd.org

Stephen Northup
VSB #16547
Troutman Sanders LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1240
(fax) (804) 698-5120
steve.northup@troutmansanders.com

Frederick R. Gerson VSB #39968
Bank Of America Center
1111 East Main Street, 16th Floor Richmond,
Virginia 23219
(804) 482-1121
fgerson@dagglaw.com

*Counsel for Richard Tipton, III.*

Evan Miller (DC Bar # 219310)
Vinson & Elkins LLP
2200 Pennsylvania Avenue, NW
Suite 500 West
Washington, D.C. 20037
(202) 639-6605
(202) 478-1815 (fax)
emiller@velaw.com

*Counsel for Bruce Webster*

                                      */s/ Bradley P. Humphreys*
                                      Attorney for Defendants