### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of the Federal Bureau of Prisons' Execution Protocol Cases,<br><br>LEAD CASE: *Roane et al. v. Barr*<br><br>THIS DOCUMENT RELATES TO:<br><br>Holder v. Barr, Case No. 1:19-cv-03520 | Case No. 19-mc-0145 (TSC) |

### EMERGENCY MOTION FOR PRESERVATION OF EVIDENCE

Plaintiff Norris G. Holder, Jr. respectfully requests an emergency order from this Court directing the Bureau of Prisons ("BOP"), and anyone acting on its behalf, to preserve physical evidence related to Keith Nelson who is scheduled to be executed by the BOP on August 28, 2020, should that execution be carried out. The execution of Mr. Nelson becomes more likely after the United States Court of Appeals for the District of Columbia Circuit vacated a stay of execution previously entered by this Court. Order, In the Matter of the Federal Bureau of Prisons' Execution Protocol Case, Number 20-5260 (August 27, 2020).

According to Federal Rule of Civil Procedure 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Under Federal Rule of Civil Procedure 35(a), "[t]he court where the action is pending may order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner.

The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control." Fed. R. Civ. P. 35(a) (emphasis added).

This Court has the authority to order autopsies under Rule 35. *E.g.*, *Belkow v. Celotex Corp.*, No. 89 C 3049, 1989 WL 56976, at *2 (N.D. Ill. May 22, 1989) ("This court concurs with the analysis set forth in In re Certain Asbestos Cases, 112 F.R.D. 427, 432–433 (N.D. Tex. 1986), that upon proper showing Rule 35(a) permits the court to order an autopsy."); *McGehee v. Hutchinson*, No. 17-cv-179 (E.D. Ark. April 28, 2017). Such an order "may be made only on motion for good cause and on notice to all parties and the person to be examined," and "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2).

Pursuant to that authority, Mr. Holder requests the Court to order BOP to preserve evidence from the execution of Mr. Nelson should it proceed, including all IV tubing, syringes, needles and drug vials used in the execution, except for any portion of the IV tubing and entry apparatus that must travel with the body to the coroner because they remain connected to the body of the prisoner after execution.

Additionally, Mr. Holder requests that if an autopsy is or will be conducted of Keith Nelson by the Vigo County Coroner (or other Coroner/Medical Examiner), then the Coroner shall do the following within 48 hours of the execution:

> • Collect evidence related to pulmonary edema and issues inserting intravenous lines, including that the Coroner or Medical Examiner: weigh the lungs; perform a thorough examination and documentation of any fluid present in the large or small airways, or mouth or nose; identify the IV site(s), note if the catheter was placed intravascularly, and note any extravasation of fluid around the IV; and note any signs of multiple IV attempts.
> and

• Preserve tissues from the brain, liver, and muscle from a location other than from the leg or arm where the IV was set.

Good cause exists for this order. The autopsy of Mr. Wesley Purkey, who was executed by the BOP on July 16, 2020, confirmed that he suffered from "severe bilateral acute pulmonary edema." Dr. Gail Van Norman explained that the autopsy findings were "consistent with, and affirm[s]," her "opinion that premortem flash pulmonary edema is a virtual medical certainty in any execution carried out in accordance with the Federal Execution Protocol," (ECF #183-2, ¶ 6) and that "prisoners executed by lethal injection in accordance with the Federal Protocol remain sensate and able to experience the extreme pain and suffering related to the occurrence of flash pulmonary edema." Id., at 7.

Dr. Van Norman has explained that this evidence will be highly relevant to the issues presented in this action concerning Mr. Holder. Dr. Van Norman has stated that:

> because of [Mr. Holder's] substantially increased level of relevant, activated CYP enzymes, his body will both metabolize and redistribute pentobarbital much more rapidly than usual, in my opinion negatively affecting drug levels in the brain and increasing his risks for prolonged awareness, protracted death, and pain and suffering and sensations of drowning and suffocation due to the pulmonary edema that occurs during massive pentobarbital IV overdose.

Declaration of Gail Van Norman, M.D., ECF Doc. 186, Exhibit A at 7 (dated Aug. 9, 2020).

Determining whether Mr. Nelson suffered flash pulmonary edema during his execution as did Mr. Purkey is relevant to the Eighth Amendment issue before this Court concerning Mr. Holder. Dr. Van Norman has previously relied on autopsy results in evaluating the likelihood that an inmate would experience flash pulmonary edema while being executed with a single-drug pentobarbital protocol. *See* ECF # 24, App. III.

These issues can also be exacerbated by improper placement of the intravenous line, among other things. *Id.* at 53.

This emergency motion is not meant to encompass all preservation requests that should be kept; it should supplement the ME's normal practice. Mr. Holder and/or the Consolidated Plaintiffs may need to supplement this request at a later time.

Because time is of the essence for this motion, Mr. Holder asks that this Court foreshorten the response time of the Defendants and rule on this motion with haste.[1]

## CONCLUSION

For the foregoing reasons, the Court should immediately issue an emergency order for the preservation of evidence.

DATED:          August 27, 2020

Respectfully submitted,
/s/ Scott W. Braden
Scott W. Braden
Assistant Federal Defender
Arkansas Federal Defender Office
Ark Bar Number 2007123
1401 West Capitol, Suite 490
Little Rock, Arkansas 72201
(501) 324-6114
Scott_Braden@fd.org

Jennifer Ying (DE #5550)
Andrew Moshos (DE #6685)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market St.
P.O. Box 1347
Wilmington, Delaware 19801
(302) 658-9300
jying@mnat.com
amoshos@mnat.com

---

[1] This urgent motion would have been filed sooner but counsel has been without electricity and internet access as the remnants of Hurricane Laura pass over Little Rock, Arkansas. Power has just been recently restored. It has been filed as soon as possible.

Counsel for Plaintiff Norris G. Holder, Jr.