UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| In the Matter of the<br>Federal Bureau of Prisons' Execution Protocol Cases,<br><br>LEAD CASE: *Roane, et al. v. Barr*<br><br>THIS DOCUMENT RELATES TO:<br><br>*ALL CASES* | )<br>)<br>)<br>)<br>)<br>) Case No. 19-mc-145 (TSC)<br>)<br>)<br>)<br>)<br>)<br>) |

# ORDER

On August 27, 2020, the court entered judgment for Plaintiff Keith Nelson on Count XI of the Amended Complaint (ECF No. 92) and enjoined Defendants from proceeding with Nelson's execution, scheduled for 4 p.m. today, until the government could "comply with the requirements of the [Federal Food, Drug, and Cosmetic Act (FDCA)]," (ECF No. 213, Mem. Op. at 13.)  Upon the government's emergency motion to stay or vacate the permanent injunction issued by this court, the Court of Appeals for the District of Columbia Circuit vacated the injunction on the basis that "inter alia, there [were] insufficient findings and conclusions that irreparable injury will result from the statutory violation found by [this] court." *In re Fed. Bureau of Prisons' Execution Protocol Cases*, No. 20-5260 (D.C. Cir. Aug. 27, 2020) (citing *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006); *Withrow v. Larkin*, 421 U.S. 35, 44–45 (1975)).

Nelson now asks the Court to clarify or amend its Order pursuant to Fed. R. Civ. P. 60(a) (or issue a new order) to include specific findings and conclusions concerning the irreparable injury that will result from the statutory violation found by this Court and to enjoin the Government from proceeding with his execution.  (ECF No. 222, Nelson Notice.)  The

1

government objects to the relief sought.  (ECF No. 224.)  This morning, the court held a hearing via telephone to discuss the parties' most recent filings.

It well established that the burden of demonstrating irreparable injury lies with the movant.  *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).  This presents a "very high bar."  *Beck v. Test Masters Educ. Servs. Inc.*, 994 F. Supp. 2d 98, 101 (D.D.C. 2014) (quoting *Coal. for Common Sense In Gov't Procurement v. United States*, 576 F. Supp. 2d 162, 168 (D.D.C. 2008)).  The injury must be "both certain and great" and "of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm."  *Wisconsin Gas Co. v. F.E.R.C.*, 758 F.2d 669, 674 (D.C. Cir. 1985).

In light of yesterday's D.C. Circuit's decision, this morning's briefings, oral argument, and upon reconsideration of the issues and the record herein, the court does not find Nelson entitled to the relief he seeks.  Nelson's notice and request for amended judgment fails to supply a sufficient basis for finding that he will be irreparably harmed by the government's violation of the FDCA.  Nelson's alleged irreparable injury is that he will be executed with a drug that has not be prescribed by a physician and has not been subject to the labeling, approval, and manufacturing quality requirements that apply to approved drugs under the FDCA.  (*See* Nelson Notice at 3.)  In his notice and during this morning's hearing, Nelson pointed to the lack of potency testing in the record to demonstrate irreparable harm.  (*See id.* at 2–3.)  But Nelson did not raise these arguments in his summary judgment briefing, as Nelson's counsel conceded at today's telephone hearing.  And the interpretation and significance of this record evidence is disputed by the government.  In light of this dispute, a showing of irreparable harm is far from "certain."  *Wisconsin Gas Co.*, 758 F.2d at 674.  Thus, Nelson is unable to make the requisite

showing "required to justify last-minute intervention by a Federal Court." *Barr v. Lee*, No. 20A8, 2020 WL 3964985, at *2 (July 14, 2020).

In light of the Court of Appeals' Order and the parties' briefs and arguments, the court cannot grant the relief sought.  Ultimately, Nelson bears the burden of demonstrating irreparable harm and he has not convincingly done so.

For the foregoing reasons, Nelson's request for clarification or for an amended judgment is hereby DENIED.

Date:  August 28, 2020

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge