UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of the Federal Bureau of Prisons' Execution Protocol Cases,<br><br>LEAD CASE: *Roane et al. v. Barr*<br><br>THIS DOCUMENT RELATES TO:<br><br>*Holder v. Barr et al.*, 19-cv-3520 | Case No. 19-mc-145 (TSC) |

**DEFENDANT'S ANSWER TO PLAINTIFF HOLDER'S
CORRECTED SUPPLEMENTAL COMPLAINT**

Defendants, William P. Barr, the Attorney General of the United States, Timothy Shea, the Acting Administrator of the U.S. Drug Enforcement Administration ("DEA"), Stephen M. Hahn, M.D., the Commissioner of Food and Drugs at the Food and Drug Administration ("FDA"), Michael Carvajal, the Director of the Federal Bureau of Prisons ("BOP"), Jeffrey E. Krueger, Regional Director of the North Central Region of BOP, Donald W. Washington, Director of the U.S. Marshals Service ("USMS"), Nicole C. English, the Acting Assistant Director, Health Services Division of BOP, T.J. Watson, the Complex Warden of United States Penitentiary ("USP") Terre Haute, William Wilson, M.D., the Clinical Director of USP Terre Haute, and John Does I-X, to the extent they are federal government employees, by and through undersigned counsel, hereby answer Plaintiff Norris Holder's Corrected Supplemental Complaint ("CSC"), ECF No. 94, as follows, in correspondingly numbered paragraphs:

1. Paragraph 1 sets forth Holder's characterization of this action, to which no response is required.

2.  Defendants admit that Holder first alleged an as-applied claim in his individual complaint in *Holder v. Barr, et al.*, C.A. No. 19-3520-TSC, ECF No. 1 (D.D.C. Nov. 22, 2019), and admit that his individual case was consolidated into this proceeding on December 4, 2019. The remainder of Paragraph 2 constitutes either a legal conclusion or a characterization of this action.  In either case, no response is required.

3.  In Paragraph 3, Plaintiff repeats, realleges, and incorporates by reference the allegations in the consolidated Amended Complaint, *see* ECF No. 92, No. 19-mc-145.  Defendants have filed a combined Motion to Dismiss and for Summary Judgment in the consolidated action, *see* ECF No. 170, which is still pending, with the exception of Count II of the Amended Complaint, which has been dismissed.  *See* ECF No. 193.  Accordingly, to the extent Plaintiff repeats, realleges, and incorporates by reference the same allegations that support Count II of the consolidated Amended Complaint, Defendants need not answer them because that claim has been dismissed.  *See* ECF No. 193 at 5 n.1 (explaining that the Court's order dismissing Count II does not apply to Holder only because the allegations in his corrected supplemental complaint "related to risk of harm are substantially different").  Moreover, no response is required at this time as to the remaining allegations in the consolidated Amended Complaint.

4.  The first sentence of Paragraph 4 constitutes a legal conclusion as to which no response is required.  The remainder of the paragraph is denied except to admit that BOP provides Holder daily medication, and BOP is aware that Holder has had episodes of epileptic seizures while imprisoned in the custody of BOP, and that some of those seizures required medical attention and transport to outside care facilities.

5. The first sentence of Paragraph 5 is denied. The second sentence of Paragraph 5 constitutes a legal conclusion as to which no response is required. To the extent a response is required, it is denied.

6. Defendants admit the first sentence of Paragraph 6. Defendants deny the second sentence except to admit that Mr. Holder is a death-sentence prisoner housed at U.S. Penitentiary Terre Haute, operated by BOP and that BOP is a component of DOJ. The third sentence of Paragraph 6 alleges a hypothetical scenario to which no response is required; to the extent a response is required, Defendants deny it except to admit that Mr. Holder may face execution unless it is enjoined by a court.

7. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first two sentences of Paragraph 7. Defendants admit that Holder is currently prescribed 200 mg of carbamazepine to take three times a day to treat his epilepsy.

8. Admit.

9. Defendants deny the allegations in the first sentence of Paragraph 9 except that they admit that BOP intends to execute Holder via an injection of pentobarbital. Defendants deny the allegations in the second sentence of Paragraph 9.

