UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In the Matter of the Federal Bureau of Prisons' Execution Protocol Cases, | ) ) ) ) ) | |
| LEAD CASE: *Roane et al. v. Barr* | ) ) ) ) | Case No.   1:19-mc-0145 (TSC) |
| THIS DOCUMENT RELATES TO: | ) ) ) | |
| *LeCroy v. Barr et al.*, 1:20-cv-2481 | ) ) | |

### JOINT NOTICE ON WHETHER PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION SHOULD BE CONVERTED TO A MOTION FOR SUMMARY JUDGMENT

Pursuant to this Court's Order issued yesterday, *see LeCroy v. Barr*, No. 1:20-cv-02481-TSC, Doc. 11, the parties submit their Joint Notice setting forth their positions on whether Plaintiff's Motion for a Preliminary Injunction should be converted to a Motion for Summary Judgment.

On behalf of the defendants, Scott Meisler advises that the Government does not oppose converting the motion for a preliminary injunction into a motion by Mr. LeCroy for summary judgment pursuant to Federal Rule of Civil Procedure 65(a)(2). He further conveys the Government's view that the conversion procedure would leave Mr. LeCroy as the movant and would not constitute a cross-motion for summary judgment by the defendants.

Plaintiff, however, does not consent to any such conversion at this time, particularly in the absence of a stay of Mr. LeCroy's execution that would allow for fuller summary judgment briefing. Plaintiff seeks only a preliminary injunction at present, and requiring

1

him to meet the standards of summary judgment seems akin to requiring that Plaintiff prove that he is entitled to a permanent injunction at this early stage of these proceedings.

Fed. R. Civ. P. 56 and related Local Rules also set forth certain procedural expectations of summary judgment filers. While the level of formality this Court might expect in the instant context might diverge from the Local Rules, D.D.C. LCvR. 7(h)(1) states that "Each motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement." The Rule not only expects such a statement, but also a formal written opposition, to include a statement of "all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement." *Id.* Each of these filings must also include a separate "memorandum of points and authorities," which would obviously cite to summary judgment (not just preliminary injunction) standards. Plaintiff submits that expecting the parties to submit that sort of extensive summary judgment package before Tuesday, September 22 is not feasible, and the Government should not be allowed to cite these procedural requirements as a potential bar to Plaintiff's request for relief. In short, Plaintiff believes it would be unfair to convert his motion for a preliminary injunction into a motion for summary judgment at this time.

Summary judgment also assumes a more fully-developed record. Here, there are certain items in the record that are not yet fully-developed. For example, the Complaint asserts on "information and belief" that Georgia's Department of Corrections (DOC) obtains prescriptions for its drugs used in executions, as required by Georgia regulation, based on known descriptions of Georgia DOC's past activities. Ultimately, however, the current protocols are uniquely within the knowledge of the Georgia DOC. With the benefit

of discovery, an answer to this issue can surely become known. But Plaintiff cannot yet present all of such potentially undisputed facts for summary judgment consideration, unless the Government will agree to enter into stipulations which would resolve all such issues.

Given the scheduled execution date, Plaintiff suggests that this Court keep the current issues as simple as possible. Proceeding without consolidation will prejudice no one if a preliminary injunction hearing is held, as Plaintiff has requested, since Fed. R. Civ. P. 65(a)(2) makes clear that "[e]ven when consolidation is not ordered, evidence that is received on the motion and that would be admissible at trial becomes part of the trial record and need not be repeated at trial." Accordingly, Plaintiff submits that the better approach is for the Court to hold a hearing at which it can make any fact-finding that is appropriate on the preliminary injunction motion, and then decide that motion accordingly.

Dated: September 9, 2020 Respectfully submitted,

   /s/ Gregory S. Smith
Gregory S. Smith (DC Bar #472802)
Law Offices of Gregory S. Smith
913 East Capitol Street, S.E.
Washington, D.C. 20003
Telephone: (202) 460-3381
Email: gregsmithlaw@verizon.net

   /s/ John R. Martin
John R. Martin (*pro hac vice* pending)
Martin Brothers P.C.
1099 St. Louis Place
Atlanta, GA 30306
Telephone: (404) 433-7446
Email: jack@martinbroslaw.com

*Attorneys for Plaintiff*

MICHAEL R. SHERWIN
Acting United States Attorney

DANIEL F. VAN HORN
Civil Chief, U.S. Attorney's Office

ALAN BURCH
Assistant United States Attorney
U.S. Attorney's Office
for the District of Columbia
Washington, D.C. 20530

*Attorneys for Defendants*

BRIAN C. RABBITT
Acting Assistant Attorney General

ROBERT A. ZINK
Acting Deputy Assistant Attorney General

SCOTT MEISLER, D.C. Bar #983239
PAUL CRANE
Criminal Division, Appellate Section
U.S. Department of Justice
Washington, D.C. 20530
202-514-2550
scott.meisler@usdoj.gov
paul.crane@usdoj.gov