# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| In the Matter of the Federal Bureau of Prisons' Execution Protocol Cases<br><br>LEAD CASE: *Roane et al. v. Barr*<br><br><br>THIS DOCUMENT RELATES TO:<br><br>*Holder v. Barr, et al.*, 19-cv-3520 (TSC) | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No.    19-mc-0145 (TSC) |

## PLAINTIFF NORRIS G. HOLDER, JR.'S SUPPLEMENTAL STATEMENT OF <u>IRREPARABLE HARM</u>

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ............................................................................................ II

I.      INTRODUCTION ................................................................................................. 1

II.     STATEMENT OF IRREPARABLE HARM........................................................ 2

<u>TABLE OF AUTHORITIES</u>

<u>Page</u>

<u>Cases</u>

*Al-Joudi v. Bush*,
    406 F. Supp. 2d 13 (D.D.C. 2005) ..............................................................................................2

*Doe v. Mattis*,
    928 F.3d 1 (D.C. Cir. 2019) .......................................................................................................2

*United States v. Smith*,
    573 F.3d 639 (8th Cir. 2009) .....................................................................................................2

*Wisconsin Gas Co. v. F.E.R.C.*,
    758 F.2d 669 (D.C. Cir. 1985) ...................................................................................................2

## I.      INTRODUCTION

Plaintiff Norris G. Holder. Jr. ("Mr. Holder") is a party to and joins in full the consolidated plaintiffs' Motion for Partial Summary Judgment and Permanent Injunction on APA Claim Concerning Defendants' Violations of the Food, Drug and Cosmetic Act. (ECF No. 236). Mr. Holder submits this supplemental statement of irreparable injury in addition to the arguments set forth in Part II of the consolidated plaintiffs' motion for summary judgment and permanent injunction. Although Defendants' violation of the Food, Drug and Cosmetic Act ("FDCA") is the same to Mr. Holder as to the other consolidated plaintiffs, Defendants' violation of the law poses a particularized risk of irreparable harm to Mr. Holder that warrants entry of a permanent injunction as to him independent of the other consolidated plaintiffs.

Mr. Holder has filed a supplemental complaint asserting an as-applied Eighth Amendment claim. ECF No. 94. Mr. Holder alleged that the medication he is prescribed to control his epilepsy, carbamazepine, creates a serious risk of excruciatingly painful complications if he is executed using Defendants' 2019 Protocol. This Court recognized Mr. Holder's as-applied claim, and denied Defendants' motion to dismiss as to Mr. Holder's Eighth Amendment challenge (ECF No. 193, 5 n.1).  Defendants have subsequently answered the supplemental complaint. ECF No. 228.

In their Answer, Defendants do not deny that Mr. Holder has been diagnosed with epilepsy, and further admit that Mr. Holder is prescribed carbamazepine to treat his epilepsy. ECF No. 228 ¶¶ 4, 7, 30. Defendants attempt to brush aside as "hypothetical" the serious risk of brain damage or flash pulmonary edema created by the metabolic interaction between carbamazepine and pentobarbital, and to deny that Mr. Holder faces particularized risks in an execution under the 2019 Protocol.  ECF No. 228 ¶¶ 10-13, 15-16.  In doing so, however, Defendants fail to plead any facts and further fail to provide any factual evidence to counter the two expert declarations Mr. Holder has submitted to support his claim.

Mr. Holder's uncontroverted expert evidence shows that the same serious risk of problematic drug interactions also constitutes a specific risk of irreparable injury resulting from Defendants' failure to comply with the FDCA's prescription requirement. Accordingly, Mr. Holder provides this separate statement of his risk of irreparable harm in conjunction with the consolidated plaintiffs' motion for summary judgment on the FDCA claim.

## II.     STATEMENT OF IRREPARABLE HARM

Although an irreparable injury must be "both certain and great" – ECF No. 226 at 2 (quoting *Wisconsin Gas Co. v. F.E.R.C.*, 758 F.2d 669, 674 (D.C. Cir. 1985) – prospective health risks are routinely held to satisfy the irreparable harm requirement. "Facing requests for preliminary injunctive relief, courts often find a showing of irreparable harm where the movant's health is in imminent danger."  *Al-Joudi v. Bush*, 406 F. Supp. 2d 13, 20 (D.D.C. 2005); *see also Doe v. Mattis*, 928 F.3d 1, 7 (D.C. Cir. 2019) (same requirement of irreparable harm applies to preliminary and permanent injunctions). The current medical understanding of pentobarbital necessarily implicates the FDCA's prescription requirement.  *Cf. United States v. Smith*, 573 F.3d 639, 658 (8th Cir. 2009) (noting medical standards for prescriptions that include whether a drug is intended or appropriate for its prescribed purpose). A valid medical prescription requires a "bona fide physician-patient relationship" that reflects the physician's consideration of "the actual needs of the patient, the quantity of the drug he prescribed, [and] the type of drugs he prescribed and for what purpose…" *Id*. at 652-53.

