**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In the Matter of the Federal Bureau of Prisons' Execution Protocol Cases<br><br>LEAD CASE: *Roane et al. v. Barr*<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL CASES | Case No. 19-mc-0145 (TSC) |

**PLAINTIFFS' MOTION TO ALTER AND AMEND JUDGMENT PURSUANT TO RULE 59(e) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Plaintiffs in this matter—excluding Plaintiff Holder[1]—respectfully move this Court to alter and amend the partial final judgment entered on August 20, 2020. (ECF No. 205.) That judgment dismissed Count II of Plaintiffs' Amended Complaint based upon an overly broad reading of the Supreme Court's per curiam order in *Barr v. Lee* as foreclosing any Eighth Amendment challenge to the use of pentobarbital in lethal injection, "no matter the evidence of excruciating pain." ECF No. at 193 ("The Order") (discussing, No. 20A8, 2020 WL 3964985, *2 (U.S. July 14, 2020) (per curiam)). For cause, Plaintiffs show the following:

[1]See note 2, *infra*.

**PROCEDURAL HISTORY**

The extensive emergency litigation that has resulted from the Government's execution of five of the Plaintiffs in this action over the last two months has potentially obscured the relevant procedural history of Count II. Accordingly, Plaintiffs begin with a detailed review of that procedural history, which establishes that neither the United States Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") nor the Supreme Court has ratified the interpretation of *Lee* embraced by this Court in dismissing Count II of Plaintiffs' Amended Complaint or has otherwise addressed, much less endorsed, that dismissal. Accordingly, reconsideration remains properly before this Court.

Pursuant to a briefing schedule agreed to by the parties, Plaintiffs filed an Amended Complaint for injunctive and declaratory relief challenging the legality and constitutionality of Defendants' lethal injection protocol on June 1, 2020. ECF No. 92. Count II of that Complaint alleged that Defendants' protocol would subject Plaintiffs to cruel and unusual punishment in violation of their Eighth Amendment rights. *Id.* at 35.

On June 15, 2020, the Government set execution dates for four plaintiffs: Daniel Lee, for July 13, 2020; Wesley Purkey, for July 15, 2020; Dustin Honken, for July 17, 2020; and Keith Nelson, for August 28, 2020. Four days later, on June 19, 2020, those four plaintiffs moved this Court to temporarily enjoin their executions pending its adjudication of a number of their constitutional and statutory claims, including Count II. ECF No. 102.

On July 13, 2020, this Court granted the motion for preliminary injunction, finding that the four plaintiffs were likely to succeed on Count II and would suffer irreparable harm absent an injunction, and that the equitable considerations favored them. ECF No. 136. As this Court held, "the question of whether the 2019 Protocol is significantly likely to cause serious pain turns on the

narrower question of whether the pentobarbital is likely to render inmates insensate or dead before they experience the symptoms of pulmonary edema" – a factual question on which "Plaintiffs have the better of the scientific evidence." ECF No. 135 at 12.

The D.C. Circuit denied the Government's motion to stay or vacate this Court's preliminary injunction, holding that "[r]esolution of the merits of the inmates' claim…involves novel and difficult constitutional questions that require the benefit of further factual and legal development," and ordering an expedited briefing schedule and oral argument. Document #1851483, *In re: FBOP Execution Protocol Cases*, No. 20-5199 (July 13, 2020).

In the early-morning hours of July 14, 2020, the Supreme Court vacated the preliminary injunction, holding by a 5-4 vote that the four plaintiffs had "not established that they are likely to succeed" on Count II. *Barr v. Lee*, No. 20A8, 2020 WL 3964985, *2 (U.S. July 14, 2020) (per curiam). The Court expressly acknowledged that it was reviewing the preliminary injunction more stringently because "last-minute stays like that issued this morning should be the extreme exception, not the norm." *Lee*, 2020 WL 3964985 at *2 (internal quotation marks omitted). By that metric, the Court concluded, the four plaintiffs had "not made the showing required to justify *last-minute* intervention by a Federal Court." *Id.* (emphasis added).

Defendants executed Plaintiff Lee within hours of the vacatur. Defendants executed Plaintiff Purkey on July 16, 2020, and Plaintiff Honken on July 17, 2020.

