# Exhibit 2

**Administrative Remedy No. 987995-A1**
**Part B - Response**

This is in response to your Central Office Administrative Remedy Appeal where you indicate you are appealing the Regional response and are reiterating your previous allegations and relief sought. Specifically, you contend the method by which the government intends to execute prisoners violates the laws and Constitution of the United States. You argue the current protocol calls for administration by inadequately trained and unqualified medical personnel, and is likely to cause severe pain. You further assert that you lack knowledge of the personnel involved and the procedures related to the protocol, and are unaware of the process for compounding the lethal drug used. Finally, you contend those selected and scheduled for execution under the protocol are chosen in a secretive and arbitrary fashion by the Attorney General, resulting in discriminatory executions. You request the current execution method be modified to remedy the alleged illegalities as discussed in your "Attachment A."

In accordance with Title 28, Code of Federal Regulations (C.F.R.), Section 26.3, a sentence of death shall be executed by intravenous injection of a lethal substance or substances in a quantity sufficient to cause death. The lethal injection procedures prescribed by the Bureau of Prison's (BOP) Execution Protocol are administered in a humane manner by appropriately trained and qualified personnel. The method of execution currently used by the BOP is in accordance with 28 C.F.R. §26.3. In addition, the lethal injection procedures prescribed by the Execution Protocol have been properly promulgated in accordance with applicable laws and regulations.

The Attorney General does not select inmates that are sentenced to death for execution. Pursuant to 28 C.F.R. §26.3, a sentence of death shall be executed on a date and at a time designated by the Director of the BOP. There is no credible evidence inmates are selected for execution in a discriminatory manner.

I trust this has been response to your appeal. However, if you are seeking additional information/documentation not releasable at the institution level, you may submit a request through a Freedom of Information/Privacy Act (FOIA) request. Such requests must be made in writing and addressed to the following office with both the face of the letter and envelope clearly marked, "Freedom of Information Request.": Federal Bureau of Prisons Office of General Counsel, FOIA Section, Room 936, 320 First Street, NW, Washington, DC 20534.

This response is provided for informational purposes.

_12/12/19_
Date

Ian Connors, Administrator
National Inmate Appeals

U.S. Department of Justice

Federal Bureau of Prisons

# Central Office Administrative Remedy Appeal

Type or use ball point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: **Lecroy William E. Jr.**     **45795-019**     **SCU**     **USP Terre Haute3**
LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A - REASON FOR APPEAL** This is an appeal of the Regional Administrative Remedy Appeal No.987995-R1. I herby re-raise my allegations andrelief stated in teh Request.

10/29/19
DATE                                                          SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED
NOV 0 5 2019
Administrative Remedy Section
Federal Bureau of Prisons

_____     _____
DATE                                                           GENERAL COUNSEL
FIRST COPY: WASHINGTON FILE COPY                  CASE NUMBER: _987995-A1_

**Part C - RECEIPT**
                                                               CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION
SUBJECT: _____

_____     _____
DATE                              SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

UPN LVN                                                                                BP-231(13)
                                                                                       JUNE 2002

**U.S. Department of Justice**
**Federal Bureau of Prisons**
**North Central Regional Office**

**Regional Administrative Remedy Appeal**
**Part B - Response**

**Administrative Remedy Number**: 987995-R1

This is in response to your Regional Administrative Remedy Appeal received in this office on September 5, 2019, in which you contend the method the federal government intends to execute prisoners violates the law and Constitution of the United States. For relief, you request the execution method be modified to remedy the alleged illegalities.

The information presented in your Regional Administrative Remedy Appeal, Request for Administrative Remedy, and the Warden's response, dated August 22, 2019, was reviewed. The Warden has accurately and adequately addressed the issues you raised. In accordance with Title 28, Code of Federal Regulations, Section 26.3(a)(4), a sentence of death in a federal case shall be implemented by intravenous injection of a lethal substance or substances in a quantity sufficient to cause death. The lethal injection procedures prescribed by the Bureau of Prisons Execution Protocol have been established in accordance with 28 C.F.R. § 26.3, and comply with all applicable laws and regulations.

Based on the above information, this response to your Regional Administrative Remedy Appeal is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

_10-16-19_
Date

J. E. Krueger, Regional Director

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: __LeCroy William E. Jr__  __45795-019__  __SCU__  __Terre Haute__
LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

**Part A – REASON FOR APPEAL**
This is an appeal of Administration Remedy: Number 987995-F1  I Hereby Re-raise my Allegations and relief stated in the Request

__8-27-19__                                   __William LeCroy Jr.__
DATE                                    SIGNATURE OF REQUESTER

**Part B – RESPONSE**

_____                           _____
DATE                                        REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

SECOND COPY: RETURN TO INMATE                        CASE NUMBER: _____

**Part C – RECEIPT**
                                            CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____           _____
DATE                                SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)
JUNE 2002

Remedy No.: 987995-F1                                    FCC Terre Haute, IN

## PART B - RESPONSE

This is in response to your Administrative Remedy receipted August 19, 2019, in which you allege the execution method violates the law and Constitution of the United States. For relief, you request the execution method be modified to remove alleged illegalities.

A review of your request reveals 28 C.F.R. 26.3(a)(4) requires that a sentence of death be implemented by "intravenous injection of a lethal substance or substances in a quantity sufficient to cause death, such substance or substances to be determined by the Director of the Federal Bureau of Prisons and to be administered by qualified personnel selected by the Warden and acting at the direction of the Marshal." The Bureau of Prisons execution protocol complies with this, and all applicable laws and regulations.

