UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |  |
|---|---|---|---|
| In the Matter of the Federal Bureau of Prisons' Execution Protocol Cases, | ) ) ) ) ) | | |
| LEAD CASE: *Roane et al. v. Barr* | ) ) ) ) | Case No. | 1:19-mc-0145 (TSC) |
| THIS DOCUMENT RELATES TO: *LeCroy v. Barr et al.*, 1:20-cv-2481 | ) ) ) ) | | |

**REQUEST FOR LEAVE OF COURT TO FILE
MOTION FOR PRELIMINARY INJUNCTION AND RELATED DOCUMENTS**

NOW COMES Plaintiff William LeCroy, through undersigned counsel, and seeks leave of Court to file his Motion for Preliminary Injunction and related papers, attached.

In yesterday's Minute Order, this Court "ORDERED that the parties shall not make any further filings in these consolidated cases without leave of court."  Due to Plaintiff's impending execution scheduled a week from today, and for the reasons set forth in Plaintiff's Motion and Brief, such leave should be granted in the interests of justice.

Dated:  September 15, 2020          Respectfully submitted,

      /s/ Gregory S. Smith
Gregory S. Smith (DC Bar #472802)
Law Offices of Gregory S. Smith
913 East Capitol Street, S.E.
Washington, D.C.  20003
Telephone: (202) 460-3381
Email: gregsmithlaw@verizon.net

      /s/ John R. Martin
John R. Martin (*pro hac vice* granted)
Martin Brothers P.C.
1099 St. Louis Place
Atlanta, GA  30306
Telephone: (404) 433-7446
Email: jack@martinbroslaw.com
*Attorneys for Plaintiff William LeCroy*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document is being served upon all counsel of record through this Court's Electronic Case Filing (ECF) system.

This 15th day of September 2020.

                                            /s/ Gregory S. Smith_____
                                           Gregory S. Smith
                                           gregsmithlaw@verizon.net

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of the )<br>Federal Bureau of Prisons' Execution )<br>Protocol Cases, )<br> )<br>LEAD CASE: *Roane et al. v. Barr* )<br> )<br> )<br>THIS DOCUMENT RELATES TO: )<br> )<br>*LeCroy v. Barr et al.*, 1:20-cv-2481 )<br> ) | Case No.    1:19-mc-0145 (TSC) |

**PLAINTIFF'S EMERGENCY MOTION FOR A PRELIMINARY INJUNCTION**

Plaintiff, William LeCroy, pursuant to Federal Rule of Civil Procedure 65 and Local Civil Rule 65.1, hereby moves the Court to issue a preliminary injunction barring Defendants from proceeding with any execution of Plaintiff unless and until Plaintiffs' Motion for Partial Summary Judgment and Permanent Injunction is decided on the merits, because of delays in the resolution of that motion that may be precipitated by the Government's request for an evidentiary hearing, made for the first time yesterday.

1.

Plaintiffs have moved for Partial Summary Judgment and a Permanent Injunction, seeking relief under the Administrative Procedure Act 5 U.S.C. § 551 *et seq.* ("APA"), the Food, Drug, and Cosmetic Act 21, U.S.C. § 301 *et seq*. ("FDCA"), a claim raised in Count IV of LeCroy's Amended Complaint. No doubt aware of LeCroy's scheduled execution date of Tuesday, September 22, this Court had expedited briefing of that Motion, so that a decision on this Motion could be rendered before next week. But yesterday, the Government for the first time suggested that an evidentiary hearing may be required on this issue, which could delay its resolution until after September 22.

As noted in their Reply Brief, filed today, Plaintiffs do not agree that any such evidentiary hearing is required. If this Court decides to grant one, however, and does not hold an expedited evidentiary hearing, it is axiomatic that LeCroy's execution should not proceed as scheduled until this pending Motion for Partial Summary Judgment and Permanent Injunction is decided on its merits. ECF 248, at p.6. The Defendants cannot fairly ask for an evidentiary hearing and then use that request as a basis to delay the resolution of a dispositive issue that could (and should) prevent LeCroy's execution, until after that very execution occurs. Accordingly, Plaintiff LeCroy moves this Court for a preliminary injunction, which should be kept in place until Plaintiffs' Motion for Partial Summary Judgment and Permanent Injunction is finally decided on its merits.

