IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of the Federal Bureau of Prisons' Execution Protocol Cases<br><br>LEAD CASE: *Roane et al. v. Barr*<br><br><br>THIS DOCUMENT RELATES TO:<br><br>ALL CASES | Case No. 19-mc-0145 (TSC) |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE A SUPPLEMENTAL
DECLARATION FROM DR. MICHAELA ALMGREN**

Plaintiffs respectfully seek leave to file a supplemental declaration from pharmacologist Michaela Almgren, to respond to the Government's just-filed Expert Declaration of Peter W. Swaan (which has not yet been accepted for filing either), and to aid the Court in its consideration of the pending motion for partial summary judgment and permanent injunction, by allowing for this Declaration to substitute for the live testimony that Dr. Almgren would otherwise give on direct examination. Plaintiffs state as follows in support of this motion:

1.  Two days ago, Defendants proffered a surreply in opposition to Plaintiffs' motion for summary judgment and a permanent injunction concerning Claim XI in the Amended Complaint (which corresponds to Claim IV of Plaintiff LeCroy's Amended Complaint). *See* ECF No. 252.

2.  Defendants' proposed surreply is accompanied by a declaration from Dr. Peter Swaan. ECF No. 252-2. The surreply itself makes use of Dr. Swaan's declaration, urging that the

nominally sub-potent levels of pentobarbital from the 365-day stability study do not undermine the potency of the execution drug or its newly-extended expiration date. ECF No. 252-1 at 3-4.

3. Although the Court has not granted leave to file the surreply, Defendants rely on Dr. Swaan's findings and have made him available to testify at today's hearing.

4. As explained in Plaintiffs' proposed opposition to Defendants' motion for leave to file a surreply (ECF No. 255-1), it was Defendants who injected the issue of the stability study by citing those documents in support of their contention that the pentobarbital is potent and that its expiration date was soundly extended. *See* Opposition to Summary Judgment and Permanent Injunction (ECF No. 246) at 5-6, 28-29. Plaintiffs wish to be fully and fairly heard on those issues.

5. Dr. Almgren's previous declaration in this case is dated October 31, 2019, (ECF No. 26-15), and it does not account for the laboratory results that Defendants added to the Administrative Record on September 7, or for Dr. Swaan's analysis of those results.

6. Dr. Almgren's current declaration takes issue with Dr. Swaan's findings and concludes, among other things, that the beyond-use-date cannot be justifiably extended based on the available data, that the sub-potent readings during the stability study undermine the extended beyond-use date, and that administration of the expired drug creates the risk that the pentobarbital will be sub-potent at the time of execution.

7. The Court is well aware of the difficult circumstances surrounding this litigation, many of which are the result of the Government's unilateral scheduling of execution dates during the pendency of the Plaintiffs' meritorious claims – including the FDCA claim on which the Court has already granted summary judgment to Plaintiff Nelson. ECF No. 213. Plaintiffs' late filing of Dr. Almgren's declaration reflects Plaintiffs' best efforts, under difficult circumstances, to ensure that the Court reaches a fully-informed determination of the pending motion for permanent injunction, and to obviate the need for time-consuming oral direct testimony.

8.      Dr. Almgren has advised counsel that she is not available to testify today in light of work-related obligations. Nevertheless, Dr. Almgren advises that she would be available on Saturday in the event that Defendants wish to conduct a cross-examination.

9.      Pursuant to Local Civil Rule 7(m), undersigned counsel advises the Court that counsel for Defendants opposes the filing of a new declaration.

WHEREFORE, for all the foregoing reasons, Plaintiffs respectfully request leave of Court to file the accompanying declaration from Dr. Almgren in support of Plaintiffs' motion for partial summary judgment and a permanent injunction.

