**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| In the Matter of the | ) | |
| Federal Bureau of Prisons' Execution | ) | |
| Protocol Cases, | ) | |
| | ) | |
| LEAD CASE: *Roane et al. v. Barr* | ) | Case No. 19-mc-145 (TSC) |
| | ) | |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | |
| | ) | |
| ALL CASES | ) | |
| | ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION**
**TO ALTER AND AMEND JUDGMENT**

Defendants respectfully ask that the Court deny Plaintiffs' motion to alter and amend its August 20, 2020 judgment on Count II of the Amended Complaint, ECF No. 238.  Plaintiffs' motion is a clear attempt to relitigate an issue the Court has conclusively decided in this already complicated litigation.  And Plaintiffs cannot meet the high standard for relief under Rule 59(e) of the Federal Rules of Civil Procedure.

A court should grant a Rule 59(e) motion only when the movant demonstrates "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curium) (internal quotation marks omitted).  Motions under Rule 59(e) are "not routinely granted," *Harvey v. Dist. of Columbia*, 949 F. Supp. 878, 879 (D.D.C. 1996), and such motions "are disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances."  *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001).

Plaintiffs do not even attempt to base their motion in the Rule 59(e) standard, and over half of Plaintiffs' motion is devoted to characterizing the procedural history of this litigation, with

which this Court is already well versed. Plaintiffs offer nothing that would justify alteration or amendment of the Court's judgment. Clearly, there has been no change in the law since the Court dismissed Plaintiffs' Eighth Amendment claim on August 15, 2020—and Plaintiffs appear to concede as much, because they identify no such change. Nor do Plaintiffs argue that there is any new evidence that could potentially change this Court's analysis. Indeed, no additional evidence could be relevant, because this Court concluded that Count II fails as a matter of law. *See* ECF No. 193 at 5. Plaintiffs are therefore left to argue that the Court simply got it wrong. But Plaintiffs fail to show any error in the Court's decision—much less establish "clear error" or "manifest injustice."

This Court properly read the Supreme Court's decision in *Barr v. Lee*, No. 20A8 (U.S. July 14, 2020) (per curiam), to mean that "evidence that Plaintiffs could present that they would, in fact, experience pulmonary edema or pain would not be sufficient to prevail on their Eighth Amendment claim, particularly given that "*Lee* [ ] clarified that *Bucklew v. Precythe*, 139 S. Ct. 1112 (2019) extends to general pentobarbital challenges, such as this one, not just to the unique medical conditions of the inmate in that case[.]" ECF No. 193 at 3 (citing *Lee*, 20A8 at 2). As this Court recognized, the Supreme Court knew when deciding *Lee* that this Court had credited Dr. Gail Van Norman's testimony regarding pulmonary edema and pain. *Id.* at 3–4. Because the Eighth Amendment forbids only methods of execution that "intensif[y] the sentence of death with a (cruel) 'superadd[ition]' of 'terror, pain, or disgrace,'" *Bucklew*, 139 S. Ct. at 1124 (quoting *Baze*, 553 U.S. at 48), the Bureau of Prisons' use of a drug that "has become a mainstay of state executions," "repeatedly invoked by prisoners as a less painful and risky alternative to the lethal injection protocols of other jurisdictions," *Lee*, No. 20A8 at 2, necessarily withstands constitutional scrutiny.

Plaintiffs argue that the Supreme Court's decision in *Lee* was *sui generis* because of the last-minute nature of the injunction in that case. *See* ECF No. 238 at 8–9. But this Court already considered and rejected that argument when dismissing Count II. In response to Nelson's argument for "a more limited reading of *Lee*," the Court recognized that, "[a]t first blush," the

Supreme Court's discussion of the timing of the request for a stay "appears to leave open the possibility that Plaintiffs' showing might have been sufficient had the injunction come earlier." *Id.* at 4. However, the Court explicitly rejected this argument. This Court asserted that "the injunction for Nelson was not remotely 'last-minute' with respect to Nelson, but the [Supreme Court] nonetheless vacated the injunction as to him," which "suggests that timing was neither dispositive nor weighty." *Id.* Plaintiffs urge the Court to now reach a different conclusion based on the Supreme Court's reference to Lee, Purkey, Honken, Nelson collectively in *Lee*. *See* ECF No. 238 at 8–9. But this Court already stated that, if Plaintiffs' interpretation were correct, "the injunction for Nelson would [have stood], or at the very least the [Supreme] Court would have noted that any heightened standard caused by the last-minute injunction did not apply to him." ECF No. 193 at 4.

