UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| In the Matter of the<br>Federal Bureau of Prisons' Execution<br>Protocol Cases,<br><br>LEAD CASE: *Roane, et al. v. Barr*<br><br>THIS DOCUMENT RELATES TO:<br><br>*Roane v. Gonzales*, 05-cv-2337 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 19-mc-145 (TSC) |

## MEMORANDUM OPINION

Defendants have moved to vacate this court's preliminary injunctions barring the executions of Plaintiffs James Roane, Richard Tipton, Cory Johnson, Orlando Hall, Bruce Webster, Anthony Battle, and Jeffrey Paul. (ECF No. 173, Defs. Mot. to Vacate Prelim. Inj.) For the reasons set forth below, the motion is GRANTED.

Defendants' September 11, 2020 Notice urged the court to rule on this motion with "dispatch," requested an expedited ruling, and noted that it had, on several occasions, asked the court for a ruling by September 4. Although the court was aware of the motion and intended to resolve it expeditiously, as the parties are aware, this is not the only case on the court's docket. Nevertheless, the court has prioritized resolving the issues presented in this case—which has involved at least eight motions for preliminary injunction and emergency relief over the course of seven scheduled executions—and has endeavored to ensure the opinions and orders issued adequately address the parties' claims and requests. Given the number of plaintiffs and the speed at which the government has sought to execute them—after eight years of inaction—careful consideration and resolution of the myriad claims presented necessarily requires time. The government's desire to carry out executions in rapid succession must yield to the need to resolve

1

the substantive legal claims at issue, many of which have been placed before the court on the government's own motion. No further requests for expedited rulings or deadlines—from *any* party in this case—should be filed absent a bona fide emergency.

## I. BACKGROUND

In 2005, Plaintiffs Roane, Tipton, and Johnson sued, challenging the three-drug lethal injection protocol then employed by the Bureau of Prisons (BOP) alleging various constitutional and Administrative Procedure Act (APA) violations. (*Roane v. Gonzales*, No. 05-cv-2337 (D.D.C.), ECF No. 1.) Shortly thereafter, they sought a preliminary injunction barring their executions, which were scheduled for May 2006. (*Roane*, ECF No. 2.). Defendants consented to the entry of a preliminary injunction pending the Supreme Court's disposition of *Hill v. Crosby*, which involved a method-of-execution challenge. (*Roane*, ECF No. 4.) Judge Huvelle, who was presiding over the case at that time, temporarily enjoined the executions of Roane, Tipton, and Johnson. (*Roane*, ECF No. 5.) The preliminary injunction remained, however, after the Supreme Court decided *Hill*. *See Hill v. McDonough*, 547 U.S. 573 (2006); (*Roane*, ECF No. 7.)

The following year, Plaintiffs Webster, Battle, and Hall intervened and filed unopposed motions for preliminary injunctions, which Judge Roberts granted. (*See Roane*, ECF Nos. 27 (Webster), 67 (Battle), 68 (Hall)). Defendants stipulated to the preliminary injunctions but did not "waive any objections or arguments on the merits of the issues in this litigation and d[id] not admit the veracity of any of the allegations of any of the operative pleadings in this case." (*Roane*, ECF No. 39.)

Defendants sought to dissolve the preliminary injunctions on multiple occasions. (*See Roane*, ECF Nos. 61, 160.) Due to litigation over the scope of discovery, the court declined to

rule on the motion to lift the stay. (*See Roane*, ECF No. 209 (ordering further briefing "before the defendants' motion to lift the stays currently in place should be considered").)

On October 6, 2009, Plaintiff Paul sought to intervene and to obtain a preliminary injunction, (*Roane*, ECF No. 228), which Defendants opposed, (*Roane*, ECF No. 242). While that litigation continued throughout 2010, in December of that year, BOP announced plans to schedule Paul's execution date. (*Roane*, ECF No. 273.) Then in July 2011, after BOP determined it could no longer obtain one of the drugs in its protocol, Defendants informed the court that BOP had "decided to modify its lethal injection protocol," and would "submit a monthly status report to the Court on the status of finalizing the protocol revisions." (*Roane*, ECF No. 288.)

On July 25, 2019, Defendants notified the Court it had adopted a new, single-drug protocol on July 25, 2019. (*Roane*, ECF No. 385.) On the same day, BOP set execution dates for five inmates, four of whom immediately sought a preliminary injunction. This court consolidated all four actions into the present case and has since consolidated additional actions filed by other death-row inmates.

## II. DISCUSSION

In light of the new one-drug execution protocol announced by the BOP in July 2019, Defendants have moved to vacate the existing preliminary injunctions discussed above. (*See generally* Defs. Mot. to Vacate Prelim. Inj.) They contend that "the legal and factual premises underlying the injunctions have fundamentally and undisputedly changed." (*Id.* at 7.) Plaintiffs oppose the motion but have not provided an adequate basis to keep the injunctions in place. Accordingly, the court will grant Defendants' motion and the preliminary injunctions prohibiting

the executions of Plaintiffs Roane, Tipton, Johnson, Hall, Webster, Battle, and Paul will be vacated.

