UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of the<br>Federal Bureau of Prisons' Execution<br>Protocol Cases<br><br>LEAD CASE: *Roane, et al. v. Barr*<br><br>THIS DOCUMENT RELATES TO:<br><br>All Cases | Case No. 19-mc-0145 (TSC) |

**RESPONSE TO PLAINTIFFS' SUPPLEMENTAL MEMORANDUM
IN SUPPORT OF THEIR MOTION TO ALTER OR AMEND THE
JUDGMENT DISMISSING THEIR EIGHTH AMENDMENT CLAIM**

Plaintiffs have submitted a supplemental brief in support of their second motion under Federal Rule of Civil Procedure 59(e) for the Court to alter its judgment dismissing their claim under the Eighth Amendment. ECF No. 293. Motions of this kind are "disfavored" and "granted only when the moving party establishes extraordinary circumstances." *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001). The movant must show "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam) (internal quotation marks omitted). Plaintiffs fail to make that showing here.

Plaintiffs argue that the Court's treatment of Dr. Joseph Antognini's testimony and the execution of William LeCroy on September 22, 2020, alter the landscape of this case such that the evidence is no longer "competing" but wholly favors Plaintiffs such that they have stated a claim under the Eighth Amendment's "exceedingly high bar," *Barr v. Lee*, 140 S. Ct. 2590, 2591 (2020). Pls.' Mot. at 1–2, ECF No. 285-1. As Plaintiffs acknowledge, this is the same argument put forward in their Rule 59(e) motion to alter the Court's judgment denying them injunctive relief on their claims under the Federal Food, Drug, and Cosmetic Act ("FDCA"). *Id.* at 1. Defendants have

responded to that motion, showing that Plaintiffs' characterization of the LeCroy execution (assuming it to be accurate despite other evidence) merely duplicates information already in the record and provides no basis for the Court to reconsider its ruling. *See* Defs.' Resp. to Rule 59(e) Mot. (FDCA) at 3–6 ECF No. 291. Defendants also showed that Plaintiffs embellish the Court's findings regarding Dr. Antognini and that, in any event, the Court was mistaken to discount Dr. Antognini's testimony to the degree that it did. *Id.* at 5 n.1.

In addition to those points, which Defendants incorporate here by reference, Plaintiffs' supplemental argument on the Eighth Amendment claims fails for an even more fundamental reason. The Court did not, as Plaintiffs incorrectly assume, dismiss the Eighth Amendment claims because it found the evidence on those claims to be "competing." *See* Pls.' Mot. at 2, ECF No. 285-1. Indeed, on a motion to dismiss, the Court appropriately declined to weigh evidence and assumed the facts alleged to be true. Mem. Op. at 5, ECF No. 193. The Court nevertheless granted Defendants' motion after concluding that "even if this court found in favor of Plaintiff on all alleged facts, there would be no Eighth Amendment violation because the evidence of pain would not satisfy *Lee*'s high bar for an objectively intolerable risk of pain." *Id.* at 5. The Court in particular noted that even purported "evidence that Purkey did in fact experience the edema and pain as predicted" during his execution "would not alter the analysis." *Id.* at 3.

By the same token, Plaintiffs' new but cumulative purported evidence that LeCroy experienced edema and pain—which Defendants dispute—likewise "would not alter the [Court's] analysis" on the Eighth Amendment claim. *Id.* Accordingly, Plaintiffs' proposed supplemental brief lends no support to their second motion to alter the Court's judgment. The Court should deny that motion for the reasons set forth in Defendants' opposition brief. ECF No. 260.

Respectfully submitted,

| | |
|---|---|
| JOHN V. COGHLAN* <br> Deputy Assistant Attorney General | MICHAEL R. SHERWIN <br> Acting United States Attorney |
| JEAN LIN <br> Special Litigation Counsel | DANIEL F. VAN HORN, <br>   D.C. Bar #924092 <br> Chief, Civil Division |
| JONATHAN KOSSAK, <br>   D.C. Bar #991478 <br> CRISTEN C. HANDLEY, <br>   MO Bar #69114 <br> BRADLEY P. HUMPHREYS, <br>   D.C. Bar #988057 <br> Trial Attorneys <br> Federal Programs Branch <br> Civil Division, Department of Justice <br> 1100 L Street, N.W. <br> Washington, District of Columbia 20005 <br> (202) 514-3716 <br> jean.lin@usdoj.gov <br> jonathan.kossak@usdoj.gov <br> christen.handley@usdoj.gov <br> bradley.humphreys@usdoj.gov | By:  /s/ Johnny Walker <br> JOHNNY H. WALKER, <br>   D.C. Bar #991325 <br> Assistant United States Attorney <br> 555 4th Street, N.W. <br> Washington, District of Columbia 20530 <br> Telephone: 202 252 2575 <br> Email: johnny.walker@usdoj.gov <br> <br> *Counsel for Defendants* |

Dated: October 16, 2020

*The Acting Assistant Attorney General for the Civil Division is recused from this matter.