IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of the Federal Bureau of Prisons' Execution Protocol Cases<br><br>LEAD CASE: *Roane et al. v. Barr*<br><br>THIS DOCUMENT RELATES TO:<br><br>Roane, et al. v. Barr, 05-2337;<br>Robinson v. Bar, 07-2145;<br>Bourgeois v. Barr, 12-0782;<br>Bernard v. Barr, 20-474 | Case No. 19-mc-0145 (TSC) |

**MOTION OF PLAINTIFFS BATTLE, BERNARD, BOURGEOIS, HALL, ROBINSON, AND WEBSTER TO ALTER OR AMEND JUDGMENT CONCERNING THE COURT'S GRANTING OF SUMMARY JUDGMENT TO DEFENDANTS ON COUNT V**

Pursuant to Fed. R. Civ. P. 59(e), Plaintiffs Battle, Bernard, Bourgeois, Hall, Robinson, and Webster respectfully move the Court to alter or amend its judgment granting summary judgment to the Defendants on Count V, ultra vires agency action in violation of § 3596(a) of the Federal Death Penalty Act. *See* ECF No. 261; *see also* Fed. R. Civ. P. 54(a) (defining "judgment" as "any order from which an appeal lies"). As Plaintiffs explain below, the Court's ruling in favor of Defendants was based on an error of law, namely that a voluntary statement from the Defendants has binding force of law and operates to moot the controversy, particularly as to future executions, including the execution of Plaintiff Hall, which has been scheduled for November 19, 2020. Additionally, the Court's rationale has now been further undermined by the subsequent events of William LeCroy's execution on September 22, 2020, as explained below.

1

Relief under Rule 59(e) is justified when the movant demonstrates an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996); *Alston v. District of Columbia*, 770 F. Supp. 2d 289, 296 (D.D.C. 2011). More generally, relief is warranted when a court has overlooked factual or legal issues that were properly presented, or when the court's decision "rests on an incorrect premise." *Berge v. United States*, 949 F. Supp. 2d 36, 41 (D.D.C. 2013).

These settled grounds for relief justify reconsideration of the Court's grant of summary judgment to Defendants on Count V, ultra vires agency action in violation of § 3596(a) of the FDPA.

## ARGUMENT

The Court should alter or amend its judgment granting summary judgment to the Defendants on Count V. Section 3596(a) of the FDPA requires that in carrying out a death sentence, "the Attorney General shall release the person sentenced to death to the custody of a United States marshal, who shall supervise implementation of the sentence in the manner prescribed by the law of the State in which the sentence is imposed." 18 U.S.C. § 3596(a). In its analysis of Plaintiffs' claim that the protocol constitutes ultra vires agency action due to conflicting with relevant state statutes, the Court noted two important categories of discrepancies between the government's execution protocol and several of the state statutes at issue. First, there are state statutes that dictate the method of execution. Specifically, there are two state statutes (S.C. Code. § 24-3-530(A); VA Code Ann. § 53.1-234) that allow an inmate to choose between lethal injection and electrocution, and Missouri law allows for execution by either lethal injection or lethal gas. Mo. Rev. Stat. § 546.720.1.

Second, and of relevance to Plaintiffs Battle, Bernard, Bourgeois, Hall, Robinson, and Webster, there are state statutes that, while not directly addressing the method of execution, nevertheless dictate important aspects of the execution process, including a "Georgia statute (applicable to Plaintiffs Battle and LeCroy) requiring the presence of 'two physicians to determine when death supervenes.' Ga. Code § 17-10-41," ECF 261 at 27, and a "Texas statute (applicable to Plaintiffs Bernard, Bourgeois, Hall, Robinson, and Webster) mandating that executions shall take place 'at any time after the hour of 6 p.m. on the day set for the execution.' Tex. Code of Crim. Proc. Art. 43.14(a)." *Id.*

In finding that these important differences did not justify the granting of relief to Plaintiffs, the Court relied on a <u>non-binding</u> notice filed by Defendants stating that they plan to follow the relevant Georgia law and may choose to accommodate requests to follow the Texas law, and also refused to grant relief as to the Texas law despite finding that the Defendants were obligated to follow it. With regard to Georgia law, the Court observed: "Defendants state that they intend to comply with Georgia's requirement that two physicians be present at the execution to determine when death supersedes. [ECF 247 at 2]; Ga. Code § 17-10-41." ECF 261 at 30.

