UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of the<br>Federal Bureau of Prisons' Execution Protocol Cases<br><br>LEAD CASE: *Roane, et al. v. Barr*<br><br>THIS DOCUMENT RELATES TO:<br><br>*Roane, at al. v. Barr*, No. 05-2337,<br>*Robinson v. Barr*, No. 07-2145,<br>*Bourgeois v. Barr*, No. 12-0782, and<br>*Bernard v. Barr*, No. 20-0474 | Case No. 19-mc-0145 (TSC) |

**DEFENDANTS' OPPOSITION TO SOME PLAINTIFFS' MOTION TO ALTER OR AMEND THE JUDGMENT FOR DEFENDANTS ON COUNT V**

Plaintiffs Anthony Battle, Brandon Bernard, Alfred Bourgeois, Orlando Hall, Julius Robinson, and Bruce Webster,[1] move under Federal Rule of Civil Procedure 59(e) for the Court to alter or amend its judgment in favor of Defendants on Count V of the amended complaint, in which Plaintiffs alleged violations of the Federal Death Penalty Act ("FDPA"). ECF No. 298 ("Pls.' Br."). Motions of this kind are "disfavored" and "granted only when the moving party establishes extraordinary circumstances." *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001). The movants must show "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam) (internal quotation marks omitted). The moving Plaintiffs fail to make that showing here.

The Court initially granted judgment to Defendants on the FDPA issue, *see* Mem. Op. 31, ECF No. 261, acknowledging that there was no "clear and present need" for an injunction to

---

[1] Of these Plaintiffs, two are currently scheduled for execution. Plaintiff Orlando Hall is scheduled to be executed on November 19, 2020, ECF No. 284, and Plaintiff Brandon Bernard is scheduled to be executed on December 10, 2020, ECF No. 296.

prevent a "certain and great" injury due, in part, to Defendants' representations about the procedures that the Federal Bureau of Prisons ("BOP") would follow in connection with Plaintiffs' executions. *Id.* (quoting *Wis. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985)). The moving Plaintiffs present no change in law, no new facts, and no manifest injustice that warrants revisiting that judgment. In fact, the subsequent executions of William LeCroy and Christopher Vialva (sentenced to death by federal courts in Georgia and Texas, respectively) affirm—rather than undermine—the Court's conclusion that no injunction is needed. The motion to alter or amend judgment should therefore be denied.

## BACKGROUND

The moving Plaintiffs have been sentenced to death by federal courts in either Georgia (Plaintiff Battle) or Texas (Plaintiffs Bernard, Bourgeois, Hall, Robinson, and Webster).

The FDPA provides that, in carrying out a sentence of death, "the Attorney General shall release the person sentenced to death to the custody of a United States marshal, who shall supervise implementation of the sentence in the manner prescribed by the law of the State in which the sentence is imposed." 18 U.S.C. § 3596(a). Plaintiffs originally argued this provision requires federal compliance with two provisions of the state statues applicable to the moving Plaintiffs. First, Georgia law states that "[t]here shall be present at the execution of a convicted person . . . two physicians to determine when death supervenes." Ga. Code § 17-10-41. Second, Texas law provides that a sentence of death "shall be executed at any time after the hour of 6 p.m. on the day set for the execution." Tex. Code Crim. Proc. art. 43.14(a). Plaintiffs continue to characterize these provisions as "discrepancies" and "differences" between state laws and the federal protocol, *see* Pls.' Br. at 2, 3, but the federal protocol is simply silent (not contradictory) on these issues. Moreover, in an earlier appeal on this issue, Judge Rao noted—in a conclusion integral to the D.C.

Circuit's plurality opinion vacating this Court's preliminary injunction on the Plaintiffs' original FDPA claim—that "the federal protocol allows the federal government to depart from its procedures as necessary to conform to state statutes and regulations." *In re Fed. Bureau of Prisons' Execution Protocol Cases*, 955 F.3d 106, 112 (D.C. Cir. 2020).

