**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ )<br>In the Matter of the )<br>Federal Bureau of Prisons' )<br>Execution Protocol Cases )<br> )<br>LEAD CASE: *Roane et al. v.* )<br>*Barr* )<br> )<br> )<br>THIS DOCUMENT )<br>RELATES TO: )<br> )<br>Roane, et al. v. Barr, 05-2337; )<br>Robinson v. Bar, 07-2145; )<br>Bourgeois v. Barr, 12-0782; )<br>Bernard v. Barr, 20-474 ) | Case No. 19-mc-0145 (TSC) |

**REPLY OF PLAINTIFFS BATTLE, BERNARD, BOURGEOIS, HALL,**
**ROBINSON, AND WEBSTER IN SUPPORT OF**
**MOTION TO ALTER OR AMEND JUDGMENT CONCERNING THE**
**COURT'S GRANTING OF SUMMARY JUDGMENT TO DEFENDANTS ON COUNT V**

Defendants' Opposition to Plaintiffs' Battle, Bernard, Bourgeois, Hall, Robinson and

Webster's Motion to Alter or Amend the Judgment as to Count V, far from establishing that the

Plaintiffs are not entitled to relief, instead underscores the merits of Plaintiffs' arguments.

Contrary to Defendants' assertions, Plaintiffs have established irreparable injury, and relief under

Rule 59(e) is justified due to an error of law in the Court's judgment and due to additional factual

development, as further discussed below.

With regard to the controlling Georgia and Texas statutes at issue, Defendants attempt to

misdirect the Court by arguing semantics about whether these statutes contradict the federal

protocol, or whether the federal protocol is simply silent on the issues governed by them.  *See*

1

Doc. 301 at 2.  But this is beside the point.  Under the D.C Circuit's plurality opinion, state execution procedures that are contained in a *statute* are mandatory and must be followed.  *In re Fed. Bureau of Prisons' Execution Protocol Cases,* 955 F.3d 106, 112 (D.C. Cir. 2020).  In any event, Defendants' position is wrong.  The federal protocol does not require the presence of two doctors at the execution, and the Georgia statute does.  *See* Ga. Code § 17-10-41.  Putting aside the execution of William LeCroy, which is discussed below, Defendants do not claim to have had two doctors present at any other execution.  By the same token, although Defendants executed Mr. Vialva at 6:46 p.m. on September 24, 2020, the date of his execution, which was consistent with Texas law, *see* Tex. Code of Crim. Proc. Art. 43.14(a), it is not disputed that in two other executions, the Defendants conducted the execution *the day after* the scheduled date, which would be in contravention of Texas law.  Therefore, these differences are important and notably missing from Defendants' Opposition is any *promise* to comply with these statutes.  Further, as discussed below, Defendants are simply wrong that Plaintiffs have failed to show that a violation of the Texas statute would constitute irreparable harm.

## ARGUMENT

Contrary to the Defendants' contention, Plaintiffs are not arguing about mootness under the doctrine of voluntary cessation.  *See* Doc. 301 at 5.  Instead, what is at issue here is future conduct, and whether a mere announced intention to comply with relevant state statutes, as opposed to a sworn promise or a Court order to do so, is sufficient.  It plainly is not.  Therefore, the cases cited by Defendants regarding the government voluntarily ceasing illegal conduct, *see* Doc. 301 at 6 n.5, are distinguishable.  Plaintiffs did draw an analogy to voluntary cessation, citing the case of *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 208 (2000), which the Defendants have failed to address.

