UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of the<br>Federal Bureau of Prisons' Execution Protocol Cases<br><br>LEAD CASE: *Roane, et al. v. Barr*<br><br>THIS DOCUMENT RELATES TO:<br><br>*Roane, et al. v. Barr*, No. 05-2337 | Case No. 19-mc-0145 (TSC) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF
ORLANDO HALL'S MOTION FOR A STAY OF EXECUTION**

Plaintiff Orlando Hall seeks reconsideration of this Court's denial of injunctive relief as to his Federal Food, Drug, and Cosmetic Act ("FDCA") claim—a denial the D.C. Circuit affirmed just yesterday—and moves for a stay of execution pending that reconsideration. Despite this Court's order that any such motion for expedited relief be filed by 4 p.m. on November 18, 2020, Hall waited until past 10 p.m. to file the motion, noting that that the D.C. Circuit did not issue the mandate until nearly 4 p.m. But Hall did not need the mandate to be issued to prepare or file his motion. Nor did he seek an extension of time from this Court. Hall's disregard of the Court's deadline prejudices both this Court and Defendants and highlights again the impropriety of such last minute motions.

In any event, his motion for a stay of execution has no merit, for several reasons. First, his request that the Court "stay his execution so that it can reconsider its irreparable harm findings" related to his FDCA claim is foreclosed by *Dunn v. McNabb*, 138 S. Ct. 369 (2017), which held that it is improper to stay an execution for the purpose of further fact-finding and without the requisite showing of a "significant possibility of success on the merits." *Id*. Second, Hall's request that this Court enter an injunction pending reconsideration of its irreparable harm findings is barred by the mandate rule because the D.C. Circuit considered the same irreparable harm arguments Hall now makes and affirmed this Court's denial of injunctive relief on Hall's FDCA claim. Indeed, Hall does not even attempt to satisfy the standard for reconsideration, let alone explain why he is

entitled to keep relitigating an issue that was determined by this Court and upheld by the D.C. Circuit. Finally, the equities strongly counsel against issuance of an injunction for the reasons stated in Defendants' Opposition to Plaintiff's Motion to Stay Pending Appeal, which Defendants incorporate herein. *See* ECF No. 311 at 13-14. Accordingly, the Court should deny Hall's motion to stay execution.[1]

## ARGUMENT

This Court is familiar with the standard for reviewing a motion for a stay of execution. A stay of execution is an equitable remedy that "'must take into consideration the [government's] strong interest in proceeding with its judgment.'" *Nelson v. Campbell*, 541 U.S. 637, 649 (2004) (quoting *Gomez v. U.S. Dist. Ct. for N. Dist. of Cal.*, 503 U.S. 653, 654 (1992) (per curiam)). "[L]ike other stay applicants, inmates seeking time to challenge the manner in which the [the government] plans to execute them must satisfy all of the requirements for a stay, including a showing of a significant possibility of success on the merits." *Hill v. McDonough*, 547 U.S. 573, 584 (2006). In addition "the traditional stay inquiry calls for assessing the harm to the opposing party and weighing the public interest," two factors that "merge" where, as here, the government is the opposing party. *Nken v. Holder*, 556 U.S. 418, 435 (2009).

Hall cannot satisfy the above stringent standard for three primary reasons:

*First*, without a showing that the injunctive relief factors have been met, the Court may not enter an injunction in order to reconsider its irreparable harm findings. The Supreme Court addressed this situation in *Dunn v. McNabb*, 138 S. Ct. 369 (2017). In that case, a condemned state inmate with a scheduled execution sought a stay of his execution. The district court refused to enter a "traditional stay of execution" because it determined that the evidence was "roughly in

---

[1] Hall is correct that the D.C. Circuit stated that "the district court should have ordered the protocol set aside only to the extent that it permits the dispensing and administration of pentobarbital without a prescription." *In the Matter of the Fed. Bureau of Prisons' Execution Protocol Case*, No. 20-539 at 22 (D.C. Cir. Nov. 18, 2020) (D.C. Cir. Op."). But, as Hall recognizes, Mot. at 6, the government made clear in the D.C. Circuit that, absent an injunction, it would be free to proceed with the scheduled executions even if the protocol were set aside to that extent, and the D.C. Circuit still did not issue injunctive relief.

