IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of the Federal Bureau of Prisons' Execution Protocol Cases,<br><br>LEAD CASE: *Roane et al. v. Barr*<br><br>THIS DOCUMENT RELATES TO:<br><br>*Roane, et al. v. Barr*, 05-2337 | Case No. 19-mc-0145 (TSC) |

### REPLY OF PLAINTIFF ORLANDO HALL IN SUPPORT OF MOTION FOR AN ORDER SETTING ASIDE THE FEDERAL LETHAL INJECTION PROTOCOL AND FOR A STAY OF EXECUTION

Defendants' arguments in opposition to Plaintiff Hall's motion for a stay of execution are each without merit.[1]

First, Defendants argue that Mr. Hall's motion for a stay of execution is foreclosed by *Dunn v. McNabb*, 138 S. Ct. 369 (2017). It is not. *Dunn* held that inmates seeking to challenge the manner in which the State plans to execute them must demonstrate a "significant possibility of success on the merits." *Id*. Here, that showing has been made. This Court explained that it understood the Supreme Court's decision in *Barr v. Lee, 140 S. Ct. 2590 (2020)* to raise the "likelihood" threshold for demonstrating irreparable harm such that even if Plaintiffs established that flash pulmonary edema while sensate is "possible," "Plaintiffs would need to supply evidence that casts doubt on the more than 100 executions carried out using pentobarbital." *See* Dkt. #305 at 7. The Court of Appeals has now clarified that this Court's previous reading of *Lee* went too far. When the Court applies the "likelihood" threshold in the absence of the

---

[1] Defendants do not oppose Mr. Hall's request that the Court immediately enter an order setting aside the 2019 Protocol and declaring it unlawful for Defendants to carry out further executions without a prescription.

1

"constrain[t]" that it previously perceived *Lee* to impose concerning pentobarbital executions, Mr. Hall believes that the Court will conclude that Plaintiffs have made the requisite showing of "irreparable harm" in relation to Defendants' violation of the FDCA.

Second, Defendants argue that the issuance of the mandate from the Court of Appeals precludes the Court from reconsidering whether to grant a permanent injunction, pointing out that the Court of Appeals called the Court's earlier ruling "correct." Opposition at 2-4. Defendants are mistaken about the governing legal standard, and thus about the scope of this Court's authority. A district court's denial of a permanent injunction is reviewed only for an abuse of discretion. *See United States v. Anthem, Inc.*, 855 F.3d 345, 352-53 (D.C. Cir. 2017). The D.C. Circuit's opinion means only that this Court did not abuse its discretion under the circumstances that were then before it, **not** that a permanent injunction was unavailable as a matter of law. Neither does the mandate prevent the Court from considering new circumstances that were unknown when it ruled previously. Even after a mandate issues, a court may revisit an issue when "there has been a substantial change in the evidence or where an intervening decision has changed the law" *Yankee Atomic Elec. Co. v. United States*, 679 F.3d 1354, 1360 (Fed. Cir. 2012); *accord Barrow v. Falck*, 11 F.3d 729, 731 (7th Cir.1993) ("An appellate mandate does not turn a district judge into a robot, mechanically carrying out orders that become inappropriate in light of subsequent factual discoveries or changes in the law.")

Here, the Court's erroneous reading of *Lee* – as explained by the D.C. Circuit – allows it to revisit the propriety of an injunction that it viewed as precluded by *Lee*. *See* ECF No. 305 at 7. Because the mandate means only that this Court did not abuse its discretion at the time that it denied a permanent injunction, the Court is not precluded from reconsidering that discretionary ruling now that it appreciates that it read *Lee* too broadly. In addition, and contrary to Defendants' suggestion, Mr. Hall relies on the *majority opinion* for the proposition that the Court

misread *Lee.* (Op. at 17-21). In the course of determining whether or not Plaintiffs show irreparable harm, however, nothing bars the Court from considering Judge Pillard's dissent – which, of course, is a dissent from a ruling that the Court did not abuse its discretion. To that end, the dissent helpfully explains that the lack of a prescription for pentobarbital removes a medical safeguard that is ensured by the FDCA, and that the absence of that safeguard places Mr. Hall and the other plaintiffs at risk. *See* Slip Op. at 29 ("The government's decision to ignore such statutory protections subjects those affected to substantial and unnecessary risks of bodily injury, illness, and suffering.") (Pillard, J., dissenting).

