UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of the<br>Federal Bureau of Prisons' Execution<br>Protocol Cases,<br><br>LEAD CASE: *Roane, et al. v. Barr*<br><br>THIS DOCUMENT RELATES TO:<br><br>*Roane, et al. v. Barr*, 05-cv-2337 | Case No. 19-mc-145 (TSC) |

**MEMORANDUM OPINION**

In an order issued early yesterday morning, the U.S. Court of Appeals for the District of Columbia Circuit reversed this court's dismissal of Plaintiff Orlando Hall's Eighth Amendment claim. *In re Federal Bureau of Prisons' Execution Protocol Cases*, No. 20-5329 (D.C. Cir. Nov. 18, 2020). In doing so, the Court of Appeals found that this court had read too broadly *Barr v. Lee* in assessing the irreparable harm facing Plaintiff from being executed with non-prescribed pentobarbital in violation of the Food, Drug, and Cosmetic Act (FDCA).

Plaintiff Hall, whose execution is scheduled for 6 p.m. today, has moved for an order setting aside the 2019 Federal Bureau of Prisons' Execution Protocol and declaring it unlawful for Defendants to carry out further executions without a prescription for pentobarbital. Hall has also moved for a stay of execution to allow the court to reconsider its finding that Plaintiffs in this consolidated litigation failed to make the necessary showing of irreparable harm to warrant a permanent injunction despite Defendants' FDCA violation. Given the complexity of this litigation, including a decision by the Court of Appeals issued on the eve of the scheduled execution which has fundamentally altered this court's prior fact-findings, and the Plaintiff's

likelihood of success on the merits of his challenge to this court's irreparable harm findings, the motion is GRANTED.

## I.     BACKGROUND[1]

### A. The Court's Prior Rulings

On August 20, 2020, this court entered partial final judgment in favor of Defendants as to Plaintiffs' Eighth Amendment claim in Count II of their Amended Complaint. Based on the Supreme Court's reasoning in *Barr v. Lee*, the court found that "[s]o long as pentobarbital is widely used . . . no amount of new evidence will suffice to prove that the pain pentobarbital causes reaches unconstitutional levels." (ECF No. 193 at 4 (discussing *Barr v. Lee*, 140 S. Ct. 2590 (2020) (per curiam)).) This conclusion was premised, in part, on the Supreme Court's observation that Plaintiffs' Eighth Amendment claim faced "an exceedingly high bar" given that single-dose pentobarbital "has become a mainstay of state executions . . . [h]as been used to carry out over 100 executions, without incident . . . [and h]as been repeatedly invoked by prisoners as a *less* painful and risky alternative to the lethal injection protocols of other jurisdictions." *Lee*, 140 S. Ct. at 2591; *see also id.* (citing *Bucklew v. Precythe*, 139 S. Ct. 1112, 1124 (2019)) ("This Court has yet to hold that a State's method of execution qualifies as cruel and unusual.").

In its Opinion, the court further concluded that even if it "found in favor of Plaintiffs on all alleged facts," including evidence that an inmate would be virtually certain to suffer the effects of flash pulmonary edema, "there would be no Eighth Amendment violation because the

---

[1] This being the most recent of several opinions in this litigation, the court presumes familiarity with the facts and procedural posture of the case. A more detailed recitation of the facts may be found in the Court of Appeals' most recent opinion in this case. *Execution Protocol Cases*, No. 20-5329, Slip Op. at 5–11.

evidence of pain would not satisfy *Lee*'s high bar for an objectively intolerable risk of pain." (ECF No. 193 at 3, 5.)

On September 20, 2020, the court granted summary judgment in favor of Plaintiffs' FDCA claim. It found that that "the pentobarbital the government intends to use in executions is subject to the FDCA and fails to meet the premarketing, labeling, and prescription requirements therein," and that because "the government's use, under the 2019 Protocol, of pentobarbital . . . has not been prescribed and does not meet other statutory requirements of the FDCA," the intended executions "constitute[] agency action that is contrary to law in violation of the APA [Administrative Procedure Act]." (ECF No. 261 at 33; *see also* ECF No. 213.)

