## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

In the Matter of the
Federal Bureau of Prisons' Execution
Protocol Cases

LEAD CASE: *Roane, et al. v. Barr*

THIS DOCUMENT RELATES TO:

*Roane, et al. v. Barr*, No. 05-2337

Case No. 19-mc-0145 (TSC)

## DEFENDANTS' MOTION TO STAY INJUNCTION PENDING APPEAL

Pursuant to Federal Rule of Civil Procedure 62(c)(1) and consistent with Federal Rule of Appellate Procedure 8(a)(1), Defendants respectfully move for a stay pending appeal of this Court's Order, issued on November 19, 2020, ECF No. 322, enjoining Defendants from proceeding with the execution of Orlando Hall scheduled for November 19, 2020 "until further order of this court." ECF No. 323. In support of this motion, Defendants respectfully refer the Court to the July 9, 2020 declaration of Rick Winter, which describes the harm to the Federal Bureau of Prisons ("BOP") and the stakeholders if a scheduled execution were to be postponed. *See* ECF No. 139-1. Defendants plan to seek relief in the Court of Appeals shortly after this filing.

Defendants recognize that this Court has determined that Hall meets the standard for issuance of an injunction, but Federal Rule of Appellate Procedure 8(a)(1) counsels Defendants to first move in this Court for a stay of the injunction pending appeal before seeking a stay in the Court of Appeals. Accordingly, for the following reasons, as well as those reasons stated in Defendants' motion for summary judgment as to Counts VIII, X, and XI, *see* ECF No. 170 at 38-43, and in opposition to Nelson's cross-motion for summary judgment on the same counts, *see* ECF No. 187, in opposition to Plaintiffs' Rule 59(e) Motion for Reconsideration, *see* ECF No. 291, in opposition to Plaintiffs' Motion to Stay pending appeal, *see* ECF No. 311, and in opposition to Hall's Motion to Stay, *see* ECF No. 319, Defendants respectfully request that the Court stay the injunction pending appeal. 28 C.F.R. § 0.20(b); 28 U.S.C. § 2107(b).

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 62(c) provides in relevant part: "When an appeal is taken from an interlocutory or final judgment granting . . . an injunction, the court in its discretion may suspend . . . an injunction" during the pendency of the appeal. District courts considering a motion for such a stay consider the same factors as those governing a motion for a preliminary injunction: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). Before seeking a stay from the Court of Appeals, a party must ordinarily move first in the District Court for an order suspending an injunction pending appeal. Fed. R. App. P. 8(a).

**ARGUMENT**

**I.     DEFENDANTS ARE LIKELY TO SUCCEED ON THE MERITS OF THEIR APPEAL OF THIS COURT'S INJUNCTION**

Defendants are likely to succeed on the merits of their appeal of this Court's injunction. This Court issued an injunction in favor of Hall after *tentatively* concluding that he has "a substantial possibility of success on the merits" in light of the D.C. Circuit's decision yesterday, which purportedly "fundamentally changed the law upon which this court relied in making its factual finding." Mem. Op. at 7 (referencing *In the Matter of the Fed. Bureau of Prisons' Execution Protocol Case*, No. 20-539 at 22 (D.C. Cir. Nov. 18, 2020) (D.C. Cir. Op.")). This was in error given that *Dunn v. McNabb*, 138 S. Ct. 369 (2017), clearly prohibits courts from entering injunctions to reconsider their factual findings.

Further, Defendants respectfully disagree with this Court's tentative conclusion for the reasons set forth in Defendants' numerous filings on Plaintiffs' FDCA claims and in light of the testimony the Court received during the evidentiary hearing the Court held on September 18 and 19, 2020. *See* ECF Nos. 170 at 38-43, and 187.

