IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of the Federal Bureau of Prisons' Execution Protocol Cases,<br><br>LEAD CASE: *Roane et al. v. Barr*<br><br>THIS DOCUMENT RELATES TO:<br><br>*Roane, et al. v. Barr*, 05-2337 | Case No. 19-mc-0145 (TSC) |

**EMERGENCY MOTION BY PLAINTIFF ORLANDO HALL
FOR AN ORDER REQUIRING THAT DEFENDANTS
COMPLY WITH  TEXAS LAW**

Plaintiff Orlando Hall is scheduled for execution **today** (November 19, 2020) at **6 p.m. Eastern time**.  Mr. Hall is currently pursuing judicial remedies in the Supreme Court of the United States related to his conviction and death sentence.  He has filed a petition for writ of certiorari and application for a stay of execution in *Hall v. Barr*, No. 20-688 (U.S. Sup. Ct., pending) (petition); No. 20A100 (U.S. Sup. Ct., pending) (stay application) (both arising from this morning's decision of the Court of Appeals for the District of Columbia Circuit in *Hall v. Barr*, No. 20-5340 (D.C. Cir., November 19, 2020).  He has filed an application for stay of execution to permit filing of a petition for writ of certiorari arising from yesterday's decision of the D.C. Circuit in *Roane, et al., v. Barr, et al.*, No. 20-5329 (D.C. Cir., November 18 2020); *see Hall v. Barr*, No. 20A99 (U.S. Sup. Ct., pending). And, he has filed a petition for writ of certiorari and application for a stay of execution *Hall v. Watson*, No. 20-697 (U.S. Sup. Ct. pending) (petition); No. 20A101 (U.S. Ct., pending) (both arising from today's decision of the United States Court of Appeals for the Seventh Circuit in *Hall v. Watson*, No. 20-3229 (7th Cir., November 19, 2020)). This Court entered a stay of execution today, Dkt. 322, 323, which has been appealed the District of Columbia Circuit Court of Appeals.

1

As noted, Mr. Hall is scheduled for execution at 6:00 p.m. The pendency of multiple proceedings and applications at the Supreme Court creates a likelihood that the Supreme Court will not have ruled on all outstanding matters by the time 6:00 p.m. arrives, and thus that the clock will push past 6:00 p.m. without Mr. Hall's having been executed. This has, in fact, happened with several other federal executions since the government resumed executions in July of this year.

There is at least a possibility that the outstanding matters will not have been resolved by 12:00 a.m., when it will become November 20. At that point, as we explain below, the government will be obliged to reschedule Mr. Hall's execution, and two constraints will apply to that rescheduled execution date: (1) it must be at least 90 days from November 20, and (2) the execution itself must occur no earlier than 6:00 p.m. local time on the specified date. This motion accordingly asks the Court to enter an order directing that Defendants comply with those provisions of Texas law, which are set forth in Tex. Code Crim. Proc. arts. 43.14(a) and 43.141(c).

> Title 18 U.S.C. § 3596(a) provides that
>
> A person who has been sentenced to death pursuant to this chapter shall be committed to the custody of the Attorney General until exhaustion of the procedures for appeal of the judgment of conviction and for review of the sentence. When the sentence is to be implemented, the Attorney General shall release the person sentenced to death to the custody of a United States marshal, **who shall supervise implementation of the sentence in the manner prescribed by the law of the State in which the sentence is imposed**.

(Emphasis added). In Mr. Hall's case, his sentence was imposed in the State of Texas (specifically, in the United States Court for the Northern District of Texas, Fort Worth Division). As relevant here, Texas law provides as follows with respect to the implementation of a sentence of death:

> Whenever the sentence of death is pronounced against a convict, the sentence shall be executed **at any time after the hour of 6 p.m. on the day set for the execution** … .

