UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

In the Matter of the
Federal Bureau of Prisons' Execution
Protocol Cases

LEAD CASE: *Roane, et al. v. Barr*

THIS DOCUMENT RELATES TO:

*Roane, at al. v. Barr*, No. 05-2337

Case No. 19-mc-0145 (TSC)

## REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COUNT IV OF PLAINTIFF DUSTIN HIGGS'S COMPLAINT

Plaintiff Dustin Higgs cannot escape the stringent requirement that, for his as-applied Eighth Amendment claim to survive a motion to dismiss, he must allege nonspeculative facts showing that the government's execution protocol creates a specific, individualized risk that is "sure or very likely" to cause needless suffering and "sufficiently imminent dangers." *Glossip v. Gross*, 576 U.S. 863, 877 (2015) (quoting *Baze v. Rees*, 553 U.S. 35, 50 (2008) (opinion of Roberts, C.J.)). As explained in Defendants' opening brief, ECF No. 306-1, Higgs falls well short of that "exceedingly high bar." *Barr v. Lee*, No. 20A8, 591 U.S. \_\_, 140 S. Ct. 2590 (2020) (per curiam). His claim relies on speculation compounded upon speculation: that he *may* contract or have contracted a disease that *may* result or have resulted in lasting lung damage, which, coupled with his asthma, would cause him to experience the alleged effects of pulmonary edema in some "augment[ed]" way. *See* Higgs Compl. ¶ 102, ECF No. 229-1. Because the Eighth Amendment prohibits only "wanton exposure to objectively intolerable risk . . . not simply the possibility of pain," *Baze*, 553 U.S. at 62, these allegations fail to make out an as-applied Eighth Amendment claim. Count IV of Higgs's complaint should therefore be dismissed. As the D.C. Circuit has reinstated Plaintiffs' general Eighth Amendment claim (Count II of Higgs's complaint), Higgs may

proceed on that claim alone. *See In re Fed. Bureau of Prisons' Execution Protocol Cases*, — F.3d —, No. 20-5329, 2020 WL 6750375, at *5–9 (D.C. Cir. Nov. 18, 2020).

Contrary to Higgs's mischaracterization of Defendants' argument, the flaw in Higgs's as-applied Eighth Amendment claim is not an insufficiency of "evidence," *see* Higgs Opp. at 3, ECF No. 329, but an insufficiency of plausible, nonspeculative allegations. Higgs's opposition brief does not address that insufficiency. Higgs does not deny that he has alleged no factual basis whatsoever to conclude that he has in fact contracted COVID-19. He does not allege that he has experienced any symptoms indicating that he had COVID-19, even accepting as true his own expert Dr. Zivot's opinion that individuals with asthma (like Higgs) are more susceptible to "severe" COVID-19 cases, *see* Zivot Decl. ¶ 17. And he does not allege that he has any reason to believe that he has suffered any lasting lung damage as a result of a past, hypothetical contraction of COVID-19. Higgs's speculative lung damage, based on his speculative contraction of COVID-19, does not come close to plausibly alleging a risk that is "sure or very likely" to cause needless suffering and "sufficiently imminent dangers," *Glossip*, 576 U.S. at 877, under the pleading standard of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

In the absence of any specific factual indication that he has contracted COVID-19, Higgs relies entirely on the fact that he is housed in a correctional facility to speculate that he has likely contracted COVID-19 without knowing it. This is an inferential leap too far. The mere fact that Higgs is in a federal penitentiary does not mean that he has unknowingly contracted COVID-19—much less a case of COVID-19 resulting in lasting lung damage. His allegation that he is incarcerated, standing alone, is insufficient to plausibly show any "sure or very likely" risks associated with COVID-19. *Glossip*, 576 U.S. at 877. Higgs also incorrectly claims to have

