UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of the Federal Bureau of Prisons' Execution Protocol Cases,<br><br>LEAD CASE: *Roane, et al. v. Barr*<br><br>THIS DOCUMENT RELATES TO:<br><br>*Bernard. v. Barr*, 20-cv-474 | Case No. 19-mc-145 (TSC) |

## ORDER

The court has received the attached motion from Plaintiff Brandon Bernard, dated November 20, 2020, requesting that the court enter a preliminary injunction staying his execution. However, the record in this case indicates that Mr. Bernard is currently represented by counsel. (S*ee Bernard v. Barr*, No. 20-cv-474.) Moreover, Plaintiff's counsel filed a motion seeking to preliminarily enjoin Mr. Bernard's execution. (*See* ECF No. 335). Plaintiff is reminded that all communications with the court and all motions shall be made through counsel. Accordingly, leave to file the motion is hereby DENIED.

Date: December 4, 2020

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| To: The Honorable Tanya S. Chutkan<br>District Court Judge<br>District of Columbia | ) ) ) ) ) ) | "CAPITAL CASE"<br><br>"PENDING EXECUTION DATE DECEMBER 10, 2020" |

---

I, Petitioner Brandon Bernard,(Bernard), pro se, come before this Court with a pending execution date set for December 10, 2020. Due to my execution date and the long delays with mail delivery, I plea with this Court to accept and docket the following motion. I am represented by counsel, to whom I've sent a copy of this motion to, and I would like for counsel to be able to maintain said representation and be able to file a "corrected" motion, under the same facts set within the following mation. I have only resorted to filing this myself because of my situation, and my fear that the following motion might get lost, or not arrive to counsel in enough time.

I pray for this Court's compassion, and I pray that the Court will see that the following motion has merit and deserves this Court's attention.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on November 20, 2020.

Respectfully submitted,

*/s/ Brandon Bernard*

Brandon Bernard
91908-080
P.O. BOX 33
Terre Haute, IN. 47808

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Brandon Bernard,
        Plantiff,

v

President Donald Trump,
Attorney General Willaim Barr,
Regional Director of the Federal Bureau of Prisons,
Warden T.J. Watson of Terre haute Federal Prison,
and "John Doe(s)" involved with the lethal injection
protocol and/or carrying out its process,
        Defendants.

"CAPITAL CASE"

"PENDING EXECUTION DATE DECEMBER 10, 2020"

---

## MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

---

I, Plaintiff Brandon Bernard, (Bernard), pro se, seek leave to proceed In Forma Pauperis to file the attached motion for a stay of execution and/or an injunction, without payment or cost because of my poverty.

I have granted leave to proceed In Forma Pauperis, because of my poverty, in the folling Circuits and/or Courts;

    Fifth Circuit Dist. Court and Court of Appeals,

    Seventh Circuit Dist. Court,

    and The United States Supreme Court...

The motion to proceed In Forma Pauperis has been granted in all of the above-mentioned Courts pursuant 18 U.S.C. 3006A(a)(2)(B), and/or 18 U.S.C. 3599(a), and I plea with this Court to grant this motion under the same statute, for the same reasons accepted by those Courts.

I declare under the penalty of perjury that the foregoing is true and correct.

        Executed on _November 20_, 2020.

Respectfully submitted,

Brandon Bernard
91908-080
P.O. BOX 33
Terre haute, IN. 47808

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Brandon Bernard,
    Plaintiff,

v

President Donald Trump,
Attorney General William Barr,
Regional Director of the Federal Bureau of Prisons,
Warden T.J. Watson of Terre Haute Federal Prison,
and "John Doe(s)" involved with the lethal injection
protocol and/or the carrying out of its process,
    Defendants.

