UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| In the Matter of the Federal Bureau of Prisons' Execution Protocol Cases,<br><br>LEAD CASE: *Roane, et al. v. Barr*<br><br>THIS DOCUMENT RELATES TO:<br><br>*Roane, et al. v. Barr*, 05-cv-2337 | Case No. 19-mc-145 (TSC) |

## MEMORANDUM OPINION

Defendants have moved to dismiss Plaintiff Dustin Higgs' as-applied Eighth Amendment challenge in Count IV of his Complaint for failure to state a claim. Higgs' Complaint contains claims that are nearly identical to the claims pressed by the other plaintiffs in this consolidated action except for Count IV, in which Higgs alleges that his asthma and his likely exposure to COVID-19 while housed at USP Terre Haute make it especially likely that he will suffer from severe and immediate flash pulmonary edema—a rapid accumulation of fluid in the lungs, "which produces sensations of drowning and asphyxia." (ECF No. 229-1, Higgs Compl. ¶¶ 81–82.) Thus, he argues, Defendants are deliberately indifferent to the substantial risk of severe pain brought about by "his asthma and likely exposure to COVID-19," in violation of the Eighth Amendment. (*Id.* ¶ 171.) Because this claim fails to present a non-speculative injury, Defendants' motion to dismiss Count IV for failure to state a claim will be GRANTED.

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim "tests the legal sufficiency of a complaint." *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678

1

(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible when the factual content allows the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  A plaintiff's factual allegations need not be "detailed," but "the Federal Rules demand more than 'an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *McNair v. District of Columbia*, 213 F. Supp. 3d 81, 86 (D.D.C. 2016) (quoting *Iqbal*, 556 U.S. at 678).

The Eighth Amendment forbids "long disused (unusual) forms of punishment that intensif[y] the sentence of death with a (cruel) 'superadd[ition]' of 'terror, pain, or disgrace,'" *Bucklew v. Precythe*, 139 S. Ct. 1112, 1124 (2019) (quoting *Baze v. Rees*, 553 U.S. 35, 48 (2008)), but "[it] 'does not demand the avoidance of all risk of pain in carrying out executions,'" *id.* at 1125 (quoting *Baze*, 553 U.S. at 47).  The Supreme Court requires inmates challenging a method of execution to establish initially that the method "is '*sure or very likely* to cause serious illness and needless suffering,' and give[s] rise to 'sufficiently *imminent* dangers.'"  *Glossip v. Gross*, 576 U.S. 863, 877 (2015) (quoting *Baze*, 553 U.S. at 50).  "[T]here must be 'a substantial risk of serious harm,' an 'objectively intolerable risk of harm' that prevents prison officials from pleading that they were 'subjectively blameless for purposes of the Eighth Amendment.'" *Id.* (quoting *Baze*, 553 U.S. at 50); *see also In re Fed. Bureau of Prisons' Execution Protocol Cases*, 980 F.3d 123, 133 (D.C. Cir. 2020) (finding that "[b]y pleading that the federal government's execution protocol involves a 'virtual medical certainty' of severe and torturous pain that is unnecessary to the death process and could readily be avoided by administering a widely

2

available analgesic first, the Plaintiffs' complaint properly and plausibly states an Eighth Amendment claim").[1]

Taking the allegations in the Complaint as true, the court finds that Higgs has failed to state a claim for relief. Higgs suffers from severe asthma, a condition for which he uses an inhaler several times each day in order to breathe properly. (Higgs Compl. ¶ 99.) But he does not claim that his asthma alone will increase the likelihood that he will suffer from flash pulmonary edema. Rather, relying on the declaration of Dr. Joel Zivot, an associate professor at the Emory University School of Medicine, he alleges that his "likely exposure to COVID-19 while in BOP custody increases the risk that he will have lung damage that augments the sensations of drowning and suffocation caused by pentobarbital injection." (*Id.* ¶ 102 (referencing Higgs Compl. Ex. C, Zivot Decl. at 5).) In fact, Higgs claims that, given his underlying respiratory condition and his confinement in a facility with a growing COVID-19 outbreak, "executing him pursuant to the 2019 Protocol is 'virtually certain to cause extreme pain and suffering.'" (*Id.* ¶ 103 (quoting Zivot Decl. at 6.) He also presents evidence indicating the prevalence of COVID-19 in correctional facilities, particularly USP Terre Haute. (*See id.* ¶¶ 94–95.)

Assuming all these statements are true, Higgs' as-applied claim rests on two assumptions: first, that he will contract COVID-19, and second, that if he contracts COVID-19, he is likely to have lung damage that augments the sensations of drowning and suffocation caused by pentobarbital injection. But these assumptions are insufficient to state a plausible, as-applied

---

[1] Plaintiff must also "plead and prove a known and available alternative," *Glossip*, 576 U.S. at 880, that is "'feasible, readily implemented, and in fact significantly reduce[s] a substantial risk of severe pain,'" *id.* at 877 (quoting *Baze*, 553 U.S. at 52). The court need not reach this issue given its finding that Higgs has failed to state a non-speculative claim for relief.

Eighth Amendment claim, let alone to meet the pleading standards of Fed. R. Civ. P. 8, which require "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Twombly*, 550 U.S. at 555 (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216 (3d. 2004)) (""[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."). It is axiomatic that "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*

Higgs has not alleged facts establishing an injury—he has proffered only a hypothetical injury. Indeed, if he does not contract COVID-19, his Count IV as-applied challenge fails. He acknowledges that he has not tested positive for COVID-19, nor has he any reason to believe that he contracted the virus aside from that fact that he is incarcerated. (*See* Higgs Compl. ¶ 102.) Thus, given the speculative nature of the allegations in the Complaint, the court is unable to find that Higgs has plausibly stated a claim that his execution "is '*sure or very likely* to cause serious illness and needless suffering.'" *Glossip*, 576 U.S. at 877 (quoting *Baze*, 553 U.S. at 50).

Like the other plaintiffs in this case, Higgs has also alleged that the 2019 Protocol is likely to cause flash pulmonary edema resulting in severe pain, a claim the D.C. Circuit has found sufficient to survive a motion to dismiss. *Execution Protocol Cases*, 980 F.3d at 133 (finding that plaintiffs in this litigation have met the pleading standard for an Eighth Amendment claim). Higgs still has the opportunity to seek relief on this claim before his execution—indeed, he has already moved for a preliminary injunction.

The court does not mean to minimize the threat COVID-19 presents to inmates who are confined in poorly ventilated facilities where social distancing is not possible, protective equipment is scarce, and large-scale testing is often not available. However, a plaintiff cannot

4

state a plausible claim for relief on the theory that a COVID-19 infection will render his execution cruel and unusual where he has not contracted COVID-19 in the first instance.

Accordingly, Defendants' motion to dismiss Count IV of Higgs' Complaint will be GRANTED.  The court will issue an order accordingly.

Date:  December 9, 2020

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge