**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In the Matter of the
**Federal Bureau of Prisons' Execution**                    :
**Protocol Cases,**
                                                            :
**Lead Case:** *Roane et al. v. Barr*          **Case No. 19-mc-00145 (TSC)**
                                                            :

**THIS DOCUMENT RELATES TO:**                    :

**All Cases**                                               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION**
**FOR RELIEF FROM FINAL JUDGMENT**

In compliance with the Court's Minute Order of September 14, 2020, Plaintiffs respectfully move for leave to file the accompanying motion for relief from final judgment. As Plaintiffs explain in the attached motion, reconsideration of the judgment entered in favor of Defendants as to Plaintiffs' Federal Death Penalty Act ("FDPA") claim is appropriate under Rule 60(b) due to Defendants' sudden reversal of their previous commitment to comply with relevant provisions of state law as required by the FDPA.

Counsel for Plaintiffs have consulted with counsel for Defendants, who advises that the Defendants take no position on the motion for leave to file a motion for relief from final judgment. Counsel for the Defendants further advised that Defendants will oppose the motion for relief from final judgment itself. The parties have agreed to the following briefing schedule for the motion for relief from final judgment to hopefully allow for a resolution prior to December 30, 2020, Plaintiff's deadline for selecting a method of execution under Virginia law:

1

- December 18, 2020 – Plaintiffs' opening brief

- December 22, 2020 – Defendants' opposition brief

- December 23, 2020 – Plaintiffs' reply brief

WHEREFORE, Plaintiffs respectfully request that the Court grant leave to file the accompanying motion for relief from final judgment.


Dated: December 18, 2020

/s/ *Donald P. Salzman*
Donald P. Salzman
D.C. Bar Number #479775
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005-2111
(202) 371-7983

Alexander C. Drylewski (admitted *pro hac vice*)
Andrew R. Beatty (*pro hac vice* motion pending)
One Manhattan West
New York, NY 10001
(212) 735-3278

*Counsel for Plaintiff Corey Johnson*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In the Matter of the
**Federal Bureau of Prisons' Execution**          :
**Protocol Cases,**

                                                              :

**Lead Case:** *Roane et al. v. Barr*                **Case No. 19-mc-00145 (TSC)**

                                                              :

**THIS DOCUMENT RELATES TO:**              :

**All Cases**                                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## PLAINTIFFS' MOTION FOR RELIEF FROM FINAL JUDGMENT

Pursuant to Federal Rule of Civil Procedure 60(b), Plaintiffs hereby respectfully move this

Court to grant relief from the final judgment entered in Defendants' favor as to Plaintiffs' Federal

Death Penalty Act ("FDPA") claim.  As shown in the accompanying Memorandum of Points and

Authorities in Support of the Plaintiffs' Motion for Relief from Final Judgment, reconsideration is

appropriate under Rule 60(b) due to Defendants' sudden reversal of their previous commitment to

comply with relevant provisions of state law as required by the FDPA.

Dated: December 18, 2020

/s/ *Donald P. Salzman*
Donald P. Salzman
D.C. Bar Number #479775
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005-2111
(202) 371-7983

Alexander C. Drylewski (admitted *pro hac vice*)
Andrew R. Beatty (*pro hac vice* motion pending)
One Manhattan West
New York, NY 10001
(212) 735-3000

*Counsel for Plaintiff Corey Johnson*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In the Matter of the
**Federal Bureau of Prisons' Execution
Protocol Cases,**                                     :

                                                      :

**Lead Case: *Roane et al. v. Barr***          **Case No. 19-mc-00145 (TSC)**

                                                      :

**THIS DOCUMENT RELATES TO:**          :

**All Cases**                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR RELIEF FROM FINAL JUDGMENT

Dated: December 18, 2020

Donald P. Salzman
D.C. Bar Number #479775
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005-2111
(202) 371-7983

Alexander C. Drylewski (admitted *pro hac vice*)
Andrew R. Beatty (*pro hac vice* motion pending)
One Manhattan West
New York, NY 10001
(212) 735-3278

*Counsel for Plaintiff Corey Johnson*

**TABLE OF CONTENTS**

<u>Page</u>

Table of Authorities ................................................................................................................. iii

I.      Preliminary Statement ............................................................................................... 1

II.     Relevant Factual and Procedural Background .......................................................... 1

III.    Argument .................................................................................................................... 5

        A.      Reconsideration is Appropriate Under Rule 60(b)(1) or Rule 60(b)(3) ................. 5

        B.      Reconsideration is Alternatively Appropriate Under Rule 60(b)(6) ...................... 9

IV.     Conclusion ................................................................................................................. 10

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Computer Professionals for Social Responsibility v. U.S. Secret Service*,
  72 F.3d 897 (D.C. Cir. 1996) ...............................................................9

*Conway v. Chemical Leaman Tank Lines, Inc.*,
  687 F.2d 108 (5th Cir. 1982) ...............................................................5

*Electronic Privacy Information Center v. U.S. Department of Homeland Security*,
  *811* F. Supp. 2d 216 (D.D.C. 2011) ...............................................................5

*Elliott v. Federal Bureau of Prisons*,
  No. 04-1702 (CKK), 2006 WL 3826930 (D.D.C. Dec. 27, 2006) ...................................9

*F & S Offshore, Inc. v. K.O. Steel Castings, Inc.*,
  662 F.2d 1104 (5th Cir. 1981) ...............................................................8

*In re Federal Bureau of Prisons' Execution Protocol Cases*,
  955 F.3d 106, 112 (D.C. Cir. 2020) ...............................................................2

*In re Federal Bureau of Prisons' Execution Protocol Cases*,
  980 F.3d 123 (D.C. Cir. 2020) ...............................................................1, 3

*Jankovic v. International Crisis Group*,
  72 F. Supp. 3d 284 (D.D.C. 2014) ...............................................................7

*Norris v. Salazar*,
  277 F.R.D. 22 (D.D.C. 2011) ...............................................................9

*Perez-Perez v. Popular Leasing Rental, Inc.*,
  993 F.2d 281 (1st Cir. 1993) ...............................................................5

*Richardson v. National Railroad Passenger Corp.*,
  150 F.R.D. 1 (D.D.C. 1993) ...............................................................5, 6

*Summers v. Howard University*,
  374 F.3d 1188 (D.C. Cir. 2004) ...............................................................6

iii

**STATUTES**

Va. Code Ann. § 53.1-234 ...................................................................................1, 2, 3, 4, 5

**RULES**

Fed. R. Civ. P. 60(b)(1)...............................................................................................5, 6

Fed. R. Civ. P. 60(b)(3) ..............................................................................................5, 6

Fed. R. Civ. P. 60(b)(6) ..............................................................................................5, 9

Fed. R. Civ. P. 60(c)(1)...................................................................................................5

## I.      PRELIMINARY STATEMENT

Defendants previously represented that, under the Federal Death Penalty Act ("FDPA"), they would comply with a Virginia statute, Va. Code Ann. § 53.1-234, that gives prisoners who have been condemned to death the ability to choose between electrocution and lethal injection.  ECF No. 247.  This Court granted, and the D.C. Circuit affirmed, summary judgment to Defendants based on this representation.  *See* ECF No. 267 at 27; *see also In re Fed. Bureau of Prisons' Execution Protocol Cases*, 980 F.3d 123, 137-38 (D.C. Cir. 2020).  Defendants—for the first time in this litigation—now state that they will not comply with the Virginia statute with respect to Plaintiff Corey Johnson for his execution, which is scheduled for January 14, 2021.  As such, there is indeed a "live controversy" to Plaintiffs' FDPA claim, and this Court should grant Plaintiffs' Rule 60(b) motion for relief from its previous grant of summary judgment to Defendants.

