## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**In the Matter of the**
**Federal Bureau of Prisons' Execution**       :
**Protocol Cases,**

                                 :

**Lead Case: *Roane et al. v. Barr***           **Case No. 19-mc-00145 (TSC)**

                                 :

**THIS DOCUMENT RELATES TO:**       :

***James H. Roane, Jr. et al. v. William Barr***,       :
**Case No. 05-2337**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## PLAINTIFF COREY JOHNSON'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS

Pursuant to Federal Rule of Civil Procedure 37(a)(3)(B), Plaintiff Corey Johnson ("Plaintiff"), by and through his undersigned counsel, hereby respectfully moves this Court to compel Defendants to answer interrogatories (the "Interrogatories") and produce documents (the "RFPs") due to their assertion of a lack of relevance.[1]   As shown in the accompanying Memorandum of Points and Authorities in Support of the Motion to Compel, Plaintiff is entitled to discovery on the electrocution method of execution, which Plaintiff may select under Virginia law, *see* Va. Code Ann. § 53.1-234, and which Defendants must offer to Plaintiff under the FDPA, *see* 18 U.S.C. § 3596(a).  Pursuant to Local Civil Rule 7(m), counsel for Plaintiff represents that they have conferred with counsel for Defendants with respect to this motion, but that, after conferring, Defendants have refused to answer the interrogatories and produce the documents.

---

[1] A copy of the Interrogatories is attached as Exhibit A to the Declaration of Donald P. Salzman filed concurrently herewith in support of this Motion (the "Salzman Declaration").  A copy of the RFPs is attached as Exhibit B to the Salzman Declaration.  A copy of Defendants' Responses and Objections to the Interrogatories and RFPs is attached as Exhibit C to the Salzman Declaration.

Dated: December 18, 2020

/s/ *Donald P. Salzman*
Donald P. Salzman
D.C. Bar Number #479775
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005-2111
(202) 371-7983

Alexander C. Drylewski (admitted *pro hac vice*)
Andrew R. Beatty (*pro hac vice* motion pending)
One Manhattan West
New York, NY 10001
(212) 735-3000

*Counsel for Plaintiff Corey Johnson*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**In the Matter of the**
**Federal Bureau of Prisons' Execution**      :
**Protocol Cases,**

                                                   :

**Lead Case:** *Roane et al. v. Barr*      **Case No. 19-mc-00145 (TSC)**

                                                   :

**THIS DOCUMENT RELATES TO:**      :

*James H. Roane, Jr. et al. v. William Barr*,      :
**Case No. 05-2337**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## PLAINTIFF COREY JOHNSON'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ANSWERS TO <u>INTERROGATORIES AND PRODUCTION OF DOCUMENTS</u>

Dated: December 18, 2020

<div style="margin-left: 40%;">

Donald P. Salzman
D.C. Bar Number #479775
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005-2111
(202) 371-7983

Alexander C. Drylewski (admitted *pro hac vice*)
Andrew R. Beatty (*pro hac vice* motion pending)
One Manhattan West
New York, NY 10001
(212) 735-3278

*Counsel for Plaintiff Corey Johnson*

</div>

# TABLE OF CONTENTS

<div align="right">Page</div>

Table of Authorities ........................................................................................................ iii

I.      Preliminary Statement ....................................................................................... 1

II.     Relevant Factual and Procedural Background ................................................... 2

     A.      Plaintiffs State a Viable Eighth Amendment Claim ............................... 2

     B.      Defendants Represent that They Will Comply with the FDPA .............. 3

     C.      Defendants Resist Plaintiff's Discovery Requests Relevant to Plaintiff's
             Claims ..................................................................................................... 5

III.    Legal Standards .................................................................................................. 6

IV.     Argument ............................................................................................................ 7

     A.      Information About the Electrocution Method of Execution is Highly
             Relevant .................................................................................................. 7

     B.      Defendants' Objections to Disclosure of the Requested Information Are
             Without Merit ......................................................................................... 9

          1.      The Court Has Ruled and Defendants Have Conceded that the
                    FDPA is Applicable to Plaintiff .................................................. 9

          2.      Defendants' Privileged Objections Cannot Allow for Complete
                    Withholding of the Requested Information ................................. 12

          3.      Plaintiff Does Not Seek Personally Identifying Information .................... 13

V.      Conclusion ....................................................................................................... 14

# TABLE OF AUTHORITIES

Page(s)

## CASES

*In re Anthem, Inc. Data Breach Litigation*,
   236 F. Supp. 3d 150 (D.D.C. 2017) ..................................................................................12

*Ascom Hasler Mailing Systems, Inc. v. U.S. Postal Service*,
   267 F.R.D. 1 (D.D.C. 2010) ..............................................................................................12

*Barr v. Lee*,
   140 S. Ct. 2590 (2020) ........................................................................................................7

*Cormack v. United States*,
   118 Fed. Cl. 39, 43 (2014) ..................................................................................................7

*Davis v. District of Columbia*,
   925 F.3d 1240 (D.C. Cir. 2019) ........................................................................................10

*English v. Washington Metropolitan Area Transit Authority*,
   323 F.R.D. 1 (D.D.C. 2017)............................................................................................6, 7

*In re Federal Bureau of Prisons' Execution Protocol Cases*,
   955 F.3d 106 (D.C. Cir. 2020) ............................................................................................3

*In re Federal Bureau of Prisons' Execution Protocol Cases*,
   980 F.3d 123 (D.C. Cir. 2020)....................................................................................2, 4, 7

*Georgia Department of Corrections v. Jordan*,
   No. 1:16-cv-02582-RWS-JCF, 2016 WL 9776069 (N.D. Ga. Oct. 20, 2016),
   *aff'd sub nom. Jordan v. Commissioner, Mississippi Department of Corrections*
   947 F.3d 1322 (11th Cir. 2020) ..........................................................................................8

*Glossip v. Gross*,
   576 U.S. 863 (2015)............................................................................................................8

*Jankovic v. International Crisis Group*,
   72 F. Supp. 3d 284 (D.D.C. 2014), *aff'd*, 822 F.3d 576 (D.C. Cir. 2016) ........................11

*King v. Parker*,
   No. 3:18-cv-01234, 2020 WL 4883014 (M.D. Tenn. July 20, 2020) ............................8, 9

*Meixing Ren v. Phoenix Satellite Television (US), Inc.*,
No. 13-cv-1110 (TSC), 2014 WL 12792707 (D.D.C. Oct. 14, 2014) ................................7

*Rich v. Butowsky*,
No. 18-681 (RJL), 2020 WL 7016437 (D.D.C. July 17, 2020) ..........................................9

*In re Veiga*,
746 F. Supp. 2d 27 (D.D.C. 2010) ...................................................................................12

*Wyoming v. U.S. Department of Agriculture*,
208 F.R.D. 449 (D.D.C. 2002)...........................................................................................6

## STATUTES

21 U.S.C. § 848..................................................................................................................1, 10

Va. Code Ann. § 53.1-234 ..........................................................................................1, 3, 4, 5, 11

## RULES

Fed. R. Civ. P. 26(b)(1)..........................................................................................................6

Fed. R. Civ. P. 26(b)(5)(A)(ii) ..............................................................................................12

## REGULATIONS

85 Fed. Reg. 75,846 (Nov. 27, 2020)...................................................................................11

I.      PRELIMINARY STATEMENT

Defendants have scheduled Plaintiff Corey Johnson for execution on January 14, 2021.  Having been sentenced to death in Virginia, Plaintiff is entitled to elect either lethal injection or electrocution as his method of execution at least 15 days prior to that date.  Va. Code Ann. § 53.1-234.  As Plaintiff's Eighth Amendment claim challenging lethal injection has survived Defendants' motion to dismiss, he now seeks discovery from Defendants regarding their efforts to secure the means of executing him through electrocution, which is relevant to both his election and to whether methods of execution besides lethal injection are available to Defendants.  But Defendants refuse to provide that discovery, claiming the information sought is irrelevant and arguing that Plaintiff does not actually have the ability to elect his method of execution because the Federal Death Penalty Act ("FDPA") does not apply to him—a position that runs contrary to Defendants' previous assertions in this litigation and reveals that this Court's grant of summary judgment on Plaintiff's claim was based on an incorrect premise.[1]

As both this Court and Defendants have made clear, Congress's repeal of the death penalty provisions of the Anti-Drug Abuse Act ("ADAA"), 21 U.S.C. § 848, in 2006 "effectively render[ed] the FDPA applicable to all federal death-eligible offenses," which includes Plaintiff's. *See, e.g.*, ECF No. 50 at 3; ECF No. 36 at 5 n.1.  Defendants' reversal should not preclude Plaintiff from discovery on issues relevant to both his rights under his Eighth Amendment claim and his FDPA claim.  For the reasons set forth herein, the Court should grant the motion to compel.

------------------------

[1] Plaintiffs have separately filed a Rule 60(b) motion, which asks this Court to revisit the previous grant of summary judgment to Defendants based on Defendants' reversal of position with regard to compliance with the Virginia statute.

*(cont'd)*

## II.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND[2]

Plaintiff is one of several prisoners on death row who has filed an amended complaint challenging the Federal Bureau of Prisons' execution protocol ("2019 Protocol") and Defendants' implementation of it.  *See* ECF No. 92.  Plaintiffs allege, among other things, that the 2019 Protocol will subject them to cruel and unusual punishment in violation of their rights under the Eighth Amendment, *see id.* ¶¶ 122-126, and that the 2019 Protocol violates the FDPA by failing to comply with state execution protocols and procedures, including those codified in state law, *see id.* ¶¶ 143-149.

### A.     Plaintiffs State a Viable Eighth Amendment Claim

With respect to the Eighth Amendment claim, Plaintiffs allege that Defendants' use of pentobarbital will cause prisoners to suffer flash pulmonary edema, a condition that causes "sensations of drowning and asphyxiation" before becoming unconscious and insensate and results in "extreme pain, terror, and panic." *Id.* ¶ 78.  On August 15, 2020, this Court dismissed the Eighth Amendment claim "because [Plaintiffs'] evidence of pain would not satisfy *Lee*'s high bar for an objectively intolerable risk of pain."  ECF No. 193 at 5.  However, on November 18, 2020, the United States Court of Appeals for the District of Columbia Circuit reversed this Court's dismissal, determining that Plaintiffs "plausibly allege[d] that the government's execution protocol will, without relevant penological justification, impose a substantial risk of severe pain and suffering that is needless given a readily available, administrable, and known alternative." *In re Fed. Bureau of Prisons' Execution Protocol Cases*, 980 F.3d 123, 135 (D.C. Cir. 2020).  Recent executions have only further confirmed the risks posed by the 2019 Protocol.

---

[2] As the Court is no doubt extremely familiar with the facts of the case, Plaintiff limits his discussion to only those issues relevant to the motion to compel.

