# EXHIBIT 2

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of the Federal Bureau of Prisons' Execution Protocol Cases<br><br>LEAD CASE: *Roane, et al. v. Barr*<br><br>THIS DOCUMENT RELATES TO:<br><br>*Roane, et al. v. Barr*, No. 05-2337 | Case No. 19-mc-0145 (TSC) |

## DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF CORY JOHNSON'S FIRST SET OF INTERROGATORIES AND FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rules of Civil Procedure 26, 33, and 34, Defendants submit the following responses and objections to the first set of interrogatories and first set of requests for the production of documents served on December 9, 2020, by Plaintiff Cory Johnson ("Plaintiff").

## GENERAL OBJECTIONS

1.      Defendants object to the "Definitions and Instructions" in Plaintiff's discovery requests to the extent that they purport to impose obligations beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Columbia, and orders of the Court.

2.      Defendants object to the discovery requests to the extent that they are overly broad, *i.e.*, seek information that is not relevant to any party's claim or defense and proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).

3.      Defendants object to the discovery requests to the extent that they are unduly burdensome or duplicative, *i.e.*, seek information that is already in Plaintiff's possession or available through less-burdensome means. *See.* Fed. R. Civ. P. 26(b)(1), (2)(C).

4.      Defendants object to the discovery requests to the extent that they seek information protected by the attorney-client privilege, work-product doctrine, law-enforcement privilege,

deliberative-process privilege, joint-defense privilege, and any other applicable privilege. *See* Fed. R. Civ. P. 26(b)(1). Defendants assert the protections provided by the foregoing privileges and doctrines to the fullest extent permitted by law and do not waive any privilege through the inadvertent disclosure of any otherwise privileged information in response to Plaintiff's discovery requests. *See* Fed. R. Civ. P. 26(b)(5)(B).

5. Defendants object to the interrogatories to the extent that they are compound and contain unidentified subparts that together add up to more than 25 interrogatories. *See* Fed. R. Civ. P. 33(a)(1); *Banks v. Office of Senate-at-Arms*, 222 F.R.D. 7 (D.D.C. 2004).

6. Defendants object to the requests for the production of documents to the extent that they are vague and ambiguous, *i.e.*, fail to describe with reasonable particularity the items or categories of items to be produced. *See* Fed. R. Civ. P. 34(b)(1)(A).

7. Defendants object to the requests for the production of documents to the extent that they seek documents or information not within the possession, custody, or control of Defendants. *See* Fed. R. Civ. P. 34(a)(1).

8. Defendants specifically reserve the right to revise, correct, supplement, or clarify any of these responses at any time during the discovery and trial preparation process. *See* Fed. R. Civ. P. 26(e).

9. Defendants' responses to these discovery requests are not acknowledgments that the requested information is relevant to the subject matter of this case. Each response is without prejudice to Defendants' right to contend that any information provided is inadmissible, irrelevant, immaterial, or not the proper basis for discovery.

## INTERROGATORIES

1. Identify the name and location of the facility where Defendants intend to execute Plaintiff should Plaintiff select electrocution as his method of execution under the Virginia Statute.

**RESPONSE**: Defendants object to this interrogatory because it is overly broad in that it seeks information that is not relevant to Plaintiff's remaining claims and Defendants' defenses and that is not proportional to the needs of the case. It is based on the incorrect premise that Plaintiff may lawfully select electrocution as his method of execution. Plaintiff was convicted and sentenced under the Anti-Drug Abuse Act of 1988 ("ADAA"), *see* 21 U.S.C. § 848(e), in 1993—before enactment of the Federal Death Penalty Act ("FDPA") of 1994, Pub.L. No. 103–322, 108 Stat. 1796—and was therefore not "sentenced to death pursuant to [the FDPA]," *id.* § 3596(a). As such, the FDPA does not apply to him. *See United States v. Tipton*, 90 F.3d 861, 901–02 (4th Cir. 1996). Plaintiff's sentence will be carried out by lethal injection under federal regulations, pursuant to the Order of the United States District Court for the Eastern District of Virginia entered on November 17, 2005. In addition, this interrogatory seeks irrelevant information since Plaintiff has not selected electrocution, and cannot use discovery as a means to develop a claim that would not be ripe until he attempts to select electrocution as his preferred method.

