**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In the Matter of the<br>Federal Bureau of Prisons' Execution<br>Protocol Cases,<br><br>LEAD CASE: *Roane, et al. v. Barr*<br><br>THIS DOCUMENT RELATES TO:<br><br>*Roane v. Barr*, 05-cv-2337 | Case No. 19-mc-145 (TSC) |

## <u>MEMORANDUM OPINION</u>

Plaintiff Cory Johnson has moved for relief from judgment pursuant to Fed. R. Civ.

P. 60(b)(1), (3), and (6) (ECF No. 364), and to compel discovery, (ECF No. 363).  Because

Johnson lacks standing to sue under the Federal Death Penalty Act (FDPA), both motions will be

DENIED.

## I.      BACKGROUND

Johnson is one of several federal death row inmates who filed an amended complaint

challenging Defendants' implementation of their executions pursuant to the Federal Bureau of

Prisons' execution protocol (the 2019 Protocol).  Among other things, Plaintiffs alleged that the

2019 Protocol violates § 3596(a) of the FDPA which requires the federal government to

implement an execution "in the manner prescribed by the law of the State in which the sentence

is imposed."  18 U.S.C. § 3596(a).  To support their claim, Plaintiffs identified several

differences between the 2019 Protocol and laws in the various states in which Plaintiffs were

sentenced.  In the case of Johnson, who was sentenced to death in Virginia, Plaintiffs pointed to

Va. Code Ann. § 53.1-234, which allows a condemned inmate to choose between electrocution

and lethal injection as the method of execution.

1

Defendants, in moving for summary judgment on the FDPA claim, took the position that the 2019 Protocol "'allows the federal government to depart from its procedures as necessary to conform to state statutes and regulations,' which [the Bureau of Prisons] is prepared to do if such circumstances arise." (ECF No. 170 at 32 (quoting *In re Fed. Bureau of Prisons' Execution Protocol Cases*, 955 F.3d 106, 112 (D.C. Cir. 2020)).) In light of that representation, on September 14, 2020, the court ordered Defendants "to file a notice . . . indicating whether they are prepared to deviate from the procedures of the 2019 Execution Protocol to accommodate" the statutes identified by Plaintiffs, including Va. Code. Ann. § 53.1-234. In no uncertain terms, the court further instructed that if Defendants "have not determined whether they will comply with a given statute, they shall so indicate."

In response to the court's Order, on September 15, 2020 Defendants filed a notice in which they stated:

> [T]he South Carolina and Virginia statutes identified by the Court provide that condemned inmates may choose between lethal injection and electrocution, and if they do not do so before a certain number of days prior to the scheduled execution, the manner of execution shall be lethal injection. *See* S.C. Code § 24-3-530(A) and Va. Code Ann. § 53.1-234. As those provisions are incorporated by the FDPA even on the government's interpretation of the statute, the government will not execute any plaintiff whose sentence was issued in federal court in Virginia or South Carolina and is subject to the FDPA (see 18 U.S.C. §§ 3591, 3596) without complying with those provisions of S.C. Code § 24-3-530(A) or Va. Code Ann. § 53.1-234.

(ECF No. 247 at 5.)

On September 20, 2020, the court granted Defendants' motion for summary judgment, relying in large part on the representations made in Defendants' September 15 notice. (*See* ECF No. 261 at 27 ("Defendants stated that 'the government will not execute any plaintiff whose sentence was issued in federal court in Virginia or South Carolina and is subject to the FDPA without complying with those provisions of S.C. Code § 24-3-530(A) or Va. Code Ann. § 53.1-

234.' . . . Thus, the court is satisfied that there is no live controversy as to the alleged discrepancies between the 2019 Protocol and the relevant South Carolina, Virginia, and Missouri laws.".) Accordingly, at Plaintiffs' request, the court entered partial final judgment in Defendants' favor on November 16, 2020. (ECF No. 315.)

On November 18, 2020, the D.C. Circuit upheld this court's grant of summary judgment for Defendants on the FDPA claim, also based, in part, on Defendants' agreement to comply with the relevant provisions of state law. *In re Fed. Bureau of Prisons' Execution Protocol Cases*, 980 F.3d 123, 138 (D.C. Cir. 2020) (noting the existence of "a governmental agreement to comply").

Meanwhile, the parties engaged in discovery. Johnson served five interrogatories and five requests for documents on Defendants seeking information regarding his possible selection of electrocution for his method of execution. (*See* ECF Nos. 363-2, 363-3.) On December 11, 2020, Defendants informed Johnson's counsel that they "will be objecting to the requests wholesale as seeking irrelevant information." (ECF No. 363-5 at 3.) Defendants assert that the discovery requests were "based on the incorrect premise that Mr. Johnson may select electrocution as a method of execution under the Federal Death Penalty Act and Virginia law." (*Id.*) Defendants also noted that "even if Mr. Johnson were able to select electrocution as a method of execution, he has not done so, making the requested information doubly irrelevant." (*Id.*)

In their formal response to Johnson's discovery request, Defendants reiterated their relevance objection to each interrogatory and document request. (*See generally* ECF No. 363-4.) They also invoked the deliberative process privilege and the law enforcement privilege.

