UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of the<br>Federal Bureau of Prisons' Execution<br>Protocol Cases<br><br>LEAD CASE: *Roane, et al. v. Barr*<br><br>THIS DOCUMENT RELATES TO:<br>*Roane, et al. v. Barr*, No. 05-2337 | Case No. 19-mc-0145 (TSC) |

**NOTICE AND RESPONSE TO SHOW CAUSE ORDER**

In its Memorandum Opinion of December 30, 2020, this Court held that Plaintiff "[Cory] Johnson lacks standing to invoke the [Federal Death Penalty Act (FDPA)]," ECF No. 378 at 8, because "the FDPA, by its plain terms, does not apply to an inmate sentenced under the [Anti-Drug Abuse Act (ADAA)]," *id.* at 6. This Court ordered Defendant to provide notice "indicating what other plaintiffs they believe lack standing to bring challenges under the Federal Death Penalty Act." Order, ECF No. 379. Defendants hereby provide notice that they believe Plaintiffs James Roane, Richard Tipton, and Julius Robinson also were sentenced pursuant to the ADAA and lack standing to bring challenges under the FDPA under this Court's Memorandum Opinion.

This Court's Order of December 30, 2020, ECF No. 379, further ordered Defendants to show cause "as to why they did not assert the standing issue discussed in the court's accompanying Memorandum Opinion when they moved for summary judgment or when the court issued its September 14, 2020 show cause order." Defendants hereby respond that they did not intend to mislead the Court or the plaintiffs regarding the applicability of the FDPA to the Plaintiffs. Defendants regret that they did not raise the defense in their summary judgment briefing in July 2020 and sincerely apologize for their failure to more clearly identify the potential—and ultimately

1

successful—defense in their September 15, 2020, response to the Court's inquiry about whether the FDPA incorporates the statutory provisions the Court identified. Had undersigned counsel determined earlier that the defense was viable, it would have only been to Defendants' benefit to raise it earlier. Undersigned counsel have been responding to flurries of motions raising myriad legal issues under highly compressed schedules in this litigation. They did not focus on the merits of this potential defense until after Plaintiff Johnson sought discovery concerning the government's plans about electrocution. Once undersigned counsel examined Johnson's individual circumstances, including his prior litigation on the applicability of the FDPA in the Fourth Circuit in *Tipton v. United States*, 90 F.3d 861 (4th Cir. 1996), and determined that the defense was viable, they acted promptly. Defendants set forth below the sequence of events and respectfully submit that no party has been prejudiced by their delay in raising the defense.

The ADAA issue first arose when Defendants responded to Plaintiff Dustin Honken's first motion for a preliminary injunction, which was due on November 12, 2019. On November 8, 2019, this Court had denied Defendants' consent motion for extension of time and shortened the deadline to 5 p.m. November 12, which is the same deadline the Court imposed that day for Defendants' response to Plaintiff Wesley Purkey's motion for preliminary injunction also filed on November 8 (ECF No. 34), *see Purkey v. Barr*, 19 cv 3214, Minute Order (Nov. 8, 2019). In Honken's case, although he was sentenced pursuant to the ADAA, his 2005 judgment issued by the sentencing court provided that "[p]ursuant to 18 U.S.C. § 3596, . . . [w]hen the sentence is to be implemented," it shall be done "in the manner prescribed by the law of the State of Indiana." *United States v. Honken*, CR01-3047-001-MWB (N.D. Iowa Oct. 11, 2005). Undersigned counsel therefore did not focus on the issue of whether the FDPA indeed applied to Honken. Admittedly, the Tenth Circuit case Defendants cited in a footnote in the statutory background section of the brief does hold that a person sentenced pursuant to the death sentence procedures of the ADAA prior to 2006 lacks standing to challenge the FDPA. ECF No. 36 at 5 n.1 (citing *United States v. Barrett*, 496 F.3d 1079, 1106 (10th Cir. 2007)). This Court too has since cited *Barrett* when discussing the statutory background in one of its decisions. *See* ECF No. 50 at 3. Ultimately,

Defendants' oversight was irrelevant in Honken's case, as Indiana law did not prohibit BOP from executing Honken using the single-drug pentobarbital protocol.

