# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| In the Matter of the Federal Bureau of Prisons' Execution Protocol Cases, | ) ) ) ) ) | |
| LEAD CASE: *Roane et al. v. Barr* | ) ) | Case No. 19-mc-145 (TSC) |
| THIS DOCUMENT RELATES TO: | ) ) ) ) | |
| *Roane, et al. v. Barr*, No. 05-2337 | ) ) | |

## DEFENDANTS' MOTION TO STAY INJUNCTION PENDING APPEAL

Pursuant to Federal Rule of Civil Procedure 62(c)(1), and consistent with Federal Rule of Appellate Procedure 8(a)(1), Defendants respectfully move for a stay pending appeal of this Court's Memorandum Opinion and Order, issued on January 12, 2021, ECF Nos. 394 and 395, staying the executions of Plaintiffs Cory Johnson and Dustin Higgs until March 16, 2021. ECF No. 395. Because Johnson's and Higgs's executions are scheduled to take place on January 14 and 15, 2021, respectively, Defendants intend to seek relief from the United States Court of Appeals for the District of Columbia Circuit imminently.

Defendants recognize that this Court has concluded that Plaintiffs are entitled to preliminary injunctive relief on their as-applied Eighth Amendment claims. However, Federal Rule of Appellate Procedure 8(a)(1) counsels that Defendants should first move in this Court for a stay of the injunction pending appeal before seeking a stay in the court of appeals. Accordingly, for the reasons stated below and in Defendants' opposition to Johnson's and Higgs's motions for preliminary injunction, *see* ECF No. 380, and in light of the evidence elicited by Defendants during the evidentiary hearing, Defendants respectfully ask the Court to stay its injunction pending appeal. 28 C.F.R. § 0.20(b); 28 U.S.C. § 2107(b).

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 62(c) provides in relevant part: "When an appeal is taken from an interlocutory or final judgment granting . . . an injunction, the court in its discretion may suspend . . . an injunction" during the pendency of the appeal. When considering such a motion, district courts should look to the same factors as those governing a motion for a preliminary injunction: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). Before seeking a stay from the court of appeals, a party must ordinarily move first in the district court for an order suspending an injunction pending appeal. Fed. R. App. P. 8(a).

**ARGUMENT**

**I.   DEFENDANTS ARE LIKELY TO SUCCEED ON THE MERITS OF THEIR APPEAL OF THIS COURT'S INJUNCTION**

Defendants are likely to succeed on the merits of their appeal of this Court's injunction. Defendants respectfully submit that this Court erred in concluding that Plaintiffs have demonstrated "that as a result of their COVID-19 infection, they have suffered significant lung damage such that they will experience the effects of flash pulmonary edema one to two seconds after injection and before the pentobarbital has the opportunity to reach the brain." Mem. Op. at 3, ECF No. 394. The Court's rationale for granting injunctive relief to Higgs and Johnson is essentially no different than the rationale upon which the Court granted Plaintiff Daniel Lewis Lee and three other plaintiffs' general Eighth Amendment claim. *See* ECF No. 135. Previously, the Court concluded that "[t]he scientific evidence before the court overwhelmingly indicates that the 2019 Protocol is very likely to cause Plaintiffs extreme pain and needless suffering during their execution." *Id*. at 9. As the Court recognized today, it previously had rendered its previous preliminary injunction after "weigh[ing] the declarations of several experts, including Drs. Gail Van Norman and Joseph Antognini." Mem. Op. at 6, ECF No. 394. The Court also acknowledged,

*id*. at 7, that the Supreme Court in *Barr v. Lee*, 140 S. Ct. 2590 (2020), vacated its preliminary injunction on the basis "that pentobarbital 'has become a mainstay of state executions . . . [h]as been used to carry out over 100 executions, without incident,' and was upheld 'as applied to a prisoner with a unique medical condition that could only have increased any baseline risk of pain associated with pentobarbital as a general matter.'" Mem. Op. at 7, ECF No. 394 (quoting *Lee*, 140 S. Ct. at 2591). The Court further recognized that while the Supreme Court in *Lee* "acknowledged Plaintiffs' expert declarations regarding flash pulmonary edema," it had also "noted that 'the [g]overnment has produced competing expert testimony of its own, indicating that any pulmonary edema occurs only *after* the prisoner has died or been rendered fully insensate.'" *Id*. (quoting *Lee*, 140 S. Ct. at 2591). Finally, the Court noted that "[i]n light of the competing evidence—and despite this court's assessment that Plaintiffs' evidence was more credible—the Supreme Court found that Plaintiff had 'not made the showing required to justify last-minute relief.'" *Id*. (quoting *Lee*, 140 S. Ct. at 2591).

