UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| In the Matter of the Federal Bureau of Prisons' Execution Protocol Cases,<br><br>LEAD CASE: *Roane, et al. v. Barr*<br><br>THIS DOCUMENT RELATES TO:<br><br>*Roane v. Barr*, 05-cv-2337 | )<br>)<br>)<br>)<br>)<br>)   Case No. 19-mc-145 (TSC)<br>)<br>)<br>)<br>)<br>) |

### ORDER

Defendants' motion for a stay pending appeal, (ECF No. 399), is hereby DENIED, for the reasons set forth in the court's January 12, 2021 Memorandum Opinion, (ECF No. 394). Defendants have not shown a likelihood of success on the merits of their appeal. *See Nken v. Holder*, 556 U.S. 418, 434 (2009) (requiring the court to consider, inter alia, whether plaintiff has made "a strong showing that he is likely to succeed on the merits" to warrant a stay). The court set forth a detailed explanation as to why it believed Plaintiffs had a substantial possibility of success on the merits and why it was unpersuaded by Defendants' counterarguments. The same analysis applies here. *See id.* (citing *Winter v. Nat'l Res. Def. Council*, 555 U.S. 7, 24 (2008)) (noting the "substantial overlap" between the factors for governing a stay and the factors governing preliminary injunctions).

Furthermore, the harm Defendants will suffer is the administrative inconvenience of having to reschedule an execution. This is far from irreparable. And while the government has an important interest in the timely enforcement of a death sentence, *see In re Fed. Bureau of Prisons' Execution Protocol Cases*, 955 F.3d 106, 126 (D.C. Cir. 2020) (Katsas, J., concurring), that interest does not outweigh the public's interest "in adhering to applicable legal

1

2

requirements" in carrying out such a sentence, *In re Fed. Bureau of Prisons' Execution Protocol Cases*, No. 20-5329, slip op. at 34 (D.C. Cir. Nov. 18, 2020) (Pillard, J., dissenting).

Date:  January 13, 2021

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge