IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of the Federal Bureau of Prisons' Execution Protocol Cases<br><br>LEAD CASE: *Roane et al. v. Barr*<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL CASES | Case No.   19-mc-0145 (TSC) |

**JOINT STATUS REPORT AND PROPOSED DISCOVERY PLAN**

The parties respectfully submit the following Joint Status Report.¹ Counsel for the parties in the above-captioned matters have prepared a proposed discovery plan pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.3, as set forth below. The parties, through counsel, conferred by telephone on November 30 and December 1, 2020, and through the subsequent exchange of emails. A proposed scheduling order is attached as **Exhibit A.**

**I. THE PARTIES**

As a result of their clients' executions, counsel for former Plaintiffs Dustin Higgs and Corey Johnson have withdrawn from this matter.

---

¹ The parties understand that this Joint Status Report and Proposed Scheduling Order comes after the default time provided by the rules. The delay, however, was necessitated by the Defendants' executions of former Plaintiffs and other federal prisoners in December 2020 and January 2021.

1

The Plaintiffs remaining in this litigation are: Anthony Battle, James H. Roane Jr., Jeffrey Paul, Julius O. Robinson, Chadrick Fulks, Bruce Webster, Richard Tipton III, and Norris G. Holder, Jr.

The parties are unable to agree on the claims that remain pending in this case. Their respective positions are set forth below:

**Plaintiffs' Position:** Plaintiffs contend that the remaining claims are those challenging the Federal Bureau of Prisons' Execution Protocol as unconstitutional under the Eighth Amendment (Count II), as unconstitutional under the Eighth and Fifth Amendments (Count III, deliberate indifference),[2] as a violation of the Federal Death Penalty Act in conflict with certain state laws (Count V),[3] and as a violation of the Food, Drug, and Cosmetic Act (Count XI),[4] for which the

---

[2]  Plaintiffs contend that, in addition to the Eighth Amendment claim that was revived by the D.C. Circuit, the claim concerning deliberate indifference (Count III) remains open because it is governed by the same standard of harm. *See* ECF No. 261 at 14-15 (order on motions for summary judgment and dismissal). As with the Eighth Amendment claim, the Court broadly interpreted *Barr v Lee,* 140 S. Ct. 2590 (2020), as precluding any claim that pentobarbital executions pose "a substantial or excessive risk of serious harm." ECF No. 261 at 14. The D.C. Circuit has since disapproved that reading of *Lee*. *See In re Federal Bureau of Prisons' Execution Protocol Cases*, 980 F.3d 123, 133-34 (D.C. Cir. 2020). Moreover, the deliberate indifference claim does not require Plaintiffs to propose an alternative method of execution.

[3]  Claim V remains viable for Plaintiff Fulks, who was sentenced to death in South Carolina under the FDPA, and who is therefore entitled to select electrocution or lethal injection as his execution method. *See* S.C. Code § 24-3-530(A); *see also* 18 U.S.C. 3596(a) (execution must proceed "in the manner prescribed by the law of the State in which the sentence is imposed"). The Government's latest filing does not make clear that it will honor Mr. Fulks' ability to choose between these two options. *See* ECF 382 (Government's response to order to show cause, following earlier inconsistent filings). In any event, Mr. Fulks legitimately seeks discovery in order to make an informed choice of method – as plaintiff Johnson sought to do before the Court ruled that he lacked standing because he was sentenced under the ADAA instead of the FDPA. *See* ECF No. 378 at 5-8.