10. Denied.

11. Paragraph 11 alleges a hypothetical scenario to which no response is required; to the extent a response is required, Defendants deny it.

12. Paragraph 12 alleges a hypothetical scenario to which no response is required; to the extent a response is required, Defendants deny it.

13. Defendants deny the allegations in the first sentence of Paragraph 13. Defendants admit the allegation in the second sentence of Paragraph 13. Defendants deny the allegation in the

third sentence of Paragraph 13. Defendants admit the allegations in the fourth sentence of Paragraph 13. The final sentence of Paragraph 13 alleges a hypothetical scenario to which no response is required; to the extent a response is required, Defendants deny the allegations in the final sentence of Paragraph 13.

14. Defendants deny the allegation in the first sentence of paragraph 14. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of paragraph 14. Defendants admit that the consolidated Amended Complaint alleges that the 2019 Protocol includes a significant risk of pulmonary edema. *See* Compl. ¶ 14 (third sentence). Defendants deny the remainder of the allegations in Paragraph 14.

15. Denied.

16. Denied.

17. Defendants deny the first sentence of Paragraph 17 to the extent it alleges that there is a risk of pain using BOP's pentobarbital protocol and otherwise lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 17.

18. Paragraph 18 consists of legal conclusions, to which no response is required.

19. Defendants admit that Missouri is the state in which Mr. Holder's sentence was imposed and that Missouri uses a single-drug pentobarbital execution protocol. The remainder of Paragraph 19 consists of legal conclusions, to which no response is required.

20. Denied.

21. The first sentence of paragraph 21 consists of a legal conclusion, to which no response is required; to the extent a response is required, it is denied. Defendants deny the remainder of Paragraph 21, except that they admit that execution by firing squad is currently authorized by the laws of Utah, Oklahoma, and Mississippi, and lack knowledge or information

sufficient to form a belief about the truth of the allegation that execution by firing squad would pose no risk of any adverse drug interactions.

22. Denied.

23. Denied.

24. Denied

25. In Paragraph 25, Holder re-alleges the preceding paragraphs as if fully stated therein. Defendants thus incorporate by reference here their answers to all of the preceding paragraphs.

26. Denied.

27. Paragraph 27 consists of legal conclusions, to which no response is required; to the extent a response is required, denied.

28. Paragraph 28 consists of legal conclusions, to which no response is required; to the extent a response is required, denied.

29. Paragraph 29 consists of a legal conclusion, to which no response is required; to the extent a response is required, denied.

30. Admitted that BOP is aware that Holder suffers from epilepsy and is prescribed carbamazepine. The remainder of paragraph 30 consists of legal conclusions, to which no response is required; to the extent a response is required, denied.

31. Paragraph 31 consists of a legal conclusion, to which no response is required; to the extent a response is required, denied.

32. Paragraph 32 consists of a legal conclusion, to which no response is required; to the extent a response is required, denied.

33. Denied. The second sentence of Paragraph 33 consists of a legal conclusion, to which no response is required; to the extent a response is required, denied.

34. Paragraph 34 consists of legal conclusions, to which no response is required; to the extent a response is required, denied.

The remaining paragraphs of the Complaint contain Plaintiffs' requested relief, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in the remaining paragraphs of the Complaint and further avers that Plaintiffs are not entitled to any relief.

Defendant hereby denies all allegations in the Complaint not expressly admitted or denied.

## **DEFENSES**

1. Plaintiff fails to state a claim upon which relief may be granted.

Defendants hereby reserve the right to raise any additional defenses not asserted herein of which they may become aware through discovery or other investigation.