Mr. Holder has suffered from epilepsy for many years, a condition that likely dates to a brain injury in his teens but that went undiagnosed until 2017. ECF No. 94 ¶ 7; Declaration of Arthur C. Grant, ECF No. 94-1 ¶ 8; Declaration of Gail Van Norman, ECF No. 186-1 ¶ 18.  It is uncontested that Mr. Holder has been taking carbamazepine, his prescribed anti-convulsant medication, consistently since at least November 2019. *Id.* ¶¶ 7-8; *see also* ECF No. 228 ¶¶ 7-8.

Carbamazepine is metabolized by and induces the CYP2C9 enzyme, the same enzyme that metabolizes barbiturates such as pentobarbital. ECF No. 94-1 ¶¶ 18-20. As Mr. Holder's expert declarations explain, for this reason, his body will have significantly increased levels of this enzyme and will metabolize barbiturates, such as pentobarbital, more quickly than other people who are not consistently taking such an epilepsy drug. *Id.* ¶¶ 20-21; *see also* ECF No. 186-1 ¶¶ 12-13, 18-19. Consequently, barbiturate drugs such as pentobarbital will have less effect on Mr. Holder than they would on a prisoner not taking carbamazepine. ECF No. 94-1 ¶¶ 18-20; *see also* ECF No. 186-1 ¶¶ 18-19.

Mr. Holder faces the imminent and irreparable risk of execution under a protocol that does not account for these interactions between the lethal agent and his prescribed anti-convulsant medication. This risk includes the chance that Mr. Holder will suffer brain damage rather than death, experience a lengthened period of consciousness and prolonged execution, and an enhanced risk that he will consciously suffer pulmonary edema. *See* ECF No. 94-1 (explaining the adverse drug interactions between pentobarbital and carbamazepine and the potential consequences for Mr. Holder); ECF No. 186-1 (describing the increased risk of pulmonary edema from pentobarbital due to Mr. Holder's prescribed medication).

Defendants admitted in their Answer that they are aware of Mr. Holder's daily medication, epileptic seizures, and required medical attention. ECF No. 228 ¶ 4. Defendants have not, however, taken these individual medical needs and circumstances into account in the 2019 Protocol. On the other hand, were Defendants to comply with the FDCA, which requires a prescription, Defendants would necessarily engage a physician, who would consider these individual medical needs and the interactions between the lethal agent and any prescribed medication that would likely lead, at least, to a prolonged death, lengthened conscious awareness, and severe suffering. According to the

physician's reasoned medical conclusions, Defendants could then proceed with the protocol or modify it to avoid unnecessary and substantial risk to Mr. Holder of excessive pain and suffering. Failure to require a prescription in violation of the FDCA allows Defendants to ignore Mr. Holder's existing medical needs and conditions and will lead to the irreparable harm stated above.

Accordingly, because of this particularized risk of irreparable injury, as well as all the reasons stated in the consolidated plaintiffs' motion for summary judgment and for permanent injunction, this Court should grant summary judgment on the FDCA claim in Mr. Holder's favor, and should permanently enjoin Defendants from executing him in violation of the FDCA.

Dated:   September 9, 2020                      Respectfully submitted,


                                               /s/ Scott W. Braden
                                               Scott W. Braden
                                               Assistant Federal Defender
                                               Arkansas Federal Defender Office
                                               Ark Bar Number 2007123
                                               1401 West Capitol, Suite 490
                                               Little Rock, Arkansas 72201
                                               (501) 324-6114
                                               Scott_Braden@fd.org

                                               Jennifer Ying (DE #5550)
                                               Andrew Moshos (DE #6685)
                                               MORRIS, NICHOLS, ARSHT & TUNNELL LLP
                                               1201 N. Market St.
                                               P.O. Box 1347
                                               Wilmington, Delaware 19801
                                               (302) 658-9300
                                               jying@mnat.com
                                               amoshos@mnat.com

                                               Counsel for Plaintiff Norris G. Holder, Jr.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of the Federal Bureau of Prisons' Execution Protocol Cases )<br><br>LEAD CASE: *Roane et al. v. Barr* )<br><br>THIS DOCUMENT RELATES TO: )<br><br>*Holder v. Barr, et al.*, 19-cv-3520 (TSC) ) | Case No.    19-mc-0145 (TSC) |

## [PROPOSED] ORDER

Upon consideration of Plaintiffs' Motion for Partial Summary Judgment and Permanent Injunction on the APA Claim Concerning Defendants' Violations of the Food, Drug, and Cosmetic Act, and the entire record herein, it is hereby

**ORDERED** that the Motion is **Granted.**

So ordered this _____ day of _____ 2020.


_____
TANYA S. CHUTKAN
United States District Judge

- 1 -