On July 31, 2020, Defendants moved to dismiss or for summary judgment as to every claim in Plaintiffs' Amended Complaint—including, *inter alia*, to dismiss Count II. ECF No. 169. On that same date, Plaintiff Nelson filed an emergency motion for an expedited trial on Count II. ECF No. 174. Nelson wished "to proceed to trial in the ordinary course," *id.* at 4, but because Defendants "refused to postpone [his August 28] execution in order to allow additional time to

more fully adjudicate this case," he had "no choice but to ask this Court to schedule an expedited trial to afford [him] the opportunity to demonstrate the merits of his claims." *Id.* at 4-5.

This Court conducted a status conference on Nelson's motion on August 14, 2020, and, on August 15, 2020, denied the motion for an expedited trial *and* granted Defendants' motion to dismiss as to Count II only. ECF No. 193.[2] As discussed *infra*, this Court premised its dismissal upon an expansive reading of the Supreme Court's vacatur of the preliminary injunction in *Lee*, which it deemed tantamount to a merits adjudication on Count II. *Id.* at 2-5.

On August 17, 2020, Nelson filed an emergency motion for entry of partial, final judgment on Count II pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. ECF No. 196. "Absent an opportunity to seek an expedited appeal," Nelson wrote, he "will be executed before his Eighth Amendment claim is fully adjudicated," which "would be tantamount to depriving Mr. Nelson of the opportunity to appeal altogether." *Id.* at 2.

The Government initially took no position on Nelson's motion. ECF No. 196 at 1, n. 1. The Government then reversed itself, submitting an opposition that asserted without citation to rule or authority that they "should not be required to proceed piecemeal before the D.C. Circuit on Count II, when the Court's dismissal of that claim applies to all plaintiffs except for Plaintiff Norris Holder." ECF No. 198 at 1. "Accordingly," Defendants wrote, "they would not oppose certification of the Court's dismissal of Count II as to all Plaintiffs," but "oppose[d] Nelson's request to proceed separately." *Id.* In a footnote, Defendants observed "that Nelson's motion does

[2]This Court specified that its "ruling applies to all cases except that of Plaintiff Norris Holder," who has alleged separate and "substantially different" risks of harm from Defendants' protocol. ECF No. 193 at 5, n. 1. Accordingly, as Count II has not been dismissed as to him, Mr. Holder takes no position on the present motion but otherwise joins in Plaintiffs' arguments herein.

not provide the position of the remaining Plaintiffs, whose potential appeal may be prejudiced by any D.C. Circuit ruling on the merits of Count II." *Id.* at 1, n. 1.

On August 18, 2020, this Court entered a minute order directing "all Plaintiffs with the exception of Norris Holder" to "show cause in writing" as to "whether they object to the entry of final judgment as to Count II of the Amended complaint."

On August 19, 2020, all Plaintiffs except Plaintiffs Nelson, Holder, and Vialva[3] filed a response to the Court's show-cause order, stating that they did not oppose the entry of final judgment as to Count II but "reserved the right to move to alter or amend said judgment under Fed. R. Civ. P. 59(e), and otherwise to seek reconsideration of the Court's order dismissing Count II." (ECF No. 202.)

On August 20, this Court granted Nelson's emergency motion and "enter[ed] partial final judgment for the Defendants, dismissing Count II (Eighth Amendment) of the Amended Complaint….[as] to all Plaintiffs in this consolidated action, except Norris Holder." ECF No. 205 (emphasis omitted).

That same day, Nelson appealed this Court's judgment to the D.C. Circuit. On August 21, he moved that Court for a stay of execution pending his appeal. In support of that motion, Nelson cited "new evidence, not previously considered by the Supreme Court"-- specifically, the Preliminary Findings Report from the autopsy of Wesley Purkey, which he had submitted with his motion for an expedited trial, and photographs of the labels of the vials of pentobarbital used in two of the July executions, which he had submitted with motion for summary judgment on his

[3]Plaintiff Vialva filed a separate response joining Plaintiff Nelson's motion for the entry of partial final judgment as to Count II. ECF No. 203.

claims under the Federal Food, Drug, and Cosmetic Act. Document #1857655, *In re: FBOP Execution Protocol Cases*, No. 20-5252 (August 21, 2020) at 9-12 (citing ECF Nos. 183 & 190).