Therefore, this response to your Request for Administrative Remedy is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Regional Director, North Central Regional Office, Federal Bureau of Prisons, 400 State Avenue, Suite 800, Kansas City, Kansas 66101. Your appeal must be received within 20 calendar days of the date of this response.

_____9/22/19_____                         _____
Date                                          T. J. Watson, Complex Warden

U.S. DEPARTMENT OF JUSTICE | REQUEST FOR ADMINISTRATIVE REMEDY
Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: **LeCroy, William E., Jr.** | **45795-019** | **SCU** | **USP-THA**
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

**Part A- INMATE REQUEST**

The method by which the federal government intends to execute prisoners violates the laws and Constitution of the United Staes for the reasons enumerated in the attached document. (see Attachment A).

I request that the execution method be modified to remedy the illegalities described in in the attached document, and that the federal government's method of execution be promulgated in accordance with the Administrative Procedure Act.

8/15/19 | William LeCroy, Jr.
DATE | SIGNATURE OF REQUESTER

**Part B- RESPONSE**

RECEIVED
USP Terre Haute
AUG 19 2019
Administrative Remedy Clerk

___ DATE ___ | ___ WARDEN OR REGIONAL DIRECTOR ___

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

THIRD COPY: RETURN TO INMATE | CASE NUMBER: 787795-F1

CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT: _____

___ DATE ___ | ___ RECIPIENT'S SIGNATURE (STAFF MEMBER) ___

BP-229(13)
APRIL 1982

Attachment A

The method by which the federal government intends to execute prisoners violates the laws and Constitution of the United States for the reasons that follow:

1. The document entitled "Addendum to BOP Execution Protocol" (hereafter referred to as "protocol"), as well as the preceding execution method, violate the Administrative Procedure Act ("APA") because they were issued without notice-and-comment rulemaking, and the protocol was therefore enacted "without observance of procedure required by law." 7 U.S.C. § 706(2)(D); 5 U.S.C. § 553.

2. The protocol is "not in accordance with law," is "in excess of statutory jurisdiction, authority, or limitations," is "short of statutory right" and is "arbitrary, capricious, [and] an abuse of discretion" under the APA in that (a) the protocol's use, dispensing, and administration of pentobarbital – including but not limited to a compounded version of the drug – violates the Controlled Substances Act, 21 U.S.C. §§ 801, et seq. and its implementing regulations, as well as the Food Drug and Cosmetic Act, 21 U.S.C. §§ 301, et seq., and its implementing regulations; because (i) the protocol calls for the dispensing and administration of a Schedule II and III controlled substance without a valid prescription issued for a legitimate medical purpose in the usual course of a practitioner's medical practice and through a bona fide practitioner-patient relationship; and (ii) any compounded version of pentobarbital would be "essentially a copy" of an FDA-approved drug and thus an unapproved "new drug"; (b) the protocol violates Indiana law governing the dispensing of pentobarbital and similar controlled substances and compounded drugs, including but not limited to Ind. Code §§ 35-48-2-6(e), 35-48-2-8(c), 35-48-3-9, 35-48-4-2; (c) the purportedly enabling regulations codified at 28 C.F.R. §§ 26.1-26.5 lack statutory authority; (d) the protocol violates the FDPA's requirements that federal executions (i) take place within state facilities under 18 U.S.C. §§ 3596-3597, and (ii) use either the execution method employed by the state in which the sentence was imposed (only a few of which states use pentobarbital), or that of another state chosen by the sentencing court situated within a state that lacks the death penalty (most of which use an execution method different from the protocol's); (e) the protocol may be carried out against mentally incompetent or intellectually disabled persons in violation of 18 U.S.C. § 3596(c); and (f) those who are selected and scheduled for execution under the protocol are chosen in a secretive and arbitrary fashion by the Attorney General, resulting in executions based on race, religion, geography, and other arbitrary factors.

3. The protocol is likely to cause severe pain in violation of the Eighth Amendment, including with the protocol's use, dispensing, and administration of compounded pentobarbital, as well as the likelihood of such use, dispensing, and administration by inadequately trained and unqualified medical personnel.

4. The administration of the protocol is violative of my rights under the FDPA and creates potential separation-of-powers and conflicts-of-laws issues.

5. The protocol is deliberately indifferent to the prisoner's serious medical need to be free from pain and suffering during the execution process, in violation of the Eighth Amendment as well as the prisoner's right to due process of law, for reasons including but not limited to (a) The protocol does not accommodate my specific medical conditions; (b) the protocol does not provide adequate guidance for cancellation of the execution and life-saving measures should something go wrong in the execution; (c) the execution facility is physically inadequate; and (d) the protocol contains no provisions to safeguard against an execution of an incompetent person.

6. The protocol, and the actions of those who developed it and plan to implement it, violate the due process rights of prisoners to notice and an opportunity to be heard, to equal protection of the law, and to be free of cruel and unusual punishment, in that (a) the prisoners lack knowledge of (i) the procedures that will be used to carry out their executions, (ii) the persons or entities who will be involved in executions and the training and qualifications of such persons, (iii) the persons or entities who compound and/or manufacture the pentobarbital with which the prisoners will be executed, and (iv) the processes by which the lethal drug will be compounded or manufactured; and (b) those who are selected and scheduled for execution under the protocol are chosen in a secretive and arbitrary fashion by the Attorney General, resulting in executions based on race, religion, geography, and other arbitrary factors.

7. The protocol is without instruction to accommodate my religious/spiritual last rites and my religious/spiritual advisor in violation of my First Amendment rights.

RECEIVED
USP Terre Haute
AUG 13 2019
Administrative
Remedy Clerk