Because the execution of Mr. LeCroy is scheduled a week from today, this Court should also resolve this motion on an emergency basis.

2.

Plaintiff further relies in support of his Motion for a Preliminary Injunction on the attached Memorandum of Points and Authorities.

3.

As explained in more detail in the Plaintiffs' Joint Motion for Partial Summary Judgment and Permanent Injunction previously filed, and Plaintiffs' Joint Reply Brief filed today, Plaintiff is likely to succeed on the merits of this claim, for the reasons set forth therein. Indeed, that is precisely why all the Plaintiffs are affirmatively moving for Partial Summary Judgment – because it is apparent Plaintiffs should prevail on this issue as a matter of law. Moreover, Plaintiff will undoubtedly suffer irreparable injury in the absence of a preliminary injunction, and the equities weigh in his favor, because

otherwise Plaintiff will be executed in accordance with an unlawful protocol that allows for use of a dangerous drug, despite the fact that he has prevailed on a legal claim that should prevent that execution until such time as the Government comes into compliance with the FDCA. Accordingly, Plaintiff satisfies this Court's standard for the issuance of a preliminary injunction.

4.

Plaintiff attaches a proposed Order in addition to his Memorandum of Points and Authorities.[1]  Pursuant to Local Civil Rule 7 (m), the undersigned has conferred with counsel for the Defendants, who oppose the relief being requested herein.

Dated:  September 15, 2020			Respectfully submitted,

			___/s/ Gregory S. Smith_____
			Gregory S. Smith (DC Bar #472802)
			Law Offices of Gregory S. Smith
			913 East Capitol Street, S.E.
			Washington, D.C.  20003
			Telephone: (202) 460-3381
			Email: gregsmithlaw@verizon.net

			___/s/ John R. Martin_____
			John R. Martin (*pro hac vice* pending)
			Martin Brothers P.C.
			1099 St. Louis Place
			Atlanta, GA  30306
			Telephone: (404) 433-7446
			Email: jack@martinbroslaw.com

			*Attorneys for Plaintiff William LeCroy*

---

[1] In light of the skepticism appellate courts have sometimes shown toward preliminary injunctions in this context, Plaintiff LeCroy also specifically requests that this Court also schedule at this time any hearing deemed necessary, in order to make it crystal clear that that this preliminary injunction is being not interposed for the purpose of any delay, but rather as merely a temporary measure designed to preserve the status quo while a key issue is proceeding with appropriate dispatch, toward a terminus expected soon.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document is being served upon all counsel of record through this Court's Electronic Case Filing (ECF) system.

This 15th day of September 2020.

        /s/ Gregory S. Smith
Gregory S. Smith
gregsmithlaw@verizon.net

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |  |
|---|---|---|---|
| In the Matter of the Federal Bureau of Prisons' Execution Protocol Cases, ) ) ) ) ) | | | |
| LEAD CASE: *Roane et al. v. Barr* ) | Case No. | 1:19-mc-0145 (TSC) | |
| ) ) THIS DOCUMENT RELATES TO: ) ) *LeCroy v. Barr et al.*, 1:20-cv-2481 ) ) | | | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
EMERGENCY MOTION FOR A PRELIMINARY INJUNCTION**

This Memorandum is respectfully submitted in support of Plaintiff William LeCroy's motion pursuant to Federal Rule of Civil Procedure 65 and Local Civil Rule 65.1 for entry of a Preliminary Injunction, to enjoin Defendants from proceeding with his execution, currently scheduled for Tuesday, September 22, 2020, until the resolution of Plaintiffs' Motion for Partial Summary Judgment and Permanent Injunction (Doc. 236), which seeks relief under the Administrative Procedure Act 5 U.S.C. § 551 *et seq.* ("APA") to require Defendants to comply with the Food, Drug, and Cosmetic Act 21, U.S.C. § 301 *et seq.* ("FDCA") before conducting any additional executions.[1]

Plaintiff LeCroy is likely to succeed on the merits of this claim, and he will also suffer irreparable harm should this injunctive relief be denied; the balance of the equities and the public interest, moreover, weigh in his favor. A preliminary injunction is warranted.