Dated: September 18, 2020                Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*/s/ Shawn Nolan*
　　　　　　　　　　　　　　　　　　　　Shawn Nolan, Chief, Capital Habeas Unit
　　　　　　　　　　　　　　　　　　　　Federal Community Defender Office, E.D. Pa.
　　　　　　　　　　　　　　　　　　　　601 Walnut Street, Suite 545 West
　　　　　　　　　　　　　　　　　　　　Philadelphia, PA 19106
　　　　　　　　　　　　　　　　　　　　(215) 928-0520
　　　　　　　　　　　　　　　　　　　　shawn_nolan@fd.org


　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff Jeffrey Paul*


Scott W. Braden
Assistant Federal Defender
Arkansas Federal Defender Office
Ark Bar Number 2007123
1401 West Capitol, Suite 490
Little Rock, Arkansas 72201
(501) 324-6114
scott_braden@fd.org

Jennifer Ying (DE #5550)
Andrew Moshos (DE #6685)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market St.
P.O. Box 1347
Wilmington, Delaware 19801
(302) 658-9300
jying@mnat.com
amoshos@mnat.com

*Counsel for Plaintiff Norris G. Holder, Jr.*


Paul F. Enzinna
D.C. Bar No. 421819
Ellerman Enzinna PLLC
1050 30th Street, NW
Washington, DC 20007
202.753.5553

*Counsel for Plaintiff James H. Roane, Jr.*

Amy Karlin
Interim Federal Public Defender
Celeste Bacchi
Jonathan C. Aminoff
Deputy Federal Public Defenders
321 E. Second Street
Los Angeles, CA 90012
(213) 894-2854

*Counsel for Plaintiff Julius O. Robinson*


Joshua C. Toll
D.C. Bar No. 463073
King & Spalding LLP
1700 Pennsylvania Avenue, N.W.
Washington, DC 20006
(202) 737-8616
jtoll@kslaw.com

Margaret O'Donnell
P.O. Box 4815
Frankfort, KY 40604
(502) 320-1837
mod@dcr.net

*Counsel for Plaintiff Anthony Battle*


Ginger D. Anders (Bar No. 494471)
Jonathan S. Meltzer (Bar No. 888166546)
Brendan Gants (Bar No. 1031419)
MUNGER, TOLLES & OLSON LLP
1155 F Street N.W., Seventh Floor
Washington, D.C. 20004-1357
(202) 220-1100

*Counsel for Plaintiff Brandon Bernard*

Alex Kursman, Assistant Federal Defender
Shawn Nolan, Chief, Capital Habeas Unit
Federal Community Defender Office, E.D. Pa.
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Telephone – 215-928-0520
Email – alex_kursman@fd.org

*Counsel for Plaintiff Alfred Bourgeois*


Joseph Luby, Assistant Federal Defender
Federal Community Defender Office, E.D. Pa.
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Telephone – 215-928-0520
Email – joseph_luby@fd.org

*Counsel for Plaintiff Chadrick Fulks*


Amy Lentz (DC Bar No. 990095)
Steptoe & Johnson, LLP
1300 Connecticut Avenue NW
Washington, DC 20036
202.429.1350
Email - alentz@steptoe.com

*Counsel for Plaintiff Orlando Hall*


Michael F. Williams
Kirkland & Ellis LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
202-389-5123
Email -  michael.williams@kirkland.com

Susan M. Otto
Federal Public Defender Organization
215 Dean A. McGee Avenue, Suite 109
Oklahoma City, OK 73102
405-609-5930
Email -  susan_otto@fd.org

*Counsel for Plaintiff Christopher Vialva*

Donald P. Salzman (D.C. Bar No. 479775)
Charles F. Walker (D.C. Bar No. 427025)
Steven M. Albertson (D.C. Bar No. 496249)
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
(202) 371-7983
donald.salzman@skadden.com

*Counsel for Plaintiff Corey Johnson*

Gerald W. King, Jr.
Ga. Bar No. 140981
Jeffrey Lyn Ertel
Ga. Bar No. 249966
FEDERAL DEFENDER PROGRAM, INC.
101 Marietta Street, Suite 1500
Atlanta, Georgia 30303
404-688-7530
(fax) 404-688-0768
Gerald_King@fd.org
Jeff_Ertel@fd.org

Stephen Northup
VSB #16547
Troutman Sanders LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1240
(fax) (804) 698-5120
steve.northup@troutmansanders.com

Frederick R. Gerson
VSB #39968
Bank Of America Center
1111 East Main Street, 16th Floor
Richmond, Virginia 23219
(804) 482-1121
fgerson@dagglaw.com