Plaintiffs are also incorrect to claim that this Court's conclusion is inconsistent with the D.C. Circuit's August 25, 2020 denial of Nelson's stay motion. *See* ECF No. 238 at 9–10 (citing *In re: FBOP Execution Protocol Cases*, No. 20-5252 (D.C. Cir. August 25, 2020) ("*Nelson*")). The D.C. Circuit's analysis, of course, was in the context of a request for equitable relief pending appeal, which necessarily required the court to evaluate "whether the applicant will be irreparably injured absent a stay." *Nelson* at 3 (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)). That analysis is separate and apart from the merits question of whether Plaintiffs could state an Eighth Amendment claim given that pentobarbital is widely used for lethal injection. And, indeed, the D.C. Circuit specifically noted that "the merits of the ruling on the motion to dismiss are not before us." *Id.* at 5. There is therefore nothing in the D.C. Circuit's order that suggests this Court should reconsider its prior decision—and certainly nothing that establishes this Court committed "clear error" or that its decision would result in "manifest injustice," as would be required to justify relief under Rule 59(e). *Firestone*, 76 F.3d at 1208.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion to alter and amend judgment as to Count II.

Dated:  September 19, 2020

Respectfully submitted,


MICHAEL R. SHERWIN
Acting United States Attorney

DANIEL F. VAN HORN
Civil Chief, U.S. Attorney's Office

ALAN BURCH (D.C. Bar 470655)
Assistant United States Attorney
U.S. Attorney's Office
for the District of Columbia
Washington, D.C. 20530
202-252-2550
alan.burch@usdoj.gov

SCOTT G. STEWART
Deputy Assistant Attorney General

PAUL R. PERKINS
Special Counsel

*/s/ Jean Lin*
JEAN LIN
Special Litigation Counsel
JONATHAN KOSSAK (D.C. Bar 991478)
CRISTEN C. HANDLEY (MO Bar 69114)
BRADLEY P. HUMPHREYS (D.C. Bar 988057)
Trial Attorneys
Federal Programs Branch
Civil Division, Department of Justice
1100 L Street, N.W.
Washington, D.C. 20005
(202) 514-3716
Jean.lin@usdoj.gov
Jonathan.kossak@usdoj.gov
Cristen.handley@usdoj.gov
Bradley.humphreys@usdoj.gov

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 19, 2020, I caused a true and correct copy of foregoing to be served on all following counsel of record via the Court's CM/ECF system.

Joshua C. Toll (D.C. Bar No. 463073)
King & Spalding LLP
1700 Pennsylvania Avenue, N.W.
Washington, DC 20006
(202) 737-8616
jtoll@kslaw.com

Margaret O'Donnell
P.O. Box 4815
Frankfort, KY 40604
(502) 320-1837
mod@dcr.net

*Counsel for Plaintiff Anthony Battle*

Ginger D. Anders (D.C. Bar No. 494471)
Jonathan S. Meltzer (D.C. Bar No. 888166546)
Brendan Gants (D.C. Bar No. 1031419)
Munger, Tolles & Olson LLP
1155 F Street N.W., Seventh Floor
Washington, D.C. 20004-1357
(202) 220-1100
ginger.anders@mto.com

*Counsel for Plaintiff Brandon Bernard*

Alex Kursman, Assistant Federal Defender
Shawn Nolan, Chief, Capital Habeas Unit
Federal Community Defender Office, E.D. Pa.
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
alex_kursman@fd.org

*Counsel for Plaintiff Alfred Bourgeois*

Joseph Luby, Assistant Federal Defender
Federal Community Defender Office, E.D. Pa.
 601 Walnut Street, Suite 545 West
Philadelphia, PA 19106

Telephone - 215-928-0520
Email – joseph_luby@fd.org

*Counsel for Plaintiff Chadrick Fulks*


Amy Lentz (DC Bar No. 990095)
Steptoe & Johnson, LLP
1300 Connecticut Avenue NW
Washington, DC 20036
202.429.1320
alentz@stepoe.com

*Counsel for Plaintiff Orlando Hall*


Shawn Nolan, Chief, Capital Habeas Unit
Federal Community Defender Office, E.D. Pa.
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
shawn_nolan@fd.org

*Counsel for Plaintiff Dustin Higgs*

Scott W. Braden (Ark. Bar Number 2007123)
Assistant Federal Defender
Arkansas Federal Defender Office
Ark Bar Number 2007123
1401 West Capitol, Suite 490
Little Rock, Arkansas 72201
(501) 324-6114
Scott_Braden@fd.org

Jennifer Ying (DE #5550)
Andrew Moshos (DE #6685)
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market St.
P.O. Box 1347
Wilmington, Delaware 19801
(302) 658-9300
jying@mnat.com
amoshos@mnat.com