## A. <u>Legal Standard</u>

Under Federal Rule of Civil Procedure 60(b), a court may "relieve a party . . . from a[n] . . . order" when "applying it prospectively is no longer equitable" or upon a showing of "any . . . reason that justifies relief." *Hudson v. AFGE*, 281 F. Supp. 3d 11, 13 (D.D.C. 2017) (quoting Fed. R. Civ. P. 60(b)(5) and (6)).  Thus, a court may modify an injunction pursuant to that rule in its "equitable discretion." *Trump v. Int'l Refugee Assistance Project*, 137 S. Ct. 2080, 2087 (2017).  The party seeking relief from an injunction has the burden of showing "a significant change either in factual conditions or in law" such that continued enforcement of the injunction would be "detrimental to the public interest." *Horne v. Flores*, 557 U.S. 433, 447 (2009).  That significant change, moreover, must be "unanticipated" by the parties and the court. *Am. Council of the Blind v. Mnuchin*, 878 F.3d 360, 367 (D.C. Cir. 2017).

"[D]issolution should depend on the same considerations that guide a judge in deciding whether to grant or deny a preliminary injunction in the first place"—i.e., "[t]he familiar quartet" of "likelihood of success, the threat of irreparable injury to the party seeking interim relief, the equities and the public interest." *Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp.*, 15 F.3d 1222, 1225 (1st Cir. 1994).

## B. <u>Changed Circumstances and Injunctive Relief Factors</u>

The court agrees with Defendants that circumstances have indeed changed since the injunctions at issue were entered (most more than ten years ago).  The basis for these injunctions was a three-drug protocol that is no longer in use, and Plaintiffs have superseded the complaint upon which the prior injunctions were based.  And while it is true that the claims in the operative

4

complaint are similar to those challenging the three-drug protocol (Due Process Clause, Eighth Amendment, and APA violations), Plaintiffs now challenge the government's use of pentobarbital, a drug that was not utilized used in prior protocols.

Ultimately, Plaintiffs cannot succeed on the merits of a complaint that has been superseded. And it defies logic to maintain an injunction pertaining to an outdated execution protocol when Plaintiffs have been unable to demonstrate they are entitled to injunctive relief under the new protocol. (*See, e.g.*, ECF No. 226; ECF No. 261.)

Death is certainly irreparable. But Plaintiffs have been sentenced to death for crimes after trial, and their convictions have been upheld on appeal. This court's injunction was issued in order to consider and rule on matters pertaining to the method and manner of execution. Moreover, Plaintiffs are protected from the irreparable harm that formed the basis of the original injunction because the government will no longer use the methods detailed in the three-drug protocol to execute them. This factor, accordingly, weighs in favor of lifting the injunction.

The court finds it would not be equitable to leave the prior injunctions in place when the government will no longer be using the three-drug protocol. Thus, the balance of the equities favors Defendants. The same is true for the public interest factor. Though the public has a "powerful and legitimate interest in punishing the guilty," *Calderon v. Thompson*, 523 U.S. 538, 556 (1998), this court has repeatedly expressed its view that the public is also strongly served by ensuring that persons sentenced to death are not executed in a manner that violates the U.S. Constitution or laws passed by Congress. Those concerns are not implicated here. The legal claims that formed the basis of the prior injunctions have been resolved—they are moot. This factor, again, weighs in favor of dissolution.

Thus, the changed circumstances and the factors for injunctive relief all weigh in favor of vacating the injunction.

Plaintiffs fail to advance a convincing reason to leave the injunction in place. First, they argue that the court may not lift an injunction absent "extraordinary" circumstances. (*See* ECF No. 197, Pls. Opp'n at 10.) But this is the standard for relief from final judgment, not for relief for a preliminary injunction. *See Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) ("[O]ur cases have required a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final judgment."); *SEC v. Bilzerian*, 815 F. Supp. 2d 324, 328 (D.D.C. 2011) (addressing permanent injunctions that had been affirmed by the D.C. Circuit).

Next, Plaintiffs argue that the new Protocol did not moot their claims; they note, for instance, that their challenge to Defendants' failure to disclose the relevant procedures that will be used to execute them remains live. But this claim has now been dismissed in the court's Order of September 20, 2020. (*See* ECF No. 261.)

Plaintiffs also argue that vacating the injunction would thwart the original purpose on which the injunction was based, namely to "allow[] the orderly adjudication of a complex dispute that has urgent implications for Plaintiffs and great significance for the public at large." (Pls. Opp'n at 11.) The purpose of the prior injunction, however, was to preserve the status quo while the court adjudicated claims on which Plaintiffs were likely to succeed on the merits. Those claims are no longer at issue.

Finally, Plaintiffs argue that Defendants' motion is untimely, but identify no authority for that argument. Rule 60(c) requires that motions for relief therein be filed within a "reasonable time." Given the speed at which issues have been raised in this litigation, the court does not find

6

the timing of Defendants' motion to be unreasonable.[1]  The preliminary injunction here was intended to be temporary.  The fact that the injunctions have been in place this long—and that Defendants did not move to vacate them sooner—did not prejudice Plaintiffs.

For the foregoing reasons, Plaintiffs have not supplied a justifiable reason to leave the preliminary injunctions in place, and they will be VACATED.

Date:  September 20, 2020

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

---

[1] Plaintiffs refer to a purported intra-Circuit, three-month timeline to address relief from judgment motions, but, again, the authority cited for that proposition addresses relief from *final* judgment.  (Pls. Opp'n at 6 (citing *THEC Int'l-Homdard Cordova Group-Nazari Constr. Co. v. Cohen Moher, LLP*, 301 F. Supp. 3d 1, 9 (D.D.C. 2018); *Darby v. Shulkin*, 321 F.R.D. 10, 12 (D.D.C. 2017)).)

7