It is important to note, however, that Defendants disclaimed any actual obligation to comply with Georgia law, stating: "It is questionable at best that the cited provision of Georgia law requiring the presence of two physicians is such a procedure [effectuating death], but the government has nevertheless explained that *it plans to comply* with that provision." ECF 247 at 2 (emphasis added). Similarly, with regard to the Texas statute at issue, the Defendants' notice stated: "The cited provision of Texas law concerning the time of execution does not involve procedures for effectuating death and therefore need not be followed by the federal government under the FDPA. But the government will consider, *and may choose to accommodate*, the

3

request of any Plaintiff sentenced by a federal court in Texas who wishes to have an execution scheduled for after 6 p.m." ECF 247 at 2 (emphasis added).  The Defendants' notice elaborated on the Texas statute as follows:  "In any event, the timing requirement presents no conflict with the Protocol because the Protocol does not specify the time when the execution must be implemented on the scheduled execution date. As a matter of administrative grace, BOP will consider, and may choose to accommodate, the request of any Plaintiff sentenced by a federal court in Texas who wishes to have an execution scheduled for after 6 p.m." ECF 247 at 3-4.

In deciding to rely on the Defendants' notice to find the absence of a live controversy, the Court relied on *Nat'l Black Police Ass'n v. District of Columbia*, 108 F.3d 346, 349 (D.C. Cir. 1997), which stated:  "Even where litigation poses a live controversy when filed . . . a federal court [must] refrain from deciding it if events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future" (internal citations and quotation marks omitted)).  However, that case is distinguishable because it involved a situation where <u>binding</u> legislation was passed affecting the parties' rights after suit was filed.  In contrast, nothing binds the government here.

Indeed, the Court has not cited any authority for the proposition that a non-binding statement by a litigant to take certain actions that comply with the law – all the while maintaining that the litigant is under no obligation to do so – moots an active controversy, particularly as to future executions.  To the contrary, the Supreme Court's rulings on voluntary cessation announce a stringent standard that is not met here.  In *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 208 (2000), the Court stated:

> It is well settled that "a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *City of Mesquite,* 455 U.S. at 289. "[I]f it did, the courts would be compelled to leave '[t]he defendant ... free to return to his old ways.' " *Id.,* at 289,

>n. 10 (citing *United States v. W.T. Grant Co.,* 345 U.S. 629, 632 (1953)). In accordance with this principle, the standard we have announced for determining whether a case has been mooted by the defendant's voluntary conduct is stringent: "A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *United States v. Concentrated Phosphate Export Assn.,* 393 U.S. 199, 203 (1968). The "heavy burden of persua[ding]" the court that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting mootness. *Ibid.* (cleaned up).

Here, Defendants have not met that heavy burden, and they would be free to return to "old ways." For example, there would be absolutely nothing preventing the government from changing its mind on having two physicians present at Mr. Battle's execution, nor would there be anything preventing from the government from changing its mind after initially accommodating a future request made by Plaintiffs Bernard, Bourgeois, Hall, Robinson, and Webster to be executed after 6 p.m.[1] Under the Court's opinion, Plaintiffs would have no recourse.

Far from being a speculative concern, witnesses to the recent execution of Mr. LeCroy (who was sentenced in Georgia) saw only one physician enter the execution chamber to examine the prisoner and declare death. Two media witnesses state clearly that a single man with a stethoscope entered the execution chamber, felt Mr. LeCroy's wrist and listened to his heart. Michael Tarm, *US government executes killer obsessed with witchcraft*, AP News (Sept. 21, 2020), https://apnews.com/article/donald-trump-indiana-terre-haute-archive-executions-ad069e143126b4abb8ac65a1482cb13a (last visited Sept. 30, 2020).; George Hale (@georgehale), Twitter (Sep. 24, 2020), https://twitter.com/georgehale/status/1309010208539185154?s=20. The possible failure of the Defendants to follow the Georgia statute's requirement to have "two physicians to determine when death supervenes" during Mr. LeCroy's execution may have violated not only the

---

[1] As discussed below, Plaintiff Hall has requested to be executed after 6 p.m.