In reaching its judgment, this Court concluded that the government had demonstrated an adequate willingness to conform to the relevant state statutes and procedures. In particular, the Court found that, because the government intended to comply with Georgia's two-physician provision, *see* ECF No. 247 at 2, Plaintiffs could not prevail on their FDPA claim based on Georgia law, Mem. Op. at 30. Nor could Plaintiffs demonstrate a certain and imminent injury sufficient to warrant injunctive relief with respect to the asserted violation of Texas law because "even if [a 6:00 p.m. execution] request has been made and the BOP denied it, it is unlikely this would constitute irreparable harm." Mem. Op. at 31, ECF No. 261 (quoting *Wis. Gas*, 758 F.2d at 674). It therefore granted Defendants' motion and awarded them judgment on Plaintiffs' FDPA claim.

## ARGUMENT

The moving Plaintiffs present no "extraordinary circumstances" that warrant revisiting the Court's judgment. *Niedermeier*, 153 F. Supp. 2d at 28. In fact, subsequent events have confirmed that the Court was correct to conclude that no injunction was needed, even if the FDPA does

incorporate the state law provisions at issue here.[2] On September 22, 2020, the government performed the execution of William LeCroy pursuant to the FDPA. As set forth in a sworn statement by a warden present in the execution chamber, two physicians were present, consistent with Ga. Code § 17-10-41, and both examined LeCroy and pronounced his death. *See* Williams Decl. ¶ 10, ECF No. 291-5 (stating that, after a physician pronounced LeCroy's death at 9:06 p.m., "[a] second physician examined LeCroy and confirmed the pronouncement of death"); *see also* Winter Decl. ¶ 7, ECF No. 242-1 (noting that, for LeCroy's execution, "the BOP has made arrangements for two physicians to be present to determine when death supervenes"). And on September 24, 2020, the government carried out the execution of Christopher Vialva at 6:46 p.m., pursuant to the FDPA and consistent with Article 43.14(a) of the Texas Code of Criminal Procedure providing that executions be performed after 6:00 p.m. on the day scheduled for the execution.[3] The moving Plaintiffs note that Plaintiff Hall has requested, through counsel, that his execution occur after 6:00 p.m. local time. Pls.' Br. at 7 & Ex. 1 at 1, ECF No. 298-1. Hall's execution was

---

[2] The government disagrees with the Court's conclusion that the two provisions of state law discussed herein are incorporated by the FDPA under Judge Rao's controlling opinion in *In re Fed. Bureau of Prisons' Execution Protocol Cases*, 955 F.3d 106 (D.C. Cir. 2020). *See, e.g.*, *United States v. Vialva*, — F.3d —, 2020 WL 5588811, at *3 (5th Cir. Sept. 18, 2020), *cert. denied*, No. (20A49), 2020 WL 5667626 (U.S. Sept. 24, 2020) (construing § 3596(a) as "limited to procedures effectuating death and exclud[ing] pre-execution process requirements such as date-setting and issuing," and rejecting the argument that the D.C. Circuit's opinion extends beyond death-effectuating procedures including, specifically, to procedures regarding scheduling). As this Court has already determined, however, even assuming that the FDPA incorporates these provisions, judgment in the government's favor and denial of an injunction requiring compliance with them is appropriate.

[3] *See* https://www.justice.gov/opa/pr/statement-department-justice-spokesperson-kerri-kupec-execution-christopher-andre-vialva (last visited Oct. 26, 2020).

subsequently scheduled for 6:00 p.m. local time in Terre Haute, Indiana. *See* Ex. 1, Email to Hall's Counsel. Thus, all "new evidence" affirms the soundness of the Court's decision. [4]

The moving Plaintiffs nevertheless urge the Court to alter or amend its judgment, primarily arguing that the Court was wrong to accept representations made by Defendants in a notice filed with the Court. Pls.' Br. at 3–4. Defendants submitted that notice in response to the Court's directive that they specifically "file a notice . . . indicating whether they are prepared to deviate from the procedures of the 2019 Execution Protocol to accommodate [certain state] statutes." Min. Order (Sept. 14, 2020). Plaintiffs argue that Defendants' response, because of its "nonbinding" nature, is insufficient to moot a case under the doctrine of voluntary cessation. Pls.' Br. at 4–5.