Further, subsequent events since the Court entered judgment for Defendants on Count V, *see* Doc. 262, only underline the need for relief.  First, with regard to the execution of William LeCroy, the Defendants claim, relying on a sworn declaration that has not been subject to cross-examination, that there were in fact two doctors present, consistent with Ga. Code § 17-10-41, and that both doctors examined Mr. LeCroy to confirm death.  *See* Doc. 301 at 4.  However, the declaration of FCI Greenville Warden Erik Williams, who was present at Mr. LeCroy's execution, does not establish that the Defendants complied with the Georgia statute.  Georgia Code § 17-10-41 provides:  "There shall be *present* at the execution of a convicted person … two physicians to determine when death supervenes…" (emphasis added).  The declaration of Warden Williams states:  "After several minutes, a physician entered the room and checked LeCroy's heartbeat with a stethoscope.  Thereafter, time of death was pronounced at approximately 9:06 p.m.  A second physician examined LeCroy and confirmed the pronouncement of death."  Doc. 291-5 at ¶10.  In no way does this declaration prove that the second doctor was *present* at Mr. LeCroy's execution; instead, it establishes that the second doctor examined Mr. LeCroy at some subsequent point after death was pronounced.  The declaration is simply silent as to where and when this second examination took place.  And, indeed, this is consistent with the eyewitness accounts that Plaintiffs referenced in their Motion, *see* Doc. 298 at 5.  These witnesses saw one doctor, not two, enter the examination chamber and examine the person being executed.  *Id.*  Therefore, contrary to the Defendants' assertions, Plaintiffs have in fact "identified [a] reason to believe that the government will not act consistently with its notice to the Court[.]"  Doc. 301 at 6 n.5.  Because the Defendants have not submitted a sworn promise to comply with the relevant state statutes, their past conduct casts

grave doubt on whether they intend to do so absent judgment against them and an order from the Court compelling their compliance, which is precisely what Plaintiffs are requesting.

Similarly, with regard to Tex. Code of Crim. Proc. Art. 43.14(a), nothing in the Defendants' Opposition constitutes a promise to comply with this statute. In fact, the response from the government to Plaintiff Hall's request to be executed after 6 p.m. simply states: "I have been informed that Mr. Hall's execution is scheduled for 6 pm Terre Haute time." Doc. 301-1 at 1. This is obviously far from a promise, and there is simply nothing stopping the government, absent an order from the Court, from deviating from the schedule. Instead of offering an actual commitment, the Defendants attempt to flip the burden back on the Plaintiffs, arguing that the Plaintiffs have failed to identify a reason why the government will not consistently with its notice to the Court, as it did in the execution of Mr. Vialva. But that is simply contradicted by the facts. As Plaintiffs pointed out in their Motion, the executions of Daniel Lee and Wesley Purkey occurred the day after their scheduled execution date. Defendants fail to address this important point. Instead, in an effort to blink reality, Defendants claim: "As with Vialva's execution, there is no reason – let alone any 'certain' basis – to believe that the execution of any Plaintiff convicted by a federal court in Texas will be delayed past midnight, thereby creating a question about rescheduling." Doc. 301 at 7 n.6.

In fact, were a delay in the execution of Plaintiffs Hall or Bernard to stretch past midnight, Defendants all but concede that they would not comply with the Texas statute by writing that: "To be clear, the government has not made any representations regarding the timing of any rescheduling that may become necessary…" *Id.*[1] Thus, the Court need have no

---

[1] For the reasons already stated in Plaintiffs' Motion, the Court should continue to reject any suggestion that compliance with Texas execution scheduling laws is not required by the FDPA.

doubt that if the execution of Plaintiffs Hall or Bernard were delayed past midnight, the

government would proceed with the execution in the early morning hours of the following day

absent a court order preventing them from doing so, even though the Texas statute would require

them to reschedule.  Indeed, the Defendants argue that "any hypothetical injury arising from an

execution out of compliance with Texas scheduling laws (*e.g.* an execution of Hall on the

morning of November 20, or Bernard on the morning of December 11 following late-night

litigation delays) would not constitute irreparable harm warranting a stay or injunction." *Id.*  But

this has it precisely backwards.  Defendants do not contest that Texas law requires that a new

execution date be set 91 days out; therefore, compliance with the Texas statute would provide the

Plaintiffs with 91 more days of life, and to have that taken away would certainly be an

irreparable injury.[2]

For the foregoing reasons, Plaintiffs' Motion to Alter or Amend the Judgment as to Count

V should be granted.