2

equipoise at this stage, which is to say, disputed." *Grayson v. Dunn*, No. 2:12-CV-0316-WKW, 2017 WL 4638594, at *4 (M.D. Ala. Oct. 16, 2017), *vacated sub nom. McNabb*, 138 S. Ct. at 369. The court nevertheless stayed the execution under the All Writs Act because there was "insufficient time prior to [the execution date] to address deliberatively the full panoply of weighty, life-involved issues presented." *Id*. The Supreme Court vacated the injunction because it was not supported by a finding that that the inmate had a "significant possibility of success on the merits." *McNabb*, 138 S. Ct. at 369. *McNabb* therefore forecloses Hall's request that his execution be stayed so that the Court could reconsider its irreparable harm findings.

*Second*, Hall's request for injunctive relief is foreclosed by the D.C. Circuit's opinion holding that this Court "was correct to deny the entry of a permanent injunction [on Hall's FDCA claim]." D.C. Cir. Op. at 24. The D.C. Circuit explained that this Court "specifically found . . . that 'the evidence in the record does not support Plaintiffs' contention that they are likely to suffer flash pulmonary edema while still conscious.'" *Id*. (quoting ECF No. 261 at 39). The D.C. Circuit also noted that "Plaintiffs have not identified before the district court or this court any other type of irreparable harm that would likely be suffered due to the unprescribed use of pentobarbital." *Id*. at 25. Nothing has changed. Accordingly, under the mandate rule, this Court is bound by the D.C. Circuit's holding and should deny Hall's motion on this basis alone. *See Indep. Petroleum Ass'n of Am. v. Babbitt*, 235 F.3d 588, 596-97 (D.C. Cir. 2001) ("Under the mandate rule," a "more powerful version of the law-of-the-case doctrine," "'an inferior court has no power or authority to deviate from the mandate issued by an appellate court.'") (quoting *Briggs v. Pa. R.R. Co.*, 334 U.S. 304, 306 (1948)).

Hall contends that the Court should reconsider its irreparable harm determination because that determination was purportedly based on a misreading of *Lee v. Barr*, No. 20A8 at 3, 591 U.S. __ (2020). Hall relies on Judge Pillard's dissent on this point. *See* Mot. at 10 (quoting D.C. Cir. Op. at 28 (Pillar, J., concurring in part and dissenting in part)). But the fact that Judge Pillard *dissented* on this ground underscores that the majority had already considered the precise argument Hall now raises and affirmed this Court's refusal to grant Hall an injunction on his FDCA claim.

3

Hall does not provide any explanation how this argument would allow him to evade the D.C. Circuit's mandate, or even to meet the standards for reconsideration, *see* Fed. R. Civ. P. 60(b), which Hall does not address in his motion. Rather, Hall appears to proceed on the extraordinary assumption that he can simply relitigate his claim whenever he wishes to make new arguments or continue pressing his old ones. And in any event, his objections are meritless, as demonstrated by the D.C. Circuit's disposition of them after the parties briefed the issue at length both in this Court and in the Court of Appeals. As Defendants fully demonstrated, this Court's irreparable harm findings were correct and in no way tainted by its discussion of *Lee*. Rather, the Court held an evidentiary hearing "to make credibility assessments," ECF No. 261 at 37, heard testimony from the parties' experts, and carefully reviewed the evidence, before concluding that Plaintiffs' attempt to discredit the government's experts at that hearing proved largely "unsuccessful[]." ECF No. 261 at 38.