Third, Defendants argue that the equities weigh against issuing an injunction at this stage because nothing in this case distinguishes it from any of the prior executions that Defendants have carried out since July. Not so. The D.C. Circuit's opinion yesterday makes clear that this Court misread *Lee,* and accordingly that it denied Plaintiffs' requests for permanent injunctions based on an improperly elevated standard. Had this error not infected the Court's analysis, Plaintiffs' evidence that it is a "virtual medical certainty that most, if not all prisoners"— including Plaintiff Hall—"will experience excruciating suffering, including sensations of drowning and suffocation," upon being injected with 5 grams of pentobarbital would be more than sufficient to demonstrate irreparable harm. See Dkt. #24 at 7, 31-34, 36.

Defendants intend to execute Mr. Hall this evening in a manner that both this court and the D.C. Circuit have determined to be unlawful. Ordinarily, the government treats a declaration of unlawfulness as equivalent to an injunction, in that it complies. *See, e.g., Texas v. United States*, 945 F.3d 355, 402–03 (5th Cir. 2019) (noting government's representation that a declaratory judgment of statute's invalidity would be "sufficient relief against the Government," because a declaratory judgment would "operate[ ] in a similar manner as an injunction" against the federal government, which would be "presumed to comply with the law" once the court

3

provides "a definitive interpretation of the statute."). Here, Defendants intend to *defy* federal courts' authoritative declarations of unlawfulness, and proceed to execute Mr. Hall under an unlawful protocol. Defendants are in no position to claim that the equities weigh against issuing an injunction.

## Conclusion

For the foregoing reasons, Plaintiff Hall respectfully moves this Court to issue an order setting aside the Federal Lethal Injection Protocol of 2019 ("2019 Protocol") and declaring it unlawful for Defendants to carry out further executions without a prescription. Mr. Hall further moves the Court to issue a stay of execution to allow this Court to reconsider its finding that Plaintiffs failed to make the necessary "irreparable harm" showing to warrant enjoining their executions, despite Defendants' violation of the FDCA.

Dated: November 19, 2020

Respectfully Submitted,

*/s/ Amy Lentz*
Amy Lentz (DC Bar No. 990095)
Steptoe & Johnson, LLP
1300 Connecticut Avenue NW
Washington, DC 20036
202.429.1350
Email: alentz@steptoe.com

*Counsel for Plaintiff Orlando Hall*

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2020, I caused a true and correct copy of foregoing to be served on all following counsel via the Court's CM/ECF system.

Joshua Christopher Toll
KING & SPALDING LLP
(202) 737-8616
Email: jtoll@kslaw.com

Margaret O'Donnell
(502) 320-1837
Email: mod@dcr.net

Gerald Wesley King, Jr.
FEDERAL DEFENDER PROGRAM, INC.
(404) 688-7530
Email: gerald_king@fd.org

Charles Fredrick Walker
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
(202) 371-7000
Email: Charles.Walker@skadden.com

Alexander C. Drylewski
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
(212) 735-2129
Email: Alexander.Drylewski@skadden.com
(*pro hac vice application forthcoming)

Celeste Bacchi
OFFICE OF THE PUBLIC DEFENDER
Capital Habeas Unit
(213) 894-1887
Email: celeste_bacchi@fd.org

Jonathan Charles Aminoff
FEDERAL PUBLIC DEFENDER,
CENTRAL DISTRICT OF CALIFORNIA
(213) 894-5374
Email: jonathan_aminoff@fd.org

Gary E. Proctor
LAW OFFICES OF GARY E. PROCTOR, LLC
(410) 444-1500
Email: garyeproctor@gmail.com

Scott Wilson Braden
FEDERAL PUBLIC DEFENDER,
EASTERN DISTRICT OF ARKANSAS
(501) 324-6144
Email: Scott_Braden@fd.org