The court, however, denied Plaintiffs' request for injunctive relief, finding that although there was a "possibility that inmates will suffer excruciating pain during their executions, Plaintiffs have not established that flash pulmonary edema is 'certain' or even 'likely' to occur before an inmate is rendered insensate." (ECF No. 261 at 36.)

This conclusion was influenced by the court's overbroad reading of *Lee*. Emphasizing that it could not "weigh the evidence before it in a vacuum," the court concluded that Plaintiffs were not entitled to injunctive relief "[g]iven the Supreme Court's decision" in *Lee* and "the competing evidence in this case." (*Id.* at 39–40.) The court reaffirmed this reading in considering Plaintiffs' motion for reconsideration, explaining that it was "constrained" by the Supreme Court's findings in *Lee* and other cases and that "Plaintiff would need to supply evidence that casts doubt on the more than "100 executions carried out using pentobarbital." (ECF No. 305 at 7.)

3

B. **The Court of Appeals' November 18, 2020 Decision**

In reversing this court's dismissal of Plaintiffs' Eighth Amendment claim, the Court of Appeals disagreed with this court's assessment that "no amount of new evidence will suffice to prove that the pain pentobarbital causes reaches unconstitutional levels." *Execution Protocol Cases*, No. 20-5329, slip op. at 18–19 (citing ECF No. 193 at 4). The Court clarified that "all the Supreme Court said in *Lee* was that, under the demanding preliminary-injunction standard and before any conclusive factual findings could be made in the case, 'competing expert testimony' over whether pulmonary edema occurs before or after the inmate is rendered insensate would not by itself support a 'last-minute' stay of execution." *Id.* at 19 (citing *Lee*, 140 S. Ct. at 2591).

Finally, the Court of Appeals affirmed this court's conclusion that "the FDCA applies when already-covered drugs like pentobarbital are used for lethal injections" and that the Protocol as administered is "'not in accordance with law' to the extent it allows the dispensation and administration of pentobarbital without a prescription." *Id.* at 24 (quoting 5 U.S.C. § 706(2)). The Court then directed that the Protocol be "set aside" in that respect. *Id.* It affirmed this court's denial of a stay given this court's finding that "the evidence in the record does not support Plaintiffs' contention that they are likely to suffer flash pulmonary edema while still conscious." *Id.* at 25 (quoting ECF No. 261 at 39).

Plaintiff then filed the present motion, asking the court to: 1) issue an order setting aside the 2019 Protocol and declaring it unlawful for Defendants to carry out further executions without a prescription, and 2) stay his execution to allow the court to reconsider its findings that Plaintiffs failed to make the necessary 'irreparable harm' showing to warrant enjoining their executions.

As to the first request, the Court of Appeals has already directed this court to enter an order setting aside the Protocol to the extent it permits the dispensing and administration of pentobarbital without a prescription, and the court will therefore issue an order accordingly. Given the extraordinary circumstances here, the request for a stay of execution will be granted.

## II.     LEGAL STANDARD

In considering whether to grant the "extraordinary remedy" afforded by injunctive relief, courts assess four factors: (1) the likelihood of the plaintiff's success on the merits, (2) the threat of irreparable harm to the plaintiff absent an injunction, (3) the balance of equities, and (4) the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 24 (2008) (citations omitted); *John Doe Co. v. Consumer Fin. Prot. Bureau,* 849 F.3d 1129, 1131 (D.C. Cir. 2017). "[L]ike other stay applicants, inmates seeking time to challenge the manner in which the [the government] plans to execute them must satisfy all of the requirements for a stay, including a showing of a significant possibility of success on the merits." *Hill v. McDonough*, 547 U.S. 573, 584 (2006). In addition, "the traditional stay inquiry calls for assessing the harm to the opposing party and weighing the public interest," two factors that "merge" where, as here, the government is the opposing party. *Nken v. Holder*, 556 U.S. 418, 435 (2009).