Specifically, the Court's rationale for granting this preliminary injunction again runs afoul of the Supreme Court's order vacating this Court's prior preliminary injunction on the same grounds.  The Court's current analysis is little different than the rationale upon which it based its prior preliminary injunction on the same FDCA claim in July.  *Cf.* ECF No. 145.  Yet, the Supreme Court vacated the Court's decision without a single dissent.  Nevertheless, the Court, in entering a permanent injunction in favor of Hall, has once again refused to "interpret the Supreme Court's vacatur as an indication of how this court should resolve the dispute on the merits."  ECF No. 213 at 8.  But given that the Court's decision is based on the same grounds that it identified in granting the preliminary injunction, it is likely, if not inevitable, that the Supreme Court will vacate the Court's preliminary injunction on the same record.  As such, Defendants are likely to succeed on the merits of their appeal of this Court's injunction.

Defendants also respectfully submit that the Court was wrong to conclude that there has been a substantial change in the law that permits a departure from the mandate rule.  All the D.C. Circuit said in relation to  the plaintiffs' Eighth Amendment claim was that it could survive a Rule 12(b)(6) motion.  But the Court of Appeals made clear that "whether the complaint contains the necessary factual allegations to state a legal claim for relief . . . is a far distant inquiry from . . . a request that a court take the extraordinary step of affirmatively proscribing a party's behavior before adjudicating its rights." D.C. Cir. Op. at 18-19.  In fact, the Court of Appeals explicitly *affirmed* this Court's prior ruling that plaintiffs are not likely to suffer irreparable harm in relation to their FDCA claim.  The D.C. Circuit stated in no uncertain terms that Plaintiffs had not identified before the district court or this court any other type of irreparable harm that would likely be suffered due to the unprescribed use of pentobarbital.  D.C. Cir. Op. at 25.  Thus, if anything, the D.C. Circuit's opinion compels the Court to reject Hall's request for a stay, and the Court erred by favoring Judge Pillard's dissent over the majority's holdings.

Moreover, as this Court previously noted in denying Plaintiffs an injunction on their FDCA claim, there is nothing in the record that suggests that the lack of a prescription could itself cause injury sufficient to justify an injunction. ECF No. 261 at 36. The Court notes that the D.C. Circuit

neither adopted nor rejected this reasoning, ECF No. 322 n.2, and it remains an independent reason why Hall is not likely to succeed on the merits, and the Court may not grant a stay in light of that impediment to his FDCA claim. *See Dunn v. McNabb*, 138 S. Ct. 369 (2017).

## II.    THE BALANCE OF HARMS WEIGHS IN FAVOR OF ENTRY OF A STAY OF THE INJUNCTION

This Court entered its injunction after concluding that the government "has not shown that it would be significantly burdened by staying federal executions until it can secure a valid prescription." ECF No. 322 at 9. Defendants respectfully disagree. The basis of the injunction is that Hall cannot be executed under the federal protocol unless BOP obtains a prescription for the lethal agent. But the Court has not held that executing plaintiffs without a prescription would violate the Eighth Amendment or any substantive right. Thus, Plaintiffs' asserted harm amounts exclusively to the violation of the FDCA, which does not create any real-world harm in this context, and accordingly cannot support an injunction—particularly at this late date. *Cf. Winter v. NRDC*, 555 U.S. 7, 32-33 (2008) (vacating injunction in part because, while respondents alleged harm to marine life, their "ultimate legal claim" required only preparation of an environmental impact statement, not cessation of the allegedly harmful conduct); *Execution Protocol Cases*, 955 F.3d at 126-129 (Katsas, J., concurring) (concluding that the first injunction in this case should have been vacated on equitable considerations even apart from the merits).

The Supreme Court has repeatedly, including in this very case, warned against the issuance of eleventh hour injunctions such as this. *See Lee v. Barr*, 20A8 at 3, 591 U.S. __ (2020). It has recognized the Government and the victims' compelling interest in the timely enforcement of a death sentence. *See Calderon v. Thompson*, 523 U.S. 538, 556 (1998); *Gomez v. U.S. Dist. Court for N. Dist. of Cal.*, 503 U.S. 653, 654 (1992); *see also Bucklew v. Precythe*, 139 S. Ct. 1112, 1134 (2019) ("The people of Missouri, the surviving victims of [the condemned inmate's] crimes, and others like them deserve better. Even the principal dissent acknowledges that the long delays that now typically occur between the time an offender is sentenced to death and his execution are excessive.") (citation omitted from parenthetical). Indeed, in this very case, Judge Katsas has