Tex. Code Crim. Proc. art. 43.14(a). The second provision of Texas law relevant here is Tex. Code Crim. Proc. art. 43.141(c), which provides that "[a]n execution date may not be earlier than the 91st day after the date [of] the order setting the execution date."

These two elements of Texas law that govern the implementation of a sentence of death apply here by virtue of 18 U.S.C. § 3596(a). Two consequences flow from that fact.

First, Tex. Code Crim. Proc. art. 43.14(a) creates a window of time in which a scheduled execution must be carried out: from 6 pm until midnight on "the day set for the execution." This follows because (1) the statute forbids carrying out an execution before "6 p.m." on the relevant day, and after midnight, "the day set for the execution" has passed and a new day has begun. For that reason, if midnight tonight arrives without Mr. Hall's execution having begun, the government may not execute him until "after the hour of 6 p.m." on whatever new date is set for his execution. In short, even if the government claimed the right to execute Mr. Hall on November 20, 2020, it would have to wait until "after the hour of 6 p.m." on that date to do so, due to the combined effect of 18 U.S.C. § 3596(a) and Tex. Code Crim. Proc. art. 43.14(a).

Second, if midnight tonight arrives without Mr. Hall's execution having begun, the government will be obligated to set a new date for his execution. Under Tex. Code Crim. Proc. art. 43.141(c), that new date "may not be earlier than the 91st day after the date [of] the order setting the execution date."[1] For that reason, if Defendants have not begun Mr. Hall's execution by midnight, they must set a new execution date no sooner than February 2, 2021.

.

---

[1] In Texas, that "order" comes from a trial court judge, but in the federal system the relevant notice is given by Defendants.

3

**Conclusion and Prayer for Relief**

Wherefore, Plaintiff Orlando Hall prays that the Court enter an order directing Defendants to comply with Tex. Code Crim. Proc. arts. 43.14(a) and 43.141(c), as required by 18 U.S.C. § 3596(a).

Dated: November 19, 2020					Respectfully Submitted,

> */s/ Amy Lentz*
> Amy Lentz (DC Bar No. 990095)
> Steptoe & Johnson, LLP
> 1300 Connecticut Avenue NW
> Washington, DC 20036
> 202.429.1350
> Email: alentz@steptoe.com
>
> *Counsel for Plaintiff Orlando Hall*

# CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2020, I caused a true and correct copy of foregoing to be served on all following counsel via the Court's CM/ECF system.

Joshua Christopher Toll
KING & SPALDING LLP
(202) 737-8616
Email: jtoll@kslaw.com

Margaret O'Donnell
(502) 320-1837
Email: mod@dcr.net

Gerald Wesley King, Jr.
FEDERAL DEFENDER PROGRAM, INC.
(404) 688-7530
Email: gerald_king@fd.org

Charles Fredrick Walker
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
(202) 371-7000
Email: Charles.Walker@skadden.com

Alexander C. Drylewski
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
(212) 735-2129
Email: Alexander.Drylewski@skadden.com
(*pro hac vice application forthcoming)

Celeste Bacchi
OFFICE OF THE PUBLIC DEFENDER
Capital Habeas Unit
(213) 894-1887
Email: celeste_bacchi@fd.org

Jonathan Charles Aminoff
FEDERAL PUBLIC DEFENDER,
CENTRAL DISTRICT OF CALIFORNIA
(213) 894-5374
Email: jonathan_aminoff@fd.org

Gary E. Proctor
LAW OFFICES OF GARY E. PROCTOR, LLC
(410) 444-1500
Email: garyeproctor@gmail.com

Scott Wilson Braden
FEDERAL PUBLIC DEFENDER,
EASTERN DISTRICT OF ARKANSAS

Jonathan Kossak
Civil Division, Department of Justice
(202) 305-0612
Email: Jonathan.kossak@usdoj.gov

Jean Lin
Civil Division, Department of Justice
(202) 514-3716
Email: Jean.lin@usdoj.gov