"plausibly alleged that the conditions and facilities at USP Terre Haute do not practically allow for social distancing or other preventive measures to protect Mr. Higgs from contracting the virus." Higgs Opp. at 5. In fact, Higgs's complaint and the Zivot declaration upon which it relies refer only vaguely to conditions at "correctional settings" generally. *See* Higgs Compl. ¶ 94; Zivot Decl. ¶ 15. Higgs provides no allegations about the specific health and safety measures in place at the United States Penitentiary at Terre Haute where he resides. Higgs also points to data reporting that, over the course of the pandemic, a total of 84 inmates at USP Terre Haute tested positive for COVID-19. Higgs Opp. at 5. But that is only about 6% of the total inmate population of 1,318 at USP Terre Haute, and Higgs fails to allege that he has been exposed to anyone who actually tested positive during a time when they were contagious or even that as a death-row inmate housed in USP Terre Haute's Special Confinement Unit (as are all death-row inmates at USP Terre Haute), he has come into contact at all with the rest of the prison population at USP Terre Haute. The Zivot declaration postulates that the reported number of cases is artificially low because "the majority of inmates housed at Terre Haute have never been tested for COVID-19." Zivot Decl. ¶ 16. As of this writing, however, 70 percent of the population of inmates at USP Terre Haute—933 out of a population of 1,318—have completed a COVID-19 test.[1]

While he provides no specific factual reason to conclude that he previously had COVID-19, Higgs notes he has adequately alleged that he suffers from asthma. Higgs Opp. at 4. But Higgs's asthma alone is not plausibly alleged to differentiate him from any of the other Plaintiffs who have generally alleged that they will experience the effects of pulmonary edema resulting from a lethal injection of pentobarbital. Higgs contends only that his asthma makes him possibly more

---

[1] *See* https://www.bop.gov/coronavirus/ (number completing a test); https://www.bop.gov/locations/institutions/thp/ (total inmate population).

3

susceptible to severe illness from COVID-19, which in turn may result in lung damage that could augment the alleged feelings of suffocation and drowning associated with pulmonary edema. Higgs Compl. ¶ 99; Zivot Decl. ¶ 17. Indeed, all mention of Higgs's asthma is confined to a section of his complaint under the heading "Risks of Executing Mr. Higgs with Pentobarbital During the Coronavirus Pandemic." Higgs Compl. at 24. And the only specific sensation that Higgs says that he may suffer directly from his asthma is "shortness of breath," which his expert acknowledges occurs "even without the presence of . . . barbiturates." Zivot Decl. ¶ 18. Thus, the only alleged effect of Higgs's asthma as it relates to the execution protocol is that it will make him more susceptible to a severe, lung-damaging case of COVID-19, in the event that he contracts or has contracted the virus. As explained above, however, Higgs's allegations that he has contracted or will contract COVID-19 and that he has sustained lung damage are purely speculative.

      Bereft of any factual allegations that could clear the high bar of *Glossip* and *Baze*, Higgs attempts to circumvent it. He argues that *Glossip* involved a three-day evidentiary hearing and *Baze* a seven-day bench trial, making them inappropriate sources of authority at the motion-to-dismiss stage. Higgs Opp. at 9. But these procedural distinctions make no difference for present purposes. The standard set forth in *Glossip* and *Baze*—that a successful plaintiff must plausibly allege that a method of execution is "sure or very likely" to cause "sufficiently imminent" suffering, *Glossip*, 576 U.S. at 877—is a legal requirement that must be satisfied at the pleading stage with factual allegations that are sufficiently detailed to establish a "plausible claim for relief." *Iqbal*, 556 U.S. at 683; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). The D.C. Circuit in this very case recognized that, to surmount the Eighth Amendment's "high bar" on a motion to dismiss, a plaintiff "must allege that the execution method is '*sure or very likely* to cause serious illness and needless