"CAPITAL CASE"
"PENDING EXECUTION DATE DECEMBER 10 2020"

## MOTION TO SEEK LEAVE TO FILE A MOTION FOR A STAY OF EXECUTION AND/OR AN INJUNCTION

Plaintiff Brandon Bernard, ("Bernard") "pro se"[1], has been giving an execution date set for December 10, 2020, at the request of President Donald Trump (Trump), Attorney General William Barr (Barr), and The Justice Department (J.D.). Where above-mentioned defendants have tasked the execution of Benard to be carried out at Terre Haute's Federal Prison, under the guidance and/or supervision of Warden T.J. Watson (Watson), and "John Doe(s)" (John Doe(s)).

For the following reasons set forth in this motion, and due to Barr and the J.D. commanding courts to "expedite" any appeals and/or litigation filed on behalf of anyone whom they have set an execution date on. Bernard seeks a stay of execution, and/or seeks a preliminary or permanent injunction.

Bernard asks for this Court to grant this stay in good faith, pursuant the Fifth Amendment's demand that was placed upon both prosecutors and court that "[n]o person", including Bernard, "shall be held to answer for a capital [] crime, 'unless' on a[n] . . . indictment of a Grand Jury", (quoting U.S. Const. amend. V) (emphasis added in relevant part), and pursuant the Eighth Amendment's demand that Bernard not be subjected to "cruel

---

[1] Bernard has been giving an execution date for December 10, 2020. Due to COVID, the slow mail service, and the J.D.'s rush to speed up executions. Bernard wants to ensure that in the "interest of justice" and fundamental fairness, that this motion will be docketed in time, and that the Court will allow counsel of record to file an amended motion to correct or change what needs to be changed. All changes being within the context of this motion only.

1

and unusual punishment." Which ask this Court to determine whether the Fifth Amendment "prohibits" said defendants from initiating any actions in relation to the lethal injection protocol; strapping Bernard to the gurney; sticking a needle into Bernard's arm; and "prohibits" said defendant and John Doe(s) from administering a lethal dose of Pentobarbital through the tube attached to the needle, and commit what autopsy's deem to be a "homicide."

As Bernard makes clear in this motion, he is not only "ineligable" from being subjected to actions in relation to the lethal injection protocol. Bernard also shows that the defendant's are "prohibited" under the Fifth Amendment to carry out an execution against Bernard, where the defendant's concede that the government omitted the necessary statutory aggravating factors and capital mens rea. United States v Brandon Bernard, 299 f.3d 467,488-89 (5th Cir. 2002). (Court conceding the indictment didn't allege the statutory aggravating factors or capital mens rea, but finding the error didn't amount to "plain error.") See also United States v Brandon Bernard, 762 F.3d 467,482 (5th Cir. 2014). Without which makes Bernard's execution unconstitutional because such a punishment was never authorized by those who held the sole constitutional power to authorize such a punishment; Bernard's grand jury. See Smith v United States, 360 U.S. 1,13 (1959) ("The grand jury should have this information 'before it returns a capital charge', otherwise, 'none should exist under the indictment. [Because] the Court deprives the defendant of the safeguard of the proper grand jury proceedings as required by the Constitution in capital cases.) (emphasis added). See also Id., at 14. ("In filing the [statutory aggravating factors and capital mens rea] under the [Notice Of Intent To Seek The Death Penalty], the Government forecloses itself from seeking the death penalty. The Fifth Amendment . . . would prevent it from reneging [on what it only asked the grand jury to return the indictment on]. [And] "'the only possible sentence' would, therefore, be one for a [life sentence or] "a term of years.") (emphasis added).

Moreover, Bernard having to endure a single thought of being executed. Bernard having to be strapped to a gurney. Bernard having a needle inserted into his his flesh. And Bernard having to feel the effects of Pentobarbetal running through his veins as it will eventually stop Bernard's heart, is a "cruel and unusual punishment" and a clear violation of Bernard's Fifth and Eighth Amendment rights. Because it's unconstitutional to initiate the lethal injection protocol, and use a lethal dose of pentobarbetal to execute Bernard when Bernard's grand jury "never" authorized the defendant's to carry out such a sentence against him.