## II.      RELEVANT FACTUAL AND PROCEDURAL BACKGROUND[1]

Plaintiffs, prisoners currently on death row, filed an Amended Complaint on June 1, 2020 alleging, among other things, that the Federal Bureau of Prisons' current lethal injection protocol (the "2019 Protocol") violates the FDPA.  *See* ECF No. 92 ¶¶ 143-149.  Specifically, Plaintiffs allege that the "2019 Protocol does not require executions to be 'implement[ed] . . . in the manner prescribed by the law of the State in which the sentence is imposed,' but, rather, purports to implement a protocol that differs in material respects from the applicable states."  ECF No. 92 ¶ 146 (quoting 18 U.S.C. § 3596(a)).  In an appendix attached to the Amended Complaint, Plaintiffs highlighted several of the many differences between the relevant state statutes and

---

[1] As the Court is no doubt extremely familiar with the facts of the case, Plaintiffs limit their discussion to only those issues relevant to the motion for relief from final judgment.

protocols and the 2019 Protocol.  *See id.*, Appendix A.  As relevant to the issues at hand, Plaintiffs alleged that Virginia law provides prisoners with a choice between electrocution and lethal injection, *see* Va. Code Ann. § 53.1-234, while the 2019 Protocol requires that executions be carried out by lethal injection, *see* 2019 Addendum ¶ A; AR at 1069.  *See* ECF No. 92, Appendix A at 4.

In spite of this conflict, Defendants moved for summary judgment on the FDPA claim on July 31, 2020.  ECF No. 169.  In doing so, Defendants represented that the 2019 Protocol "'allows the federal government to depart from its procedures as necessary to conform to state statutes and regulations,' which BOP is prepared to do if such circumstances arise."  *See* ECF No. 170 at 32 (quoting *In re Fed. Bureau of Prisons' Execution Protocol Cases*, 955 F.3d 106, 112 (D.C. Cir. 2020)).  In light of that representation, on September 14, 2020, this Court entered a minute order stating the following:

> Plaintiffs have identified the following state statutes, which they contend conflict with the Bureau of Prisons' 2019 Execution Protocol: S.C. Code Section 24-3-530(A); VA Code Ann. Section 53.1-234; Mo. Rev. Stat. Section 546.720.1; Ga. Code Section 17-10-41; Ark. Code Sections 5-4-617(d), (f); and Tex. Code of Crim. Proc. Art. 43.14(a). . . .  Given their representations, the Defendants are hereby ORDERED to file a notice by Tuesday, September 15, 2020 at 9 a.m. indicating whether they are prepared to deviate from the procedures of the 2019 Execution Protocol to accommodate these statutes.  If Defendants have not determined whether they will comply with a given statute, they shall so indicate.

September 14, 2020 Minute Order.  In response, Defendants filed a notice on September 15, 2020, in which they stated the following:

> [T]he South Carolina and Virginia statutes identified by the Court provide that condemned inmates may choose between lethal injection and electrocution, and if they do not do so before a certain number of days prior to the scheduled execution, the manner of execution shall be lethal injection.  *See* S.C. Code § 24-3-530(A) and Va. Code Ann. § 53.1-234.  As those provisions are incorporated by the FDPA even on the government's interpretation of the statute, the government will not execute any plaintiff whose sentence was issued in federal court in Virginia or South Carolina and is subject to the FDPA (*see* 18 U.S.C. §§ 3591, 3596) without

2

complying with those provisions of S.C. Code § 24-3-530(A) or Va. Code Ann. § 53.1-234.

ECF No. 247 at 5.

On September 20, 2020, this Court granted Defendants' motion for summary judgment on the FDPA, in part, based on Defendants' notice. *See* ECF No. 261 at 27 ("Defendants stated that 'the government will not execute any plaintiff whose sentence was issued in federal court in Virginia or South Carolina and is subject to the FDPA without complying with those provisions of S.C. Code § 24-3-530(A) or Va. Code Ann. § 53.1-234.' . . . Thus, the court is satisfied that there is no live controversy as to the alleged discrepancies between the 2019 Protocol and the relevant South Carolina, Virginia, and Missouri laws." (citation omitted)). This Court entered partial, final judgment with regard to the FDPA claim on November 16, 2020. ECF No. 315. On November 18, 2020, the United States Court of Appeals for the D.C. Circuit upheld this Court's grant of summary judgment for Defendants on the FDPA claim. *In re Fed. Bureau of Prisons' Execution Protocol Cases*, 980 F.3d 123, 137-38 (D.C. Cir. 2020). The D.C. Circuit's opinion was also based, in part, on the fact that Defendants agreed to comply with the relevant provisions of state law. *See id.* at 138 (noting the existence of "a governmental agreement to comply").

After the D.C. Circuit issued its opinion, the case returned to this Court, where it set deadlines for several Plaintiffs to file preliminary injunction motions. On November 25, 2020, two Plaintiffs, Brandon Bernard and Alfred Bourgeois, filed such a motion based on Defendants' violation of the FDPA by failing to provide the amount of notice required under Texas law. *See* ECF No. 335. On December 6, 2020, this Court denied the preliminary injunction motion but, in doing so, found "that Defendants violated § 3596(a) of the FDPA." ECF No. 345 at 1.

Plaintiffs also engaged Defendants in the discovery process.  As part of Rule 26 discussions between the parties, on November 30, 2020, counsel for Plaintiff Johnson proposed expedited discovery with regard to his possible selection of electrocution for his method of execution under Va. Code Ann. § 53.1-234.  Defendants ultimately objected to the discovery requests Plaintiff Johnson served on them on relevance grounds, among others.[2]  In doing so, Defendants informed Plaintiffs for the first time that they no longer intended to comply with the Virginia statute with respect to Mr. Johnson.[3]  Specifically, Defendants stated:

> The requests are based on the incorrect premise that Mr. Johnson may select electrocution as a method of execution under the Federal Death Penalty Act and Virginia law.  Mr. Johnson, however, was convicted and sentenced under the Anti-Drug Abuse Act of 1988, *see* 18 U.S.C. 848(e), in 1993—before enactment of the FDPA—and was therefore not "sentenced to death pursuant to [the FDPA]." As such, the FDPA does not apply to him.  *See United States v. Tipton*, 90 F.3d 861, 901–02 (4th Cir. 1996).  His sentence will be carried out by lethal injection under federal regulations, pursuant to the Order of the District Court for the Eastern District of Virginia entered on November 17, 2005.

Exhibit 1.[4]  Defendants confirmed that this was their final position on December 14, 2020.  *Id.*  As this was a complete surprise to Plaintiffs and in direct contradiction to Defendants' previous notice and arguments, Plaintiffs filed the current motion on December 18, 2020.

---

[2] Plaintiff Johnson has separately filed a motion to compel with regard to Defendants' refusal to provide the requested information.