2

**B.      Defendants Represent that They Will Comply with the FDPA**

As to the FDPA, Plaintiffs allege that the "2019 Protocol does not require executions to be 'implement[ed] . . . in the manner prescribed by law of the State in which the sentence is imposed,' but, rather, purports to implement a protocol that differs in material respects from the applicable states."  ECF No. 92 ¶ 146 (quoting 18 U.S.C. § 3596(a)).  In an appendix attached to the complaint, Plaintiffs highlighted several of the many differences between the relevant state statutes and protocols and the 2019 Protocol, including those applicable to Plaintiff as a prisoner sentenced in Virginia. *See id.*, Appendix A at 4-5.  Specifically, Virginia law provides prisoners with a choice between electrocution and lethal injection, *see* Va. Code Ann. § 53.1-234, while the 2019 Protocol requires that executions be carried out by lethal injection, *see* 2019 Addendum ¶ A; AR at 1069. *See* ECF No. 92, Appendix A at 4.

Presented with this contradiction, Defendants, in moving for summary judgment on the FDPA claim, represented that the 2019 Protocol "'allows the federal government to depart from its procedures as necessary to conform to state statutes and regulations,' which BOP is prepared to do if such circumstances arise." *See* ECF No. 170 at 32 (quoting *In re Fed. Bureau of Prisons' Execution Protocol Cases*, 955 F.3d 106, 112 (D.C. Cir. 2020)).  In light of that representation, on September 14, 2020, this Court entered a minute order stating the following:

> Plaintiffs have identified the following state statutes, which they contend conflict with the Bureau of Prisons' 2019 Execution Protocol: S.C. Code Section 24-3-530(A); VA Code Ann. Section 53.1-234; Mo. Rev. Stat. Section 546.720.1; Ga. Code Section 17-10-41; Ark. Code Sections 5-4-617(d), (f); and Tex. Code of Crim. Proc. Art. 43.14(a). . . .  Given their representations, the Defendants are hereby ORDERED to file a notice by Tuesday, September 15, 2020 at 9 a.m. indicating whether they are prepared to deviate from the procedures of the 2019 Execution Protocol to accommodate these statutes.  If Defendants have not determined whether they will comply with a given statute, they shall so indicate.

September 14, 2020 Minute Order.  In response, Defendants filed a notice on September 15, 2020, in which they stated the following:

> [T]he South Carolina and Virginia statutes identified by the Court provide that condemned inmates may choose between lethal injection and electrocution, and if they do not do so before a certain number of days prior to the scheduled execution, the manner of execution shall be lethal injection.  *See* S.C. Code § 24-3-530(A) and Va. Code Ann. § 53.1-234.  As those provisions are incorporated by the FDPA even on the government's interpretation of the statute, the government will not execute any plaintiff whose sentence was issued in federal court in Virginia or South Carolina and is subject to the FDPA (*see* 18 U.S.C. §§ 3591, 3596) without complying with those provisions of S.C. Code § 24-3-530(A) or Va. Code Ann. § 53.1-234.

ECF No. 247 at 5.

On September 20, 2020, this Court granted Defendants' motion for summary judgment, in part, based on Defendants' notice.  *See* ECF No. 261 at 27 ("Defendants stated that 'the government will not execute any plaintiff whose sentence was issued in federal court in Virginia or South Carolina and is subject to the FDPA without complying with those provisions of S.C. Code § 24-3-530(A) or Va. Code Ann. § 53.1-234.' . . .  Thus, the court is satisfied that there is no live controversy as to the alleged discrepancies between the 2019 Protocol and the relevant South Carolina, Virginia, and Missouri laws.").  On November 18, 2020, in the same opinion that reversed dismissal of the Eighth Amendment claim, the D.C. Circuit upheld this Court's grant of summary judgment for Defendants on the FDPA claim.  *Execution Protocol Cases*, 980 F.3d at 137-38.  The D.C. Circuit's opinion was also based, in part, on the fact that Defendants agreed to comply with the relevant provisions of state law.  *See id.* at 138 (noting the existence of "a governmental agreement to comply").

After the D.C. Circuit issued its opinion, the case returned to this Court, where the Court set deadlines for several Plaintiffs, including Mr. Johnson, to file preliminary injunction motions.  While Plaintiff did not file such a motion, two Plaintiffs—Brandon Bernard and Alfred

4

Bourgeois—sought preliminary injunctions on November 25, 2020, based on Defendants' violation of the FDPA by failing to provide the amount of notice required under Texas law.  *See* ECF No. 335.  On December 6, 2020, this Court denied the motion but, in doing so, found "that Defendants violated § 3596(a) of the FDPA."  ECF No. 345 at 1.

## C.    Defendants Resist Plaintiff's Discovery Requests Relevant to Plaintiff's Claims

Since the D.C. Circuit's opinion, Plaintiffs, including Mr. Johnson, have been engaging in the discovery process.  On November 30, 2020, for instance, counsel for Plaintiff Johnson proposed expedited discovery with regard to his possible selection of electrocution for his method of execution under Va. Code Ann. § 53.1-234, in the context of Rule 26 discussions between the parties.  After continued discussion between the parties, counsel for Plaintiff served five narrowly tailored interrogatories ("Interrogatories") and five narrowly tailored requests for production of documents ("RFPs") on Defendants, all of which were related to Defendants' commitment to abide by Va. Code Ann. § 53.1-234.  Exhibit A; Exhibit B.[3]  Plaintiffs requested that Defendants provide responses to the Interrogatories and RFPs by December 23, 2020.  *Id.* However, on December 11, 2020, Defendants informed counsel for Plaintiff that they "will be objecting to the requests wholesale as seeking irrelevant information (among other objections)." Exhibit D.  Defendants elaborated—in direct contradiction to their previous notice to this Court— as follows:

> The requests are based on the incorrect premise that Mr. Johnson may select electrocution as a method of execution under the Federal Death Penalty Act and Virginia law.  Mr. Johnson, however, was convicted and sentenced under the Anti-Drug Abuse Act of 1988, *see* 18 U.S.C. 848(e), in 1993—before enactment of the FDPA—and was therefore not "sentenced to death pursuant to [the FDPA]."  As such, the FDPA does not apply to him. *See United States v. Tipton*, 90 F.3d 861,

---

[3] Exhibits cited herein refer to the exhibits attached to the Declaration of Donald P. Salzman in Support of Plaintiff's Motion to Compel, filed herewith.

901–02 (4th Cir. 1996).  His sentence will be carried out by lethal injection under federal regulations, pursuant to the Order of the District Court for the Eastern District of Virginia entered on November 17, 2005.

Moreover, even if Mr. Johnson were able to select electrocution as a method of execution, he has not done so, making the requested information doubly irrelevant.

*Id.*  On December 14, 2020, Defendants confirmed that their position with regard to Mr. Johnson's ability to select his method of execution was final.  *Id.*

Defendants provided official responses and objections to the Interrogatories and RFPs on December 17, 2020.  Exhibit C.  In the responses and objections, Defendants reiterated their relevance objection to each Interrogatory and RFP.  *Id.*  Defendants also objected to each Interrogatory and RFP on the grounds that they sought "privileged deliberative information about a nonfinal agency decision," in addition to other grounds.  *Id.*

## III.    LEGAL STANDARDS

Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, . . . the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).  "Generally, courts construe the scope of discovery liberally in order to ensure that litigation proceeds with 'the fullest possible knowledge of the issues and facts before trial.'"  *Wyoming v. U.S. Dep't of Agric.*, 208 F.R.D. 449, 452 (D.D.C. 2002) (quoting *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)).

When a relevancy objection has been raised, the party seeking discovery must demonstrate why it is discoverable.  *See, e.g.*, *English v. Wash. Metro. Area Transit Auth.*, 323 F.R.D. 1, 8 (D.D.C. 2017).  "Once that showing has been made, 'the burden shifts to the non-

moving party "to explain why discovery should not be permitted.""" *Id.* (quoting *Felder v. Wash.*

*Metro. Area Transit Auth.*, 153 F. Supp. 3d 221, 224 (D.D.C. 2015)).  As this Court has stated:

> For purposes of discovery, relevance is liberally construed.  "The term relevance at the discovery stage is broadly interpreted to include information which is not admissible at the trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence."  Therefore, . . . "[a] request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party."

*Meixing Ren v. Phx. Satellite Television (US), Inc.*, No. 13-cv-1110 (TSC), 2014 WL 12792707,

at *2 (D.D.C. Oct. 14, 2014) (Chutkan, J.) (second alteration in original) (citations omitted).

        In this case, the relevance of the material regarding electrocution cannot be

disputed, and Defendants have failed to meet their burden as to why this information should not

be produced.

## IV.   ARGUMENT

### A.   Information About the Electrocution Method of Execution is Highly Relevant

        Plaintiff is entitled to discovery of information regarding the electrocution method

of execution because it is relevant to both his Eighth Amendment claim and his FDPA claim.  With

respect to the Eighth Amendment, Plaintiff has pled that lethal injection will cause him to suffer

an experience akin to drowning.  *See, e.g.*, ECF No. 92 ¶¶ 122-126.  The D.C. Circuit has

determined that this is a viable claim, which is entitled to discovery.  *See Execution Protocol*

*Cases*, 980 F.3d at 135.  However, the Supreme Court also found that Plaintiffs are not entitled to

injunctive relief on the same claim.  *See Barr v. Lee*, 140 S. Ct. 2590, 2591 (2020).  Without

discovery on electrocution and with no injunction, Plaintiff will be required to choose between one

method of execution which he has pled is unconstitutional and one on which he has no information.

That Defendants have placed Plaintiff in this position on a meritless relevance objection violates

fundamental notions of fairness and necessitates granting the motion to compel.  *Cf. Cormack v.*

*United States*, 118 Fed. Cl. 39, 43 (2014) (recognizing that "courts are concerned with basic notions of fairness" in granting, in part, motion to compel).

Furthermore, Plaintiff is required to "identify an alternative that is 'feasible, readily implemented, and in fact significantly reduce[s] a substantial risk of severe pain'" to prove his Eighth Amendment claim. *Glossip v. Gross*, 576 U.S. 863, 877 (2015) (alteration in original) (quoting *Baze v. Rees*, 553 U.S. 35, 52 (2008)).  The electrocution method offered by Virginia could be one such alternative, and accordingly, Plaintiff should be entitled to explore whether it will reduce the risk of severe pain posed by the 2019 Protocol's use of lethal injection.  *See Ga. Dep't of Corr. v. Jordan*, No. 1:16-cv-02582-RWS-JCF, 2016 WL 9776069, at *2 (N.D. Ga. Oct. 20, 2016) (finding discovery into the possibility of a single-drug protocol relevant to "show[ing] the existence of a feasible alternative"), *aff'd sub nom. Jordan v. Comm'r. Miss. Dep't of Corr.*, 947 F.3d 1322 (11th Cir. 2020); *see also King v. Parker*, No. 3:18-cv-01234, 2020 WL 4883014, at *11 (M.D. Tenn. July 20, 2020) (granting motion to compel where "Defendants' practices regarding transportation and storage of execution chemicals [we]re relevant to Plaintiff's Eighth Amendment claims").