Defendants further object to this interrogatory because it seeks privileged deliberative information about a nonfinal agency decision.

Based on these objections, Defendants will not answer this interrogatory in the absence of a court order.

2. Describe with specificity the steps Defendants have taken to assure the proper functioning of the Electrocution Apparatus and the electrocution facilities identified in response

to Interrogatory No. 1, including, but not limited to, the Dates on and manner by which Defendants tested the Electrocution Apparatus.

**RESPONSE**: Defendants object to this interrogatory because it is overly broad in that it seeks information that is not relevant to Plaintiff's remaining claims and Defendants' defenses and that is not proportional to the needs of the case. It is based on the incorrect premise that Plaintiff may lawfully select electrocution as his method of execution. Plaintiff was convicted and sentenced under the ADAA in 1993—before enactment of the FDPA—and was therefore not "sentenced to death pursuant to [the FDPA]," 18 U.S.C. § 3596(a). As such, the FDPA does not apply to him. *See Tipton*, 90 F.3d at 901–02. Plaintiff's sentence will be carried out by lethal injection under federal regulations, pursuant to the Order of the United States District Court for the Eastern District of Virginia entered on November 17, 2005. In addition, this interrogatory seeks irrelevant information since Plaintiff has not attempted to select electrocution, and cannot use discovery as a means to develop a claim that would not be ripe until he has attempted to select electrocution as his preferred method.

Defendants further object to this interrogatory because it seeks privileged deliberative information about a nonfinal agency decision.

Defendants further note that this interrogatory seeks information that is covered by the law-enforcement privilege and that would, if disclosed, be subject to the protective order dated February 23, 2007. *See Roane v. Gonzales*, No. 05-2337 (D.D.C.), ECF No. 30.

Based on these objections, Defendants will not answer this interrogatory in the absence of a court order

3. Describe the titles, roles, and qualifications of all the employees and contractors that will comprise the execution team should Plaintiff select electrocution as his method of

execution under the Virginia Statute, including, but not limited to, whether they are employees or contractors, by whom they are employed or contracted, any other employment they may currently hold, their experience in their current roles, and their competency to perform their current roles.

**RESPONSE**:  Defendants object to this interrogatory because it is overly broad in that it seeks information that is not relevant to Plaintiff's remaining claims and Defendants' defenses and that is not proportional to the needs of the case. It is based on the incorrect premise that Plaintiff may lawfully select electrocution as his method of execution. Plaintiff was convicted and sentenced under the ADAA in 1993—before enactment of the FDPA—and was therefore not "sentenced to death pursuant to [the FDPA]," 18 U.S.C. § 3596(a). As such, the FDPA does not apply to him. *See Tipton*, 90 F.3d at 901–02. Plaintiff's sentence will be carried out by lethal injection under federal regulations, pursuant to the Order of the United States District Court for the Eastern District of Virginia entered on November 17, 2005. In addition, this interrogatory seeks irrelevant information since Plaintiff has not attempted to select electrocution, and cannot use discovery as a means to develop a claim that would not be ripe until he has attempted to select electrocution as his preferred method.

Defendants further object to this interrogatory because it seeks privileged deliberative information about a nonfinal agency decision.

Defendants further object to this interrogatory because it seeks security procedures and personally identifying information of officers, employees, agents, and contractors involved in executions, which are protected by the Privacy Act and the law enforcement privilege and prohibited from disclosure by the protective order dated February 23, 2007. *See Roane v. Gonzales*, No. 05-2337 (D.D.C.), ECF No. 30.

Based on these objections, Defendants will not answer this interrogatory in the absence of a court order.

4.     Describe with specificity the steps Defendants have taken to assure the execution team members identified in response to Interrogatory No. 3 are properly qualified and trained to carry out Plaintiff's execution, including, but not limited to, the Dates on and manner by which they were trained and practiced on the Electrocution Apparatus and the Dates on which they previously performed executions using the Electrocution Apparatus.