## II.   DISCUSSION

In light of Defendants' refusal to provide him the option to choose between death by electrocution or lethal injection, Johnson filed a motion to compel discovery and a motion for relief from the court's November 16, 2020 entry of partial final judgment in Defendants' favor on the FDPA claim.  The main issue in both motions is whether Johnson's death sentence is subject to the FDPA or the Anti-Drug Abuse Act (ADAA), an earlier federal death penalty statute.  Johnson argues that Defendants are judicially estopped from asserting that the FDPA does not apply to him based on this court's prior rulings and the fact that Defendants have taken the exact opposite position in this litigation.  Defendants argue that the Fourth Circuit has already ruled that Johnson's sentence is subject to the ADAA and therefore collateral estoppel precludes relitigating the issue.

The court will address Johnson's motion for relief from judgment first.  Rule 60(b) allows a court to relieve a party from a final judgment for: mistake, inadvertence, surprise, or excusable neglect, Fed. R. Civ. P. 60(b)(1); fraud, misrepresentation, or other misconduct by an opposing party, Fed. R. Civ. P. 60(b)(3); or "any other reason that justifies relief," Fed. R. Civ. P. (60(b)(6).  The party seeking relief from judgment bears the burden of proof.  *See Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 383–84 (1992); *Green v. Am. Federation of Labor*, 287 F.R.D. 107, 109 (D.D.C. 2012).

"[T]he decision to grant or deny a rule 60(b) motion is committed to the discretion of the District Court." *United Mine Workers of Am. 1974 Pension v. Pittston Co.*, 984 F.2d 469, 476 (D.C. Cir. 1993).  "Relief under Rule 60(b)(1) turns on equitable factors." *Elec. Priv. Info. Ctr. v. Dep't of Homeland Sec.*, 811 F. Supp. 2d 216, 225 (D.D.C. 2011).  Under Rule 60(b)(3), the moving party must show that the misrepresentation "prevented him or her from fully and fairly presenting his or her case" and that the misrepresentation "is attributable to the party or, at least,

4

to counsel." *See Richardson v. Nat'l R.R. Passenger Corp.*, 150 F.R.D. 1, 7 (D.D.C. 1993), *aff'd*, 49 F.3d 760 (D.C. Cir. 1995).  And, finally, a relief from judgment under Rule 60(b) requires the movant to show "'extraordinary circumstances' justifying the reopening of a final judgment." *Salazar ex rel. Salazar v. District of Columbia*, 633 F.3d 1110, 1116 (D.C. Cir. 2011) (quoting *Ackermann v. United States*, 340 U.S. 193, 199 (1950)).

Though the court agrees that Defendants have changed their position during this litigation, Johnson has failed to establish standing and, thus, is unable to secure the relief afforded by Rule 60(b).  In one of their first filings in this consolidated action, Defendants described the statutory scheme as follows: "The FDPA did not initially govern death sentences, like [former Plaintiff Dustin Honken's], under the ADAA, 21 U.S.C. § 848(e) (1988) [but i]n 2006, Congress repealed the capital provisions of § 848, 'effectively rendering the FDPA applicable to all federal death-eligible offenses.'" (ECF No. 36 at 5 n.1 (quoting *United States v. Barrett*, 496 F.3d 1079, 1106 (10th Cir. 2007)).)  Former Plaintiff Honken, like Johnson, was sentenced while the ADAA was in effect—thus, Defendants clearly took the position at the beginning of this litigation that all plaintiffs were subject to the FDPA.

And despite the fact that Defendants' September 15, 2020 notice to the court was carefully worded, it was nevertheless misleading.  Defendants stated, unequivocally, that Va. Code. Ann. § 53.1-234 was "incorporated by the FDPA even on the government's interpretation of the statute," and that "the government will not execute any plaintiff whose sentence was issued in federal court in Virginia . . . and is subject to the FDPA (see 18 U.S.C. §§ 3591, 3596) without complying with" that provision.  (ECF No. 247 at 5.)  Defendants did reserve the right to deny an inmate the choice of an alternate execution method if they were not sentenced under the FDPA.  But under Defendants' new position, not a single plaintiff sentenced to death in Virginia in this case would fall under the FDPA.  Thus, Defendants' September 15 representation was

5

disingenuous and obfuscated its response to the court's inquiry as to whether it intended to allow the plaintiffs sentenced in Virginia to choose their method of execution.

Defendants' misleading representation notwithstanding, the court cannot apply judicial estoppel, an equitable remedy. The question of whether Johnson can invoke the FDPA is an issue of standing, which cannot be waived or bypassed by equitable principles. *See Barrett*, 496 F.3d at 1106 (holding that condemned inmate sentenced to death under the ADAA "lack[ed] standing to challenge the FDPA because he was not sentenced to death under that Act."); *La Botz v. Fed. Election Comm'n*, 61 F. Supp. 3d 21, 27 (D.D.C. 2014) (quoting *Hasse v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987) ("[A] defect of standing is a defect in subject matter jurisdiction.").