Undersigned counsel's erroneous assumption about Honken carried through to June 2020, when Defendants responded, under a compressed schedule, to a joint preliminary injunction motion by Honken, Purkey, Daniel Lee, and Keith Nelson, as well as to motions to expedite discovery and to strike a notice of execution. *See* Minute Order (June 20, 2020). As a result, Defendants did not address the ADAA issue at that time. The litigation that ensued both in this District and elsewhere through the executions of three of those plaintiffs in mid-July 2020 was eventful, and Defendants then had two weeks to file their motion to dismiss and motion for summary judgment. ECF Nos. 169 & 170 (July 31, 2020). Given the numerous legal claims they had to address and the D.C. Circuit's earlier favorably ruling on the FPDA issue for Defendants, *see In re Federal Bureau of Prisons' Execution Protocol Cases*, 955 F.3d 106 (D.C. Cir. 2020), undersigned counsel simply did not focus on whether the government had a valid ADAA defense, despite being generally aware shortly before the filing of the brief that it may be a possible defense as to some of the plaintiffs. Undersigned counsel also did not conceive of that potential defense as a jurisdictional one as the Court has now characterized it. Immediately thereafter, Nelson filed a motion to expedite trial, ECF No. 174 (July 31, 2020), and a motion for summary judgment on his Federal Food, Drug, and Cosmetic Act claim, ECF No. 180 (Aug. 4, 2020). The briefing of those motions took up a substantial amount of time and attention, among other filings.

On September 14, 2020, the Court entered a minute order noting that it "has been inundated with filing and motions in this case" and ordering the parties not to make any further filings without leave of court. That same day, at 3:00 pm, the Court directed Defendants to file a notice by 9:00 am the following morning "indicating whether they are prepared to deviate from the procedures of the 2019 Execution Protocol to accommodate" five state statutory provisions Plaintiffs alleged were in conflict with the Protocol, including Va. Code Ann. Sec. 53.1-234.

In response, undersigned counsel focused on whether the cited statutory provisions, including the Virginia provision, address the "manner" of execution and thus are incorporated by

3

the FDPA. In that compressed time, undersigned counsel did not resolve the question of whether the FDPA applies to every plaintiff, which undersigned counsel did not understand to be the focus of the Court's question. Accordingly, in stating the government's belief that the cited Virginia statute was incorporated by the FDPA, Defendants qualified the response to indicate what they knew to be true, which is that the FDPA incorporates the Virginia statute for those inmates sentenced in Virginia and "subject to the FDPA." ECF No. 247 at 5. In doing so, Defendants avoided taking any definite position that the FDPA applied to every plaintiff and had no intention of misleading the Court or the plaintiffs to the contrary. Regrettably, undersigned counsel did not ascertain whether any of the existing plaintiffs was not subject to the FDPA. In hindsight, undersigned counsel should have done so.

Defendants do not believe their failure to raise the defense earlier prejudiced Plaintiffs Johnson, Roane, Tipton, or Robinson, especially given this Court's conclusion that the FDPA, by its plain terms, is inapplicable to them. Plaintiff Robinson, who was sentenced in Texas, has not been scheduled for execution. Nor have Plaintiffs Roane and Tipton. Plaintiffs Johnson, Roane, and Tipton also were at least on notice that the FDPA likely did not apply to them, given (1) their litigation of the issue in *Tipton*; (2) their amended complaint—after the repeal of the ADAA's death sentence procedures—that retained allegations under the ADAA, *see Roane v. Gonzales*, No. 1:05-cv-023337-RWR (D.D.C. 2005), ECF No. 8; (3) the decision in *United States v. Barrett*, 496 F.3d 1079, 1106 (10th Cir. 2007), after the 2006 repeal; and (4) the lack of any case law suggesting the FDPA would be applicable to pre-FDPA death sentences, *see* Mem. Op. at 7.