The same is true regarding Johnson's and Higgs's as-applied challenges. The Court acknowledged that "whether these two Plaintiffs will experience the symptoms of flash pulmonary edema while they are still conscious, . . . has been the subject of much debate amongst the experts in this case." *Id*. at 8. The Court also acknowledged that Dr. Van Norman admitted that she had no scientific evidence to support her opinion that "inmates with lung damage from COVID-19 will experience flash pulmonary edema within a second or two after injection, before pentobarbital has reached the brain," *id*. at 11, because "no physician or scientist has administered massive overdoes of intravenous pentobarbital to COVID-19 patients." *Id*. Yet, the Court accepted Dr. Van Norman's speculation about how being infected with the *novel* coronavirus will impact the inmates. At the same time, the Court summarily dismissed Dr. Antognini's opposing opinion as "conclusory," *id*. at 12, when Dr. Van Norman's opinions are no less conclusory (on an issue on which Plaintiffs bear the burden of proof)—in fact, her statement on direct examination that flash pulmonary edema will set in within a second or two after injection is entirely absent from her declarations in support of either Higgs or Johnson. Furthermore, the Court erred in failing to

3

account for the testimony of Defendants' expert, Dr. Crowns, that "there are very few things that happen instantaneously. And I feel that from everything that I've been able to find that . . . flash pulmonary edema[] takes several minutes to set in." Hr'g Tr. at 25:5-8 (Jan. 4, 2021). The Court also erred in finding Plaintiffs' expert, Dr. Michael Stephens, more credible than both Defendants' expert, Dr. Todd Locher, and an independent radiologist's report as to Plaintiff Higgs's chest x-ray. The Court found that "one does not have to be an expert to see" lung damage on Higgs's chest x-ray, Mem. Op. at 15, ECF No. 394, and discredited the independent radiologist's report because the Court "does not know if Dr. Yoon routinely reviews x-rays of COVID-19 patients." *Id*. at 16. Of the three doctors mentioned, only Dr. Yoon is a radiologist whose very specialty is to interpret the x-rays. Dr. Yoon is also not a retained expert, but is an outside provider for BOP.

In light of what all the experts in this case admit is a novel and unpredictable disease, the Court has simply become "embroil[ed] . . . in [an] ongoing controvers[y] beyond [its] expertise." *Baze v. Rees*, 553 U.S. 35, 51 (2008). Under *Lee*, that debate fails to justify an injunction at this stage.

Furthermore, the Court has again failed to recognize that "the Eighth Amendment does not guarantee a prisoner a painless death." *Bucklew v. Precythe*, 139 S. Ct. 1112, 1124 (2019). "Instead, what unites the punishments the Eighth Amendment was understood to forbid, and distinguishes them from those it was understood to allow, is that the former were long disused (unusual) forms of punishment that intensified the sentence of death with a (cruel) superadd[ition] of terror, pain, or disgrace." *Id*. (citations omitted). The Sixth Circuit addressed whether pulmonary edema qualifies "as the type of serious pain prohibited by the Eighth Amendment," *In re Ohio Execution Protocol Litigation*, 946 F.3d 287, 289 (6th Cir. 2019), and found that it did not because the risk of pain associated with pulmonary edema is comparable to that "associated with" other forms of execution that have long been upheld as constitutional, "such as hanging." *Id*. As Defendants argued in their opposition to Johnson and Higgs's preliminary injunction motions, this was consistent with *Bucklew* because *Bucklew* did not assume that an inmate would feel no pain; to the contrary, it allowed for the possibility that the inmate could experience feelings of

4

"suffocation and excruciating pain" for as long as 20 to 30 seconds. *See* 139 S. Ct. at 1132 (citation omitted). Even assuming the record contained evidence to support the Court's statement that "Plaintiffs will suffer the effects of flash pulmonary edema anywhere from thirty seconds to two-and-a-half minutes after injection," Mem. Op. at 11, ECF No. 394, thirty seconds is not any longer than the period of time at issue in *Bucklew* and even two-and-a-half minutes is less time than hangings can involve. Although, as the Court states, the D.C. Circuit found that at the pleading stage, an inmate could plausibly plead that flash pulmonary edema could give rise to an Eighth Amendment violation, *see id.* at 2 n.1 (citing *In re Federal Bureau of Prisons Execution Protocol Cases*, 980 F.3d 123, 133 (D.C. Cir. 2020), that discussion occurred in the absence of the sort of competing expert testimony at issue here and did not purport to resolve whether these plaintiffs could ultimately establish a substantial risk of needless pain with the requisite certainty.