[4]  Plaintiffs contend that Claim XI, which asserts that the 2019 Protocol violates the Food, Drug, and Cosmetic Act because Defendants administer pentobarbital without a prescription (among other violations), is still viable. The Court entered judgment on that claim in Plaintiffs' favor. *See* ECF No. 261 at 33. Later the Court enjoined Orlando Hall's execution based on the FDCA violation. *See* ECF No. 322. In doing so, the Court reasoned that the D.C. Circuit's ruling

Court granted summary judgment in favor of all Plaintiffs (D.I. 261). Mr. Holder also has a supplemental, as-applied Eighth Amendment claim that remains pending.[5]

**Defendants' Position:** Defendants contend that the only remaining claims are those that were remanded to this Court by the D.C. Circuit in its opinion dated November 18, 2020, and Norris Holder's as-applied Eighth Amendment claim. As to Claim III alleging deliberate indifference under the Eighth and Fifth Amendments, this Court dismissed that claim on September 20, 2020. ECF No. 261 at 13–15. Plaintiffs did not identify the dismissal of that claim as an issue on appeal and made no arguments to the court of appeals about that claim. Consequently, the D.C. Circuit did not reverse the dismissal of Claim III, and this Court's ruling stands. As to Claim V regarding the Federal Death Penalty Act, this Court entered judgment in favor of Defendants on that claim as to all plaintiffs, ECF No. 261 at 31, and the D.C. Circuit affirmed, 980 F.3d 123, 137–38 (D.C. Cir. 2020). Plaintiffs' attempt to reopen that claim runs afoul of the mandate rule. Finally, regarding Claim XI invoking the Food, Drug, and Cosmetic Act, again, the D.C. Circuit affirmed this Court's entry of judgment denying an injunction. *Id.* at 137. The mandate rule therefore dictates that this issue is settled.

The following reflects the matters discussed and agreed upon by counsel.

---

in *Execution Protocol Cases* cast doubt on the Court's earlier ruling that the prisoners cannot demonstrate irreparable harm from the violation. *See id.* at 6-7. The Supreme Court vacated the Court's injunction without explanation on the merits or otherwise. *Barr v. Hall*, No. 20A102, 2020 WL 6797719, (U.S. Nov. 20, 2020). It remains for Plaintiffs to demonstrate that the Government's statutory violations give rise to irreparable harm as would support a permanent injunction.

[5] Mr. Holder's supplemental as-applied Eighth Amendment Claim (D.I. 94) remains pending having survived Defendants Motion to Dismiss. *See* ECF No. 193 at 5 n.1 (noting the dismissal of Eighth Amendment claims did not apply to Plaintiff Norris Holder). Mr. Holder has subsequently continued to preserve this claim. *See* ECF No. 238 at 4 n.2 (joining Plaintiffs' arguments but taking no position on the motion since Mr. Holder's as-applied claims were still live in the case).

## II. PROPOSED DISCOVERY PLAN

### A. Initial Disclosures

The parties exchanged Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a) on December 21, 2020.

### B. Exchange of Written Discovery, Documents and Other Materials

The parties agree that service of written discovery requests may begin and in fact has begun following the initial teleconferences between the parties on November 30 and December 1, 2020. The parties have agreed that Plaintiffs will divide and serve discovery requests as needed on a case-by-case basis, as circumstances specific to a particular Plaintiff may require expedited discovery or discovery related to individualized claims. The parties agree that they shall be collectively limited to no more than thirty-five (35) interrogatories per side.[6] The parties agree that they shall be collectively limited to no more than fifty (50) requests for admission per side, and that requests for admission relating to document authenticity shall not be included in this limit.

### C. Privilege Logs

The parties agree to produce privilege logs, if applicable, within 30 days of any production, which shall include any and all responsive, privileged documents related to the requests addressed in the production, unless the parties reach separate agreement allowing for additional time. The parties agree that any documents (including communications) that are withheld on the basis of privilege or any other protection, including but not limited to documents or communications involving any counsel of record in these cases, must be included on a privilege log. Each entry on a privilege log must contain:

---

[6] Plaintiffs collectively constitute a single "side" and Defendants collectively constitute a single "side."

(a) the date of the communication/document,

(b) the parties to the communication/document (including their names and titles/positions),

(c) the names of the attorneys who were parties to the communication/document, and

(d) a description of the subject matter of the communication/document sufficient to show why the privilege applies.