Dated: August 31, 2020

Respectfully submitted,

| | |
|---|---|
| MICHAEL R. SHERWIN<br>Acting United States Attorney | DAVID M. MORRELL<br>Deputy Assistant Attorney General |
| DANIEL F. VAN HORN<br>Civil Chief, U.S. Attorney's Office | PAUL R. PERKINS<br>Special Counsel |
| /s/ *Alan Burch*<br>ALAN BURCH (D.C. Bar 470655)<br>Assistant United States Attorney<br>U.S. Attorney's Office<br>for the District of Columbia<br>Washington, D.C. 20530<br>202-252-2550<br>alan.burch@usdoj.gov | JEAN LIN (NY Bar 4074530)<br>Special Litigation Counsel<br>JONATHAN KOSSAK (D.C. Bar 991478)<br>CRISTEN C. HANDLEY (MO Bar 69114)<br>BRADLEY P. HUMPHREYS (D.C. Bar 099057)<br>Trial Attorneys<br>Civil Division<br>Federal Programs Branch<br>Civil Division, Department of Justice<br>1100 L Street, N.W.<br>Washington, D.C. 20005<br>(202) 514-3716<br>Jean.lin@usdoj.gov<br>Jonathan.kossak@usdoj.gov<br>Cristen.handley@usdoj.gov<br>Bradley.humphreys@usdoj.gov |

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 31, 2020, I caused a true and correct copy of foregoing to be served on all counsel of record via the Court's CM/ECF system. Pursuant to this Court's August 20, 2019 Order, below is a list of plaintiff's counsel of record(as most recently identified in the signature pages of the Consolidated Amended Complaint, ECF No. 92):

Alan E. Schoenfeld (admitted *pro hac vice*)
Ryan M. Chabot (admitted *pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
(212) 230-8880
Alan.Schoenfeld@WilmerHale.com
Ryan.Chabot@WilmerHale.com

Andres C. Salinas (DC Bar No. 156118)
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6289
Andres.Salinas@WilmerHale.com

*Counsel for Wesley I. Purkey*

Joshua C. Toll
D.C. Bar No. 463073 King & Spalding LLP
1700 Pennsylvania Avenue, N.W.
Washington, DC 20006
(202) 737-8616
jtoll@kslaw.com

Margaret O'Donnell
P.O. Box 4815
Frankfort, KY 40604
(502) 320-1837
mod@dcr.net

*Counsel for Plaintiff Anthony Battle*

Ginger D. Anders (Bar No. 494471)
Jonathan S. Meltzer (Bar No. 888166546)
Brendan Gants (Bar No. 1031419)

MUNGER, TOLLES & OLSON LLP
1155 F Street N.W., Seventh Floor
Washington, D.C. 20004-1357
(202) 220-1100

*Counsel for Plaintiff Brandon Bernard*

Alex Kursman, Assistant Federal Defender
Shawn Nolan, Chief, Capital Habeas Unit
Federal Community Defender Office, E.D. Pa.
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Telephone - 215-928-0520
Email – alex_kursman@fd.org

*Counsel for Plaintiff Alfred Bourgeois*

Joseph Luby, Assistant Federal Defender
Federal Community Defender Office, E.D. Pa.
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Telephone - 215-928-0520
Email – joseph_luby@fd.org

*Counsel for Plaintiff Chadrick Fulks*

Amy Lentz (DC Bar No. 990095)
Steptoe & Johnson, LLP
1300 Connecticut Avenue NW
Washington, DC 20036
202.429.1320

*Counsel for Plaintiff Orlando Hall*

Scott W. Braden
Assistant Federal Defender
Arkansas Federal Defender Office
Ark Bar Number 2007123
1401 West Capitol, Suite 490
Little Rock, Arkansas 72201
(501) 324-6114
Scott_Braden@fd.org

Jennifer Ying (DE #5550)
Andrew Moshos (DE #6685)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP

9

1201 N. Market St.
P.O. Box 1347
Wilmington, Delaware 19801
(302) 658-9300
jying@mnat.com
amoshos@mnat.com

*Counsel for Plaintiff Norris G. Holder, Jr.*

Jon Jeffress
KaiserDillon PLLC
1099 14th Street NW
8th Floor West
Washington, DC 20005
Telephone - 202-640-2850
Email - jjeffress@kaiserdillon.com