On August 25, 2020, the D.C. Circuit denied Nelson's stay motion, concluding that "Nelson's new evidence provides no ground on which we might grant equitable relief" because this Court "made no factual findings on that evidence, and we are in no position to do so in the first instance." Document #1858309, *In re: FBOP Execution Protocol Cases*, No. 20-5252 (August 25, 2020) ("*Nelson*"). The D.C. Circuit held that because this Court, "[i]n granting the government's motion to dismiss Nelson's Eighth Amendment claim under Rule 12(b)(6)…was limited to evaluation of the sufficiency of the allegations," it did not "engage in any fact-finding or weighing of evidence, as it could have done had it ruled on a motion to stay or for a preliminary injunction, or had it denied the government's motion and proceeded to the expedited trial that Nelson requested." *Nelson* at 4. The D.C. Circuit accordingly held that "[t]he factual findings before us are…unchanged from those on which the district court relied in granting the preliminary injunction in *Lee*…[and] identical to what the Supreme Court considered when it vacated that preliminary injunction." *Id.*

The D.C. Circuit also rejected Nelson's argument that "his burden is lighter than the burden to support the injunction in *Lee* because the district court here ruled only on the legal sufficiency of the complaint under Rule 12(b)(6)," expressly holding that "the merits of the ruling on the motion to dismiss *are not before us*," and that, "in the context of Nelson's request for equitable relief against the pending execution date, we consider not the plaintiff's chances of defeating the preliminary motion, but his showing that he could ultimately prevail on the Eighth Amendment claim." *Id.* at 5 (emphasis added).

Defendants executed Nelson on August 28, 2020. On September 1, his counsel and the Government moved to dismiss his appeal as moot. Document #1859388, *In re: FBOP Execution Protocol Cases*, No. 20-5252 (September 1, 2020).

**ARGUMENT**

This motion represents the first opportunity for any plaintiff other than Nelson to address the Supreme Court's ruling in *Lee* in argument or briefing. As detailed in the procedural history above, no subsequent decision by the D.C. Circuit or the Supreme Court has ratified this Court's reading of *Lee* or otherwise foreclosed this Court from reconsidering its dismissal of Count II. And Plaintiffs respectfully submit that reconsideration is in order, as this Court erred in reading *Lee* to hold that "absent particular medical circumstances, the use of pentobarbital will withstand Eighth Amendment scrutiny, no matter the evidence of excruciating pain." ECF No. at 193.

*Lee* did not give pentobarbital a permanent constitutional stamp of approval, and its scope was too narrow to support this Court's interpretation. *Lee* addressed only whether Plaintiffs Lee, Purkey, Honken, and Nelson had established "that they are likely to succeed on the merits of their Eighth Amendment claim." *Lee*, 2020 WL 3964985, at *1. This stay-of-execution standard differs materially from the standard governing a motion to dismiss, which a plaintiff survives so long as they "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); see also *Advance America v. FDIC*, 257 F. Supp. 3d 56, 64 (D.D.C. 2017) (contrasting the preliminary injunction standard from the dismissal standard). A plaintiff makes that showing even when the Court believes it "unlikely" that the claim "will ultimately prove meritorious." *Ali. v. Dist. of Columbia Govt.*, 697 F. Supp. 2d 88, 92 (D.D.C. 2010). *Lee* noted that such claims such as Count II face "an exceedingly high bar," given that pentobarbital is "a mainstay of state executions" and has

been upheld by it and other courts in other cases. *Id.* But "exceedingly high" is not "insurmountable as a matter of law," and the Court did not purport to place that bar forever out of reach.

Further, the Supreme Court raised that bar substantially for the four plaintiffs in *Lee* because they sought what it deemed "*last-minute intervention* by a Federal Court," extraordinary relief that they had "not made the showing required to justify[.]" *Id.* at *2. *Lee* made clear that the timing of this Court's injunction—"issued [that] morning," *id.*, only "[h]ours before the first execution was set to take place," *id.* at *2—made it subject to more stringent review, as "last-minute stays…should be the extreme exception, not the norm." *Id.* (internal citations omitted). When viewed in light of that heightened standard, *Lee*'s holding is revealed as narrower still.

Moreover, in holding that the four plaintiffs had "not made the showing required to justify last-minute intervention," *Lee* first characterized the limited evidence before it as a battle of expert declarations, with the four plaintiffs citing "new expert declarations suggesting that pentobarbital causes prisoners to experience 'flash pulmonary edema,'" while the "Government has produced competing expert testimony of its own." *Id.* Given that framing, *Lee* is best understood to hold only that a plaintiff's expert declarations, when contested by the government's own experts, are insufficient to make the heightened showing necessary to justify last-minute relief.