---

[1] The claim is raised as Count XI of Plaintiffs' Amended Complaint and Count IV of LeCroy's Amended Complaint.

1

**I.     INTRODUCTION**

Yesterday, the Government for the first time suggested that an evidentiary hearing may be required on Plaintiffs' FDCA issue, thus raising the prospect that this issue may not be decided before Plaintiff LeCroy's execution date scheduled a week from today. Accordingly, if the Court determines there should be a hearing to resolve the FDCA issue, a Preliminary Injunction should be issued as a temporary measure to assure that he will not be executed prior to the evidentiary hearing and any final resolution of this viable legal issue that Plaintiff LeCroy and others have raised.

**I.     ARGUMENT**

The purpose of a preliminary injunction is to preserve the relative positions of the parties until a trial on the merits can be held. *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006) (quotation marks omitted). The moving party must show (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of relief; (3) that the balance of the equities weighs in his favor; and (4) that an injunction is in the public interest. *See*, *e.g.*, *League of Women Voters of U.S. v. Newby*, 838 F.3d 1, 6 (D.C. Cir. 2016).

**A.     LECROY IS LIKELY TO SUCCEED ON THE MERITS.**

LeCroy will not repeat arguments raised in Plaintiffs' Joint Motion for Partial Summary Judgment and Permanent Injunction or Reply Brief filed today.  But as noted therein, he is likely to win on this claim.  The D.C. Circuit has unequivocally recognized that the FDCA applies to lethal injection drugs. *See Cook v. FDA*, 733 F.3d 1, 10–11 (D.C. Cir. 2013). Moreover, it later reinforced this precedent when it declined to stay or vacate this Court's preliminary injunction order of July 15, 2020.  *See Execution Protocol Cases*,

No. 20-5206, Doc. No. 1851933 at 3 (the fact that drugs used for lethal injections are subject to the FDCA is a "necessary premise" of the circuit's decision in *Cook*). Yet Defendants do not even attempt to claim to be in compliance with the law as set forth in the FDCA. Rather, they claim to be above it. (DOC. No. 246 at 11-19, Pages 18-26 0f 40).

Defendants' invocation of *FDA v. Brown & Williamson Tobacco Co.*, 529 U.S. 120 (2000) (a case known to the D.C. Circuit when it rendered its decision in *Cook*), provides no reason why this Court should, or even may, depart from binding Circuit precedent. So too, Defendants' novel argument that the plain language of FDCA should be interpreted to further the policies Congress had in mind when it years later adopted the current version of the Federal Death Penalty Act (FDPA), should be summarily rejected. This is especially true where Congress was fully empowered to exempt execution drugs from the purview of the FDCA when it adopted the FDPA, but did not.

At a minimum, Plaintiff LeCroy is "likely" to succeed on this claim. It is Plaintiffs (not Defendants) who are seeking summary judgment on this issue. And in any event, this viable issue should not be extinguished for LeCroy simply because the Government has now presented new Declarations and raised the prospect of factual disputes it says may delay its resolution until a hearing is held. If the scheduling of that hearing or other events prevent Plaintiff from receiving a timely ruling on this claim, a preliminary injunction is justified to temporarily preserve the status quo until this issue can be heard and decided.

## B. LECROY WILL SUFFER IRREPARABLE HARM.

It is axiomatic that <u>any</u> harm suffered by Plaintiff LeCroy as a result of the failure to grant this preliminary injunction would be irreparable. Unless his FDCA claim is resolved before next Tuesday (or some other relief is afforded), he will be executed. Even if it is

later determined that this FDCA claim is viable and relief is afforded to other capital prisoners, it will be of no help to Plaintiff LeCroy.

It is also worth noting that the irrevocable harm to Plaintiff LeCroy would extend beyond his loss of the ability to get a timely legal decision entered that would prevent his unlawful execution.  As the Plaintiffs' Motion for Partial Summary Judgment and Permanent Injunction make clear, the Defendants' failure to follow the FDCA's requirements also creates a "virtual medical certainty" that he will suffer an excruciating death from acute pulmonary edema while still conscious when executed.  That harm would be irreparable and irrevocable.