*Counsel for Plaintiff Richard Tipton, III*

7

Evan Miller (DC Bar # 219310)
Vinson & Elkins LLP
2200 Pennsylvania Avenue, NW
Suite 500 West
Washington, D.C. 20037
(202) 639-6605
(202) 478-1815 (fax)
emiller@velaw.com

*Counsel for Plaintiff Bruce Webster*


Matthew Lawry, Assistant Federal Defender
Shawn Nolan, Chief, Capital Habeas Unit
Federal Community Defender Office, E.D. Pa.
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Telephone – 215-928-0520
Email – matthew_lawry@fd.org

*Counsel for Plaintiff Dustin Higgs*


Gregory S. Smith (DC Bar #472802)
Law Offices of Gregory S. Smith
913 East Capitol Street, S.E.
Washington, D.C.  20003
Telephone: (202) 460-3381
Email: gregsmithlaw@verizon.net

John R. Martin (pro hac vice pending)
Martin Brothers P.C.
1099 St. Louis Place
Atlanta, GA  30306
Telephone: (404) 433-7446
Email: jack@martinbroslaw.com

*Counsel for Plaintiff William LeCroy*

# CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2020, I caused a true and correct copy of foregoing to be served on all counsel of record via the Court's CM/ECF system. Pursuant to this Court's August 20, 2019 Order, below is a list of all counsel of record. The names marked with an asterisk (*) have no email provided on the docket and are no longer with the identified firms.

Alan Burch
U.S. Attorney's Office for the District of Columbia
(202) 252-2550
Email: alan.burch@usdoj.gov

Peter S. Smith
United States Attorney's Office
Appellate Division
(202) 252-6769
Email: peter.smith@usdoj.gov

Ethan P. Davis
Civil Division, U.S. Department of Justice
(202) 616-4171
Email: Ethan.Davis@usdoj.gov

Robert J. Erickson
US Department of Justice
(202) 514-2841
Email: Robert.erickson@usdoj.gov

Joshua Christopher Toll
KING & SPALDING LLP
(202) 737-8616
Email: jtoll@kslaw.com

Charles Anthony Zdebski
ECKERT SEAMANS CHERIN & MELLOTT, LLC
(202) 659-6605
Email: czdebski@eckertseamans.com

Gerald Wesley King, Jr.
FEDERAL DEFENDER PROGRAM, INC.
(404) 688-7530
Email: gerald_king@fd.org

Paul R. Perkins
Civil Division, Department of Justice
(202) 514-5090
Email: Paul.R.Perkins@usdoj.gov

Jonathan Kossak
Civil Division, Department of Justice
(202) 305-0612
Email: Jonathan.kossak@usdoj.gov

Denise M. Clark
U.S. Attorney's Office for the District of Columbia
(202) 252-6605
Email: Denise.Clark@usdoj.gov

Jean Lin
Civil Division, Department of Justice
(202) 514-3716
Jean.lin@usdoj.gov

Cristen Cori Handley
Civil Division, Department of Justice
(202) 305-2677
Cristen.Handley@usdoj.gov

Paul F. Enzinna
ELLERMAN ENZINNA PLLC
(202) 753-5553
Email: penzinna@ellermanenzinna.com

Brandon David Almond
TROUTMAN SANDERS LLP
(202) 274-2864
Email: brandon.almond@troutmansanders.com

Donald P. Salzman

Charles Fredrick Walker
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
(202) 371-7000
Email: Charles.Walker@skadden.com

Alexander C. Drylewski
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
(212) 735-2129
Email: Alexander.Drylewski@skadden.com
(*pro hac vice application forthcoming)

Celeste Bacchi
OFFICE OF THE PUBLIC DEFENDER
Capital Habeas Unit
(213) 894-1887
Email: celeste_bacchi@fd.org

Jonathan Charles Aminoff
FEDERAL PUBLIC DEFENDER,
CENTRAL DISTRICT OF CALIFORNIA
(213) 894-5374
Email: jonathan_aminoff@fd.org

Billy H. Nolas
FEDERAL COMMUNITY DEFENDER
OFFICE FOR THE EDPA
(215) 928-0520
Email: Billy_Nolas@fd.org