*Counsel for Plaintiff Norris G. Holder, Jr.*


Jon Jeffress
KaiserDillon PLLC

1099 14th Street NW
8th Floor West
Washington, DC 20005
(202) 640-2850
jjeffress@kaiserdillon.com

Timothy Kane, Assistant Federal Defender
Shawn Nolan, Chief, Capital Habeas Unit
Federal Community Defender Office, E.D. Pa.
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
215-928-0520
timothy_kane@fd.org
shawn_nolan@fd.org

*Counsel for Plaintiff Dustin Lee Honken*

Donald P. Salzman (D.C. Bar No. 479775)
Charles F. Walker (D.C. Bar No. 427025)
Steven M. Albertson (D.C. Bar No. 496249)
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
(202) 371-7983
donald.salzman@skadden.com

*Counsel for Plaintiff Corey Johnson*

Gregory S. Smith
913 East Capital Street, SE
Washington, D.C. 20003
(202) 460-3381
(877) 809-9113 (fax)
gregsmithlaw@verizon.net

*Counsel for Plaintiff William Emmet LeCroy*

David S. Victorson
Hogan Lovells US LLP
Columbia Square
555 13th Street NW
Washington, DC  20004
(202) 637-5600
(202) 637-5910 (fax)
david.victorson@hoganlovells.com

Pieter Van Tol (admitted *pro hac vice*)
Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
(212) 918-3000
(212) 918-3100 (fax)
pieter.vantol@hoganlovells.com

*Counsel for Plaintiff Daniel Lewis Lee*

Dale A. Baich (pro hac vice)
Jennifer M. Moreno
Federal Public Defender
District of Arizona
850 West Adams Street, Suite 201
Phoenix, Arizona 85007
602-382-2816
602-889-3960 (fax)
dale_baich@fd.org
jennifer_moreno@fd.org

*Counsel for Plaintiff Keith Nelson*


Shawn Nolan, Chief, Capital Habeas Unit
Federal Community Defender Office, E.D. Pa.
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
timothy_kane@fd.org
shawn_nolan@fd.org

Gary E. Proctor
Law Offices of Gary E. Proctor, LLC
8 East Mulberry Street
Baltimore, MD 21202
(410) 444-1500
(443) 836-9162 (fax)
garyeproctor@gmail.com

*Counsel for Plaintiff Jeffrey Paul*


Alan E. Schoenfeld (admitted *pro hac vice*)
Ryan M. Chabot (admitted *pro hac vice*)
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
(212) 230-8880

Alan.Schoenfeld@WilmerHale.com
Ryan.Chabot@WilmerHale.com

Andres C. Salinas (DC Bar No. 156118)
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6289
Andres.Salinas@WilmerHale.com

*Counsel for Wesley I. Purkey*

Paul F. Enzinna (D.C. Bar No. 421819)
Ellerman Enzinna PLLC
1050 30th Street, NW
Washington, DC 20007
(202)753-5553
penzinna@ellermanenzinna.com

*Counsel for Plaintiff James H. Roane, Jr.*

Amy Karlin, Interim Federal Public Defender
Celeste Bacchi
Jonathan C. Aminoff
Deputy Federal Public Defenders
321 E. Second Street
Los Angeles, CA 90012
(213) 894-2854
celeste_bacchi@fd.org

*Counsel for Plaintiff Julius O. Robinson*

Gerald W. King, Jr. (Ga. Bar No. 140981)
Jeffrey Lyn Ertel (Ga. Bar No. 249966)
Federal Defender Program, INC.
101 Marietta Street, Suite 1500
Atlanta, Georgia 30303
(404) 688-7530
(404) 688-0768 (fax)
Gerald_King@fd.org
Jeff_Ertel@fd.org

Brandon D. Almond
Troutman Sanders LLP
401 9th Street, NW
Suite 1000

Washington, D.C. 20004
(202) 274-2864
(202) 274-2994
brandon.almond@troutmansanders.com
*Counsel for Richard Tipton, III*

Michael F. Williams
Kirkland & Ellis, LLP
1301 Pennsylvania Avenue, NW
Washington, D.C. 20004
(202) 389-5123
(202) 389-5200 (fax)
michael.williams@kirkland.com


*Counsel for Christopher Andre Vialva*


Evan Miller (DC Bar No. 219310)
Vinson & Elkins LLP
2200 Pennsylvania Avenue, NW
Suite 500 West
Washington, D.C. 20037
(202) 639-6605
(202) 478-1815 (fax)
emiller@velaw.com

*Counsel for Bruce Webster*


 /s/Jean Lin
Attorney for Defendants