5

Defendants' voluntary statement, but also § 3596(a) of the FDPA. This new evidence is an additional reason justifying relief under Rule 59(e), and demonstrates why Defendants must be ordered by this Court to comply with relevant state statutes.

The recent execution of Lezmond Mitchell on August 26, 2020 is also illustrative in this regard. After Mr. Mitchell's counsel filed a motion to require Bureau of Prisons ("BOP") to follow Arizona's execution procedures, BOP, at the court's request, filed a sworn promise to comply, as part of an appeal heard by the United States Court of Appeals for the Ninth Circuit. However, the Arizona procedures also included allowing counsel to have contact with the outside world and a place to work at the prison, which was not part of the government's promise. While BOP initially provided counsel with this accommodation voluntarily, BOP revoked it as soon as it found out the appeal was decided in the government's favor, thus demonstrating that they will not comply unless there is either a court order or a sworn promise filed on the docket. *See U.S. v. Mitchell*, Case. No. 20-99009 (9th Cir. August 19, 2020).

Further, the Court should reconsider its analysis with regard to the Texas statute at issue. Unlike with regard to the Georgia statute, the Defendants' notice disclaims any definite intent to comply. Rather, the most that can be said is that the Defendants "may" comply. Although the Court found that the Defendants were nevertheless required to follow the Texas law, ECF 261 at 30, it still decided to grant summary judgment to Defendants because the Court did "not see a controversy here" given that Mr. Vialva was the only plaintiff sentenced in Texas who had an execution date and the court was not aware that he had requested to be executed after 6 p.m., and therefore the Court found no irreparable injury. However, as the Court is aware, Plaintiffs Bernard, Bourgeois, Robinson and Webster were sentenced in Texas and they should have the right to make a request, pursuant to the applicable Texas law, that they be executed on the day of

their execution date after 6 p.m. In fact, on October 5, 2020, Plaintiff Hall made such a request to the Warden of Terre Haute, through an email from Hall's counsel to BOP counsel (see attached Exhibit 1). Therefore, the Court should alter its judgment to clarify that this aspect of its ruling applied only to Plaintiff Vialva.

Moreover, the Texas statute governs more than just the time of the execution. As noted above, the statute provides that the execution take place "at any time after the hour of 6 p.m. *on the day set for the execution.*" Tex. Code of Crim. Proc. Art. 43.14(a) (emphasis added). This is significant, because if litigation delays prevented the execution from occurring before midnight, the Defendants would not be able to carry it out in the early-morning hours of the following day, as they recently did at the executions of Daniel Lee and Wesley Purkey. In analyzing this issue, the Court acknowledged that "the concern that '[t]he ability to schedule an execution at any time of day or night' would allow 'Defendants to reschedule and carry out . . . executions almost immediately after the expiration or vacatur of a stay, despite the pendency of additional legal challenges, and with or without notice to the prisoners' attorneys.' (Pls. Opp'n at 37.)." ECF 261 at 31. However, the Court rejected this concern, finding that the injury is "far from 'certain[.]'" *Id.* The Court should reconsider this aspect of its ruling, because, as noted, this exact scenario has now happened twice. Defendants have demonstrated that, absent an order from this Court, they would not follow this aspect of the Texas statute. Further, because Plaintiff Hall has now requested to be executed after 6 p.m., this issue is no longer hypothetical.[2] If litigation on the day of Plaintiff Hall's execution caused a delay past midnight, he would have no remedy if the

---

[2] As of the date of this filing, the government has not responded to Plaintiff Hall's request.