This misunderstands the basis of the Court's judgment. The Court did not conclude that claims regarding the Georgia and Texas provisions were "moot" due to the government's cessation of any pre-litigation conduct. With respect to Georgia law, the Court acknowledged the government's intent to comply with Georgia's two-physician provision, *see* ECF No. 247 at 2, and properly concluded that Plaintiffs could thus not prevail on their FDPA claim based on any even arguable violation of § 3596. *See* ECF No. 261 at 30. The controlling D.C. Circuit opinion contemplates that the government will engage in just this type of "departure" from (or refinement

---

[4] The moving Plaintiffs also briefly suggest in a closing footnote that, if Hall's execution does not take place before midnight on November 19, 2020, the government would have to reschedule it on a future date at least 91 days thereafter. Pls.' Br. at 8 n.3. The issue, however, is not properly before the Court. Besides being based on speculation as to the timing of Hall's execution, Plaintiffs failed to raise this argument—or even reference Tex. Code Crim. Proc. Ann. art. 43.141(c)—prior to the Court's entry of judgment, and their opportunity to do so has therefore passed. It is well-settled that, in a motion under Rule 59(e), "courts will not address new arguments or evidence that the moving party could have raised before the decision issued." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (citing 11 C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 2810.1 (3d ed. 2012)). In any event, Plaintiffs' belated and thinly-argued suggestion lacks merit; indeed, the Fifth Circuit has squarely held that the 91-day scheduling requirement of Texas law is not incorporated by the FDPA. *See Vialva*, — F.3d —, 2020 WL 5588811, at *2–3.

of) federal execution procedures "as needed to comply with state law," with no hint that every such departure or refinement would give rise to a valid FDPA claim or form the proper basis for injunctive relief. *See Execution Protocol Cases*, 955 F.3d at 143 (Rao, J., concurring). And the Court concluded that Plaintiffs could not obtain the injunctive relief they sought in connection with Texas law because they could not establish a certain and imminent injury. Mem. Op. at 30–31 (citing *Wis. Gas Co.*, 758 F.2d at 674).[5]

Plaintiffs' inability to make that showing has not changed. In fact, the government's conduct in connection with Vialva's execution confirms the Court's conclusion that Plaintiffs would suffer no "certain" harm. As noted, Vialva's execution occurred at 6:46 p.m., and Hall (who requested an execution after 6:00 p.m. local time) is scheduled to have his execution begin at 6:00 p.m. Terre Haute, Indiana time, all consistent with the state statutory provision that the moving Plaintiffs argue apply. *See* Tex. Code Crim. Proc. art. 43.14(a). In the absence of any new evidence

---

[5] The moving Plaintiffs correctly note that the Court elsewhere cited to *National Black Police Association v. District of Columbia*, 108 F.3d 346, 349 (D.C. Cir. 1997), which is a mootness case. Pls.' Br. at 4. But the Court cited that case in connection with its discussion of state statutory provisions governing the top-line method of execution, not the Georgia and Texas statutory provisions that are the basis for their motion. *See* Mem. Op. at 27. Indeed, insofar as the Texas and Georgia statutes are concerned, Plaintiffs do not identify any pre-litigation conduct that BOP abandoned only after being sued. They do not contend that BOP ever insisted that only one physician would be in attendance at the LeCroy execution or that Vialva's execution would take place before 6:00 p.m. And even were mootness and the voluntary cessation doctrine relevant, the moving Plaintiffs' analysis is flawed because it does not acknowledge that "[c]essation of the allegedly illegal conduct by *government* officials has been treated with more solicitude by the courts than similar action by private parties." *America Cargo Transp. v. United States*, 625 F.3d 1176, 1180 (9th Cir. 2010) (emphasis added) (quoting *Ragsdale v. Turnock*, 841 F.2d 1358, 1365 (7th Cir. 1988)); *see also Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1116 & n.15 (10th Cir. 2010) (citing cases); *Beta Upsilon Chi Upsilon Chapter at the Univ. of Florida v. Machen*, 586 F.3d 908, 916–17 (11th Cir. 2009) ("In cases where government policies have been challenged, the Supreme Court has held almost uniformly that voluntary cessation of the challenged behavior moots the claim."). The Plaintiffs have identified no reason to believe that the government will not act consistently with its notice to the Court, as it did in connection with the Vialva and LeCroy executions.

to the contrary, Plaintiffs still cannot show evidence of certain and imminent irreparable harm. Mem. Op. at 31. Their motion to alter or amend therefore falls far short of the high hurdle for such relief.[6] Similarly, with respect to Plaintiff Battle's claims regarding Georgia law, there is no reason to believe that the government would conduct his execution (if it is scheduled) in any materially different way than it conducted LeCroy's execution.