Dated: October 27, 2020                          Respectfully Submitted,

                                                 */s/ Joshua C. Toll*
                                                 Joshua C. Toll
                                                 D.C. Bar No. 463073
                                                 King & Spalding LLP
                                                 1700 Pennsylvania Avenue, N.W.
                                                 Washington, DC 20006
                                                 (202) 737-8616
                                                 jtoll@kslaw.com

                                                 Margaret O'Donnell
                                                 P.O. Box 4815

---

[2] Defendants are wrong to suggest that the issue of rescheduling a Texas execution at least 91 days out is not properly before the Court.  *See* Doc. 301 at 5 n.4.  Contrary to the Defendants' assertion, this is not a new argument. Plaintiffs have been consistently arguing that the Defendants have to comply with state statutes setting forth execution procedures and there is no requirement that they set forth every single statute that could conceivably apply.  Moreover, despite what the Fifth Circuit may have held, this Court is bound by the D.C. Circuit's opinion and has already found that Texas procedural requirements contained in statutes apply.

Frankfort, KY 40604
(502) 320-1837
mod@dcr.net

*Counsel for Plaintiff Anthony Battle*


Ginger D. Anders (Bar No. 494471)
Jonathan S. Meltzer (Bar No. 888166546)
Brendan Gants (Bar No. 1031419)
MUNGER, TOLLES & OLSON LLP
1155 F Street N.W., Seventh Floor
Washington, D.C. 20004-1357
(202) 220-1100

*Counsel for Plaintiff Brandon Bernard*


Alex Kursman, Assistant Federal Defender
Shawn Nolan, Chief, Capital Habeas Unit
Federal Community Defender Office, E.D. Pa.
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Telephone – 215-928-0520
Email – alex_kursman@fd.org

*Counsel for Plaintiff Alfred Bourgeois*


Amy Lentz (DC Bar No. 990095)
Steptoe & Johnson, LLP
1300 Connecticut Avenue NW
Washington, DC 20036
202.429.1350
Email - alentz@steptoe.com

*Counsel for Plaintiff Orlando Hall*


Amy Karlin
Interim Federal Public Defender
Celeste Bacchi
Jonathan C. Aminoff
Deputy Federal Public Defenders
321 E. Second Street
Los Angeles, CA 90012
(213) 894-2854

6

*Counsel for Plaintiff Julius O. Robinson*

Evan Miller (DC Bar # 219310)
Vinson & Elkins LLP
2200 Pennsylvania Avenue, NW
Suite 500 West
Washington, D.C. 20037
(202) 639-6605
(202) 478-1815 (fax)
emiller@velaw.com

*Counsel for Plaintiff Bruce Webster*

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2020, I caused a true and correct copy of foregoing to be served on all counsel of record via the Court's CM/ECF system. Pursuant to this Court's August 20, 2019 Order, below is a list of all counsel of record. The names marked with an asterisk (*) have no email provided on the docket and are no longer with the identified firms.

Alan Burch
U.S. Attorney's Office for the District of Columbia
(202) 252-2550
Email: alan.burch@usdoj.gov

Peter S. Smith
United States Attorney's Office
Appellate Division
(202) 252-6769
Email: peter.smith@usdoj.gov

Robert J. Erickson
US Department of Justice
(202) 514-2841
Email: Robert.erickson@usdoj.gov

Joshua Christopher Toll
KING & SPALDING LLP
(202) 737-8616
Email: jtoll@kslaw.com

Charles Anthony Zdebski
ECKERT SEAMANS CHERIN & MELLOTT, LLC
(202) 659-6605
Email: czdebski@eckertseamans.com

Gerald Wesley King, Jr.
FEDERAL DEFENDER PROGRAM, INC.
(404) 688-7530
Email: gerald_king@fd.org