*Third*, the equities weigh against issuing injunction at this late stage. The Supreme Court has repeatedly warned against last-minute injunctions in the death penalty context, including in this case, *see Lee v. Barr*, No. 20A8 at 3, 591 U.S. __ (2020) ("Last-minute stays' like that issued this morning 'should be the extreme exception, not the norm.") (citation omitted). This case is not an extreme exception. Far from it. There is nothing in the current record or procedural posture of this case that distinguishes it from any of the prior executions. In July, the Supreme Court vacated this Court's FDCA-based preliminary injunction without a noted dissent, allowing the executions of Wesley Purkey and Dustin Honken to proceed. *Barr v. Purkey*, No. 20A10, 2020 WL 4006821 (U.S. July 16, 2020). In August, the D.C. Circuit vacated this Court's FDCA-based permanent injunction, allowing the execution of Keith Nelson to proceed. *In the Matter of the Fed. Bureau of Prisons' Execution Protocol Case*, No. 20-5260 (D.C. Cir. Aug. 27, 2020) (per curiam). And in September, BOP carried out the executions of William LeCroy and Christopher Vialva after this Court held an evidentiary hearing on the irreparable harm issue and determined that plaintiffs had not carried their burden to warrant an injunction. A last-minute stay is similarly unwarranted now.

Further, as Defendants explained when opposing Hall's prior motion for a stay pending appeal, the other equity factors also weigh against a stay. *See* ECF No. 311. Defendants incorporate by reference those arguments here. In particular, Hall has already been afforded ample opportunity to present his claims in this Court and in the Court of Appeals. Having failed to obtain relief through such proceedings, he should not be afforded a stay of execution at this point. Hall's motion for a stay should be denied.

Respectfully submitted,

| | |
|---|---|
| JEFFREY BOSSERT CLARK<br>Acting Assistant Attorney General | MICHAEL R. SHERWIN<br>Acting United States Attorney |
| JEAN LIN<br>Special Litigation Counsel | DANIEL F. VAN HORN, D.C. Bar #924092<br>Chief, Civil Division |
| JONATHAN KOSSAK, D.C. Bar #991478<br>CRISTEN C. HANDLEY, MO Bar #69114<br>BRADLEY P. HUMPHREYS,<br>  D.C. Bar #988057<br>Trial Attorneys<br>Federal Programs Branch<br>Civil Division, Department of Justice<br>1100 L Street, N.W.<br>Washington, District of Columbia 20005<br>(202) 514-3716<br>jean.lin@usdoj.gov<br>jonathan.kossak@usdoj.gov<br>christen.handley@usdoj.gov<br>bradley.humphreys@usdoj.gov | By:  /s/ Johnny Walker<br>JOHNNY H. WALKER, D.C. Bar #991325<br>Assistant United States Attorney<br>555 4th Street, N.W.<br>Washington, District of Columbia 20530<br>Telephone: 202 252 2575<br>Email: johnny.walker@usdoj.gov<br><br>*Counsel for Defendants* |

Dated: November 19, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2020, I caused a true and correct copy of foregoing to be served on all following counsel of record via the Court's CM/ECF system.

Joshua C. Toll
King & Spalding LLP
(202) 737-8616
jtoll@kslaw.com

Margaret O'Donnell
(502) 320-1837
mod@dcr.net

*Counsel for Plaintiff Anthony Battle*

Ginger D. Anders
Jonathan S. Meltzer
Brendan Gants
Munger, Tolles & Olson LLP
(202) 220-1100
ginger.anders@mto.com

*Counsel for Plaintiff Brandon Bernard*

Alex Kursman
Shawn Nolan
Federal Community Defender Office, E.D. Pa.
(215) 928-0520
alex_kursman@fd.org
shawn_nolan@fd.org

*Counsel for Plaintiff Alfred Bourgeois*

Scott W. Braden
Arkansas Federal Defender Office
(501) 324-6114
Scott_Braden@fd.org

Jennifer Ying
Andrew Moshos
Morris, Nichols, Arsht & Tunnell LLP
(302) 658-9300
jying@mnat.com
amoshos@mnat.com