Jonathan Kossak
Civil Division, Department of Justice
(202) 305-0612
Email: Jonathan.kossak@usdoj.gov

Jean Lin
Civil Division, Department of Justice
(202) 514-3716
Email: Jean.lin@usdoj.gov

Cristen Cori Handley
Civil Division, Department of Justice
(202) 305-2677
Email: Cristen.Handley@usdoj.gov

Paul F. Enzinna
ELLERMAN ENZINNA PLLC
(202) 753-5553
Email: penzinna@ellermanenzinna.com

Brandon David Almond
TROUTMAN SANDERS LLP
(202) 274-2864
Email: brandon.almond@troutmansanders.com

Donald P. Salzman
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
(202) 371-7983
Email: Donald.salzman@skadden.com

Steven M. Albertson
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
(202) 371-7112
Email: Steven.Albertson@skadden.com

Alexander Louis Kursman
OFFICE OF THE FEDERAL COMMUNITY DEFENDER/EDPA
(215) 928-0520
Email: Alex_Kursman@fd.org

Robert A. Ayers
STEPTOE & JOHNSON LLP
(202) 429-6401
Email: rayers@steptoe.com


David Victorson
(202) 637-5600
HOGAN LOVELLS US LLP
Email: David.Victorson@hoganlovells.com

Jennifer Ying
MORRIS NICHOLS ARSHT & TUNNELL LLP
(302) 658-9300
Email: Jying@mnat.com

Andres C. Salinas
WILMER CUTLER PICKERING HALE & DORR LLP
(202) 663-6289
Email: Andres.Salinas@wilmerhale.com

Ryan M. Chabot
WILMER CUTLER PICKERING HALE & DORR LLP
(212) 295-6513
Ryan.Chabot@WilmerHale.com

Dale Andrew Baich
OFFICE OF THE FEDERAL PUBLIC DEFENDER
(602) 382-2816
Dale_Baich@fd.org

Johnny Walker
Assistant United States Attorney at United States Attorney's Office
johnny.walker@usdoj.gov

Bradley Humphreys
Civil Division, Department of Justice
bradley.humphreys@usdoj.gov

Scott Meisler
Criminal Division, Department of Justice
scott.meisler@usdoj.gov

Shawn Nolan
FEDERAL COMMUNITY DEFENDER OFFICE, EDPA
(215) 928-0520
Email: shawn_nolan@fd.org

Joseph William Luby
FEDERAL PUBLIC DEFENDER/EDPA
(215) 928-0520
Email: joseph_luby@fd.org

Pieter Van Tol
HOGAN LOVELLS US LLP
(212) 918-3000
Email: Pieter.Vantol@hoganlovells.com

Jonathan Jeffress
KAISER DILLON, PLLC
(202) 640-4430
Email: Jjeffress@kaiserdillon.com

Andrew Moshos
MORRIS NICHOLS ARSHT & TUNNELL LLP
(302) 351-9197
Email: Amoshos@mnat.com

Alan E. Schoenfeld
WILMER CUTLER PICKERING HALE & DORR LLP
(212) 937-7294
Email: Alan.Schoenfeld@wilmerhale.com

Ginger D. Anders (Bar No. 494471)
Jonathan S. Meltzer (Bar No. 888166546)
Brendan Gants (Bar No. 1031419)
MUNGER, TOLLES & OLSON LLP
1155 F Street N.W., Seventh Floor
Washington, D.C. 20004-1357
Ginger.anders@mto.com
Jonathan.meltzer_mto.com
Brendan.Gants@mto.com
(202) 220-1100

*Counsel for Plaintiff Brandon Bernard*

Timothy Kane
FEDERAL COMMUNITY DEFENDER OFFICE, EDPA
(215) 928-0520
Email: timothy_kane@fd.org

Dated: November 19, 2020							Respectfully Submitted,


							*/s/ Amy Lentz*
							Amy Lentz (DC Bar No. 990095)
							Steptoe & Johnson, LLP
							1300 Connecticut Avenue NW
							Washington, DC 20036
							202.429.1350
							Email - alentz@steptoe.com