### A. <u>Significant Possibility of Success on the Merits</u>

In denying Plaintiff's earlier request for permanent injunctive relief, the court found that the evidence in the record was insufficient to show that flash pulmonary edema was "likely, let alone 'certain' or 'imminent.'" (ECF No. 261 at 40 (citing *Wis. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985)).) As the court explained, this conclusion was premised, in part, on its interpretation of *Lee*. (*Id.* at 39–40.) And in ruling on Plaintiffs' motion for reconsideration, the court found that in order to demonstrate irreparable harm, Plaintiffs would need to "supply

5

evidence that casts doubt on the more than 100 executions carried out using pentobarbital." (*See* ECF No. 305.)[2]

These conclusions were thrown into doubt given the D.C. Circuit's clarification of *Lee*. And as Judge Pillard pointed out in her dissent, this court's prior assessment of the evidence in the record was tainted by the court's erroneous interpretation of *Lee*. *See Execution Protocol Cases*, No. 20-5320, slip op. at 31 (Pillard, J., dissenting) ("Only after the Supreme Court vacated a preliminary injunction on Plaintiffs' Eighth Amendment claim did the district court find that Plaintiffs had failed to show irreparable harm.").

Indeed, correcting this court's error casts the evidence in a different light such that Plaintiffs have established a significant possibility of showing irreparable harm given Defendants' violation of the FDCA. This court found initially that the question of whether an inmate injected with a high dose of pentobarbital will suffer flash pulmonary edema while sensate was one upon which reasonable minds could differ. But that conclusion was premised on a finding that Plaintiffs had failed to "completely undermine" the testimony of Defendants' expert Dr. Crowns. (*See* ECF No. 261 at 38.) This improperly elevated Plaintiff's burden to show irreparable harm. And new evidence presented after each execution (*See, e.g.*, ECF No. 282-4, Van Norman Supp. Decl.), appears to chip away at Crowns' hypothesis and, given the Court of Appeals' interpretation of *Lee,* undermines the basis for the court's conclusion on

---

[2] The court also explained that it was not clear whether the prescription requirement was linked to the harm of flash pulmonary edema. (ECF No. 261 at 36.) The Court of Appeals could have adopted this reasoning and avoided consideration of the court's factual finding regarding irreparable harm altogether. Instead, it relied on this court's factual findings, which suggests, at least at this juncture, that the Plaintiffs can make a showing of irreparable harm in the absence of the prescription requirement.

6

Plaintiffs' motion for reconsideration of the irreparable harm finding. Accordingly, this factor weights in favor of issuing a stay.

Defendants' arguments to the contrary are unpersuasive. First, they argue that *Dunn v. McNabb*, 138 S. Ct. 369 (2017) forecloses this court's ability to issue a stay to reconsider its findings on irreparable harm. (ECF No. 319 at 1.) Not quite. In *Dunn*, the Supreme Court vacated a stay issued by a district court where the plaintiff had failed to establish a "significant possibility of success on the merits." 138 S. Ct. 369. Plaintiff in this case has made that showing. Citing the mandate rule, Defendants also argue that Plaintiff's request for injunctive relief is foreclosed by the D.C. Circuit's finding that this court "was correct to deny the entry of a permanent injunction" on the FDCA claims. (ECF No. 319 at 2.) But as Plaintiff correctly points out, the Circuit's conclusion means only that this court did not abuse its discretion *under the circumstances* that were then before it, not that a permanent injunction was unavailable as a matter of law. Even after a mandate issues, a court may revisit an issue when "there has been a substantial change in the evidence or where an intervening decision has changed the law." *Yankee Atomic Elec. Co. v. United States*, 679 F.3d 1354, 1360 (Fed. Cir. 2012); *accord Barrow v. Falck*, 11 F.3d 729, 731 (7th Cir. 1993) ("An appellate mandate does not turn a district judge into a robot, mechanically carrying out orders that become inappropriate in light of subsequent factual discoveries or changes in the law.").

The Court of Appeals' decision has fundamentally changed the law upon which this court relied in making its factual finding. Thus, the court is not foreclosed from reconsidering whether to grant a permanent injunction, especially after finding that Plaintiff has a substantial possibility of success on the merits.