4

found that this Court "failed to recognize the important governmental and public interest in the timely implementation of capital punishment." *In re Execution Protocol Cases*, 955 F.3d at 126 (Katsas, J., concurring).  This is particularly the case here, where the Court has revisited its prior findings and issued a stay of execution only two-and-a-half hours before that execution is scheduled to go forward.   If the limitation on last-minute reprieves to extreme exceptions means anything at all, it means that the court shouldn't grant a stay hours before the execution by reconsidering factual findings that the court of appeals affirmed the day before.

Further, as Mr. Winter explained in his declaration, each execution requires significant advanced planning and coordination, including the "activation of the execution team, which consists of approximately 40 BOP staff members," *see* ECF No. 139-1 ¶ 5; the mobilization of approximately 100 BOP staff at the Federal Correctional Complex at Terre Haute ("FCC Terre Haute") to serve as institution security and support during the execution, *id.* ¶ 8; the synchronization of the schedules of BOP contractors who must set aside their own personal and work-related matters for each execution, *id*. ¶ 6; the coordination of security measures with federal, state, and local law enforcement agencies, *id*. ¶ 7; the arrangement of travel and lodging for any victims' family members who have committed to witnessing the execution, *id*. ¶ 11; as well as the participation of approximately 50 additional BOP personnel from specialized teams, such as Special Operations Response Teams and Disturbance Control Teams, who will need to travel to FCC Terre Haute from other BOP institutions, *id.* ¶ 10.   These preparations cannot easily be undone; "[a]ny adjustment to the execution dates would require significant planning and coordination such as that which already has been undertaken by BOP to date." *Id*. ¶ 12.  This is particularly the case now that all of those efforts have already been mobilized and employed to execute Hall imminently.    Accordingly, beyond the Government's strong interest in proceeding with the criminal judgment, operational considerations surrounding the planned executions lend further support in favor of a stay.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court stay its injunction pending Defendants' appeal of this Court's November 19, 2020 Order enjoining Defendants from proceeding with the execution of Hall.

Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

JEAN LIN
Special Litigation Counsel

JONATHAN KOSSAK, D.C. Bar #991478
CRISTEN C. HANDLEY, MO Bar #69114
BRADLEY P. HUMPHREYS,
  D.C. Bar #988057
Trial Attorneys
Federal Programs Branch
Civil Division, Department of Justice
1100 L Street, N.W.
Washington, District of Columbia 20005
(202) 514-3716
jean.lin@usdoj.gov
jonathan.kossak@usdoj.gov
christen.handley@usdoj.gov
bradley.humphreys@usdoj.gov

Dated: November 19, 2020

MICHAEL R. SHERWIN
Acting United States Attorney

DANIEL F. VAN HORN, D.C. Bar #924092
Chief, Civil Division

By:   /s/ Johnny Walker
JOHNNY H. WALKER, D.C. Bar #991325
Assistant United States Attorney
555 4th Street, N.W.
Washington, District of Columbia 20530
Telephone: 202 252 2575
Email: johnny.walker@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2020, I caused a true and correct copy of foregoing to be served on all following counsel of record via the Court's CM/ECF system.

Joshua C. Toll
King & Spalding LLP
(202) 737-8616
jtoll@kslaw.com

Margaret O'Donnell
(502) 320-1837
mod@dcr.net

*Counsel for Plaintiff Anthony Battle*

Ginger D. Anders
Jonathan S. Meltzer
Brendan Gants
Munger, Tolles & Olson LLP
(202) 220-1100
ginger.anders@mto.com

*Counsel for Plaintiff Brandon Bernard*

Alex Kursman
Shawn Nolan
Federal Community Defender Office,
E.D. Pa.
(215) 928-0520
alex_kursman@fd.org
shawn_nolan@fd.org

*Counsel for Plaintiff Alfred Bourgeois*

Scott W. Braden
Arkansas Federal Defender Office
(501) 324-6114
Scott_Braden@fd.org

Jennifer Ying
Andrew Moshos
Morris, Nichols, Arsht & Tunnell LLP
(302) 658-9300
jying@mnat.com
amoshos@mnat.com

*Counsel for Plaintiff Norris G. Holder, Jr.*

Joseph Luby
Federal Community Defender Office,
E.D. Pa.
(215) 928-0520
joseph_luby@fd.org

*Counsel for Plaintiff Chadrick Fulks*

Amy Lentz
Steptoe & Johnson, LLP
(202) 429.1320
alentz@stepoe.com

*Counsel for Plaintiff Orlando Hall*

Shawn Nolan
Federal Community Defender Office,
E.D. Pa.
(215) 928-0520
shawn_nolan@fd.org

*Counsel for Plaintiff Dustin Higgs*

Jon Jeffress
KaiserDillon PLLC
(202) 640-2850
jjeffress@kaiserdillon.com

Timothy Kane
Shawn Nolan
Federal Community Defender Office,
E.D. Pa.
(215) 928-0520
timothy_kane@fd.org
shawn_nolan@fd.org

*Counsel for Plaintiff Dustin Lee Honken*

David S. Victorson
Hogan Lovells US LLP
(202) 637-5600
david.victorson@hoganlovells.com

Pieter Van Tol
Hogan Lovells US LLP
(212) 918-3000
pieter.vantol@hoganlovells.com

*Counsel for Plaintiff Daniel Lewis Lee*

Gregory S. Smith
(202) 460-3381
gregsmithlaw@verizon.net

*Counsel for Plaintiff William LeCroy*

Donald P. Salzman
Charles F. Walker
Steven M. Albertson
Skadden, Arps, Slate, Meagher & Flom
LLP
(202) 371-7983
donald.salzman@skadden.com

*Counsel for Plaintiff Corey Johnson*

Shawn Nolan
Federal Community Defender Office,
E.D. Pa.
(215) 928-0528
shawn_nolan@fd.org

Gary E. Proctor
Law Offices of Gary E. Proctor, LLC
(410) 444-1500
garyeproctor@gmail.com

*Counsel for Plaintiff Jeffrey Paul*

Gerald W. King, Jr.
Jeffrey Lyn Ertel
Federal Defender Program, Inc.
(404) 688-7530
Gerald_King@fd.org
Jeff_Ertel@fd.org

Brandon D. Almond
Troutman Sanders LLP
Washington, D.C. 20004
(202) 274-2864
brandon.almond@troutmansanders.com

*Counsel for Richard Tipton, III*

Alan E. Schoenfeld
Ryan M. Chabot
Wilmer Cutler Pickering Hale and Dorr
LLP
(212) 230-8880
Alan.Schoenfeld@WilmerHale.com
Ryan.Chabot@WilmerHale.com

Andres C. Salinas
Wilmer Cutler Pickering Hale and Dorr
LLP
 (202) 663-6289
Andres.Salinas@WilmerHale.com

*Counsel for Wesley I. Purkey*

Dale A. Baich
Jennifer M. Moreno
Federal Public Defender
District of Arizona
(602) 382-2816
dale_baich@fd.org
jennifer_moreno@fd.org

*Counsel for Plaintiff Keith Nelson*

Amy Karlin
Interim Federal Public Defender
Celeste Bacchi
Jonathan C. Aminoff
Deputy Federal Public Defenders
(213) 894-2854
celeste_bacchi@fd.org

*Counsel for Plaintiff Julius O. Robinson*

Paul F. Enzinna
Ellerman Enzinna PLLC
(202)753-5553
penzinna@ellermanenzinna.com

*Counsel for Plaintiff James H. Roane, Jr.*

Evan Miller
Vinson & Elkins LLP
(202) 639-6605
emiller@velaw.com

*Counsel for Bruce Webster*

  */s/Johnny Walker*_____
Assistant United States Attorney

*Counsel for Defendants*

9