Cristen Cori Handley
Civil Division, Department of Justice
(202) 305-2677
Email: Cristen.Handley@usdoj.gov

Paul F. Enzinna
ELLERMAN ENZINNA PLLC
(202) 753-5553
Email: penzinna@ellermanenzinna.com

Brandon David Almond
TROUTMAN SANDERS LLP
(202) 274-2864
Email: brandon.almond@troutmansanders.com

Donald P. Salzman
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
(202) 371-7983
Email: Donald.salzman@skadden.com

Steven M. Albertson
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
(202) 371-7112
Email: Steven.Albertson@skadden.com

Alexander Louis Kursman
OFFICE OF THE FEDERAL COMMUNITY DEFENDER/EDPA
(215) 928-0520
Email: Alex_Kursman@fd.org

Robert A. Ayers
STEPTOE & JOHNSON LLP
(202) 429-6401

(501) 324-6144
Email: Scott_Braden@fd.org

David Victorson
(202) 637-5600
HOGAN LOVELLS US LLP
Email: David.Victorson@hoganlovells.com

Jennifer Ying
MORRIS NICHOLS ARSHT & TUNNELL LLP
(302) 658-9300
Email: Jying@mnat.com

Andres C. Salinas
WILMER CUTLER PICKERING HALE & DORR LLP
(202) 663-6289
Email: Andres.Salinas@wilmerhale.com

Ryan M. Chabot
WILMER CUTLER PICKERING HALE & DORR LLP
(212) 295-6513
Ryan.Chabot@WilmerHale.com

Dale Andrew Baich
OFFICE OF THE FEDERAL PUBLIC DEFENDER
(602) 382-2816
Dale_Baich@fd.org

Johnny Walker
Assistant United States Attorney at United States Attorney's Office
johnny.walker@usdoj.gov

Bradley Humphreys
Civil Division, Department of Justice
bradley.humphreys@usdoj.gov

Scott Meisler
Criminal Division, Department of Justice
scott.meisler@usdoj.gov

Email: rayers@steptoe.com

Shawn Nolan
FEDERAL COMMUNITY DEFENDER OFFICE, EDPA
(215) 928-0520
Email: shawn_nolan@fd.org

Joseph William Luby
FEDERAL PUBLIC DEFENDER/EDPA
(215) 928-0520
Email: joseph_luby@fd.org

Pieter Van Tol
HOGAN LOVELLS US LLP
(212) 918-3000
Email: Pieter.Vantol@hoganlovells.com

Jonathan Jeffress
KAISER DILLON, PLLC
(202) 640-4430
Email: Jjeffress@kaiserdillon.com

Andrew Moshos
MORRIS NICHOLS ARSHT & TUNNELL LLP
(302) 351-9197
Email: Amoshos@mnat.com

Alan E. Schoenfeld
WILMER CUTLER PICKERING HALE & DORR LLP
(212) 937-7294
Email: Alan.Schoenfeld@wilmerhale.com

Ginger D. Anders (Bar No. 494471)
Jonathan S. Meltzer (Bar No. 888166546)
Brendan Gants (Bar No. 1031419)
MUNGER, TOLLES & OLSON LLP
1155 F Street N.W., Seventh Floor
Washington, D.C. 20004-1357
Ginger.anders@mto.com
Jonathan.meltzer_mto.com
Brendan.Gants@mto.com
(202) 220-1100

*Counsel for Plaintiff Brandon Bernard*

Timothy Kane
FEDERAL COMMUNITY DEFENDER OFFICE, EDPA
(215) 928-0520
Email: timothy_kane@fd.org

Dated: November 19, 2020                    Respectfully Submitted,


*/s/ Amy Lentz*
Amy Lentz (DC Bar No. 990095)
Steptoe & Johnson, LLP
1300 Connecticut Avenue NW
Washington, DC 20036
202.429.1350
Email - alentz@steptoe.com