4

suffering,' and 'give rise to sufficiently *imminent* dangers.'" *In re Fed. Bureau of Prisons' Execution Protocol Cases*, 2020 WL 6750375, at *5 (quoting *Glossip*, 576 U.S. at 877 (in turn quoting *Baze*, 553 U.S. at 50)) (emphasis in *Glossip*). And courts of appeals have repeatedly and properly affirmed orders granting motions to dismiss Eighth Amendment claims that are too speculative to satisfy those requirements. *See Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (affirming dismissal of an Eighth Amendment claim because plaintiffs failed to "plead more than just a hypothetical possibility that an execution *could* go wrong") (emphasis in original); *Cook v. Brewer*, 637 F.3d 1002, 1006 (9th Cir. 2011) (affirming dismissal of Eighth Amendment challenge to lethal injunction protocol based on "speculative and overly generalized" allegations of harm). Higgs's highly speculative claim should meet the same fate.

Defendants acknowledge that the D.C. Circuit has now held that Plaintiffs' allegations for a general Eighth Amendment claim are sufficient to withstand a motion to dismiss. *See In re Fed. Bureau of Prisons' Execution Protocol Cases*, 2020 WL 6750375, at *5–9. For example, the D.C. Circuit has held that *Barr v. Lee*, No. 20A8, 591 U.S. __, 140 S. Ct. 2590 (2020) (per curiam), does not categorically foreclose claims alleging that plaintiffs will experience pulmonary edema from pentobarbital and that Plaintiffs have adequately alleged an alternative method of execution in the form of a pentobarbital injection accompanied by a pain-relieving anesthetic like fentanyl. Nevertheless, the "fundamental flaw" in Higgs's as-applied claim is that "it hinges on hypothetical speculation." *See* Defs.' Br. at 9. That flaw remains, and nothing in the D.C. Circuit's decision excuses it. For that reason, Count IV of Higgs's complaint should be dismissed.

\*   \*   \*

Respectfully submitted,

| | |
|---|---|
| JEFFREY BOSSERT CLARK<br>Acting Assistant Attorney General | MICHAEL R. SHERWIN<br>Acting United States Attorney |
| JEAN LIN<br>Special Litigation Counsel | DANIEL F. VAN HORN, D.C. Bar #924092<br>Chief, Civil Division |
| JONATHAN KOSSAK, D.C. Bar #991478<br>CRISTEN C. HANDLEY, MO Bar #69114<br>BRADLEY P. HUMPHREYS,<br>  D.C. Bar #988057<br>Trial Attorneys<br>Federal Programs Branch<br>Civil Division, Department of Justice<br>1100 L Street, N.W.<br>Washington, District of Columbia 20005<br>(202) 514-3716<br>jean.lin@usdoj.gov<br>jonathan.kossak@usdoj.gov<br>christen.handley@usdoj.gov<br>bradley.humphreys@usdoj.gov | By:  /s/ Johnny Walker<br>JOHNNY H. WALKER, D.C. Bar #991325<br>Assistant United States Attorney<br>555 4th Street, N.W.<br>Washington, District of Columbia 20530<br>Telephone: 202 252 2575<br>Email: johnny.walker@usdoj.gov<br><br>*Counsel for Defendants* |

Dated: December 3, 2020

# CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2020, I caused a true and correct copy of foregoing to be served on all following counsel of record via the Court's CM/ECF system.

Joshua C. Toll
King & Spalding LLP
(202) 737-8616
jtoll@kslaw.com

Margaret O'Donnell
(502) 320-1837
mod@dcr.net

*Counsel for Plaintiff Anthony Battle*

Alex Kursman
Shawn Nolan
Federal Community Defender Office,
E.D. Pa.
(215) 928-0520
alex_kursman@fd.org
shawn_nolan@fd.org

*Counsel for Plaintiff Alfred Bourgeois*

Joseph Luby
Federal Community Defender Office,
E.D. Pa.
(215) 928-0520
joseph_luby@fd.org

*Counsel for Plaintiff Chadrick Fulks*

Ginger D. Anders
Jonathan S. Meltzer
Brendan Gants
Munger, Tolles & Olson LLP
(202) 220-1100
ginger.anders@mto.com

*Counsel for Plaintiff Brandon Bernard*

Scott W. Braden
Arkansas Federal Defender Office
(501) 324-6114
Scott_Braden@fd.org

Jennifer Ying
Andrew Moshos
Morris, Nichols, Arsht & Tunnell LLP
(302) 658-9300
jying@mnat.com
amoshos@mnat.com

*Counsel for Plaintiff Norris G. Holder, Jr.*

Amy Lentz
Steptoe & Johnson, LLP
(202) 429.1320
alentz@stepoe.com

*Counsel for Plaintiff Orlando Hall*

Shawn Nolan
Federal Community Defender Office,
E.D. Pa.
(215) 928-0520
shawn_nolan@fd.org

*Counsel for Plaintiff Dustin Higgs*

Jon Jeffress
KaiserDillon PLLC
(202) 640-2850
jjeffress@kaiserdillon.com

Timothy Kane
Shawn Nolan
Federal Community Defender Office,
E.D. Pa.
(215) 928-0520
timothy_kane@fd.org
shawn_nolan@fd.org

*Counsel for Plaintiff Dustin Lee Honken*

David S. Victorson
Hogan Lovells US LLP
(202) 637-5600
david.victorson@hoganlovells.com

Pieter Van Tol
Hogan Lovells US LLP
(212) 918-3000
pieter.vantol@hoganlovells.com

*Counsel for Plaintiff Daniel Lewis Lee*

Gregory S. Smith
(202) 460-3381
gregsmithlaw@verizon.net

*Counsel for Plaintiff William LeCroy*

Donald P. Salzman
Charles F. Walker
Steven M. Albertson
Skadden, Arps, Slate, Meagher & Flom LLP
(202) 371-7983
donald.salzman@skadden.com

*Counsel for Plaintiff Corey Johnson*

Shawn Nolan
Federal Community Defender Office,
E.D. Pa.
(215) 928-0528
shawn_nolan@fd.org

Gary E. Proctor
Law Offices of Gary E. Proctor, LLC
(410) 444-1500
garyeproctor@gmail.com

*Counsel for Plaintiff Jeffrey Paul*

2

<div style="display: flex;">
<div>

Gerald W. King, Jr.
Jeffrey Lyn Ertel
Federal Defender Program, Inc.
(404) 688-7530
Gerald_King@fd.org
Jeff_Ertel@fd.org

Brandon D. Almond
Troutman Sanders LLP
Washington, D.C. 20004
(202) 274-2864
brandon.almond@troutmansanders.com

*Counsel for Richard Tipton, III*

</div>
<div>

Alan E. Schoenfeld
Ryan M. Chabot
Wilmer Cutler Pickering Hale and Dorr LLP
(212) 230-8880
Alan.Schoenfeld@WilmerHale.com
Ryan.Chabot@WilmerHale.com

Andres C. Salinas
Wilmer Cutler Pickering Hale and Dorr LLP
 (202) 663-6289
Andres.Salinas@WilmerHale.com

*Counsel for Wesley I. Purkey*

</div>
</div>

Dale A. Baich
Jennifer M. Moreno
Federal Public Defender
District of Arizona
(602) 382-2816
dale_baich@fd.org
jennifer_moreno@fd.org

*Counsel for Plaintiff Keith Nelson*

Amy Karlin
Interim Federal Public Defender
Celeste Bacchi
Jonathan C. Aminoff
Deputy Federal Public Defenders
(213) 894-2854
celeste_bacchi@fd.org

*Counsel for Plaintiff Julius O. Robinson*

Paul F. Enzinna
Ellerman Enzinna PLLC
(202)753-5553
penzinna@ellermanenzinna.com

*Counsel for Plaintiff James H. Roane, Jr.*

Evan Miller
Vinson & Elkins LLP
(202) 639-6605
emiller@velaw.com

*Counsel for Bruce Webster*

  /s/Johnny Walker
Assistant United States Attorney

*Counsel for Defendants*

3