### INTRODUCTION

Both the government and the Fifth Circuit concede that Bernard's indictment; purported facts; allegations; charges; and the possibility of any punishment sought, omitted the statutory aggravating factors and capital mens rea for imposition of the death penalty. Bernard, 299 F.3d at 488-89. See also Bernard, 762 F.3d at 482. Without which, "prohibits" the defendants from using pentobarbetal or any other drug to execute Bernard. Because "'unless' on ā[n] . . . indictment of a Grand Jury", then "[n]o person", including Bernard, "shall be held to answer for a capital [] crime"; pentobarbetal. (quoting U.S. Const. amend. V) (emphasis added).

Despite the government and the Fifth Circuit depriving Bernard of the safegard of the proper grand jury proceedings, and then creating a structural error by constructively amending Bernard's indictment at trial by presenting proof of the statutory aggravators that were omitted from Bernard's indictment. Both the government and the Fifth Circuit concede that the error took place, but that the "error didn't amount to 'plain error.'" Bernard, 299 F.3d at 488-89.

First, the Fifth Amendment of the constitution itself "prohibits' the defendants from initiating and/or carrying out any actions in relation to the lethal injection protocol, and then makes bernard "ineligeble" to 'be held to answer for a capital'[sentence of death]. Because "'unless' on a[n] . . . indictment of a 'Grand Jury'", then "[n]o person", including Bernard, "shall be held to answer for a capital [] crime." See Kesavan, The three tiers of Federal Law, 100 N.W. U. L. Rev. 1479, 1499, n.99 (2006) ("It is unnecessary for the Constitution to specify that 'it is superior to other law because it is higher law made by We the People - and the only such law.'").

Second, neither does the Fifth Amendment, in its use of the word "unless", nor any Supreme court precedent case law allow room for the government nor the Fifth Circuit to speculate, guess, or even infer what the Grand Jury would've done in situations where they were never asked to make such a decision from the indictment submitted to them. Because the Constitution specifically identifies the controlling authority as the "Grand Jury." It does not give any indication that the government nor any Court can possess the power of a grand jury. And neither does it give the government nor the Fifth circuit the ability to speculate that evidence introduced at trial can justify such a violation. See United States v Dionisio, 410 U.S. 1, 16-17 (1973) (Holding that an indictment of a grand jury "presupposes an investigative body 'acting independently of either prosecuting attorney or judge.'") (emphasis added); see also Vasquez v Hillery, 474 U.S. 254,263 (1986) (Holding that only "[t]he grand jury [decides to] charge a greater offense or

3

a lesser offense; numerous counts or a single count; and perhaps most significant of all, 'a capital offense or a noncapital offense -- all on the basis of the same facts.'"). (emphasis added).

Third, if the prosecutor; the indictment's draftsman, wasn't satisfied with the parameters within which they confined their indictment; charges and punishment to, they were under no obligation to sign the return and could've refiled a superseding indictment for what all they wanted to charge. See United States v Batchelder, 442 U.S. 114,124 (1979) ("Whether to prosecutor and what charge to file or bring before the grand jury are decisions that generally rest in the prosecutor's description."). But once the prosecutor signed Bernard return, it is a "'settled rule in the Federal Courts' that 'an indictment may not be amended except by resubmission to the grand jury.'" Russell v United States, 369 U.S. 749,770 (citing ex parte Bain, 121 U.S. 1 (1887)) (internal citation omitted)(emphasis added).

Fourth, if this was a "State case" and the prosecutor did as they have done in Bernard's case; bypassing the grand jury and submitting the "neccessary" statutory aggravating factors to enhance Bernard's case to a capital one in the "Government's Notice Of Intent To Seek The Death penalty". Which would make the Notice Of Intent To Seek The Death Penalty the functional eqivalent of the "States" Bill of Particulars. Then Bernard could be held to answer for a capital crime, and going forward with his execution would be constitutional. Because "no 'federal right to a grand jury exists in State prosecutions'", because "it does not require 'the States' to observe the fifth Amendment provisions for presentment or 'indictment by a grand jury.'" Alexander v Louisiana, 405 U.S. 625,633 (1972).

Bernard's case is Federal, and therefore the Constitution's demand that "[n]o person", including Bernard, "shall be held to answer for a capital [] crime", prohibits the defendants from initiating the lethal injection protocol and makes Bernard ineligeble for the defendant's to use Pentobarbital on him when his indictment failed to charge the "necessary" statutory aggravating factors and capital mens rea. Which are required for imposition of the death penalty.

Fifth, the violation is clearly structural because it "affect[ed] the framework within which [Bernard's] trial proceed[ed], rather than it being simply an error in the trial process itself." Arizona v Fulminante, 499 U.S. 279,309-10 (1991). because Bernard's

4

arraignment, defense counsel, defense counsel's strategy, the motion's filed by counsel, the jury questionnaires, the jury members, and Bernard's trial all functioned under a capital scheme when they were all suppose to operate in a noncapital nature.

Lastly, Bernard having ot think about being put to death with Pentobarbital. Bernard having to be strapped to a gurney. bernard having a needle stuck into his flesh. And the defendant's using Pentobarbital as a means of taking Bernard's life is the truest essence of what has been deemed a "cruel and unusual punishment." (collecting cases).

Pentobarbital has been adopted by the defendants as the new drug of choice to carry out executions. But Pentobarbital, as held by the Justice department is reserved for prisoner's who have received the "death penalty". Which makes the protocol challengable under Bernard's Fifth Amendment right to not "be held to answer for a capital [] crime", (quoting u.S. Const. amend. V). Because such a sentence and carrying that sentence out was never authorized by Bernard's grand jury. And because Bernard's grand jury never authorized Bernard to be eligible for a capital crime, nor that such a sentence be carried out by the defendants. The defendant's must show that executing Bernard, whose grand jury never authorized such a punishment, isn't subjecting Bernard to what can be seen as a "cruel and unusual punishment.'

A stay and/or injunction is clearly warranted under the circumstances presented here. Where a substantial part of the events giving rise to the claims made herein was structured in Washington DC; at the urging of Presedent Donald Trump; structured by Attorney General William Barr; and then tasked to be carried out at Terre haute, Indiana's federal Prison under the supervision and/or guidance of T.J. Watson and John Doe(s). Where Bernard can demonstrate either that he is entitled to a stay as a matter of right, see Barefoot v Estelle, 463 U.S. 880,888 (1983), superseded on other grounds by 28 U.S.C. 2253(c), or that he should receive a stay as a matter of equity, Hill v McDonough, 547 U.S. 573,584 (2006). Where a "substantial legal issue" exists when there are "substantial grounds upon which relief 'might be granted'" to Bernard, Id, at 895, that Bernard "can ma[ke] a strong showing that he is likely to succeed on the merits," that Bernard "will be irreparably injured absent a stay", that the "issuance of the stay will [not] substantially injure the other parties interested in the proceeding", and that "the public interest" favors a stay. Nken v Holder, 556 U.S. 418,434 (2009).

### JURISDICTION

Bernard invokes this Court's jurisdiction pursuant 28 U.S.C. 1331, in that it

arises under the constitution and laws of the united states, see <u>Bivens v Six unknown Agents</u>, 403 U.S. 388, 390-97 (1971), in that it seeks to secure prospective, equitable relief directly under the Constitution, specifically the Fifth and eighth Amendments; under 28 U.S.C. 2201(a), in that one purpose of this action is to secure preliminary and permanent injunctive relief under 28 U.S.C. 2202; in that another purpose of this action is to secure declaratory relief. Furthermore, judicial review of the agency action at issue is authorized by the APA, 5 U.S.C. 702, 704, and 706, and this Court has venue under 28 U.S.C. 1391(b)(2).

## ARGUMENT

### BERNARD CANNOT "BE HELD TO ANSWER FOR A CAPITAL CRIME" PURSUANT THE THE SAFEGUARDS SET FORTH IN THE FIFTH AMENDMENT'S INDICTMENT CLAUSE

To be "sufficient", Bernard's "indictment 'must contain [] the elements of the offense charged.'" <u>Hamling v United States</u>, 418 U.S. 87,117 (1974) (emphasis added). Where this is rooted in a command that is placed upon both prosecutors and courts, through the Constitution's Fifth Amendment text, commanding that "[n]o person", including Bernard, "shall be held to answer for a capital [] crime, 'unless' on a[n] . . . indictment of a Grand Jury." With the Founder's intentional use of the word "unless" in the Fifth Amendment's text essentionally warning both the prosecutors and courts that "'unless' [i]n a[n] indictment of a Grand Jury", then "[n]o person," especially Bernard, "shall be held to answer for a capital [] crime." (emphasis added).

In the present case, neither the prosecutor nor the Fifth Circuit would take heed to the Fifth Amendment's warning, as both the government and the Fifth Circuit concede that Bernard's indictment did not contain all of the elements of the offense charged. Because the government failed to allege in Bernard's indictment the mental state the government intended to prove at trial and sentencing under 18 U.S.C. 3592(c)(8), and because they also failed to allege in Bernard's indictment what statutory aggravating factors the government intended to prve at Bernard's trial and sentencing under 18 U.S.C. 3592(c)(6) and (9). Which prohibited Bernard's proceedings and the possibility of punishment from being capital in nature and effect.

Yet, after Bernard's indictment was returned by his grand jury, and after the prosecutor signed the retun, the government would present for the first time 18 U.S.C. 3592(c)(8) and 3592(c)(6) and (9) in the government's Notice Of Intent To Seek The Death Penalty. Where both would "opperate as the functional equivalent of 'an element of a

6

greater offense.'" Ring v Arizona, 536 U.S. 584,609 (2000) (quoting Apprendi v New Jersey, 530 U.S. 466,494 (2000)), when they both constructively amended Bernard's grand-jury-approved-non-capital-case to proceed to trial within the framework of one that was capital in nature and effect, and would result in Bernard having to "answer for a capital [] crime", that Bernard's indictment and the Fifth Amendemnt prohibits. Thus, demanding that the aggravating factors that were omitted from Bernard's indictment and later used to enhance Bernard's proceedings and punishment, "must appear in the indictment." jones v United States 526 U.S. 227,243 n.6 (1999) (emphasis added).

To justify upholding such a serious and clear constitutional violation that has resulted in Bernard being "held to answer for a capital [] crime"; death by lethal injection, at the request and actions of the defedants.The government suggests and the Fifth Circuit has hitched its reasoning on the conclusion that is based on "overwhelming evidence." United States v Bernard, 762 F.3d 467, 482-83 (2014). See Costello v United States , 350 U.S. 359, 362-63 (1956) ("No case has been cited, 'nor have we been able to find any furnishing an authorization for looking into and revising the judgment of the grand jury **upon the evidence.'"**) (emphasis added). Because Bernard's grand jury is a "constitutional fixture 'in its own right'", United States v Chanen, 549 F.2d 1306,1312 (CA() (quoting Nixon v Sirica, 159 U.S. App. D.C. 58, 70, n.54 (1973)), (emphasis added), "'no judge' presides to monitor its proceedings, 'it deliberates in secret,' and 'may dertermine alone thecourse of its inquiry,'" Calandra, 414 U.S. at 343 (emphasis added), and "[i]f it lies within the province of a court to change the charging part of an indictment 'to suit its own notions of what it ought to have been,' or 'what the grand jury would have **probably have made it"** if their attention has been called to suggested changes,' the great importance which the common law attaches to an indictment **'by a grand jury'**, as a prerequisite to a prisoner's trial for a crime, and without which the Constitution says **'no person shall be held to answer,'** may be frittered away until its value is almost destroyed." ex parte Bain, 121 U.S. at 10. (emphasis added). Which is why the Founders, through the Constition, gave sole authority and descrection to "a Grand Jury", (quoting U.S. Const. amend. V), and never once gave any indication that that descrection, power, nor authority can be allocated to a prosecutor nor judge, at any time, or at a later date.

Then, both the government and the Fifth Circuit have justified upholding Bernard's unconstitutional sentence of death, and now seeks his execution, by suggesting that because the government would come "after the grand jury returned its indictment and the prosecutor signed the return", that because they set forth the ommited statutory aggravating factors and capital mens rea in the government's "Notice Of Intent To Seek The Death Penalty",

7

that such a late and unauthorized action cab somehow cure a constitutional violation that "affect[ed] the framework within which Bernard's trial proceed[ed]." Id.

Again, the Constitution commands that "[n]o person", including Bernard, "shall be held to answer for a capital [] crime, 'unless' on a[n] . . . indictment of a Grand Jury." (quoting U.S. Const. amend. V) (emphasis added). Nowhere in its text did it or does it suggest in the least that the government nor any court can bypass the grand jury and put in its place "the government's Notice Of Intent To Seek The Death penalty" to take its place. See A. Amar. America's Constitution, 5 (2005) (explaining that the Constitution "'outranks other sources of law' is inherent in its nature."); Kesavan, The Three Tiers of Federal Law, 100NW. U. L. Rev. 1479, 1499, n.99 (2006) (arguing that "[i]t is unnessary for the Constitution to specify that 'it is superior to other law because it is higher law made by We the People - and the only such law.'") And "because the Constitution is supreme over other sources of law, it requires [courts] to privelege its text over [courts] precedents 'when the two are in conflict.'" Id. at 350.

The Constitution forewarned the government that Bernard could not "be held to answer for a capital [] crime", a sentence of death, "unless on a[n] . . . indictment of a Grand Jury." The only cure for such a violation was for the government to go back to the grand jury and seek a superseding indictment, and charge the ommiteed statutory aggravating factors that they planned to use against Bernard at trial. And because the government chose not to do so, they intentionally violated Bernard's right to a Grand jury. See United States v Pennington, 2003 U.S. Dist. LEXIS 24478 No. 3:01-cr-35-R, Slip op. at 3 (W.D. KY. Feb. 21, 2003) (granting the defendant's motion to preclude imposition of the death penalty where the indictment did not allege death-qualifying statutory aggravating factors or requisite mens rea, and the government did not seek a superseding indictment prior to jeopardy attaching. Notwithstanding the acknowledged mandate from the Attorney General to seek a superseding indictment in all pending "federal Death Penalty" cases so as to include the requisite intent and statutory aggravators.); see also United States v Regan, 221 F. Supp. 2d 672, 675 (E.D. VA. 2002) (Noting in light of Ring v Arizona, the government filed a superseding indictment "re-alleging" espionage and "including the statutory aggravating factors previously set forth only in the Notice Of Intent To Seek The Death penalty.").

With the Attorney General informing all prosecutors to go back and seek superseding indictments, "re-alleging" the statutory aggravating factors and capital mens rea, for imposition of the death penalty in "all Federal Death penalty cases." It's clear that

8

Bernard's prosecutors knew that they were violating Fifth Amendment right to an indictment "of a Grand Jury", when it's always been known that only Bernard's grand jury has the power and authority to "charge a greater offense or a lesser offense; numerous counts or a single count; and perhaps most significant of all, 'a capital offense or a noncapital offense -- all on the basis of the same facts.'" Vasquez, 474 U.S. at 263 (emphasis added). And "a court 'cannot permit' a defendant to be tried on charges that are not made in the indictment against him." Stirone, 361 U.S. at 217. Because "after an indictment has been returned its charges" nor the possibility of punishment " may be broadened through amendment except by the grand jury itself." Id at 215-16.

In Bernard's case, when the government intentionally and deliberately bypassed the grand jury, then substituted Bernard's constitutional right to a grand jury and right to an indictment for the charges and punishment he now faces, they simply put in its place a "Notice Of Intent To Seek The Death Penalty" as a Bill of Particulars", and proceeded to enhance Bernard's charges and punishment under the State's posture. See Alexander, 405 U.S. at 633 (Holding that "no federal right to a grand jury exists in States prosecutions", because the Constitution "does not 'require the states' to observe the Fifth Amendment provisions for presentment or indictment by a grand jury.") (emphasis added).

So, "[i]n filing the [statutory aggravating factors and capital mens rea] under the [Notice Of Intent To Seek The Death Penalty], the Government forecloses itself from seeking the death penalty. The Fifth Amendment . . . would [then] prevent it from reneging [on what it only asked the grand jury to return Bernard's indictment on]. [And] 'the only possible sentence would, therefore, be one for a "life sentence or" a term of years." Smith, 360 U.S. at 13. Thus, prohibiting the defendant's from initiating any actions in relation to the death penalty protocol being used against Bernard. Because under the Constitution, Bernard is ineligible to receive a death sentence, much less have the defendant's use the drug pentobarbital when Bernard's grand jury never authorized the defendant's to use such a punishment against Bernard.

Bernard does not have a death sentence that was authorized by his grand jury. A stay and/or injunction is warranted under the circumstances presented and should be granted to make the defendant's answer as to how they can constitutionally proceed forward with using the lethal injection protocol and the drug pentobarbital against Bernard when Bernard's grand jury never authorized it to take place. Where an unauthorized sentence, where the government is seeking to take Bernard's life as a results, is the essence of subjecting Bernard to a "cruel and unusual punishment" when the Fifth Amendment prohibits

9

it.

### THE CONSTITUTION PROHIBITS BERNARD FROM BEING "HELD TO ANSWER FOR A CAPITAL CRIME" AND CARRYING OUT THE LETHAL INJECTION PROTOCOL AND USING THE DRUG PENTOBARBITAL WOULD BE A "CRUEL AND UNUSUAL PUNISHMENT"

Most, if not all Eighth Amendment "cruel and unusual punishment" claims rest solely on whether the drugs chosen to carry out an execution would cause pain, and/or that another option that would lead to a less painful death should be found. (collecting cases). But that is not the case here and what makes Bernard's argument so unique. Bernard's motion specifically challenges, and/or calls into question whether Bernard is "prohibited" from receiving a sentence of death when the defendant's waived their opportunity to seek such a punishment after they signed the return of the indictment? Especially when "charges" and a punishemnt "may not be broadened through amendment except by the grand jury itself." Stirone, 361 U.S. at 215-17. If, as the defendant's claim, that the lethal injection protocol, and the drug Pentobarbital is only reserved for those who have been constititionally charged by a grand jury for a capital offense and the grand jury authorized that such a punishment can be carried out. Then Bernard Cannot "be held to answer for a capital [] crime", because it was not authorized by the only people who could authorize such a punishment to be carried out; Bernard's "Grand Jury." (quoting U.S. Const. Amend. V).

A stay and/or injunction is clearly warranted, where there is an issue within which there are "substantial grounds upon which relief might be granted." Barefoot, 463 U.S. 895. see also Gamble v United States, 204 L.ed.2d 322,348 (2019) (Holding that "[i]f . . . any solemnly adjudged case can be shown to be founded in error, 'it is no doubt 'the right'" and 'the duty' of the judges who have a similar case before them, to correct the error.'")(Thomas, J., concurring).

Bernard prays that this Court will grant this motion, allow further briefing, allow oral arguments, grant a stay and/or injunction, and make the defendant's answer to how Bernard can "be held to answer for a capital [] crime", without getting the constitutional authority bu his grand jury, (quoting U.S. Const. amend. V), where initiating the defedant's protocol and using Pentobarbital would be a "cruel and unusual punishment" that the Fifth and Eighth Amendment's "prohibit" the defendant's from proceeding forward with and carrying out on the execution date that the defendant's have scheduled.

Respectfully submitted,

Brandon Bernard
91908-080
P.O. BOX 33
Terre Haute, IN.
47808