[3] Plaintiff Johnson's co-defendants, Mr. Roane and Mr. Tipton, were also sentenced at the same time as Mr. Johnson and are Plaintiffs in this suit, making the arguments herein applicable to them as well.  Plaintiff Higgs has also requested that the Virginia protocol be followed for his execution.

[4] Exhibits cited herein refer to the exhibits attached to the Declaration of Donald P. Salzman in Support of Plaintiff's Motion for Relief from Final Judgment, filed herewith.

### III.    ARGUMENT

Federal Rule of Civil Procedure 60(b) permits a court to relieve a party from a judgment, order, or proceeding for a number of reasons, including "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1); "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party," Fed. R. Civ. P. 60(b)(3); or "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6).  A motion for reconsideration under Rule 60(b)(1) or (3) must be made within a "reasonable time," no more than a year after entry of the judgment or order at issue.  Fed. R. Civ. P. 60(c)(1).  A motion under Rule 60(b)(6) is not subject to the same time constraints.  *Id.*

### A.    Reconsideration is Appropriate Under Rule 60(b)(1) or Rule 60(b)(3)

Here, reconsideration is appropriate under either Rule 60(b)(1) or (3) due to Defendants' sudden reversal of their previous position.  "Relief under Rule 60(b)(1) turns on equitable factors." *Elec. Priv. Info. Ctr. v. U.S. Dep't of Homeland Sec.*, 811 F. Supp. 2d 216, 225 (D.D.C. 2011).  Courts have recognized that surprise exists "where a completely new issue is suddenly raised."  *See Conway v. Chem. Leaman Tank Lines, Inc.*, 687 F.2d 108, 112 (5th Cir. 1982); *see also Perez-Perez v. Popular Leasing Rental, Inc.*, 993 F.2d 281, 287 (1st Cir. 1993) (same).  Under Rule 60(b)(3), the moving party must show that the misrepresentation "prevented him or her from fully and fairly presenting his or her case" and that the misrepresentation "is attributable to the *party* or, at least, to counsel."  *See Richardson v. Nat'l R.R. Passenger Corp.*, 150 F.R.D. 1, 7 (D.D.C. 1993), *aff'd*, 49 F.3d 760 (D.C. Cir. 1995).

Defendants previously stated that they would comply with the Virginia statute.  *See* ECF No. 247 at 5 ("As those provisions are incorporated by the FDPA even on the government's interpretation of the statute, the government will not execute any plaintiff whose sentence was

issued in federal court in Virginia or South Carolina and is subject to the FDPA (*see* 18 U.S.C. §§ 3591, 3596) without complying with those provisions of S.C. Code § 24-3-530(A) or Va. Code Ann. § 53.1-234."). This Court then granted summary judgment on that basis. *See* ECF No. 261 at 27 ("[T]he court is satisfied that there is no live controversy."). Thus, it cannot be disputed that Defendants' statement that they would comply with the Virginia statute prevented Plaintiffs from "fully and fairly" presenting their case. *See Richardson*, 150 F.R.D. at 7.

The only question is the motive behind Defendants' refusal to now comply with the Virginia statute. At best, this unexplained change of arguments qualifies as "surprising," meriting reconsideration of the grant of summary judgment under Rule 60(b)(1). At worst, Defendants made an affirmative misrepresentation to the Court, meriting reconsideration under Rule 60(b)(3).[5]

Defendants will presumably argue that their previous statement was not intended to apply to Plaintiff Johnson because it included the caveat that it only applied to "any plaintiff whose sentence . . . is subject to the FDPA." ECF No. 247. Indeed, Defendants now argue that the FDPA does not apply to Plaintiff Johnson because he was sentenced prior to its passage. *See generally* Exhibit 2; *see also* Exhibit 1. But that argument is belied by the law of the case, Defendants' past arguments, and the context of the statement itself.

First, this Court has previously determined that the FDPA applies to Plaintiffs. *See* ECF No. 50 at 3 ("[W]hen the death penalty portions of the ADAA were repealed in 2006, the

---

[5] Additionally, the Court could find that Defendants' failure to answer the interrogatories or produce documents in response to the requests for production propounded by Plaintiff Johnson qualifies as misconduct under Rule 60(b)(3). *See Summers v. Howard Univ.*, 374 F.3d 1188, 1193 (D.C. Cir. 2004) ("As several circuits have held, '[f]ailure to disclose or produce materials requested in discovery can constitute "misconduct" within the purview of' Rule 60(b)(3)." (citation omitted)).

FDPA was 'effectively render[ed] . . . applicable to all federal death-eligible offenses.'" (quoting *United States v. Barrett*, 496 F.3d 1079, 1106 (10th Cir. 2007))).  Admittedly, Plaintiff Johnson was not one of the Plaintiffs who filed a motion for preliminary injunction that the Court was ruling on at that time.  *See generally id.*  However, Plaintiff Honken, who was sentenced under the ADAA just like Plaintiff Johnson, *see* ECF No. 92 ¶ 2, was part of that decision.  As such, there is no meaningful distinction between Plaintiff Honken and Plaintiff Johnson, and the issue of whether the FDPA applies to them has been decided.

Second, in the briefing on that same preliminary injunction motion and elsewhere, Defendants themselves have repeatedly asserted that the FDPA applies to Plaintiffs.  *See* ECF No. 36 at 5 n.1 ("The FDPA did not initially govern death sentences, like Honken's, under the ADAA, 21 U.S.C. § 848(e) (1988).  In 2006, Congress repealed the capital provisions of § 848, 'effectively rendering the FDPA applicable to all federal death-eligible offenses.'" (citation omitted)); *see also* ECF No. 16 at 5-6 n.1 ("The FDPA initially did not govern capital sentences imposed under the ADAA, 21 U.S.C. § 848(e) (1988).  In March 2006, Congress repealed the death penalty provisions of § 848, 'effectively rendering the FDPA applicable to all federal death-eligible offenses.'" (quoting *United States v. Barrett*, 496 F.3d 1079, 1106 (10th Cir. 2007))); ECF No. 37 at 5 ("In 1994, Congress enacted the FDPA, . . . authorizing capital punishment for some 60 offenses (except the offense under the ADAA, which was separately governed by ADAA until 2006) . . . .").  Accordingly, Defendants should be judicially estopped from arguing that the FDPA does not apply to Plaintiff Johnson, having taken the exact opposite position previously.  *See, e.g.*, *Jankovic v. Int'l Crisis Grp.*, 72 F. Supp. 3d 284, 317 n.37 (D.D.C. 2014) (judicially estopping defendants based on their earlier, unequivocal representations), *aff'd*, 822 F.3d 576 (D.C. Cir. 2016).

Third, Defendants' representation that they would comply with the Virginia statute was made in the context of all Plaintiffs' claims—including Plaintiff Johnson's. *See* ECF No. 170 at 31 (seeking summary judgment on "Count V of the Amended Complaint"). Indeed, this Court's minute order specifically cited multiple statutes raised by Plaintiffs as being in conflict with the 2019 Execution Protocol. *See* September 14, 2020 Minute Order ("Plaintiffs have identified the following state statutes, which they contend conflict with the Bureau of Prisons' 2019 Execution Protocol: S.C. Code Section 24-3-530(A); VA Code Ann. Section 53.1-234; Mo. Rev. Stat. Section 546.720.1; Ga. Code Section 17-10-41; Ark. Code Sections 5-4-617(d), (f); and Tex. Code of Crim. Proc. Art. 43.14(a)."). The only Plaintiffs in this case sentenced under Virginia law were Plaintiff Johnson and his co-defendants, Mr. Roane and Mr. Tipton.[6] As they were sentenced together, the applicability of the FDPA must be the same for each of them. Accordingly, if the FDPA does not apply to Johnson (and Roane and Tipton), as Defendants now argue, Defendants' response to this Court's minute order was completely irrelevant to the case—there is no "plaintiff whose sentence was issued in federal court in Virginia" who would also be "subject to the FDPA." ECF No. 247 at 5. Based on Defendants' representation, Plaintiffs drew—and it appears both this Court and the D.C. Circuit did as well—the conclusion that Plaintiff Johnson would be able to take advantage of the Virginia statute. Therefore, there is no explanation that Defendants can provide that would make their current position—that the FDPA does not apply to Plaintiff Johnson— anything other than a surprise or a misrepresentation. *See F & S Offshore, Inc. v. K.O. Steel Castings, Inc.*, 662 F.2d 1104, 1108 (5th Cir. 1981) (explaining addition of new claim for damages

---

[6] As noted above, Plaintiff Higgs has also sought to avail himself of the Virginia statute.

three days before trial constituted unfair surprise).  As such, the Court should grant the motion for relief under either Rule 60(b)(1) or (3).

**B.       Reconsideration is Alternatively Appropriate Under Rule 60(b)(6)**

Alternatively, reconsideration is appropriate under Rule 60(b)(6).  "If the first five reasons set forth in Rule 60(b) are inapplicable, the [C]ourt may look to the 'catch-all' provision of Rule 60(b)(6), which 'gives courts discretion to vacate or modify judgments when it is "appropriate to accomplish justice."'" *Norris v. Salazar*, 277 F.R.D. 22, 25 (D.D.C. 2011) (citation omitted).  Under Rule 60(b)(6), "[w]hen a party timely presents a previously undisclosed fact so central to the litigation that it shows the initial judgment to have been manifestly unjust, reconsideration . . . is proper." *Comput. Pros. for Soc. Resp. v. U.S. Secret Serv.*, 72 F.3d 897, 903 (D.C. Cir. 1996) (quoting *Good Luck Nursing Home*, 636 F.2d 572, 577 (D.C. Cir. 1980)).  "[T]he granting or denial of a Rule 60(b)(6) motion 'is entrusted to the sound discretion of the district court.'" *Norris*, 277 F.R.D. at 26 (citation omitted).

As described above, Defendants, in spite of being given the opportunity to do so, did not disclose the fact that they did not intend to offer Plaintiff Johnson the choice between electrocution and lethal injection as required by Virginia law.  As a result both this Court and the D.C. Circuit agreed that granting Defendants' summary judgment on Plaintiffs' FDPA claim was appropriate.  Nothing could be more "central to the litigation." *See Comput. Pros. for Soc. Resp.*, 72 F.3d at 903 ("In this case, the previously undisclosed evidence confirms that one source had indeed provided information under an expectation of confidentiality.  Thus it was 'central to the litigation'; and if the court had taken it into consideration, the new evidence would have affected the outcome." (citation omitted)).  Accordingly, the Court should reverse its previous summary judgment decision under Rule 60(b)(6). *See Elliott v. Fed. Bureau of Prisons*, No. 04-1702 (CKK),

2006 WL 3826930, at *3 (D.D.C. Dec. 27, 2006) (granting Rule 60(b)(6) motion where plaintiff

had not been given full discovery into issue critical to summary judgment ruling).

## IV.     CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant the

motion for relief from final judgment and any such other relief that this Court deems appropriate.


Dated: December 18, 2020                      Respectfully submitted,

                                         /s/ *Donald P. Salzman*
                                         Donald P. Salzman
                                         D.C. Bar Number #479775
                                         SKADDEN, ARPS, SLATE,
                                            MEAGHER & FLOM LLP
                                         1440 New York Avenue, N.W.
                                         Washington, DC 20005-2111
                                         (202) 371-7983

                                         Alexander C. Drylewski (admitted *pro hac vice*)
                                         Andrew R. Beatty (*pro hac vice* motion pending)
                                         One Manhattan West
                                         New York, NY 10001
                                         (212) 735-3278

                                         *Counsel for Plaintiff Corey Johnson*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In the Matter of the
**Federal Bureau of Prisons' Execution**          :
**Protocol Cases,**
                                                  :
**Lead Case:** *Roane et al. v. Barr*          **Case No. 19-mc-00145 (TSC)**
                                                  :

**THIS DOCUMENT RELATES TO:**          :

**All Cases**          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DECLARATION OF DONALD P. SALZMAN IN SUPPORT OF**
**PLAINTIFFS' MOTION FOR RELIEF FROM FINAL JUDGMENT**

I, Donald P. Salzman, declare under the penalty of perjury, pursuant to 28 U.S.C. § 1746, that

the following is true and correct to the best of my knowledge:

1.      I am a member of the Bar of this Court and an attorney with the firm Skadden, Arps,

Slate, Meagher & Flom LLP ("Skadden Arps") with an office located at 1440 New York Avenue, N.W.,

Washington, D.C. 20005.  Skadden Arps is counsel to the Plaintiff Corey Johnson in the above-

captioned matter.

2.      I respectfully submit this Declaration in support of Plaintiffs' Motion for Relief from

Final Judgment and to submit a true and correct copy of the exhibits attached hereto.

3.      Attached hereto are true and correct copies of the following documents:

| **Exhibit** | **Description** |
|---|---|
| 1. | Email chain between counsel for Plaintiff Johnson and counsel for Defendants, dated December 9-14, 2020 |
| 2. | Defendants' Responses and Objections to Plaintiff Cory Johnson's First Set of Interrogatories and First Set of Requests for Production of Documents, dated December 17, 2020 |

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and information.


Dated: December 18, 2020                     Respectfully submitted,

                                             /s/ *Donald P. Salzman*
                                             Donald P. Salzman
                                             D.C. Bar Number #479775
                                             SKADDEN, ARPS, SLATE,
                                                 MEAGHER & FLOM LLP
                                             1440 New York Avenue, N.W.
                                             Washington, DC 20005-2111
                                             (202) 371-7983

                                             Alexander C. Drylewski (admitted *pro hac vice*)
                                             Andrew R. Beatty (*pro hac vice* motion pending)
                                             One Manhattan West
                                             New York, NY 10001
                                             (212) 735-3278

                                             *Counsel for Plaintiff Corey Johnson*

# EXHIBIT 1

**Beatty, Andrew R (NYC)**

| | |
|---|---|
| **From:** | Walker, Johnny (USADC) <Johnny.Walker@usdoj.gov> |
| **Sent:** | Monday, December 14, 2020 11:33 AM |
| **To:** | Beatty, Andrew R (NYC); Humphreys, Bradley (CIV); Handley, Cristen (CIV); Lin, Jean (CIV); Kossak, Jonathan (CIV); Perkins, Paul R. (CIV) |
| **Cc:** | Salzman, Donald P (WAS); Drylewski, Alexander C (NYC); Marcus, Jonathan (WAS) |
| **Subject:** | [Ext] RE: Federal Bureau of Prisons' Execution Protocol Cases, No. 19-mc-145 - Johnson Discovery Requests |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

Drew,

This is to confirm that my email below reflects the government's position on the issue.

The timing of the government's opposition to a motion to compel would depend on when you propose to file that motion. Do you have a date in mind?

Johnny

---

**From:** Beatty, Andrew R <Andrew.Beatty@skadden.com>
**Sent:** Friday, December 11, 2020 6:18 PM
**To:** Walker, Johnny (USADC) <JWalker3@usa.doj.gov>; Humphreys, Bradley (CIV) <brhumphr@CIV.USDOJ.GOV>; Handley, Cristen (CIV) <chandley@CIV.USDOJ.GOV>; Lin, Jean (CIV) <JLin@civ.usdoj.gov>; Kossak, Jonathan (CIV) <jkossak@CIV.USDOJ.GOV>; Perkins, Paul R. (CIV) <pperkins@CIV.USDOJ.GOV>
**Cc:** Salzman, Donald P <Donald.Salzman@skadden.com>; Drylewski, Alexander C <Alexander.Drylewski@skadden.com>; Marcus, Jonathan <Jonathan.Marcus@skadden.com>
**Subject:** RE: Federal Bureau of Prisons' Execution Protocol Cases, No. 19-mc-145 - Johnson Discovery Requests

Johnny,

Needless to say, we disagree with your assertion that the requests are irrelevant.  The government has repeatedly taken the position in this case that the FDPA applies to Plaintiffs—with good reason, because, as Judge Chutkan has recognized, "when the death penalty portions of the ADAA were repealed in 2006, the FDPA was 'effectively render[ed] . . . applicable to all federal death-eligible offenses.'"  ECF No. 50 at 3 (quoting *United States v. Barrett*, 496 F.3d 1079, 1106 (10th Cir. 2007)).  Additionally, the government has specifically stated that it would abide by the Virginia statute in question, Va. Code Ann. § 53.1-234.  *See* ECF No. 247 at 2.  Furthermore, the Virginia statute does not require Mr. Johnson to make a selection until 15 days prior to his execution date, making your argument on that point completely inapposite.  *See* Va. Code Ann. § 53.1-234.

Please confirm by 12:00 P.M. EST on Monday, December 14, 2020, that your email reflects Defendants' final position on the issue so that we may take timely action, including seeking appropriate relief from the District Court.

In the event that Mr. Johnson files a motion to compel, please also confirm that you would agree to an expedited schedule for the briefing, which would allow the government three days to oppose the motion and Mr. Johnson one day to reply.

Sincerely,
Drew

**Andrew R. Beatty**
**Skadden, Arps, Slate, Meagher & Flom LLP**
One Manhattan West | New York | New York | 10001
T: +1.212.735.3278 | F: +1.917.777.3278
andrew.beatty@skadden.com

---

**From:** Walker, Johnny (USADC) <Johnny.Walker@usdoj.gov>
**Sent:** Friday, December 11, 2020 7:04 AM
**To:** Beatty, Andrew R (NYC) <Andrew.Beatty@skadden.com>; Humphreys, Bradley (CIV)
<Bradley.Humphreys@usdoj.gov>; Handley, Cristen (CIV) <Cristen.Handley@usdoj.gov>; Lin, Jean (CIV)
<Jean.Lin@usdoj.gov>; Kossak, Jonathan (CIV) <Jonathan.Kossak@usdoj.gov>; Perkins, Paul R. (CIV)
<Paul.R.Perkins@usdoj.gov>
**Cc:** Salzman, Donald P (WAS) <Donald.Salzman@skadden.com>; Drylewski, Alexander C (NYC)
<Alexander.Drylewski@skadden.com>; Marcus, Jonathan (WAS) <Jonathan.Marcus@skadden.com>
**Subject:** [Ext] RE: Federal Bureau of Prisons' Execution Protocol Cases, No. 19-mc-145 - Johnson Discovery Requests

Drew:

The government can provide responses to your discovery requests on an expedited basis by next Thursday,
December 17, 2021; but I want you to know in advance that the government will be objecting to the requests
wholesale as seeking irrelevant information (among other objections).

The requests are based on the incorrect premise that Mr. Johnson may select electrocution as a method of
execution under the Federal Death Penalty Act and Virginia law. Mr. Johnson, however, was convicted and
sentenced under the Anti-Drug Abuse Act of 1988, *see* 18 U.S.C. 848(e), in 1993—before enactment of the
FDPA—and was therefore not "sentenced to death pursuant to [the FDPA]." As such, the FDPA does not apply
to him. *See United States v. Tipton*, 90 F.3d 861, 901–02 (4th Cir. 1996). His sentence will be carried out by
lethal injection under federal regulations, pursuant to the Order of the District Court for the Eastern District of
Virginia entered on November 17, 2005.

Moreover, even if Mr. Johnson were able to select electrocution as a method of execution, he has not done
so, making the requested information doubly irrelevant.

Johnny

---

**From:** Beatty, Andrew R <Andrew.Beatty@skadden.com>
**Sent:** Wednesday, December 9, 2020 5:57 PM
**To:** Walker, Johnny (USADC) <JWalker3@usa.doj.gov>; Humphreys, Bradley (CIV) <brhumphr@CIV.USDOJ.GOV>;
Handley, Cristen (CIV) <chandley@CIV.USDOJ.GOV>; 'denise.clark@usdoj.gov' <denise.clark@usdoj.gov>; Lin, Jean (CIV)
<JLin@civ.usdoj.gov>; Kossak, Jonathan (CIV) <jkossak@CIV.USDOJ.GOV>; Perkins, Paul R. (CIV)
<pperkins@CIV.USDOJ.GOV>; Smith, Peter (USADC) <PSmith5@usa.doj.gov>
**Cc:** Salzman, Donald P <Donald.Salzman@skadden.com>; Drylewski, Alexander C <Alexander.Drylewski@skadden.com>;
Marcus, Jonathan <Jonathan.Marcus@skadden.com>
**Subject:** Federal Bureau of Prisons' Execution Protocol Cases, No. 19-mc-145 - Johnson Discovery Requests

Counsel,

Please find attached Plaintiff Corey Johnson's First Sets of Interrogatories and Requests for Production of
Documents.  As indicated in Mr. Walker's previous email in response to the 26(f) conference, please let us know when

you are available to meet and confer on these so that we can obtain information in advance of Mr. Johnson's relevant deadlines.  We are available at your convenience to meet and confer either tomorrow or Friday of this week.  Please let us know what day and time works best for you, and I will send a dial-in.

Plaintiffs will respond to the remaining proposals in Mr. Walker's previous email in due course.


Best,
Drew

**Andrew R. Beatty**
**Skadden, Arps, Slate, Meagher & Flom LLP**
One Manhattan West | New York | New York | 10001
**T: +1.212.735.3278** | **F: +1.917.777.3278**
andrew.beatty@skadden.com


------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.


================================================================================


------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.


================================================================================

# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

In the Matter of the
Federal Bureau of Prisons' Execution
Protocol Cases

LEAD CASE: *Roane, et al. v. Barr*

THIS DOCUMENT RELATES TO:

*Roane, et al. v. Barr*, No. 05-2337

Case No. 19-mc-0145 (TSC)

**DEFENDANTS' RESPONSES AND OBJECTIONS TO**
**PLAINTIFF CORY JOHNSON'S FIRST SET OF INTERROGATORIES**
**AND FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rules of Civil Procedure 26, 33, and 34, Defendants submit the

following responses and objections to the first set of interrogatories and first set of requests for the

production of documents served on December 9, 2020, by Plaintiff Cory Johnson ("Plaintiff").

**GENERAL OBJECTIONS**

1.      Defendants object to the "Definitions and Instructions" in Plaintiff's discovery

requests to the extent that they purport to impose obligations beyond those set forth in the Federal

Rules of Civil Procedure, the Local Rules of the United States District Court for the District of

Columbia, and orders of the Court.

2.      Defendants object to the discovery requests to the extent that they are overly broad,

*i.e.*, seek information that is not relevant to any party's claim or defense and proportional to the

needs of the case. *See* Fed. R. Civ. P. 26(b)(1).

3.      Defendants object to the discovery requests to the extent that they are unduly

burdensome or duplicative, *i.e.*, seek information that is already in Plaintiff's possession or

available through less-burdensome means. *See.* Fed. R. Civ. P. 26(b)(1), (2)(C).

4.      Defendants object to the discovery requests to the extent that they seek information

protected by the attorney-client privilege, work-product doctrine, law-enforcement privilege,

deliberative-process privilege, joint-defense privilege, and any other applicable privilege. *See* Fed. R. Civ. P. 26(b)(1). Defendants assert the protections provided by the foregoing privileges and doctrines to the fullest extent permitted by law and do not waive any privilege through the inadvertent disclosure of any otherwise privileged information in response to Plaintiff's discovery requests. *See* Fed. R. Civ. P. 26(b)(5)(B).

5.      Defendants object to the interrogatories to the extent that they are compound and contain unidentified subparts that together add up to more than 25 interrogatories. *See* Fed. R. Civ. P. 33(a)(1); *Banks v. Office of Senate-at-Arms*, 222 F.R.D. 7 (D.D.C. 2004).

6.      Defendants object to the requests for the production of documents to the extent that they are vague and ambiguous, *i.e.*, fail to describe with reasonable particularity the items or categories of items to be produced.  *See* Fed. R. Civ. P. 34(b)(1)(A).

7.      Defendants object to the requests for the production of documents to the extent that they seek documents or information not within the possession, custody, or control of Defendants. *See* Fed. R. Civ. P. 34(a)(1).

8.      Defendants specifically reserve the right to revise, correct, supplement, or clarify any of these responses at any time during the discovery and trial preparation process. *See* Fed. R. Civ. P. 26(e).

9.      Defendants' responses to these discovery requests are not acknowledgments that the requested information is relevant to the subject matter of this case. Each response is without prejudice to Defendants' right to contend that any information provided is inadmissible, irrelevant, immaterial, or not the proper basis for discovery.

## INTERROGATORIES

1.      Identify the name and location of the facility where Defendants intend to execute Plaintiff should Plaintiff select electrocution as his method of execution under the Virginia Statute.

**RESPONSE**:  Defendants object to this interrogatory because it is overly broad in that it seeks information that is not relevant to Plaintiff's remaining claims and Defendants' defenses and that is not proportional to the needs of the case. It is based on the incorrect premise that Plaintiff may lawfully select electrocution as his method of execution. Plaintiff was convicted and sentenced under the Anti-Drug Abuse Act of 1988 ("ADAA"), *see* 21 U.S.C. § 848(e), in 1993—before enactment of the Federal Death Penalty Act ("FDPA") of 1994, Pub.L. No. 103–322, 108 Stat. 1796—and was therefore not "sentenced to death pursuant to [the FDPA]," *id.* § 3596(a). As such, the FDPA does not apply to him. *See United States v. Tipton*, 90 F.3d 861, 901–02 (4th Cir. 1996). Plaintiff's sentence will be carried out by lethal injection under federal regulations, pursuant to the Order of the United States District Court for the Eastern District of Virginia entered on November 17, 2005. In addition, this interrogatory seeks irrelevant information since Plaintiff has not selected electrocution, and cannot use discovery as a means to develop a claim that would not be ripe until he attempts to select electrocution as his preferred method.

Defendants further object to this interrogatory because it seeks privileged deliberative information about a nonfinal agency decision.

 Based on these objections, Defendants will not answer this interrogatory in the absence of a court order.

2.      Describe with specificity the steps Defendants have taken to assure the proper functioning of the Electrocution Apparatus and the electrocution facilities identified in response

to Interrogatory No. 1, including, but not limited to, the Dates on and manner by which Defendants tested the Electrocution Apparatus.

**RESPONSE**:  Defendants object to this interrogatory because it is overly broad in that it seeks information that is not relevant to Plaintiff's remaining claims and Defendants' defenses and that is not proportional to the needs of the case. It is based on the incorrect premise that Plaintiff may lawfully select electrocution as his method of execution. Plaintiff was convicted and sentenced under the ADAA in 1993—before enactment of the FDPA—and was therefore not "sentenced to death pursuant to [the FDPA]," 18 U.S.C. § 3596(a). As such, the FDPA does not apply to him. *See Tipton*, 90 F.3d at 901–02. Plaintiff's sentence will be carried out by lethal injection under federal regulations, pursuant to the Order of the United States District Court for the Eastern District of Virginia entered on November 17, 2005. In addition, this interrogatory seeks irrelevant information since Plaintiff has not attempted to select electrocution, and cannot use discovery as a means to develop a claim that would not be ripe until he has attempted to select electrocution as his preferred method.

Defendants further object to this interrogatory because it seeks privileged deliberative information about a nonfinal agency decision.

Defendants further note that this interrogatory seeks information that is covered by the law-enforcement privilege and that would, if disclosed, be subject to the protective order dated February 23, 2007. *See Roane v. Gonzales*, No. 05-2337 (D.D.C.), ECF No. 30.

 Based on these objections, Defendants will not answer this interrogatory in the absence of a court order

3.	Describe the titles, roles, and qualifications of all the employees and contractors that will comprise the execution team should Plaintiff select electrocution as his method of

execution under the Virginia Statute, including, but not limited to, whether they are employees or contractors, by whom they are employed or contracted, any other employment they may currently hold, their experience in their current roles, and their competency to perform their current roles.

**RESPONSE**:  Defendants object to this interrogatory because it is overly broad in that it seeks information that is not relevant to Plaintiff's remaining claims and Defendants' defenses and that is not proportional to the needs of the case. It is based on the incorrect premise that Plaintiff may lawfully select electrocution as his method of execution. Plaintiff was convicted and sentenced under the ADAA in 1993—before enactment of the FDPA—and was therefore not "sentenced to death pursuant to [the FDPA]," 18 U.S.C. § 3596(a). As such, the FDPA does not apply to him. *See Tipton*, 90 F.3d at 901–02. Plaintiff's sentence will be carried out by lethal injection under federal regulations, pursuant to the Order of the United States District Court for the Eastern District of Virginia entered on November 17, 2005. In addition, this interrogatory seeks irrelevant information since Plaintiff has not attempted to select electrocution, and cannot use discovery as a means to develop a claim that would not be ripe until he has attempted to select electrocution as his preferred method.

Defendants further object to this interrogatory because it seeks privileged deliberative information about a nonfinal agency decision.

Defendants further object to this interrogatory because it seeks security procedures and personally identifying information of officers, employees, agents, and contractors involved in executions, which are protected by the Privacy Act and the law enforcement privilege and prohibited from disclosure by the protective order dated February 23, 2007. *See Roane v. Gonzales*, No. 05-2337 (D.D.C.), ECF No. 30.

Based on these objections, Defendants will not answer this interrogatory in the absence of a court order.

4.      Describe with specificity the steps Defendants have taken to assure the execution team members identified in response to Interrogatory No. 3 are properly qualified and trained to carry out Plaintiff's execution, including, but not limited to, the Dates on and manner by which they were trained and practiced on the Electrocution Apparatus and the Dates on which they previously performed executions using the Electrocution Apparatus.

**RESPONSE**:  Defendants object to this interrogatory because it is overly broad in that it seeks information that is not relevant to Plaintiff's remaining claims and Defendants' defenses and that is not proportional to the needs of the case. It is based on the incorrect premise that Plaintiff may lawfully select electrocution as his method of execution. Plaintiff was convicted and sentenced under the ADAA in 1993—before enactment of the FDPA—and was therefore not "sentenced to death pursuant to [the FDPA]," 18 U.S.C. § 3596(a). As such, the FDPA does not apply to him. *See Tipton*, 90 F.3d at 901–02. Plaintiff's sentence will be carried out by lethal injection under federal regulations, pursuant to the Order of the United States District Court for the Eastern District of Virginia entered on November 17, 2005. In addition, this interrogatory seeks irrelevant information since Plaintiff has not attempted to select electrocution, and cannot use discovery as a means to develop a claim that would not be ripe until he attempted to select electrocution as his preferred method.

Defendants further object to this interrogatory because it seeks privileged deliberative information about a nonfinal agency decision.

6

Defendants further note that this interrogatory seeks information that is covered by the law-enforcement privilege and that would, if disclosed, be subject to the protective order dated February 23, 2007. *See Roane v. Gonzales*, No. 05-2337 (D.D.C.), ECF No. 30.

Based on these objections, Defendants will not answer this interrogatory in the absence of a court order.

5.   Describe with specificity Defendants' plans to transport Plaintiff to the facility identified in response to Interrogatory No. 1, including, but not limited to, the manner of transportation, the latest Date by which Plaintiff would arrive at the identified facility, where Plaintiff would be housed from the time of his transport until the time of his execution, and how any and all of these steps would allow for Plaintiff's access to counsel.

**RESPONSE**:  Defendants object to this interrogatory because it is overly broad in that it seeks information that is not relevant to Plaintiff's remaining claims and Defendants' defenses and that is not proportional to the needs of the case. It is based on the incorrect premise that Plaintiff may lawfully select electrocution as his method of execution. Plaintiff was convicted and sentenced under the in 1993—before enactment of the FDPA—and was therefore not "sentenced to death pursuant to [the FDPA]," 18 U.S.C. § 3596(a). As such, the FDPA does not apply to him. *See Tipton*, 90 F.3d at 901–02. Plaintiff's sentence will be carried out by lethal injection under federal regulations, pursuant to the Order of the United States District Court for the Eastern District of Virginia entered on November 17, 2005. In addition, this interrogatory seeks irrelevant information since Plaintiff has not attempted to select electrocution, and cannot use discovery as a means to develop a claim that would not be ripe until he has attempted to select electrocution as his preferred method.

7

Defendants further object to this interrogatory because it seeks privileged deliberative information about a nonfinal agency decision.

Defendants further note that this interrogatory seeks information that is covered by the law-enforcement privilege and that would, if disclosed, be subject to the protective order dated February 23, 2007. *See Roane v. Gonzales*, No. 05-2337 (D.D.C.), ECF No. 30.

Based on these objections, Defendants will not answer this interrogatory in the absence of a court order.

Dated: December 17, 2020

MICHAEL R. SHERWIN
Acting United States Attorney

DANIEL F. VAN HORN, D.C. Bar #924092
Chief, Civil Division

By:   /s/ Johnny Walker
JOHNNY H. WALKER, D.C. Bar #991325
Assistant United States Attorney
555 4th Street, N.W.
Washington, District of Columbia 20530
Telephone: 202 252 2575
Email: johnny.walker@usdoj.gov

*Counsel for Defendant*

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      All Documents and Communications concerning or relating to Defendants' efforts to gain access to the Electrocution Apparatus, including, but not limited to, any contracts with any states or other entities regarding the use of their execution chambers or death penalty facilities.

**RESPONSE**:  Defendants object to this request because it is overly broad in that it seeks information that is not relevant to Plaintiff's remaining claims and Defendants' defenses and that is not proportional to the needs of the case. It is based on the incorrect premise that Plaintiff may lawfully select electrocution as his method of execution. Plaintiff was convicted and sentenced under the in 1993—before enactment of the FDPA—and was therefore not "sentenced to death pursuant to [the FDPA]," 18 U.S.C. § 3596(a). As such, the FDPA does not apply to him. *See Tipton*, 90 F.3d at 901–02. Plaintiff's sentence will be carried out by lethal injection under federal regulations, pursuant to the Order of the United States District Court for the Eastern District of Virginia entered on November 17, 2005. In addition, this interrogatory seeks irrelevant information since Plaintiff has not attempted to select electrocution, and cannot use discovery as a means to develop a claim that would not be ripe until he has attempted to select electrocution as his preferred method.

Defendants further object to this request because it seeks privileged deliberative information about a nonfinal agency decision.

Defendants further object to this request to the extent that it seeks communications covered by the attorney-client privilege and documents covered by the work-product doctrine.

Defendants further object to this request because it seeks security procedures and personally identifying information of officers, employees, agents, and contractors involved in executions, which are protected by the Privacy Act and the law enforcement privilege and

prohibited from disclosure by the protective order dated February 23, 2007. *See Roane v. Gonzales*, No. 05-2337 (D.D.C.), ECF No. 30.

Based on these objections, Defendants will not produce documents responsive to this request.

2.      All Documents and Communications concerning or relating to Defendants', or their employees' or contractors', training on or previous use of the Electrocution Apparatus.

**RESPONSE**:  Defendants object to this request because it is overly broad in that it seeks information that is not relevant to Plaintiff's remaining claims and Defendants' defenses and that is not proportional to the needs of the case. It is based on the incorrect premise that Plaintiff may lawfully select electrocution as his method of execution. Plaintiff was convicted and sentenced under the in 1993—before enactment of the FDPA—and was therefore not "sentenced to death pursuant to [the FDPA]," 18 U.S.C. § 3596(a). As such, the FDPA does not apply to him. *See Tipton*, 90 F.3d at 901–02. Plaintiff's sentence will be carried out by lethal injection under federal regulations, pursuant to the Order of the United States District Court for the Eastern District of Virginia entered on November 17, 2005. In addition, this interrogatory seeks irrelevant information since Plaintiff has not attempted to select electrocution, and cannot use discovery as a means to develop a claim that would not be ripe until he has attempted to select electrocution as his preferred method.

Defendants further object to this request because it seeks privileged deliberative information about a nonfinal agency decision.

Defendants further object to this request to the extent that it seeks communications covered by the attorney-client privilege and documents covered by the work-product doctrine.

Defendants further object to this request because it seeks security procedures and personally identifying information of officers, employees, agents, and contractors involved in executions, which are protected by the Privacy Act and the law enforcement privilege and prohibited from disclosure by the protective order dated February 23, 2007. *See Roane v. Gonzales*, No. 05-2337 (D.D.C.), ECF No. 30.

Based on these objections, Defendants will not produce documents responsive to this request.

3.      All Documents and Communications concerning or relating to the components, maintenance, preparation, and operation of the Electrocution Apparatus, including, but not limited to, any wiring diagram or schematic diagram, and any Documents and Communications related to the frequency or current density to be applied by the Electrocution Apparatus.

**RESPONSE**:  Defendants object to this request because it is overly broad in that it seeks information that is not relevant to Plaintiff's remaining claims and Defendants' defenses and that is not proportional to the needs of the case. It is based on the incorrect premise that Plaintiff may lawfully select electrocution as his method of execution. Plaintiff was convicted and sentenced under the in 1993—before enactment of the FDPA—and was therefore not "sentenced to death pursuant to [the FDPA]," 18 U.S.C. § 3596(a). As such, the FDPA does not apply to him. *See Tipton*, 90 F.3d at 901–02. Plaintiff's sentence will be carried out by lethal injection under federal regulations, pursuant to the Order of the United States District Court for the Eastern District of Virginia entered on November 17, 2005. In addition, this interrogatory seeks irrelevant information since Plaintiff has not attempted to select electrocution, and cannot use discovery as a means to develop a claim that would not be ripe until he has attempted to select electrocution as his preferred method.

Defendants further object to this request because it seeks privileged deliberative information about a nonfinal agency decision.

Defendants further object to this request to the extent that it seeks communications covered by the attorney-client privilege and documents covered by the work-product doctrine.

Defendants further object to this request because it seeks security procedures and personally identifying information of officers, employees, agents, and contractors involved in executions, which are protected by the Privacy Act and the law enforcement privilege and prohibited from disclosure by the protective order dated February 23, 2007.  *See Roane v. Gonzales*, No. 05-2337 (D.D.C.), ECF No. 30.

Based on these objections, Defendants will not produce documents responsive to this request.

4.      All Documents and Communications concerning or relating to the protocol or steps Defendants will follow in carrying out Plaintiff's execution should Plaintiff select electrocution as his method of execution under the Virginia Statute.

**RESPONSE**:  Defendants object to this request because it is overly broad in that it seeks information that is not relevant to Plaintiff's remaining claims and Defendants' defenses and that is not proportional to the needs of the case. It is based on the incorrect premise that Plaintiff may lawfully select electrocution as his method of execution. Plaintiff was convicted and sentenced under the in 1993—before enactment of the FDPA—and was therefore not "sentenced to death pursuant to [the FDPA]," 18 U.S.C. § 3596(a). As such, the FDPA does not apply to him. *See Tipton*, 90 F.3d at 901–02. Plaintiff's sentence will be carried out by lethal injection under federal regulations, pursuant to the Order of the United States District Court for the Eastern District of Virginia entered on November 17, 2005. In addition, this interrogatory seeks irrelevant information

since Plaintiff has not attempted to select electrocution, and cannot use discovery as a means to develop a claim that would not be ripe until he has attempted to select electrocution as his preferred method.

Defendants further object to this request because it seeks privileged deliberative information about a nonfinal agency decision.

Defendants further object to this request to the extent that it seeks communications covered by the attorney-client privilege and documents covered by the work-product doctrine.

Defendants further object to this request because it seeks security procedures and personally identifying information of officers, employees, agents, and contractors involved in executions, which are protected by the Privacy Act and the law enforcement privilege and prohibited from disclosure by the protective order dated February 23, 2007. *See Roane v. Gonzales*, No. 05-2337 (D.D.C.), ECF No. 30. Based on these objections, Defendants will not produce documents responsive to this request.

5.      All Documents and Communications concerning or relating to Defendants' plans to transport Plaintiff to the location of the Electrocution Apparatus.

**RESPONSE**: Defendants object to this request because it is overly broad in that it seeks information that is not relevant to Plaintiff's remaining claims and Defendants' defenses and that is not proportional to the needs of the case. It is based on the incorrect premise that Plaintiff may lawfully select electrocution as his method of execution. Plaintiff was convicted and sentenced under the in 1993—before enactment of the FDPA—and was therefore not "sentenced to death pursuant to [the FDPA]," 18 U.S.C. § 3596(a). As such, the FDPA does not apply to him. *See Tipton*, 90 F.3d at 901–02. Plaintiff's sentence will be carried out by lethal injection under federal regulations, pursuant to the Order of the United States District Court for the Eastern District of

Virginia entered on November 17, 2005. In addition, this interrogatory seeks irrelevant information since Plaintiff has not attempted to select electrocution, and cannot use discovery as a means to develop a claim that would not be ripe until he has attempted to select electrocution as his preferred method.

Defendants further object to this request because it seeks privileged deliberative information about a nonfinal agency decision.

Defendants further object to this request to the extent that it seeks communications covered by the attorney-client privilege and documents covered by the work-product doctrine.

Defendants further object to this interrogatory because it seeks security procedures and personally identifying information of officers, employees, agents, and contractors involved in executions, which are protected by the Privacy Act and the law enforcement privilege and prohibited from disclosure by the protective order dated February 23, 2007. *See Roane v. Gonzales*, No. 05-2337 (D.D.C.), ECF No. 30. Based on these objections, Defendants will not produce documents responsive to this request.

Dated: December 17, 2020

MICHAEL R. SHERWIN
Acting United States Attorney

DANIEL F. VAN HORN, D.C. Bar #924092
Chief, Civil Division

By:  /s/ Johnny Walker
JOHNNY H. WALKER, D.C. Bar #991325
Assistant United States Attorney
555 4th Street, N.W.
Washington, District of Columbia 20530
Telephone: 202 252 2575
Email: johnny.walker@usdoj.gov

*Counsel for Defendant*

14

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**In the Matter of the
Federal Bureau of Prisons' Execution**     **:**
**Protocol Cases,**

   **:**

**Lead Case:** *Roane et al. v. Barr*             **Case No. 19-mc-00145 (TSC)**

   **:**

**THIS DOCUMENT RELATES TO:**    **:**

**All Cases**    **:**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**[PROPOSED] ORDER GRANTING MOTION
<u>FOR RELIEF FROM FINAL JUDGMENT</u>**

        Upon consideration of Plaintiffs' motion for relief from final judgment, it is

HEREBY ORDERED that the motion is GRANTED, that the Court's Order (ECF No. 315)

entering partial, final judgment in favor of Defendants as to Plaintiffs' Federal Death Penalty Act

("FDPA") claim be vacated, and that the Court's Memorandum Opinion (ECF No. 261) be

reversed with respect to the grant of summary judgment to Defendants on Count V.

        IT IS SO ORDERED.

                               _____

                               The Hon. Tanya S. Chutkan
                               United States District Judge