As to the FDPA claim, Plaintiff has separately filed a Rule 60(b)(3) motion that seeks to reinstate that claim.  As explained therein, it is already the settled law of this case that, if the 2019 Protocol "conflicts with a state's top-line method of execution such as lethal injection, electrocution, etc.," it "would violate the FDPA."  ECF No. 261 at 26 (describing D.C. Circuit's plurality opinion).  The requested discovery seeks basic information about Defendants' preparedness to comply with Virginia's top-line method of execution—how Defendants plan to carry out the electrocution method should Plaintiff select it and what Defendants have done to ensure that the method is humane.  If Defendants are not prepared to offer Plaintiff the selection

of electrocution, they will be directly violating the FDPA.  Accordingly, the discovery sought is directly relevant to Plaintiffs' FDPA claim.  *See, e.g.*, *Rich v. Butowsky*, No. 18-681 (RJL), 2020 WL 7016437, at *1 (D.D.C. July 17, 2020) (stating the "pertinent question is not whether [defendant] intends to rely on certain discovery but rather, whether it is relevant to the issues in this case").

Plaintiffs' discovery also seeks the details of the electrocution method—the preparation of the equipment used in the electrocution, the amount of voltage used, the length of the shocks, etc.  These details would reveal whether Defendants plan to actually comply with the Virginia protocol or whether they intend to use some other method.  If Defendants intend to use a protocol other than Virginia's, the 2019 Protocol accordingly "conflicts with a state statute or regulation, which Judges Rao and Tatel agreed would violate the FDPA."  *See* ECF No. 261 at 26.  As such, these details are also directly relevant to Plaintiff's FDPA claim.  Furthermore, this type of information is routinely disclosed in death penalty cases.  *See, e.g.*, *King*, 2020 WL 4883014, at *9 (describing defendants' production of policies, procedures, and presentations regarding weapons training, a list of weapons-qualified employees, documents describing weapons training, and weapon qualification cards with respect to a firing squad argument).  Therefore, upon reconsidering summary judgment on Plaintiffs' FDPA claim, the Court should grant the motion to compel.

**B.    Defendants' Objections to Disclosure of the Requested Information Are Without Merit**

1.    The Court Has Ruled and Defendants Have Conceded that the FDPA is Applicable to Plaintiff

In spite of the obvious relevance of the information requested, Defendants now argue that the FDPA does not apply to Plaintiff because he was sentenced prior to the passage of

the FDPA.  But this position contradicts this Court's prior opinion.  *See* ECF No. 50 at 3 ("[W]hen the death penalty portions of the ADAA were repealed in 2006, the FDPA was 'effectively render[ed] . . . applicable to all federal death-eligible offenses.'" (quoting *United States v. Barrett*, 496 F.3d 1079, 1106 (10th Cir. 2007))).

Additionally, Defendants should be judicially estopped from claiming that the FDPA does not apply to Plaintiff as Defendants have previously taken the opposite position in this litigation.  *See Davis v. Dist. of Columbia*, 925 F.3d 1240, 1255 (D.C. Cir. 2019) ("Judicial estoppel 'prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding.'" (quoting *Moses v. Howard Univ. Hosp.*, 606 F.3d 789, 798 (D.C. Cir. 2010))).  For instance, Defendants have repeatedly stated that the FDPA applies to Plaintiffs.  *See, e.g.*, ECF No. 16, at 5-6 n.1 ("The FDPA initially did not govern capital sentences imposed under the ADAA, 21 U.S.C. § 848(e) (1988).  In March 2006, Congress repealed the death penalty provisions of § 848, 'effectively rendering the FDPA applicable to all federal death-eligible offenses.'" (quoting *United States v. Barrett*, 496 F.3d 1079, 1106 (10th Cir. 2007))); ECF No. 37 at 5 ("In 1994, Congress enacted the FDPA, . . . authorizing capital punishment for some 60 offenses (except the offense under the ADAA, which was separately governed by ADAA until 2006) . . . .").  Most notably, Defendants previously conceded that the FDPA applied to plaintiff Honken.  ECF No. 36 at 5 n.1 ("The FDPA did not initially govern death sentences, like Honken's, under the ADAA, 21 U.S.C. § 848(e) (1988).  In 2006, Congress repealed the capital provisions of § 848, 'effectively rendering the FDPA applicable to all federal death-eligible offenses.'" (citation omitted)).  Just like Honken, Plaintiff Johnson was sentenced under the ADAA.  *See* ECF No. 92 ¶ 2.

10

Defendants have also taken the opposite in implicit ways.  For example, Defendants previously asserted that the BOP was "prepared" to depart from the lethal injection protocol if necessary, *see* ECF No. 170 at 32, and intended to comply with the Virginia statute, *see* ECF No. 247 at 2.  These statements would have been pointless if they did not apply to Plaintiff as all other Plaintiffs in the litigation sentenced in Virginia were also sentenced under the ADAA.  *Cf.* ECF No. 92 ¶ 2 (explaining that Roane and Tipton—the other two Plaintiffs sentenced in Virginia— were also sentenced under the ADAA).  Similarly, the new rule proposed by the government, which deals with the manner of federal executions and will take effect on December 28, 2020— prior to Plaintiff's execution—explicitly refers to the same Virginia statute.  *See* Manner of Federal Executions, 85 Fed. Reg. 75,846, 75,847 (Nov. 27, 2020) (to be codified at 28 C.F.R. pt. 26) ("Some States also provide by law that a prisoner may choose the manner of execution from among several options, in at least some circumstances." (citing Va. Code Ann. § 53.1-234)).[4]  As such, Defendants have made clear that they had previously intended to offer the selection to Plaintiff.  Accordingly, Defendants should be judicially estopped from taking the opposite position now. *See, e.g.*, *Jankovic v. Int'l Crisis Grp.*, 72 F. Supp. 3d 284, 317 n.37 (D.D.C. 2014) (judicially estopping defendants based on their earlier, unequivocal representations), *aff'd*, 822 F.3d 576 (D.C. Cir. 2016).[5]

---

[4]   The   text   of   the   proposed   rule   is   available   at: https://www.federalregister.gov/documents/2020/11/27/2020-25867/manner-of-federal-executions.

[5] It should also be noted that the Virginia statute does not require Plaintiff to make a selection until 15 days prior to his execution date, making Defendants' argument that the information sought is irrelevant until he has made that selection completely inapposite.  *See* Va. Code Ann. § 53.1-234. Per the statute, Plaintiff Johnson does not have to make his designation until December 30, 2020. *Id.*

11

2.     Defendants' Privileged Objections Cannot Allow for Complete
       Withholding of the Requested Information

Defendants attempt to assert the deliberative process privilege in response to each

Interrogatory and RFP, the attorney-client privilege and work product doctrine in response to each

RFP, and the law enforcement privilege in response to three of the Interrogatories.  Exhibit C.

Rule 26 requires that the party claiming privilege must "describe the nature of the documents,

communications, or tangible things not produced or disclosed—and do so in a manner that, without

revealing information itself privileged or protected, will enable other parties to assess the claim."

Fed. R. Civ. P. 26(b)(5)(A)(ii).  The party claiming privilege "bears the burden of demonstrating

the applicability of any asserted privilege." *In re Veiga*, 746 F. Supp. 2d 27, 33 (D.D.C. 2010).

Additionally, a party cannot "assert blanket or categorical claims of privilege; rather the law

'requires a showing that the privilege applies to each communication for which it is asserted.'" *Id.*

(citation omitted).  With respect to the deliberative process privilege, "to properly assert the

privilege, defendant must 'establish a formal, considered, detailed claim of privilege.'" *Ascom

Hasler Mailing Sys., Inc. v. U.S. Postal Serv.*, 267 F.R.D. 1, 4 (D.D.C. 2010) (citation omitted).[6]

Similarly, to invoke the law enforcement privilege defendant "must establish that . . . the

information for which the privilege is claimed, described in detail, properly falls within the scope

of the privilege." *See In re Anthem, Inc. Data Breach Litig.*, 236 F. Supp. 3d 150, 159 (D.D.C.

2017).

---

[6] As noted in *Ascom*, the "common practice of agencies seeking to invoke the deliberative process privilege is to establish the privilege through a combination of privilege logs, which identify specific documents, and declarations from agency officials explaining 'what the documents are and how they relate to the [agency] decision.'" *Ascom*, 267 F.R.D. at 4 (alteration in original) (citation omitted).  Defendants have not provided nor offered to provide privilege logs or declarations in connection with their assertion of the privilege.

Defendants make almost no attempt to comply with these standards here, offering only blanket claims of privilege accompanied by no details as to how the asserted privileges apply, to which information, documents, or communications they apply, nor why redacting the privileged "portions of the documents . . . is impossible." *Ascom*, 267 F.R.D. at 4. As such, Defendants' privilege claims cannot justify complete withholding of the information requested, and the Court should grant the motion to compel to the extent the information requested is not privileged.

3. <u>Plaintiff Does Not Seek Personally Identifying Information</u>

Additionally, Defendants claim that the information requested in all of the RFPs and in Interrogatory No. 3 calls for "personally identifying information of officers, employees, agents, and contractors involved in executions." Exhibit C. Defendants assert that this "personally identifying information" is "prohibited from disclosure by the protective order" in this case. *Id.* This argument fails for multiple reasons. First, the protective order is specifically designed to allow disclosure of confidential information in the case. *See* 05-cv-2337, ECF No. 30-1, ¶¶ 2-4. Second, even where the protective order prevents disclosure of the material, it calls for Defendants to "provide counsel of record for [P]laintiffs with a generic identified for the aforementioned individuals that would include only the person's credential or title, for example 'Nurse' or 'Emergency Medical Technician.'" *Id.* ¶ 13. Third and relatedly, that kind of "generic" information is exactly what Plaintiff has requested here. *See, e.g.*, Exhibit A at 6 ("Describe the titles, roles, and qualifications of all the employees and contractors that will comprise the execution team should Plaintiff select electrocution as his method of execution under the Virginia Statute."). As such, the Court should reject Defendants' invocation of the protective order and compel Defendants to produce the requested information in a manner consistent with the order.

13

## V.     CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant the

motion to compel and any such other relief that this Court deems appropriate.


Dated: December 18, 2020                          Respectfully submitted,

                                         /s/ *Donald P. Salzman*
                                         Donald P. Salzman
                                         D.C. Bar Number #479775
                                         SKADDEN, ARPS, SLATE,
                                             MEAGHER & FLOM LLP
                                         1440 New York Avenue, N.W.
                                         Washington, DC 20005-2111
                                         (202) 371-7983

                                         Alexander C. Drylewski (admitted *pro hac vice*)
                                         Andrew R. Beatty (*pro hac vice* motion pending)
                                         One Manhattan West
                                         New York, NY 10001
                                         (212) 735-3278

                                         *Counsel for Plaintiff Corey Johnson*

14

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| **In the Matter of the** | |
| **Federal Bureau of Prisons' Execution** | : |
| **Protocol Cases,** | |
| | : |
| **Lead Case:** *Roane et al. v. Barr* | **Case No. 19-mc-00145 (TSC)** |
| | : |
| | |
| **THIS DOCUMENT RELATES TO:** | : |
| | |
| *James H. Roane, Jr. et al. v. William Barr*, | : |
| **Case No. 05-2337** | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DECLARATION OF DONALD P. SALZMAN IN SUPPORT OF**
**PLAINTIFF COREY JOHNSON'S MOTION TO COMPEL**

I, Donald P. Salzman, declare under the penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct to the best of my knowledge:

1.      I am a member of the Bar of this Court and an attorney with the firm Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden Arps") with an office located at 1440 New York Avenue, N.W., Washington, D.C. 20005.  Skadden Arps is counsel to the Plaintiff Corey Johnson in the above-captioned matter.

2.      I respectfully submit this Declaration in support of Plaintiff Corey Johnson's Motion to Compel Answers to Interrogatories and Production of Documents and to submit a true and correct copy of the exhibits attached hereto.

3.      Attached hereto are true and correct copies of the following documents:

| Exhibit | Description |
|---|---|
| A. | Plaintiff Corey Johnson's First Set of Interrogatories Directed to Defendants, dated December 9, 2020 |

| B. | Plaintiff Corey Johnson's First Set of Requests for Production of Documents Directed to Defendants, dated December 9, 2020 |
|---|---|
| C. | Defendants' Responses and Objections to Plaintiff Cory Johnson's First Set of Interrogatories and First Set of Requests for Production of Documents, dated December 17, 2020 |
| D. | Email chain between counsel for Plaintiff Johnson and counsel for Defendants, dated December 9-14, 2020 |

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and information.

Dated: December 18, 2020                    Respectfully submitted,

/s/ *Donald P. Salzman*
Donald P. Salzman
D.C. Bar Number #479775
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005-2111
(202) 371-7983

Alexander C. Drylewski (admitted *pro hac vice*)
Andrew R. Beatty (*pro hac vice* motion pending)
One Manhattan West
New York, NY 10001
(212) 735-3278

*Counsel for Plaintiff Corey Johnson*

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**In the Matter of the**
**Federal Bureau of Prisons' Execution**          :
**Protocol Cases,**

                                                               :

**Lead Case: *Roane et al. v. Barr***          **Case No. 19-mc-00145 (TSC)**

                                                               :

**THIS DOCUMENT RELATES TO:**          :

*James H. Roane, Jr. et al v. William Barr*,          :
**Case No. 05-2337**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PLAINTIFF COREY JOHNSON'S FIRST SET OF**
**INTERROGATORIES DIRECTED TO DEFENDANTS**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Corey

Johnson ("Plaintiff"), by and through his undersigned counsel, hereby requests and demands that

Defendants, in accordance with the Definitions and Instructions below, answer separately and

fully in writing, under oath, the following Interrogatories by December 23, 2020.

**DEFINITIONS AND INSTRUCTIONS**

1.      The term "Action" shall mean the above-captioned action.

2.      The term "Amended Complaint" shall mean the Redacted Amended Complaint

for Injunctive and Declaratory Relief filed by plaintiffs on June 1, 2020 in the United States

District Court for the District of Columbia, or any other amended complaint filed hereafter, in

this Action.

3.      The term "Communication" shall mean the transmittal of information (in the form

of facts, ideas, inquiries or otherwise) by any means, including any meeting, conversation,

discussion, conference, correspondence, message, instant message, text message, social media

post (through Twitter, Instagram, Facebook, or otherwise), or other written or oral transmission, exchange or transfer of information in any form between two or more Persons, including in Person or by telephone, facsimile, telegraph, telex, letter, e-mail, or other medium.

4. The term "Date" shall mean the month, day, and year, if known, and if not known, Your best approximation thereof.

5. The term "Defendants" shall mean William P. Barr, Timothy Shea, Stephen M. Hahn, Michael Carvajal, Jeffrey E. Krueger, Donald W. Washington, Nicole C. English, T.J. Watson, William Wilson, John Does I – X, and the United States Department of Justice, including the Federal Bureau of Prisons, both individually and collectively, and any Person acting or purporting to act on their behalf or as their successors for the roles in which they were identified in the Amended Complaint.

6. The term "Document" shall have the broadest meaning possible under the Federal Rules of Civil Procedure, including all originals, non-identical copies, and drafts of any written, printed, handwritten, recorded, or graphic matter of any kind, however produced or reproduced, and regardless of where located, including any work paper, correspondence, memorandum, note, research, checklist, opinion, minutes, inter-office or intra-office Communications, e-mail message, instant message, text message, online messaging, report, chart, graph, summary, index, diary, electronic calendar invitation, desk or pocket calendar, notebook, any magnetic or other recording tape, computer data (including information or programs stored in a computer, whether or not ever printed out or displayed), photograph, microfiche, microfilm, videotape, record or motion picture, and any electronic, mechanical, or electrical record or representation of any kind, including tape, cassette, disc, magnetic card or recording. "Document" shall also include the file folders in which said Documents are maintained and any table of contents or index thereto, and

copies of Documents of which the originals have been destroyed pursuant to a document destruction policy or otherwise. "Document" shall further include any copy containing or having attached thereto any alterations, notes, comments or other material not appearing on the original, and shall also include drafts, revisions of drafts, and other preliminary or preparatory material, from whatever source, underlying, supporting or used in the preparation of any Document. "Document" shall also include any removable "post-it" notes or other attachments or exhibits affixed to any of the foregoing.

7.      The term "Electrocution Apparatus" shall mean the system or systems used to effectuate death by electrocution that Defendants intend to use for Plaintiff's execution should Plaintiff select electrocution as his method of execution under the Virginia Statute, including, but not limited to, the electric chair, the device that will control the voltage delivered to the electric chair, and the wires or systems used to deliver the voltage to the electric chair.

8.      The term "Person" shall mean, without limitation, any natural person, firm, sole proprietorship, partnership, corporation, limited liability entity, association, trust, governmental body or agency, and all past and present members, managing members, limited partners, officers, directors, employees and agents, along with all others acting or purporting to act on such Person's behalf.

9.      The words "refer" and "relate" shall mean analyze, comprise, concern, consider, contain, constitute, define, describe, discuss, embody, evaluate, evidence, explain, memorialize, mention, record, reflect, refute, review, report, show, state, summarize, support, or in any way pertain to the subject matter of any Interrogatory.

10.     The term "Virginia Statute" shall mean Section 53.1-234 of the Code of Virginia, Va. Code Ann. § 53.1-234 (West 2020), titled "Transfer of prisoner; how death sentence executed; who to be present."

11.     The terms "You" and "Your" shall mean Defendants, and any other Person or entity acting as Defendants' agent, under Defendants' direction or control, on Defendants' behalf, or for the Defendants' benefit in connection with this Action, the issues raised therein, and/or the allegations in the Amended Complaint.

12.     The words in each Interrogatory shall be construed so that each Interrogatory shall be construed broadly rather than narrowly and, therefore, the singular includes the plural and vice versa; the words "and" and "or" shall be both conjunctive and disjunctive; the word "all" means "any and all;" the word "any" means "any and all;" and the term "including" shall be construed to mean "including, without limitation," or "including, but not limited to."

13.     Whenever an Interrogatory calls for the identification of any natural Person, You should include such natural persons: (i) full name; (ii) relationship to You, if any; (iii) current employer and title; and (iv) last known business address. If the information for any natural person was different at the time with which a particular Interrogatory is concerned, supply both current information and such different information as applies to the time in question.

14.     Whenever an Interrogatory calls for the identification of any Communication that You have not produced and do not intend to produce in this Action, You should identify such Communication by including: (i) the Date of the Communication, (ii) all Persons able to hear or read the Communication, (iii) the substance of the Communication, and (iv) the approximate length of the Communication.

15.     In answering each Interrogatory, You should identify the Bates number of any Document that You are relying upon in answering that Interrogatory and any Document that You believe may corroborate Your answer. If You have not produced or do not intend to produce any such Document in this Action, You should identify that Document by listing its nature (e.g., letter, e-mail, report), Date, author, and title, the name and title of its intended recipient(s), and a brief description of its contents.

16.     If any Document that, in conjunction with Your decision to produce Documents pursuant to Rule 33(d), would have been produced herein but is withheld on the basis of any claim of privilege, You must submit, in lieu of any such Document, a written statement (a) identifying the Person(s) who prepared or authored the Document and, if applicable, the Person(s) to whom the Document was sent or shown, (b) specifying the Date on which the Document was prepared or transmitted, (c) describing the nature of the Document (e.g., letter, e-mail) and (d) stating briefly why the Document is claimed to be privileged or to constitute work product.

17.     If any Document is produced pursuant to Rule 33(d), and a portion of the otherwise responsive Document contains information subject to a claim of privilege, only that portion of the Document subject to the claim of privilege shall be deleted or redacted from the Document following the instructions in the preceding paragraph and the rest shall be produced.

18.     All Documents produced pursuant to Rule 33(d) are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories listed within these Interrogatories.

19.     Each Interrogatory shall be deemed continuing so as to require prompt supplemental responses, in accordance with Rule 26(e), if You obtain or discover additional information between the time of initial production and the time of deposition, settlement, or trial.

## **INTERROGATORIES**

1.     Identify the name and location of the facility where Defendants intend to execute Plaintiff should Plaintiff select electrocution as his method of execution under the Virginia Statute.

2.     Describe with specificity the steps Defendants have taken to assure the proper functioning of the Electrocution Apparatus and the electrocution facilities identified in response to Interrogatory No. 1, including, but not limited to, the Dates on and manner by which Defendants tested the Electrocution Apparatus.

3.     Describe the titles, roles, and qualifications of all the employees and contractors that will comprise the execution team should Plaintiff select electrocution as his method of execution under the Virginia Statute, including, but not limited to, whether they are employees or contractors, by whom they are employed or contracted, any other employment they may currently hold, their experience in their current roles, and their competency to perform their current roles.

4.     Describe with specificity the steps Defendants have taken to assure the execution team members identified in response to Interrogatory No. 3 are properly qualified and trained to carry out Plaintiff's execution, including, but not limited to, the Dates on and manner by which they were trained and practiced on the Electrocution Apparatus and the Dates on which they previously performed executions using the Electrocution Apparatus.

6

5.      Describe with specificity Defendants' plans to transport Plaintiff to the facility identified in response to Interrogatory No. 1, including, but not limited to, the manner of transportation, the latest Date by which Plaintiff would arrive at the identified facility, where Plaintiff would be housed from the time of his transport until the time of his execution, and how any and all of these steps would allow for Plaintiff's access to counsel.

Dated: December 9, 2020

/s/ *Donald P. Salzman*
Donald P. Salzman
D.C. Bar Number #479775
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005-2111
(202) 371-7983

Andrew R. Beatty (*pro hac vice* motion pending)
One Manhattan West
New York, NY 10001
(212) 735-3278

*Counsel for Plaintiff Corey Johnson*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on December 9, 2020, I served the foregoing Interrogatories

via e-mail on the following counsel of record:


Bradley P. Humphreys
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
(202) 305-0878
bradley.humphreys@usdoj.gov

Cristen Cori Handley
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
202-305-2677
Cristen.Handley@usdoj.gov

Denise M. Clark
U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
555 Fourth Street, NW
Washington, DC 20530
(202) 252-6605
denise.clark@usdoj.gov

Jean Lin
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
1100 L Street, NW
Room 11532
Washington, DC 20005
(202) 514-3716
jean.lin@usdoj.gov

Johnny Hillary Walker , III
U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
Civil Division
555 4th Street NW
Washington, DC 20530
(202) 252-2575
johnny.walker@usdoj.gov

Jonathan D. Kossak
U.S. DEPARTMENT OF JUSTICE
Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
(202) 305-0612
jonathan.kossak@usdoj.gov

Paul R. Perkins
U.S. DEPARTMENT OF JUSTICE
Civil Division
950 Pennsylvania Ave, NW
Washington, DC 20530
202-514-5090
paul.r.perkins@usdoj.gov

Peter S. Smith
UNITED STATES ATTORNEY'S OFFICE
Appellate Division
555 4th Street, NW
Eighth Floor
Washington, DC 20530-0001
(202) 252-6769
peter.smith@usdoj.gov

/s/ *Andrew R. Beatty*
Andrew R. Beatty

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**In the Matter of the**
**Federal Bureau of Prisons' Execution**                          :
**Protocol Cases,**
                                                                  :
**Lead Case:** *Roane et al. v. Barr*                   **Case No. 19-mc-00145 (TSC)**
                                                                  :

**THIS DOCUMENT RELATES TO:**                :

*James H. Roane, Jr. et al v. William Barr*,       :
**Case No. 05-2337**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PLAINTIFF COREY JOHNSON'S FIRST SET OF**
<u>**REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANTS**</u>

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Corey

Johnson ("Plaintiff"), by and through his undersigned counsel, hereby requests and demands that

Defendants, produce by December 23, 2020, the documents described below ("Requests") for

inspection and copying at the offices of Skadden, Arps, Slate, Meagher & Flom LLP, One

Manhattan West, New York, New York 10001.

<u>**DEFINITIONS AND INSTRUCTIONS**</u>

1.      The term "Action" shall mean the above-captioned action.

2.      The term "Amended Complaint" shall mean the Redacted Amended Complaint

for Injunctive and Declaratory Relief filed by plaintiffs on June 1, 2020 in the United States

District Court for the District of Columbia, or any other amended complaint filed hereafter, in

this Action.

3.      The term "Communication" shall mean the transmittal of information (in the form

of facts, ideas, inquiries or otherwise) by any means, including any meeting, conversation,

discussion, conference, correspondence, message, instant message, text message, social media

post (through Twitter, Instagram, Facebook, or otherwise), or other written or oral transmission,

exchange or transfer of information in any form between two or more Persons, including in

Person or by telephone, facsimile, telegraph, telex, letter, e-mail, or other medium.

4.      The term "Date" shall mean the month, day, and year, if known, and if not known,

Your best approximation thereof.

5.      The term "Defendants" shall mean William P. Barr, Timothy Shea, Stephen M.

Hahn, Michael Carvajal, Jeffrey E. Krueger, Donald W. Washington, Nicole C. English, T.J.

Watson, William Wilson, John Does I – X, and the United States Department of Justice,

including the Federal Bureau of Prisons, both individually and collectively, and any Person

acting or purporting to act on their behalf or as their successors for the roles in which they were

identified in the Amended Complaint.

6.      The term "Document" shall have the broadest meaning possible under the Federal

Rules of Civil Procedure, including all originals, non-identical copies, and drafts of any written,

printed, handwritten, recorded, or graphic matter of any kind, however produced or reproduced,

and regardless of where located, including any work paper, correspondence, memorandum, note,

research, checklist, opinion, minutes, inter-office or intra-office Communications, e-mail

message, instant message, text message, online messaging, report, chart, graph, summary, index,

diary, electronic calendar invitation, desk or pocket calendar, notebook, any magnetic or other

recording tape, computer data (including information or programs stored in a computer, whether

or not ever printed out or displayed), photograph, microfiche, microfilm, videotape, record or

motion picture, and any electronic, mechanical, or electrical record or representation of any kind,

including tape, cassette, disc, magnetic card or recording. "Document" shall also include the file

folders in which said Documents are maintained and any table of contents or index thereto, and copies of Documents of which the originals have been destroyed pursuant to a document destruction policy or otherwise. "Document" shall further include any copy containing or having attached thereto any alterations, notes, comments or other material not appearing on the original, and shall also include drafts, revisions of drafts, and other preliminary or preparatory material, from whatever source, underlying, supporting or used in the preparation of any Document. "Document" shall also include any removable "post-it" notes or other attachments or exhibits affixed to any of the foregoing.

7.     The term "Electrocution Apparatus" shall mean the system or systems used to effectuate death by electrocution that Defendants intend to use for Plaintiff's execution should Plaintiff select electrocution as his method of execution under the Virginia Statute, including, but not limited to, the electric chair, the device that will control the voltage delivered to the electric chair, and the wires or systems used to deliver the voltage to the electric chair.

8.     The term "Person" shall mean, without limitation, any natural person, firm, sole proprietorship, partnership, corporation, limited liability entity, association, trust, governmental body or agency, and all past and present members, managing members, limited partners, officers, directors, employees and agents, along with all others acting or purporting to act on such Person's behalf.

9.     The words "refer" and "relate" shall mean analyze, comprise, concern, consider, contain, constitute, define, describe, discuss, embody, evaluate, evidence, explain, memorialize, mention, record, reflect, refute, review, report, show, state, summarize, support, or in any way pertain to the subject matter of any Request.

10.     The term "Virginia Statute" shall mean Section 53.1-234 of the Code of Virginia, Va. Code Ann. § 53.1-234 (West 2020), titled "Transfer of prisoner; how death sentence executed; who to be present."

11.     The terms "You" and "Your" shall mean Defendants, and any other Person or entity acting as Defendants' agent, under Defendants' direction or control, on Defendants' behalf, or for the Defendants' benefit in connection with this Action, the issues raised therein, and/or the allegations in the Amended Complaint.

12.     Unless otherwise indicated, the Documents to be produced pursuant to the Requests herein include all Documents prepared, sent, dated, received, or used at any time from July 25, 2019 until the present (the "Designated Time Period") and, for the avoidance of doubt, shall include all Documents and information that relate, in whole or in part, to such period, or to events or circumstances during such period, even though dated, prepared, generated, or received prior or subsequent to that period.

13.     You must produce responsive Documents in Your possession, custody, or control, regardless of location.

14.     The words in each Request shall be construed so that each Request shall be construed broadly rather than narrowly and, therefore, the singular includes the plural and vice versa; the words "and" and "or" shall be both conjunctive and disjunctive; the word "all" shall mean "any and all"; the word "any" shall mean "any and all"; and the term "including" shall be construed to mean "including, but not limited to" and "including, without limitation."

15.     Each Request seeks production of each Document in its entirety, without abbreviation or redaction, and all drafts and non-identical copies of each Document, including all attachments, appendices, exhibits, lists, schedules, or other matters at any time affixed thereto. If

4

a Document responsive to the Requests cannot be produced in full, it shall be produced to the fullest extent possible with an explanation stating why production of the remainder is not possible.

16.     If any Document requested herein was formerly in Your possession, custody, or control and has been lost, destroyed, or otherwise disposed of, You are requested to submit, in lieu of any such Document, a written statement (a) describing in detail the nature of the Document and its contents; (b) identifying the Person(s) who prepared or authored the Document, and, if applicable, the Person(s) to whom the Document was sent; (c) specifying the Date on which the Document was prepared or transmitted; and (d) specifying the Date on which the Document was lost or destroyed and, if destroyed, the conditions of and reasons for such destruction and the Person(s) performing the destruction.

17.     If any Document requested herein is withheld on the basis of any claim of privilege, You are requested to submit, in lieu of any such Document, a written statement (a) identifying the Person(s) who prepared or authored the Document and, if applicable, the Person(s) to whom the Document was sent or shown; (b) specifying the Date on which the Document was prepared or transmitted; (c) describing the nature of the Document (e.g., letter, e-mail); (d) stating briefly why the Document is claimed to be privileged or to constitute work product; and (e) identifying the paragraph of the Request to which the Document relates.

18.     If a portion of an otherwise responsive Document contains information subject to a claim of privilege, only that portion of the Document subject to the claim of privilege shall be deleted or redacted from the Document following the instructions in the preceding paragraph, and the rest shall be produced.

19.     These Requests shall not be interpreted to require the production of privileged Documents or Communications.

20.     Whenever necessary to bring within the scope of the Requests that which might otherwise be construed to be outside the scope: (a) the use of any verb in any tense shall be construed as the use of that verb in all other tenses; and (b) the use of a word in its singular form shall be deemed to include within its use the plural form and vice versa.

21.     Each Request shall be construed independently and not with reference to any other Request for the purpose of limitation or exclusion.

22.     All Documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories listed herein.

23.     Each Request shall be deemed continuing so as to require prompt supplemental responses, in accordance with Rule 26(e), if You obtain or discover additional Documents or Communications between the time of initial production and the time of deposition, settlement, or trial.

24.     You must answer each request separately and fully, unless it is objected to, in which event the objection(s) should be specifically stated.

25.     If You believe that any Request, or any Definition or Instruction, is vague or ambiguous, in whole or in part, You must nonetheless respond and (a) set forth the matter deemed vague or ambiguous, and (b) describe the manner in which You construed the Request in order to frame Your response.

26.     These Requests shall not be construed as a waiver or abridgement of, and are not intended to waive, any argument or defense, or any objection to any of Your discovery requests, nor shall they be construed as an admission of any fact.

6

27.     Plaintiff reserves the right to serve additional requests for the production of Documents.

<div align="center">**REQUESTS FOR PRODUCTION OF DOCUMENTS**</div>

1.     All Documents and Communications concerning or relating to Defendants' efforts to gain access to the Electrocution Apparatus, including, but not limited to, any contracts with any states or other entities regarding the use of their execution chambers or death penalty facilities.

2.     All Documents and Communications concerning or relating to Defendants', or their employees' or contractors', training on or previous use of the Electrocution Apparatus.

3.     All Documents and Communications concerning or relating to the components, maintenance, preparation, and operation of the Electrocution Apparatus, including, but not limited to, any wiring diagram or schematic diagram, and any Documents and Communications related to the frequency or current density to be applied by the Electrocution Apparatus.

4.     All Documents and Communications concerning or relating to the protocol or steps Defendants will follow in carrying out Plaintiff's execution should Plaintiff select electrocution as his method of execution under the Virginia Statute.

5.     All Documents and Communications concerning or relating to Defendants' plans to transport Plaintiff to the location of the Electrocution Apparatus.

Dated: December 9, 2020

　　　　　　　　　　　　　　/s/ *Donald P. Salzman*　　　　　　　
　　　　　　　　　　　　　　Donald P. Salzman
　　　　　　　　　　　　　　D.C. Bar Number #479775
　　　　　　　　　　　　　　SKADDEN, ARPS, SLATE,
　　　　　　　　　　　　　　　　MEAGHER & FLOM LLP
　　　　　　　　　　　　　　1440 New York Avenue, N.W.
　　　　　　　　　　　　　　Washington, DC 20005-2111
　　　　　　　　　　　　　　(202) 371-7983

<div align="center">7</div>

Andrew R. Beatty (*pro hac vice* motion pending)
One Manhattan West
New York, NY 10001
(212) 735-3278

*Counsel for Plaintiff Corey Johnson*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on December 9, 2020, I served the foregoing Requests for

Production via e-mail on the following counsel of record:

Bradley P. Humphreys
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
(202) 305-0878
bradley.humphreys@usdoj.gov

Cristen Cori Handley
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
202-305-2677
Cristen.Handley@usdoj.gov

Denise M. Clark
U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
555 Fourth Street, NW
Washington, DC 20530
(202) 252-6605
denise.clark@usdoj.gov

Jean Lin
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
1100 L Street, NW
Room 11532
Washington, DC 20005
(202) 514-3716
jean.lin@usdoj.gov

Johnny Hillary Walker , III
U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
Civil Division
555 4th Street NW
Washington, DC 20530
(202) 252-2575
johnny.walker@usdoj.gov

Jonathan D. Kossak
U.S. DEPARTMENT OF JUSTICE
Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
(202) 305-0612
jonathan.kossak@usdoj.gov

Paul R. Perkins
U.S. DEPARTMENT OF JUSTICE
Civil Division
950 Pennsylvania Ave, NW
Washington, DC 20530
202-514-5090
paul.r.perkins@usdoj.gov

Peter S. Smith
UNITED STATES ATTORNEY'S OFFICE
Appellate Division
555 4th Street, NW
Eighth Floor
Washington, DC 20530-0001
(202) 252-6769
peter.smith@usdoj.gov

/s/ *Andrew R. Beatty*
Andrew R. Beatty

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In the Matter of the<br>Federal Bureau of Prisons' Execution<br>Protocol Cases<br><br>LEAD CASE: *Roane, et al. v. Barr*<br><br>THIS DOCUMENT RELATES TO:<br><br>*Roane, et al. v. Barr*, No. 05-2337 | Case No. 19-mc-0145 (TSC) |

**DEFENDANTS' RESPONSES AND OBJECTIONS TO**
**PLAINTIFF CORY JOHNSON'S FIRST SET OF INTERROGATORIES**
**AND FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rules of Civil Procedure 26, 33, and 34, Defendants submit the following responses and objections to the first set of interrogatories and first set of requests for the production of documents served on December 9, 2020, by Plaintiff Cory Johnson ("Plaintiff").

**GENERAL OBJECTIONS**

1.      Defendants object to the "Definitions and Instructions" in Plaintiff's discovery requests to the extent that they purport to impose obligations beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Columbia, and orders of the Court.

2.      Defendants object to the discovery requests to the extent that they are overly broad, *i.e.*, seek information that is not relevant to any party's claim or defense and proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).

3.      Defendants object to the discovery requests to the extent that they are unduly burdensome or duplicative, *i.e.*, seek information that is already in Plaintiff's possession or available through less-burdensome means. *See.* Fed. R. Civ. P. 26(b)(1), (2)(C).

4.      Defendants object to the discovery requests to the extent that they seek information protected by the attorney-client privilege, work-product doctrine, law-enforcement privilege,

deliberative-process privilege, joint-defense privilege, and any other applicable privilege. *See* Fed. R. Civ. P. 26(b)(1). Defendants assert the protections provided by the foregoing privileges and doctrines to the fullest extent permitted by law and do not waive any privilege through the inadvertent disclosure of any otherwise privileged information in response to Plaintiff's discovery requests. *See* Fed. R. Civ. P. 26(b)(5)(B).

5.      Defendants object to the interrogatories to the extent that they are compound and contain unidentified subparts that together add up to more than 25 interrogatories. *See* Fed. R. Civ. P. 33(a)(1); *Banks v. Office of Senate-at-Arms*, 222 F.R.D. 7 (D.D.C. 2004).

6.      Defendants object to the requests for the production of documents to the extent that they are vague and ambiguous, *i.e.*, fail to describe with reasonable particularity the items or categories of items to be produced.  *See* Fed. R. Civ. P. 34(b)(1)(A).

7.      Defendants object to the requests for the production of documents to the extent that they seek documents or information not within the possession, custody, or control of Defendants. *See* Fed. R. Civ. P. 34(a)(1).

8.      Defendants specifically reserve the right to revise, correct, supplement, or clarify any of these responses at any time during the discovery and trial preparation process. *See* Fed. R. Civ. P. 26(e).

9.      Defendants' responses to these discovery requests are not acknowledgments that the requested information is relevant to the subject matter of this case. Each response is without prejudice to Defendants' right to contend that any information provided is inadmissible, irrelevant, immaterial, or not the proper basis for discovery.

## **INTERROGATORIES**

1.      Identify the name and location of the facility where Defendants intend to execute Plaintiff should Plaintiff select electrocution as his method of execution under the Virginia Statute.

**RESPONSE**:  Defendants object to this interrogatory because it is overly broad in that it seeks information that is not relevant to Plaintiff's remaining claims and Defendants' defenses and that is not proportional to the needs of the case. It is based on the incorrect premise that Plaintiff may lawfully select electrocution as his method of execution. Plaintiff was convicted and sentenced under the Anti-Drug Abuse Act of 1988 ("ADAA"), *see* 21 U.S.C. § 848(e), in 1993—before enactment of the Federal Death Penalty Act ("FDPA") of 1994, Pub.L. No. 103–322, 108 Stat. 1796—and was therefore not "sentenced to death pursuant to [the FDPA]," *id.* § 3596(a). As such, the FDPA does not apply to him. *See United States v. Tipton*, 90 F.3d 861, 901–02 (4th Cir. 1996). Plaintiff's sentence will be carried out by lethal injection under federal regulations, pursuant to the Order of the United States District Court for the Eastern District of Virginia entered on November 17, 2005. In addition, this interrogatory seeks irrelevant information since Plaintiff has not selected electrocution, and cannot use discovery as a means to develop a claim that would not be ripe until he attempts to select electrocution as his preferred method.

Defendants further object to this interrogatory because it seeks privileged deliberative information about a nonfinal agency decision.

 Based on these objections, Defendants will not answer this interrogatory in the absence of a court order.

2.      Describe with specificity the steps Defendants have taken to assure the proper functioning of the Electrocution Apparatus and the electrocution facilities identified in response

to Interrogatory No. 1, including, but not limited to, the Dates on and manner by which Defendants tested the Electrocution Apparatus.

**RESPONSE**:  Defendants object to this interrogatory because it is overly broad in that it seeks information that is not relevant to Plaintiff's remaining claims and Defendants' defenses and that is not proportional to the needs of the case. It is based on the incorrect premise that Plaintiff may lawfully select electrocution as his method of execution. Plaintiff was convicted and sentenced under the ADAA in 1993—before enactment of the FDPA—and was therefore not "sentenced to death pursuant to [the FDPA]," 18 U.S.C. § 3596(a). As such, the FDPA does not apply to him. *See Tipton*, 90 F.3d at 901–02. Plaintiff's sentence will be carried out by lethal injection under federal regulations, pursuant to the Order of the United States District Court for the Eastern District of Virginia entered on November 17, 2005. In addition, this interrogatory seeks irrelevant information since Plaintiff has not attempted to select electrocution, and cannot use discovery as a means to develop a claim that would not be ripe until he has attempted to select electrocution as his preferred method.

Defendants further object to this interrogatory because it seeks privileged deliberative information about a nonfinal agency decision.

Defendants further note that this interrogatory seeks information that is covered by the law-enforcement privilege and that would, if disclosed, be subject to the protective order dated February 23, 2007. *See Roane v. Gonzales*, No. 05-2337 (D.D.C.), ECF No. 30.

 Based on these objections, Defendants will not answer this interrogatory in the absence of a court order

3.     Describe the titles, roles, and qualifications of all the employees and contractors that will comprise the execution team should Plaintiff select electrocution as his method of

4

execution under the Virginia Statute, including, but not limited to, whether they are employees or contractors, by whom they are employed or contracted, any other employment they may currently hold, their experience in their current roles, and their competency to perform their current roles.

**RESPONSE**:  Defendants object to this interrogatory because it is overly broad in that it seeks information that is not relevant to Plaintiff's remaining claims and Defendants' defenses and that is not proportional to the needs of the case. It is based on the incorrect premise that Plaintiff may lawfully select electrocution as his method of execution. Plaintiff was convicted and sentenced under the ADAA in 1993—before enactment of the FDPA—and was therefore not "sentenced to death pursuant to [the FDPA]," 18 U.S.C. § 3596(a). As such, the FDPA does not apply to him. *See Tipton*, 90 F.3d at 901–02. Plaintiff's sentence will be carried out by lethal injection under federal regulations, pursuant to the Order of the United States District Court for the Eastern District of Virginia entered on November 17, 2005. In addition, this interrogatory seeks irrelevant information since Plaintiff has not attempted to select electrocution, and cannot use discovery as a means to develop a claim that would not be ripe until he has attempted to select electrocution as his preferred method.

Defendants further object to this interrogatory because it seeks privileged deliberative information about a nonfinal agency decision.

Defendants further object to this interrogatory because it seeks security procedures and personally identifying information of officers, employees, agents, and contractors involved in executions, which are protected by the Privacy Act and the law enforcement privilege and prohibited from disclosure by the protective order dated February 23, 2007. *See Roane v. Gonzales*, No. 05-2337 (D.D.C.), ECF No. 30.

Based on these objections, Defendants will not answer this interrogatory in the absence of a court order.

4.      Describe with specificity the steps Defendants have taken to assure the execution team members identified in response to Interrogatory No. 3 are properly qualified and trained to carry out Plaintiff's execution, including, but not limited to, the Dates on and manner by which they were trained and practiced on the Electrocution Apparatus and the Dates on which they previously performed executions using the Electrocution Apparatus.

**RESPONSE**:  Defendants object to this interrogatory because it is overly broad in that it seeks information that is not relevant to Plaintiff's remaining claims and Defendants' defenses and that is not proportional to the needs of the case. It is based on the incorrect premise that Plaintiff may lawfully select electrocution as his method of execution. Plaintiff was convicted and sentenced under the ADAA in 1993—before enactment of the FDPA—and was therefore not "sentenced to death pursuant to [the FDPA]," 18 U.S.C. § 3596(a). As such, the FDPA does not apply to him. *See Tipton*, 90 F.3d at 901–02. Plaintiff's sentence will be carried out by lethal injection under federal regulations, pursuant to the Order of the United States District Court for the Eastern District of Virginia entered on November 17, 2005. In addition, this interrogatory seeks irrelevant information since Plaintiff has not attempted to select electrocution, and cannot use discovery as a means to develop a claim that would not be ripe until he attempted to select electrocution as his preferred method.

Defendants further object to this interrogatory because it seeks privileged deliberative information about a nonfinal agency decision.

6

Defendants further note that this interrogatory seeks information that is covered by the law-enforcement privilege and that would, if disclosed, be subject to the protective order dated February 23, 2007. *See Roane v. Gonzales*, No. 05-2337 (D.D.C.), ECF No. 30.

Based on these objections, Defendants will not answer this interrogatory in the absence of a court order.

5.      Describe with specificity Defendants' plans to transport Plaintiff to the facility identified in response to Interrogatory No. 1, including, but not limited to, the manner of transportation, the latest Date by which Plaintiff would arrive at the identified facility, where Plaintiff would be housed from the time of his transport until the time of his execution, and how any and all of these steps would allow for Plaintiff's access to counsel.

**RESPONSE**:  Defendants object to this interrogatory because it is overly broad in that it seeks information that is not relevant to Plaintiff's remaining claims and Defendants' defenses and that is not proportional to the needs of the case. It is based on the incorrect premise that Plaintiff may lawfully select electrocution as his method of execution. Plaintiff was convicted and sentenced under the in 1993—before enactment of the FDPA—and was therefore not "sentenced to death pursuant to [the FDPA]," 18 U.S.C. § 3596(a). As such, the FDPA does not apply to him. *See Tipton*, 90 F.3d at 901–02. Plaintiff's sentence will be carried out by lethal injection under federal regulations, pursuant to the Order of the United States District Court for the Eastern District of Virginia entered on November 17, 2005. In addition, this interrogatory seeks irrelevant information since Plaintiff has not attempted to select electrocution, and cannot use discovery as a means to develop a claim that would not be ripe until he has attempted to select electrocution as his preferred method.

Defendants further object to this interrogatory because it seeks privileged deliberative information about a nonfinal agency decision.

Defendants further note that this interrogatory seeks information that is covered by the law-enforcement privilege and that would, if disclosed, be subject to the protective order dated February 23, 2007. *See Roane v. Gonzales*, No. 05-2337 (D.D.C.), ECF No. 30.

Based on these objections, Defendants will not answer this interrogatory in the absence of a court order.

Dated: December 17, 2020

MICHAEL R. SHERWIN
Acting United States Attorney

DANIEL F. VAN HORN, D.C. Bar #924092
Chief, Civil Division

By:   /s/ Johnny Walker
JOHNNY H. WALKER, D.C. Bar #991325
Assistant United States Attorney
555 4th Street, N.W.
Washington, District of Columbia 20530
Telephone: 202 252 2575
Email: johnny.walker@usdoj.gov

*Counsel for Defendant*

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      All Documents and Communications concerning or relating to Defendants' efforts to gain access to the Electrocution Apparatus, including, but not limited to, any contracts with any states or other entities regarding the use of their execution chambers or death penalty facilities.

**RESPONSE**:  Defendants object to this request because it is overly broad in that it seeks information that is not relevant to Plaintiff's remaining claims and Defendants' defenses and that is not proportional to the needs of the case. It is based on the incorrect premise that Plaintiff may lawfully select electrocution as his method of execution. Plaintiff was convicted and sentenced under the in 1993—before enactment of the FDPA—and was therefore not "sentenced to death pursuant to [the FDPA]," 18 U.S.C. § 3596(a). As such, the FDPA does not apply to him. *See Tipton*, 90 F.3d at 901–02. Plaintiff's sentence will be carried out by lethal injection under federal regulations, pursuant to the Order of the United States District Court for the Eastern District of Virginia entered on November 17, 2005. In addition, this interrogatory seeks irrelevant information since Plaintiff has not attempted to select electrocution, and cannot use discovery as a means to develop a claim that would not be ripe until he has attempted to select electrocution as his preferred method.

Defendants further object to this request because it seeks privileged deliberative information about a nonfinal agency decision.

Defendants further object to this request to the extent that it seeks communications covered by the attorney-client privilege and documents covered by the work-product doctrine.

Defendants further object to this request because it seeks security procedures and personally identifying information of officers, employees, agents, and contractors involved in executions, which are protected by the Privacy Act and the law enforcement privilege and

9

prohibited from disclosure by the protective order dated February 23, 2007. *See Roane v. Gonzales*, No. 05-2337 (D.D.C.), ECF No. 30.

Based on these objections, Defendants will not produce documents responsive to this request.

2.      All Documents and Communications concerning or relating to Defendants', or their employees' or contractors', training on or previous use of the Electrocution Apparatus.

**RESPONSE**:  Defendants object to this request because it is overly broad in that it seeks information that is not relevant to Plaintiff's remaining claims and Defendants' defenses and that is not proportional to the needs of the case. It is based on the incorrect premise that Plaintiff may lawfully select electrocution as his method of execution. Plaintiff was convicted and sentenced under the in 1993—before enactment of the FDPA—and was therefore not "sentenced to death pursuant to [the FDPA]," 18 U.S.C. § 3596(a). As such, the FDPA does not apply to him. *See Tipton*, 90 F.3d at 901–02. Plaintiff's sentence will be carried out by lethal injection under federal regulations, pursuant to the Order of the United States District Court for the Eastern District of Virginia entered on November 17, 2005. In addition, this interrogatory seeks irrelevant information since Plaintiff has not attempted to select electrocution, and cannot use discovery as a means to develop a claim that would not be ripe until he has attempted to select electrocution as his preferred method.

Defendants further object to this request because it seeks privileged deliberative information about a nonfinal agency decision.

Defendants further object to this request to the extent that it seeks communications covered by the attorney-client privilege and documents covered by the work-product doctrine.

10

Defendants further object to this request because it seeks security procedures and personally identifying information of officers, employees, agents, and contractors involved in executions, which are protected by the Privacy Act and the law enforcement privilege and prohibited from disclosure by the protective order dated February 23, 2007. *See Roane v. Gonzales*, No. 05-2337 (D.D.C.), ECF No. 30.

Based on these objections, Defendants will not produce documents responsive to this request.

3.      All Documents and Communications concerning or relating to the components, maintenance, preparation, and operation of the Electrocution Apparatus, including, but not limited to, any wiring diagram or schematic diagram, and any Documents and Communications related to the frequency or current density to be applied by the Electrocution Apparatus.

**RESPONSE**:  Defendants object to this request because it is overly broad in that it seeks information that is not relevant to Plaintiff's remaining claims and Defendants' defenses and that is not proportional to the needs of the case. It is based on the incorrect premise that Plaintiff may lawfully select electrocution as his method of execution. Plaintiff was convicted and sentenced under the in 1993—before enactment of the FDPA—and was therefore not "sentenced to death pursuant to [the FDPA]," 18 U.S.C. § 3596(a). As such, the FDPA does not apply to him. *See Tipton*, 90 F.3d at 901–02. Plaintiff's sentence will be carried out by lethal injection under federal regulations, pursuant to the Order of the United States District Court for the Eastern District of Virginia entered on November 17, 2005. In addition, this interrogatory seeks irrelevant information since Plaintiff has not attempted to select electrocution, and cannot use discovery as a means to develop a claim that would not be ripe until he has attempted to select electrocution as his preferred method.

11

Defendants further object to this request because it seeks privileged deliberative information about a nonfinal agency decision.

Defendants further object to this request to the extent that it seeks communications covered by the attorney-client privilege and documents covered by the work-product doctrine.

Defendants further object to this request because it seeks security procedures and personally identifying information of officers, employees, agents, and contractors involved in executions, which are protected by the Privacy Act and the law enforcement privilege and prohibited from disclosure by the protective order dated February 23, 2007. *See Roane v. Gonzales*, No. 05-2337 (D.D.C.), ECF No. 30.

Based on these objections, Defendants will not produce documents responsive to this request.

4.      All Documents and Communications concerning or relating to the protocol or steps Defendants will follow in carrying out Plaintiff's execution should Plaintiff select electrocution as his method of execution under the Virginia Statute.

**RESPONSE**:  Defendants object to this request because it is overly broad in that it seeks information that is not relevant to Plaintiff's remaining claims and Defendants' defenses and that is not proportional to the needs of the case. It is based on the incorrect premise that Plaintiff may lawfully select electrocution as his method of execution. Plaintiff was convicted and sentenced under the in 1993—before enactment of the FDPA—and was therefore not "sentenced to death pursuant to [the FDPA]," 18 U.S.C. § 3596(a). As such, the FDPA does not apply to him. *See Tipton*, 90 F.3d at 901–02. Plaintiff's sentence will be carried out by lethal injection under federal regulations, pursuant to the Order of the United States District Court for the Eastern District of Virginia entered on November 17, 2005. In addition, this interrogatory seeks irrelevant information

12

since Plaintiff has not attempted to select electrocution, and cannot use discovery as a means to develop a claim that would not be ripe until he has attempted to select electrocution as his preferred method.

Defendants further object to this request because it seeks privileged deliberative information about a nonfinal agency decision.

Defendants further object to this request to the extent that it seeks communications covered by the attorney-client privilege and documents covered by the work-product doctrine.

Defendants further object to this request because it seeks security procedures and personally identifying information of officers, employees, agents, and contractors involved in executions, which are protected by the Privacy Act and the law enforcement privilege and prohibited from disclosure by the protective order dated February 23, 2007. *See Roane v. Gonzales*, No. 05-2337 (D.D.C.), ECF No. 30. Based on these objections, Defendants will not produce documents responsive to this request.

5.      All Documents and Communications concerning or relating to Defendants' plans to transport Plaintiff to the location of the Electrocution Apparatus.

**RESPONSE**:  Defendants object to this request because it is overly broad in that it seeks information that is not relevant to Plaintiff's remaining claims and Defendants' defenses and that is not proportional to the needs of the case. It is based on the incorrect premise that Plaintiff may lawfully select electrocution as his method of execution. Plaintiff was convicted and sentenced under the in 1993—before enactment of the FDPA—and was therefore not "sentenced to death pursuant to [the FDPA]," 18 U.S.C. § 3596(a). As such, the FDPA does not apply to him. *See Tipton*, 90 F.3d at 901–02. Plaintiff's sentence will be carried out by lethal injection under federal regulations, pursuant to the Order of the United States District Court for the Eastern District of

Virginia entered on November 17, 2005. In addition, this interrogatory seeks irrelevant information since Plaintiff has not attempted to select electrocution, and cannot use discovery as a means to develop a claim that would not be ripe until he has attempted to select electrocution as his preferred method.

Defendants further object to this request because it seeks privileged deliberative information about a nonfinal agency decision.

Defendants further object to this request to the extent that it seeks communications covered by the attorney-client privilege and documents covered by the work-product doctrine.

Defendants further object to this interrogatory because it seeks security procedures and personally identifying information of officers, employees, agents, and contractors involved in executions, which are protected by the Privacy Act and the law enforcement privilege and prohibited from disclosure by the protective order dated February 23, 2007. *See Roane v. Gonzales*, No. 05-2337 (D.D.C.), ECF No. 30. Based on these objections, Defendants will not produce documents responsive to this request.

Dated: December 17, 2020

MICHAEL R. SHERWIN
Acting United States Attorney

DANIEL F. VAN HORN, D.C. Bar #924092
Chief, Civil Division

By:   /s/ Johnny Walker
JOHNNY H. WALKER, D.C. Bar #991325
Assistant United States Attorney
555 4th Street, N.W.
Washington, District of Columbia 20530
Telephone: 202 252 2575
Email: johnny.walker@usdoj.gov

*Counsel for Defendant*

14

# EXHIBIT D

**Beatty, Andrew R (NYC)**

| | |
|---|---|
| **From:** | Walker, Johnny (USADC) <Johnny.Walker@usdoj.gov> |
| **Sent:** | Monday, December 14, 2020 11:33 AM |
| **To:** | Beatty, Andrew R (NYC); Humphreys, Bradley (CIV); Handley, Cristen (CIV); Lin, Jean (CIV); Kossak, Jonathan (CIV); Perkins, Paul R. (CIV) |
| **Cc:** | Salzman, Donald P (WAS); Drylewski, Alexander C (NYC); Marcus, Jonathan (WAS) |
| **Subject:** | [Ext] RE: Federal Bureau of Prisons' Execution Protocol Cases, No. 19-mc-145 - Johnson Discovery Requests |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

Drew,

This is to confirm that my email below reflects the government's position on the issue.

The timing of the government's opposition to a motion to compel would depend on when you propose to file that motion. Do you have a date in mind?

Johnny

---

**From:** Beatty, Andrew R <Andrew.Beatty@skadden.com>
**Sent:** Friday, December 11, 2020 6:18 PM
**To:** Walker, Johnny (USADC) <JWalker3@usa.doj.gov>; Humphreys, Bradley (CIV) <brhumphr@CIV.USDOJ.GOV>; Handley, Cristen (CIV) <chandley@CIV.USDOJ.GOV>; Lin, Jean (CIV) <JLin@civ.usdoj.gov>; Kossak, Jonathan (CIV) <jkossak@CIV.USDOJ.GOV>; Perkins, Paul R. (CIV) <pperkins@CIV.USDOJ.GOV>
**Cc:** Salzman, Donald P <Donald.Salzman@skadden.com>; Drylewski, Alexander C <Alexander.Drylewski@skadden.com>; Marcus, Jonathan <Jonathan.Marcus@skadden.com>
**Subject:** RE: Federal Bureau of Prisons' Execution Protocol Cases, No. 19-mc-145 - Johnson Discovery Requests

Johnny,

Needless to say, we disagree with your assertion that the requests are irrelevant.  The government has repeatedly taken the position in this case that the FDPA applies to Plaintiffs—with good reason, because, as Judge Chutkan has recognized, "when the death penalty portions of the ADAA were repealed in 2006, the FDPA was 'effectively render[ed] . . . applicable to all federal death-eligible offenses.'"  ECF No. 50 at 3 (quoting *United States v. Barrett*, 496 F.3d 1079, 1106 (10th Cir. 2007)).  Additionally, the government has specifically stated that it would abide by the Virginia statute in question, Va. Code Ann. § 53.1-234.  *See* ECF No. 247 at 2.  Furthermore, the Virginia statute does not require Mr. Johnson to make a selection until 15 days prior to his execution date, making your argument on that point completely inapposite.  *See* Va. Code Ann. § 53.1-234.

Please confirm by 12:00 P.M. EST on Monday, December 14, 2020, that your email reflects Defendants' final position on the issue so that we may take timely action, including seeking appropriate relief from the District Court.

In the event that Mr. Johnson files a motion to compel, please also confirm that you would agree to an expedited schedule for the briefing, which would allow the government three days to oppose the motion and Mr. Johnson one day to reply.

1

Sincerely,
Drew

**Andrew R. Beatty**
**Skadden, Arps, Slate, Meagher & Flom LLP**
One Manhattan West | New York | New York | 10001
T: +1.212.735.3278 | F: +1.917.777.3278
andrew.beatty@skadden.com

---

**From:** Walker, Johnny (USADC) <Johnny.Walker@usdoj.gov>
**Sent:** Friday, December 11, 2020 7:04 AM
**To:** Beatty, Andrew R (NYC) <Andrew.Beatty@skadden.com>; Humphreys, Bradley (CIV) <Bradley.Humphreys@usdoj.gov>; Handley, Cristen (CIV) <Cristen.Handley@usdoj.gov>; Lin, Jean (CIV) <Jean.Lin@usdoj.gov>; Kossak, Jonathan (CIV) <Jonathan.Kossak@usdoj.gov>; Perkins, Paul R. (CIV) <Paul.R.Perkins@usdoj.gov>
**Cc:** Salzman, Donald P (WAS) <Donald.Salzman@skadden.com>; Drylewski, Alexander C (NYC) <Alexander.Drylewski@skadden.com>; Marcus, Jonathan (WAS) <Jonathan.Marcus@skadden.com>
**Subject:** [Ext] RE: Federal Bureau of Prisons' Execution Protocol Cases, No. 19-mc-145 - Johnson Discovery Requests

Drew:

The government can provide responses to your discovery requests on an expedited basis by next Thursday, December 17, 2021; but I want you to know in advance that the government will be objecting to the requests wholesale as seeking irrelevant information (among other objections).

The requests are based on the incorrect premise that Mr. Johnson may select electrocution as a method of execution under the Federal Death Penalty Act and Virginia law. Mr. Johnson, however, was convicted and sentenced under the Anti-Drug Abuse Act of 1988, *see* 18 U.S.C. 848(e), in 1993—before enactment of the FDPA—and was therefore not "sentenced to death pursuant to [the FDPA]." As such, the FDPA does not apply to him. *See United States v. Tipton*, 90 F.3d 861, 901–02 (4th Cir. 1996). His sentence will be carried out by lethal injection under federal regulations, pursuant to the Order of the District Court for the Eastern District of Virginia entered on November 17, 2005.

Moreover, even if Mr. Johnson were able to select electrocution as a method of execution, he has not done so, making the requested information doubly irrelevant.

Johnny

---

**From:** Beatty, Andrew R <Andrew.Beatty@skadden.com>
**Sent:** Wednesday, December 9, 2020 5:57 PM
**To:** Walker, Johnny (USADC) <JWalker3@usa.doj.gov>; Humphreys, Bradley (CIV) <brhumphr@CIV.USDOJ.GOV>; Handley, Cristen (CIV) <chandley@CIV.USDOJ.GOV>; 'denise.clark@usdoj.gov' <denise.clark@usdoj.gov>; Lin, Jean (CIV) <JLin@civ.usdoj.gov>; Kossak, Jonathan (CIV) <jkossak@CIV.USDOJ.GOV>; Perkins, Paul R. (CIV) <pperkins@CIV.USDOJ.GOV>; Smith, Peter (USADC) <PSmith5@usa.doj.gov>
**Cc:** Salzman, Donald P <Donald.Salzman@skadden.com>; Drylewski, Alexander C <Alexander.Drylewski@skadden.com>; Marcus, Jonathan <Jonathan.Marcus@skadden.com>
**Subject:** Federal Bureau of Prisons' Execution Protocol Cases, No. 19-mc-145 - Johnson Discovery Requests

Counsel,

Please find attached Plaintiff Corey Johnson's First Sets of Interrogatories and Requests for Production of Documents.  As indicated in Mr. Walker's previous email in response to the 26(f) conference, please let us know when

you are available to meet and confer on these so that we can obtain information in advance of Mr. Johnson's relevant deadlines.  We are available at your convenience to meet and confer either tomorrow or Friday of this week.  Please let us know what day and time works best for you, and I will send a dial-in.

Plaintiffs will respond to the remaining proposals in Mr. Walker's previous email in due course.


Best,
Drew

**Andrew R. Beatty**
**Skadden, Arps, Slate, Meagher & Flom LLP**
One Manhattan West | New York | New York | 10001
T: +1.212.735.3278 | F: +1.917.777.3278
andrew.beatty@skadden.com


---------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.


================================================================================


---------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.


================================================================================

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| **In the Matter of the** | |
| **Federal Bureau of Prisons' Execution** | : |
| **Protocol Cases,** | |
| | : |
| **Lead Case:** *Roane et al. v. Barr* | **Case No. 19-mc-00145 (TSC)** |
| | : |
| **THIS DOCUMENT RELATES TO:** | : |
| | |
| *James H. Roane, Jr. et al. v. William Barr*, | : |
| **Case No. 05-2337** | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## [PROPOSED] ORDER GRANTING MOTION TO COMPEL

Upon consideration of Plaintiff Corey Johnson's motion to compel answers to interrogatories and production of documents, it is HEREBY ORDERED that the motion to compel is GRANTED, and that Defendants must provide answers to the interrogatories and produce documents in response to the requests for production by December ____, 2020.

It is FURTHER ORDERED that Defendants are judicially estopped from asserting that the FDPA does not apply to Plaintiffs having previously argued that it does.

IT IS SO ORDERED.


_____
The Hon. Tanya S. Chutkan
United States District Judge