**RESPONSE**:  Defendants object to this interrogatory because it is overly broad in that it seeks information that is not relevant to Plaintiff's remaining claims and Defendants' defenses and that is not proportional to the needs of the case. It is based on the incorrect premise that Plaintiff may lawfully select electrocution as his method of execution. Plaintiff was convicted and sentenced under the ADAA in 1993—before enactment of the FDPA—and was therefore not "sentenced to death pursuant to [the FDPA]," 18 U.S.C. § 3596(a). As such, the FDPA does not apply to him. *See Tipton*, 90 F.3d at 901–02. Plaintiff's sentence will be carried out by lethal injection under federal regulations, pursuant to the Order of the United States District Court for the Eastern District of Virginia entered on November 17, 2005. In addition, this interrogatory seeks irrelevant information since Plaintiff has not attempted to select electrocution, and cannot use discovery as a means to develop a claim that would not be ripe until he attempted to select electrocution as his preferred method.

Defendants further object to this interrogatory because it seeks privileged deliberative information about a nonfinal agency decision.

Defendants further note that this interrogatory seeks information that is covered by the law-enforcement privilege and that would, if disclosed, be subject to the protective order dated February 23, 2007. *See Roane v. Gonzales*, No. 05-2337 (D.D.C.), ECF No. 30.

Based on these objections, Defendants will not answer this interrogatory in the absence of a court order.

5.  Describe with specificity Defendants' plans to transport Plaintiff to the facility identified in response to Interrogatory No. 1, including, but not limited to, the manner of transportation, the latest Date by which Plaintiff would arrive at the identified facility, where Plaintiff would be housed from the time of his transport until the time of his execution, and how any and all of these steps would allow for Plaintiff's access to counsel.

**RESPONSE**: Defendants object to this interrogatory because it is overly broad in that it seeks information that is not relevant to Plaintiff's remaining claims and Defendants' defenses and that is not proportional to the needs of the case. It is based on the incorrect premise that Plaintiff may lawfully select electrocution as his method of execution. Plaintiff was convicted and sentenced under the in 1993—before enactment of the FDPA—and was therefore not "sentenced to death pursuant to [the FDPA]," 18 U.S.C. § 3596(a). As such, the FDPA does not apply to him. *See Tipton*, 90 F.3d at 901–02. Plaintiff's sentence will be carried out by lethal injection under federal regulations, pursuant to the Order of the United States District Court for the Eastern District of Virginia entered on November 17, 2005. In addition, this interrogatory seeks irrelevant information since Plaintiff has not attempted to select electrocution, and cannot use discovery as a means to develop a claim that would not be ripe until he has attempted to select electrocution as his preferred method.

7

Defendants further object to this interrogatory because it seeks privileged deliberative information about a nonfinal agency decision.

Defendants further note that this interrogatory seeks information that is covered by the law-enforcement privilege and that would, if disclosed, be subject to the protective order dated February 23, 2007. *See Roane v. Gonzales*, No. 05-2337 (D.D.C.), ECF No. 30.

Based on these objections, Defendants will not answer this interrogatory in the absence of a court order.

Dated: December 17, 2020    MICHAEL R. SHERWIN
Acting United States Attorney

DANIEL F. VAN HORN, D.C. Bar #924092
Chief, Civil Division

By: /s/ Johnny Walker
JOHNNY H. WALKER, D.C. Bar #991325
Assistant United States Attorney
555 4th Street, N.W.
Washington, District of Columbia 20530
Telephone: 202 252 2575
Email: johnny.walker@usdoj.gov

*Counsel for Defendant*

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. All Documents and Communications concerning or relating to Defendants' efforts to gain access to the Electrocution Apparatus, including, but not limited to, any contracts with any states or other entities regarding the use of their execution chambers or death penalty facilities.

**RESPONSE**: Defendants object to this request because it is overly broad in that it seeks information that is not relevant to Plaintiff's remaining claims and Defendants' defenses and that is not proportional to the needs of the case. It is based on the incorrect premise that Plaintiff may lawfully select electrocution as his method of execution. Plaintiff was convicted and sentenced under the in 1993—before enactment of the FDPA—and was therefore not "sentenced to death pursuant to [the FDPA]," 18 U.S.C. § 3596(a). As such, the FDPA does not apply to him. *See Tipton*, 90 F.3d at 901–02. Plaintiff's sentence will be carried out by lethal injection under federal regulations, pursuant to the Order of the United States District Court for the Eastern District of Virginia entered on November 17, 2005. In addition, this interrogatory seeks irrelevant information since Plaintiff has not attempted to select electrocution, and cannot use discovery as a means to develop a claim that would not be ripe until he has attempted to select electrocution as his preferred method.

Defendants further object to this request because it seeks privileged deliberative information about a nonfinal agency decision.

Defendants further object to this request to the extent that it seeks communications covered by the attorney-client privilege and documents covered by the work-product doctrine.

Defendants further object to this request because it seeks security procedures and personally identifying information of officers, employees, agents, and contractors involved in executions, which are protected by the Privacy Act and the law enforcement privilege and

prohibited from disclosure by the protective order dated February 23, 2007. *See Roane v. Gonzales*, No. 05-2337 (D.D.C.), ECF No. 30.

Based on these objections, Defendants will not produce documents responsive to this request.

2.  All Documents and Communications concerning or relating to Defendants', or their employees' or contractors', training on or previous use of the Electrocution Apparatus.

**RESPONSE**: Defendants object to this request because it is overly broad in that it seeks information that is not relevant to Plaintiff's remaining claims and Defendants' defenses and that is not proportional to the needs of the case. It is based on the incorrect premise that Plaintiff may lawfully select electrocution as his method of execution. Plaintiff was convicted and sentenced under the in 1993—before enactment of the FDPA—and was therefore not "sentenced to death pursuant to [the FDPA]," 18 U.S.C. § 3596(a). As such, the FDPA does not apply to him. *See Tipton*, 90 F.3d at 901–02. Plaintiff's sentence will be carried out by lethal injection under federal regulations, pursuant to the Order of the United States District Court for the Eastern District of Virginia entered on November 17, 2005. In addition, this interrogatory seeks irrelevant information since Plaintiff has not attempted to select electrocution, and cannot use discovery as a means to develop a claim that would not be ripe until he has attempted to select electrocution as his preferred method.

Defendants further object to this request because it seeks privileged deliberative information about a nonfinal agency decision.

Defendants further object to this request to the extent that it seeks communications covered by the attorney-client privilege and documents covered by the work-product doctrine.

Defendants further object to this request because it seeks security procedures and personally identifying information of officers, employees, agents, and contractors involved in executions, which are protected by the Privacy Act and the law enforcement privilege and prohibited from disclosure by the protective order dated February 23, 2007. *See Roane v. Gonzales*, No. 05-2337 (D.D.C.), ECF No. 30.

Based on these objections, Defendants will not produce documents responsive to this request.

3. All Documents and Communications concerning or relating to the components, maintenance, preparation, and operation of the Electrocution Apparatus, including, but not limited to, any wiring diagram or schematic diagram, and any Documents and Communications related to the frequency or current density to be applied by the Electrocution Apparatus.

**RESPONSE**: Defendants object to this request because it is overly broad in that it seeks information that is not relevant to Plaintiff's remaining claims and Defendants' defenses and that is not proportional to the needs of the case. It is based on the incorrect premise that Plaintiff may lawfully select electrocution as his method of execution. Plaintiff was convicted and sentenced under the in 1993—before enactment of the FDPA—and was therefore not "sentenced to death pursuant to [the FDPA]," 18 U.S.C. § 3596(a). As such, the FDPA does not apply to him. *See Tipton*, 90 F.3d at 901–02. Plaintiff's sentence will be carried out by lethal injection under federal regulations, pursuant to the Order of the United States District Court for the Eastern District of Virginia entered on November 17, 2005. In addition, this interrogatory seeks irrelevant information since Plaintiff has not attempted to select electrocution, and cannot use discovery as a means to develop a claim that would not be ripe until he has attempted to select electrocution as his preferred method.

11

Defendants further object to this request because it seeks privileged deliberative information about a nonfinal agency decision.

Defendants further object to this request to the extent that it seeks communications covered by the attorney-client privilege and documents covered by the work-product doctrine.

Defendants further object to this request because it seeks security procedures and personally identifying information of officers, employees, agents, and contractors involved in executions, which are protected by the Privacy Act and the law enforcement privilege and prohibited from disclosure by the protective order dated February 23, 2007. *See Roane v. Gonzales*, No. 05-2337 (D.D.C.), ECF No. 30.

Based on these objections, Defendants will not produce documents responsive to this request.

4.      All Documents and Communications concerning or relating to the protocol or steps Defendants will follow in carrying out Plaintiff's execution should Plaintiff select electrocution as his method of execution under the Virginia Statute.

**RESPONSE**: Defendants object to this request because it is overly broad in that it seeks information that is not relevant to Plaintiff's remaining claims and Defendants' defenses and that is not proportional to the needs of the case. It is based on the incorrect premise that Plaintiff may lawfully select electrocution as his method of execution. Plaintiff was convicted and sentenced under the in 1993—before enactment of the FDPA—and was therefore not "sentenced to death pursuant to [the FDPA]," 18 U.S.C. § 3596(a). As such, the FDPA does not apply to him. *See Tipton*, 90 F.3d at 901–02. Plaintiff's sentence will be carried out by lethal injection under federal regulations, pursuant to the Order of the United States District Court for the Eastern District of Virginia entered on November 17, 2005. In addition, this interrogatory seeks irrelevant information

12

since Plaintiff has not attempted to select electrocution, and cannot use discovery as a means to develop a claim that would not be ripe until he has attempted to select electrocution as his preferred method.

Defendants further object to this request because it seeks privileged deliberative information about a nonfinal agency decision.

Defendants further object to this request to the extent that it seeks communications covered by the attorney-client privilege and documents covered by the work-product doctrine.

Defendants further object to this request because it seeks security procedures and personally identifying information of officers, employees, agents, and contractors involved in executions, which are protected by the Privacy Act and the law enforcement privilege and prohibited from disclosure by the protective order dated February 23, 2007. *See Roane v. Gonzales*, No. 05-2337 (D.D.C.), ECF No. 30. Based on these objections, Defendants will not produce documents responsive to this request.

5.  All Documents and Communications concerning or relating to Defendants' plans to transport Plaintiff to the location of the Electrocution Apparatus.

**RESPONSE**:  Defendants object to this request because it is overly broad in that it seeks information that is not relevant to Plaintiff's remaining claims and Defendants' defenses and that is not proportional to the needs of the case. It is based on the incorrect premise that Plaintiff may lawfully select electrocution as his method of execution. Plaintiff was convicted and sentenced under the in 1993—before enactment of the FDPA—and was therefore not "sentenced to death pursuant to [the FDPA]," 18 U.S.C. § 3596(a). As such, the FDPA does not apply to him. *See Tipton*, 90 F.3d at 901–02. Plaintiff's sentence will be carried out by lethal injection under federal regulations, pursuant to the Order of the United States District Court for the Eastern District of

Virginia entered on November 17, 2005. In addition, this interrogatory seeks irrelevant information since Plaintiff has not attempted to select electrocution, and cannot use discovery as a means to develop a claim that would not be ripe until he has attempted to select electrocution as his preferred method.

Defendants further object to this request because it seeks privileged deliberative information about a nonfinal agency decision.

Defendants further object to this request to the extent that it seeks communications covered by the attorney-client privilege and documents covered by the work-product doctrine.

Defendants further object to this interrogatory because it seeks security procedures and personally identifying information of officers, employees, agents, and contractors involved in executions, which are protected by the Privacy Act and the law enforcement privilege and prohibited from disclosure by the protective order dated February 23, 2007. *See Roane v. Gonzales*, No. 05-2337 (D.D.C.), ECF No. 30. Based on these objections, Defendants will not produce documents responsive to this request.

Dated: December 17, 2020

MICHAEL R. SHERWIN
Acting United States Attorney

DANIEL F. VAN HORN, D.C. Bar #924092
Chief, Civil Division

By: /s/ Johnny Walker
JOHNNY H. WALKER, D.C. Bar #991325
Assistant United States Attorney
555 4th Street, N.W.
Washington, District of Columbia 20530
Telephone: 202 252 2575
Email: johnny.walker@usdoj.gov

*Counsel for Defendant*