The court finds that the FDPA, by its plain terms, does not apply to an inmate sentenced under the ADAA.[1] Section 3596(a) applies only to "[a] person who has been sentenced to death pursuant to this chapter"—namely, chapter 228 of Title 18. Johnson, however, was sentenced to death under chapter 13 of Title 21. Nothing in the FDPA purports to apply to inmates condemned under a different statutory regime. *See United States v. Stitt*, 552 F.3d 345, 352–53 (4th Cir. 2008) (explaining that the FDPA cannot be read to encompass a sentence under the ADAA, which appeared in a different title of the United States Code); *Tipton*, 90 F.3d at 902 (holding that § 3596(a) of the FDPA "does not by its terms apply to death sentences imposed

---

[1] Contrary to Defendants' position, the issue of whether the FDPA applied to Johnson, as framed here, was not squarely addressed in *Tipton v. United States*, 90 F.3d 861 (4th Cir. 1996), which was decided before the death penalty provisions of the ADAA were repealed in 2006. Thus, collateral estoppel does not apply because the issue here—whether Johnson has standing to invoke the FDPA given the repeal of the ADAA—was not decided. *See, e.g.*, *Capital Servs. Mgmt., Inc. v. Vesta Corp.*, 933 F.3d 784, 794 (D.C. Cir. 2019) (quoting *Walker v. FedEx Office & Print Servs., Inc.*, 123 A.3d 160, 164 (D.C. 2015)) (explaining that collateral estoppel applies where, inter alia, "the issue is actually litigated"). Nevertheless, *Tipton* is instructive.

under [the ADAA]" because it only applies to the execution of persons 'sentenced to death pursuant to this chapter'" (quoting 18 U.S.C. § 3596(a))); *United States v. Flores*, 63 F.3d 1342, 1369 (5th Cir. 1995) (holding that a portion of the FDPA was inapplicable to the defendant because it was not in effect at the time of his sentencing).

Johnson provides no precedent to the contrary. In fact, the case upon which he relies most heavily supports the court's conclusion. *See Barrett*, 496 F.3d at 1106 (explaining that though "Congress repealed the death penalty provisions of [the ADAA], effectively rendering the FDPA applicable to all federal death-eligible offenses . . . [the plaintiff] lacks standing to challenge the FDPA because he was not sentenced to death under that Act").[2]

Johnson also contends that this court has already found that the FDPA applies. To be sure, in one of its first opinions in this case, the court explained that "Plaintiffs' cases are governed by the FDPA because when the death penalty portions of the ADAA were repealed in 2006, the FDPA was effectively rendered . . . applicable to all federal death-eligible offenses." (ECF No. 50 at 3.) But, again, the court cannot waive a jurisdictional defect, even when raised late in a case. *See, e.g.*, *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434–35 (2011) ("Objections to subject-matter jurisdiction [] may be raised at any time . . . . Indeed, a party may

---

[2] Citing *United States v. Hager*, Johnson also claims that "[o]ther courts have found that the FDPA is capable of replacing repealed portions of the ADAA." (ECF No. 366 at 7 n.2 (citing 530 F. Supp. 2d 778 (E.D. Va. 2008)).) In *Hager*, the court ruled that "only the procedural provisions of the FDPA apply to this defendant," relying on the Savings Statute, which preserves the penalty, forfeiture or liability imposed by a repealed statute but not procedures set forth therein. *Id.* at 782, 785 (discussing 1 U.S.C. § 109). The *Hager* court found that the procedures set forth in §§ 848(g), (h), (i), and (k) (now-repealed provisions of the ADAA) were procedural and thus were not preserved by the Savings Statute. This conclusion appears to contradict the Fourth Circuit's assessment of the repealed provisions of the ADAA in *Stitt*, which found that §§ 848(g)–(r) were all preserved by the Savings Statute because "the [death] penalty provided in [the ADAA] cannot be fully preserved without also preserving the mechanisms for enforcing it." *Stitt*, 552 F.3d at 354. Thus, the court is not convinced that the *Hager* decision supports Johnson's position. In any event, *Hager* does not address whether the implementation provision of the FDPA is substantive or procedural and thus offers limited guidance.

7

raise such an objection even if the party had previously acknowledged the [] court's jurisdiction.")

Because Johnson lacks standing to invoke the FDPA, his motion to compel discovery will also be denied. Under Rule 26, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. Pro. 26(b)(1). Since Johnson is not entitled to select electrocution as a method of execution, his discovery requests are irrelevant to his claims in the present litigation.

### III.    CONCLUSION

Accordingly, Johnson's motions for relief under Fed. R. Civ. P. 60(b) and to compel discovery must be DENIED.

The court finds it ironic that, throughout this litigation, Defendants have repeatedly decried filings by Plaintiffs and rulings by the court on the eve of an execution but have, themselves, gone a step further by reversing their litigation position at the last minute. Accordingly, Defendants shall provide notice by January 1, 2021, indicating which other plaintiffs they believe lack standing to bring challenges under the FDPA. By the same date, Defendants shall also show cause as to why they did not assert this standing issue when they moved for summary judgment or when the court issued its September 14, 2020 show cause order. The court will issue a separate order accordingly.

Date:  December 30, 2020


*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

8