The first time undersigned counsel focused on the question of the FDPA's applicability to Johnson was when Johnson—who was scheduled on November 20, 2020, for execution in January—indicated his intention to seek discovery of information that would only be relevant if the FDPA applied to him, *i.e.,* information concerning the government's plans about electrocution. *See* ECF No. 363-5. Upon examining the issue, undersigned counsel promptly informed Johnson's counsel two days after being served the discovery requests of the government's position that the FDPA did not apply to Johnson. Thereafter, Defendants also agreed to promptly serve their

4

objections and to an expedited briefing schedule on a motion to compel, which was further shortened by the Court. Again, Defendants sincerely regret not raising the defense earlier. But as this Court determined, Johnson is not entitled to choose electrocution. Nor has Johnson ever proffered electrocution as a feasible and significantly less painful alternative to BOP's single-drug pentobarbital protocol.

Defendants and their counsel reiterate that they had no intention to mislead the Court or to obfuscate their position on the FDPA's applicability to the relevant plaintiffs. Had undersigned counsel determined earlier the viability of the defense, they would have raised it earlier because it would only have been to the Defendants' benefit to do so. Undersigned counsel have consistently endeavored to provide the Court with timely and accurate legal arguments throughout this fast-paced litigation. They also take seriously their unique role of being Department of Justice attorneys who are held to a high standard of professionalism, honesty, and integrity. In this circumstance, they sincerely regret not raising the defense earlier.

Respectfully submitted,

| | |
|---|---|
| JEFFREY BOSSERT CLARK<br>Acting Assistant Attorney General | MICHAEL R. SHERWIN<br>Acting United States Attorney |
| By:  /s/ *Jean Lin*<br>JEAN LIN, NY Bar 6216442<br>Special Litigation Counsel<br>JONATHAN KOSSAK, D.C. Bar 991478<br>Trial Attorney<br>Federal Programs Branch<br>Civil Division, Department of Justice<br>1100 L Street, N.W.<br>Washington, District of Columbia 20005<br>(202) 514-3716<br>jean.lin@usdoj.gov<br>jonathan.kossak@usdoj.gov | DANIEL F. VAN HORN, D.C. Bar 924092<br>Chief, Civil Division<br><br>JOHNNY H. WALKER, D.C. Bar 991325<br>Assistant United States Attorney<br>555 4th Street, N.W.<br>Washington, District of Columbia 20530<br>Telephone: 202 252 2575<br>Email: johnny.walker@usdoj.gov<br><br>*Counsel for Defendants* |

Dated: January 1, 2021

## CERTIFICATE OF SERVICE

I hereby certify that on January 1, 2021, I caused a true and correct copy of foregoing to be served on all following counsel of record via the Court's CM/ECF system.

Joshua C. Toll
King & Spalding LLP
(202) 737-8616
jtoll@kslaw.com

Margaret O'Donnell
(502) 320-1837
mod@dcr.net

*Counsel for Plaintiff Anthony Battle*

Alex Kursman
Shawn Nolan
Federal Community Defender Office, E.D. Pa.
(215) 928-0520
alex_kursman@fd.org
shawn_nolan@fd.org

*Counsel for Plaintiff Alfred Bourgeois*

Joseph Luby
Federal Community Defender Office, E.D. Pa.
(215) 928-0520
joseph_luby@fd.org

*Counsel for Plaintiff Chadrick Fulks*

Ginger D. Anders
Jonathan S. Meltzer
Brendan Gants
Munger, Tolles & Olson LLP
(202) 220-1100
ginger.anders@mto.com

*Counsel for Plaintiff Brandon Bernard*

Scott W. Braden
Arkansas Federal Defender Office
(501) 324-6114
Scott_Braden@fd.org

Jennifer Ying
Andrew Moshos
Morris, Nichols, Arsht & Tunnell LLP
(302) 658-9300
jying@mnat.com
amoshos@mnat.com

*Counsel for Plaintiff Norris G. Holder, Jr.*

Amy Lentz
Steptoe & Johnson, LLP
(202) 429.1320
alentz@stepoe.com

*Counsel for Plaintiff Orlando Hall*

Shawn Nolan
Federal Community Defender Office,
E.D. Pa.
(215) 928-0520
shawn_nolan@fd.org

*Counsel for Plaintiff Dustin Higgs*

Jon Jeffress
KaiserDillon PLLC
(202) 640-2850
jjeffress@kaiserdillon.com

Timothy Kane
Shawn Nolan
Federal Community Defender Office,
E.D. Pa.
(215) 928-0520
timothy_kane@fd.org
shawn_nolan@fd.org

*Counsel for Plaintiff Dustin Lee Honken*

David S. Victorson
Hogan Lovells US LLP
(202) 637-5600
david.victorson@hoganlovells.com

Pieter Van Tol
Hogan Lovells US LLP
(212) 918-3000
pieter.vantol@hoganlovells.com

*Counsel for Plaintiff Daniel Lewis Lee*

Gregory S. Smith
(202) 460-3381
gregsmithlaw@verizon.net

*Counsel for Plaintiff William LeCroy*

Donald P. Salzman
Charles F. Walker
Steven M. Albertson
Skadden, Arps, Slate, Meagher & Flom LLP
(202) 371-7983
donald.salzman@skadden.com

*Counsel for Plaintiff Corey Johnson*

Shawn Nolan
Federal Community Defender Office,
E.D. Pa.
(215) 928-0528
shawn_nolan@fd.org

Gary E. Proctor
Law Offices of Gary E. Proctor, LLC
(410) 444-1500
garyeproctor@gmail.com

*Counsel for Plaintiff Jeffrey Paul*

Gerald W. King, Jr.
Jeffrey Lyn Ertel
Federal Defender Program, Inc.
(404) 688-7530
Gerald_King@fd.org
Jeff_Ertel@fd.org

Brandon D. Almond
Troutman Sanders LLP
Washington, D.C. 20004
(202) 274-2864
brandon.almond@troutmansanders.com

*Counsel for Richard Tipton, III*

Alan E. Schoenfeld
Ryan M. Chabot
Wilmer Cutler Pickering Hale and Dorr LLP
(212) 230-8880
Alan.Schoenfeld@WilmerHale.com
Ryan.Chabot@WilmerHale.com

Andres C. Salinas
Wilmer Cutler Pickering Hale and Dorr LLP
 (202) 663-6289
Andres.Salinas@WilmerHale.com

*Counsel for Wesley I. Purkey*

Dale A. Baich
Jennifer M. Moreno
Federal Public Defender
District of Arizona
(602) 382-2816
dale_baich@fd.org
jennifer_moreno@fd.org

*Counsel for Plaintiff Keith Nelson*

Amy Karlin
Interim Federal Public Defender
Celeste Bacchi
Jonathan C. Aminoff
Deputy Federal Public Defenders
(213) 894-2854
celeste_bacchi@fd.org

*Counsel for Plaintiff Julius O. Robinson*

Paul F. Enzinna
Ellerman Enzinna PLLC
(202)753-5553
penzinna@ellermanenzinna.com

*Counsel for Plaintiff James H. Roane, Jr.*

Evan Miller
Vinson & Elkins LLP
(202) 639-6605
emiller@velaw.com

*Counsel for Bruce Webster*


　　　　　　　　　　　　　 */s/ Jean Lin*　　　　　　
　　　　　　　　　　　　　*Counsel for Defendants*