Finally, the Court erred in finding that Plaintiffs have identified known and available alternatives. As for adding an opioid to the government's single-drug pentobarbital protocol, the approach has never been used to carry out an execution, and the Supreme Court has recognized that "choosing not to be the first [State] to experiment with a new method of execution is a legitimate reason to reject it." *Bucklew*, 139 S. Ct. at 1130. The alternative of firing squad similarly does not meet the standard for a method of execution challenge given the consensus among the States that lethal injection is more dignified and humane than the firing squad. That is, the government is not constitutionally required to make the type of regressive change Higgs and Johnson propose.

Accordingly, Defendants are likely to succeed on the merits of their appeal of this Court's injunction.

## II. THE BALANCE OF HARMS WEIGHS IN FAVOR OF A STAY OF THE INJUNCTION

This Court entered the injunction at issue after concluding that "Plaintiffs would be subjected to an excruciating death in a manner that is likely unconstitutional." Mem. Op. at 27-28, ECF No. 394. Defendants respectfully disagree. The Supreme Court has repeatedly warned

5

against the issuance of eleventh hour injunctions such as this, including in this very case. *See Lee*, 140 S. Ct. at 2591. It has recognized the government and the victims' compelling interest in the timely enforcement of a death sentence. *See Calderon v. Thompson*, 523 U.S. 538, 556 (1998); *Gomez v. U.S. Dist. Court for N. Dist. of Cal.*, 503 U.S. 653, 654 (1992); *see also Bucklew v. Precythe*, 139 S. Ct. 1112, 1134 (2019) ("The people of Missouri, the surviving victims of [the condemned inmate's] crimes, and others like them deserve better. Even the principal dissent acknowledges that the long delays that now typically occur between the time an offender is sentenced to death and his execution are excessive.") (citation omitted from parenthetical). That is particularly true where, as here, Johnson's and Higgs's executions dates are set to occur in just two and three days, respectively. The government has mobilized its resources to carry out their lawful sentences, and the victims' family members are planning to attend the respective executions. The last-minute stay imposed by the Court is unwarranted.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court stay pending Defendants' appeal of the Court's January 12, 2021 Memorandum Opinion and Order enjoining the executions of Johnson and Higgs.


Dated: January 12, 2021

Respectfully submitted,

| | |
|---|---|
| JEFFREY BOSSERT CLARK<br>Acting Assistant Attorney General | MICHAEL R. SHERWIN<br>Acting United States Attorney |
| JEAN LIN<br>Special Litigation Counsel | BRIAN P. HUDAK<br>Acting Chief, Civil Division |
| JONATHAN KOSSAK, D.C. Bar #991478<br>CRISTEN C. HANDLEY, MO Bar #69114<br>BRADLEY P. HUMPHREYS,<br>  D.C. Bar #988057<br>Trial Attorneys<br>Federal Programs Branch<br>Civil Division, Department of Justice<br>1100 L Street, N.W.<br>Washington, District of Columbia 20005<br>(202) 514-3716<br>jean.lin@usdoj.gov<br>jonathan.kossak@usdoj.gov<br>christen.handley@usdoj.gov<br>bradley.humphreys@usdoj.gov | By:  /s/ *Johnny Walker*<br>JOHNNY H. WALKER, D.C. Bar #991325<br>Assistant United States Attorney<br>555 4th Street, N.W.<br>Washington, District of Columbia 20530<br>Telephone: 202 252 2575<br>Email: johnny.walker@usdoj.gov<br><br>*Counsel for Defendants* |

Dated: January 12, 2021

**CERTIFICATE OF SERVICE**

I hereby certify that on January 12, 2021, I caused a true and correct copy of foregoing to be served on all following counsel of record via the Court's CM/ECF system.

Joshua C. Toll
King & Spalding LLP
(202) 737-8616
jtoll@kslaw.com

Margaret O'Donnell
(502) 320-1837
mod@dcr.net

*Counsel for Plaintiff Anthony Battle*

Alex Kursman
Shawn Nolan
Federal Community Defender Office, E.D. Pa.
(215) 928-0520
alex_kursman@fd.org
shawn_nolan@fd.org

*Counsel for Plaintiff Alfred Bourgeois*

Joseph Luby
Federal Community Defender Office, E.D. Pa.
(215) 928-0520
joseph_luby@fd.org

*Counsel for Plaintiff Chadrick Fulks*

Ginger D. Anders
Jonathan S. Meltzer
Brendan Gants
Munger, Tolles & Olson LLP
(202) 220-1100
ginger.anders@mto.com

*Counsel for Plaintiff Brandon Bernard*

Scott W. Braden
Arkansas Federal Defender Office
(501) 324-6114
Scott_Braden@fd.org

Jennifer Ying
Andrew Moshos
Morris, Nichols, Arsht & Tunnell LLP
(302) 658-9300
jying@mnat.com
amoshos@mnat.com

*Counsel for Plaintiff Norris G. Holder, Jr.*

Amy Lentz
Steptoe & Johnson, LLP
(202) 429.1320
alentz@stepoe.com

*Counsel for Plaintiff Orlando Hall*

Shawn Nolan
Federal Community Defender Office,
E.D. Pa.
(215) 928-0520
shawn_nolan@fd.org

*Counsel for Plaintiff Dustin Higgs*

Jon Jeffress
KaiserDillon PLLC
(202) 640-2850
jjeffress@kaiserdillon.com

Timothy Kane
Shawn Nolan
Federal Community Defender Office,
E.D. Pa.
(215) 928-0520
timothy_kane@fd.org
shawn_nolan@fd.org

*Counsel for Plaintiff Dustin Lee Honken*

David S. Victorson
Hogan Lovells US LLP
(202) 637-5600
david.victorson@hoganlovells.com

Pieter Van Tol
Hogan Lovells US LLP
(212) 918-3000
pieter.vantol@hoganlovells.com

*Counsel for Plaintiff Daniel Lewis Lee*

Gregory S. Smith
(202) 460-3381
gregsmithlaw@verizon.net

*Counsel for Plaintiff William LeCroy*

Donald P. Salzman
Charles F. Walker
Steven M. Albertson
Skadden, Arps, Slate, Meagher & Flom LLP
(202) 371-7983
donald.salzman@skadden.com

*Counsel for Plaintiff Corey Johnson*

Shawn Nolan
Federal Community Defender Office,
E.D. Pa.
(215) 928-0528
shawn_nolan@fd.org

Gary E. Proctor
Law Offices of Gary E. Proctor, LLC
(410) 444-1500
garyeproctor@gmail.com

*Counsel for Plaintiff Jeffrey Paul*

3

Gerald W. King, Jr.
Jeffrey Lyn Ertel
Federal Defender Program, Inc.
(404) 688-7530
Gerald_King@fd.org
Jeff_Ertel@fd.org

Brandon D. Almond
Troutman Sanders LLP
Washington, D.C. 20004
(202) 274-2864
brandon.almond@troutmansanders.com

*Counsel for Richard Tipton, III*

Alan E. Schoenfeld
Ryan M. Chabot
Wilmer Cutler Pickering Hale and Dorr LLP
(212) 230-8880
Alan.Schoenfeld@WilmerHale.com
Ryan.Chabot@WilmerHale.com

Andres C. Salinas
Wilmer Cutler Pickering Hale and Dorr LLP
 (202) 663-6289
Andres.Salinas@WilmerHale.com

*Counsel for Wesley I. Purkey*

Dale A. Baich
Jennifer M. Moreno
Federal Public Defender
District of Arizona
(602) 382-2816
dale_baich@fd.org
jennifer_moreno@fd.org

*Counsel for Plaintiff Keith Nelson*

Amy Karlin
Interim Federal Public Defender
Celeste Bacchi
Jonathan C. Aminoff
Deputy Federal Public Defenders
(213) 894-2854
celeste_bacchi@fd.org

*Counsel for Plaintiff Julius O. Robinson*

Paul F. Enzinna
Ellerman Enzinna PLLC
(202)753-5553
penzinna@ellermanenzinna.com

*Counsel for Plaintiff James H. Roane, Jr.*

Evan Miller
Vinson & Elkins LLP
(202) 639-6605
emiller@velaw.com

*Counsel for Bruce Webster*


 */s/Johnny Walker*
Assistant United States Attorney

*Counsel for Defendants*

4