If a document or communication contains an attachment, the attachment must be identified as such and separately logged.

The parties agree that communications and documents involving counsel of record and created after August 20, 2019, *i.e.*, the date of the Consolidation Order for this matter (D.I. 1), need not be logged on the privilege log.

D. **Party Depositions and Third-Party Discovery**

The parties agree that depositions may begin immediately, subject to the scheduling needs of the parties, and shall end by the close of discovery.  Each side shall be limited to no more than fifteen (15) depositions of the other side, including the five (5) depositions that have occurred to date.  Each deposition will be limited to seven (7) hours on the record; however, the parties agree that should a Plaintiff need additional time for a deponent as related to individualized claims or facts, the parties shall stipulate to an extension of that deposition on a case-by-case basis. Defendant does not at this time concede that any deposition will require more than seven hours but will consider in good faith any such assertion by Plaintiffs as it arises.  The parties agree that depositions of any party expert(s) are included in these limits. The parties further agree that the above limit on the number of depositions may be exceeded by agreement of the parties, or as ordered by the Court upon a showing of cause.

While the parties agree as to the limit of depositions taken of the other side, the parties disagree as to the overall limit of depositions including third-party depositions. Their respective positions are set forth below:

**Plaintiffs' Position:** Plaintiffs contend that each side be allowed an additional 15 depositions for third-party discovery, for an overall limit of 30 depositions (including parties and third-parties). Plaintiffs respectfully submit that this greater limit on depositions is necessary as Plaintiffs have already identified at least 10 separate media eye-witnesses to recent federal executions in their Rule 26 initial disclosures, and such firsthand, non-party observations of recent executions are imperative for developing a record that accurately reflects the experience of the 2020 and 2021 federal executions. Plaintiffs intend to seek testimony from at least these identified media witnesses, and further expect to identify additional relevant third-parties as discovery progresses. Plaintiffs therefore respectfully request that the limit on depositions be set to 15 party depositions and 15 third-party depositions.

**Defendants' Position:** Defendants contend that, per Federal Rule of Civil Procedure 30, the above 15-deposition limit should apply as the overall limit of depositions of "any person," including third-parties. Plaintiffs' request would result in triple the number of depositions allowed under the rules and would unnecessarily complicate discovery. Plaintiffs have not articulated the need to depose 10 separate media representatives nor have they explained why they would need a total of 30 depositions to depose party and nonparty witnesses. Should Plaintiffs require more than 15 depositions as discovery progresses, Defendant will consider stipulating to additional depositions at that time and, if the parties are unable to reach an agreement, Plaintiffs may seek Court intervention upon a specific showing of need as to a particular witness.

The parties will endeavor to complete fact witness depositions earlier than expert witness depositions; however, depositions shall be set as the needs of the parties so require.

E. **Experts**

The parties agree to exchange expert disclosures by June 30, 2021. The parties agree to submit rebuttal expert disclosures by July 31, 2021. The parties have agreed to complete the depositions of expert witnesses designated by the parties by the close of the discovery period.

F. **Close of Discovery**

The parties agree that the close of discovery will be September 30, 2021. This date will be the close of both fact and expert discovery, for consolidated and as-applied claims. The parties agree to complete any third-party discovery by the close of party discovery.

G. **Dispositive Motions**

The parties respectfully request that the Court hold a status conference following the close of discovery during which a dispositive motion and briefing schedule may be determined, if necessary. The parties propose submitting a joint status report no less than one week before the status conference with a proposal for further proceedings.

H. **Pretrial Conference and Trial Dates**

The parties agree to defer the setting of any pretrial conference and trial dates, subject to the approval of the Court, until after any dispositive motions have been resolved.

I. **Defendants' Answer**

The parties agree that Defendants will file an Answer to Plaintiffs' unanswered consolidated Eighth Amendment claims within 30 days from the date of entry of the scheduling order.

J.   **Deadline for Amendment of Pleadings and Joinder of Parties**

The parties agree that amended pleadings and additional joinder of parties shall be due 30 days from the date of filing of the Defendants' Answer to the Plaintiffs' consolidated Eighth Amendment claims.

K.   **Settlement**

Based on the progression of the case and discussion between the parties to date, the parties do not believe that mutually agreeable settlement is likely at this time. Should this change, the parties agree that they shall hold telephone conferences as necessary to discuss the possibility of settlement and will inform the Court promptly if a settlement is reached.

L.   **ADR**

As above, the parties do not presently believe that Alternative Dispute Resolution will be likely to resolve this matter. If this view changes at any point during the pendency of this matter, the parties shall confer to discuss the possibility of engaging in ADR.

M.   **Mr. Holder's As-Applied Claim**

The parties have agreed to litigate Mr. Holder's as-applied claim on the same schedule as the rest of the consolidated plaintiffs. As such, the parties agree, subject to the approval of the Court, to postpone any evidentiary hearing related to Mr. Holder's claim until after the close of discovery.

N.   **Bifurcation**

The parties agree that there is no need for bifurcation of this matter at this time.

Date:  March 5, 2021

Respectfully submitted,

/s/ Scott W. Braden
Scott W. Braden
Assistant Federal Defender
Arkansas Federal Defender Office
Ark Bar Number 2007123
1401 West Capitol, Suite 490
Little Rock, Arkansas 72201
(501) 324-6114
Scott_Braden@fd.org

Jennifer Ying (DE #5550)
Andrew Moshos (DE #6685)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market St.
P.O. Box 1347
Wilmington, Delaware 19801
(302) 658-9300
jying@mnat.com
amoshos@mnat.com

Counsel for Plaintiff Norris G. Holder, Jr.

Joshua C. Toll
D.C. Bar No. 463073
King & Spalding LLP
1700 Pennsylvania Avenue, N.W.
Washington, DC 20006
(202) 737-8616
jtoll@kslaw.com

Margaret O'Donnell
P.O. Box 4815
Frankfort, KY 40604
(502) 320-1837
mod@dcr.net

*Counsel for Plaintiff Anthony Battle*

Shawn Nolan

9

Chief, Capital Habeas Unit
Federal Community Defender Office, E.D. Pa.
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
shawn_nolan@fd.org

*Counsel for Plaintiff Jeffrey Paul*

Paul F. Enzinna
D.C. Bar No. 421819
Ellerman Enzinna PLLC
1050 30th Street, NW
Washington, DC 20007
202.753.5553

*Counsel for Plaintiff James H. Roane, Jr*

Amy Karlin
Interim Federal Public Defender
Celeste Bacchi
Jonathan C. Aminoff
Deputy Federal Public Defenders
321 E. Second Street
Los Angeles, CA 90012
(213) 894-2854

*Counsel for Plaintiff Julius O. Robinson*

Joseph Luby, Assistant Federal Defender
Federal Community Defender Office, E.D. Pa.
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Telephone – 215-928-0520
Email – joseph_luby@fd.org

*Counsel for Plaintiff Chadrick Fulks*

Evan Miller (DC Bar # 219310)
Vinson & Elkins LLP
2200 Pennsylvania Avenue, NW
Suite 500 West
Washington, D.C. 20037
(202) 639-6605
(202) 478-1815 (fax)
emiller@velaw.com

*Counsel for Plaintiff Bruce Webster*

Gerald W. King, Jr.
Ga. Bar No. 140981
Jeffrey Lyn Ertel
Ga. Bar No. 249966
FEDERAL DEFENDER PROGRAM, INC.
101 Marietta Street, Suite 1500
Atlanta, Georgia 30303
404-688-7530
(fax) 404-688-0768
Gerald_King@fd.org
Jeff_Ertel@fd.org

Stephen Northup
VSB #16547
Troutman Sanders LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1240
(fax) (804) 698-5120
steve.northup@troutmansanders.com

Frederick R. Gerson
VSB #39968
Bank Of America Center
1111 East Main Street, 16th Floor
Richmond, Virginia 23219
(804) 482-1121
fgerson@dagglaw.com

*Counsel for Plaintiff Richard Tipton, III*

CHANNING D. PHILIPS, D.C. Bar #415793
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

By:     /s/ Johnny Walker
JOHNNY H. WALKER, D.C. Bar #991325
Assistant United States Attorney
555 4th Street, N.W.
Washington, District of Columbia 20530
Telephone: 202 252 2575
Email: johnny.walker@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2021, I caused a true and correct copy of foregoing to be served on all following counsel of record via the Court's CM/ECF system.

Johnny Hillary Walker, III
U.S. Attorney's Office for the District of Columbia
Civil Division
(202) 252-2575
Email: johnny.walker@usdoj.gov

Peter S. Smith
United States Attorney's Office
Appellate Division
(202) 252-6769
Email: peter.smith@usdoj.gov

Robert J. Erickson
US Department of Justice
(202) 514-2841
Email: Robert.erickson@usdoj.gov

Joshua Christopher Toll
KING & SPALDING LLP
(202) 737-8616
Email: jtoll@kslaw.com

Charles Anthony Zdebski
ECKERT SEAMANS CHERIN & MELLOTT, LLC
(202) 659-6605
Email: czdebski@eckertseamans.com

Gerald Wesley King, Jr.
FEDERAL DEFENDER PROGRAM, INC.
(404) 688-7530
Email: gerald_king@fd.org

Celeste Bacchi
OFFICE OF THE PUBLIC DEFENDER
Capital Habeas Unit

Denise M. Clark
U.S. Attorney's Office for the District of Columbia
(202) 252-6605
Email: Denise.Clark@usdoj.gov

Paul F. Enzinna
ELLERMAN ENZINNA PLLC
(202) 753-5553
Email: penzinna@ellermanenzinna.com

Brandon David Almond
TROUTMAN SANDERS LLP
(202) 274-2864
Email: brandon.almond@troutmansanders.com

Craig Anthony Harbaugh
FEDERAL PUBLIC DEFENDER, CENTRAL DISTRICT OF CALIFORNIA
(213) 894-7865
Email: craig_harbaugh@fd.org

Alexander Louis Kursman
OFFICE OF THE FEDERAL COMMUNITY DEFENDER/EDPA
(215) 928-0520
Email: Alex_Kursman@fd.org

Kathryn B. Codd
VINSON & ELKINS LLP
(202) 639-6536
Email: kcodd@velaw.com

Robert E. Waters
KING & SPALDING LLP (202) 737-0500
Email: rwaters@velaw.com

(213) 894-1887
Email: celeste_bacchi@fd.org

Jonathan Charles Aminoff
FEDERAL PUBLIC DEFENDER,
CENTRAL DISTRICT OF CALIFORNIA
(213) 894-5374
Email: jonathan_aminoff@fd.org

Billy H. Nolas
FEDERAL COMMUNITY DEFENDER
OFFICE FOR THE EDPA
(215) 928-0520
Email: Billy_Nolas@fd.org

*Jeanne Vosberg Sourgens
VINSON & ELKINS LLP
(202) 639-6633

William E. Lawler, III
VINSON & ELKINS LLP
(202) 639-6676
Email: wlawler@velaw.com

Evan D. Miller
VINSON & ELKINS LLP
(202) 639-6605
Email: EMiller@velaw.com

Margaret O'Donnell
(502) 320-1837
Email: mod@dcr.net

Abigail Bortnick
KING & SPALDING LLP
(202) 626-5502
Email: abortnick@kslaw.com

Gary E. Proctor
LAW OFFICES OF GARY E. PROCTOR, LLC
(410) 444-1500
Email: garyeproctor@gmail.com

Scott Wilson Braden
FEDERAL PUBLIC DEFENDER,

Yousri H. Omar
VINSON & ELKINS LLP
(202) 639-6500
Email: yomar@velaw.com

*William E. Hoffman, Jr.
KING & SPALDING LLP
(404) 572-3383

Robert L. McGlasson
MCGLASSON & ASSOCIATES, PC
(404) 314-7664
Email: rlmcglasson@comcast.net

Sean D. O'Brien
PUBLIC INTEREST LITIGATION CLINIC
(816) 363-2795
Email: dplc@dplclinic.com

Shawn Nolan
FEDERAL COMMUNITY DEFENDER
OFFICE, EDPA
(215) 928-0520
Email: shawn_nolan@fd.org

Matthew Lawry
FEDERAL COMMUNITY DEFENDER
OFFICE, EDPA
(215) 928-0520
Email: matthew_lawry@fd.org

Joseph William Luby
FEDERAL PUBLIC DEFENDER/EDPA
(215) 928-0520
Email: joseph_luby@fd.org

Jonathan Jeffress
KAISER DILLON, PLLC
(202) 640-4430
Email: Jjeffress@kaiserdillon.com

Andrew Moshos
MORRIS NICHOLS ARSHT & TUNNELL LLP
(302) 351-9197
Email: Amoshos@mnat.com

EASTERN DISTRICT OF ARKANSAS
(501) 324-6144
Email: Scott_Braden@fd.org

Amy Gershenfeld Donnella
FEDERAL COMMUNITY DEFENDER OFFICE FOR THE EDPA
(215) 928-0520
Email: amy_donnella@fd.org

David Victorson
(202) 637-5600
HOGAN LOVELLS US LLP
Email: David.Victorson@hoganlovells.com

John D. Beck
HOGAN LOVELLS US LLP
(212) 918-3000
Email: john.beck@hoganlovells.com

Amelia J. Schmidt
KAISER DILLON, PLLC
(202) 869-1301
Email: Aschmidt@kaiserdillon.com

Norman Anderson
KAISER DILLON PLLC
(202) 640-2850
nanderson@kaiserdillon.com

Jennifer Ying
MORRIS NICHOLS ARSHT & TUNNELL LLP
(302) 658-9300
Email: Jying@mnat.com

Andres C. Salinas
WILMER CUTLER PICKERING HALE & DORR LLP
(202) 663-6289
Email: Andres.Salinas@wilmerhale.com

Alan E. Schoenfeld
WILMER CUTLER PICKERING HALE & DORR LLP
(212) 937-7294
Email: Alan.Schoenfeld@wilmerhale.com

Kathryn Louise Clune
CROWELL & MORING LLP
(202) 624-5116
kclune@crowell.com

Jennifer M. Moreno
OFFICE OF THE PUBLIC FEDERAL DEFENDER, DISTRICT OF ARIZONA
(602) 382-2718
Jennifer_moreno@fd.org

Timothy Kane
FEDERAL COMMUNITY DEFENDER OFFICE, EDPA
(215) 928-0520
Email: timothy_kane@fd.org

Dale Andrew Baich
OFFICE OF THE FEDERAL PUBLIC DEFENDER
(602) 382-2816
Dale_Baich@fd.org

*Ryan M. Chabot
WILMER CUTLER PICKERING HALE & DORR LLP
(212) 295-6513

Dated:  March 5, 2021                /s/ Scott W. Braden
                                                   Scott W. Braden
                                                   Assistant Federal Defender

>Arkansas Federal Defender Office
>Ark Bar Number 2007123
>1401 West Capitol, Suite 490
>Little Rock, Arkansas 72201
>(501) 324-6114
>Scott_Braden@fd.org