Timothy Kane, Assistant Federal Defender
Shawn Nolan, Chief, Capital Habeas Unit
Federal Community Defender Office, E.D. Pa.
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Telephone - 215-928-0520
Email – timothy_kane@fd.org
Email – shawn_nolan@fd.org

*Counsel for Plaintiff Dustin Lee Honken*

Donald P. Salzman (D.C. Bar No. 479775)
Charles F. Walker (D.C. Bar No. 427025)
Steven M. Albertson (D.C. Bar No. 496249)
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
(202) 371-7983
donald.salzman@skadden.com

*Counsel for Plaintiff Corey Johnson*

David S. Victorson
Hogan Lovells US LLP
Columbia Square
555 13th Street NW
Washington, DC  20004
(202) 637-5600
(202) 637-5910 (fax)

10

  david.victorson@hoganlovells.com

Pieter Van Tol (admitted *pro hac vice*)
Hogan Lovells US LLP
  390 Madison Avenue
   New York, NY 10017
  (212) 918-3000
  (212) 918-3100 (fax)
  pieter.vantol@hoganlovells.com

*Counsel for Plaintiff Daniel Lewis Lee*

  Kathryn L. Clune
  Crowell & Moring LLP
  1001 Pennsylvania Avenue NW
  Washington D.C. 20004-2595
  (202) 624-2705
  kclune@crowell.com

  Harry P. Cohen (pro hac vice application pending)
  Michael K. Robles (pro hac vice application pending)
  James Stronski (pro hac vice application pending)
  Crowell & Moring LLP
  590 Madison Avenue New York, NY 10022
  (212) 223-4000
  (212) 223-4134(fax)
  hcohen@crowell.com
  mrobles@crowell.com
  jstronski@crowell.com

  Jon M. Sands (pro hac application to be filed)
  Dale A. Baich (pro hac application to be filed)
  Jennifer M. Moreno
  Federal Public Defender
  District of Arizona
  850 West Adams Street, Suite 201
  Phoenix, Arizona 85007
  602-382-2816
  602-889-3960 (fax)
  dale_baich@fd.org
  jennifer_moreno@fd.org

*Counsel for Plaintiff Keith Nelson*

  Shawn Nolan, Chief, Capital Habeas Unit
  Federal Community Defender Office, E.D. Pa.

11

...

601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Telephone - 215-928-0520
Email – timothy_kane@fd.org
Email – shawn_nolan@fd.org

*Counsel for Plaintiff Jeffrey Paul*

Paul F. Enzinna
D.C. Bar No. 421819
Ellerman Enzinna PLLC
1050 30th Street, NW
Washington, DC 20007
202.753.5553

*Counsel for Plaintiff James H. Roane, Jr.*

Amy Karlin
Interim Federal Public Defender
Celeste Bacchi
Jonathan C. Aminoff
Deputy Federal Public Defenders
321 E. Second Street
Los Angeles, CA 90012
(213) 894-2854

*Counsel for Plaintiff Julius O. Robinson*

Gerald W. King, Jr. Ga. Bar No. 140981
Jeffrey Lyn Ertel Ga. Bar No. 249966
FEDERAL DEFENDER PROGRAM, INC.
101 Marietta Street, Suite 1500
Atlanta, Georgia 30303
404-688-7530
(fax) 404-688-0768
Gerald_King@fd.org
Jeff_Ertel@fd.org

Stephen Northup
VSB #16547
Troutman Sanders LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1240
(fax) (804) 698-5120
steve.northup@troutmansanders.com

Frederick R. Gerson VSB #39968
Bank Of America Center
1111 East Main Street, 16th Floor Richmond,
Virginia 23219
(804) 482-1121
fgerson@dagglaw.com

*Counsel for Richard Tipton, III.*

  Evan Miller (DC Bar # 219310)
  Vinson & Elkins LLP
  2200 Pennsylvania Avenue, NW
  Suite 500 West
  Washington, D.C. 20037
  (202) 639-6605
  (202) 478-1815 (fax)
  emiller@velaw.com

*Counsel for Bruce Webster*

                               /s/ *Alan Burch*
                              ALAN BURCH
                              Assistant United States Attorney