This Court concluded that the Supreme Court could not have applied this rubric in *Lee* because its injunction "was not remotely 'last-minute' with respect to Nelson." ECF No. 193 at 4. But this Court based that conclusion on a factual error. When this Court entered its injunction, Nelson's scheduled execution date of August 28 was not "two months" distant; rather, as *Lee* noted, it was just over a month away. ECF No. 193 at 4; *cf Lee*, 2020 WL 3964985, at *1. Moreover, as indicated by the passages quoted above, the plain text of *Lee* indicates that the

Supreme Court considered the injunction "last-minute" for Nelson as well. *Lee* discusses all four plaintiffs as a unit, without differentiating Nelson from the trio set for execution the week of July 13, and emphasizes the nearness of *all four* scheduled executions to this Court's injunction. *Id.* at *1 ("the first of their executions was scheduled to take place this afternoon, with others to follow this week and *next month*." (emphasis added)). Most critically, *Lee* referred to the four plaintiffs collectively when indicating they had not made the elevated showing required. *Id.* at *2 ("*The plaintiffs in this case* have not made the showing required to justify last-minute intervention by a Federal Court.")

That *Lee* does not foreclose an Eighth Amendment challenge to pentobarbital is underscored by the D.C. Circuit's reasoning in *Nelson*. Nelson's stay motion obliged the D.C. Circuit to grapple with what *Lee* meant for Eighth Amendment challenges. If the D.C. Circuit shared this Court's broad reading of *Lee*, it could have denied Nelson a stay with no analysis whatsoever, as the answer to the very first question before it—"whether the stay applicant has made a strong showing that he is likely to succeed on the merits"—would have been "no." *Nelson* at 3 (citing *Niken v. Holde*r, 556 U.S. 418, 434 (2009). The D.C. Circuit would not have needed to assess whether Nelson's new evidence was part of the factual record if it agreed that *Lee* meant "the use of pentobarbital will withstand Eighth Amendment scrutiny, no matter the evidence of excruciating pain," because no new evidence would or could have made any difference. While the D.C. Circuit ultimately found the factual record in *Nelson* "unchanged" from *Lee*, it did so because this Court had "made no factual findings on that evidence," and it could not do so "in the first instance" on appeal. *Id.* at 4. Even setting aside the pains taken by the D.C. Circuit to explain why it could not consider that new evidence, the very *fact* of that analysis recognizes that, if this

Court had made such findings, the evidence would have been considered and could have established the "strong showing" required.

In sum, Plaintiffs respectfully submit that this Court premised its dismissal of Count II upon a sweeping interpretation of *Lee* that is neither supported by its text, nor shared by the D.C. Circuit. *Lee* was not a merits ruling on Count II, much less a declaration that such a claim could never have merit, regardless of what evidence beyond expert testimony Plaintiffs might be able to proffer on a full record. Indeed, *Lee* had no occasion to consider plaintiffs' autopsy evidence, which provides real-world confirmation of plaintiffs' experts' opinions. At most, *Lee* held only that contested expert declarations were insufficient to satisfy the heightened showing necessary to obtain a last-minute stay. Further, the Court's ruling stretches Rule 12(b)(6) well past its breaking point, as a proper application of the rule merely instructs the Court to consider the legal sufficiency of a pleading. Because Count II is not foreclosed and does state a claim, it should be reinstated, so that Plaintiffs can develop and present the argument and evidence that establish their entitlement to relief. That showing will no doubt include the evidence from Plaintiff Purkey's autopsy and evidence of the Government's expired and subpotent drugs, which has not yet been considered by this Court, and which establish that the Government's execution protocol poses precisely the unconstitutional risks of harm that Count II alleges.

## CONCLUSION

For the foregoing reasons, the Court should alter and amend its judgment and reinstate Count II of Plaintiffs' Amended Petition.

Dated: September 10, 2020

Respectfully submitted,

_/s/ Gerald W. King, Jr._
Gerald W. King, Jr.
Ga. Bar No. 140981
Jeffrey Lyn Ertel
Ga. Bar No. 249966
FEDERAL DEFENDER PROGRAM, INC.
101 Marietta Street, Suite 1500
Atlanta, Georgia 30303
404-688-7530
(fax) 404-688-0768
Gerald_King@fd.org
Jeff_Ertel@fd.org

Stephen Northup
VSB #16547
Troutman Sanders LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1240
(fax) (804) 698-5120
steve.northup@troutmansanders.com

Frederick R. Gerson
VSB #39968
Bank Of America Center
1111 East Main Street, 16th Floor
Richmond, Virginia 23219
(804) 482-1121
fgerson@dagglaw.com

*Counsel for Plaintiff Richard Tipton, III*

Paul F. Enzinna
D.C. Bar No. 421819
Ellerman Enzinna PLLC
1050 30th Street, NW
Washington, DC 20007
202.753.5553

*Counsel for Plaintiff James H. Roane, Jr.*

Amy Karlin
Interim Federal Public Defender
Celeste Bacchi
Jonathan C. Aminoff
Deputy Federal Public Defenders
321 E. Second Street
Los Angeles, CA 90012
(213) 894-2854

*Counsel for Plaintiff Julius O. Robinson*

Joshua C. Toll
D.C. Bar No. 463073
King & Spalding LLP
1700 Pennsylvania Avenue, N.W.
Washington, DC 20006
(202) 737-8616
jtoll@kslaw.com

Margaret O'Donnell
P.O. Box 4815
Frankfort, KY 40604
(502) 320-1837
mod@dcr.net

*Counsel for Plaintiff Anthony Battle*

Ginger D. Anders (Bar No. 494471)
Jonathan S. Meltzer (Bar No. 888166546)
Brendan Gants (Bar No. 1031419)
MUNGER, TOLLES & OLSON LLP
1155 F Street N.W., Seventh Floor
Washington, D.C. 20004-1357
(202) 220-1100

*Counsel for Plaintiff Brandon Bernard*

Alex Kursman, Assistant Federal Defender
Shawn Nolan, Chief, Capital Habeas Unit
Federal Community Defender Office, E.D. Pa.
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Telephone – 215-928-0520
Email – alex_kursman@fd.org

*Counsel for Plaintiff Alfred Bourgeois*

Joseph Luby, Assistant Federal Defender
Federal Community Defender Office, E.D. Pa.
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Telephone – 215-928-0520
Email – joseph_luby@fd.org

*Counsel for Plaintiff Chadrick Fulks*

Amy Lentz (DC Bar No. 990095)
Steptoe & Johnson, LLP
1300 Connecticut Avenue NW
Washington, DC 20036
202.429.1350
Email - alentz@steptoe.com

*Counsel for Plaintiff Orlando Hall*

Michael F. Williams
Kirkland & Ellis LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
202-389-5123
Email - michael.williams@kirkland.com

Susan M. Otto
Federal Public Defender Organization
215 Dean A. McGee Avenue, Suite 109
Oklahoma City, OK 73102
405-609-5930
Email - susan_otto@fd.org

*Counsel for Plaintiff Christopher Vialva*

Donald P. Salzman (D.C. Bar No. 479775)
Charles F. Walker (D.C. Bar No. 427025)
Steven M. Albertson (D.C. Bar No. 496249)
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
(202) 371-7983
donald.salzman@skadden.com

*Counsel for Plaintiff Corey Johnson*

Shawn Nolan, Chief, Capital Habeas Unit
Federal Community Defender Office, E.D. Pa.
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
shawn_nolan@fd.org
timothy_kane@fd.org

*Counsel for Plaintiff Jeffrey Paul*

Evan Miller (DC Bar # 219310)
Vinson & Elkins LLP
2200 Pennsylvania Avenue, NW
Suite 500 West
Washington, D.C. 20037
(202) 639-6605
(202) 478-1815 (fax)
emiller@velaw.com

*Counsel for Plaintiff Bruce Webster*

Matthew Lawry, Assistant Federal Defender
Shawn Nolan, Chief, Capital Habeas Unit
Federal Community Defender Office, E.D. Pa.
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Telephone – 215-928-0520
Email – matthew_lawry@fd.org

*Counsel for Plaintiff Dustin Higgs*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2020, I caused a true and correct copy of foregoing to be served on all counsel of record via the Court's CM/ECF system. Pursuant to this Court's August 20, 2019 Order, below is a list of all counsel of record. The names marked with an asterisk (*) have no email provided on the docket and are no longer with the identified firms.

Alan Burch
U.S. Attorney's Office for the District of Columbia
(202) 252-2550
Email: alan.burch@usdoj.gov

Peter S. Smith
United States Attorney's Office
Appellate Division
(202) 252-6769
Email: peter.smith@usdoj.gov

Ethan P. Davis
Civil Division, U.S. Department of Justice
(202) 616-4171
Email: Ethan.Davis@usdoj.gov

Robert J. Erickson
US Department of Justice
(202) 514-2841
Email: Robert.erickson@usdoj.gov

Joshua Christopher Toll
KING & SPALDING LLP
(202) 737-8616
Email: jtoll@kslaw.com

Charles Anthony Zdebski
ECKERT SEAMANS CHERIN & MELLOTT, LLC
(202) 659-6605
Email: czdebski@eckertseamans.com

Paul R. Perkins
Civil Division, Department of Justice
(202) 514-5090
Email: Paul.R.Perkins@usdoj.gov

Jonathan Kossak
Civil Division, Department of Justice
(202) 305-0612
Email: Jonathan.kossak@usdoj.gov

Denise M. Clark
U.S. Attorney's Office for the District of Columbia
(202) 252-6605
Email: Denise.Clark@usdoj.gov

Jean Lin
Civil Division, Department of Justice
(202) 514-3716
Jean.lin@usdoj.gov

Cristen Cori Handley
Civil Division, Department of Justice
(202) 305-2677
Cristen.Handley@usdoj.gov

Paul F. Enzinna
ELLERMAN ENZINNA PLLC
(202) 753-5553
Email: penzinna@ellermanenzinna.com

Brandon David Almond
TROUTMAN SANDERS LLP
(202) 274-2864
Email: brandon.almond@troutmansanders.com

Gerald Wesley King, Jr.
FEDERAL DEFENDER PROGRAM, INC.
(404) 688-7530
Email: gerald_king@fd.org

Charles Fredrick Walker
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
(202) 371-7000
Email: Charles.Walker@skadden.com

Alexander C. Drylewski
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
(212) 735-2129
Email: Alexander.Drylewski@skadden.com
(*pro hac vice application forthcoming)

Celeste Bacchi
OFFICE OF THE PUBLIC DEFENDER
Capital Habeas Unit
(213) 894-1887
Email: celeste_bacchi@fd.org

Jonathan Charles Aminoff
FEDERAL PUBLIC DEFENDER, CENTRAL DISTRICT OF CALIFORNIA
(213) 894-5374
Email: jonathan_aminoff@fd.org

Billy H. Nolas
FEDERAL COMMUNITY DEFENDER OFFICE FOR THE EDPA
(215) 928-0520
Email: Billy_Nolas@fd.org

*Jeanne Vosberg Sourgens
VINSON & ELKINS LLP
(202) 639-6633

William E. Lawler, III
VINSON & ELKINS LLP
(202) 639-6676
Email: wlawler@velaw.com

Donald P. Salzman
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
(202) 371-7983
Email: Donald.salzman@skadden.com

Steven M. Albertson
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
(202) 371-7112
Email: Steven.Albertson@skadden.com

Craig Anthony Harbaugh
FEDERAL PUBLIC DEFENDER, CENTRAL DISTRICT OF CALIFORNIA
(213) 894-7865
Email: craig_harbaugh@fd.org

Alexander Louis Kursman
OFFICE OF THE FEDERAL COMMUNITY DEFENDER/EDPA
(215) 928-0520
Email: Alex_Kursman@fd.org

Kathryn B. Codd
VINSON & ELKINS LLP
(202) 639-6536
Email: kcodd@velaw.com

Robert E. Waters
KING & SPALDING LLP (202) 737-0500
Email: rwaters@velaw.com

Yousri H. Omar
VINSON & ELKINS LLP
(202) 639-6500
Email: yomar@velaw.com

*William E. Hoffman, Jr.
KING & SPALDING LLP
(404) 572-3383

Mark Joseph Hulkower
STEPTOE & JOHNSON LLP
(202) 429-6221
Email: mhulkower@steptoe.com

Evan D. Miller
VINSON & ELKINS LLP
(202) 639-6605
Email: EMiller@velaw.com

Margaret O'Donnell
(502) 320-1837
Email: mod@dcr.net

Abigail Bortnick
KING & SPALDING LLP
(202) 626-5502
Email: abortnick@kslaw.com

Matthew John Herrington
STEPTOE & JOHNSON LLP
(202) 429-8164
Email: mherrington@steptoe.com

Amy J. Lentz
STEPTOE & JOHNSON LLP
(202) 429-1320
Email: Alentz@steptoe.com

Gary E. Proctor
LAW OFFICES OF GARY E. PROCTOR, LLC
(410) 444-1500
Email: garyeproctor@gmail.com

Scott Wilson Braden
FEDERAL PUBLIC DEFENDER, EASTERN DISTRICT OF ARKANSAS
(501) 324-6144
Email: Scott_Braden@fd.org

Amy Gershenfeld Donnella
FEDERAL COMMUNITY DEFENDER OFFICE FOR THE EDPA
(215) 928-0520
Email: amy_donnella@fd.org

David Victorson
(202) 637-5600
HOGAN LOVELLS US LLP
Email: David.Victorson@hoganlovells.com

Robert A. Ayers
STEPTOE & JOHNSON LLP
(202) 429-6401
Email: rayers@steptoe.com

Robert L. McGlasson
MCGLASSON & ASSOCIATES, PC
(404) 314-7664
Email: rlmcglasson@comcast.net

Sean D. O'Brien
PUBLIC INTEREST LITIGATION CLINIC
(816) 363-2795
Email: dplc@dplclinic.com

Shawn Nolan
FEDERAL COMMUNITY DEFENDER OFFICE, EDPA
(215) 928-0520
Email: shawn_nolan@fd.org

Joseph William Luby
FEDERAL PUBLIC DEFENDER/EDPA
(215) 928-0520
Email: joseph_luby@fd.org

Pieter Van Tol
HOGAN LOVELLS US LLP
(212) 918-3000
Email: Pieter.Vantol@hoganlovells.com

Jonathan Jeffress
KAISER DILLON, PLLC
(202) 640-4430
Email: Jjeffress@kaiserdillon.com

Andrew Moshos
MORRIS NICHOLS ARSHT & TUNNELL LLP
(302) 351-9197
Email: Amoshos@mnat.com

John D. Beck
HOGAN LOVELLS US LLP
(212) 918-3000
Email: john.beck@hoganlovells.com

Amelia J. Schmidt
KAISER DILLON, PLLC
(202) 869-1301
Email: Aschmidt@kaiserdillon.com

Norman Anderson
KAISER DILLON PLLC
(202) 640-2850
nanderson@kaiserdillon.com

Jennifer Ying
MORRIS NICHOLS ARSHT & TUNNELL LLP
(302) 658-9300
Email: Jying@mnat.com

Andres C. Salinas
WILMER CUTLER PICKERING HALE & DORR LLP
(202) 663-6289
Email: Andres.Salinas@wilmerhale.com

*Ryan M. Chabot
WILMER CUTLER PICKERING HALE & DORR LLP
(212) 295-6513

Dale Andrew Baich
OFFICE OF THE FEDERAL PUBLIC DEFENDER
(602) 382-2816
Dale_Baich@fd.org

Alan E. Schoenfeld
WILMER CUTLER PICKERING HALE & DORR LLP
(212) 937-7294
Email: Alan.Schoenfeld@wilmerhale.com

Kathryn Louise Clune
CROWELL & MORING LLP
(202) 624-5116
kclune@crowell.com

Jennifer M. Moreno
OFFICE OF THE PUBLIC FEDERAL DEFENDER, DISTRICT OF ARIZONA
(602) 382-2718
Jennifer_moreno@fd.org

Ginger Dawn Anders
MUNGER, TOLLES & OLSON LLP
(202) 220-1107
Ginger.anders@mto.com

*Jonathan S. Meltzer
MUNGER, TOLLES & OLSON LLP
(202) 220-1100

*Brendan Gants
MUNGER, TOLLES & OLSON LLP
(202) 220-1100

Timothy Kane
FEDERAL COMMUNITY DEFENDER OFFICE, EDPA
(215) 928-0520
Email: timothy_kane@fd.org

Dated: September 10, 2020

*/s/ Gerald W. King, Jr.*
Gerald W. King, Jr.
Ga. Bar No. 140981
FEDERAL DEFENDER PROGRAM, INC.
101 Marietta Street, Suite 1500
Atlanta, Georgia 30303
404-688-7530/(fax) 404-688-0768
Gerald_King@fd.or