### C.     THE BALANCE OF EQUITIES LIES IN LECROY'S FAVOR.

As this Court has already observed, Plaintiffs' interest in avoiding illegal executions outweighs the Government's claimed interest in the "finality" of death sentences. See Doc. No. 50 at 14; Doc. No. 135 at 20-21; Doc. No. 145 at 16-17.  And that is especially true here, where any delays on "finality" arise primarily from the Defendants' own actions.

This Court had ordered expedited briefing on Plaintiffs' Motion for Partial Summary Judgment and a Permanent Injunction, plainly intending to issue a decision on this Motion prior to LeCroy's scheduled execution.  All of that was designed to afford considerable respect for the Government's interest in finality.  Yesterday, however, the Government for the first time suggested that an evidentiary hearing may be required.  While Plaintiffs have indicated that they do not feel a hearing is necessary, and have also noted that any such hearing could be expedited, the Defendants' request for a hearing raises the prospect that the resolution of the FDCA issue may be delayed.  If such delay occurs, it should not fall on Plaintiff LeCroy to pay the price for delays in finality – especially when that price is

4

death.

Moreover, any delay related to this preliminary injunction will be only temporary, lasting only until this FDCA issue gets finally resolved. Any impact on "finality" will be of limited impact, and in any event has been invited by Defendants' own actions.

### D. THE PUBLIC INTEREST SUPPORTS INJUNCTIVE RELIEF.

The public will benefit from having Plaintiff LeCroy receive equal treatment under the law, and thus afforded the same rights to receive a ruling on this claim as the other capital inmates who have raised it. In contrast, the public would be disserved by allowing an illegal execution to proceed, or by allowing Plaintiff LeCroy to be executed under protocols that may soon be declared to be in violation of the FDCA. "The public interest is [also] served when administrative agencies comply with their obligations under the APA," and a preliminary injunction is warranted. *N. Mariana Islands v. United States*, 686 F. Supp. 2d 7, 21 (D.D.C. 2009).

### CONCLUSION

For all of the reasons set forth above, a preliminary injunction, preserving the status quo, should be granted by this Court in the event that Plaintiff LeCroy is unable to obtain a final resolution of his FDCA claim prior to his scheduled execution next Tuesday.

Dated:  September 15, 2020          Respectfully submitted,

                                                                                            ___/s/ Gregory S. Smith_____
                                                                                            Gregory S. Smith (DC Bar #472802)
                                                                                            Law Offices of Gregory S. Smith
                                                                                           913 East Capitol Street, S.E.
                                                                                            Washington, D.C.  20003
                                                                                            Telephone: (202) 460-3381
                                                                                            Email: gregsmithlaw@verizon.net

        /s/ John R. Martin
John R. Martin (*pro hac vice* granted)
Martin Brothers P.C.
1099 St. Louis Place
Atlanta, GA  30306
Telephone: (404) 433-7446
Email: jack@martinbroslaw.com

*Attorneys for Plaintiff William LeCroy*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document is being served upon all counsel of record through this Court's Electronic Case Filing (ECF) system.

This 15th day of September 2020.

      /s/ Gregory S. Smith
Gregory S. Smith
gregsmithlaw@verizon.net

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                        )
In the Matter of the                                    )
Federal Bureau of Prisons' Execution                    )
Protocol Cases,                                         )
                                                        )
LEAD CASE:  *Roane et al. v. Barr*                      )     Case No.     1:19-mc-0145 (TSC)
                                                        )
                                                        )
THIS DOCUMENT RELATES TO:                               )
*LeCroy v. Barr et al.*, 1:20-cv-2481                   )
_____)

# [PROPOSED] ORDER GRANTING PRELIMINARY INJUNCTION

Upon consideration of Plaintiff William LeCroy's Motion for Preliminary Injunction, and for good cause shown, it is hereby,

**ORDERED** that the Defendants are hereby preliminary enjoined from proceeding with the scheduled September 22, 2020 execution of William LeCroy, until such time as Plaintiffs' Motion for Partial Summary Judgment and Permanent Injunction (ECF Doc. 236) is heard on _____, 2020 and finally decided by this Court.

**SO ORDERED** this _____ day of September, 2020.

```
                                        _____
                                        TANYA S. CHUTKAN
                                        United States District Judge
```