*Jeanne Vosberg Sourgens
VINSON & ELKINS LLP
(202) 639-6633

William E. Lawler, III
VINSON & ELKINS LLP
(202) 639-6676
Email: wlawler@velaw.com

Evan D. Miller
VINSON & ELKINS LLP
(202) 639-6605
Email: EMiller@velaw.com

Margaret O'Donnell
(502) 320-1837

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
(202) 371-7983
Email: Donald.salzman@skadden.com

Steven M. Albertson
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
(202) 371-7112
Email: Steven.Albertson@skadden.com

Craig Anthony Harbaugh
FEDERAL PUBLIC DEFENDER, CENTRAL DISTRICT OF CALIFORNIA
(213) 894-7865
Email: craig_harbaugh@fd.org

Alexander Louis Kursman
OFFICE OF THE FEDERAL COMMUNITY DEFENDER/EDPA
(215) 928-0520
Email: Alex_Kursman@fd.org

Kathryn B. Codd
VINSON & ELKINS LLP
(202) 639-6536
Email: kcodd@velaw.com

Robert E. Waters
KING & SPALDING LLP (202) 737-0500
Email: rwaters@velaw.com

Yousri H. Omar
VINSON & ELKINS LLP
(202) 639-6500
Email: yomar@velaw.com

*William E. Hoffman, Jr.
KING & SPALDING LLP
(404) 572-3383

Mark Joseph Hulkower
STEPTOE & JOHNSON LLP
(202) 429-6221
Email: mhulkower@steptoe.com

Robert A. Ayers
STEPTOE & JOHNSON LLP

Email: mod@dcr.net

Abigail Bortnick
KING & SPALDING LLP
(202) 626-5502
Email: abortnick@kslaw.com

Matthew John Herrington
STEPTOE & JOHNSON LLP
(202) 429-8164
Email: mherrington@steptoe.com

Amy J. Lentz
STEPTOE & JOHNSON LLP
(202) 429-1320
Email: Alentz@steptoe.com

Gary E. Proctor
LAW OFFICES OF GARY E. PROCTOR, LLC
(410) 444-1500
Email: garyeproctor@gmail.com

Scott Wilson Braden
FEDERAL PUBLIC DEFENDER, EASTERN DISTRICT OF ARKANSAS
(501) 324-6144
Email: Scott_Braden@fd.org

Amy Gershenfeld Donnella
FEDERAL COMMUNITY DEFENDER OFFICE FOR THE EDPA
(215) 928-0520
Email: amy_donnella@fd.org

David Victorson
(202) 637-5600
HOGAN LOVELLS US LLP
Email: David.Victorson@hoganlovells.com

John D. Beck
HOGAN LOVELLS US LLP
(212) 918-3000
Email: john.beck@hoganlovells.com

Amelia J. Schmidt
KAISER DILLON, PLLC
(202) 869-1301

(202) 429-6401
Email: rayers@steptoe.com

Robert L. McGlasson
MCGLASSON & ASSOCIATES, PC
(404) 314-7664
Email: rlmcglasson@comcast.net

Sean D. O'Brien
PUBLIC INTEREST LITIGATION CLINIC
(816) 363-2795
Email: dplc@dplclinic.com

Shawn Nolan
FEDERAL COMMUNITY DEFENDER OFFICE, EDPA
(215) 928-0520
Email: shawn_nolan@fd.org

Joseph William Luby
FEDERAL PUBLIC DEFENDER/EDPA
(215) 928-0520
Email: joseph_luby@fd.org

Pieter Van Tol
HOGAN LOVELLS US LLP
(212) 918-3000
Email: Pieter.Vantol@hoganlovells.com

Jonathan Jeffress
KAISER DILLON, PLLC
(202) 640-4430
Email: Jjeffress@kaiserdillon.com

Andrew Moshos
MORRIS NICHOLS ARSHT & TUNNELL LLP
(302) 351-9197
Email: Amoshos@mnat.com

Alan E. Schoenfeld
WILMER CUTLER PICKERING HALE & DORR LLP
(212) 937-7294
Email: Alan.Schoenfeld@wilmerhale.com

Email: Aschmidt@kaiserdillon.com

Norman Anderson
KAISER DILLON PLLC
(202) 640-2850
nanderson@kaiserdillon.com

Jennifer Ying
MORRIS NICHOLS ARSHT & TUNNELL LLP
(302) 658-9300
Email: Jying@mnat.com

Andres C. Salinas
WILMER CUTLER PICKERING HALE & DORR LLP
(202) 663-6289
Email: Andres.Salinas@wilmerhale.com

*Ryan M. Chabot
WILMER CUTLER PICKERING HALE & DORR LLP
(212) 295-6513

Dale Andrew Baich
OFFICE OF THE FEDERAL PUBLIC DEFENDER
(602) 382-2816
Dale_Baich@fd.org

Kathryn Louise Clune
CROWELL & MORING LLP
(202) 624-5116
kclune@crowell.com

Jennifer M. Moreno
OFFICE OF THE PUBLIC FEDERAL DEFENDER, DISTRICT OF ARIZONA
(602) 382-2718
Jennifer_moreno@fd.org

Ginger Dawn Anders
MUNGER, TOLLES & OLSON LLP
(202) 220-1107
Ginger.anders@mto.com

*Jonathan S. Meltzer
MUNGER, TOLLES & OLSON LLP
(202) 220-1100

*Brendan Gants
MUNGER, TOLLES & OLSON LLP
(202) 220-1100

Timothy Kane
FEDERAL COMMUNITY DEFENDER OFFICE, EDPA
(215) 928-0520
Email: timothy_kane@fd.org

Dated: September 18, 2020

*/s/ Shawn Nolan*
Shawn Nolan
Chief, Capital Habeas Unit
Federal Community Defender Office, E.D. Pa.
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
shawn_nolan@fd.org

# EXPERT DECLARATION OF DR. MICHAELA ALMGREN

## I. Background and Qualifications

1. My name is Michaela Almgren, Pharm.D., M.S. I am over the age of eighteen and competent to testify to the truth of the matters contained herein. The factual statements I make here are true and correct to the best of my knowledge.

2. I am a Clinical Assistant Professor in the Department of Clinical Pharmacy and Outcomes Sciences at the College of Pharmacy at University of South Carolina. I teach principles of sterile compounding per USP Chapters 797 and 800, aseptic technique and pharmacy regulations applicable in 503a and 503b compounding environments, as well as pharmacokinetics and biopharmaceutics courses. I specialize in sterile compounding, medication safety, and pharmacy regulations that relate to pharmacy compounding practices. I also provide continuing education courses for pharmacists in those topics. I received my Doctor of Pharmacy degree from the UofSC campus of the South Carolina College of Pharmacy in 2010. Additionally, I have a Master's Degree in Pharmaceutical Chemistry from University of Florida.

3. In conjunction with my academic appointment, I currently maintain a practice site at a 503b outsourcing pharmacy where I perform the duties of outsourcing pharmacist, clinical advisor and pharmacy student preceptor. I work with the new product development team to develop new formulations for the company's 503b compounding division, which includes review of analytical data as well as stability reports.

4. Previously, I worked in pharmacy operations in a local large teaching hospital as a pharmacist. I have over ten years of experience in sterile compounding and aseptic technique. Prior to joining the faculty at the University of South Carolina, I worked for several years in pharmaceutical manufacturing where I was involved in drug formulation, quality assurance, quality control and analytical method development. My professional qualifications are Doctor of Pharmacy and Master of Science in Pharmacy with a focus on Pharmaceutical Chemistry. A copy of my CV is attached.

5. I have been asked by attorneys in the Federal Community Defender Office, who represent death-sentenced prisoners Alfred Bourgeois, Chadrick Fulks, Dustin Higgs, and Jeffrey Paul,

to submit an expert medical and scientific opinions based on the information and documentation provided to me, about the risk of harm and unnecessary suffering that can be caused by lethal injection prepared by a 503b compounding pharmacy if the extended Beyond Use Date (BUD) was not properly assigned, as this can have an impact on potency and thus effectiveness of the drug.

II. **The Lack of Compounding Information Regarding the Preparation of the Pentobarbital Injection Raises Concerns Due to the Chemical and Physical Properties of Pentobarbital Sodium and the Stability of the Compound.**

6. Based on the information provided for my review, it appears that the Board of Prisons is using a 503b compounding pharmacy to prepare the pentobarbital injection, but is it not clear how the vials that are to be used for the execution were compounded. To my knowledge, the Board of Prisons has not made available records of the formulation recipe the 503b pharmacy is using to compound the injectable pentobarbital from pentobarbital API powder. Accordingly, it is not possible to confirm that the drug was compounded correctly.

7. I agree with the expert opinion of Dr. Swaan that the pentobarbital injection referenced in the article by Priest SM[1] appears to be stable. However, the stability of the drug will be impacted by the specific compounding recipe used, as well as the storage container, storage conditions and quality as well as quantity of reagents used. Thus, based on literature alone, and without having any information about any factors I mentioned, it is not possible to objectively compare and assume that the compounded lethal injection and the preparations mentioned in the literature are identical. There are multiple compounding recipes available, and their stability and thus their BUD will vary. This type of preparation is not just a simple reconstitution using single diluent, but rather a complex preparation that requires several different components and adjustments as may be necessary. Thus, the compounding recipe needs to be disclosed for review to assure that the drug is prepared correctly.

8. I also disagree with Dr. Swaan's application of the second article by Gupta[2] to the pentobarbital preparation in question here, as the article discusses a completely different drug scenario involving not only a different drug preparation (pentobarbital dilution using normal saline, not

the drug we are discussing), but also a completely different storage container, which is misleading. The container in which a compound is stored plays an extremely important role in the determination of expiry and Beyond Use Dating. It is also important to note that this study examined the quality of pentobarbital for only 31 days.

[1]Priest SM, Geisbuhler TP. Injectable sodium pentobarbital: Stability at room temperature. JPharmacol Toxicol Methods.2015; 76:38-42.
[2]Gupta VD. Stability of pentobarbital sodium after reconstitution in 0.9% sodium chloride injection and repackaging in glass and polypropylene syringes. Int. J Pharm Compd. 2001;5(6):482-4.

### III. Concerns About Improper Extension of BUD (Beyond Use Date) according to cGMP regulations as outlined in 21 CFR 210 and 211, ICH Q1A (R2) Stability testing and FDA's Guidance for Industry titled: Current Good Manufacturing Practice—Guidance for Human Drug Compounding Outsourcing Facilities Under Section 503B of the FD&C Act published January 2020.

9. From the records provided for my review, it appears that a contract independent laboratory has been hired to determine the stability of the injectable pentobarbital solution with intent to extend BUD of the compounded injectable preparation, as the laboratory protocols indicate (see AR pages 992-1015). This is a 365 Day study that was initiated 4/4/2019, when the test batch of injectable pentobarbital was initially compounded, and was to be completed on 4/4/2020.

10. To establish a tentative expiration (or to extend BUD), accelerated stability studies are performed as described in the protocol using elevated stress conditions such as temperature and humidity. This is a common practice in the pharmaceutical industry to examine the rate of kinetic degradation of drug products. In accelerated stability studies, drug preparation final containers are placed in a stability chamber and subjected to 40 degrees C and relative humidity of 75% as described in ICH Guidance (ICH Q1A (R2) Stability testing). This modelling of degradation helps with estimation of the degradation rate and predicts the expiration date. For example, it is assumed that if the drug maintains its quality attributes in the accelerated studies for 90 days, then it is very likely that the drug will maintain those same quality attributes within specifications for 180 days in long term stability conditions (which are defined as 25 degrees C and 60% relative humidity). At the same time, if the drug fails quality checks in accelerated studies at any time, this indicates instability of the preparation and the need for re-assessment

of the formulation, container, container closure or addition of a preservative. This is a widely used methodology supported by a great number of publications, as well as ICH and FDA guidance documents (ICH Q1A (R2) Stability testing and FDA's Guidance for Industry titled: Current Good Manufacturing Practice—Guidance for Human Drug Compounding Outsourcing Facilities Under Section 503B of the FD&C Act, published January 2020). The testing is usually performed in pre-specified time intervals such as 30 days, 60 days, 90 days, 180 days, 270 days, and 365 days.

11. I have reviewed the Certificate of Analysis (AR page 1142) that lists test results of accelerated studies performed on the injectable pentobarbital that was compounded by an unspecified 503B compounding pharmacy. The most important consideration for this preparation is, of course, the potency. The acceptable range specified by USP guidance for this specific product is 92.0 to 108.0% potency/purity. The report shows that the injectable pentobarbital potency was outside (lower than accepted low-end range) of acceptable range at 56 days, 92 days, 189 days, and again at 369 days. This indicates that this compounded injection is not stable, and BUD should not be extended. The findings of this study are confirmed by the real time study performed in long term stability conditions. The accelerated study also confirms that the storage conditions for this preparation must be monitored continuously.

12. I have also reviewed the Certificate of Analysis for the testing of stability samples maintained in room temperature (AR page 1140), also referred to as a real time stability study. There are two data points (92 days and 271 days) that were outside of the acceptable range. When potency falls outside of the acceptable range in drug stability studies, thorough investigations must be performed to determine the root cause of the failing result. Was it a lab error or a true product stability failure? It is assumed that if the report includes failing results, the root cause must be the failure of the stability data point, as it would be inappropriate to report data that were determined erroneously due to error by personnel or instrumentation that was not working correctly. It is also important to point out, again, that if at any time real time (room temperature) stability data falls outside of the acceptable range, the BUD must be reassessed and changes in formulation and packaging should be considered.

13. I disagree with Dr. Swaan's questioning of the accuracy of the data provided. The methodology that was used by the contract lab to analyse samples by High Precision Liquid Chromatography was validated and the validation report was provided (AR pages 984-987). When performing method validation, which is specified by USP guidelines, the accuracy, reproducibility, specificity, and reliability are examined. The purpose of method validation is to minimize the potential for inaccurate results. Additionally, the testing lab should have performed system suitability (and most likely did) as well as internal and external calibration processes in accordance with USP requirements, which also further minimize inaccuracy of the results. Also, Dr. Swaan interpreted incorrectly the conclusion of the study by Ermer, et al.,[3] which he used to justify why it is acceptable to have the results outside of the USP acceptable range. The article analysed stability studies with extended stability data only ranging from 12 to 60 months, which will typically have a much greater concentration of degradants that may be difficult to quantify, leading to greater potential for analytical error. This scenario is not applicable here. The study also examined how different dosage forms contribute to the inaccuracy of testing, and since the parenteral products were not examined in this study, Dr. Swaan's article reference is completely irrelevant. As a matter of fact, it is very important for the drug compounders and manufacturers to follow the USP guidelines exactly. If the FDA were to perform an audit and the stability data were found to be outside of the USP acceptable range, it would lead to drug recall, as this type of failure is never justifiable.

14. Lastly, I completely disagree with Dr. Swaan's analysis of the real time stability data trending analysis in Table 1 of his expert declaration. When the stability data is plotted, it becomes instantly very apparent that the stability data for the room temperature study do not follow a first order reaction. It is completely meaningless to perform linear regression and to determine the rate of degradation based on that. It is also erroneous to try to predict stability and the rate of degradation based on those calculations.

15. The results of both real time and accelerated stability studies here demonstrate that the expiry or BUD cannot be extended. The product must be reassessed as the quality of the product cannot be guaranteed to be within USP-acceptable specifications. It is impossible to predict

what the potency of the drug is at 365 days based on the outcomes of the stability studies discussed here.

[3]Ermer J, Arth C, De Raeve P, et al. Precision from drug stability studies. Investigation of reliable repeatability and intermediate precision of HPLC assay procedures. J Pharm Biomed Anal. 2005; 38 (4): 653-63.

### VI. Lack of transparency and failure of stability studies create the substantial risk that the drugs that the Board of Prisons intends to use in execution will not be of the appropriate quality and potency to cause death without significant suffering.

16. Due to lack of information provided, it is impossible to establish whether the drug is compounded correctly.

17. The potency of the drug cannot be guaranteed and most likely is outside of specified range as set by USP due to the failure of stability studies. This creates the risk that these drugs will not be sufficiently potent and effective to cause death without also causing significant suffering.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 18th day of September 2020.

_Michaela M. Almgren_
Michaela Almgren, PharmD, MS