Defendants refused to follow the Texas statute, nor would the other Plaintiffs were they to make the same request in the future.[3]

For the foregoing reasons, the Defendants should be legally required to follow these state statutes, as they are "binding law" under the FDPA, and the Court should issue an order denying summary judgment to the Defendants on Count V. The Plaintiffs should be permitted to introduce evidence on these issues and demonstrate irreparable injury at a trial.

Dated: October 23, 2020                Respectfully Submitted,

*/s/ Joshua C. Toll*
Joshua C. Toll
D.C. Bar No. 463073
King & Spalding LLP
1700 Pennsylvania Avenue, N.W.
Washington, DC 20006
(202) 737-8616
jtoll@kslaw.com

Margaret O'Donnell
P.O. Box 4815
Frankfort, KY 40604
(502) 320-1837
mod@dcr.net

*Counsel for Plaintiff Anthony Battle*

Ginger D. Anders (Bar No. 494471)
Jonathan S. Meltzer (Bar No. 888166546)
Brendan Gants (Bar No. 1031419)
MUNGER, TOLLES & OLSON LLP
1155 F Street N.W., Seventh Floor

---

[3] Pursuant to Texas law, a new execution date would need to be set, and that date must be ninety-one days out. *See Battaglia v. State*, 537 S.W.3d 57 n. 53 (Ct. Crim. App. 2017) ("In 2014, trial courts were not required to notify a capital defendant or their counsel when the defendant's execution was set, and a "subsequent" execution could be set as early as thirty-one days out from the execution order. Tex. Code Crim. Proc. Ann. art. 43.141(c) (West 2003). The Texas legislature has since changed this law, and now notice of an execution date must be given to capital defendants. In addition, all executions must be set at least ninety-one days in advance. Act of May 29, 2015, 84th Leg., R.S., ch. 951, 2015 Tex. Sess. Law Serv. 951. (West)").

Washington, D.C. 20004-1357
(202) 220-1100

*Counsel for Plaintiff Brandon Bernard*


Alex Kursman, Assistant Federal Defender
Shawn Nolan, Chief, Capital Habeas Unit
Federal Community Defender Office, E.D. Pa.
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Telephone – 215-928-0520
Email – alex_kursman@fd.org

*Counsel for Plaintiff Alfred Bourgeois*


Amy Lentz (DC Bar No. 990095)
Steptoe & Johnson, LLP
1300 Connecticut Avenue NW
Washington, DC 20036
202.429.1350
Email - alentz@steptoe.com

*Counsel for Plaintiff Orlando Hall*


Amy Karlin
Interim Federal Public Defender
Celeste Bacchi
Jonathan C. Aminoff
Deputy Federal Public Defenders
321 E. Second Street
Los Angeles, CA 90012
(213) 894-2854

*Counsel for Plaintiff Julius O. Robinson*


Evan Miller (DC Bar # 219310)
Vinson & Elkins LLP
2200 Pennsylvania Avenue, NW
Suite 500 West
Washington, D.C. 20037
(202) 639-6605
(202) 478-1815 (fax)

9

emiller@velaw.com

*Counsel for Plaintiff Bruce Webster*

# CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2020, I caused a true and correct copy of foregoing to be served on all counsel of record via the Court's CM/ECF system. Pursuant to this Court's August 20, 2019 Order, below is a list of all counsel of record. The names marked with an asterisk (*) have no email provided on the docket and are no longer with the identified firms.

Alan Burch
U.S. Attorney's Office for the District of Columbia
(202) 252-2550
Email: alan.burch@usdoj.gov

Peter S. Smith
United States Attorney's Office
Appellate Division
(202) 252-6769
Email: peter.smith@usdoj.gov

Robert J. Erickson
US Department of Justice
(202) 514-2841
Email: Robert.erickson@usdoj.gov

Joshua Christopher Toll
KING & SPALDING LLP
(202) 737-8616
Email: jtoll@kslaw.com

Charles Anthony Zdebski
ECKERT SEAMANS CHERIN & MELLOTT, LLC
(202) 659-6605
Email: czdebski@eckertseamans.com

Gerald Wesley King, Jr.
FEDERAL DEFENDER PROGRAM, INC.
(404) 688-7530
Email: gerald_king@fd.org

Charles Fredrick Walker
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

Paul R. Perkins
Civil Division, Department of Justice
(202) 514-5090
Email: Paul.R.Perkins@usdoj.gov

Jonathan Kossak
Civil Division, Department of Justice
(202) 305-0612
Email: Jonathan.kossak@usdoj.gov

Denise M. Clark
U.S. Attorney's Office for the District of Columbia
(202) 252-6605
Email: Denise.Clark@usdoj.gov

Jean Lin
Civil Division, Department of Justice
(202) 514-3716
Jean.lin@usdoj.gov

Cristen Cori Handley
Civil Division, Department of Justice
(202) 305-2677
Cristen.Handley@usdoj.gov

Paul F. Enzinna
ELLERMAN ENZINNA PLLC
(202) 753-5553
Email: penzinna@ellermanenzinna.com

Brandon David Almond
TROUTMAN SANDERS LLP
(202) 274-2864
Email: brandon.almond@troutmansanders.com

11

(202) 371-7000
Email: Charles.Walker@skadden.com

Alexander C. Drylewski
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
(212) 735-2129
Email: Alexander.Drylewski@skadden.com
(*pro hac vice application forthcoming)

Celeste Bacchi
OFFICE OF THE PUBLIC DEFENDER
Capital Habeas Unit
(213) 894-1887
Email: celeste_bacchi@fd.org

Jonathan Charles Aminoff
FEDERAL PUBLIC DEFENDER,
CENTRAL DISTRICT OF CALIFORNIA
(213) 894-5374
Email: jonathan_aminoff@fd.org

Billy H. Nolas
FEDERAL COMMUNITY DEFENDER
OFFICE FOR THE EDPA
(215) 928-0520
Email: Billy_Nolas@fd.org

*Jeanne Vosberg Sourgens
VINSON & ELKINS LLP
(202) 639-6633

William E. Lawler, III
VINSON & ELKINS LLP
(202) 639-6676
Email: wlawler@velaw.com

Evan D. Miller
VINSON & ELKINS LLP
(202) 639-6605
Email: EMiller@velaw.com

Margaret O'Donnell
(502) 320-1837
Email: mod@dcr.net

Donald P. Salzman
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
(202) 371-7983
Email: Donald.salzman@skadden.com

Steven M. Albertson
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
(202) 371-7112
Email: Steven.Albertson@skadden.com

Craig Anthony Harbaugh
FEDERAL PUBLIC DEFENDER, CENTRAL
DISTRICT OF CALIFORNIA
(213) 894-7865
Email: craig_harbaugh@fd.org

Alexander Louis Kursman
OFFICE OF THE FEDERAL COMMUNITY
DEFENDER/EDPA
(215) 928-0520
Email: Alex_Kursman@fd.org

Kathryn B. Codd
VINSON & ELKINS LLP
(202) 639-6536
Email: kcodd@velaw.com

Robert E. Waters
KING & SPALDING LLP (202) 737-0500
Email: rwaters@velaw.com

Yousri H. Omar
VINSON & ELKINS LLP
(202) 639-6500
Email: yomar@velaw.com

*William E. Hoffman, Jr.
KING & SPALDING LLP
(404) 572-3383

Mark Joseph Hulkower
STEPTOE & JOHNSON LLP
(202) 429-6221
Email: mhulkower@steptoe.com

Abigail Bortnick
KING & SPALDING LLP
(202) 626-5502
Email: abortnick@kslaw.com

Matthew John Herrington
STEPTOE & JOHNSON LLP
(202) 429-8164
Email: mherrington@steptoe.com

Amy J. Lentz
STEPTOE & JOHNSON LLP
(202) 429-1320
Email: Alentz@steptoe.com

Gary E. Proctor
LAW OFFICES OF GARY E. PROCTOR, LLC
(410) 444-1500
Email: garyeproctor@gmail.com

Scott Wilson Braden
FEDERAL PUBLIC DEFENDER, EASTERN DISTRICT OF ARKANSAS
(501) 324-6144
Email: Scott_Braden@fd.org

Amy Gershenfeld Donnella
FEDERAL COMMUNITY DEFENDER OFFICE FOR THE EDPA
(215) 928-0520
Email: amy_donnella@fd.org

David Victorson
(202) 637-5600
HOGAN LOVELLS US LLP
Email: David.Victorson@hoganlovells.com

John D. Beck
HOGAN LOVELLS US LLP
(212) 918-3000
Email: john.beck@hoganlovells.com

Amelia J. Schmidt
KAISER DILLON, PLLC
(202) 869-1301

Robert A. Ayers
STEPTOE & JOHNSON LLP
(202) 429-6401
Email: rayers@steptoe.com

Robert L. McGlasson
MCGLASSON & ASSOCIATES, PC
(404) 314-7664
Email: rlmcglasson@comcast.net

Sean D. O'Brien
PUBLIC INTEREST LITIGATION CLINIC
(816) 363-2795
Email: dplc@dplclinic.com

Shawn Nolan
FEDERAL COMMUNITY DEFENDER OFFICE, EDPA
(215) 928-0520
Email: shawn_nolan@fd.org

Joseph William Luby
FEDERAL PUBLIC DEFENDER/EDPA
(215) 928-0520
Email: joseph_luby@fd.org

Pieter Van Tol
HOGAN LOVELLS US LLP
(212) 918-3000
Email: Pieter.Vantol@hoganlovells.com

Jonathan Jeffress
KAISER DILLON, PLLC
(202) 640-4430
Email: Jjeffress@kaiserdillon.com

Andrew Moshos
MORRIS NICHOLS ARSHT & TUNNELL LLP
(302) 351-9197
Email: Amoshos@mnat.com

| | |
|---|---|
| Email: Aschmidt@kaiserdillon.com | Alan E. Schoenfeld<br>WILMER CUTLER PICKERING HALE &<br>DORR LLP<br>(212) 937-7294<br>Email: Alan.Schoenfeld@wilmerhale.com |
| Norman Anderson<br>KAISER DILLON PLLC<br>(202) 640-2850<br>nanderson@kaiserdillon.com | |
| Jennifer Ying<br>MORRIS NICHOLS ARSHT & TUNNELL LLP<br>(302) 658-9300<br>Email: Jying@mnat.com | Kathryn Louise Clune<br>CROWELL & MORING LLP<br>(202) 624-5116<br>kclune@crowell.com |
| | Jennifer M. Moreno<br>OFFICE OF THE PUBLIC FEDERAL DEFENDER, DISTRICT OF ARIZONA<br>(602) 382-2718<br>Jennifer_moreno@fd.org |
| Andres C. Salinas<br>WILMER CUTLER PICKERING HALE &<br>DORR LLP<br>(202) 663-6289<br>Email: Andres.Salinas@wilmerhale.com | |
| | Ginger Dawn Anders<br>MUNGER, TOLLES & OLSON LLP<br>(202) 220-1107<br>Ginger.anders@mto.com |
| *Ryan M. Chabot<br>WILMER CUTLER PICKERING HALE &<br>DORR LLP<br>(212) 295-6513 | |
| | *Jonathan S. Meltzer<br>MUNGER, TOLLES & OLSON LLP<br>(202) 220-1100 |
| Dale Andrew Baich<br>OFFICE OF THE FEDERAL PUBLIC DEFENDER<br>(602) 382-2816<br>Dale_Baich@fd.org | *Brendan Gants<br>MUNGER, TOLLES & OLSON LLP<br>(202) 220-1100 |
| | Timothy Kane<br>FEDERAL COMMUNITY DEFENDER OFFICE, EDPA<br>(215) 928-0520<br>Email: timothy_kane@fd.org |

Dated: October 23, 2020                    Respectfully Submitted,

                                                                       */s/ Joshua C. Toll*
                                                                        Joshua C. Toll
                                                                        D.C. Bar No. 463073
                                                                        King & Spalding LLP
                                                                        1700 Pennsylvania Avenue, N.W.
                                                                        Washington, DC 20006

(202) 737-8616
jtoll@kslaw.com