The moving Plaintiffs also refer to the execution of Lezmond Mitchell on August 26, 2020. Pls.' Br. at 6. But as the moving Plaintiffs acknowledge, BOP complied with all the assurances that it provided the courts in that case. *Id.* Plaintiffs complain only that the BOP did not provide counsel with a means of communication and place to work at the prison, which BOP never represented that it would do and which no Court found to be required under the FDPA. *Id.* Indeed, while the Ninth Circuit did not directly consider whether the FDPA incorporated any state requirement for counsel accommodations, it is highly unlikely that the court would have found that it did, given the court's holding that "procedures that do not effectuate death fall outside the scope of [the FDPA]." *United States v. Mitchell*, 971 F.3d 993, 996 (9th Cir. 2020). The access-to-counsel issues presented in *Mitchell*, moreover, have nothing to do with the issues presented here. Accordingly, the Mitchell execution hardly provides the "extraordinary circumstances" necessary to alter the Court's ruling.

---

[6] As with Vialva's execution, there is no reason—let alone any "certain" basis—to believe that the execution of any Plaintiff convicted by a federal court in Texas will be delayed past midnight, thereby creating a question about rescheduling. Mem. Op. at 31. An injunction on Plaintiffs' rescheduling claim is accordingly improper, as this Court correctly held in its prior decision. *See id.* To be clear, the government has not made any representations regarding the timing of any rescheduling that may become necessary, and its position remains that (1) the FDPA does not require compliance with Texas scheduling laws, *see Vialva*, — F.3d —, 2020 WL 5588811, at *2–3, and (2) even if the FDPA did require such compliance, any hypothetical injury arising from an execution out of compliance with Texas scheduling laws (*e.g.*, an execution of Hall on the morning of November 20 or Bernard on the morning of December 11 following late-night litigation delays) would not constitute irreparable harm warranting a stay or injunction, see Mem. Op. at 31, *see* Mem. Op. at 31; *Vialva*, — F.3d —, 2020 WL 5588811, at *3.

7

Respectfully submitted,

| | |
|---|---|
| JOHN V. COGHLAN* <br> Deputy Assistant Attorney General | MICHAEL R. SHERWIN <br> Acting United States Attorney |
| JEAN LIN <br> Special Litigation Counsel | DANIEL F. VAN HORN, D.C. Bar #924092 <br> Chief, Civil Division |
| JONATHAN KOSSAK, D.C. Bar #991478 <br> CRISTEN C. HANDLEY, MO Bar #69114 <br> BRADLEY P. HUMPHREYS, <br>   D.C. Bar #988057 <br> Trial Attorneys <br> Federal Programs Branch <br> Civil Division, Department of Justice <br> 1100 L Street, N.W. <br> Washington, District of Columbia 20005 <br> (202) 514-3716 <br> jean.lin@usdoj.gov <br> jonathan.kossak@usdoj.gov <br> christen.handley@usdoj.gov <br> bradley.humphreys@usdoj.gov | By:  /s/ Johnny Walker <br> JOHNNY H. WALKER, D.C. Bar #991325 <br> Assistant United States Attorney <br> 555 4th Street, N.W. <br> Washington, District of Columbia 20530 <br> Telephone: 202 252 2575 <br> Email: johnny.walker@usdoj.gov <br> *Counsel for Defendants* |

Dated: October 26, 2020

*The Acting Assistant Attorney General for the Civil Division is recused from this matter.

| | |
|---|---|
| **From:** | Katherine Siereveld |
| **To:** | robowenlaw@gmail.com |
| **Subject:** | Follow-up re: Scheduled Nov. 19 execution of Orlando Hall, Reg. No. 26176-077 |

Good morning,

I have been informed that Mr. Hall's execution is scheduled for 6 pm Terre Haute time.

Thank you,
Katherine


Katherine N. Siereveld
Senior Attorney
FCC Terre Haute
4200 Bureau Road North
Terre Haute, Indiana 47802
(812) 238-3476


>>> Rob Owen <robowenlaw@gmail.com> 10/23/2020 4:00 PM >>>
Dear Ms. Siereveld,

As you will recall, on October 6 we sent a letter to Warden Watson (via you) advising that under 18 U.S.C. § 3596(a), which incorporates relevant Texas law, and under the terms of the judgment in Mr. Hall's case from the United States District Court for the Northern District of Texas, Mr. Hall may not be executed before 6:00 p.m. local time on the date the Bureau has set for his execution (November 19).

I have had no response from Warden Watson regarding this matter. We would appreciate a response from Warden Watson no later than the end of the business day on Monday, October 26, 2020, confirming that Mr. Hall will not be executed before 6:00 p.m. on November 19. If we receive no response, we will assume that Warden Watson is refusing to schedule the execution for 6:00 p.m. local time or later on November 19, and may proceed to seek judicial relief.

Thanks for your attention to this matter.

Best regards,

Rob Owen

Attorney for Orlando Hall

--

Robert C. Owen
Law Office of Robert C. Owen, LLC
53 West Jackson Blvd., Suite 1056
Chicago, IL 60604
(512) 577-8329 voice

Admitted to practice in Illinois and Texas

**Exhibit 1**

# CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2020, I caused a true and correct copy of foregoing to be served on all following counsel of record via the Court's CM/ECF system.

Joshua C. Toll (D.C. Bar No. 463073)
King & Spalding LLP
1700 Pennsylvania Avenue, N.W.
Washington, DC 20006
(202) 737-8616
jtoll@kslaw.com

Margaret O'Donnell
P.O. Box 4815
Frankfort, KY 40604
(502) 320-1837
mod@dcr.net

*Counsel for Plaintiff Anthony Battle*


Ginger D. Anders (D.C. Bar No. 494471)
Jonathan S. Meltzer (D.C. Bar No. 888166546)
Brendan Gants (D.C. Bar No. 1031419)
Munger, Tolles & Olson LLP
1155 F Street N.W., Seventh Floor
Washington, D.C. 20004-1357
(202) 220-1100
ginger.anders@mto.com

*Counsel for Plaintiff Brandon Bernard*


Alex Kursman, Assistant Federal Defender
Shawn Nolan, Chief, Capital Habeas Unit
Federal Community Defender Office, E.D. Pa.
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
alex_kursman@fd.org

*Counsel for Plaintiff Alfred Bourgeois*

Joseph Luby, Assistant Federal Defender
Federal Community Defender Office, E.D. Pa.
 601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Telephone - 215-928-0520
Email – joseph_luby@fd.org

*Counsel for Plaintiff Chadrick Fulks*


Amy Lentz (DC Bar No. 990095)
Steptoe & Johnson, LLP
1300 Connecticut Avenue NW
Washington, DC 20036
202.429.1320
alentz@stepoe.com

*Counsel for Plaintiff Orlando Hall*


Shawn Nolan, Chief, Capital Habeas Unit
Federal Community Defender Office, E.D. Pa.
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
shawn_nolan@fd.org

*Counsel for Plaintiff Dustin Higgs*

Scott W. Braden (Ark. Bar Number 2007123)
Assistant Federal Defender
Arkansas Federal Defender Office
Ark Bar Number 2007123
1401 West Capitol, Suite 490
Little Rock, Arkansas 72201
(501) 324-6114
Scott_Braden@fd.org

Jennifer Ying (DE #5550)
Andrew Moshos (DE #6685)
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market St.
P.O. Box 1347
Wilmington, Delaware 19801
(302) 658-9300
jying@mnat.com
amoshos@mnat.com

*Counsel for Plaintiff Norris G. Holder, Jr.*

2

Jon Jeffress
KaiserDillon PLLC
1099 14th Street NW
8th Floor West
Washington, DC 20005
(202) 640-2850
jjeffress@kaiserdillon.com

Timothy Kane, Assistant Federal Defender
Shawn Nolan, Chief, Capital Habeas Unit
Federal Community Defender Office, E.D. Pa.
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
215-928-0520
timothy_kane@fd.org
shawn_nolan@fd.org

*Counsel for Plaintiff Dustin Lee Honken*


Donald P. Salzman (D.C. Bar No. 479775)
Charles F. Walker (D.C. Bar No. 427025)
Steven M. Albertson (D.C. Bar No. 496249)
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
(202) 371-7983
donald.salzman@skadden.com

*Counsel for Plaintiff Corey Johnson*


Gregory S. Smith
913 East Capital Street, SE
Washington, D.C. 20003
(202) 460-3381
(877) 809-9113 (fax)
gregsmithlaw@verizon.net

*Counsel for Plaintiff William Emmet LeCroy*

David S. Victorson
Hogan Lovells US LLP
Columbia Square
555 13th Street NW
Washington, DC  20004
(202) 637-5600
(202) 637-5910 (fax)
david.victorson@hoganlovells.com

Pieter Van Tol (admitted *pro hac vice*)
Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
(212) 918-3000
(212) 918-3100 (fax)
pieter.vantol@hoganlovells.com

*Counsel for Plaintiff Daniel Lewis Lee*


Dale A. Baich (pro hac vice)
Jennifer M. Moreno
Federal Public Defender
District of Arizona
850 West Adams Street, Suite 201
Phoenix, Arizona 85007
602-382-2816
602-889-3960 (fax)
dale_baich@fd.org
jennifer_moreno@fd.org

*Counsel for Plaintiff Keith Nelson*

Shawn Nolan, Chief, Capital Habeas Unit
Federal Community Defender Office, E.D. Pa.
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
timothy_kane@fd.org
shawn_nolan@fd.org

Gary E. Proctor
Law Offices of Gary E. Proctor, LLC
8 East Mulberry Street
Baltimore, MD 21202
(410) 444-1500
(443) 836-9162 (fax)
garyeproctor@gmail.com

*Counsel for Plaintiff Jeffrey Paul*


Alan E. Schoenfeld (admitted *pro hac vice*)
Ryan M. Chabot (admitted *pro hac vice*)
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
(212) 230-8880
Alan.Schoenfeld@WilmerHale.com
Ryan.Chabot@WilmerHale.com

Andres C. Salinas (DC Bar No. 156118)
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6289
Andres.Salinas@WilmerHale.com

*Counsel for Wesley I. Purkey*


Paul F. Enzinna (D.C. Bar No. 421819)
Ellerman Enzinna PLLC
1050 30th Street, NW
Washington, DC 20007
(202)753-5553
penzinna@ellermanenzinna.com

*Counsel for Plaintiff James H. Roane, Jr.*

5

Amy Karlin, Interim Federal Public Defender
Celeste Bacchi
Jonathan C. Aminoff
Deputy Federal Public Defenders
321 E. Second Street
Los Angeles, CA 90012
(213) 894-2854
celeste_bacchi@fd.org

*Counsel for Plaintiff Julius O. Robinson*

Gerald W. King, Jr. (Ga. Bar No. 140981)
Jeffrey Lyn Ertel (Ga. Bar No. 249966)
Federal Defender Program, INC.
101 Marietta Street, Suite 1500
Atlanta, Georgia 30303
(404) 688-7530
(404) 688-0768 (fax)
Gerald_King@fd.org
Jeff_Ertel@fd.org

Brandon D. Almond
Troutman Sanders LLP
401 9th Street, NW
Suite 1000
Washington, D.C. 20004
(202) 274-2864
(202) 274-2994
brandon.almond@troutmansanders.com

*Counsel for Richard Tipton, III*

Evan Miller (DC Bar No. 219310)
Vinson & Elkins LLP
2200 Pennsylvania Avenue, NW
Suite 500 West
Washington, D.C. 20037
(202) 639-6605
(202) 478-1815 (fax)
emiller@velaw.com

*Counsel for Bruce Webster*

                                              */s/Johnny Walker*
                                              Assistant United States Attorney

                                              *Counsel for Defendants*