Charles Fredrick Walker
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

Paul R. Perkins
Civil Division, Department of Justice
(202) 514-5090
Email: Paul.R.Perkins@usdoj.gov

Jonathan Kossak
Civil Division, Department of Justice
(202) 305-0612
Email: Jonathan.kossak@usdoj.gov

Denise M. Clark
U.S. Attorney's Office for the District of Columbia
(202) 252-6605
Email: Denise.Clark@usdoj.gov

Jean Lin
Civil Division, Department of Justice
(202) 514-3716
Jean.lin@usdoj.gov

Cristen Cori Handley
Civil Division, Department of Justice
(202) 305-2677
Cristen.Handley@usdoj.gov

Paul F. Enzinna
ELLERMAN ENZINNA PLLC
(202) 753-5553
Email: penzinna@ellermanenzinna.com

Brandon David Almond
TROUTMAN SANDERS LLP
(202) 274-2864
Email: brandon.almond@troutmansanders.com

(202) 371-7000
Email: Charles.Walker@skadden.com

Alexander C. Drylewski
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
(212) 735-2129
Email: Alexander.Drylewski@skadden.com
(*pro hac vice application forthcoming)

Celeste Bacchi
OFFICE OF THE PUBLIC DEFENDER
Capital Habeas Unit
(213) 894-1887
Email: celeste_bacchi@fd.org

Jonathan Charles Aminoff
FEDERAL PUBLIC DEFENDER,
CENTRAL DISTRICT OF CALIFORNIA
(213) 894-5374
Email: jonathan_aminoff@fd.org

Billy H. Nolas
FEDERAL COMMUNITY DEFENDER
OFFICE FOR THE EDPA
(215) 928-0520
Email: Billy_Nolas@fd.org

*Jeanne Vosberg Sourgens
VINSON & ELKINS LLP
(202) 639-6633

William E. Lawler, III
VINSON & ELKINS LLP
(202) 639-6676
Email: wlawler@velaw.com

Evan D. Miller
VINSON & ELKINS LLP
(202) 639-6605
Email: EMiller@velaw.com

Margaret O'Donnell
(502) 320-1837
Email: mod@dcr.net

Donald P. Salzman
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
(202) 371-7983
Email: Donald.salzman@skadden.com

Steven M. Albertson
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
(202) 371-7112
Email: Steven.Albertson@skadden.com

Craig Anthony Harbaugh
FEDERAL PUBLIC DEFENDER, CENTRAL
DISTRICT OF CALIFORNIA
(213) 894-7865
Email: craig_harbaugh@fd.org

Alexander Louis Kursman
OFFICE OF THE FEDERAL COMMUNITY
DEFENDER/EDPA
(215) 928-0520
Email: Alex_Kursman@fd.org

Kathryn B. Codd
VINSON & ELKINS LLP
(202) 639-6536
Email: kcodd@velaw.com

Robert E. Waters
KING & SPALDING LLP (202) 737-0500
Email: rwaters@velaw.com

Yousri H. Omar
VINSON & ELKINS LLP
(202) 639-6500
Email: yomar@velaw.com

*William E. Hoffman, Jr.
KING & SPALDING LLP
(404) 572-3383

Mark Joseph Hulkower
STEPTOE & JOHNSON LLP
(202) 429-6221
Email: mhulkower@steptoe.com

Abigail Bortnick
KING & SPALDING LLP
(202) 626-5502
Email: abortnick@kslaw.com

Matthew John Herrington
STEPTOE & JOHNSON LLP
(202) 429-8164
Email: mherrington@steptoe.com

Amy J. Lentz
STEPTOE & JOHNSON LLP
(202) 429-1320
Email: Alentz@steptoe.com

Gary E. Proctor
LAW OFFICES OF GARY E. PROCTOR,
LLC
(410) 444-1500
Email: garyeproctor@gmail.com

Scott Wilson Braden
FEDERAL PUBLIC DEFENDER,
EASTERN DISTRICT OF ARKANSAS
(501) 324-6144
Email: Scott_Braden@fd.org

Amy Gershenfeld Donnella
FEDERAL COMMUNITY DEFENDER
OFFICE FOR THE EDPA
(215) 928-0520
Email: amy_donnella@fd.org

David Victorson
(202) 637-5600
HOGAN LOVELLS US LLP
Email: David.Victorson@hoganlovells.com

John D. Beck
HOGAN LOVELLS US LLP
(212) 918-3000
Email: john.beck@hoganlovells.com

Amelia J. Schmidt
KAISER DILLON, PLLC
(202) 869-1301

Robert A. Ayers
STEPTOE & JOHNSON LLP
(202) 429-6401
Email: rayers@steptoe.com

Robert L. McGlasson
MCGLASSON & ASSOCIATES, PC
(404) 314-7664
Email: rlmcglasson@comcast.net

Sean D. O'Brien
PUBLIC INTEREST LITIGATION CLINIC
(816) 363-2795
Email: dplc@dplclinic.com

Shawn Nolan
FEDERAL COMMUNITY DEFENDER
OFFICE, EDPA
(215) 928-0520
Email: shawn_nolan@fd.org

Joseph William Luby
FEDERAL PUBLIC DEFENDER/EDPA
(215) 928-0520
Email: joseph_luby@fd.org

Pieter Van Tol
HOGAN LOVELLS US LLP
(212) 918-3000
Email: Pieter.Vantol@hoganlovells.com

Jonathan Jeffress
KAISER DILLON, PLLC
(202) 640-4430
Email: Jjeffress@kaiserdillon.com

Andrew Moshos
MORRIS NICHOLS ARSHT & TUNNELL
LLP
(302) 351-9197
Email: Amoshos@mnat.com

Email: Aschmidt@kaiserdillon.com

Norman Anderson
KAISER DILLON PLLC
(202) 640-2850
nanderson@kaiserdillon.com

Jennifer Ying
MORRIS NICHOLS ARSHT & TUNNELL
LLP
(302) 658-9300
Email: Jying@mnat.com

Andres C. Salinas
WILMER CUTLER PICKERING HALE &
DORR LLP
(202) 663-6289
Email: Andres.Salinas@wilmerhale.com

*Ryan M. Chabot
WILMER CUTLER PICKERING HALE &
DORR LLP
(212) 295-6513

Dale Andrew Baich
OFFICE OF THE FEDERAL PUBLIC
DEFENDER
(602) 382-2816
Dale_Baich@fd.org

Alan E. Schoenfeld
WILMER CUTLER PICKERING HALE &
DORR LLP
(212) 937-7294
Email: Alan.Schoenfeld@wilmerhale.com

Kathryn Louise Clune
CROWELL & MORING LLP
(202) 624-5116
kclune@crowell.com

Jennifer M. Moreno
OFFICE OF THE PUBLIC FEDERAL
DEFENDER, DISTRICT OF ARIZONA
(602) 382-2718
Jennifer_moreno@fd.org

Ginger Dawn Anders
MUNGER, TOLLES & OLSON LLP
(202) 220-1107
Ginger.anders@mto.com

*Jonathan S. Meltzer
MUNGER, TOLLES & OLSON LLP
(202) 220-1100

*Brendan Gants
MUNGER, TOLLES & OLSON LLP
(202) 220-1100

Timothy Kane
FEDERAL COMMUNITY DEFENDER
OFFICE, EDPA
(215) 928-0520
Email: timothy_kane@fd.org

Dated: October 27, 2020

Respectfully Submitted,

/s/ Joshua C. Toll
Joshua C. Toll
D.C. Bar No. 463073
King & Spalding LLP
1700 Pennsylvania Avenue, N.W.
Washington, DC 20006
(202) 737-8616
jtoll@kslaw.com