*Counsel for Plaintiff Norris G. Holder, Jr.*

Joseph Luby
Federal Community Defender Office, E.D. Pa.
(215) 928-0520
joseph_luby@fd.org

*Counsel for Plaintiff Chadrick Fulks*

Amy Lentz
Steptoe & Johnson, LLP
(202) 429.1320
alentz@stepoe.com

*Counsel for Plaintiff Orlando Hall*

Shawn Nolan
Federal Community Defender Office, E.D. Pa.
(215) 928-0520
shawn_nolan@fd.org

*Counsel for Plaintiff Dustin Higgs*

Jon Jeffress
KaiserDillon PLLC
(202) 640-2850
jjeffress@kaiserdillon.com

Timothy Kane
Shawn Nolan
Federal Community Defender Office, E.D. Pa.
(215) 928-0520
timothy_kane@fd.org
shawn_nolan@fd.org

*Counsel for Plaintiff Dustin Lee Honken*

David S. Victorson
Hogan Lovells US LLP
(202) 637-5600
david.victorson@hoganlovells.com

Pieter Van Tol
Hogan Lovells US LLP
(212) 918-3000
pieter.vantol@hoganlovells.com

*Counsel for Plaintiff Daniel Lewis Lee*

Gregory S. Smith
(202) 460-3381
gregsmithlaw@verizon.net

*Counsel for Plaintiff William LeCroy*

Donald P. Salzman
Charles F. Walker
Steven M. Albertson
Skadden, Arps, Slate, Meagher & Flom LLP
(202) 371-7983
donald.salzman@skadden.com

*Counsel for Plaintiff Corey Johnson*

Shawn Nolan
Federal Community Defender Office, E.D. Pa.
(215) 928-0528
shawn_nolan@fd.org

Gary E. Proctor
Law Offices of Gary E. Proctor, LLC
(410) 444-1500
garyeproctor@gmail.com

*Counsel for Plaintiff Jeffrey Paul*

| | |
|---|---|
| Gerald W. King, Jr.<br>Jeffrey Lyn Ertel<br>Federal Defender Program, Inc.<br>(404) 688-7530<br>Gerald_King@fd.org<br>Jeff_Ertel@fd.org<br><br>Brandon D. Almond<br>Troutman Sanders LLP<br>Washington, D.C. 20004<br>(202) 274-2864<br>brandon.almond@troutmansanders.com<br><br>*Counsel for Richard Tipton, III* | Alan E. Schoenfeld<br>Ryan M. Chabot<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>(212) 230-8880<br>Alan.Schoenfeld@WilmerHale.com<br>Ryan.Chabot@WilmerHale.com<br><br>Andres C. Salinas<br>Wilmer Cutler Pickering Hale and Dorr LLP<br> (202) 663-6289<br>Andres.Salinas@WilmerHale.com<br><br>*Counsel for Wesley I. Purkey* |
| Dale A. Baich<br>Jennifer M. Moreno<br>Federal Public Defender<br>District of Arizona<br>(602) 382-2816<br>dale_baich@fd.org<br>jennifer_moreno@fd.org<br><br>*Counsel for Plaintiff Keith Nelson* | Amy Karlin<br>Interim Federal Public Defender<br>Celeste Bacchi<br>Jonathan C. Aminoff<br>Deputy Federal Public Defenders<br>(213) 894-2854<br>celeste_bacchi@fd.org<br><br>*Counsel for Plaintiff Julius O. Robinson* |
| Paul F. Enzinna<br>Ellerman Enzinna PLLC<br>(202)753-5553<br>penzinna@ellermanenzinna.com<br><br>*Counsel for Plaintiff James H. Roane, Jr.* | Evan Miller<br>Vinson & Elkins LLP<br>(202) 639-6605<br>emiller@velaw.com<br><br>*Counsel for Bruce Webster* |
| |   */s/Johnny Walker*           <br>Assistant United States Attorney<br><br>*Counsel for Defendants* |