7

**B. <u>Irreparable Harm</u>**

In order to prevail on a request for a stay, as with a request for a preliminary injunction, irreparable harm "must be certain and great, actual and not theoretical, and so imminent that there is a clear and present need for equitable relief to prevent irreparable harm," and it "must be beyond remediation." *League of Women Voters of U.S. v. Newby,* 838 F.3d 1, 7–8 (D.C. Cir. 2016) (citing *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006)) (internal quotation marks and brackets omitted); *see also Nken*, 556 U.S. at 434 (noting the substantial overlap between the factors governing a stay and the factors governing a preliminary injunction). Here, without injunctive relief, Plaintiff will be executed with a drug administered in violation of a federal law that ensures its safety and efficacy for the intended purpose. Furthermore, he will be unable to pursue his Eighth Amendment claim, which the D.C. Circuit has just revived as of yesterday. This harm is manifestly irreparable.

Other courts in this Circuit have found irreparable harm in similar, but less dire circumstances. *See, e.g.*, *Damus v. Nielsen*, 313 F. Supp. 3d 317, 342 (D.D.C. 2018) (finding irreparable injury where plaintiffs faced detention under challenged regulations); *Stellar IT Sols., Inc. v. USCIS*, No. 18-2015 (RC), 2018 WL 6047413, at *11 (D.D.C. Nov. 19, 2018) (finding irreparable injury where plaintiff would be forced to leave the country under challenged regulations); *FBME Bank Ltd. v. Lew*, 125 F. Supp. 3d 109, 126–27 (D.D.C. 2015) (finding irreparable injury where challenged regulations would threaten company's existence); *N. Mariana Islands v. United States*, 686 F. Supp. 2d 7, 19 (D.D.C. 2009) (finding irreparable injury where challenged regulations would limit guest workers).

C.  **Balance of Equities**

The need for closure in this case—particularly for the victim's family—is weighty. *See Calderon v. Thompson*, 523 U.S. 538, 556 (1998) ("Only with an assurance of real finality can the [government] execute its moral judgment in a case . . . [and] the victims of crime move forward knowing the moral judgment will be carried out."). And this court is mindful of the Supreme Court's caution against last minute stays of execution. *See Bucklew*, 139 S. Ct. at 1134. But the government's ability to enact moral judgment is a great responsibility and, in the case of a death sentence, cannot be reversed. After suspending federal executions for over seventeen years, the government announced a new Execution Protocol and a resumption of executions in July 2019, and since July of this year has executed seven inmates. Any potential harm to the government caused by a brief stay is not substantial. Indeed, the government has not shown that it would be significantly burdened by staying federal executions until it can secure a valid prescription. Accordingly, the court sees no reason why this execution *must* proceed today.

Thus, the balance of the equities favors a stay.

D.  **Public Interest**

The court is deeply concerned that the government intends to proceed with a method of execution that this court and the Court of Appeals have found violates federal law. The public interest is not served by executing individuals in this manner. *See Harris v. Johnson*, 323 F. Supp. 2d 797, 810 (S.D. Tex. 2004) ("Confidence in the humane application of the governing laws . . . must be in the public's interest.").

Thus, the court finds that all four factors weigh in favor of a stay. The court once again finds itself in the unenviable position of having to issue yet another last-minute stay of execution. Nonetheless, this is the nature of death penalty litigation and this court has had a disproportionate

number of such claims given the nature of the case. Moreover, this result could not have been avoided here. The Court of Appeals issued a decision altering the court's understanding of the law of this case just after 3 a.m. yesterday. The Court of Appeals' mandate was not filed until 3 p.m., another twelve hours later. The court received Plaintiff's motion at around 10 p.m. last night and the motion was fully briefed around 10:45 a.m. this morning. The court would not issue a stay were it not convinced that the Plaintiff has presented claims that had a substantial possibility of succeeding. Indeed, the court denied another request for a stay of execution brought by Orlando Hall earlier this week. (*See Hall v. Barr*, No. 20-cv-3184 (D.D.C.).)

### III.     CONCLUSION

For the foregoing reasons, Plaintiffs motion for a stay of execution will be GRANTED until such time that the court has reconsidered its finding that Plaintiffs failed to show the necessary "irreparable harm" to warrant enjoining their executions, despite Defendants' violation of the FDCA. Plaintiff's request for an order declaring that the Federal Execution Protocol must be set aside to the extent it permits the use of pentobarbital not subject to a prescription is also GRANTED. The court will issue an accompanying order.

Date: November 19, 2020

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge